**CHADBOURNE & PARKE LLP**
Counsel for the Joint Provisional Liquidators of OAS Finance Limited
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5100
Howard Seife
Andrew Rosenblatt
Eric Daucher

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                          :
                                                               :
OAS S.A., et al.,[1]                                           : Case No. 15-10937 (SMB)
                                                               : (Jointly Administered)
                                                               :
Debtors in a Foreign Proceeding.                               : Chapter 15
---------------------------------------------------------------- x

**NOTICE OF WITHDRAWAL OF PETITION COMMENCING
OAS FINANCE LIMITED CHAPTER 15 CASE AND
OBJECTION TO RECOGNITION OF PURPORTED FOREIGN PROCEEDING**

Marcus Allender Wide and Mark T. McDonald, in their capacities as the joint provisional liquidators (the "JPLs") of OAS Finance Limited ("OAS Finance"), through their United States counsel, Chadbourne & Parke LLP, respectfully submit this (i) notice of withdrawal of the petition pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") filed on behalf of OAS Finance seeking recognition of the Brazilian Bankruptcy Proceedings (as defined below) as a foreign main proceeding (the "Withdrawal Notice") and (ii) objection to recognition of the purported foreign proceeding.

---

[1] The debtors in these Chapter 15 cases, along with the last four digits of each debtor's tax identification or corporate registry number, are: OAS S.A. (01-05); Construtora OAS S.A. (01-08); OAS Investments GmbH (4557); and OAS Finance Limited (6299).

**PRELIMINARY STATEMENT**

1.  This Withdrawal Notice is based on a valid and unstayed order of a sister common law court—the Eastern Caribbean Supreme Court, High Court of Justice – Commercial Division (the "BVI Court"). That order must be respected under the U.S. Bankruptcy Code, principles of comity, and precedent in this District.

2.  On April 16, 2015, the BVI Court entered an order placing OAS Finance into provisional liquidation and appointing the JPLs as joint provisional liquidators of OAS Finance (the "OAS Finance Provisional Liquidation Order," a true and correct copy of that order is attached as Exhibit "A" to the Declaration of Marcus Allender Wide, the "Wide Declaration," filed contemporaneously herewith). The OAS Finance Provisional Liquidation Order expressly sets out the scope of the powers of the JPLs with respect to OAS Finance. The OAS Finance Provisional Liquidation Order unambiguously provides that the JPLs have the sole authority to manage the affairs of OAS Finance to the exclusion of all others, including its directors.[2] These directors, who have been divested of their authority, are the individuals who allegedly appointed Mr. Tavares as the foreign representative of OAS Finance with respect to the Brazilian Bankruptcy Proceedings (as defined below).[3] Pursuant to the authority vested in the JPLs under the OAS Finance Provisional Liquidation Order, the JPLs have (a) instructed Mr. Tavares that he has no authority to act for, or on behalf of, OAS Finance and to inform this Court that he lacks

---

[2] Moreover, as discussed herein, as a matter of statutory law of the British Virgin Islands (the "BVI"), the appointment of the JPLs automatically terminated OAS Finance's directors' power to manage OAS Finance.

[3] The JPLs take no position as to the validity of Mr. Tavares's original appointment as foreign representative of the Brazilian Bankruptcy Proceedings. That issue is irrelevant because Mr. Tavares no longer has any authority to act on behalf of OAS Finance in any capacity, including as its foreign representative with respect to the Brazilian Bankruptcy Proceedings.

2

authority to seek Chapter 15 recognition of OAS Finance's Brazilian Bankruptcy Proceeding and (b) explicitly revoked Mr. Tavares's power of attorney to act on behalf of OAS Finance. Thus, any action taken by Mr. Tavares in the name of, or on behalf of, OAS Finance is unauthorized and should be disregarded.

