**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,
               Plaintiff,

v.

LEHMAN BROTHERS INC.,

               Debtor.

Adversary Proceeding No.

08-01420 (JMP)

**ORDER APPROVING FORM AND MANNER OF PUBLICATION AND
MAILING OF NOTICE OF COMMENCEMENT; SPECIFYING PROCEDURES AND
FORMS FOR FILING, DETERMINATION, AND ADJUDICATION OF
CLAIMS; FIXING A MEETING OF CUSTOMERS AND CREDITORS;
AND FIXING INTERIM REPORTING PURSUANT TO SIPA**

Upon the Trustee's Application seeking entry of an order (i) approving the form and manner of publication and mailing of notice of commencement of this proceeding; (ii) specifying procedures and forms for the filing, determination, and adjudication of claims; (iii) fixing a meeting of customers and other creditors; and (iv) fixing an interim reporting procedure pursuant to SIPA (the "Application")[1]; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held on November 5, 2008 to consider relief requested in the Application (the "Hearing"), and upon the record of the Hearing, and all the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate, customers, other creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is:

ORDERED that the Application is granted; and it is further

---
[1] Terms not defined herein shall have the meaning used in the Application.

ORDERED that the notice of commencement attached as Exhibit A to the Application (the "Notice of Commencement"), explanatory letters, claim forms, instructions and notice of trustee's determination of claim appearing as Exhibits B, C, and D to the Application be, and they hereby are, authorized and approved; and it is further

ORDERED that the Trustee shall have the authority, on the advice and consent of the Securities Investment Protection Corporation ("SIPC"), to amend these forms without further order of this Court; and it is further

ORDERED that the Trustee shall cause the Notice of Commencement, substantially in the form attached to the Application as Exhibit A, to be published on December 1, 2008 in all editions of *The New York Times*, all editions of *The Wall Street Journal*, and all editions of *The Financial Times*; and it is further

ORDERED that the Trustee shall cause documents substantially in the form of Exhibits A, B, and C to the Application to be mailed to persons who, as identified from the Debtor's books and records, may potentially assert claims as customers or general creditors, on December 1, 2008, and finding that such mailing complies with the Notice Provisions; and it is further

ORDERED that the Trustee shall have the authority, as provided in section 78fff-2(b) of SIPA, to satisfy customer claims insofar as the claims agree with the Debtor's books and records, or are otherwise established to the Trustee's satisfaction, without further orders of this Court; and it is further

ORDERED that nothing in this order shall prevent the Trustee from agreeing to procedures for intercompany claims as the Trustee may determine is in the best interests of the Estate; and it is further

ORDERED that, with respect to net equity claims, the Trustee shall have the authority to satisfy claims out of moneys made available to the Trustee by SIPC notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the Debtor available to satisfy such claims; and it is further

ORDERED that, with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee, the Trustee shall have the authority to deliver securities of such class and series, if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the Trustee; and it is further

ORDERED that the Trustee shall use the following procedure for those claims for protection as a customer of the Debtor, as defined in SIPA, which are not allowed as filed:

(1) The Trustee will notify the claimant that the Trustee has determined that the claimant's claim has been disallowed in whole or in part or has otherwise not been approved for satisfaction as filed. Notification shall be in a form similar to the Notice of Determination of Claim, attached as Exhibit D hereto. If a claimant is aggrieved by the determination of the Trustee, the claimant shall be afforded the opportunity to have the matter heard by the court as a contested matter under Rule 9014 of the Bankruptcy Rules, consistent with the procedures set forth herein.

(2) The claimant shall request a hearing before this court by filing a request in accordance with the instructions included with the Trustee's determination. The claimant shall file the request with the Bankruptcy Court in accordance with local rules, and serve upon the Trustee's counsel, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004, Attention: LBI Hearing Request, within thirty days of the date on which the Trustee mailed his determination. The request shall include (i) the claim number; (ii) a detailed

>   statement of the reasons for the claimant's objection to the Trustee's determination; (iii) copies of any document or other writing upon which the claimant relies; and (iv) mailing, phone, and email contact information for the claimant.
>
> (3) The Trustee shall ask the Court to set a time and date for a hearing and shall notify the claimant in writing of the time, date and place of the hearing. The Trustee may, upon the advice and consent of SIPC, establish such other procedures for adjudication of claims as in his discretion leads to the most efficient and orderly administration of the claims process for all claimants without further order of this Court.
>
> (4) If a claimant fails to request a hearing within thirty days of the mailing of the Trustee's determination in accordance with the procedures established by this Court's order, or if the claimant fails to appear at the hearing, then the Trustee's determination shall be final.

ORDERED that the Trustee shall have the authority to compromise and settle any disputed customer claim at any time, with the approval of SIPC, without further order of this Court; and it is further

ORDERED that any claim of a customer for net equity which is received by the Trustee after the expiration of a sixty (60) day time period beginning on the date of publication of the Notice of Commencement need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be satisfied in cash or securities (or both) as the Trustee determines is most economical to the estate; and it is further

ORDERED that based on the December 1, 2008 mailing date for the Notice of Commencement, the bar date for all claims is June 1, 2009 and the bar date for receiving the maximum possible protection for customer claims under SIPA is January 30, 2009; and it is further

4

ORDERED that claims against the Debtor in this proceeding shall be filed with the Trustee through the Trustee's claims agent, Epiq Bankruptcy Solutions, LLC at: Lehman Brothers Inc. Claims Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5015, New York, NY 10150-5015; and it is further

ORDERED that a meeting of customers and creditors will take place on December 17, 2008 at 10:00 a.m. (Prevailing Eastern Time), at the New York Marriott Downtown, 85 West Street, New York, New York 10006; and it is further

ORDERED that the Trustee shall file his first report pursuant to 78fff-1(c) of SIPA within six (6) months after publication of the Notice of Commencement, and shall file interim reports every six (6) months thereafter.

Dated: New York, New York
      November 7, 2008

      *s/ James M. Peck*
      HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE