**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

……………………………………………………….x

In re:
LEHMAN BROTHERS INC.,                         Case No. 08-01420 (JMP) SIPA

        Debtor.

……………………………………………………….x

**MEMORANDUM DECISION GRANTING MOTION OF DCP PARTIES FOR LEAVE TO CONDUCT 2004 DISCOVERY**

APPEARANCES:

HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Counsel for the DCP Parties

    Bruce Bennett, Esq.
    Michael A. Morris, Esq.
    A. Brent Truitt, Esq.
        Of Counsel

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

    David W. Wiltenburg, Esq.
        Of Counsel

JAMES M. PECK
United States Bankruptcy Judge

In this decision, the Court considers the limited question of whether a list of names and addresses maintained by Lehman Brothers Inc. properly falls within the scope of Rule 2004 of the Federal Rules of Bankruptcy Procedure. For the reasons noted below, the Court holds that this list is discoverable and grants the Motion for Leave to Conduct Discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion").

The parties seeking Rule 2004 discovery are certain former employees of Lehman Brothers Inc. and predecessor firms ("LBI") who were participants under and who have unspecified claims for compensation and other relief arising with respect to deferred compensation plans identified as the Lehman Brothers Kuhn Loeb Deferred Compensation Plan and/or the Executive and Select Employees Plan (together with the individual agreements that comprise such plans, the "DCPs").

The DCPs were offered by LBI for the benefit of qualifying LBI employees. Altogether, the claims for unpaid deferred compensation for parties covered under the DCPs ("Movants" or the "DCP Parties") may total as much as $500 million. Movants are certain DCP Parties who have retained the law firm Hennigan, Bennett & Dorman LLP to represent them in the LBI case with respect to their interests in the DCPs.

Before seeking relief from the Court, counsel for Movants asked James W. Giddens, as trustee for LBI ("Giddens" or the "Trustee") appointed pursuant to the Securities Investor Protection Act of 1970, as amended ("SIPA"), to furnish a list of contact information for all of the DCP Parties. Giddens, through his counsel, was unwilling to comply with this request, prompting counsel for Movants to bring the Motion. The main thrust of the Trustee's objection to turning over the names and

addresses sought in the Motion is that such information is not properly discoverable under the plain meaning of Rule 2004 and that Movants are trying to use Rule 2004 for an improper purpose[1].

The information itself should be easy enough for the Trustee to locate and produce, and so burden is not the issue here. Movants simply want to engage in their own organizational efforts and to reach out to other similarly situated claimants. Their purpose is to communicate with additional DCP Parties and recruit them to become part of a jointly represented group of creditors in LBI's case. The apparent goals are to obtain information regarding the nature and amount of claims of former employees having contractual rights to deferred compensation under the DCPs and to make the represented group a more formidable and effective force in the SIPA liquidation proceeding.

The effort seems to be based on the self-evident proposition that there is strength in numbers. If more DCP Parties are able to identify one another, organize, share information and work together, their collective efforts to pursue claims for deferred compensation can be expected to be that much more effective. Additionally, the increased size of the represented group may be a source of greater potential influence within the SIPA liquidation proceeding. It goes without saying that a larger and better-financed group should have more leverage and an increased likelihood of achieving realistic objectives.

---

[1] The alleged inappropriate use of Rule 2004 is the proposed solicitation of additional clients by the law firm for Movants. The Trustee makes additional arguments to support denial of the Motion including preservation of the privacy of the other participants in the DCPs and unjustifiably raising the recovery expectations of members of the class of DCP Parties. The Court considers these to be secondary points that are not central to the question of whether discovery should be allowed. Names and addresses of former employees are not confidential, and expectations, whatever they may be, of the DCP Parties are beside the point. Neither of these arguments is pertinent to the question before the Court.

Conceivably, the group may also be able to identify sources of recovery from insurers or parties other than LBI who arguably might be liable for some or all of the deferred compensation claims or to develop creative legal theories that would be more difficult, in practical terms, to articulate individually. Movants openly acknowledge that they want the names of other DCP Parties to form a more robust group of jointly represented creditors. This raises the question of whether discovery unabashedly sought in aid of soliciting individuals to join a creditor group fits within the broad categories of permitted discovery under Rule 2004, particularly in the context of a SIPA liquidation.

Argument was presented on November 20, 2008, and the Court took the matter under advisement. Upon consideration of the stated purposes for the limited discovery (*i.e*. obtaining a copy of what is essentially an address list for use in communicating with the DCP Parties), the nature of a SIPA liquidation proceeding and the wording of Rule 2004, the Court grants the Motion, concluding that the requested disclosure is authorized under Rule 2004.

The SIPA liquidation of LBI is by far the largest and most complex case of its kind, but size and complexity do not alter the fundamental nature of a SIPA liquidation proceeding. By statute, a SIPA case takes on the character of a bankruptcy case and proceeds substantially "in accordance with, and as though it were being conducted under chapters, 1, 3, and 5 and subchapters I and II of chapter 7 of title 11." 15 U.S.C. § 78fff (b) (2006). Discovery, to the extent applicable, is also borrowed from bankruptcy practice. Notably, no language intended to limit discovery is contained in the SIPA statute. As a consequence, discovery allowable under Rule 2004 is not inconsistent with

the statutory scheme of SIPA and is incorporated into SIPA liquidation proceedings pursuant to 15 U.S.C. § 78fff(b).

