Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
SECURITIES INVESTOR PROTECTION                                     :
CORPORATION,                                                       :
       Plaintiff,               :
 v.                                                           :
                                                                   :   Adversary Proceeding
LEHMAN BROTHERS INC.,                                              :
                                                                   :   No. 08-01420 (JMP)
       Debtor.                  :
------------------------------------------------------------------ x

**RESPONSE OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO TRUSTEE'S MOTION FOR AN ORDER GRANTING
AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS
AND THE EXAMINATION OF THE DEBTOR'S CURRENT AND FORMER
OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS**

    The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (other than Lehman Brothers Inc. ("LBI")), as debtors and debtors in possession (collectively, the "Debtors"), hereby responds to the Trustee's Motion For An Order, Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Authorizing the Trustee to Issue Subpoenas For The Production of Documents and The Examination Of The Debtor's Current And Former Officers, Directors And Employees, And

Other Persons, dated December 11, 2008 (Docket No. 417) (the "Subpoena Authority Motion"), and states as follows:

**BACKGROUND**

1. Commencing on September 15, 2008, and periodically thereafter, the Debtors commenced the Chapter 11 Cases. On September 17, 2008, the United States Trustee appointed the Committee.

2. On September 19, 2008, the Securities Investor Protection Corporation ("SIPC") commenced proceedings against LBI (the "SIPA Proceeding", and together with the Chapter 11 Cases, the "Court Proceedings") under the Securities Investor Protection Act of 1970 ("SIPA") and James W. Giddens was appointed as Trustee (the "SIPA Trustee").

3. On October 20, 2008, The Walt Disney Company filed a motion (the "Examiner Motion") requesting entry of an order appointing one or more examiners (the "Examiner") to conduct an investigation of LBHI and Lehman Brothers Commercial Corp. On January 9, 2009, the Committee filed a response to the Examiner Motion (the "Committee Examiner Response").

**THE TRUSTEE'S MOTION**

4. By the Subpoena Authority Motion, the SIPA Trustee seeks an order, pursuant to Bankruptcy Rule 2004, authorizing him to issue subpoenas for the production of documents and the examination of the current and former officers, directors, employees and affiliates of LBI, and other persons or entities with relevant information including, without limitation, LBI's lenders, investors and other financial transaction counterparties to certain transactions with LBI.

5. The SIPA Trustee contends that the above relief is necessary to obtain all pertinent information in the witnesses' possession, custody or control that is relevant to the issues the SIPA Trustee is empowered and potentially obligated to investigate pursuant to section 78fff-1(d) of SIPA including, without limitation, "the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business and any other matter, to the extent relevant to the liquidation proceeding." 15 U.S.C § 78fff-1(d).

6. More specifically, and as set forth in the Motion, the Trustee intends to investigate the events and circumstances that lead to the commencement of the SIPC Proceeding including, without limitation, (i) the cause of LBI's demise; (ii) potential claims of LBI including claims against its officers, directors and employees; (iii) the facts, circumstances and propriety of the transfer of LBI subsidiaries to LBHI, including the negotiations of the terms of the transfer agreement and note executed in connection with the transfer, the means for valuing the subsidiaries pursuant to the transfer, the selection of those performing the valuation, and the financial and operational impact from the transfers on the liquidation process; (iv) the financial and operational impact of LBI's relationships with its clearing banks, the Depository Trust Clearing Corporation, and its holders of collateral on the liquidation process; (v) the facts, circumstances and propriety of intercompany transfers of cash, securities and liabilities between LBI and other Lehman entities both before and after the commencement of the Chapter 11 Cases; (vi) the financial and operational impact of LBI's prime brokerage relationships; (vii) the operational hurdles and financial impact from the transfer of LBI's customer accounts to other entities; (viii) the effect of other financial transactions involving the transfer to or from LBI of assets and liabilities on the ability to liquidate LBI and the transfer of customer accounts; and (ix) LBI's prepetition and postpetition record keeping practices (collectively, the Proposed

Investigation").

**RESPONSE**

7. At the end of the day, and unless the various examinations are reconciled and coordinated, the estate is poised to pay the significant administrative expense of multiple investigative reports on the same topic. The SIPA Trustee seeks to canvass much of the same territory as the Examiner, without any clear incremental benefit. Even if the SIPA Trustee is correct in its broad reading of the statute, this circumstance alone cannot justify granting of the same broad and unfettered relief in these cases, when (i) the debtors in a parallel set of chapter 11 cases are engaged in investigating many of the same facts and circumstances; (ii) the official creditors' committee appointed in those chapter 11 cases has an investigatory mandate that overlaps entirely with that of the SIPA Trustee; (iii) the appointment of an examiner has been requested, and will likely be granted, with a recommended mandate covering the same issues; and (iv) a variety of federal, state, and regulatory authorities have undertaken similarly overlapping investigations.

8. For the foregoing reasons, as well as all the reasons set forth in the Committee Examiner Response, it is highly probable that if the Subpoena Authority Motion is granted in the form proposed, it will result in duplication of the efforts and costs associated with other investigations. To avoid this unwanted result, the Committee respectfully submits that the Court should defer action on the Subpoena Authority Motion until it has ruled definitively on the Examiner Motion, in order to allow the Court and all relevant parties in interest to explore ways to harmonize the conduct of the various investigations and any related discovery.

WHEREFORE, the Committee respectfully requests that, the Court (i) defer action on the Subpoena Authority Motion until it has ruled definitively on the Examiner Motion; and (ii) grant the Committee such other and further relief as is just.

Dated: New York, New York
January 9, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.