**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (JMP) SIPA

**ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF THE DEBTOR'S CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS**

Upon the motion (the "Motion") of James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the Trustee to issue subpoenas (each a "Subpoena") for the production of documents and the examination of the current and former officers, directors, employees, and affiliates of LBI, and other persons or entities with relevant information including, without limitation, LBI's lenders, investors, and other financial transaction counterparties to transactions with LBI (collectively, the "Witnesses"); and the Court finding that adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED, that the Trustee is authorized, pursuant to Bankruptcy Rule 2004, to issue such Subpoenas as may be necessary to compel the production of documents and the testimony of Witnesses in connection with his investigation of LBI; and it is further

ORDERED, that the Trustee shall serve each Subpoena and a copy of this Order on the target of the Subpoena, with copy to (i) the Securities Investor Protection Corporation, (ii)

the Securities and Exchange Commission, (iii) the Internal Revenue Service, and (iv) the United States Attorney for the Southern District of New York; and it is further

ORDERED, that the Trustee shall cooperate fully with the U.S. Department of Justice, and any other federal agency designated by them (collectively, the "Government"), in any matter that the Government is currently or in the future may be investigating regarding LBI, its management or its financial condition.  The Trustee shall use best efforts to coordinate with the Government in order to avoid unnecessary interference with any investigation conducted by the Government.  The Trustee will follow a reasonable protocol to be established jointly with the Government for the sharing of information and such sharing shall be subject to appropriate conditions to protect LBI's estate, including but not limited to, the preservation of the attorney-client privilege and protections of the attorney work product doctrine.  If the Trustee and the Government disagree as to the appropriateness of a proposed action to be taken pursuant to this Order, the Trustee reserves the right to seek a determination from the Court; and it is further

ORDERED, that the Trustee shall file with the Court an affidavit or declaration or service for each Subpoena he serves; and it is further

ORDERED, that Witnesses are directed to produce, on a rolling basis, all responsive documents described in the Trustee's Subpoena such that all responsive documents are received by the Trustee within ten (10) days of the service of a Subpoena upon such Witness (unless otherwise agreed by the Trustee), subject to any documents withheld under a claim of privilege; and it is further

ORDERED, that if a Witness withholds the production of any documents to the Trustee based upon a claim of privilege, such Witness is directed to provide counsel for the Trustee with a privilege log, containing the information required under Bankruptcy Rule 7026,

within ten (10) days of the service of a Subpoena upon the Witnesses (unless otherwise agreed by the Trustee); and it is further

ORDERED, that the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Trustee, in no event more than fifteen (15) days from the date of the service of a deposition Subpoena upon such Witness; and it is further

ORDERED, that nothing herein shall limit the rights of any Witness or any other party under applicable law to object to or oppose any Subpoena the Trustee may serve upon such Witness; and it is further

ORDERED, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED, that in accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue Subpoenas, signed but otherwise in blank, as requested by the Trustee; and it is further

ORDERED, that this Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: January 15, 2009
        New York, New York

                                            */s/ James M. Peck*
                                            HONORABLE JAMES M. PECK
                                            UNITED STATES BANKRUPTCY JUDGE