**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

        LEHMAN BROTHERS INC.,

                                  Debtor.

Case No. 08-01420 (JMP) SIPA

**STIPULATION AND ORDER IN CONNECTION WITH THE RETURN
TO NEUBERGER BERMAN, LLC (ON BEHALF OF NADINE LEMMON)
OF POST-PETITION MISDIRECTED TRANSFERS**

WHEREAS, on September 19, 2008 ("Commencement Date"), a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI") and James W. Giddens was appointed as Trustee under the SIPA (the "Trustee") to administer LBI's estate (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

WHEREAS, after the Commencement Date, on November 12, 2008, Neuberger Berman, LLC (the "Sender") sent a wire transfer of $22,233.45 ("Transfer 1") to LBI Account #140 094 221 (FFC: Nadine Lemmon (the "Beneficiary")) (as reflected in Ex. A);

WHEREAS, after the Commencement Date, on December 1, 2008, the Sender sent a wire transfer of $28,263.90 ("Transfer 2") to LBI Account #140 094 221 (FFC: the Beneficiary) (as reflected in Ex. A);

WHEREAS, subsequently, Neuberger Berman notified the Trustee and represented that Transfers 1 and 2 (collectively, the "Transfers," totaling $50,497.35) had been made in error and were intended to be transferred to another account (as reflected in Ex. B); and

WHEREAS, following receipt from the Sender of information concerning the Transfers, the Trustee conducted an investigation and, in consultation with Deloitte & Touche LLP, determined that the Transfers had in fact been misdirected and that LBI should return the Transfers.

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

1.     The Trustee is authorized to return the Transfers in accordance with wire instructions provided by the Sender within three (3) business days of the Court's approval of this Stipulation;

2.     Upon the Trustee's wiring the Transfers in accordance with instructions received from the Sender, the Sender, the Beneficiary, and their agents, employees, principals, professionals, successors, and assigns shall be deemed to have waived

and released any claims they might have against the Trustee, his professionals, successors and assigns, the LBI estate and the Securities Investor Protection Corporation with respect to such Transfers, including, without limitation, any claims for interest, costs and attorneys fees;

3. The Trustee is relying on the representations in the Stipulation and Exhibits thereto, that these representations are true and correct, and that the Sender and the Beneficiary acknowledge that the Trustee can refuse to deliver or seek the return of the Transfers if these representations are not true and correct;

4. The Trustee, the Sender, and the Beneficiary expressly reserve all of their rights and defenses with respect to any other claims each might have against the other;

5. Notwithstanding the proposed return of the Transfers pursuant to this Stipulation, nothing herein shall be construed to prejudice the Trustee's rights in any way whatsoever to determine whether any other funds have been misdirected and must be returned or to require the Trustee to seek court approval to return misdirected funds. The Trustee expressly reserves all of his rights with respect to funds alleged to have been misdirected;

6. This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed signatures shall be deemed originals;

7. Each individual signing this Stipulation on behalf of any party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the party indicated; and

8. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA apply, without regard to New York's rules governing conflicts of laws.

Dated: New York, New York
February 10, 2009

| | |
|---|---|
| NADINE LEMMON | By: /s/ Daniel S. Lubell |
| | James B. Kobak, Jr. |
| | Daniel S. Lubell |
| /s/ Nadine Lemmon | Jeffrey S. Margolin |
| | HUGHES HUBBARD & REED LLP |
| | One Battery Park Plaza |
| | New York, New York 10004 |
| NEUBERGER BERMAN, LLC | (212) 837-6000 |
| | |
| By: /s/ Kevin O'Friel | |
| Name: Kevin O'Friel | ATTORNEYS FOR JAMES W. GIDDENS, |
| Title: SVP | ESQ., AS TRUSTEE FOR THE SIPA LIQUIDATION OF THE BUSINESS OF LEHMAN BROTHERS INC. |

SO ORDERED this 18th day of February, 2009

*/s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE