# **Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (JMP) SIPA

## AFFIDAVIT OF JAMES B. KOBAK, Jr.

STATE OF NEW YORK     )
                      : ss:
COUNTY OF NEW YORK    )

James B. Kobak, Jr., being duly sworn, deposes and says:

1. I am an attorney admitted to the bar of this Court and a partner of the firm of Hughes Hubbard & Reed LLP ("HHR"). I submit this affidavit in support of the second application of HHR, as counsel to James W. Giddens as Trustee (the "Trustee") for the liquidation of Lehman Brothers Inc. ("Debtor" or "LBI"), for allowance of interim compensation for services rendered and reimbursement of actual and necessary expenses incurred from February 1, 2009 through May 31, 2009 (the "Compensation Period") pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C."

2. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of SIPA in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc., Case No. 08-CIV-8119 (GEL). The LBI Liquidation Order: (i) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA; (ii) appointed HHR counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and (iii) removed this case to this Court pursuant to section 78eee(b)(4) of SIPA.

3. I submit this affidavit pursuant to Bankruptcy Rule 2016(a) in support of HHR's application (the "Application") for allowance of compensation in the amount of $15,211,140.98 for professional services rendered during the Compensation Period and reimbursement in the amount of $132,764.74 for necessary expenses incurred during the Compensation Period.

5. As the lead partner at HHR staffed on this matter, I am familiar with such services and with these proceedings. These statements are correct to the best of my knowledge and belief, based upon conversations I have conducted with the Trustee, the partners and associates of HHR and upon records kept by HHR in the normal course of business.

6. I hereby certify that (i) I have read the Application; and (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the guidelines for fee applications under Bankruptcy Rule 2016(a) and Amended Order Pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330

60721319_1.DOC

and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Hughes Hubbard & Reed LLP (Docket No. 919) (the "Amended Administrative Fee Order"

7. HHR's fees in this case reflect a 10% discount from HHR's existing rates. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

8. I hereby certify that members of the staff of the Securities Investor Protection Corporation ("SIPC") have been provided with a copy of this Application.

9. I hereby certify that members of the staff of SIPC have been provided with monthly statements of fees and disbursements accrued during the Compensation Period in accordance with the Amended Administrative Fee Order.

10. I hereby certify that (i) in providing reimbursable nonlegal services to the estate, HHR does not make a profit on such services; and (ii) in seeking reimbursement for a service which HHR justifiably purchased or contracted from a third party, HHR requests reimbursement only for the amount billed to HHR by the third-party vendors and paid by HHR to such vendors.

11. It is HHR's practice not to include telecopies, internal copies, after-hours meals, after-hours travel, and secretarial time, and word processing costs in its overhead, but rather to bill out these expenses to clients. This "unbundling" of such expenses results in a fairer allocation of such costs and allows HHR to pass such costs on to each client in proportion to that client's use of such services. In connection with this

3

Application, HHR has not charged for and do not seek allowance of a number of categories of expenses regularly charged to and paid by HHR's clients, including after-hours meals, internal copies and after-hours travel.

12. HHR has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

13. There is no agreement or understanding between the Trustee, HHR and any other person, other than members of HHR, for sharing of compensation to be received for services rendered in this case.

14. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by the Trustee or HHR.

MEREDITH M. STEAD
Notary Public, State of New York
No. 02ST6196821
Qualified in New York County
Commission Expires January 5, 2013

/s/ James B. Kobak, Jr.

Sworn to and subscribed before
me this 13th day of July, 2009

/s/ Meredith M. Stead
Notary Public