FAEGRE & BENSON, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
Leif T. Simonson (LS-6568)
lsimonson@faegre.com

Counsel to Sante Fe Master Fund SPC for and on behalf of the
Anasazi Systematic European Long Short C Segregated Portfolio

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS, INC.<br><br>            Debtor. | Case No. 08-01420 (JMP) SIPA |

Sante Fe Master Fund SPC for and on behalf of the Anasazi Systematic European Long

Short C Segregated Portfolio (hereinafter, the "Fund"), by and through its undersigned counsel,

hereby files this objection ("Objection") to the Notice of Trustee's Determination of Claim dated

September 2, 2009 (the "Notice of Determination," attached hereto as Exhibit 1), in which the

Trustee indicates that it has DENIED the Fund's claims numbered 900007845 and 5603. The

Fund further states as follows:

### Overview

1.      The claims relate to a brokerage account numbered 05604271 (the "Account"),

which the Fund was led to believe would be maintained at debtor Lehman Brothers, Inc. ("LBI").

Upon information and belief, however, the Account instead appears to have been held at Lehman

Brothers International (Europe) ("LBIE"), a related entity. Therefore, on May 29, 2009, the

Fund timely filed two alternative claims: (i) a customer claim (the "Customer Claim"), in the

event that Account was indeed held at LBI (as the Fund was led to believe it would be); and (ii) a

creditor claim (the "Creditor Claim") against LBI for fraud, breach of contract and violations of

securities laws, in the event that the Account was improperly held at LBIE (contrary to the

promises and representations that LBI made in its prime brokerage agreement with the Fund).

The Customer Claim is attached hereto as Exhibit 2. The Creditor Claim is attached hereto as

Exhibit 3. An unsigned copy of the cover letter to the claims processing agent is attached hereto

as Exhibit 4.

2.       The Notice of Determination states that the Trustee has DENIED the Fund's

claims numbered 900007845 and 5603. (See Exhibit 1.) According to counsel for the Trustee

(Hughes Hubbard & Reed LLP), 900007845 is the number that the Trustee has given to the

Fund's Customer Claim, and 5603 is the number the Trustee has given to the Fund's Creditor

Claim. Thus, although the Notice of Determination states, "You have submitted the above-

referenced claim(s) . . . as a customer claim in this proceeding," the Trustee appears to have

denied both the Customer Claim (Exhibit 2) and the Creditor Claim (Exhibit 3).

3.       The sole basis offered for the denials is, "The above-referenced account(s) . . . is

with Lehman Brothers International (Europe) ('LBIE'), not LBI." (Exhibit 1.)

4.       The Fund objects to the Trustee's determination.

5.       As an initial matter, the Notice of Determination incorrectly states that the claims

are both customer claims. In fact, one claim is a customer claim (the Customer Claim), and the

other is an alternative creditor claim (the Creditor Claim).

6.    Moreover, the Trustee has supplied no reason for denying the Fund's Creditor

Claim.  Indeed, if the Trustee is correct in asserting that the Account is in fact with LBIE and not

with LBI (an assertion the Trustee makes without offering any evidentiary support and the truth

of which the Fund lacks sufficient information to affirm or deny), then that determination only

further supports the Fund's Creditor Claim against LBI for fraud, breach of contract and

violations of Section 10(b) of the Securities Exchange Act, for all the reasons given in the Fund's

statement of claim ("Statement of Claim") attached to its proof of claim (see Exhibit 3), which is

hereby incorporated into this Objection by reference:  In summary, LBI fraudulently led the

Fund to reasonably believe that its prime brokerage account (the "Account")—and the cash and

securities held therein—would be custodied at LBI, where it would be subject to the protections

of the S.E.C.'s Customer Protection Rule (Rule 15c3-3) and various other regulatory

requirements.  Instead, the Account appears to have been improperly custodied at LBIE, such

that the Fund now cannot directly recover the cash and securities via a SIPA customer claim.

The Trustee has simply failed to address the Fund's Creditor Claims against LBI.

7.    If, on the other hand, the Trustee is incorrect in asserting that the Account is not

with LBI, then the Fund's Customer Claim is valid and should be allowed.

**Reservation of Rights**

8.    The Fund reserves all rights with respect to the claims asserted herein and in the

Customer Claim and Creditor Claim.  The Fund further reserves all rights to amend and/or

supplement this Objection.

## Relief Requested

9.      WHEREFORE, the Fund respectfully requests that the Court allow either the

Fund's Customer Claim or, in the alternative, its Creditor Claim for the full amount requested

and grant the Fund such other and further relief as this Court deems proper.


Dated: October 2, 2009                      /s/ Leif T. Simonson
                                         Leif T. Simonson (LS-6568)
                                         FAEGRE & BENSON, LLP
                                         2200 Wells Fargo Center
                                         90 South Seventh Street
                                         Minneapolis, MN 55402
                                         Tel: (612) 766-7000
                                         Fax: (612) 766-1600
                                         lsimonson@faegre.com

                                         Counsel to Sante Fe Master Fund SPC for and
                                         on behalf of the Anasazi Systematic European
                                         Long Short C Segregated Portfolio

fb.us.4441279.01