WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10033
Telephone: (212) 819-8500/7993
Facsimile: (212) 819-8113
Abraham L. Zylberberg
Richard A. Graham

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS INC.,**<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM NUMBER 800001708

Fortissimo Fund ("Claimant"), by and through its undersigned counsel, hereby files this opposition (the "Opposition") to the Trustee's determination, received by written notice dated September 2, 2009 (the "Determination Notice"), attached hereto as Exhibit A, to deny its customer claim (number 800001708, the "Claim") and states:

1. Transactions Between the Parties. The Claimant and the Debtor entered into a Customer Account Agreement Prime Brokerage, dated as of April 9, 2007 (the "Prime Brokerage Agreement"), attached hereto as Exhibit B, pursuant to which a prime brokerage account was opened "at Lehman Brothers Inc." See Prime Brokerage Agreement, ¶ 1.

2. In the ordinary course of its business as a broker-dealer, the Debtor established and maintained a prime brokerage account with the account number 05601541 for and on behalf of the Claimant (the "Customer Account").

3. On September 19, 2008 (the "Commencement Date"), the United States District Court for the Southern District of New York (Case No. 08 CIV 8119) entered an order granting

the application of the Securities Investor Protection Corporation for issuance of a protective decree adjudicating that the customers of the Debtor are in need of the protection afforded by the Securities Investor Protection Act of 1970 (as amended, "SIPA"), appointing. James W. Giddens (the "Trustee") trustee for the liquidation of the business of the Debtor, and removing the proceeding to this Court (Docket No. 1).  As of the Commencement Date, Claimant had on deposit in the Customer Account cash and securities as set forth in the completed form stating the Claim (the "Statement of Claim"), attached hereto as Exhibit C (the "Customer Assets").

4. On October 2, 2008, the Claimant sent the Debtor a letter, attached hereto as Exhibit D, requesting immediate transfer of its paid securities on deposition in the Customer Account to a new broker-dealer.

5. On October 8, 2008, the Claimant sent the Debtor a letter, attached hereto as Exhibit E, requesting immediate transfer of its cash on deposit in the Customer Account to a new broker-dealer.

6. On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Creditors; and Fixing Interim Reporting Pursuant to SIPA (Docket No. 241) (the "Claims Procedure Order").

7. On January 27, 2009, the Claimant duly filed the Statement of Claim pursuant to the Claims Procedural Order and 15 U.S.C. section 78aaa-III (providing that customers file statements of claim with the trustee).

8. On or about September 3, 2009, the Claimant received the Determination Notice.

**Opposition**

9.  The Determination Notice states only that the Customer Account was with Lehman Brothers International (Europe) ("LBIE"), "not LBI," and that LBIE has filed claims with the Trustee "for funds or property held or believed to be held by LBI for the benefit of LBIE's customers."

10.  While it is true that the Prime Brokerage Agreement provides that LBIE, along with all Lehman entities, is a party thereto, it does not follow that the Customer Account, "opened at Lehman Brothers Inc.," see Prime Brokerage Agreement, ¶ 1, is not with LBI. The Claimant submits that the Prime Brokerage Agreement speaks for itself:

   a. In the introductory paragraph, it states, it refers to "you" (the Claimant) "as our customer," where "our" includes all Lehman entities.

   b. In paragraph 21, it states that "LBI will act a prime broker for you" and describes in detail its duties in such role.

   c. The net equity requirement provision states that, "You shall maintain in your account with LBI . . . ." Id., ¶ 21(e).

   d. "Lehman Brothers Inc." was the signatory "for *itself* and as agent" (emphasis added) for certain of its affiliates.

Based on the Prime Brokerage Agreement, it cannot be said that the Customer Account was not with LBI. For this reason, the Trustee's stated grounds for denying the Claim are contradicted by the only evidence of which the Claimant is aware.

11.  For most purposes under SIPA,

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to

3

> cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities . . . .

15 U.S.C. § 78lll(2). Upon information and belief, the Debtor received, acquired and/or held cash and securities for the account of the Claimant for the purposes set forth above in the ordinary course of its business as a broker-dealer. The Claimant is therefore a customer of the Debtor. The Claimant's status as a "customer" of the Debtor is not affected by which Lehman entity may now have custody of such securities and cash.

## Reservation of Rights

12. The execution and filing of this Opposition is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any entity or person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of any right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy or (g) a waiver of the Claimant's rights to amend or supplement its Statement of Claim or this Opposition.

13. <u>Notice</u>.  All notices in respect of this claim should be forwarded to:

FORTISSIMO FUND
c/o Symphony Asset Management LLC
Attn:  Christina Mans
555 California Street
San Francisco, CA  94104-1503
(415) 676-4041
christina.mans@symphonyasset.com

and:

WHITE & CASE LLP
Attn:  Abraham L. Zylberberg
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8500
azylberberg@whitecase.com.

14. WHEREFORE, the Claimant respectfully requests that the Court (i) overrule the Trustee's determination to deny the Claim, (ii) direct the Trustee to satisfy the Claim and (iii) grant such other relief as the Court finds just and equitable.

Dated:  October 2, 2009
      New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Abraham L. Zylberberg
Richard A. Graham

By: _/s/ Abraham L. Zylberberg_
     Abraham L. Zylberberg