DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Phone: (212) 698-3500
Fax: (212) 698-3599
Glenn E. Siegel
Alessandra Tebaldi-Castelli

*Attorneys for Frank Russell Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
:
In re :
:
LEHMAN BROTHERS INC., : Case No. 08-01420 (JMP) (SIPA)
:
Debtor. :
:
:
:
---------------------------------------------------------- x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM NO. 900004948 WITH**
**RESPECT TO ACCOUNT NO. 6QG1**

Frank Russell Company d/b/a Russell Investment Group ("Russell"), the parent company of Russell Trust Company, the Trustee for RTC – CEBFT Russell Fixed Income II Fund (the "Russell Client"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Notice of Trustee's Determination of Claim dated September 16, 2009 (the "Trustee Determination")[1], and respectfully represents and sets forth as follows:

---

[1] A copy of the Trustee Determination is attached as Exhibit A.

15309476.3                                     1

1. Russell objects to the Trustee Determination's denial of Russell's claim for customer treatment of cash and/or securities (Claim No. 900004948, Account No. 6QG1) filed on January 27, 2009 (the "LBI Claim")[2] because the claim arises out of certain to-be-announced trades (the "TBA Trades") entered into by the Debtor and the Russell Client.

2. According to the Securities Investor Protection Act of 1970, as amended ("SIPA"), the term "customer" of a debtor means "any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities...."[3]

3. Since the term "customer" under SIPA includes "any person who has a claim against the debtor arising out of sales or conversions of such securities" and the Russell Client has a claim against the Debtor arising out of sales or conversions of the TBA Trades to or through the Debtor, the Russell Client should be considered a "customer" of the Debtor under SIPA.

4. Furthermore, SIPA does not require that the Debtor have a specific account denominated in Russell's name, so long as there is evidence that the Debtor sold the TBA Trades for the Russell Client and received cash as a result of the transaction, which cash is due to the

---

[2] A copy of the LBI Claim is attached as Exhibit B.

[3] 15 U.S.C.A. § 78lll(2).

Russell Client. SIPA defines "customer property" as "cash and securities (except customer name securities delivered to the customer) at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted."[4] "Customer property" under SIPA also includes "any other property of the debtor which, upon compliance with applicable laws, rules, and regulations, would have been set aside or held for the benefit of customers, unless the trustee determines that including such property within the meaning of such term would not significantly increase customer property"[5]. Therefore, the failure to have an account record would be a recordkeeping violation of the Debtor and would not constitute evidence that there was no account. In fact, a confirmation of the sale for cash by the Debtor on Russell Client's behalf should be enough to establish the obligation of the Debtor to hold the cash for the account of the Russell Client.[6]

5. Finally, the TBA Trades are analogous to repurchase agreements, and courts have held that claims filed in connection with repurchase agreements are customer claims under SIPA.[7] In *Bevill,* the court held that the repurchase agreements at issue "clearly" met the two factors that govern "customer" status because "(1) the transactions in which they were engaged and which form the basis of their claim of customer status [were] related to investment, trading

---

[4] 15 U.S.C.A. § 78lll(4).

[5] 15 U.S.C.A. § 78lll(4)(D).

[6] Attached as <u>Exhibit C</u> is evidence that Debtor sold the TBA Trades for Russell and received cash as a result of the transaction, which cash is due to Russell as Russell's customer property.

[7] *See, e.g., Cohen v. Army Moral Support Fund (In re Bevill, Bresler & Schulman Asset Management Corp.),* 67 B.R. 557, 600 (Bankr. D.N.J. 1986).

or participation in the securities market . . . and (2) the transactions [arose] out of the type of fiduciary relationship which generally characterizes the relationship between a broker-dealer and its customers."[8]

6. Similarly, the TBA Trades at issue here clearly satisfy the two requirements governing customer status. In fact, they (1) are related to the investment, trading or participation in the securities market; and (2) arise out of a type of fiduciary relationship which generally characterizes the relationship between a broker-dealer and its customers because, *inter alia*, "the term 'customer' includes 'any person with whom the debtor deals as principal' for its own account."[9]

7. Accordingly, Russell objects to the Trustee Determination and requests that this Court (i) afford the LBI Claim customer treatment under SIPA and (ii) grant Russell such other and further relief as this Court may deem just or proper. Alternatively, Russell requests that this Court schedule a hearing before Bankruptcy Judge James M. Peck on this Objection.

## NO PRIOR RELIEF

8. The relief requested by Russell in this Objection has not been sought previously in this or any other court.

---

[8] *Id.* (citations omitted).

[9] *See Bevill*, 67 B.R. at 600-601 (citations omitted).

## RESERVATION OF RIGHTS

9.  Russell reserves all rights with respect to the claims asserted herein. Russell further reserves all rights to file an amended objection and/or reply.

Dated: October 2, 2009
      New York, New York

                                   DECHERT LLP

                                   /s/ Glenn E. Siegel
                                   Glenn E. Siegel
                                   Alessandra Tebaldi-Castelli
                                   1095 Avenue of the Americas
                                   New York, New York 10036
                                   Phone: (212) 698-3500
                                   Fax:   (212) 698-3599
                                   glenn.siegel@dechert.com
                                   alessandra.tebaldi-castelli@dechert.com

                                   *Attorneys for Frank Russell Company,*
                                   *d/b/a Russell Investment Group*