WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York  10033
Telephone:  (212) 819-8500/7993
Facsimile:  (212) 819-8113
Evan C. Hollander
Richard A. Graham

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS INC.,**<br><br>**Debtor.** | Case No.  08-01420 (JMP) SIPA |

LIMITED OPPOSITION TO TRUSTEE'S DETERMINATION TO DENY CLAIMS

Yasuda Japanese Market Neutral Fund ("YJMNF"), and Yasuda Japanese Market Neutral Yen Fund ("YJMNYF," and together with YJMNF, the "Claimants"), by and through their undersigned counsel, hereby[1] file this limited opposition (the "Opposition") to the Trustee's determinations, received by written notices dated September 2, 2009 (each a "Determination Notice," and collectively, the "Determination Notices"), attached hereto as Exhibit A, to deny their customer claims numbered 900002200 and 900002201 (each a "Claim," and collectively the "Claims") and states:

1.      The Claimants are creditors of Lehman Brothers International (Europe) ("LBIE") under International Prime Brokerage Agreements, dated November 15, 2007, between UBS Fund Services (Cayman) Ltd., as Fund Trustee on behalf of each Claimant, and, in each case, LBIE (as amended, restated, modified and/or supplemented from time to time, the "Prime Brokerage

---

[1] By email of October 2, 2009, counsel for the Trustee granted an extension of time to file this Opposition until October 6, 2009.

Agreements") and of Lehman Brothers Holdings, Inc. ("LBHI"), as guarantor, pursuant written guarantees dated January 4, 2008 and June 9, 2008 (together, the "Guarantees"), of LBIE's obligations to the Claimants.  Attached hereto as Exhibit B are copies of the proofs of claim the Claimants submitted in LBHI's chapter 11 case before this Court, Case No. 08-13555 (JMP), to which are annexed copies of the Prime Brokerage Agreements, the Guarantees and preliminary statements of claim filed with the insolvency administrators of LBIE (the "LBIE Administrators") in the United Kingdom (the "UK Statements of Claim").

2. In the ordinary course of its business, LBIE established and maintained a prime brokerage accounts (account numbers 5620083 and 5620082, respectively) for and on behalf of the Claimants (the "Customer Accounts").

3. On September 19, 2008 (the "Commencement Date"), the United States District Court for the Southern District of New York (Case No. 08 CIV 8119) entered an order granting the application of the Securities Investor Protection Corporation for issuance of a protective decree adjudicating that the customers of the Debtor are in need of the protection afforded by the Securities Investor Protection Act of 1970 (as amended, "SIPA"), appointing James W. Giddens trustee for the liquidation of the business of the Debtor (the "Trustee"), and removing the proceeding to this Court (Docket No. 1).  As of September 15, 2009, the Claimants had on deposit in the Customer Accounts cash and securities as set forth in the UK Statements of Claim (the "Customer Assets").

4. On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Creditors; and Fixing Interim Reporting Pursuant to SIPA (Docket No. 241).

NEWYORK 7327542 (2K)

5. On or about January 23, 2009, the Claimants duly filed statements of claim (the "Statements of Claim"), attached hereto as Exhibit C, pursuant to the Claims Procedural Order and 15 U.S.C. section 78aaa-lll (providing that customers file statements of claim with the trustee) with respect to any of their Customer Assets that may have been, or may be, in the control or possession of the Debtor or Trustee.

6. On or about September 4, 2009, the Claimant received the Determination Notices.

**Opposition**

7. For most purposes under SIPA,

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities . . . .

15 U.S.C. § 78lll(2). Upon information and belief, the Debtor may have received, acquired and/or held cash and securities for the account of the Claimant for the purposes set forth above in the ordinary course of its business as a broker-dealer. If so the Claimant is a customer of the Debtor.

8. The Determination Notices state only that the relevant Customer Account was with Lehman Brothers International (Europe) ("LBIE"), "not LBI," and that LBIE has filed claims with the Trustee "for funds or property held or believed to be held by LBI for the benefit of LBIE's customers."

9. While these statements may be true, they do not, without more, provide grounds to deny the Claims, because it is not clear that any statement of claim LBIE has filed with respect to any Customer Assets the Debtor (or Trustee) holds for the benefit of the Claimants (or LBIE's

other customers) is adequate to protect the interests of the Claimants (or such other customers) in such property.  Indeed, the LBIE Administrators posted a notice to their website indicating the following:

> LBIE faces issues including missing or inaccessible records and IT data that complicate the compilation of claims.  Consequently, LBIE cannot guarantee that the omnibus claim that it files on behalf of certain of its customers will identify every customer with securities, cash or other assets held by LBI through LBIE and neither the Administrators nor LBIE accept any liability arising out of any inaccuracies or deficiencies in the information provided.  <u>LBIE's customers may wish to pursue their rights in the SIPA proceeding by filing a claim on their own behalf with the Trustee as well.</u>

See http://www.pwc.co.uk/eng/issues/lehman_client_money_and_assets_update_200109.html#.  The LBIE Administrators therefore provide no assurance that what they have filed is adequate.  Moreover, the Trustee has not stated that he agrees with or will pay on the LBIE Administrator's statement of claim.  Until it can be determined that the LBIE Administrators' claim adequately protects the Claimants' interests and rights in property held or controlled by the Debtor and/or Trustee, the Trustee's determination to deny the Claims should not be confirmed by the Court or binding on the Claimants.

**Reservation of Rights**

10.     The execution and filing of this Opposition is not and shall not be deemed:  (a) a waiver or release of the Claimants' rights against any entity or person liable for all or any part of the Claims asserted herein; (b) a consent by the Claimants to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimants; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claims, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimants; (d) a waiver or release by the Claimants of any right to trial by jury, or a consent by the Claimants to a trial by

jury, in this Court or any other court; (e) a waiver of any right to the subordination or recharacterization, in favor of the Claimants, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy or (g) a waiver of the Claimants' rights to amend or supplement their Statements of Claim or this Opposition.

11. <u>Notice</u>. All notices in respect of this Opposition should be forwarded to:

> YASUDA JAPANESE MARKET NEUTRAL FUND
> YASUDA JAPANESE MARKET NEUTRAL YEN FUND
> c/o UBS Fund Services Canada
> Attn: Armeen Bhesania
> 154 University Avenue
> Toronto, ON, Canada  M5H 3Y9
> (416) 971-4757
> armeen.bhesania@ubs.com

and:

> WHITE & CASE LLP
> Attn: Evan C. Hollander
> 1155 Avenue of the Americas
> New York, New York 10036
> (212) 819-8660
> ehollander@whitecase.com.

[The remainder of this page left intentionally blank.]

WHEREFORE, the Claimant respectfully requests that the Court (i) overrule the Trustee's determination to deny the Claim and (ii) grant such other relief as the Court finds just and equitable.

Dated: October 6, 2009
      New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Evan C. Hollander
Richard A. Graham

By: */s/ Evan C. Hollander*
     Evan C. Hollander