ALSTON & BIRD LLP
Martin G. Bunin
Karl Geercken
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Round Table Global
Multi-Strategy Fund, LTD.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

LEHMAN BROTHERS, INC.,

Debtor.

-------------------------------------------------------------X

Chapter 11

**Case No. 08-01420 (JMP) (SIPA)**

## <u>OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM</u>

Round Table Global Multi-Strategy Fund, LTD, ("<u>Round Table</u>," or the "<u>Claimant</u>"), by and through its undersigned attorneys, hereby submits its objection (the "<u>Objection</u>") to the Notice of Trustee's Determination of Claim Number 800002909 dated September 2, 2009 and the Notice of Trustee's Determination of Claim Number 800002903 dated September 2, 2009 (collectively, the "<u>Claim Denials</u>"), attached hereto as Exhibit A and Exhibit B.  In support of the Objection, Round Table respectfully submits as follows:

1.     On December 7, 2007, Round Table entered into the Customer Account Agreement Prime Brokerage (the "<u>Prime Brokerage Agreement</u>" or "<u>PBA</u>," attached hereto as Exhibit C) with Lehman Brothers Inc. ("<u>LBI</u>").

2.     Pursuant to the PBA, Round Table established account numbers 05602914 and 05602915 with LBI (the "<u>Customer Accounts</u>").

3.     On September 19, 2008 (the "Administration Date") a proceeding was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), with respect to the Leman Brothers Inc. ("LBI" or the "Debtor"). James W. Giddens was appointed as trustee (the "Trustee") under SIPA to liquidate the Debtor's assets.

4.     On January 30, 2009, Round Table timely filed customer claim numbers 800002909 and 800002903 (collectively, the "Claims").

5.     As of the Administration Date, Round Table had on deposit in the Customer Accounts cash and securities as set forth in the Claims.

6.     On September 2, 2009, the Trustee sent Notices of the Trustee's Determination of Claim with respect to both of Round Table's Claims. The Claim Denials each stated:

> Your Claim is DENIED. The above-referenced account(s) (the "Account") is with Lehman Brothers International (Europe) ("LBIE"), not LBI. LBIE has filed claims with the Trustee for funds or property held or believed to be held by LBI for the benefit of LBIE's customers.

7.     Round Table objects to the Trustee's determinations and, accordingly, files this Objection to the Claim Denials.

## OBJECTION

8.     The Claim Denials cannot stand because (i) pursuant to the Prime Brokerage Agreement, Round Table's accounts were, in fact, with LBI; and (ii) Round Table is a "customer" of LBI under SIPA regardless of whether its accounts are currently with LBI or LBIE.

9.     LBI's own documents and communications with Round Table make clear that the Customer Accounts are with LBI. The PBA, which is written on LBI letterhead, was signed by

Round Table and by LBI "as signatory for itself and as agent for the affiliates named herein." The PBA provides that:

a. "A prime brokerage account opened pursuant to this Agreement will be opened at Lehman Brothers, Inc." Prime Brokerage Agreement ¶ 1.

b. "LBI will act as a prime broker" for Round Table. Prime Brokerage Agreement ¶ 21.

c. Round Table was required to "maintain in [its] account with LBI at least such minimum net equity in cash or securities which is required by the SEC Letter." Prime Brokerage Agreement ¶ 21(e).

10. This PBA was a result of Round Table's discussions with LBI employees and Round Table's decision to use LBI as prime broker and to maintain the Accounts with LBI. Round Table's further communications were with LBI, as well, and Round Table received LBI trade reconciliation reports containing a LBI footer that stated "© 2007 Lehman Brothers Inc. Member SIPC." (Intra-day Trade Reconciliation, attached hereto as Exhibit D.)

11. In fact, Round Table only learned in September 2008 that LBI was taking the position that the Round Table accounts were held through LBIE.

12. Under SIPA, claimants are eligible to share in the fund of customer property to the extent that their claims are defined as that of a "customer."

13. Section 78lll(2) of SIPA defines the term "customer." This section states that:

The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a

claim against the debtor arising out of sales or conversions of such securities ….

15 U.S.C. § 78lll(2).

14.    LBI, in the ordinary course of business, received and held securities acquired by LBI for Round Table as a brokerage client.  Whether the Customer Accounts are now with LBI or LBIE is immaterial and does not affect Round Table's status as a customer of LBI.  SIPA does not require that the securities or cash be in possession of the broker or dealer in order to confer "customer" status upon a claimant.  Rather, because Round Table actually entrusted securities to LBI and deposited cash with LBI for the purpose of purchasing securities, it is clearly a "customer" of LBI under SIPA.  See In re Klein, Maus & Shire, Inc., 301 B.R. 408, 419 (Bankr. S.D.N.Y. 2003).  Accordingly, the Trustee's Claim Denials must be overruled.

15.    The terms of the Prime Brokerage Agreement, as well as the communications between LBI and Round Table, plainly show that the Customer Accounts are with LBI.  The Claim Denials ignore this fact.  Because of the foregoing, Round Table's Claims should be allowed as "customer" claims under SIPA and the Claim Denials must be overruled.

## RESERVATION OF RIGHTS

16.    Round Table reserves its rights to supplement or amend this Objection for any reason, including in the event that the Trustee modifies his reasons for denying the Claims.

17.    The execution and filing of this Opposition is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any entity or person liable for all or any part of the Claims asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claims, any objection or other proceedings commenced with respect thereto or any other

proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of any right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy or (g) a waiver of the Claimant's rights to amend or supplement their Claims or this Objection.

Dated: October 16, 2009

ALSTON & BIRD LLP

Martin G. Bunin
Karl Geercken
90 Park Avenue
New York, New York 10016
212-210-9400
212-210-9444 (fax)
marty.bunin@alston.com
karl.geercken@alston.com

*Attorneys for Round Table Global
Multi-Strategy Fund, LTD.*