UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)

Debtors. : (Jointly Administered)

---
---

In re: : SIPA Proceeding

LEHMAN BROTHERS INC., : Case No. 08-01420 (JMP)

Debtor.

---

# SCHEDULING ORDER CONCERNING CERTAIN MOTIONS FILED BY LBHI, SIPA TRUSTEE AND CREDITORS COMMITTEE

WHEREAS, the following motions have been filed with the Court seeking, *inter alia*, modifications of (i) the Court's Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008, or (ii) the Court's Order Approving, and Incorporating by Reference for Purposes of this Proceeding, an Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers Holdings Inc. Chapter 11 Proceeding; or both such Orders (individually or collectively, the "Sale Order"):

(1) Debtor's Motion for An Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2008 Sale Order and Granting Other Relief, dated September 15, 2009 ("LBHI's Motion");

(2) The Trustee's Motion for Relief Pursuant to the Sale Order or, Alternatively, for Certain Limited Relief Under Rule 60(b), dated September 15, 2009 ("Trustee's Motion"); and

(3) Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. §§ 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 9024, For Relief From Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Federal Rule of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008 (and Related SIPA Sale Order) and Joinder In Debtor's and SIPA Trustee's Motions for an Order Under Rule 60(b) to Modify Sale Order ("Committee's Motion");

(4) Motion of Lehman Brothers Holdings Inc., Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying The SIPA Sale Order and Joinder in Official Committee of Unsecured Creditors' Motion for Relief From SIPA Sale Order ("LBHI's Joinder"); and

(5) The Trustee's Motion to Join in Debtors' Motion for an Order Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2009 Sale Order and Granting Other Relief ("LBI's Joinder," and collectively with the above-referenced motions, the "Rule 60 Motions").

WHEREAS, Barclays Capital Inc. ("Barclays") has issued discovery requests and third party subpoenas and plans to take certain depositions in connection with its intention to file an opposition to the Rule 60 Motions;

WHEREAS, Lehman Brothers Holdings Inc. ("LBHI"), James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of Lehman Brothers Inc., and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. ("Creditors Committee") require additional discovery in connection with their Rule 60 Motions; and

WHEREAS, counsel for LBHI, the Trustee, the Creditors Committee, and Barclays have agreed upon the following schedule for the conduct of discovery and the preparation and filing of their respective submissions with respect to the Rule 60 Motions.

IT IS HEREBY ORDERED THAT:

1. To the extent LBHI, the Trustee or the Creditors Committee intend to file adversary complaints in connection with subjects related to the Rule 60 Motions, all such

adversary complaints shall be served and filed on or before November 16, 2009. To the extent the complaints contain claims that are already made as part of the Rule 60 Motions, those claims shall be resolved pursuant to the schedule set forth in this order for resolving the Rule 60 Motions. Within ten days of such filing, the parties shall meet and confer to agree upon which claims in such complaints shall be resolved through the resolution of the Rule 60 Motions and which claims shall be stayed pending such resolution.

2. Barclays shall be entitled to conduct discovery prior to filing its response to the Rule 60 Motions, including interrogatories, requests for admission and third party subpoenas, in accordance with the normal rules governing discovery under a contested matter, except as otherwise provided in this Order. LBHI, the Trustee and the Creditors Committee shall respond to the document requests served by Barclays on September 22 and 23, 2009 in accordance with Paragraph 4 below and shall produce responsive documents on a rolling basis with such production to be completed no later than November 16, 2009. LBHI, the Trustee and the Creditors Committee shall respond to the supplemental document requests served by Barclays on October 9, 2009 in accordance with Paragraph 4 below and shall produce responsive documents, if any, on a rolling basis with such production to be completed no later than December 8, 2009.

3. On or before November 16, 2009, Barclays shall make a supplemental production pursuant to Movants' Rule 2004 requests consisting of:

(a) GFS Reports for each day between September 12, 2008 and September 30, 2008 for which a report has not already been produced; and

(b) Additional documentation to explain and support the acquisition balance sheet reported by Barclays in February 2009.

No additional discovery pursuant to Rule 2004 shall be required except as provided above and as previously agreed with regard to the documents of Gerard Reilly and the resumed deposition of Martin Kelly. LBHI, the Trustee and the Creditors Committee may serve Barclays with requests

for any additional documents they seek or other discovery requests, including interrogatories, requests for admission, and third party subpoenas in accordance with the normal rules governing discovery under a contested matter, except as otherwise provided in this Order.

4. In response to any document request served in this contested matter, the responding party will serve written responses and objections within twenty days of service of the document request (or, with respect to Barclays discovery requests served in September 2009, the written responses and objections shall be served by October 23, 2009), which responses and objections will make clear the scope of the responding party's anticipated document production in response to the request. In response to such responses and objections, the requesting party may conduct a meet and confer and pre-motion conference, and may file a motion to compel production, without prejudice to the responding party's right to argue that decision on such motion to compel should be deferred.

5. On or before December 15, 2009, LBHI, the Trustee and the Creditors Committee shall serve statements (presented in separate, short and concise, numbered paragraphs, with citations to the record) of the facts relevant to their Rule 60 Motions as to which they contend there is no genuine issue that requires an evidentiary hearing.

6. By January 8, 2010, Barclays shall identify any witnesses it may use to present expert testimony in support of its opposition to the Rule 60 Motions or any motion it may file as described in paragraph 8 and shall serve upon LBHI, the Trustee and the Creditors Committee expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B). Thereafter, Barclays shall make its experts available for deposition.

7. Barclays shall have the right to take up to 20 depositions without seeking leave of the Court. Absent good cause to proceed otherwise, witnesses who are employed by or

are agents of, LBHI, the Trustee or the Creditors Committee, including but not limited to representatives of LBHI, LBI, the Creditors Committee, Weil, Gotshal & Manges LLP, Hughes, Hubbard & Reed, LLP, Houlihan Lokey, Deloitte & Touche LLP and Lazard Ltd., shall appear for depositions within 14 calendar days of any notice of deposition or third party subpoena served by Barclays, or within a reasonable period of time thereafter as agreed by the parties. These depositions shall be completed by January 22, 2010, unless Barclays chooses to conduct any such deposition at a later date, in which case the deposition shall be completed by no later than February 15, 2010. In the event that LBHI, the Trustee, or the Creditors Committee attaches an affidavit or declaration to any of their reply briefs from one or more individuals who has not yet been deposed, then Barclays shall have the right to depose such persons, notwithstanding any of the limitations in this paragraph.

8. By January 29, 2010, Barclays shall serve two oppositions: (i) a single consolidated opposition to the Rule 60 Motions other than the Trustee's arguments regarding interpretation of the Sale Order and the Purchase Agreement relating to the Undelivered Assets; and (b) an opposition to all arguments made by the Trustee regarding interpretation of the Sale Order and the Purchase Agreement relating to the Undelivered Assets. At the same time, Barclays shall file a motion to enforce the Sale Order and secure delivery of any Undelivered Assets thereunder, and the arguments in such motion shall consist of an incorporation by reference of all arguments set forth in Barclays' opposition brief referenced in subparagraph (b) of this paragraph.

9. By January 29, 2010, Barclays shall serve statements (presented in separate, short and concise numbered paragraphs, with citations to the record) responding to the

statements submitted by LBHI, the Trustee and the Creditors Committee pursuant to Paragraph 5.

10. Without duplicating discovery previously taken, LBHI, the Trustee and the Creditors Committee may take at any time additional discovery, including but not limited to the deposition of any witness who submits an affidavit or declaration on Barclays' opposition to the Rule 60 Motions and any motion Barclays may file as described in Paragraph 8 above or depositions under Rule 30(b)(6). Such depositions shall be completed on or before February 15, 2010, and Barclays shall make all such witnesses available for deposition before that deadline. Without leave of Court, the number of such depositions collectively taken by LBHI, the Trustee and the Creditors Committee shall not exceed ten. This limitation does not include expert witnesses. Absent good cause to proceed otherwise, witnesses employed by or agents of Barclays, including but not limited to Cleary, Gottlieb, Steen & Hamilton LLP and Sullivan & Cromwell LLP, shall appear within 14 calendar days of any notice of deposition or third party subpoena served by LBHI, the Trustee or the Creditors Committee, or within a reasonable time thereafter as agreed by the parties. In the event that Barclays attaches an affidavit or declaration to any of its motion papers from one or more individuals who have not yet been deposed, then LBHI, the Trustee or the Creditors Committee shall have the right to depose such persons, notwithstanding any of the limitations in this paragraph.

11. By March 1, 2010, LBHI, the Trustee and the Creditors Committee shall identify any experts and serve any expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).

12. By March 4, 2010, LBHI, the Trustee and the Creditors Committee shall serve their respective (i) reply papers in further support of the Rule 60 Motions; and (ii) opposition to any motion Barclays may file, as described in Paragraph 8.

13. By March 18, 2010, Barclays shall serve and file its reply brief in further support of its motion to enforce the delivery of the Undelivered Assets. Barclays shall be entitled to cite to its earlier expert report in support of its reply brief, but shall not be entitled to rely upon any supplemental expert report in support of its reply brief without making arrangements for a reasonable opportunity for deposition and supplemental response by the LBHI, the Trustee and the Creditors Committee.

14. The parties shall appear before the Court at 10 a.m. on March 25, 2010 for oral argument on the Rule 60 Motions. The Court has scheduled ten days for any potential evidentiary hearing on the Rule 60 Motions beginning at 10 a.m. on April 26, 2010, and continuing as needed for the week of April 26, 2010 and the week of May 3, 2010. If the Court determines that an evidentiary hearing is required, the parties shall agree upon and submit to the Court for its approval a schedule for the conduct of such hearing as well as for the exchange of witness lists, exhibit lists, and deposition designations applicable to such hearing.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      October 27, 2009

                                                  *s/ James M. Peck*
                                            UNITED STATES BANKRUPTCY JUDGE