James B. Kobak, Jr.
Robert W. Brundige, Jr.
Christopher K. Kiplok
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens, Trustee for the
SIPA Liquidation of the Business of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**NOTICE OF TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE, APPROVING AND
AUTHORIZING PROCEDURES TO UNWIND, CLOSE-OUT AND REDUCE
TO CASH RECEIVABLES OWED BY TRADING COUNTERPARTIES**

PLEASE TAKE NOTICE that James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of Lehman Brothers Inc. (the "Debtor" or "LBI"), by and through his undersigned attorneys, filed a motion (the "Motion") for entry of an order approving and authorizing procedures to unwind, close-out and reduce to cash receivables owed by trading counterparties of LBI, together with a proposed Order.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to entry of the proposed Order must (i) be in writing; (ii) state the name and address of the objecting party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local

Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-242, as amended by General Order M-269 (available at the Court's website, www.nysb.uscourts.gov) by registered users of the Court's Electronic Case Filing System, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format no later than **November 13, 2009 at 4:00 p.m.** (the "Objection Deadline"); and (vi) served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, Attn: Robert W. Brundige, Jr., Esq., and Jeffrey S. Margolin, Esq., (b) Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn: Kenneth J. Caputo, Esq., (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq. and Jacqueline Marcus, Esq. and (d) Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., with a courtesy copy to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601. <u>Unless objections are received by the Objection Deadline, the Order may be entered without a hearing</u>.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion, if necessary, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 18, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel may be heard (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
October 29, 2009

HUGHES HUBBARD & REED LLP

By: /s/ Robert W. Brundige, Jr.
    James B. Kobak, Jr.
    Robert W. Brundige, Jr.
    Christopher K. Kiplok
    Jeffrey S. Margolin
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of the Business of Lehman Brothers Inc.

James B. Kobak, Jr.
Robert W. Brundige, Jr.
Christopher K. Kiplok
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE, APPROVING AND AUTHORIZING
PROCEDURES TO UNWIND, CLOSE-OUT AND REDUCE TO
<u>CASH RECEIVABLES OWED BY TRADING COUNTERPARTIES</u>**

James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI"), by and through his undersigned counsel, respectfully requests entry of an order approving and authorizing procedures to unwind, close-out and reduce to cash receivables owed by trading counterparties of LBI. In support of this Motion, the Trustee respectfully states as follows:

**<u>JURISDICTION</u>**

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 105(a) of the Bankruptcy Code.

## BACKGROUND

2. On September 19, 2008 (the "Filing Date"), the Honorable Gerald E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act ("SIPA") in the case captioned <u>Securities Investor Protection Corporation v. Lehman Brothers Inc.</u>, Case No. 08-CIV-8119 (GEL). The LBI Liquidation Order: (i) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA; and (ii) removed this case to this Court pursuant to section 78eee(b)(4) of SIPA.

3. On the Filing Date, LBI was a party to thousands of open contracts with other financial institutions, including but not limited to foreign exchange derivatives contracts, fixed income repurchase contracts, securities lending contracts and option contracts. In addition, LBI entered into exchange traded securities and derivatives transactions with many financial institutions. On the Filing Date, funds were due or to become due to LBI with respect to such open contracts from over 300 financial institutions (the "Financial Institution Counterparties"). Approximately 100 of the Financial Institution Counterparties owe the Estate of LBI (the "LBI Estate") receivables in amounts of three million dollars or more. Many of these transactions were supported by collateral, largely cash and government securities, which are included in the calculation of the amount of receivables owed to the LBI Estate.

4. Additionally, with over 12,500 customer claims now having been filed and reviewed and further investigation having been conducted, it has been determined that LBI conducted business with thousands of other institutional, fund and individual counterparties ("Other Counterparties") in connection with trading and other transactions. On the Filing Date, many thousands of trades with Other Counterparties were open and LBI had receivables due with

respect thereto from over 1,400 Other Counterparties.  Approximately 20 of the Other Counterparties appear to owe the LBI Estate receivables in amounts of three million dollars or more.

5. In total there are about 1,700 Financial Institution Counterparties and Other Counterparties (collectively, "LBI Counterparties") owing unpaid funds to the LBI Estate, about 120 of which owe amounts of three million dollars or more.  The receivables due from this smaller group accounts for more than 90% of the total receivables outstanding.

6. The Trustee, as mandated by SIPA and the Bankruptcy Code, will continue to investigate, verify and collect amounts owed by the LBI Counterparties (the "Receivables"). The Trustee has engaged Deloitte & Touche LLP ("Deloitte") and Hughes Hubbard & Reed LLP ("HH&R") or other counsel in some cases to:  (i) review the books and records of LBI for each of the LBI Counterparties; (ii) determine the amounts owed to the LBI Estate by each of the LBI Counterparties (the "Close-out Amount") under certain financial transactions (including, but not limited to, foreign exchange derivatives transactions, fixed income repurchase transactions, securities lending transactions and option transactions); (iii) unwind the underlying financial transactions giving rise to the Close-out Amount; and (iv) arrange for and collect the Close-out Amounts from each of the LBI Counterparties.

7. The initial review of LBI's books and records is conducted by Deloitte.  During this phase, Deloitte determines which LBI Counterparties owe the LBI Estate any Close-out Amounts under the financial transactions.  In addition, a number of LBI Counterparties have approached the Trustee on a voluntary basis seeking to pay the Close-out Amounts due under the financial transactions and have engaged in consensual negotiations over the valuation and related reconciliation of the Close-out Amounts.  Once an LBI Counterparty has come forward or been

identified by Deloitte as owing a Close-out Amount, counsel then engages in a process that typically entails (i) locating and reviewing the governing agreement, schedules, netting agreements and other documents evidencing the transactions related to the Close-out Amount, (ii) locating any termination notices, default notices and valuation statements that might have been sent by the LBI Counterparty, and forwarding any such information to Deloitte, and (iii) reviewing any general or customer claims that might have been filed by the LBI Counterparty in connection with the financial transactions being unwound.

8. After Deloitte concludes its initial review and due diligence, and after counsel completes its additional review, further discussions are held with the LBI Counterparty or in the case of LBI Counterparties contacted by the Trustee, the Close-out Amount is then in most cases communicated in writing to the LBI Counterparty by the Trustee or his representatives, using the contact information retrieved from the governing agreements, LBI Counterparty correspondence received and the Deloitte account statements, with a request that such Counterparty contact representatives of the Trustee to discuss the Close-out Amount and provide any additional details that may be necessary to identify and reconcile each of the trades that appear on LBI's books and records, such as trade IDs, trade type, electronic trade reference IDs, termination dates, the valuation date (to the extent not already provided in the LBI Counterparty valuation statement), etc.

9. Once the LBI Counterparty responds to the Trustee's request, Deloitte then engages in a more detailed trade level reconciliation to ensure that the trade populations between LBI's books and records and the LBI Counterparty match. In addition, where applicable, Deloitte reviews any amounts that were due to be paid during the week of September 15, 2008 but were unpaid, as well as the valuation methods used in calculating the Close-out Amounts, in

order to ensure that the proper valuation methods were used pursuant to the terms of the applicable governing agreements. Where the Trustee deems it in the best interest of the LBI Estate to do so, financial products valuation experts have been hired to assess the valuation methodology used by LBI Counterparties in closing out complex trades or portfolios, so as to ensure compliance with standard industry agreements, market practice and common law standards of reasonableness. Once Deloitte reconciles all the trades and finalizes the Close-out Amount with the LBI Counterparty, HH&R or other counsel coordinates with the LBI Counterparty on the wire transfer or other payment into the LBI Estate. In some cases this may involve the return by the LBI Counterparty of securities held as collateral, margin or otherwise, which the Trustee then liquidates and reduces to cash.

10. To date, approximately $700 million has been received by the LBI Estate from LBI Counterparties. This amount represents the partial or full consensual resolution of financial transactions with approximately 29 LBI Counterparties. Of these 29 LBI Counterparties, mutual specific releases in connection with transactions closed have been required only for approximately four of them. Most of these resolutions have been achieved without significant dispute or need for Court involvement. A few have been or will be made subject to, and will be submitted for, Court approval upon issuance of the procedural order sought by the instant Motion in the manner described below.

## **RELIEF REQUESTED**

11. Pursuant to and subject to SIPA, the Trustee has been duly appointed and authorized to liquidate the business of LBI, which requires him to unwind, close-out and reduce to cash all Receivables due the LBI Estate with respect to all outstanding transactions between LBI and the LBI Counterparties.

12. Pursuant to section 78fff-1(a) and (b) of SIPA and section 704(a)(1) and (4) of the Bankruptcy Code, the Trustee is authorized, without the need for Court approval, to investigate, unwind, close-out and reduce to cash all Receivables due the LBI Estate by the LBI Counterparties. However, in light of the large number of LBI Counterparties and the amount of Receivables and in the interest of transparency and openness and with a goal to reduce the time and costs and to facilitate the collection of the Receivables, the Trustee wishes to establish Court-authorized procedures concerning the unwind, close-out and reducing to cash of the Receivables.

13. Considering the number of LBI Counterparties owing Receivables to the LBI Estate, obtaining Court approval for each proposed resolution would result in an unnecessary burden and consumption of time for the Court, the Trustee and other affected parties. By this Motion, the Trustee seeks approval of procedures, including authorization to resolve consensually with the LBI Counterparties, without the need for further Court approval, Receivables owing to the LBI Estate in amounts less than three million dollars. As stated, this would represent about 90% of all LBI Counterparties, who have less than 10% of the total amount of Receivables owed. The Trustee further proposes to seek Court authorization for consensual resolutions reached hereafter with LBI Counterparties owing Receivables of three million dollars or more. This group consists of about 10% of the LBI Counterparties who account for over 90% of the Receivables.

**PROPOSED PROCEDURES**

14. The Trustee seeks Court authorization to implement the following procedures for the unwind, close-out and reducing Receivables to cash (the "Procedures"):

- With respect to any Receivable, the Trustee is authorized and has the full power and authority to resolve, fix and reduce to cash amounts owed by an LBI Counterparty to the LBI Estate (the "Payment Amount"), and the

> Payment Amount may incorporate setoffs solely to the extent that such setoff is permitted by applicable law.
>
> − With respect to Payment Amounts below $3,000,000.00, the Trustee may resolve and reduce to cash the Receivables without further Court order. The Trustee's interim reports to the Court, as required by section 78fff-1(c) of SIPA, and order of this Court dated November 7, 2008 (Docket No. 241), will include information regarding those Receivables collected by the LBI Estate in the period covered by such report.
>
> − With respect to Payment Amounts of $3,000,000.00 and above, the Trustee will henceforth prepare a stipulation and order (a "Court Stipulation") and seek Court approval by Notice of Presentment, in accordance with the Case Management Order entered in this proceeding (Docket No. 240).

- A Court Stipulation may address and permit the collateral, margin, securities or other property held by the LBI Counterparties or by the LBI Estate to be liquidated, returned or setoff with respect to any Receivable.

- In connection with any Court Stipulation the Trustee is authorized, but not required, to provide a release to the LBI Counterparties to the extent that the Trustee determines that a release is appropriate.

### BASIS FOR RELIEF REQUESTED

15. As noted above, the Trustee has authority under SIPA to liquidate the business of LBI, pursue Receivables and where necessary reduce securities and other property to cash. The Trustee has determined, in his sound business judgment, that implementing the proposed Procedures is in the best interest of the LBI Estate taking into account the sheer number of the LBI Counterparties owing the Receivables. The proposed Procedures will minimize litigation expense through consensual resolution with most of the LBI Counterparties, who collectively owe a small percentage of the total Receivables without further Court approval, and accelerate collection of the Receivables. In addition, they will save judicial resources.

16. In addition to the Trustee's explicit and inherent powers under SIPA and the Bankruptcy Code, this Court is authorized to grant the relief requested in this Motion pursuant to

Section 105(a) of the Bankruptcy Code (as incorporated into SIPA under SIPA § 78fff(b)). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In practice, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad statutory authority to enforce and carry out the Bankruptcy Code's provisions. See New Eng. Dairies, Inc. v. Dairy Mart Conv. Stores, Inc. (In re Diary Mart Conv. Stores, Inc.), 351 F.3d 86, 91 (2d Cir. 2003); Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994). Authorizing the Trustee to efficiently and economically resolve and reduce to cash the Receivables is appropriate to assist the Trustee in carrying out his liquidation duties under SIPA and under section 704(a) of the Bankruptcy Code and it is in the best interests of customers and creditors of the estate to have an efficient yet transparent system for recovering funds.

17. Based on the foregoing, the Trustee submits that the relief requested is appropriate, represents an appropriate exercise of sound business judgment, is in the best interests of the LBI Estate and its customers and creditors, and should be granted in all respects. The Trustee is also authorized to state that SIPC supports the relief requested in this Motion.

**NOTICE**

18. The Trustee has provided notice of the Motion in accordance with the Case Management Order entered in this proceeding. The Trustee submits that no other or further notice need be given.

**NO PRIOR RELIEF**

No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion in all respects, enter the proposed order attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 29, 2009

HUGHES HUBBARD & REED LLP

By: /s/ Robert W. Brundige, Jr.
    James B. Kobak, Jr.
    Robert W. Brundige, Jr.
    Christopher K. Kiplok
    Jeffrey S. Margolin
    One Battery Park Plaza
    New York, New York 10004
    Telephone: (212) 837-6000
    Facsimile: (212) 422-4726
    Email: kobak@hugheshubbard.com

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of the Business of Lehman Brothers Inc.

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>    LEHMAN BROTHERS INC.,<br><br>                              Debtor. | Case No. 08-01420 (JMP) SIPA |

**PROPOSED ORDER, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE, APPROVING AND AUTHORIZING
PROCEDURES TO UNWIND, CLOSE-OUT AND REDUCE TO
CASH RECEIVABLES OWED BY TRADING COUNTERPARTIES**

Upon the motion dated October 29, 2009 (the "Motion")[1] of James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI"), seeking entry of an order, pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code"), approving and authorizing procedures for the unwind, close-out and reducing to cash of Receivables owed by LBI Counterparties, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion is appropriate and in the best interests of the LBI Estate, its customers, its creditors, and all parties in interest; and the Court having

---

1. Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the following procedures are herby approved and established:

- With respect to any Receivable, the Trustee is authorized and has the full power and authority to resolve, fix and reduce to cash amounts owed by an LBI Counterparty to the LBI Estate (the "Payment Amount"), and the Payment Amount may incorporate setoffs solely to the extent that such setoff is permitted by applicable law.

    – With respect to Payment Amounts below $3,000,000.00, the Trustee may resolve and reduce to cash the Receivables without further Court order. The Trustee's interim reports to the Court, as required by section 78fff-1(c) of SIPA, and order of this Court dated November 7, 2008 (Docket No. 241), will include information regarding those Receivables collected by the LBI Estate in the period covered by such report.

    – With respect to Payment Amounts of $3,000,000.00 and above, the Trustee will henceforth prepare a stipulation and order (a "Court Stipulation") and seek Court approval by Notice of Presentment, in accordance with the Case Management Order entered in this proceeding (Docket No. 240).

- A Court Stipulation may address and permit the collateral, margin, securities or other property held by the LBI Counterparties or by the LBI Estate to be liquidated, returned or setoff with respect to any Receivable.

- In connection with any Court Stipulation the Trustee is authorized, but not required, to provide a release to the LBI Counterparties to the extent that the Trustee determines that a release is appropriate.

; and it is further

ORDERED that nothing in the Motion shall be deemed to be an admission of fact by the Debtor or Trustee, for any purposes whatsoever, concerning the Receivables or the purported resolution of any of the Receivables; and it is further

2

ORDERED that the Trustee is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate consensual resolutions pursuant to the procedures set forth in this Order; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Trustee, including, but not limited to, the right to seek further, other, or different relief regarding the Receivables pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein is deemed to be good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any agreement consummated pursuant to the procedures set forth in this Order; and it is further

ORDERED that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

ORDERED that any stay of this Order provided by the Bankruptcy Rules (including Bankruptcy Rule 6004) whether for ten (10) days or otherwise shall not be applicable

to this Order, and this Order shall be effective and enforceable immediately upon entry.

Dated: New York, New York
November ___, 2009

_____
HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE