CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
Howard R. Hawkins, Jr., Esq.
Ellen M. Halstead, Esq.

*Attorneys for Morgan Stanley Asset Management*
*and on behalf of its customer The Bank of Korea*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

     LEHMAN BROTHERS INC.,

               Debtor.

Case No. 08-01420 (JMP) SIPA

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

       The Bank of Korea (the "Customer"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Notice of Trustee's Determination of Claim dated October 2, 2009 with respect to the claim submitted by the Customer (the "Determination Notice"), and respectfully represents and sets forth as follows:

       1.        Customer objects to the Trustee's denial of Customer's proof of claim (Claim Number 800003054) (the "Claim", attached hereto as Exhibit A), relating to transactions that occurred prior to September 19, 2008 (the "Commencement Date").

       2.        The Claim relates to the forward purchase of certain mortgage-backed securities on a "to be announced" or TBA basis (a "TBA").

       3.        In a TBA trade, the seller and buyer agree, at the time of the trade, to the following:

the type of security to be purchased, which will usually be a certain type of asset backed security collateralized by pass through mortgages guaranteed by the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), or the Government National Mortgage Association ("Ginnie Mae");

the coupon or interest rate;

the face value (the total dollar amount of mortgage-backed securities to be acquired;

the price; and

the settlement date, which is typically later than three business days after the trade date.

4.      The specific mortgages that will be pooled to provide the collateral underlying the purchased mortgage-backed securities, however, will generally not be known until 48 hours before the settlement date.  In other words, the specific mortgages that make up the collateral pool are not known, at trade date but rather are "to be announced."[1]

5.      By any measure, the TBA market is substantial and has been characterized as "the most liquid, and consequently most important, secondary market for mortgage loans in the world." Securities Industry and Financial Markets Association, General Description of the TBA MBS Market, available at http://www.sifma.org/capital_markets/TBA-MBS.shtml.  In the year 2007 for example, the average *daily* trading volume of agency, that is Fannie Mae, Freddie Mac, and Ginnie Mae, mortgage-backed securities was $320.1 billion,[2] with much of this volume

---

[1] See a report issued by the Staff of the Securities and Exchange Commission, Department of the Treasury and the Office of Federal Housing Enterprise Oversight, which is entitled "A Staff Report of the Task Force on Mortgage-Backed Securities Disclosure" at text at note 35 - 39 (January 2003) (the "Staff Report on MBS Disclosure"), also available at http://www.sec.gov/news/studies/ mortgagebacked.htm#exec.

[2] Written Testimony of Thomas Hamilton, The Securities Industry and Financial Markets Association, before the House Committee on Financial Services, May 22, 2008, available at http://www.sifma.org/legislative/testimony/pdf/Hamilton-052208.pdf.

resulting from TBA trades.  See generally Frank J. Fabozzi, The Handbook of Mortgage-Backed Securities (6th ed., 2005).

**NET AMOUNT OWING TO CUSTOMER:        $27,953.12**

6.        The Customer's Claim relates to its purchase from the Debtor ("LBI") of pass through mortgage securities (the "Securities") on a to be announced basis, as follows:

> CUSIP number 02R0506A4, issued by Freddie Mac, for settlement on October 14, 2008;
>
> CUSIP number 01F0606A8, issued by Fannie Mae, for settlement on October 14, 2008; and
>
> CUSIP number 02R0606A9, issued by Freddie Mac, for settlement on October 14, 2008.

7.        Acting through its investment adviser, the Customer initially entered into TBA trades through which it purchased the Securities from LBI as dealer on the following dates: September 4 and September 5, 2008 (the "Purchase Transactions").  The Securities had face amounts of $5,800,000 for CUSIP number 02R0506A4, $10,000,000 for CUSIP number 01F0606A8, and $4,850,000 for CUSIP number 02R0606A9, and were purchased at prices of $5,615,125.00, $10,214,062.50, and $4,992,468.75 respectively.  Attached to the Claim are trade confirmations transmitted by Depository Trust Company on behalf of LBI that evidence the Purchase Transactions between LBI and Customer's investment adviser.  Also, attached to the Claim are screen shots that were printed by Customer's adviser and trade tickets from the adviser's internal records that reflect trade information and the allocation of the Purchase Transactions among the accounts of the adviser's clients, including the Customer, whose account is designated as account number 2260W.

8.        Acting again through its investment adviser, the Customer entered into a TBA trade through which it sold the Securities with CUSIP number 02R0606A9 to LBI as dealer

on September 18, 2008, at a price of $4,987,921.87 (the "Sale Transaction"). Attached to the Claim is a trade confirmation transmitted by DTC on behalf of LBI that evidences the Sale Transaction between LBI and Customer. Also, attached to the Claim is a screen shot that was printed by Customer's adviser and a trade ticket from the internal records that reflects trade information and the allocation of the Sale Transaction among the adviser's clients, including the Customer. As with the Purchase Transactions, the adviser's allocations to the Customer under the Sale Transaction are represented by account number 2260W. LBI acted as a dealer in the Purchase Transactions and Sale Transaction.

9. Acting again through its investment adviser, on September 26, 2008 the Customer terminated its Purchase Transactions with respect to the Securities with CUSIP numbers 02R0506A4 and 01F0606A8 and entered into TBA trades through which it purchased the same Securities from Goldman Sachs & Co. (USA) and Citigroup Global Markets Inc. respectively (the "Replacement Transactions"). The Replacement Transactions had face values equal to the relevant Purchase Transactions and net prices of $5,685,812.50 and $10,171,875.00 respectively. Attached to the Claim are trade confirmations transmitted by Depository Trust Company on behalf of Goldman Sachs & Co. (USA) and Citigroup Global Markets Inc. that evidence the Replacement Transactions between Goldman Sachs & Co. (USA), Citigroup Global Markets Inc. and Customer's investment adviser. Also, attached to the Claim are screen shots that were printed by Customer's adviser and trade tickets from the adviser's internal records that reflect trade information and the allocation of the Replacement Transactions among the accounts of the adviser's clients, including the Customer. As with the Purchase Transactions, the adviser's allocations to the Customer under the Replacement Transactions are represented by account number 2260W.

10.     As a result of the Sales Transaction and the resulting offsetting purchase and sale of the Securities with CUSIP number 02R0606A9, the Customer closed out its position in the Securities at a loss of $4,546.88.  This amount is the difference between the amount owed by Customer to LBI with respect to the Customer's purchase of the Securities from LBI ($4,992,468.75), and the amount owed by LBI with respect to LBI's re-purchase of the Securities from LBI ($4,987,921.87).   As a result of the Replacement Transactions and the resulting offsetting purchases of the Securities with CUSIP numbers 02R0506A4 and 01F0606A8, the Customer replaced its position in the Securities at a loss of $70,687.50 and a gain of $42,187.50 respectively.  The Sale Transaction and the Replacement Transactions resulted in a net payable from LBI to the Customer of $23,953.12 (the "Claimed Amount").  This amount is the sum of the amounts owed by LBI to the Customer with respect to the Sale Transaction and the Replacement Transactions.  The Claimed Amount was outstanding as of the Commencement Date and continues to be outstanding.

11.     Consistent with the bar date notice filed by the Trustee in this SIPA proceeding, the Customer submitted the Claim in the amount of $23,953.12 on January 30, 2009.

12.     Among other things, the Claim reserved the Customer's right to interest on the amount of its claim on and after the Commencement Date until paid in full and its contingent unliquidated claims against LBI (i.e., Customer's expenses and other costs resulting from LBI's failure to complete the transactions in question, that are not presently ascertainable).

13.     On October 2, 2009, the Trustee sent the Determination Notice denying the Customer's Claim for customer treatment pursuant to the Securities Investors Protection Act of 1970, as amended ("SIPA"), and noting that the Customer's Claim was not "eligible to share from the fund of customer property or SIPA cash advances."  Attached hereto as Exhibit B is a copy of the Determination Notice.

14.     The Customer objects to the above determination and the denial of its Claim as a customer claim and, accordingly, is timely filing this objection thereto.

### SUMMARY OF ARGUMENT

15.     SIPA provides for customer status to the extent a particular claim meets the requirements of Section 78lll(2) of the Act.  For purposes of SIPA, a claimant is eligible to share in the fund of customer property to the extent that its claim is defined as that of a "customer."

16.     Section 78lll(2) of SIPA defines the term "customer" to include "any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities account of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral, security, or for purposes of effecting transfer."   15 U.S.C. § 78lll(2).  Moreover, Section 78lll(2) specifies that "[t]he term 'customer' includes any person who has a claim against the debtor arising out of sales or conversions of such securities, . . ."

17.     A plain reading of the statute makes clear that the Securities underlying the Customer's Claim are securities within the meaning of Section 78lll(14) of SIPA.  See In re SSIW Corp., 7 B.R. 735, 737 (Bankr. S.D.N.Y. 1980) (holding that GNMA pass-through securities "clearly fall with the definition of "securities" in the [Bankruptcy Reform Act of 1978] since they partake of the essential ingredients of a note, bond or debenture.")  See also Abrams v. Oppenheimer Gov't Sec., Inc., 737 F.2d 582, 586-87 (7th Cir. 1984) (noting that "GNMA certificates are considered securities . . . pursuant to Section 2(1) of the 1933 Act [the Securities Exchange Act of 1933] and Section 3(a)(10) of the 1934 Act [the Securities Exchange Act of 1934], being a note . . . bond, [or] debenture. . . .")

18.     Moreover, there is nothing under the SIPA definition of "security" that would suggest any reason these instruments would not be treated as securities under SIPA.  The term "security" is defined broadly at Section 78lll(14) of SIPA to mean "any note, stock, treasury stock, bond, debenture, evidence of indebtedness, any collateral trust certificate, preorganization certificate or subscription, transferable share, . . . , certificate of deposit, certificate of deposit for a security, or any security future as that term is defined in section 78c(a)(55)(A) of this title, . . . , any put, call, straddle, option, or privilege on any security, or group or index of securities (including any interest therein or based on the value thereof), . . .  any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase or sell any of the foregoing, and any other instrument commonly known as a security."  11 U.S.C. § 78lll(14).

19.     Further, there is no doubt that LBI was acting in the "ordinary course of its business" as a "broker or dealer" from or for the "securities account" of the Customer.

20.     Thus, while the SIPC trustee did not provide a rationale for his finding that the Claim was not eligible for customer protection, the Determination Notice was presumably based on the Trustee's legal conclusion that assets underlying the Claim were *not* "received, acquired or held" for the Customer within the meaning of Section 78lll(2).

21.     Such a reading of the definition of customer is inconsistent with the statute, with the intent of Congress, with prior case law, and with prior positions of SIPC.

22.     As the Second Circuit has observed, in the legislative history of SIPA the term "'investors' is used synonymously with 'customers,' indicating that, in the eyes of Congress, the Act would protect capital markets by instilling confidence in securities traders." SIPC v. Morgan, Kennedy & Co., 533 F.2d 1314, 1317 (2d Cir. 1976).  The purpose of SIPA is "protection for investors if the broker-dealer with whom they are doing business encounters

financial troubles" H.R. Rep. No. 91-1613, at 1 (1970); <u>see also</u> S. Rep. No. 91-1218, at 4 (1970). Similarly, as noted by the Bankruptcy Court for the Southern District of New York, the "sole legislative statement addressed" to the definition of "customer" in the Bankruptcy Reform Act of 1978[3] "reveals that such descriptive term comprehends 'anybody that interacts with the debtor in a capacity that concerns securities transactions." <u>SSIW Corp.</u>, at 738. <u>See also</u>, <u>Cohen v. Army Moral Support Fund (In re Bevill, Bresler & Schulman Asset Mgmt. Corp.)</u>, 67 B.R. 557, 602 (D.N.J. 1986) ("SIPA was intended to protect <u>investors</u> who entered an established securities market by means of the services provided by a broker-dealer and who subsequently incurred losses as a result of the broker-dealer's failure." (<u>citing</u> H.R. Rep. No. 91-1613, (1970), <u>as reprinted in</u>, 3 U.S.C.C.A.N. 5255 (1970)).

23.     Against this background, the intent of Congress in defining "customer" as a person as to whom assets are "received, acquired, or held" was not to limit customers by excluding parties with unsettled trades, but merely to describe the condition that would cause an investor, interacting with a broker-dealer as such, to lose money or investments because of the insolvency of the broker-dealer. The Customer is clearly an investor in such a position.

24.     The Customer made an investment in securities through LBI as a dealer, which investment was reflected on LBI's books and records, as is plainly indicated by the trade confirmation transmitted by Depository Trust Company on behalf of LBI and attached to the Claim, which evidences this transaction between LBI and Customer's investment adviser. The Customer will lose the value of its investment if the Claim is not respected as a customer claim.

---

[3] Notably, the definition of "customer" in the Bankruptcy Reform Act of 1978 is substantially similar to Section 78lll(2) of SIPA.

25.     As courts have typically framed the issue, a "customer" is someone who has "entrusted" securities or cash with the debtor in connection with securities transactions and loses such property due to the debtor's insolvency.  See, e.g., SIPC v. Executive Sec. Corp., 556 F.2d 98, 99 (2d Cir. 1977).  Here the Customer has entrusted its investments in securities to LBI because it transacted with LBI as a dealer to access the securities market and acquire its interest in the Securities and was dependent on the solvency of LBI to receive the benefit of its securities transactions.  The Customer's securities investment was an asset of value that the Customer entrusted to LBI and which was, in fact, under the control of LBI, as is demonstrated by the fact that the Customer was able to direct LBI to close out the investment by entering into an offsetting TBA trade to sell the Securities, thereby converting the securities position on LBI's books to a cash position.

26.     Nor was the Customer a mere "creditor" of LBI.  Like any purchase of securities, the Securities purchased by Customer exposed the Customer to possible gain or loss from market movements in the purchased Securities, which reflected the larger fixed income credit markets and did not, as would be the case with a note, bond or other security issued by LBI, rise or fall in value based upon the creditworthiness of LBI.  In the final analysis, Customer's position at LBI with respect to the Securities cannot be distinguished from that of any other customer whose securities were held in an account at LBI.

27.     Both precedent and prior SIPC positions indicate that a claimant may be a "customer" with respect to unsettled positions, even where the customer has not delivered any cash or securities to the broker-dealer.  For example, in In re Adler Coleman Clearing Corp., 211 B.R. 486 (Bankr. S.D.N.Y. 1997), SIPC and the court took the view that a "RVP/DVP" customer was a "customer" for purposes of SIPA.  In that case, the debtor, Adler, cleared and settled trades for RCM, an investment adviser with discretionary authority to execute securities transactions

with Adler on behalf of its clients. All of RCM's security transactions cleared and settled through Adler were RVP/DVP, meaning that on settlement, RCM and Adler would arrange for the cash or securities obtained by Adler to be transferred to RCM's bank custodian versus payment (on a purchase) or delivery of the relevant securities (on a sale) by RCM through the bank custodian. RCM did not otherwise deliver any assets to Adler. Prior to the filing date, RCM purchased certain shares on behalf of its customers. The scheduled settlement date for those purchases was four days after the filing date. The SIPC trustee deemed RCM to be a customer of Adler with a net equity claim rather than open securities contracts. The court agreed with this proposition without argument, stating flatly that "RCM, on behalf of its customers, was Adler Coleman's customer" and that "upon commencement of the SIPA liquidation proceeding, RCM no longer had a right to the securities in its account, but rather RCM had a claim against a fund of customer property, including the securities in its accounts, to be distributed to customers based on their respective net equity." Id. at 496. See also In re Investors Ctr., Inc., 129 B.R. 339, 350-51 (Bankr. E.D.N.Y. 1991) (claimants treated as customers where market maker purported to execute trades for customer accounts that had been moved to another broker-dealer).

28. The courts have consistently held that a claimant's SIPA rights with respect to trades executed or cleared by a broker-dealer are fixed on trade date rather than settlement date. See, e.g., Murray v. McGraw (In re Bell & Beckwith), 821 F.2d 333 (6th Cir. 1987); SIPC v. Morgan, Kennedy & Co., No. 73 CV 1057, 1977 U.S. Dist. LEXIS 17382 (S.D.N.Y. Feb. 14, 1977); In re: Investors Center Inc., 129 B.R. 339 (Bankr. E.D.N.Y. 1991); SEC v. Aberdeen Sec. Co., Inc., 480 F.2d 1121 (3d Cir. 1973). As stated by the court in Bell & Beckwith, "the concern of the drafters [of SIPA] was in part to assure customers that their rights in the debtor's estate would be fixed and easily discoverable as of the filing date." 821 F.2d at 338. Moreover, the court reasoned, the customer protection function of SIPA dictates that trades

ordered before the filing date be either completed or closed-out in order to preserve, to the extent possible, the benefit of the bargains made.

29.     Indeed, because customer positions are fungible and held in bulk in accordance with Rule 15c3-3 under the Securities Exchange Act of 1934, it would be difficult or impossible to determine where the security in question is actually delivered to the broker-dealer and therefore can safely be said to have been "received, acquired, or held" by the broker-dealer. In light of how positions are traded and handled, any such distinction is largely, if not entirely, without substance. Moreover, as proceeds of the Sale Transaction would be a free credit in Customer's account at LBI, in accordance with Rule 15c3-3, LBI should have treated this amount as a credit to LBI's special reserve bank account for the exclusive benefit of its customers. This would have the effect of increasing the amount deposited in such reserve formula, which amounts are held for the protection of customers and available to the SIPC Trustee for customer claims under SIPA.

30.     Treating the Customer as a customer is also consistent with the expectations of the parties. There was no notice provided in the documentation that was supplied to the Customer, or anywhere else in the standard documentation related to TBAs, that informed Customer that it would not be a "customer" for purposes of SIPA or otherwise. This stands in marked contrast to other markets, such as the repurchase market and securities lending, where the industry standard master agreements provide that the counterparty is not a "customer" for purposes of SIPA—and in fact the Securities and Exchange Commission requires such disclosure. It is difficult to see why the Securities and Exchange Commission would not require a similar warning to investors buying TBAs that they were not "customers" under SIPA, if that were in fact the case.

31.     For all of these reasons, LBI should be deemed to have "received, acquired, or held" Customer's position in the Securities for purposes of Section 78lll(2) of SIPA. Accordingly, the Claim should be allowed as a customer claim for purposes of SIPA.

## **NO PRIOR RELIEF**

32.     The relief requested by the Customer in this Objection has not been sought previously in this or any other court.

## **RESERVATION OF RIGHTS**

33.     The Customer reserves all rights with respect to the claims asserted herein. The Customer further reserves all rights to file an amended objection and/or reply.

Dated:  New York, NY
        October 30, 2009

CADWALADER, WICKERSHAM & TAFT LLP

By: /s/ *Howard R. Hawkins, Jr.*
    Howard R. Hawkins, Jr., Esq.
    Ellen M. Halstead, Esq.
    1 World Financial Center
    New York, NY  10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666
    Howard.Hawkins@cwt.com
    Ellen.Halstead@cwt.com

*Attorneys for Morgan Stanley Asset Management
and on behalf of its customer The Bank of Korea*

# **EXHIBIT A**

# ANNEX TO CUSTOMER CLAIM FORM

## LEHMAN BROTHERS INC.

### FOR

**ACCOUNT NAME: The Bank of Korea – 2260W**

\*        \*        \*        \*        \*

## PART I  –  BACKGROUND INFORMATION

This document is an annex (the "Annex") to the Customer Claim Form (the "Customer Claim Form") of The Bank of Korea (the "Customer") that is being filed with James W. Giddens (the "Trustee") in his capacity, and pursuant to his appointment in connection with the proceeding described in the immediately following paragraph, as the trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI").

As described on the Customer Claim Form to which this Annex relates and as set forth in further detail herein, Customer is the holder of claims (the "Claims") against LBI that arose prior to the issuance on September 19, 2008 of an order (the "Order") by the United States District Court for the Southern District of New York granting the application of the Securities Investor Protection Corporation ("SIPC") for issuance of a protective decree adjudicating that the customers of LBI are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA").   The liquidation has been referred to and is now being administered under the auspices of United States Bankruptcy Judge James M. Peck.

THIS ANNEX CONSTITUTES A PART OF THE CUSTOMER CLAIM FORM AND IS INCORPORATED THEREIN BY REFERENCE.  Copies of certain supporting documents are attached hereto and are also incorporated by reference to the Customer Claim Form.

## PART II  –  INFORMATION RELATING TO  ITEM 1(a) OF THE CUSTOMER CLAIM FORM

As reflected in response to *Item 1(a)* of the accompanying Customer Claim Form, and as reflected more fully in this Part II below, LBI owes Customer not less than **$23,953.12**.  Such claim is in addition to any additional claim that Customer may have for interest on the amount of its claim on and after September 19, 2008 and until paid in full plus contingent unliquidated

claims, *i.e.*, Customer's expenses and other costs resulting from LBI's failure to complete the transactions in question, that are not presently ascertainable.

Without limiting the generality of the foregoing and as described more fully below, the amounts reflected in response to Item 1(a) relate to certain purchase or sales of securities that were entered into prior to the date of the Order but remained outstanding as of the date of the Order (the "Outstanding Transactions").  Each of the Outstanding Transactions is described below together with any offsetting purchases and sales, or sales and purchases, with LBI ("Paired Transactions"), and, in accordance with the Protocol Regarding Lehman Brothers Inc. Outstanding Securities and Commodities Transactions, dated September 26, 2008, any transactions undertaken to terminate, replace, or otherwise close out any outstanding transaction with LBI (a "Replacement Transaction").

Outstanding Transactions.  Customer entered into three Outstanding Transactions with LBI, which is described in more detail below.

    **(a)**       **CUSIP 02R0506A4**

      (i) On September 4, 2008, the Customer bought TBAs with CUSIP number 02R0506A4 having a face value of  $5,800,000 at a net price of $5,615,125 for settlement on October 14, 2008. On the same day the Claimant bought additional TBAs with the same CUSIP number with the same face value at the same net price.  Attached hereto as Exhibit I are the trade confirmations generated by DTC that evidences the trade between LBI and Customer's investment adviser.  Also, attached at Exhibit I is a screen shot that was printed by Customer's adviser and a trade ticket from the adviser's Fixed Income Trading System, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer.  Note that the adviser's allocations to the Customer are represented by account number 2260W.

      (ii) On September 26, 2008 the Customer entered into a replacement trade with Goldman Sachs & Co. (USA) for securities with the same CUSIP number having a face value equal to the original transaction described above at a net price of $5,685,812.50.  Attached hereto at Exhibit II is the termination notice as delivered to LBI and the Trustee dated September 29, 2008, with the replacement trade indicated on Schedule A thereto (with all other customer information being redacted).  Also attached at Exhibit II is a trade confirmation generated by DTC that evidences the trade between  the Customer and Goldman Sachs & Co. (USA).

      (iii) LBI owes Customer $70,687.50 in connection with the Outstanding Transaction related to CUSIP 02R0506A4, which represents the difference between the purchase price on the Replacement Transaction and the original purchase price on the Outstanding Transaction.

    **(b)**       **CUSIP 01F0606A8.**

      (i) On September 5, 2008, the Customer bought TBAs with CUSIP number 01F0606A8 having a face value of  $1,000,000 at a net price of $1,014,375 for settlement on October 14, 2008. On September 8, 2008, the Customer bought additional TBAs with

the same CUSIP number having a face value of $9,000,000 at a net price of $9,199,687.50. Attached hereto as Exhibit III are trade confirmations generated by DTC evidencing the trade between LBI and Customer's investment adviser. Also, attached at Exhibit III are screen shots printed by Customer's adviser and trade tickets from the adviser's Fixed Income Trading System, which reflect trade information and the allocation of trades among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2260W.

(ii) On September 26, 2008 the Customer entered into a replacement trade with Citigroup Global Markets for securities with the same CUSIP number having the face value of $10,000,000 at a net price of $10,171,875. Attached hereto at Exhibit IV is the termination notice as delivered to LBI and the Trustee dated September 29, 2008, with the replacement trades indicated on Schedule A thereto (with all other customer information being redacted). Also attached at Exhibit IV is trade confirmation generated by DTC evidencing the trades between the Customer and Citigroup Global Markets.

(iii) Customer owes LBI $42,187.50 in connection with the Outstanding Transaction related to CUSIP 01F0606A8, which represents the difference between the purchase price on the Replacement Transaction and the original purchase price on the Outstanding Transaction.

**(c)       CUSIP 02R0606A9**

(i) On September 5, 2008, the Customer bought TBAs with CUSIP number 02R0606A9 having a face value of $4,850,000 at a net price of $4,992,468.75 for settlement on October 14, 2008. Attached hereto as Exhibit V is the trade confirmation generated by DTC that evidences the trade between LBI and Customer's investment adviser. Also, attached at Exhibit V is a screen shot that was printed by Customer's adviser and a trade ticket from the adviser's Fixed Income Trading System, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2260W.

(ii) On September 18, 2008 the Customer the Customer sold TBAs with the same CUSIP number with the same face value at a net price of $4,987,921.87. Attached hereto as Exhibit VI is a trade confirmation generated by DTC that evidences the trade between LBI and Customer's investment adviser. Also, attached at Exhibit VI is a screen shot that was printed by Customer's adviser and a trade ticket from the adviser's Fixed Income Trading System, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2260W.

(iii) Customer owes LBI $4546.88 in connection with the Outstanding Transaction related to CUSIP 02R0606A9, which represents of the unpaid difference between the sale price and the purchase price for the Outstanding Transaction.

<u>Total Amount Owing to Customer</u>.   LBI owes Customer **$23,953.12** in connection with the Outstanding Transactions described above

## PART III  –  MISCELLANEOUS

1.      Claims for Interest, Fees, Costs, etc.

Without limiting the foregoing, the Customer reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Customer Claim Form), that exist or arise as of or after the date of the filing of the Customer Claim Form, whether prior to, on or subsequent to the Order, in the case to the extent and/or as may be permitted, provided and/or contemplated in the supporting documentation and under applicable law.

2.      Secured Claim

The Claims of the Customer against LBI for amounts due and owing as of the Order are unsecured claims to the extent of the deficiency following the exercise by Customer of the rights of setoff that they may have against LBI.   The Customer hereby asserts the and all rights of setoff it may have in respect of the Claims, including, without limitation, the right to setoff its Claims against the claims that LBI (or the successor, assignee or person claiming through LBI) may assert against them.

3.      Credits

The amount of all payments on the Claims has been credited and deducted for purposes of making the Customer Claim Form.

4.      Reservation of Rights

 In filing the Customer Claim Form, the Customer expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against LBI.   This description and classification of claims by the Customer is not a concession or admission as to the correct characterization or treatment of the such claims or a waiver of the rights of such Customer.   Furthermore, the Customer expressly reserves all rights to amend, modify and/or supplement the Customer Claim Form in the respect, including, without limitation, with respect to the filing of an amended Customer Claim Form for the purpose of fixing and liquidating the contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

The Customer Claim Form is filed without prejudice to the filing by the Customer of additional proofs of claim or requests for payment with respect to the other indebtedness, liability or

obligation of LBI.  A Customer does not, by this Claim or the amendment or other action, waive the rights with respect to the scheduled claim.

By filing the Customer Claim Form, the Customer does not waive the rights under the Bankruptcy Code or SIPA and any rules thereunder.

In executing and filing this claim, the Customer does not submit to the jurisdiction of the Bankruptcy Court for the purpose other than with respect to this claim against LBI and does not waive or release:  (a) rights and remedies against the other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of LBI, an assignee, guarantor or otherwise, (b) the obligation owed to it, or the right to the security that may be determined to be held by the one of them or for its or their benefit, (c) the past, present or future defaults (or events of default) by LBI or others, or (d) the right to the subordination, in favor of the Customer, of indebtedness or liens held by other creditors of LBI.  The filing of the Customer Claim Form is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

Nothing contained in the Customer Claim Form nor the subsequent appearance, pleading, claim or suit is intended to be a waiver or release of:  (i) the right of the Customer to have final orders in non-core matters entered only after <u>de novo</u> review by a district court judge; (ii) the right of the Customer to a jury trial in the proceeding so triable herein or, in the case, the controversy or proceeding related hereto; (iii) the right of the Customer to have the reference withdrawn by the United States District Court for the Southern District of New York in the matter subject to mandatory or discretionary withdrawal; (iv) the right of the Customer to have the unliquidated portions of its claim determined by applicable state courts; or (v) the other rights, claims, actions, defenses, setoffs or recoupments to which the Customer is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

## PART IV  –  INFORMATION RELATED TO AUTHORITY OF SIGNATORY

The Customer Claim Form has been submitted on Customer's behalf by Cadwalader, Wickersham & Taft LLP, attorney for Customer's investment adviser.  Customer has given adviser the discretionary authority to manage and control the assets of the Customer covered by the Customer Claim Form, which authority includes the power to acquire and dispose of such assets and to act as Customer's agent and attorney-in-fact in connection therewith and to execute waivers, consents and other instruments with respect to such assets and to endorse, transfer or deliver such assets.

Exhibit I

```
DTC INELIGIBLE CONFIRMATION          MSAM      PAGE     9591 TRADE NO 0000000000      INTL ID 94F6HJ0          SUETER ACCT
TO    73215  MORGAN STANLEY INVEST MGMT FI TRADI    01/02/09 SEC CODE 02R0506A4       REL REF                 TRD TYPE 01
FROM    00636 LEHMAN BROTHERS INC.                            SEC NAME                                        POSSIBLE DUP
DTC BKR  0636 LEHMAN BROTHERS INC.
B/D INT ACCT  AGT INT ACCT AGT ID    ROLE  MKT  ACCT TYPE   SIDE  OPT EXP DATE       REC DATE                 EFF DATE
0435580       189354       93034     PRIN  OTH  OTHER       BUY   ISSUE DATE         DEL DATE                 EFF TIME
CUSIP/DES    02R0506A4    TRADE DATE 09/04/08 SETTLEMENT 10/14/08  POOL NO           MSG ID                   LOT ID
GOLD PC 30 YEAR - FNLMC      06/00/00  5.0000 T0810
ORDER NO:      STAT: IP   CONF 09/04 CANC 10/16                    CURR FACE         0.00000  YIELD                TERM        0
                                                                  ORG TRD PAR    5800000.00  GOOD DEL MM        0

CONF #        94F6HJ2-5993 FIRST INTERESTED PARTY:      00000     NO OF POOLS     0         NO OF DAYS ACCR INT        0
QTY             5,800,000                                         SERVICE TYPE              OPTION TYPE
PRICE           96.812500                                         INT RATE   0.00000        MATURITY DATE
NET PRICE        0.000000
PRINC         5,615,125.00                                        SPECS 1 .                 SPECS 9
RG/SHP             0.00                                           SPECS 2                   SPECS 10
INT                0.00 SECOND INTERESTED PARTY:  NBS00000        SPECS 3                   SPECS 11
TAXES              0.00                                           SPECS 4                   SPECS 12
COMM               0.00                                           SPECS 5                   SPECS 13
OTHER              0.00                                           SPECS 6                   SPECS 14
NT AMT        5,615,125.00                                        SPECS 7                   SPECS 15
CONTROL #     111020030 AFFIRM BY 7:30 PM EST 10/16/08            SPECS 8                   SPECS 16
U S. DOLLAR
```

Reference # : 990402

| Type: | Buy | Cusip: | 02R0506A4 | Symbol: | JLC3383A |
|---|---|---|---|---|---|

ISIN: | Sedol: | Trader: ADAMME

Execution: | 9/4/2008 10:08 AM
Last Update: | 9/4/2008 4:14 PM
Status: | CONFIRMED

Name: FHLMC TBA 5.000 01OCT2038 FWD 14OCT2008

Trade Date: 9/4/2008 | Settle Date: 10/14/2008 | Accrued Days: 0 | Delivery Date: | Pool Delivery: N

Broker: Lehman Brothers, USA VCT

New Underwriting: 10F3: | Reason: Best Execution | Turnover:

Current Face: 521,968,000 | Currency: USD | Implied Credit: N | ETS: None | Bank Letter: ✓

Original: 521,968,000 | FX USD/USD: 1.0 | Yield: | Bad Factor: .00 | Coupon: 5

Price: 96-26 | Settle Curr: USD | Spread: | IRS: 5.57

Factor: 1.000000000 | FX USD/USD: 1.0 | OAS: | Duration: 6.35

Commission: | Swap Action: | Benchmark: | F2 Return:

Swap Unwind Fee: | Unwind Fee Settle Date: | Trd WebID:

Comment: | Unwind Fee Currency:

Ops Comment: tw/jkw

| Inv. Group | Mnemonic | Port ID | Post To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AA | BOK | 2260W | 2260W | 6,800,000 | 6,800,000.00 | 5,615,125.00 | 0.00 | 0.00 | 0.00 | 5,615,125.00 | 0.96 | 0.05 | 0.51 |
| BA | DF | 10W | 10W | 3,750,000 | 3,750,000.00 | 3,630,468.75 | 0.00 | 0.00 | 0.00 | 3,630,468.75 | 1.81 | 0.10 | -0.46 |
| BA | F2 | 315W | 315W | 6,300,000 | 6,300,000.00 | 6,099,187.50 | 0.00 | 0.00 | 0.00 | 6,099,187.50 | 1.74 | 0.10 | 2.46 |
| BA | WBP | 946W | 946W | 18,100,000 | 18,100,000.00 | 17,523,062.50 | 0.00 | 0.00 | 0.00 | 17,523,062.50 | 2.99 | 0.17 | 1.55 |
| BA | VER | 1178W | 1178W | 1,600,000 | 1,600,000.00 | 1,549,000.00 | 0.00 | 0.00 | 0.00 | 1,549,000.00 | 1.38 | 0.08 | 8.07 |
| BA | NAB | 1402W | 1402W | 3,800,000 | 3,800,000.00 | 3,678,875.00 | 0.00 | 0.00 | 0.00 | 3,678,875.00 | 4.69 | 0.08 | -0.74 |
| BA | FP | 9W | 9W | 30,100,000 | 30,100,000.00 | 29,140,562.50 | 0.00 | 0.00 | 0.00 | 29,140,562.50 | 1.66 | 0.09 | -0.66 |
| CA | NIF | 99W | 99W | 1,493,000 | 1,493,000.00 | 1,445,410.63 | 0.00 | 0.00 | 0.00 | 1,445,410.63 | 1.11 | 0.06 | 1.73 |
| CA | MFI | 1104W | 1104W | 8,200,000 | 8,200,000.00 | 7,938,625.00 | 0.00 | 0.00 | 0.00 | 7,938,625.00 | 1.41 | 0.08 | 14.52 |
| CA | PFN | 1707W | 1707W | 725,000 | 725,000.00 | 701,890.63 | 0.00 | 0.00 | 0.00 | 701,890.63 | 2.44 | 0.14 | 0.22 |
| CA | VCP | 2439W | 2439W | 2,350,000 | 2,350,000.00 | 2,275,093.75 | 0.00 | 0.00 | 0.00 | 2,275,093.75 | 0.84 | 0.05 | 3.63 |
| CO | NWD | 1775W | 1775W | 1,700,000 | 1,700,000.00 | 1,645,812.50 | 0.00 | 0.00 | 0.00 | 1,645,812.50 | 0.91 | 0.05 | -0.41 |
| CO | AMF | 898W | 898W | 17,225,000 | 17,225,000.00 | 16,675,953.13 | 0.00 | 0.00 | 0.00 | 16,675,953.13 | 1.49 | 0.08 | 0.46 |
| CY | FAM | 2438W | 2438W | 150,000 | 150,000.00 | 145,218.75 | 0.00 | 0.00 | 0.00 | 145,218.75 | 0.29 | 0.08 | 9.01 |
| CY | IGM | 2492W | 2492W | 16,775,000 | 16,775,000.00 | 16,240,296.88 | 0.00 | 0.00 | 0.00 | 16,240,296.88 | 1.83 | 0.10 | -0.08 |
| G | GST | 1850W | 1850W | 57,575,000 | 57,575,000.00 | 55,739,796.88 | 0.00 | 0.00 | 0.00 | 55,739,796.88 | 3.24 | 0.18 | 10.95 |
| G | VGB | 1971W | 1971W | 28,975,000 | 28,975,000.00 | 28,051,421.88 | 0.00 | 0.00 | 0.00 | 28,051,421.88 | 2.71 | 0.19 | 24.35 |

| « | » | Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | Window | Print | Help | AXEt |

myBESTX €0

*Trade Account Breakdown*

Security: PCGLD 30Yr 5.000 Oct       Trade Date: 09/04/08       Company: Morgan Stanley Inv.
CUSIP: 02R0506A4      Dealer: LEH       Settlement: 10/14/08       Customer: Diane Madera
Trade#: 671       Quantity: 577,168       Price: 96-26       Sent

| C | B/S: BUY | Account: | | | | (dec) | 96.81250000 USD | LOOKUP | SEND | CLEAR |

| | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2260W | = | 1.0049 | 5,800 | 5,615,125.00 | | 5,615,125.00 | Y | |
| 2 | 10W | = | 0.6497 | 3,750 | 3,630,468.75 | | 3,630,468.75 | Y | |
| 3 | 109W | = | 1.9318 | 11,150 | 10,794,593.75 | | 10,794,593.75 | Y | |
| 4 | 315W | = | 1.0915 | 6,300 | 6,099,187.50 | | 6,099,187.50 | Y | |
| 5 | 946W | = | 3.1360 | 18,100 | 17,523,062.50 | | 17,523,062.50 | Y | |
| 6 | 1178W | = | 0.2772 | 1,600 | 1,549,000.00 | | 1,549,000.00 | Y | |
| 7 | 1402W | = | 0.6584 | 3,800 | 3,678,875.00 | | 3,678,875.00 | Y | |
| 8 | 9W | = | 5.2151 | 30,100 | 29,140,562.50 | | 29,140,562.50 | Y | |
| 9 | 99W | = | 0.2587 | 1,493 | 1,445,410.63 | | 1,445,410.63 | Y | |
| 10 | 993W | = | 4.5221 | 26,100 | 25,268,062.50 | | 25,268,062.50 | Y | |
| 11 | 1104W | = | 1.4207 | 8,200 | 7,938,625.00 | | 7,938,625.00 | Y | |
| 12 | 1707W | = | 0.1256 | 725 | 701,890.63 | | 701,890.63 | Y | |
| | | | 00.0000 | 577,168 | 558,770,770.04 | 0 | 558,770,770.04 | | |

| Detail | Tran | Brkdn | Account | Msg Brkdn | PasteClipboard | 1/3 | Pg Up | Pg Dn |

Up
ALL
AXE
Dn

Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:11:50 PM

Exhibit II

```
DTC INELIGIBLE CONFIRMATION              MSAM       PAGE    10004 TRADE NO               INTL ID              SUBTER ACCT
TO       70215  MORGAN STANLEY INVEST MGNT FI TRADI     01/03/09 SEC CODE               REL REF              TRD TYPE 81
FROM     00005  GOLDMAN SACHS AND COMPANY                        SEC NAME                                    POSSIBLE DUP
DTC NO:  2601  BNY/ITC-DEALERS CLEARANCE GENERAL
B/O INT ACCT   AGT INT ACCT AGT ID    ROLE  NET  ACCT TYPE  SIDE   OPT EXP DATE         REC DATE             EFF DATE 20080926
00:754514      189254       93034     PRIN OTC  CASH       BUY    ISSUE DATE 20081001   DEL DATE 20081014    RPN TIMR
CUSIP/DES      90R0506A4    TRADE DATE 09/26/08 SETTLEMENT 10/14/08 POOL NO              MSG ID               LOT ID
TBA FNLMC 30-Yr GOLD (AO-A9,B7C8,D0-D9)
ORDER NO:      STAT: 1P   CONF 09/26 CANC 10/09                   CURR FACE    5,800,000.00000  YIELD                 TERM       0
                                                                 ORG TRD PAR  5800000.00       GOOD DEL 9%       0

CONF #     0926005572701 FIRST INTERESTED PARTY:     00000       NO OF POOLS       0             NO OF DAYS ACCR INT       0
QTY        5,800,000                                             SERVICE TYPE                    OPTION TYPE
PRICE      98.031250                                             INT RATE    0.00000             MATURITY DATE
NET PRICE  98.031250
PRINC      5,685,812.50                                          SPECS 1                         SPECS 9
RO/SHP          0.00                                             SPECS 2                         SPECS 10
INT             0.00 SECOND INTERESTED PARTY:  ABS00000          SPECS 3                         SPECS 11
TAXES           0.00                                             SPECS 4                         SPECS 12
COMM            0.00                                             SPECS 5                         SPECS 13
OTHER           0.00                                             SPECS 6                         SPECS 14
NT AMT     5,685,812.50                                          SPECS 7                         SPECS 15
CONTROL #:     569394252  AFFIRM BY 7:30 PM EST 10/09/08         SPECS 8                         SPECS 16
U.S. DOLLAR
```

# FORM OF NOTICE OF TERMINATION OF TBA TRADES

September 29, 2008

**Via E-Mail**

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:        Deirdre Dunn
                  Jack Fondacaro
E-Mail Address:  deirdre.dunn@lehman.com
                  jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

    Morgan Stanley Investment Management Inc., on behalf of its advisory clients noted in Schedule A, has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

    Morgan Stanley Investment Management Inc. hereby gives notice that each Lehman TBA Trade set forth in Schedule A attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

    If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is noted in Schedule A.

    The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A will set forth the gain or loss for each terminated Lehman TBA Trade.

Morgan Stanley Investment Management Inc.        Receipt acknowledged by SIPC Trustee

By: _____                   By: _____
Name: Chris Corrad                                   Name:
Title: Executive Director                            Title:

## Schedule A

Use this schedule if Market Participant has entered into replacement trades.

Full Legal Name of Market Participant:   Morgan Stanley Investment Management Inc., on behalf of the following advisory clients

Name of Firm:   Morgan Stanley Investment Management Inc.

Today's Date:   September 28, 2008

| | | | Information Regarding Lehman TBA Trades to be Terminated | | | | | | Information Regarding Replacement Trades | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Portfolio Name | Background Participant | Buy or Sell | Original Face | Issue | TBA Coupon | Trade Date | Settlement Date | Trade Price | Current Price | Current Face | Counterparty | Original Face | TBA Coupon | Trade Date | Settlement Date | Original Trade Price | Counterparty Dealer Agreed to Replacement Trade |

| Portfolio Name | Buy or Sell? | Original Price | Issue | TBA CUSIP | Trade Date | Settlement Date | Current Price | RBS Securities Outstanding | Counterparty | Original Price | Issue | TBA CUSIP | Trade Date | Settlement Date | Current Price | Principal (Price x Market Value) | Gain (or Loss) Experienced by Participant |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GNMA | Buy | 56000000 | FNLMC 5 | 02FB00044 | 9/4/2008 | 10/14/2008 | 98.4125 | $(5,815,125.00) (USD) | Goldman Sachs & Co. | 56000000 | FNLMC 5 | 02FB00044 | 9/26/2008 | 10/14/2008 | 98.03125 | 5,608,812.50 | -70,687.50 |



Exhibit III

```
DTC INELIGIBLE CONFIRMATION              MSAM    PAGE    3995 TRADE NO 0000000000    INTL ID 9504J00         SUBTER ACCT
TO      73215  MORGAN STANLEY INVEST MGMT FI TRAD1  01/02/09  SEC CODE 01F0606A8     REL REF                TRD TYPE 01
FRUM    U0636  LEHMAN BROTHERS INC.                           SEC NAME                                      POSSIBLE DUP
UTC BKR  0636  LEHMAN BROTHERS INC.
D/U INT ACCT  AGT INT ACCT AGT ID    ROLE  MKT  ACCT TYPE    SIDE  OPT EXP DATE       REC DATE               EFF DATE
9435580       169354       93034    PRIN OTH OTHER           BUY   ISSUE DATE         DEL DATE               EFN TIME
CUSIP/DES     01F0606A8    TRADE DATE 09/05/08 SETTLEMENT 10/14/08    POOL NO         MSG ID                 LOT ID
FRMA SF 30 YEAR              00/00/00  6.0000 T0810
ORDER NO:       STAT: IP   CONF 09/05 CANC 10/16                      CURR FACE          0.00000  YIELD                 TERM    0
                                                                      ORG TRD PAR    1000000.00  GOOD DEL 101   0

CONF #      9504J02-4633 FIRST INTERESTED PARTY:       00000         NO OF POOLS     0           NO OF DAYS ACCR INT    0
QTY          1,000,000                                               SERVICE TYPE                OPTION TYPE
PRICE      101.437500                                                INT RATE  0.00000           MATURITY DATE
NET PRICE    0.000000
PRINC      1,014,375.00                                              SPECS 1 .                   SPECS 9
BG/SBP         0.00                                                  SPECS 2                     SPECS 10
INT            0.00 SECOND INTERESTED PARTY:  MBS00000               SPECS 3                     SPECS 11
TAXES          0.00                                                  SPECS 4                     SPECS 12
COMM           0.00                                                  SPECS 5                     SPECS 13
OTHER          0.00                                                  SPECS 6                     SPECS 14
NT AMT     1,014,375.00                                              SPECS 7                     SPECS 15
CONTROL #      651686278  AFFIRM BY 7:30 PM EST 10/16/08             SPECS 8                     SPECS 16
U.S. DOLLAR
```

Reference # : 990943

**Type:** Buy  **Cusip:** 01F0606A8  **Symbol:** FYQ3463A  **Execution:** 9/5/2008 10:42 AM

**ISIN:**  **Sedol:**  **Trader:** ADAMME  **Last Update:** 9/5/2008 5:27 PM

**Name:** FNMA TBA 6.000 01OCT2038 FWD 14OCT2008  **Status:** CONFIRMED

**Trade Date:** 9/5/2008  **Settle Date:** 10/14/2008  **Accrued Days:** 0  **Delivery Date:** TBA  **Pool Delivery:** N

**Broker:** xLehman Brothers, USA VCT  **Reason:** Best Execution  **ETS:** None  **Turnover:** N

| | | 10F3: | | | | Bank Letter: |
|---|---|---|---|---|---|---|

**Current Face:** 36,200,000  **New Underwriting:** N  **Implied Credit:** N  **Bad Factor:** .00  **Coupon:** 6

**Original:** 36,200,000  **Currency:** USD  **Yield:**  **IRS:**  **Duration:** 3.28

**Price:** 101-14  **FX USD/USD:** 1.0  **Spread:**  **Duration:** 4.03

**Factor:** 1.000000000  **Settle Curr:** USD  **OAS:**  **F2 Return:**

**Commission:**  **FX USD/USD:** 1.0  **Benchmark:**

**Swap Action:**  **Trd WebID:** j510

**Swap Unwind Fee:**  **Unwind Fee Currency:**

**Comment:**  **Unwind Fee Settle Date:**

**Ops Comment:**

| Inv. Group | Mnemonic | Port ID | Post To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AA | BOK | 2260W | 2260W | 1,000,000 | 1,000,000.00 | 1,014,375.00 | 0.00 | 0.00 | 0.00 | 1,014,375.00 | 0.17 | 0.01 | 0.36 |
| CA | MFI | 110AW | 110AW | 19,000,000 | 19,000,000.00 | 19,273,125.00 | 0.00 | 0.00 | 0.00 | 19,273,125.00 | 3.28 | 0.11 | 2.69 |
| CA | VCP | 2439W | 2439W | 16,200,000 | 16,200,000.00 | 16,432,875.00 | 0.00 | 0.00 | 0.00 | 16,432,875.00 | 6.04 | 0.20 | 2.65 |
| | | | | 36,200,000 | 36,200,000.00 | 36,720,375.00 | 0.00 | 0.00 | 0.00 | 36,720,375.00 | | | |

2260

| « | » | Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | Window | Print | Help | AXEit |

myBESTX €0

*Trade Account Breakdown*

Security: FNMA 30Yr 6.000 Oct     Trade Date: 09/05/08     Company: Morgan Stanley Inv.
    CUSIP: 01F0606A8     Dealer: LEH     Settlement: 10/14/08     Customer: Diane Madera
    Trade#: 510     Quantity: 36,200     Price: 101-14

C  B/S: BUY  Account:      (dec) 101.43750000 USD  LOOKUP  SEND  CLEAR

Sent

| | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1104W | = | 52.486 | 19,000 | 19,273,125.00 | | 19,273,125.00 | Y | |
| 2 | 2260W | = | 2.762 | 1,000 | 1,014,375.00 | | 1,014,375.00 | Y | |
| 3 | 2439W | = | 44.751 | 16,200 | 16,432,875.00 | | 16,432,875.00 | Y | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 0.000 | 0 | | | | | |
| | | | 100.000 | 36,200 | 36,720,375 | 0 | 36,720,375 | | |

| Detail | Tran | Brkdn | Account | Msg Brkdn | | PasteClipboard | 1/1 | Pg Up | Pg Dn |

Up
ALL
AXE
Dn

Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:27:50 PM

3

```
DTC INELIGIBLE CONFIRMATION
TO     73215  MORGAN STANLEY INVEST MGMT FI TRADI   MSAM      PAGE      10001  TRADE NO 0000000000
FROM   00636  LEHMAN BROTHERS INC.                            01/02/09  SEC CODE 01F0606A8    INTL ID 98MXREO
DTC BRR 0636  LEHMAN BROTHERS INC.                                      SEC NAME              REL REP
B/D INT ACCT  AGT INT ACCT AGT ID   ROLE  MKT  ACCT TYPE   SIDE  OPT EXP DATE
0435580                  189354     93034  PRIN OTH OTHER   BUY   ISSUE DATE        REC DATE
CUSIP/DES  01F0606A8   TRADE DATE 09/08/08 SETTLEMENT 10/14/08  POOL NO            DEL DATE
FNMA SF 30 YEAR          00/00/00  6.0000 70810                                    MSG ID
ORDER NO:      STAT: IP  CONF 09/08 CANC 10/16
                                                              CURR FACE               0.00000  YIELD
CONF #      98NRME2-1290 FIRST INTERESTED PARTY:     00000   ORG TRD PAR    9000000.00         GOOD DEL HR       0          TERM      0
QTY          9,000,000                                       NO OF POOLS      0
PRICE        107.218750                                      SERVICE TYPE                       NO OF DAYS ACCR INT      0
NET PRICE    0.000000                                        INT RATE  0.00000                  OPTION TYPE
PRINC        9,199,687.50                                                                       MATURITY DATE
MG/SHP       0.00
INT          0.00 SECOND INTERESTED PARTY:   MBSO0000        SPECS 1 .
TAXES        0.00                                            SPECS 2            SPECS 9
COMM         0.00                                            SPECS 3            SPECS 10
OTHER        0.00                                            SPECS 4            SPECS 11
INT AMT      9,199,687.50                                    SPECS 5            SEICS 12
CONTROL #    111187743  AFFIRM BY 7:30 PM EST 10/16/08       SPECS 6            SPECS 13
U.S. DOLLAR                                                  SPECS 7            SPECS 14
                                                            SPECS 8            SPECS 15
                                                                               SPECS 16

INTL ID 98MXREO                    SUBTHR ACCT
REL REP                            TRD TYPE 01
                                   POSSIBLE DUP
                                   EFF DATE
                                   EFF TIME
                                   LOT ID
```

**Reference #: 991455**

Type: Buy    Cusip: 01F0606A8    Symbol: FYQ3463A    Execution: 9/8/2008 4:55 PM

ISIN:    Sedol:    Trader: ADAMME    Last Update: 9/8/2008 5:58 PM

Name: FNMA TBA 6.000 01OCT2038 FWD 14OCT2008    Status: CONFIRMED

Trade Date: 9/8/2008    Settle Date: 14OCT2008    Accrued Days: 0

Broker: Lehman Brothers, USA VCT

|  |  |  |  |
|---|---|---|---|
| Current Face: 9,000,000 | New Underwriting: 10F3: | Reason: Best Execution | Delivery Date: TBA |
| Original: 9,000,000 | Currency: USD | Implied Credit: N | Pool Delivery: |
| Price: 102-07 | FX USD/USD: 1.0 | Yield: | ETS: None    Bank Letter: ✓ |
| Factor: 1.000000000 | Settle Curr: USD | Spread: | Turnover: N |
| Commission: | FX USD/USD: 1.0 | OAS: | Bad Factor: Coupon: 6 |
| Swap Unwind Fee: | Swap Action: | Benchmark: | IRS: 3.38 |
| Comment: | | Trd WebID: | Duration: 4.03 |
| | Unwind Fee Settle Date: | Unwind Fee Currency: | F2 Return: |

Ops Comment: rmt-TW

| Inv. Group | Mnemonic | Port ID | Post To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AA | BOK | 2260W | 2260W | 9,000,000 | 9,000,000.00 | 9,199,687.50 | 0.00 | 0.00 | 0.00 | 9,199,687.50 | 1.58 | 0.05 | 0.36 |
| | | | | 9,000,000 | 9,000,000.00 | 9,199,687.50 | 0.00 | 0.00 | 0.00 | 9,199,687.50 | | | |

(TBA Runoff and Replacement) B | 2260

| « | » | Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | Window | Print | Help | AXEit |

myBESTX €0

*Trade Account Breakdown*

Security: FNMA 30Yr 6.000 Oct          Trade Date: 09/08/08        Company: Morgan Stanley Inv.
   CUSIP: 01F0606A8      Dealer: LEH     Settlement: 10/14/08       Customer: Diane Madera
   Trade#: 826        Quantity: 9,000              Price: 102-07              Sent

C  B/S: BUY  Account:                          (dec) 102.21875000 USD LOOKUP  SEND  CLEAR

| | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2260W | = | 100.00 | 9,000 | 9,199,687.50 | | 9,199,687.50 | Y | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 0.00 | 0 | | | | | |
| | | | 100.00 | 9,000 | 9,199,687.5 | 0 | 9,199,687.5 | | |

| Detail | Tran | Brkdn | Account | Msg Brkdn | | PasteClipboard | 1/1 | Pg Up | Pg Dn |

Up
ALL
AXE
Dn

Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:27:01 PM

Exhibit IV

```
DTC INELIGIBLE CONFIRMATION          MSAM      PAGE    10052  TRADE NO              INTL ID                  SUBTER ACCT
TO      73215  MORGAN STANLEY INVEST MGMT FI TRADI    01/02/09  SEC CODE           REL REF                  TRD TYPE 01
FROM     00274  CITIGROUP GLOBAL MARKETS INC.                   SEC NAME                                    POSSIBLE DUP
DTC BKR  0274  CITIGROUP GLOBAL MARKETS INC.
B/D INT ACCT   AGT INT ACCT AGT ID    ROLE  MKT  ACCT TYPE   SIDE  OPT EXP DATE    REC DATE                 EFF DATE
12442745       189354       93034    PRIN  OTC   CASH        BUY   ISSUE DATE      DEL DATE                 EFN TIME
CUSIP/DES    01F0606A9    TRADE DATE 09/26/08 SETTLEMENT 10/14/08  POOL NO         MSG ID                   LOT ID
FNMA 6.00 TBA OCT 6.0000000
ORDER NO:         STAT: 1P   CONF 09/29                           CURR FACE          0.00000  YIELD              TERM    0
                                                                 ORG TRD PAR   0.00           GOOD DEL 10#       0

CONF #     0929704DB001 FIRST INTERESTED PARTY:    00000          NO OF POOLS   0              NO OF DAYS ACCR INT    0
QTY          10,000,000                                           SERVICE TYPE                 OPTION TYPE
PRICE        101.718750                                           INT RATE  0.00000            MATURITY DATE
NET PRICE    101.718750
PRINC     10,171,875.00                                           SPECS 1 .                    SPECS 9
RG/SHP          0.00                                              SPECS 2                      SPECS 10
INT             0.00 SECOND INTERESTED PARTY:  MBS00000           SPECS 3                      SPECS 11
TAXES           0.00                                             SPECS 4                      SPECS 12
COMM            0.00                                             SPECS 5                      SPECS 13
OTHER           0.00                                             SPECS 6                      SPECS 14
NT AMT     10,171,875.00                                          SPECS 7                      SPECS 15
CONTROL #    544845759  AFFIRM BY 7:30 PM EST 09/29/08            SPECS 8                      SPECS 16
U.S. DOLLAR

MILLE BKBA                      ONE TOWER BRIDGE
C/O MILLER, ANDERSON &          WEST CONSHOCKEN PA 19428
SHERREKD                        A/O MKT MKR
ATTN ACCT DOCUMENTATION
```

# FORM OF NOTICE OF TERMINATION OF TBA TRADES

September 29, 2008

Via E-Mail

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:      Deirdre Dunn
                Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

Morgan Stanley Investment Management Inc., on behalf of its advisory clients noted in Schedule A, has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

Morgan Stanley Investment Management Inc. hereby gives notice that each Lehman TBA Trade set forth in Schedule A attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is noted in Schedule A.

The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A will set forth the gain or loss for each terminated Lehman TBA Trade.

Morgan Stanley Investment Management Inc.                Receipt acknowledged by SIPC Trustee

By: _____                             By: _____
Name: Chris Corrao                                          Name:
Title: Executive Director                                    Title:

# Schedule A

Use this schedule if Market Participant **has** entered into replacement trades.

Full Legal Name of Market Participant:   Morgan Stanley Investment Management Inc., on behalf of the following advisory clients

Name of Firm:   Morgan Stanley Investment Management Inc.

Today's Date:   September 29, 2008

| Information Regarding Lehman TBA Trades to be Terminated | | | | | | | | | | | | Information Regarding Replacement Trades | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Counterparty Name | Duration/ Participant | Original Face | Issuer | TBA Coupon | Trade Date | Settlement Date | Trade Price | Current Face | | | | Financing Rate | Original Face | Issuer | TBA Coupon | Trade Date | Settlement Date | Trade Price | Current Face | Date (mm/dd/yyyy) Replacement Market Participant |

| Bid Rate / Participant | | CUSIP number | Trade Date | Settlement Date | Trade Price | Current Spec / Counterparty | Original Par / Base | FNMA CUSIP | Trade Date | Settlement Date | Trade Price | Principal (Price x Current Face) | Gain (or Loss) Experienced by Market Participant |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BMA | Buy | 10000000 FNMA 6 | 01FG606A8 | 8/9/2006 | 10/14/2006 | 101.4375 | 1,674,375.00 Citigroup Global Markets | 1000000 FNMA 6 | 01FG606A8 | 9/26/2006 | 10/22/2006 | 101.71875 | 1,017,187.50 | 3,813.50 |
| BMAK | Buy | 9000000 FNMA 6 | 01FG606A8 | 8/9/2006 | 10/14/2006 | 102.21375 | -5,150,067.50 Citigroup Global Markets | 9000000 FNMA 6 | 01FG606A8 | 9/26/2006 | 10/22/2006 | 101.71875 | 9,154,687.50 | 45,000.00 |
| | | | | | | | | | | | | | -3,535,997.81 |

Exhibit V

DTC INELIGIBLE CONFIRMATION                 MSAM          PAGE
TO        73215  MORGAN STANLEY INVEST MGMT FI TRADI            9998 TRADE NO 0000000000       INTL ID 9505UA0
FROM      00636  LEHMAN BROTHERS INC.                     01/02/09 SEC CODE 02R0626A9          REL REF              SUBTER ACCT
DTC BKR   0636   LEHMAN BROTHERS INC.                              SEC NAME                                         TRD TYPE 01
B/D INT ACCT   AGT INT ACCT AGT ID    ROLE  NET  ACCT TYPE   SIDE  OPT EXP DATE       REC DATE                      POSSIBLE DUP
0435580        189354       93034     PRIN  OTH  OTHER       BUY   ISSUE DATE         DEL DATE
COSIP/DES  02R0626A9       TRADE DATE 09/05/08 SETTLEMENT 10/14/08  POOL NO           MSO ID                        EFF DATE
GOLD PC 30 YEAR - FHLMC    00/00/00  6.5000 T0810                                                                   EFN TIME
ORDER NO:      STAT: IP   CONF 09/05 CANC 10/16                                                                     LOT ID
                                                                 CURR FACE         0.00000  YIELD                               TERM    0
                                                                 ORG TRD PAR    4850000.00   GOOD DEL MN    0
CONF #      9505UA2-5294 FIRST INTERESTED PARTY:     00000
QTY             4,850,000                                         NO OF POOLS       0                    NO OF DAYS ACCR INT    0
PRICE         102.937500                                          SERVICE TYPE                           OPTION TYPE
NET PRICE       0.000000                                          INT RATE   0.00000                     MATURITY DATE
PRINC       4,992,468.75
PG/SHP            0.00                                            SPECS 1                                SPECS 9
INT               0.00  SECOND INTERESTED PARTY:  MBS00000        SPECS 2                                SPECS 10
TAXES             0.00                                            SPECS 3                                SPECS 11
COMM              0.00                                            SPECS 4                                SPECS 12
OTHER             0.00                                            SPECS 5                                SPECS 13
NET AMT     4,992,468.75                                          SPECS 6                                SPECS 14
CONTROL #    111106084  AFFIRM BY 7:30 PM EST 10/16/08            SPECS 7                                SPECS 15
U.S  DOLLAR                                                       SPECS 8                                SPECS 16

Reference # . J90863

| Type: | Buy | Cusip: | 02R0626A9 | Symbol: | VLE8984A | Execution: | 9/5/2008 8:54 AM |
| ISIN: | | Sedol: | | Trader: | ADAMME | Last Update: | 9/5/2008 5:37 PM |
| | | | | | | Status: | CONFIRMED |

Name: FHLMC TBA 6.500 01OCT2038 FWD 14OCT2008

Trade Date: 9/5/2008   Settle Date: 10/14/2008   Accrued Days: 0   Delivery Date: TBA

Broker: xLehman Brothers, USA VCT

10F3:
Reason: 0

| | | Implied Best Execution | | ETS: None | Pool Delivery: N |
|---|---|---|---|---|---|
| Current Face: | 100,386,000 | New Underwriting: N | Credit: 0 | Bad Factor: .00   Coupon: 6.5 | Turnover: |
| Original: | 100,386,000 | Currency: N | Yield: | IRS: 2.74 | Bank Letter: ✓ |
| Price: | 102-30 | FX USD/USD: 1.0   USD | Spread: | Duration: 3.33 | |
| Factor: | 1.0000000000 | Settle Curr: USD | OAS: | F2 Return: | |
| Commission: | | FX USD/USD: 1.0   USD | Benchmark: | | |
| Swap Unwind Fee: | | Swap Action: | Trd WebID: | | |
| Comment: | | Unwind Fee Settle Date: | Unwind Fee Currency: | | |

Ops Comment: tw/jkw

| Inv. Group | Mnemonic | Port ID | Post To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AA | BOK | 2260W | 2260W | 4,850,000 | 4,850,000.00 | 4,992,468.75 | 0.00 | | 0.00 | 4,992,468.75 | 0.85 | 0.02 | 0.51 |
| BA | WAG | 196W | 196W | 2,050,000 | 2,050,000.00 | 2,110,218.75 | 0.00 | | 0.00 | 2,110,218.75 | 0.94 | 0.03 | 0.93 |
| BA | F2 | 315W | 315W | 4,100,000 | 4,100,000.00 | 4,220,437.50 | 0.00 | | 0.00 | 4,220,437.50 | 1.20 | 0.03 | 2.23 |
| BA | WBP | 946W | 946W | 1,650,000 | 1,650,000.00 | 1,698,468.75 | 0.00 | | 0.00 | 1,698,468.75 | 0.29 | 0.01 | 1.39 |
| BA | VER | 1178W | 1178W | 850,000 | 850,000.00 | 874,968.75 | 0.00 | | 0.00 | 874,968.75 | 0.78 | 0.02 | 8.05 |
| CA | MFI | 1104W | 1104W | 3,475,000 | 3,475,000.00 | 3,577,078.12 | 0.00 | | 0.00 | 3,577,078.13 | 0.63 | 0.02 | 14.25 |
| CO | OIT | 1875W | 1875W | 675,000 | 675,000.00 | 694,828.13 | 0.00 | | 0.00 | 694,828.13 | 0.45 | 0.02 | 7.86 |
| G | VGB | 1971W | 1971W | 13,650,000 | 13,650,000.00 | 14,050,968.75 | 0.00 | | 0.00 | 14,050,968.75 | 1.35 | 0.04 | 24.29 |
| G | VKG | 1984W | 1984W | 1,750,000 | 1,750,000.00 | 1,801,406.25 | 0.00 | | 0.00 | 1,801,406.25 | 0.69 | 0.02 | 25.82 |
| J | CAK | 1625W | 1625W | 3,050,000 | 3,050,000.00 | 3,139,593.75 | 0.00 | | 0.00 | 3,139,593.75 | 1.15 | 0.03 | -2.74 |
| J | HTD | 2453W | 2453W | 10,350,000 | 10,350,000.00 | 10,654,031.25 | 0.00 | | 0.00 | 10,654,031.25 | 1.94 | 0.05 | 9.20 |
| J | MMM | 2486W | 2486W | 2,050,000 | 2,050,000.00 | 2,110,218.75 | 0.00 | | 0.00 | 2,110,218.75 | 5.94 | 0.16 | 10.24 |
| JB | HTD | 1798W | 1798W | 1,425,000 | 1,425,000.00 | 1,466,859.38 | 0.00 | | 0.00 | 1,466,859.38 | 0.67 | 0.02 | -0.37 |
| JB | HFP | 2109W | 2109W | 10,700,000 | 10,700,000.00 | 11,014,312.50 | 0.00 | | 0.00 | 11,014,312.50 | 1.10 | 0.03 | 0.81 |
| M | BOC | 2372W | 2372W | 450,000 | 450,000.00 | 463,218.75 | 0.00 | | 0.00 | 463,218.75 | 0.43 | 0.01 | 5.56 |
| ZF | KPL | 2192W | 2192W | 5,375,000 | 5,375,000.00 | 5,532,890.63 | 0.00 | | 0.00 | 5,532,890.63 | 0.80 | 0.02 | 36.19 |
| ZL | SMW | 846W | 846W | 382,000 | 382,000.00 | 393,221.25 | 0.00 | | 0.00 | 393,221.25 | 0.72 | 0.02 | 0.00 |

| « | » | Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | Window | Print | Help | AXEit |

myBESTX €0

*Trade Account Breakdown*

Security: PCGLD 30Yr 6.500 Oct       Trade Date: 09/05/08      Company: Morgan Stanley Inv.
    CUSIP: 02R0626A9       Dealer: LEH      Settlement: 10/14/08      Customer: Diane Madera
Trade#: 508            Quantity: 141,737         Price: 102-30              Sent
[C]  B/S: BUY  [.]Account:              (dec) 102.93750000 USD LOOKUP  SEND  CLEAR

|   | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2260W | = | 3.4218 | 4,850 | 4,992,468.75 | | 4,992,468.75 | Y | |
| 2 | 109W | = | 3.6335 | 5,150 | 5,301,281.25 | | 5,301,281.25 | Y | |
| 3 | 196W | = | 1.4463 | 2,050 | 2,110,218.75 | | 2,110,218.75 | Y | |
| 4 | 315W | = | 2.8927 | 4,100 | 4,220,437.50 | | 4,220,437.50 | Y | |
| 5 | 846W | = | 0.2695 | 382 | 393,221.25 | | 393,221.25 | Y | |
| 6 | 946W | = | 1.1641 | 1,650 | 1,698,468.75 | | 1,698,468.75 | Y | |
| 7 | 1178W | = | 0.5997 | 850 | 874,968.75 | | 874,968.75 | Y | |
| 8 | 2192W | = | 3.7922 | 5,375 | 5,532,890.63 | | 5,532,890.63 | Y | |
| 9 | 1104W | = | 2.4517 | 3,475 | 3,577,078.13 | | 3,577,078.13 | Y | |
| 10 | 2366W | = | 0.4762 | 675 | 694,828.13 | | 694,828.13 | Y | |
| 11 | 1971W | = | 9.6305 | 13,650 | 14,050,968.75 | | 14,050,968.75 | Y | |
| 12 | 1984W | = | 1.2347 | 1,750 | 1,801,406.25 | | 1,801,406.25 | Y | |
| | | | 00.0000 | 141,737 | 145,900,524.41 | 0 | 145,900,524.41 | | |

| Detail | Tran | Brkdn | Account | Msg Brkdn | | PasteClipboard | 1/3 | Pg Up | Pg Dn |

Up
ALL
AXE
Dn

Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:20:08 PM

**EXHIBIT VI**

```
DTC INELIGIBLE CONFIRMATION        MSAM      PAGE    10004 TRADE NO 0000000000    INTL ID 9IUPAG0        SUBTER ACCT
TO      73215  MORGAN STANLEY INVEST MGMT FI TRADI  01/02/09 SEC CODE 02R0626A9    REL REF                TRD TYPE 01
FROM    00636  LEHMAN BROTHERS INC.                          SEC NAME                                     POSSIBLE DUP
DTC BNR 0636  LEHMAN BROTHERS INC.
B/D INT ACCT  AGT INT ACCT AGT ID    ROLE  MKT  ACCT TYPE   SIDE  OPT EXP DATE     REC DATE               EFF DATE
0435500       169354       93030     PRIN  OTN  OTHER       SELL  ISSUE DATE       DEL DATE               EPN TIME
CUSIP/DFS     02R0626A9    TRADE DATE 09/18/08 SETTLEMENT 10/14/08 POOL NO          MSG ID                 LOT ID
GOLD PC 30 YEAR - FNLMC       06/00/00  6.5000 T0810
ORDER NO:      STAT: IP     CONF 09/18 CARC 10/16                  CURR FACE         0.00000 YIELD                TERM    0
                                                                  ORG TRD PAR     4850000.00  GOOD DEL MM      0

CONF #       9IUPAG2-2313 FIRST INTERESTED PARTY:      00000     NO OF POOLS     0         NO OF DAYS ACCR INT      0
QTY          4,850,000                                           SERVICE TYPE              OPTION TYPE
PRICE        102.843750                                          INT RATE   0.00000        MATURITY DATE
NET PRICE    0.000000
PRINC        4,987,921.88                                        SPECS 1  .                SPECS 9
BG/SHP       0.00                                                SPECS 2                   SPECS 10
INT          0.00 SECOND INTERESTED PARTY:  M2S00000             SPECS 3                   SPECS 11
TAXES        0.00                                                SPECS 4                   SPECS 12
COMM         0.00                                                SPECS 5                   SPECS 13
OTHER        0.00                                                SPECS 6                   SPECS 14
NT ANT       4,987,921.88                                        SPECS 7                   SPECS 15
CONTROL #     112023970  AFFIRM BY 7:39 PM EST 10/16/08          SPECS 8                   SPECS 16
U.S. DOLLAR
```

Reference #: 997180

| Type: | Sell | Cusip: | 02R0626A9 | Symbol: | VLE8984A | | Execution: | 9/18/2008 11:37 AM |
|---|---|---|---|---|---|---|---|---|

ISIN: | Sedol: | Trader: | ADAMME | Last Update: | 9/18/2008 12:10 PM

Status: | CONFIRMED

Name: FHLMC TBA 6.500 01OCT2038 FWD 14OCT2008

Trade Date: 9/18/2008  Settle Date: 10/14/2008  Accrued Days: 0  Delivery Date: TBA  Pool Delivery: N

Broker: xLehman Brothers, USA VCT  Reason: N  ETS: None  Turnover: ✓

10F3: N  Best Execution  Bad Factor: .00  Coupon: 6.5  Bank Letter: ✓

Current Face: 141,062,000  New Underwriting:  Implied Credit: 0.00  IRS: 2.34

Original: 141,062,000  Currency: USD  Yield: 2.55  Duration: 2.55

Price: 102-27  FX USD/USD: 1.0  Spread:

Factor: 1.0000000000  Settle Curr: USD  OAS:  F2 Return:

Commission:  FX USD/USD: 1.0  Benchmark:

Swap Action:  Trd WebID:

Swap Unwind Fee:  Unwind Fee Currency:

Comment:

Ops Comment: tw/jkw

| Inv. Group | Mnemonic | Port ID | Post To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AA | BOK | 2260W | 2260W | 4,850,000 | 4,850,000.00 | 4,987,921.87 | 0.00 | | 0.00 | 4,987,921.87 | 0.85 | -0.02 | 0.51 |
| BA | WAG | 196W | 196W | 2,050,000 | 2,050,000.00 | 2,108,296.88 | 0.00 | | 0.00 | 2,108,296.88 | 0.94 | -0.02 | 0.93 |
| BA | F2 | 315W | 315W | 4,100,000 | 4,100,000.00 | 4,216,593.75 | 0.00 | | 0.00 | 4,216,593.75 | 1.23 | -0.03 | 2.61 |
| BA | WBP | 946W | 946W | 1,650,000 | 1,650,000.00 | 1,696,921.88 | 0.00 | | 0.00 | 1,696,921.88 | 0.29 | -0.01 | 1.54 |
| BA | VER | 1178W | 1178W | 850,000 | 850,000.00 | 874,171.87 | 0.00 | | 0.00 | 874,171.88 | 0.78 | -0.02 | 8.06 |
| CA | MFI | 1104W | 1104W | 3,475,000 | 3,475,000.00 | 3,573,820.31 | 0.00 | | 0.00 | 3,573,820.31 | 0.64 | -0.01 | 14.56 |
| CY | IGM | 2492W | 2492W | 3,550,000 | 3,550,000.00 | 3,650,953.12 | 0.00 | | 0.00 | 3,650,953.13 | 0.45 | -0.01 | 0.10 |
| G | VGB | 1971W | 1971W | 13,650,000 | 13,650,000.00 | 14,038,171.87 | 0.00 | | 0.00 | 14,038,171.88 | 1.34 | -0.03 | 24.04 |
| G | VKG | 1984W | 1984W | 5,500,000 | 5,500,000.00 | 5,656,406.25 | 0.00 | | 0.00 | 5,656,406.25 | 2.12 | -0.05 | 25.44 |
| J | C4K | 1625W | 1625W | 3,050,000 | 3,050,000.00 | 3,136,734.37 | 0.00 | | 0.00 | 3,136,734.39 | 1.14 | -0.03 | -2.72 |
| J | HTD | 2453W | 2453W | 10,350,000 | 10,350,000.00 | 10,644,328.12 | 0.00 | | 0.00 | 10,644,328.12 | 1.92 | -0.05 | 9.13 |
| J | MMM | 2486W | 2486W | 2,050,000 | 2,050,000.00 | 2,108,296.88 | 0.00 | | 0.00 | 2,108,296.88 | 5.89 | -0.14 | 10.16 |
| JB | HTD | 1798W | 1798W | 5,175,000 | 5,175,000.00 | 5,322,164.06 | 0.00 | | 0.00 | 5,322,164.06 | 2.47 | -0.06 | -0.24 |
| JB | HFP | 2109W | 2109W | 10,700,000 | 10,700,000.00 | 11,004,281.25 | 0.00 | | 0.00 | 11,004,281.25 | 1.10 | -0.03 | 0.88 |
| M | JIB | 1231W | 1231W | 950,000 | 950,000.00 | 977,015.62 | 0.00 | | 0.00 | 977,015.63 | 1.48 | -0.03 | 1.99 |
| M | BOC | 2372W | 2372W | 3,950,000 | 3,950,000.00 | 4,062,328.12 | 0.00 | | 0.00 | 4,062,328.13 | 3.67 | -0.08 | 5.49 |
| ZC | CWT | 52W | 52W | 5,400,000 | 5,400,000.00 | 5,553,562.50 | 0.00 | | 0.00 | 5,553,562.50 | 3.10 | -0.07 | 15.51 |



| « | » | Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | | Window | Print | Help | AXEt |

myBESTX €0

*Trade Account Breakdown*

Security: PCGLD 30Yr 6.500 Oct        Trade Date: 09/18/08      Company: Morgan Stanley Inv.
   CUSIP: 02R0626A9     Dealer: LEH        Settlement: 10/14/08    Customer: Diane Madera
Trade#: 2        Quantity: 141,062           Price: 102-27          Sent

C   B/S: SELL  Account:                     (dec) 102.84375000 USD LOOKUP  SEND  CLEAR

|   | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2260W | = | 3.4382 | 4,850 | 4,987,921.88 | | 4,987,921.88 | Y | |
| 2 | 109W | = | 3.6509 | 5,150 | 5,296,453.13 | | 5,296,453.13 | Y | |
| 3 | 196W | = | 1.4533 | 2,050 | 2,108,296.88 | | 2,108,296.88 | Y | |
| 4 | 315W | = | 2.9065 | 4,100 | 4,216,593.75 | | 4,216,593.75 | Y | |
| 5 | 846W | = | 0.2708 | 382 | 392,863.13 | | 392,863.13 | Y | |
| 6 | 946W | = | 1.1697 | 1,650 | 1,696,921.88 | | 1,696,921.88 | Y | |
| 7 | 1178W | = | 0.6026 | 850 | 874,171.88 | | 874,171.88 | Y | |
| 8 | 2192W | = | 3.8104 | 5,375 | 5,527,851.56 | | 5,527,851.56 | Y | |
| 9 | 993W | = | 5.7074 | 8,051 | 8,279,950.31 | | 8,279,950.31 | Y | |
| 10 | 1104W | = | 2.4635 | 3,475 | 3,573,820.31 | | 3,573,820.31 | Y | |
| 11 | 2492W | = | 2.5166 | 3,550 | 3,650,953.13 | | 3,650,953.13 | Y | |
| 12 | 1971W | = | 9.6766 | 13,650 | 14,038,171.88 | | 14,038,171.88 | Y | |
| | | | 00.0000 | 141,062 | 145,073,450.68 | 0 | 145,073,450.68 | | |

| Detail | Tran | Brkdn | Account | Msg Brkdn | | PasteClipboard | 1/3 | Pg Up | Pg Dn |

Up
ALL
AXE
Dn

Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:21:17 PM

# **<u>EXHIBIT B</u>**

James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

*In re* Lehman Brothers Inc.

Case No. 08-01420 (JMP) SIPA

NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 2, 2009

VIA UPS OVERNIGHT

THE BANK OF KOREA
DAVID BRECK
MORGAN STANLEY INVESTMENT MANAGEMENT
ONE TOWER BRIDGE
100 FRONT STREET, SUITE 400
WEST CONSHOHOCKEN, PA 19428

Re: Claim Number(s): 800003054
Account Number(s): 2260W

Dear Claimant:

### PLEASE READ THIS NOTICE CAREFULLY

The liquidation of the business of Lehman Brothers Inc. ("LBI") is being conducted by James W. Giddens, Trustee (the "Trustee") under the Securities Investor Protection Act of 1970, as amended ("SIPA") pursuant to an order entered on September 19, 2008 by the United States District Court for the Southern District of New York. You have submitted the above-referenced claim(s) (the "Claim") as a customer claim in this proceeding. This Notice is applicable only to the claim(s) and/or accounts identified above. If you filed other claims, additional notices will be issued.

The Trustee has made the following determination regarding your Claim:

Your claim for customer treatment of cash and/or securities under the SIPA is DENIED. The cash and/or securities that you claimed are not customer property pursuant to SIPA. As such, your claim is not entitled to treatment as a customer claim eligible to share from the fund of customer property or SIPA cash advances.

Although the Trustee has denied your claim for customer treatment under SIPA, he is converting your claim to a general creditor claim on the Debtor's estate, similar to a claim in an ordinary bankruptcy case. No determination is being made as to the validity or allowed amount of the claim at this time. After the determination of customer claims, the Trustee will address all general creditor claims and you will receive a further notification as to the Trustee's determination of your general creditor claim.

With respect to the determination of your claim as a general creditor claim, you do not need to take any further action at this time. The Trustee will send you a further notification once he has made a determination of your claim as a general creditor claim.

**PLEASE TAKE NOTICE:** If you disagree with the determination that your claim is Denied as a customer claim and desire a hearing before Bankruptcy Judge James M. Peck, you MUST file your written opposition, setting forth (i) the claim number; (ii) a detailed statement of the reasons for your objection to the Trustee's determination; (iii) copies of any document or other writing upon which you rely; and (iv) mailing, phone, and email contact information, with the United States Bankruptcy Court and the Trustee within THIRTY DAYS of the date of this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must file your opposition in accordance with the above procedure electronically with the Court on the docket of *In re* Lehman Brothers Inc., Case No. 08-01420 (JMP) SIPA in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format.

If you do not have means to file your opposition electronically, you may mail your opposition to:

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**PLEASE TAKE FURTHER NOTICE:** You must serve your opposition upon the Trustee's counsel by mailing a copy to:

> Hughes Hubbard & Reed LLP
> One Battery Park Plaza
> New York, NY 10004
> Attn: LBI Hearing Request
>
> Attorneys for James W. Giddens, Trustee for
> the SIPA Liquidation of Lehman Brothers Inc.

> Very Truly Yours,

> James W. Giddens
> Trustee for the SIPA Liquidation of
> Lehman Brothers Inc.