KLESTADT & WINTERS, LLP
John E. Jureller, Jr.
292 Madison Avenue, 17th Floor
New York, New York 10017
Tel: (212) 972-3000
Fax: (212) 972-2245

Attorneys for *Fisher Investments*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
In re:                                                         :    Case No. 08-01420 (JMP)(SIPA)
LEHMAN BROTHERS, INC.,                                         :
                                                               :
                                        Debtor.                :
                                                               :
---------------------------------------------------------------X

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Fisher Investments ("Claimant" or "FI"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Notice of Trustee's Determination of Claim (the "Notice"), dated October 30, 2009. Specifically, the SIPA Trustee (the "Trustee") determined that Claimant's claim is not entitled to treatment as a customer claim under the Securities Investor Protection Act of 1970, as amended ("SIPA")(the "Determination"). In support of this Objection, Claimant states as follows:

1.  Claimant is an investment adviser registered with the Securities and Exchange Commission ("SEC").

2.  In managing the assets of its clients on a discretionary basis, Claimant selects broker-dealers through which to execute securities transactions on behalf of its clients' accounts. In selecting such broker-dealers and seeking best execution, Claimant takes into consideration a variety of factors, which may include without limitation: prices, rates of brokerage commissions, execution capability, research provided, transaction size, difficulty of execution, operational facilities of the broker-dealers, risk in positioning a block of securities, quality of the overall brokerage and research services provided, and the clients' custodian.

3.  Specifically, as permitted by Section 28(e) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), Claimant placed certain client trades through Lehman Brothers Inc. ("LBI") for commissions that may have been in excess of the commissions another broker-dealer would have charged, on the basis that Claimant determined in good faith that such commissions were reasonable in relation to the value of the research services to be provided by LBI and in the best interest of its clients in terms of Claimant's

overall responsibility to its clients. Such research services were to be provided by LBI with the "soft dollar" balances ("Research Balances") generated by commissions paid by Claimant's clients.

4. On or about January 21, 2009, Claimant duly and timely filed its Customer Claim Form as against LBI in the SIPA proceeding, asserting a claim in the sum of $513,158 based upon the Research Balances held as "customer property" by LBI (the "Claim"). Attached as Exhibit A is a copy of Claimant's original Customer Claim under SIPA with respect to the Research Balances (Claim No. 900001539, Account No. 589).

5. By the Notice dated October 30, 2009, the Trustee now seeks to deny customer treatment for the Claim based upon the argument that the Claim is not "customer property" pursuant to SIPA. A copy of the Notice is attached hereto as Exhibit B.

6. As set forth more fully herein, it is respectfully requested that the Trustee's Determination be overruled and the Claim be allowed as a "customer claim" in an amount of $513,158 in the LBI SIPA proceeding.

7. In addition to the Research Balances being paid for by Claimant's clients and entrusted to LBI for the benefit of Claimant and its clients as set forth above, LBI specifically took various steps in structuring its soft dollar commission program so the Research Balances would be considered customer property rather than LBI firm property.

8. Specifically, under LBI's soft dollar commission program, LBI set aside cash (out of commissions paid to it by Claimant's clients) to be used to provide research services to Claimant. In addition:

   a. LBI recorded the Research Balances on its books and records as money entrusted to it by Claimant;

   b. LBI treated Research Balances as money owed to customers in calculating the amount of cash it was required to reserve pursuant to Rule 15c3-3 under the Exchange Act;

   c. LBI could cause the Research Balances to be used only at the direction of Claimant;

   d. LBI provided written assurances that Research Balances would be treated as customer property;

   e. LBI issued statements to Claimant showing the amount of Research Balances available to Claimant (see Statement dated August 2008 attached hereto as Exhibit C);

   f. LBI would have allowed Claimant, on request, to transfer the Research Balances from LBI to other broker-dealers to obtain research services for the benefit of Claimant and its clients;

2

    g.    LBI would have allowed Claimant, on request, to withdraw Research Balances in the form of cash where the trade commissions that generated the Research Balances were specifically attributable to those clients' accounts.

9. The term "customer property" is defined in §78lll(4) of SIPA as "cash and securities (except customer name securities delivered to the customer) at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted. The term "customer property" includes—

> (A) securities held as property of the debtor to the extent that the inability of the debtor to meet its obligations to customers for their net equity claims based on securities of the same class and series of an issuer is attributable to the debtor's noncompliance with the requirements of section 78o(c)(3) of this title and the rules prescribed under such section;
>
> (B) resources provided through the use or realization of customers' debit cash balances and other customer-related debit items as defined by the Commission by rule;
>
> (C) any cash or securities apportioned to customer property pursuant to section 78fff(d) of this title; and
>
> (D) any other property of the debtor which, upon compliance with applicable laws, rules, and regulations, would have been set aside or held for the benefit of customers, unless the trustee determines that including such property within the meaning of such term would not significantly increase customer property."

10. Because the Research Balances constitute cash received by LBI from Claimant's clients' accounts and LBI set such Research Balances aside for the benefit of Claimant and its clients, the Research Balances represent "customer property" in accordance with the SIPA definition and should have been treated by the Trustee as such.

11. Attached as <u>Exhibit D</u> is a document prepared by Barclays Capital, successor to LBI, and forwarded to Claimant, which further details and explains why the Research Balances constitute customer property under SIPA.

12. Based upon the reasons set forth above, it is respectfully requested that the Trustee's Determination be overruled and the Claim allowed as a "customer claim" in an amount of $513,158. To deny the Research Balances treatment as customer property under SIPA results in Claimant's clients having paid commissions for research services that were never received.

13. Claimant further requests that the Court schedule a hearing on the Objection.

14. Claimant reserves all rights to replace, amend or supplement this Objection and the Claim to include any further claim at law or in equity and to seek discovery related thereto. The

filing of this Objection shall not be deemed a waiver of any claim in law or equity that Claimant may have against LBI.

Dated: New York, New York
November 17, 2009

> KLESTADT & WINTERS, LLP
> Attorneys for *Fisher Investments Inc.*
>
> By: */s/ John E. Jureller, Jr.*
> John E. Jureller, Jr.
> 292 Madison Avenue, 17th Floor
> New York, NY 10017
> (212) 972-3000
> jjureller@klestadt.com

# **CERTIFICATE OF SERVICE**

JOHN E. JURELLER, JR., being duly sworn, hereby certifies as follows:

1. I am over the age of 18, am not a party to this action, and am a partner in the firm of Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, New York, 10017.

2. On the 17th day of November, 2009, I served a copy of the FISHER INVESTMENTS OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM, by first class mail, by depositing a true copy thereof enclosed post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State upon:

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Attn: LBI Hearing Request

Attorneys for James W. Giddens,
Trustee for SIPA Liquidation of Lehman Brothers Inc.

*/s/ John E. Jureller, Jr.*
John E. Jureller, Jr.

Dated: November 17, 2009