3. The JPLs understand that Mr. Tavares may oppose withdrawal of the petition commencing the OAS Finance Tavares Chapter 15 Case (as defined below) on the basis that the JPLs' appointment is subject to an on-going challenge in the BVI before the BVI Court. Despite that challenge, the OAS Finance Provisional Liquidation Order has not been stayed and remains in full force and effect. Therefore, there is no question that the JPLs are in exclusive control of OAS Finance and Mr. Tavares lacks authority to act for, or on behalf of, OAS Finance.

4. Should Mr. Tavares seek to continue the OAS Finance Tavares Chapter 15 Case, Mr. Tavares would be in direct violation of the OAS Finance Provisional Liquidation Order and would be asking this Court to approve actions that that are inconsistent with that order. The Bankruptcy Code, specifically sections 1501, 1525, and 1527, recognizes the necessity and importance of cooperation and coordination between U.S. bankruptcy courts and foreign courts overseeing insolvency proceedings. These provisions of the Bankruptcy Code require this Court to cooperate to "the maximum extent possible" with the BVI Court. 11 U.S.C. § 1525. Such cooperation includes coordinating with the BVI Court regarding the administration of OAS Finance's assets and the enforcement of the OAS Finance Provisional Liquidation Order. Moreover, as a matter of comity, this Court should enforce the OAS Finance Provisional Liquidation Order, recognize the exclusive authority of the JPLs with respect to OAS Finance, and permit the JPLs to withdraw the petition commencing the OAS Finance Tavares Chapter 15 Case.

**RELIEF REQUESTED**

5.     Currently, the provisional relief that was granted in the OAS Finance Tavares Chapter 15 Case is set to expire on Tuesday, May 19, 2015 at 5:00 p.m.  Prior to that date and time, the JPLS intend to file a new Chapter 15 case on behalf of OAS Finance seeking recognition of the BVI Proceeding.  The JPLs would also seek the entry of a new order granting provisional relief on substantially the same terms as are currently in effect.  To maintain the status quo, continue the protections afforded to the assets of OAS Finance by this Court's order granting provisional relief, and avoid any potential gap in such protections, the JPLs seek authorization to withdraw the petition commencing the OAS Finance Tavares Chapter 15 Case at such time as the Court has the opportunity to hear and rule on the request for a new order granting provisional relief.

**FACTS**

6.     OAS Finance was incorporated in the BVI on March 22, 2013 under company number 1766299.  OAS Finance's registered agent is Trident Trust Company (B.V.I.) Limited and its registered office is at Trident Chambers, P.O. Box 146 Road Town, Tortola, VG1110, BVI.  OAS Finance's sole member is OAS Investments Limited ("OAS Investments"), which is also a BVI company.  OAS Investments was incorporated on September 15, 2008 under company number 1503490, and shares the same registered agent and registered office as OAS Finance.  See Wide Declaration ¶ 4.

7.     OAS Finance is a member of a group of companies comprised of the Brazilian company OAS S.A. ("OAS") and its direct and indirect subsidiaries, which collectively constitute the "OAS Group."  OAS Finance is a special purpose vehicle, the sole purpose of which was to raise financing through the international capital markets and to lend those funds to

4

other members of the OAS Group. After that financing was raised and the funds dispersed, OAS Finance conducted no business and has no employees. See Wide Declaration ¶ 5.

8. On March 31, 2015, ten members of the OAS Group, including OAS Finance, applied for *recuperçao judicial* (the "Brazilian Bankruptcy Proceedings") under Brazilian law in the First Commercial Court of the State of São Paulo. See Wide Declaration ¶ 6.

9. On April 15, 2015, Renato Fermiano Tavares, filed several Chapter 15 cases seeking recognition of the Brazilian Bankruptcy Proceedings (the "Tavares Chapter 15 Cases"). One of the Tavares Chapter 15 Cases was filed on behalf of OAS Finance (the "OAS Finance Tavares Chapter 15 Case"). See In re OAS Finance Limited, No. 15-10939-smb, (Bankr. S.D.N.Y. Apr. 15, 2015). Mr. Tavares has asserted that he was appointed as the foreign representative of OAS Finance with respect to the Brazilian Bankruptcy Proceedings by OAS Finance's directors pursuant to certain resolutions and related powers of attorney dated April 2, 2015.[4] The Tavares Chapter 15 Cases, including the OAS Finance Tavares Chapter 15 Case, seek the recognition of certain of the Brazilian Bankruptcy Proceedings as a foreign main proceeding.

10. On April 16, 2015, a group of creditors of OAS Finance filed an application with the BVI Court requesting that OAS Finance be wound up, i.e. liquidated, and that the JPLs be immediately appointed as joint provisional liquidators for OAS Finance. See Wide Declaration ¶ 7.

---

[4] Importantly, Mr. Tavares was not appointed as foreign representative by the court in the Brazilian Bankruptcy Proceedings and his alleged authority is asserted solely on the basis of these resolutions and related powers of attorney, which as discussed herein have been revoked by the JPLs.

5

11. On that same day, the BVI Court held a hearing to consider the appointment of the JPLs as joint provisional liquidators of OAS Finance. At the conclusion of the hearing, the BVI Court entered the OAS Finance Provisional Liquidation Order placing OAS Finance into provisional liquidation (the "OAS Finance BVI Proceeding") and appointing the JPLs as Joint Provisional Liquidators of OAS Finance. See Wide Declaration ¶ 8.

12. Pursuant to the OAS Finance Provisional Liquidation Order, the JPLs "have the rights and powers of a liquidator to the extent necessary to: a. maintain the value of the assets owned or managed by the Company; and b. to carry out the functions for which the Provisional Liquidators were appointed." OAS Finance Provisional Liquidation Order ¶ 3; see also Wide Declaration ¶ 11. These powers include, without limitation, the power to "take any appropriate step in the judicial recovery proceedings or any related proceedings in Brazil to which [OAS Finance] is a party and *in the Chapter 15 proceedings filed in the New York bankruptcy proceedings [filed by Mr. Tavares purportedly on behalf of OAS Finance] on 15 April 2015 without further sanction of this Court*." OAS Finance Provisional Liquidation Order ¶ 4(a) (emphasis added); see also Wide Declaration ¶ 11.

13. Moreover, the OAS Finance Provisional Liquidation Order divested OAS Finance's directors of all authority to act, or authorize actions, on behalf of OAS Finance, including in connection with the Brazilian Bankruptcy Proceedings or the OAS Finance Tavares Chapter 15 Case. See OAS Finance Provisional Liquidation Order ¶ 3-4; see also Wide Declaration ¶ 11. The sole power remaining in the directors of OAS Finance is the right to challenge, as permitted by BVI law, the OAS Finance Provisional Liquidation Order. See OAS Finance Provisional Liquidation Order ¶ 9; see also Wide Declaration ¶ 10.

6

14. Pursuant to their authority under the OAS Finance Provisional Liquidation Order and BVI statutory law, the JPLs instructed Mr. Tavares that he has no authority to act for, or on behalf of, OAS Finance and further instructed him to inform this Court that he lacks authority to proceed in seeking Chapter 15 recognition of OAS Finance's Brazilian Bankruptcy Proceeding. See Wide Declaration ¶ 13 (a true and correct copy of the instruction is attached to the Wide Declaration as Exhibit "B"). Additionally, the JPLs have explicitly revoked Mr. Tavares's power of attorney to act on behalf of OAS Finance. See Wide Declaration ¶ 14 (a true and correct copy of the revocation is attached to the Wide Declaration as Exhibit "C").

## ARGUMENT

**I.     The Petition Commencing the OAS Finance Tavares Chapter 15 Case is Withdrawn**

   A.   *The JPLs Have the Exclusive Authority to Withdraw
        the Petition Commencing the OAS Finance Tavares Chapter 15 Case*

15. The OAS Finance Provisional Liquidation Order vests in the JPLs exclusive control of OAS Finance. See OAS Finance Provisional Liquidation Order at ¶ 3. In recognition of this authority, the OAS Finance Provisional Liquidation Order enumerates the various powers of the JPLs. See OAS Finance Provisional Liquidation Order at ¶ 4. As noted above, these powers include the power to "take any appropriate step in the judicial recovery proceedings or any related proceedings in Brazil to which [OAS Finance] is a party and *in the Chapter 15 proceedings filed in the New York bankruptcy proceedings [filed by Mr. Tavares purportedly on behalf of OAS Finance] on 15 April 2015 without further sanction of this Court*." OAS Finance Provisional Liquidation Order ¶ 4(a) (emphasis added).

16. Moreover, as a matter of BVI statutory law, the appointment of the JPLs also had the effect of terminating OAS Finance's directors' power to manage OAS Finance. Specifically, section 175 of the BVI Insolvency Act 2003 (the "BVI Act"), which applies to provisional

7

liquidations, provides, in relevant part, that "with effect from the commencement of the liquidation of a company . . . (b) the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted under this Part . . . ."  See BVI Act § 175.[5]

17.     The OAS Finance Provisional Liquidation Order has been challenged in the BVI by the directors of OAS Finance and that challenge remains pending.  See Wide Declaration ¶ 10.  Nonetheless, the OAS Finance Provisional Liquidation Order has not been stayed or vacated by the BVI Court and remains in full force and effect.  See id.  The JPLs are now exercising their authority under the OAS Finance Provisional Liquidation Order to withdraw the petition commencing the OAS Finance Tavares Chapter 15 Case.  See Wide Declaration ¶ 15.  Consistent with the provisions of the Bankruptcy Code and principles of comity, this Court should enforce the provisions of the OAS Finance Provisional Liquidation Order, particularly the sole authority granted to the JPLs to take appropriate steps in the OAS Finance Tavares Chapter 15 Case, including the withdrawal of the petition commencing the case.

18.     Section 1501 of the Bankruptcy Code sets forth the purposes and scope of Chapter 15.  See 11 U.S.C. § 1501.  One of the objectives of Chapter 15 is cooperation between U.S. bankruptcy courts and courts of foreign countries.  See id.  Consistent with this objective, section 1525 of the Bankruptcy Code provides that "[U.S. bankruptcy courts] shall cooperate to the maximum extent possible with a foreign court or a foreign representative,[6] either directly or through the trustee."  11 U.S.C. § 1525.  Section 1527 of the Bankruptcy Code details ways in

---

[5]   A copy of the Insolvency Act is attached hereto as Exhibit "A."

[6]   As discussed herein, section 1525 does not require cooperation between this Court and Mr. Tavares because he is not the foreign representative of OAS Finance.

8

which "cooperation" may be implemented including "coordination of the administration and supervision of the debtor's assets and affairs." 11 U.S.C. § 1527.[7]

19.  Here, the BVI Court overseeing the OAS Finance BVI Proceeding has entered an order governing the administration and supervision of OAS Finance's assets and affairs, i.e. the OAS Finance Provisional Liquidation Order. Consistent with the objective of cooperation set forth in section 1501 of the Bankruptcy Code and pursuant to sections 1525 and 1527 of the Bankruptcy Code, this Court should, to the maximum extent possible, cooperate with the BVI Court. Here, such cooperation would entail enforcing the OAS Finance Provisional Liquidation Order and the BVI Act[8] which, in turn, would allow the JPLs to exercise their authority to withdraw the petition commencing the OAS Finance Tavares Chapter 15 Case.

20.  Furthermore, as the U.S. Supreme Court has stated, comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." Hilton v. Guyot, 159 U.S. 113, 164 (1895). In determining whether to grant comity to a foreign judgment, a court will generally examine: (1) whether the judgment was rendered via fraud; (2) whether the judgment was rendered by a competent court utilizing proceedings consistent with civilized jurisprudence;

---

[7] Nothing in the statutory text of sections 1525 and 1527 require Chapter 15 recognition of a foreign proceeding as a prerequisite for a U.S. bankruptcy court cooperating with a foreign court. See 11 U.S.C. §§ 1525, 1527. Indeed, sections 1525 and 1527 are in subchapter IV of Chapter 15, a different subchapter than the subchapter that addresses recognition of a foreign proceeding and related relief (subchapter III).

[8] Bankruptcy courts in the United States have broad discretion to consider foreign law. See Bickerton v. Bozel S.A. (In re Bozel S.A.), 434 B.R. 108, 111 (Bankr. S.D.N.Y. 2010). Indeed, the Bankruptcy Court for the Southern District of New York has previously considered and enforced the BVI Act and liquidation orders of the BVI Court. See id.

9

and (3) whether the foreign judgment is repugnant to fundamental United States principles of what is decent and just. See Aerotel, Ltd. v. IDT Corp., 486 F. Supp. 2d 277, 283 (S.D.N.Y. 2007) (citing Turner Entm't Co. v. Degeto Film GmbH, 25 F.3d 1512, 1519 (11th Cir. 1994) (citing Hilton, 159 U.S. at 206; Cunard S.S. Co. v. Salen Reefer Serv. AB, 773 F.2d 452, 457 (2d Cir. 1985)).

21. Under Hilton and its progeny, the OAS Finance Provisional Liquidation Order is a foreign judgment that is entitled to comity. First, the BVI Court is a court of competent jurisdiction as it has authority over the provisional liquidation of OAS Finance, a BVI incorporated company. See Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 380 (2d Cir. 2003) (a court of competent jurisdiction is one that "has jurisdiction to hear the claim brought before it"); BVI Act §§ 1, 3, 170 (providing that the BVI Court may appoint a provisional liquidator of a "company," the definition of which includes a company, such as OAS Finance, that is incorporated in the BVI). Second, the BVI Court is a procedurally fair forum for purposes of comity. See In re Bozel S.A., 434 B.R. at 117-18 (Bankr. S.D.N.Y. 2010) (recognizing, as a matter of comity, a liquidation order of the BVI Court). Third, the OAS Finance Provisional Liquidation Order is not "inherently vicious, wicked or immoral, and shocking to the prevailing moral sense" and is therefore not repugnant to fundamental U.S. principles. See Sung Hwan Co. v. Rite-Aid Corp., 850 N.E.2d 647 (N.Y. 2006) (explaining the high threshold under New York Law for a finding that a foreign court's order is repugnant to fundamental U.S. principles).

22. Moreover, the fact that the OAS Finance Provisional Liquidation Order remains subject to challenge is not a basis to deny its enforcement as a matter of comity. Notably, the Bankruptcy Court for the Southern District of New York has granted comity to a BVI Court liquidation order that was subject to appeal holding that:

10

> The fact that a court order is subject to appeal does not render it unenforceable. As a matter of comity, unless and until the [order of the BVI Court] is set aside by the [BVI Court] or reversed by a higher BVI court, the Court will recognize the [order of the BVI Court] as it is issued by a court of a competent jurisdiction.

See In re Bozel S.A., 434 B.R. at 117-18. Here, the OAS Finance Provisional Liquidation Order has not been stayed or voided and is likewise entitled to comity.

23. Additionally, an underlying principle of the comity doctrine is that all foreign countries have a significant interest in addressing the affairs of their own business entities. See Canada S. Ry. Co. *v.* Gebhard, 109 U.S. 527, 537 (1883). This principle is also recognized by the rules governing New York choice of law. Under the "internal affairs" doctrine, "New York courts [will] look to the law of the state of incorporation in adjudicating a corporation's 'internal affairs.'" Galef v. Alexander, 615 F.2d 51, 58 (2d Cir. 1980); see also Seghers v. Thompson, No. 06CIV308RMBKNF, 2006 WL 2807203 at *4 (Sept. 27, 2006) (applying the "internal affairs" doctrine and determining that BVI law should govern the dispute where the company was incorporated in the BVI). To the extent OAS Finance's directors contest the application of BVI law, as opposed to Brazilian law, with respect to governance of OAS Finance, the internal affairs doctrine directs that BVI law—including the OAS Finance Provisional Liquidation Order and the BVI Act—should govern this dispute because OAS Finance is a BVI registered corporation.

24. Moreover, this Court has already noted the authority granted to the JPLs under the OAS Finance Provisional Liquidation Order. During the hearing held on April 17, 2015, this Court reviewed the OAS Finance Provisional Liquidation Order and noted that "the [OAS Finance Provisional Liquidation Order] does appear to give the [JPLs] authority to do whatever is appropriate in this Chapter 15 proceeding and I guess that means that if they want they can withdraw the proceeding as to that entity if they think it's appropriate . . . ." Hr'g Tr. at 65:20-24

11

(Bankr. S.D.N.Y. Apr. 17, 2015).  This is precisely the action taken through this Withdrawal Notice.

25.    Accordingly, consistent with principles of comity, this Court should enforce the OAS Finance Provisional Liquidation Order and allow the JPLs to withdraw the petition commencing the OAS Finance Tavares Chapter 15 Case.

    B.    *The OAS Finance Tavares Chapter 15 Case Should Not Be Recognized Because there is No Foreign Representative*

26.    Furthermore, the Brazilian Bankruptcy Proceedings, for which recognition is sought, fails to satisfy the requirements for recognition because Mr. Tavares is not an authorized foreign representative of OAS Finance in relation to the Brazilian Bankruptcy Proceedings (or any other proceeding).

27.    Section 1517 of the Bankruptcy Code sets forth the requirements for entry of an order recognizing a foreign proceeding.  The request for recognition is to be brought by a foreign representative.  11 U.S.C. § 1517(a)(2).  The Bankruptcy Code defines the term "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."  11 U.S.C. § 101(23).

28.    As noted above, upon their appointment, the JPLs were granted exclusive control of OAS Finance.  See OAS Finance Provisional Liquidation Order ¶ 3-4.  This includes the sole authority to take all steps in the Brazilian Bankruptcy Proceedings and the OAS Finance Tavares Chapter 15 Case.  See OAS Finance Provisional Liquidation Order ¶ 4(a).  Accordingly, the appointment of the JPLs divested the directors, who allegedly appointed Mr. Tavares as the foreign representative of OAS Finance with respect to the Brazilian Bankruptcy Proceedings, of

12

any and all authority. The JPLs have declined to provide Mr. Tavares with the authority to proceed in the OAS Finance Tavares Chapter 15 Case. <u>See</u> Wide Declaration ¶ 13. Additionally, the JPLs have (a) instructed Mr. Tavares that he has no authority to act for, or on behalf of, OAS Finance and further instructed him to inform this Court that he lacks authority to proceed in the OAS Finance Tavares Chapter 15, and (b) explicitly revoked Mr. Tavares power of attorney to act on behalf of OAS Finance. <u>See</u> Wide Declaration ¶ 13-14. Consequently, any action taken by Mr. Tavares in the name of, or on behalf of, OAS Finance is unauthorized and should be disregarded. Mr. Tavares is thus not a foreign representative as the term is defined in the Bankruptcy Code.

29. Because Mr. Tavares is not the foreign representative of OAS Finance, there is no person or body serving as foreign representative that is applying for recognition of OAS Finance's Brazilian Bankruptcy Proceeding. Therefore, the OAS Finance Tavares Chapter 15 Case fails to satisfy the requirements for recognition, specifically section 1517(a)(2) of the Bankruptcy Code.

## **CONCLUSION**

30. For the foregoing reasons, the JPLs respectfully request authorization from the Court to withdraw the petition commencing the OAS Finance Tavares Chapter 15 Case.

Dated: New York, New York
May 15, 2015

                            **CHADBOURNE & PARKE LLP**

                            By: */s/ Andrew Rosenblatt*
                                Howard Seife
                                Andrew Rosenblatt
                                Eric Daucher
                                1301 Avenue of the Americas
                                New York, New York 10019
                                (212) 408-5100

                                *Counsel for the Joint Provisional Liquidators*
                                *of OAS Finance Limited*