The SIPA statute is structured to protect customers of registered broker-dealers. *See* Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa-lll (2006); *In re* Adler Coleman Clearing Corp., 204 B.R. 111 (Bankr. S.D.N.Y. 1997); *In re* Oberweis Sec., Inc., 135 B.R. 842 (Bankr. N.D. Ill. 1991). A person holding a claim that qualifies as a "customer claim" receives preferential treatment in the distribution of assets from the estate. Because Movants and the other DCP Parties are not within the class of customers entitled to such preferential treatment, they face extra challenges as members of the general unsecured class who do not qualify as "customers" and are entitled to receive distributions only from the proceeds of whatever assets are in the general estate. *See* 15 U.S.C. § 78fff-2(c)(1)(B); *In re* A.R. Baron Co*., Inc.,* 226 B.R. 790, 794-95 (Bankr. S.D.N.Y. 1998); *In re* Stalvey & Assocs., Inc., 750 F.2d 464, 468 (5th Cir.1985).

Although the SIPA liquidation of LBI is in its early stages, a great deal has already been accomplished, most notably the transfer of the bulk of LBI's customer accounts to Barclays Capital Inc. in an extraordinary transaction that was approved about twelve hours after commencement of this case. However, at this juncture, prior to the preparation of a report by the Trustee concerning his investigation into the facts and circumstances of the LBI case, it is both premature and presumptuous to speculate as to any distributions that ultimately may be made to unsecured creditors such as the DCP Parties who look to the general estate for their recoveries.

In the face of this uncertainty, the DCP Parties are in the process of organizing. The group represented by Hennigan, Bennett & Dorman purports to speak on behalf of

5

a class of former and retired employees of LBI who, collectively, are owed substantial liabilities. It is unnecessary at this point to consider what theories may be articulated or tactics may be adopted by the DCP Parties to advance the interests of this class of creditors, but it is sufficient to note that Movants want the discovery to expand the coordinated activities of the DCP Parties in this case.

The broad scope of Rule 2004 is well recognized. An examination under the Rule "may relate only to the acts, conduct or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004. The request made for a list of participants in the DCPs fits within this expansive description of permitted discovery.

Discovery under Rule 2004 should be allowed because Movants seek information that relates both to liabilities of LBI and to matters which may affect the administration of the debtor's estate. Finding out the names and addresses of the members of the class of claimants is a first step in the direction of determining what is owed to these individuals and collecting from these individuals copies of potentially relevant documentation evidencing the liabilities of LBI. Importantly, having the ability to contact people with the same kinds of claims may be helpful both in proving the deferred compensation claims and identifying any third parties that potentially may be liable with the debtor.

From a case administration standpoint, there is also a compelling need for information about others within the class who are impacted by the SIPA liquidation because, in contrast with the disclosure regime applicable in a chapter 11 case, the

6

Trustee is under no obligation to file the lists, statements and schedules that are required of a debtor under Federal Rule of Bankruptcy Procedure 1007.

Transparency and better communication are to be encouraged. Disclosure of the contact list, while not a substitute for a filed and publicly accessible list of creditors, will enable the DCP Parties to exchange information and communicate freely with each other and with counsel, thereby providing a means for the jointly represented group to develop a more thorough understanding of the legal and factual grounds for the deferred compensation claims.

While it is not known if letters to be sent by counsel to prospective members of the group will produce any increase in the number of DCP Parties who are willing to work together in this case, the proposed letters may promote coordinated activity. Disclosure of the names and addresses of a discrete number of claimants should improve communications within the class of DCP Parties and additionally should lead to discovery of facts within the group that may be helpful in presenting claims on behalf of the entire class. Importantly, the exchange of ideas among a wider sample of similarly situated persons is a positive development. Members of the constituency of former LBI executives will be better informed regarding the liabilities owed to each of them individually and to the group as a whole and, as a result, should be better able to protect and pursue their rights.

From the Court's perspective, the fact that counsel for the Movants wants to use the contact list to notify class members about the actions taken by the group to date and to solicit interest in joining the group has no bearing on the question of whether Rule 2004 extends to the discovery requested. The Motion is focused on discovery of a

7

contact list that quite obviously relates to matters "which may affect the administration" of the LBI estate. FED. R. BANKR. P. 2004(b). This virtually open-ended "*may* affect the administration of the debtor's estate" standard[2] is not conditioned upon or limited by the motivations of the party seeking discovery.[3] FED. R. BANKR. P. 2004(b) (emphasis added). Subjective intent of counsel is not the issue[4]. If the discovery fits within the ambit of the Rule, that should end the inquiry.

Moreover, despite the fact that administration in a SIPA liquidation case does not call for the organization of committees nor does it specify any procedure for formation of groups of jointly represented parties, there is nothing that prevents such coordinated creditor activity nor is such activity inconsistent with the purposes of a SIPA case. Given the unprecedented scale of this SIPA liquidation, the consensual formation of groups of creditors with common interests and shared objectives may even be beneficial and simplify certain aspects of case administration.

The forgoing comment is not intended to encourage the formation of other jointly represented groups of unsecured creditors, and the Court has no reason to expect that other unsecured creditors will see a need for such joint representation. Nonetheless, the Court considers the organizational efforts of the DCP Parties, while not directly contemplated in the SIPA statute, to be a permissible aspect of case administration that further justifies authorizing the requested discovery.

---

[2] Here, this very broad standard is being applied narrowly to obtain a tightly defined list of names and addresses and not for purposes of conducting a proverbial "fishing expedition."

[3] The Court does not know what counsel intends to communicate in the letter to be addressed to the DCP Parties and makes no determination as to the suitability of its proposed content. The Court expects, however, that the letter will not be misleading and will not violate applicable ethical rules.

[4] The Court is not aware of any case in which the intentions of a party seeking an examination under Rule 2004 have even been considered in deciding whether to grant authority to conduct discovery.

Counsel for Movants shall settle an Order on the Trustee granting the Motion for the reasons stated in this decision.

Dated: New York, New York
November 26, 2008

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge