**Hearing Date and Time: To be obtained by Trustee**
**Objection Deadline and Time: To be determined**

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Howard R. Hawkins, Jr., Esq.
Ellen M. Halstead, Esq.

*Attorneys for Morgan Stanley Asset Management*
*and on behalf of its customer The Bank of Korea*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    LEHMAN BROTHERS INC.,

               Debtor.

Case No. 08-01420 (JMP) SIPA

<u>**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM NO. 800003106**</u>

        The Bank of Korea (the "<u>Customer</u>"), by and through its undersigned counsel, hereby submits this objection (the "<u>Objection</u>") to the Notice of Trustee's Determination of Claim dated December 10, 2009 with respect to the claim submitted by the Customer (the "<u>Determination Notice</u>"), and respectfully represents and sets forth as follows:

        1.      Customer objects to the Trustee's denial of Customer's proof of claim (Claim No. 800003106) (the "<u>Claim</u>", attached hereto as <u>Exhibit A</u>), relating to transactions that occurred prior to September 19, 2008 (the "<u>Commencement Date</u>").

        2.      The Claim relates to (i) the forward purchase of certain mortgage-backed securities on a "to be announced" or TBA basis (a "<u>TBA</u>") and (ii) the sale of certain pass through mortgage securities.

3.　　　In a TBA trade, the seller and buyer agree, at the time of the trade, to the following:

- the type of security to be purchased, which will usually be a certain type of asset backed security collateralized by pass through mortgages guaranteed by the Federal National Mortgage Association ("FNMA"), the Federal Home Loan Mortgage Corporation ("FHLMC"), or the Government National Mortgage Association ("GNMA");

- the coupon or interest rate;

- the face value (the total dollar amount of mortgage-backed securities to be acquired);

- the price; and

- the settlement date, which is typically later than three business days after the trade date.

4.　　　The specific mortgages that will be pooled to provide the collateral underlying the purchased mortgage-backed securities, however, will generally not be known until 48 hours before the settlement date.  In other words, the specific mortgages that make up the collateral pool are not known, at trade date but rather are "to be announced."[1]

5.　　　By any measure, the TBA market is substantial and has been characterized as "the most liquid, and consequently most important, secondary market for mortgage loans in the world." Securities Industry and Financial Markets Association, General Description of the TBA MBS Market, available at http://www.sifma.org/capital_markets/TBA-MBS.shtml.  In the year 2007 for example, the average *daily* trading volume of agency, that is FNMA, FHLMC, and

---

[1] See a report issued by the Staff of the Securities and Exchange Commission, Department of the Treasury and the Office of Federal Housing Enterprise Oversight, which is entitled "A Staff Report of the Task Force on Mortgage-Backed Securities Disclosure" at text at note 35 - 39 (January 2003) (the "Staff Report on MBS Disclosure"), also available at http://www.sec.gov/news/studies/ mortgagebacked.htm#exec.

GNMA, mortgage-backed securities was $320.1 billion,[2] with much of this volume resulting from TBA trades. See generally Frank J. Fabozzi, The Handbook of Mortgage-Backed Securities (6th ed. 2005).

<strong><u>NET AMOUNT OWING TO CUSTOMER: $610,017.68</u></strong>

6.  The Customer's Claim relates to its purchase from, and sale to, the Debtor ("LBI") of TBAs and pass through mortgage securities (the "Securities"), as follows:

| Description | CUSIP | Buy/Sell | Trade Date | Settlement Date | Face Value | Net Price |
|---|---|---|---|---|---|---|
| FHLMC TBA | 02R0506A3 | Bought | 09/03/08 | 10/14/08 | $2,200,000.00 | $2,219,593.75 |
| FNMA TBA | 01F0526A5 | Bought | 09/05/08 | 10/14/08 | $1,600,000.00 | $1,591,500.00 |
| FHLMC TBA | 02R0506A4 | Bought | 09/04/08 | 10/14/08 | $38,000,000.00 | $36,788,750.00 |
| FNMA Pool 991184 | 31415WCV3 | Sold | 09/05/08 | 09/11/08 | $483,056.00 | $482,416.00 |

Attached to the Claim are trade confirmations transmitted by Depository Trust Company on behalf of LBI that evidence the purchases of the TBAs (collectively, the "TBA Purchase Transactions") and the sale of the pass through mortgage securities (the "Pass Through Sale Transaction") between LBI and Customer's investment adviser. Also, attached to the Claim are screen shots that were printed by Customer's adviser and trade tickets from the adviser's internal records that reflect trade information and the allocation of the TBA Purchase Transactions and Pass Through Sale Transaction among the accounts of the adviser's clients, including the Customer, whose account is designated as account number 2374W. LBI acted as a dealer in the TBA Purchase Transactions and Pass Through Sale Transaction.

---

[2] Written Testimony of Thomas Hamilton, The Securities Industry and Financial Markets Association, before the House Committee on Financial Services, May 22, 2008, available at http://www.sifma.org/legislative/testimony/pdf/Hamilton-052208.pdf.

7. Acting again through its investment adviser, the Customer entered into a TBA trade through which it sold $11,960,000 in face value of Securities with CUSIP number 02R0506A4 to LBI as dealer on September 10, 2008, at a price of $11,836,662.50 (the "TBA Sale Transaction"). Attached to the Claim is a trade confirmation transmitted by DTC on behalf of LBI that evidences the TBA Sale Transaction between LBI and Customer. Also, attached to the Claim is a screen shot that was printed by Customer's adviser and a trade ticket from the internal records that reflects trade information and the allocation of the TBA Sale Transaction among the adviser's clients, including the Customer. As with the TBA Purchase Transactions and Pass Through Sale Transaction, the adviser's allocations to the Customer under the TBA Sale Transaction are represented by account number 2374W. LBI acted as a dealer in the TBA Sale Transaction.

8. Acting again through its investment adviser, the Customer terminated its remaining TBA Purchase Transactions and, following Debtor's failure to accept timely delivery from Customer of the pass through mortgage securities in settlement of Customer's sale of such Securities through Debtor, Customer also terminated the Pass Through Sale Transaction and entered into a replacement trade through which it purchased, or sold, the same Securities from other dealers, as follows (collectively, the "Replacement Transactions"):

| Description | CUSIP | Buy/Sell | Dealer | Trade Date | Face Value | Net Price |
|---|---|---|---|---|---|---|
| FHLMC TBA | 02R0506A3 | Bought | JP Morgan Securities, Inc. | 09/26/08 | $2,200,000 | $2,235,750.00 |
| FNMA TBA | 01F0526A5 | Bought | Greenwich Capital Markets, Inc. | 09/26/08 | $1,600,000 | $1,605,000.00 |
| FHLMC TBA | 02R0506A4 | Bought | Goldman Sachs & Co. (USA) | 09/26/08 | $2,210,000 | $2,166,490.63 |
| FHLMC TBA | 02R0506A4 | Bought | JP Morgan Securities, Inc. | 09/26/08 | $23,830,000 | $23,360,846.00 |
| FNMA Pool 991184 | 31415WCV3 | Sold | Goldman Sachs & Co. (USA) | 10/15/08 | $483,056 | $472,456.21 |

Attached to the Claim are trade confirmations transmitted by Depository Trust Company on behalf of JP Morgan Securities, Inc., Greenwich Capital Markets, Inc., and Goldman Sachs & Co. (USA) that evidence the Replacement Transactions between such dealers and Customer's investment adviser. Also, attached to the Claim are screen shots that were printed by Customer's adviser and trade tickets from the adviser's internal records that reflect trade information and the allocation of the Replacement Transactions among the accounts of the adviser's clients, including the Customer. As with the TBA Purchase Transactions and Pass Through Sale Transaction, the adviser's allocations to the Customer under the Replacement Transactions are represented by account number 2374W.

9.     As a result of the TBA Sale Transaction and the resulting offsetting purchase and sale, each of which occurred prior to the Commencement Date, through Debtor of the Securities with CUSIP number 02R0506A4, the Customer closed out part of its position in such Securities at a profit of $257,887.50. This amount is the difference between the amount owed by Customer to LBI with respect to the Customer's purchase of such Securities from LBI

($11,578,775), and the amount owed by LBI with respect to LBI's re-purchase of the Securities from Customer ($11,836,662.50).

10. As a result of the Replacement Transactions and the resulting offsetting purchases of the Securities with CUSIP numbers 02R0606A3, 01F0526A5, 02R0506A4 and 31415WCV3, the Customer replaced its positions in the Securities at losses of $16,156.25, $13,500.00, $317,361.63 and $5,111.43 respectively (which, in the case of Securities with CUSIP number 31415WCV3 includes the effect of certain principal and interest payments) or an aggregate loss on such Securities of $352,129.31.

11. The TBA Sale Transaction and the Replacement Transactions resulted in a net payable from LBI to the Customer of $610,017.68 (the "Claimed Amount"). This amount is the sum of the amounts owed by LBI to the Customer with respect to the TBA Sale Transaction and the Replacement Transactions.

12. Consistent with the bar date notice filed by the Trustee in this SIPA proceeding, the Customer submitted the Claim in the amount of $610,017.68 on January 30, 2009.

13. Among other things, the Claim reserved the Customer's right to interest on the amount of its claim on and after the Commencement Date until paid in full and its contingent unliquidated claims against LBI (i.e., Customer's expenses and other costs resulting from LBI's failure to complete the transactions in question, that are not presently ascertainable).

14. On December 10, 2009, the Trustee sent the Determination Notice denying the Customer's Claim for customer treatment pursuant to the Securities Investors Protection Act of 1970, as amended ("SIPA"), and noting that the Customer's Claim was not "eligible to share from the fund of customer property or SIPA cash advances." Attached hereto as Exhibit B is a copy of the Determination Notice.

15.     The Customer objects to the above determination and the denial of its Claim as a customer claim and, accordingly, is timely filing this objection thereto.

## ARGUMENT

16.     SIPA provides for customer status to the extent a particular claim meets the requirements of Section 78lll(2) of the Act.  For purposes of SIPA, a claimant is eligible to share in the fund of customer property to the extent that its claim is defined as that of a "customer."

17.     Section 78lll(2) of SIPA defines the term "customer" to include:

> [A]ny person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities account of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral, security, or for purposes of effecting transfer.

15 U.S.C. § 78lll(2).  Moreover, Section 78lll(2) specifies that "[t]he term 'customer' includes any person who has a claim against the debtor arising out of sales or conversions of such securities . . ."

18.     A plain reading of the statute makes clear that the Securities underlying the Customer's Claim are securities within the meaning of Section 78lll(14) of SIPA.  See In re SSIW Corp., 7 B.R. 735, 737 (Bankr. S.D.N.Y. 1980) (holding that GNMA pass-through securities "clearly fall within the definition of "securities" in the [Bankruptcy Reform Act of 1978] since they partake of the essential ingredients of a note, bond or debenture."); see also Abrams v. Oppenheimer Gov't Sec., Inc., 737 F.2d 582, 586-87 (7th Cir. 1984) (noting that "GNMA certificates are considered securities . . . pursuant to Section 2(1) of the 1933 Act [the Securities Exchange Act of 1933] and Section 3(a)(10) of the 1934 Act [the Securities Exchange Act of 1934], being a note . . . bond, [or] debenture. . . .").

19.     Moreover, there is nothing under the SIPA definition of "security" that would suggest any reason these instruments would not be treated as securities under SIPA. The term "security" is defined broadly at Section 78lll(14) of SIPA to mean:

> [A]ny note, stock, treasury stock, bond, debenture, evidence of indebtedness, any collateral trust certificate, preorganization certificate or subscription, transferable share, . . . , certificate of deposit, certificate of deposit for a security, or any security future as that term is defined in section 78c(a)(55)(A) of this title, . . . any put, call, straddle, option, or privilege on any security, or group or index of securities (including any interest therein or based on the value thereof), . . . any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase or sell any of the foregoing, and any other instrument commonly known as a security.

15 U.S.C. § 78lll(14).

20.     Further, there is no doubt that LBI was acting in the "ordinary course of its business" as a "broker or dealer" from or for the "securities account" of the Customer.

21.     Thus, while the SIPC trustee did not provide a rationale for his finding that the Claim was not eligible for customer protection, the Determination Notice was presumably based on the Trustee's legal conclusion that (i) assets underlying the Claim were *not* "received, acquired or held" for the Customer within the meaning of Section 78lll(2) or (ii) that the Customer is not a "customer" within the meaning of Section 78lll(2).

22.     Such a reading of the definition of customer is inconsistent with the statute, with the intent of Congress, with prior case law, and with prior positions of SIPC.

23.     As the Second Circuit has observed, in the legislative history of SIPA the term "'investors' is used synonymously with 'customers,' indicating that, in the eyes of Congress, the Act would protect capital markets by instilling confidence in securities traders." SIPC v. Morgan, Kennedy & Co., 533 F.2d 1314, 1317 (2d Cir.), cert. denied sub nom., Trustees

of Reading Body Works, Inc. v. Sec. Investor Prot. Corp., 426 U.S. 936 (1976). The purpose of SIPA is "protection for investors if the broker-dealer with whom they are doing business encounters financial troubles" H.R. Rep. No. 91-1613, at 1 (1970); see also S. Rep. No. 91-1218, at 4 (1970). Similarly, as noted by the Bankruptcy Court for the Southern District of New York, the "sole legislative statement addressed" to the definition of "customer" in the Bankruptcy Reform Act of 1978[3] "reveals that such descriptive term comprehends 'anybody that interacts with the debtor in a capacity that concerns security transactions." SSIW Corp., 7 B.R. at 738; see also Cohen v. Army Moral Support Fund (In re Bevill, Bresler & Schulman Asset Mgmt. Corp.), 67 B.R. 557, 602 (D.N.J. 1986) ("SIPA was intended to protect *investors* who entered an established securities market by means of the services provided by a broker-dealer and who subsequently incurred losses as a result of the broker-dealer's failure." (citing H.R. Rep. No. 91-1613, (1970), as reprinted in, 3 U.S.C.C.A.N. 5255 (1970)).

24.      Against this background, the intent of Congress in defining "customer" as a person as to whom assets are "received, acquired, or held" was not to limit customers by excluding parties with unsettled trades, but merely to describe the condition that would cause an investor, interacting with a broker-dealer as such, to lose money or investments because of the insolvency of the broker-dealer. The Customer is clearly an investor in such a position.

25.      The Customer made an investment in securities through LBI as a dealer, which investment was reflected on LBI's books and records, as is plainly indicated by the trade confirmation transmitted by Depository Trust Company on behalf of LBI and attached to the

---

[3] Notably, the definition of "customer" in the Bankruptcy Reform Act of 1978 is substantially similar to Section 78lll(2) of SIPA.

Claim, which evidences this transaction between LBI and Customer's investment adviser. The Customer will lose the value of its investment if the Claim is not respected as a customer claim.

26.     As courts have typically framed the issue, a "customer" is someone who has "entrusted" securities or cash with the debtor in connection with securities transactions and loses such property due to the debtor's insolvency. See, e.g., SIPC v. Executive Sec. Corp., 556 F.2d 98, 99 (2d Cir. 1977). Here the Customer has entrusted its investments in securities to LBI because it transacted with LBI as a dealer to access the securities market and acquire its interest in the Securities and was dependent on the solvency of LBI to receive the benefit of its securities transactions. The Customer's securities investment was an asset of value that the Customer entrusted to LBI and which was, in fact, under the control of LBI, as is demonstrated by the fact that the Customer was able to direct LBI to close out the investment by entering into an offsetting TBA trade to sell the Securities, thereby converting the securities position on LBI's books to a cash position.

27.     Nor was the Customer a mere "creditor" of LBI. Like any purchase of securities, the Securities purchased by the Customer exposed the Customer to possible gain or loss from market movements in the purchased Securities, which reflected the larger fixed income credit markets and did not, as would be the case with a note, bond or other security issued by LBI, rise or fall in value based upon the creditworthiness of LBI. In the final analysis, the Customer's position at LBI with respect to the Securities cannot be distinguished from that of any other customer whose securities were held in an account at LBI.

28.     Both precedent and prior SIPC positions indicate that a claimant may be a "customer" with respect to unsettled positions, even where the customer has not delivered any cash or securities to the broker-dealer. For example, in In re Adler Coleman Clearing Corp., 211 B.R. 486, 493 (Bankr. S.D.N.Y. 1997), aff'd sub nom., RCM Capital Mgmt. LLC v. Mishkin (In

re Adler, Coleman Clearing Corp.), 221 B.R. 321 (S.D.N.Y. 1998), SIPC and this Court took the view that a "RVP/DVP" customer was a "customer" for purposes of SIPA. In that case, the debtor, Adler, cleared and settled trades for RCM, an investment adviser with discretionary authority to execute securities transactions with Adler on behalf of its clients. All of RCM's security transactions cleared and settled through Adler were RVP/DVP, meaning that on settlement, RCM and Adler would arrange for the cash or securities obtained by Adler to be transferred to RCM's bank custodian versus payment (on a purchase) or delivery of the relevant securities (on a sale) by RCM through the bank custodian. Prior to the filing date, on behalf of its customers, RCM purchased certain shares with a scheduled settlement date four days after the filing date. The SIPC trustee deemed RCM to be a customer of Adler with a net equity claim rather than open securities contracts. This Court agreed with this proposition, stating flatly that "RCM, on behalf of its customers, was Adler Coleman's customer" and that "[u]pon commencement of the SIPA liquidation proceeding, RCM no longer had a right to the securities in its account, but rather RCM had a claim against a fund of customer property, including the securities in its accounts, to be distributed to customers based upon their respective net equity." Id. at 493, 496; see also In re Investors Ctr., Inc., 129 B.R. 339, 350-51 (Bankr. E.D.N.Y. 1991) (claimants treated as customers where market maker purported to execute trades for customer accounts that had been moved to another broker-dealer).

29.     The courts have consistently held that a claimant's SIPA rights with respect to trades executed or cleared by a broker-dealer are fixed on trade date rather than settlement date. See, e.g., Murray v. McGraw (In re Bell & Beckwith), 821 F.2d 333 (6th Cir. 1987); SIPC v. Morgan, Kennedy & Co., No. 73 CV 1057, 1977 U.S. Dist. LEXIS 17382 (S.D.N.Y. Feb. 14, 1977); In re Investors Ctr., 129 B.R. at 339; SEC v. Aberdeen Sec. Co., 480 F.2d 1121 (3d Cir. 1973), cert. denied sub nom., Seligsohn v. SEC, 414 U.S. 1111 (1973). As

stated by the Sixth Circuit in <u>Bell & Beckwith</u>, "[t]he concern of the drafters [of SIPA] was in part to assure customers that their rights in the debtor's estate would be fixed and easily discoverable as of the filing date." 821 F.2d at 338. Moreover, the court reasoned, the customer protection function of SIPA dictates that trades ordered before the filing date be either completed or closed-out in order to preserve, to the extent possible, the benefit of the bargains made.

30.     Indeed, because customer positions are fungible and held in bulk in accordance with Rule 15c3-3 under the Securities Exchange Act of 1934, it would be difficult or impossible to determine where the security in question is actually delivered to the broker-dealer and therefore can safely be said to have been "received, acquired, or held" by the broker-dealer. In light of how positions are traded and handled, any such distinction is largely, if not entirely, without substance. Moreover, as proceeds of the TBA Sale Transaction would be a free credit in Customer's account at LBI, in accordance with Rule 15c3-3, LBI should have treated this amount as a credit to LBI's special reserve bank account for the exclusive benefit of its customers. This would have the effect of increasing the amount deposited in such reserve formula, which amounts are held for the protection of customers and available to the SIPC Trustee for customer claims under SIPA.

31.     Treating the Customer as a customer is also consistent with the expectations of the parties. There was no notice provided in the documentation that was supplied to the Customer, or anywhere else in the standard documentation related to TBAs, that informed Customer that it would not be a "customer" for purposes of SIPA or otherwise. This stands in marked contrast to other markets, such as the repurchase market and securities lending, where the industry standard master agreements provide that the counterparty is not a "customer" for purposes of SIPA—and in fact the Securities and Exchange Commission requires such disclosure. It is difficult to see why the Securities and Exchange Commission would not require

a similar warning to investors buying TBAs that they were not "customers" under SIPA, if that were in fact the case.

32.    For all of these reasons, LBI should be deemed to have "received, acquired, or held" the Customer's position in the Securities for purposes of Section 78lll(2) of SIPA.  It follows directly from the foregoing that when the Customer subsequently sold the Securities back to LBI in the TBA Sale Transaction, it established a "claim against the debtor arising out of sales or conversion of such securities" for purposes of SIPA.  Accordingly, the Claim should be allowed as a customer claim for purposes of SIPA.

## NO PRIOR RELIEF

33.    The relief requested by the Customer in this Objection has not been sought previously in this or any other court.

## RESERVATION OF RIGHTS

34.    The Customer reserves all rights with respect to the claims asserted herein. The Customer further reserves all rights to file an amended objection and/or reply.

Dated: New York, NY
         January 8, 2010

CADWALADER, WICKERSHAM & TAFT LLP

By: /s/ *Howard R. Hawkins, Jr.*
     Howard R. Hawkins, Jr., Esq.
     Ellen M. Halstead, Esq.
     One World Financial Center
     New York, NY  10281
     Telephone: (212) 504-6000
     Facsimile: (212) 504-6666
     Howard.Hawkins@cwt.com
     Ellen.Halstead@cwt.com

*Attorneys for Morgan Stanley Asset Management
and on behalf of its customer The Bank of Korea*

# **EXHIBIT A**

## ANNEX TO CUSTOMER CLAIM FORM

## LEHMAN BROTHERS INC.

## FOR

**ACCOUNT NAME: The Bank of Korea - 2374W**

\*　　　　\*　　　　\*　　　　\*　　　　\*

## PART I – BACKGROUND INFORMATION

This document is an annex (the "<u>Annex</u>") to the Customer Claim Form (the "<u>Customer Claim</u> <u>Form</u>") of The Bank of Korea (the "<u>Customer</u>") that is being filed with James W. Giddens (the "Trustee") in his capacity, and pursuant to his appointment in connection with the proceeding described in the immediately following paragraph, as the trustee for the liquidation of the business of Lehman Brothers Inc. ("<u>LBI</u>").

As described on the Customer Claim Form to which this Annex relates and as set forth in further detail herein, Customer is the holder of claims (the "<u>Claims</u>") against LBI that arose prior to the issuance on September 19, 2008 of an order (the "<u>Order</u>") by the United States District Court for the Southern District of New York granting the application of the Securities Investor Protection Corporation ("<u>SIPC</u>") for issuance of a protective decree adjudicating that the customers of LBI are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("<u>SIPA</u>"). The liquidation has been referred to and is now being administered under the auspices of United States Bankruptcy Judge James M. Peck.

THIS ANNEX CONSTITUTES A PART OF THE CUSTOMER CLAIM FORM AND IS INCORPORATED THEREIN BY REFERENCE. Copies of certain supporting documents are attached hereto and are also incorporated by reference to the Customer Claim Form.

## PART II – INFORMATION RELATING TO ITEM 1(a) OF THE CUSTOMER CLAIM FORM

As reflected in response to *Item 1(a)* of the accompanying Customer Claim Form, and as reflected more fully in this Part II below, LBI owes Customer not less than **$610,017.68**. Such claim is in addition to any additional claim that Customer may have for interest on the amount of its claim on and after September 19, 2008 and until paid in full plus contingent unliquidated

claims, *i.e.*, Customer's expenses and other costs resulting from LBI's failure to complete the transactions in question, that are not presently ascertainable.

Without limiting the generality of the foregoing and as described more fully below, the amounts reflected in response to Item 1(a) relate to certain purchase or sales of securities that were entered into prior to the date of the Order but remained outstanding as of the date of the Order (the "Outstanding Transactions"). Each of the Outstanding Transactions is described below together with any offsetting purchases and sales, or sales and purchases, with LBI ("Paired Transactions"), and, in accordance with the Protocol Regarding Lehman Brothers Inc. Outstanding Securities and Commodities Transactions, dated September 26, 2008, any transactions undertaken to terminate, replace, or otherwise close out any outstanding transaction with LBI (a "Replacement Transaction").

Outstanding Transactions. Customer entered into four Outstanding Transactions with LBI, which is described in more detail below.

**(a)     CUSIP 02R0506A3**

(i) On September 3, 2008, the Customer bought TBAs with CUSIP number 02R0506A3 having a face value of $2,200,000 at a net price of $2,219,593.75 for settlement on October 14, 2008. On the same day the Claimant bought additional TBAs with the same CUSIP number with the same face value at the same net price. Attached hereto as Exhibit I is the trade confirmation generated by DTC that evidences the trade between LBI and Customer's investment adviser. Also, attached at Exhibit I is a screen shot that was printed by Customer's adviser and a trade ticket from the adviser's Fixed Income Trading System, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2374W.

(ii) On September 26, 2008 the Customer entered into a replacement trade with JP Morgan Securities Inc. for securities with the same CUSIP number having a face value equal to the original transaction described above at a net price of $2,235,750. Attached hereto at Exhibit II is the termination notice as delivered to LBI and the Trustee dated September 29, 2008, with the replacement trade indicated on Schedule A thereto (with all other customer information being redacted). Also attached at Exhibit II is a trade confirmation generated by DTC that evidences the trade between the Customer and JP Morgan Securities Inc.

(iii) LBI owes Customer $16,156.25 in connection with the Outstanding Transaction related to CUSIP 02R0506A3, which represents the difference between the purchase price on the Replacement Transaction and the original purchase price on the Outstanding Transaction.

**(b)     CUSIP 01F0526A5**

(i) On September 5, 2008, the Customer bought TBAs with CUSIP number 01F0526A5 having a face value of $1,600,000 at a net price of $1,591,500 for settlement on October 14, 2008. Attached hereto as Exhibit III is the trade confirmation generated

by DTC evidencing the trade between LBI and Customer's investment adviser. Also, attached at Exhibit III is a screen shot printed by Customer's adviser from the adviser's Fixed Income Trading System, which reflects trade information and the allocation of trades among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2374W.

(ii) On September 26, 2008 the Customer entered into a replacement trade with Greenwich Capital Markets for securities with the same CUSIP number and the same face value at a net price of $1,605,000. Attached hereto at Exhibit IV is the termination notice as delivered to LBI and the Trustee dated September 29, 2008, with the replacement trade indicated on Schedule A thereto (with all other customer information being redacted). Also attached at Exhibit IV is a trade confirmation generated by DTC evidencing the trades between the Customer and Greenwich Capital Markets.

(iii) LBI owes Customer $13,500 in connection with the Outstanding Transaction related to CUSIP 01F0526A5, which represents the difference between the purchase price on the Replacement Transaction and the original purchase price on the Outstanding Transaction.

**(c)** **CUSIP 02R0506A4**

(i) On September 4, 2008, the Customer bought TBAs with CUSIP number 02R0506A4 having a face value of $38,000,000 at a net price of $36,788,750 for settlement on October 14, 2008. Attached hereto as Exhibit V is the trade confirmation generated by DTC that evidences the trade between LBI and Customer's investment adviser. Also, attached at Exhibit V is a screen shot that was printed by Customer's adviser and a trade ticket from the adviser's Fixed Income Trading System, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2374W.

(ii) On September 10, 2008 the Customer the Customer sold TBAs with the same CUSIP number with a face value of $11,960,000 at a net price of $11,836,662.50. Attached hereto as Exhibit VI is a trade confirmation generated by DTC that evidences the trade between LBI and Customer's investment adviser. Also, attached at Exhibit VI is a screen shot that was printed by Customer's adviser and a trade ticket from the adviser's Fixed Income Trading System, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2374W. As a result of this partially offsetting trade, Claimant was due TBAs with CUSIP number 02R0506A4 in the aggregate face amount of $26,040,000.

(iii) On September 26, 2008 the Customer entered into a replacement trade with Goldman Sachs & Co. (USA) for securities with the same CUSIP number and having a face value of $2,210,000 at a net price of $2,166,490.63. Attached hereto at Exhibit VII is the termination notice as delivered to LBI and the Trustee dated September 29, 2008, with

the replacement trade indicated on Schedule A thereto (with all other customer information being redacted). Also attached at <u>Exhibit VII</u> is a trade confirmation generated by DTC evidencing the trades between the Customer and Goldman Sachs & Co. (USA).

(iv) On September 26, 2008 the Customer entered into a replacement trade with JP Morgan Securities, Inc. for securities with the same CUSIP number and having a face value of $23,830,000 at a net price of $23,360,846. Attached hereto at <u>Exhibit VIII</u> is the termination notice as delivered to LBI and the Trustee dated September 29, 2008, with the replacement trade indicated on Schedule A thereto (with all other customer information being redacted). Also attached at <u>Exhibit VIII</u> is a trade confirmation generated by DTC evidencing the trades between the Customer and JP Morgan Securities, Inc..

(v) LBI owes Customer $575,249.13 in connection with the Outstanding Transaction related to CUSIP 02R0506A4, which represents of the unpaid difference between the aggregate amount owed after the partially offsetting trade and the purchase price of the replacement transactions.


**(d)    CUSIP 31415WCV3.**

(i) On September 5, 2008, the Customer sold FNMA pool 991184 with CUSIP number 31415WCV3 having a face value of $483,056 at a net price of $482,416 for settlement on September 11, 2008. Attached hereto as <u>Exhibit IX</u> is a trade confirmation generated by DTC that evidences the trade between LBI and Customer's investment adviser. Also, attached at <u>Exhibit IX</u> is a trade history report that was printed by Customer's adviser, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2374W.

(ii) On October 15, 2008 the Customer entered into a replacement trade with Goldman Sachs & Co. (USA) with a face value of $483,056 at a net price of $472,456.21 for settlement on October 20, 2008. Attached hereto at <u>Exhibit X</u> is the termination notice as delivered to LBI and the Trustee dated October 15, 2008, with the replacement trade indicated on Schedule B thereto (with all other customer information being redacted). Also attached at <u>Exhibit X</u> is a trade confirmation generated by DTC that evidences the trade between the Customer and Goldman Sachs & Co. (USA) and a trade history report that was printed by Customer's adviser, which reflects trade information and the allocation of that trade among the adviser's clients, including the Customer. Note that the adviser's allocations to the Customer are represented by account number 2374W.

(iii) LBI owes Customer $5,111.43 in connection with the Outstanding Transaction related to CUSIP 31415WCV3, which represents the difference between the purchase price on the replacement transaction and the original purchase price.

Annex to Customer Claim Form/Lehman Brothers Inc.
Account Name: The Bank of Korea - 2374W

<u>Total Amount Owing to Customer</u>.  LBI owes Customer **$610,017.68** in connection with the Outstanding Transactions described above

## PART III – MISCELLANEOUS

1.      Claims for Interest, Fees, Costs, etc.

Without limiting the foregoing, the Customer reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Customer Claim Form), that exist or arise as of or after the date of the filing of the Customer Claim Form, whether prior to, on or subsequent to the Order, in the case to the extent and/or as may be permitted, provided and/or contemplated in the supporting documentation and under applicable law.

2.      Secured Claim

The Claims of the Customer against LBI for amounts due and owing as of the Order are unsecured claims to the extent of the deficiency following the exercise by Customer of the rights of setoff that they may have against LBI.  The Customer hereby asserts the and all rights of setoff it may have in respect of the Claims, including, without limitation, the right to setoff its Claims against the claims that LBI (or the successor, assignee or person claiming through LBI) may assert against them.

3.      Credits

The amount of all payments on the Claims has been credited and deducted for purposes of making the Customer Claim Form.

4.      Reservation of Rights

 In filing the Customer Claim Form, the Customer expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against LBI.  This description and classification of claims by the Customer is not a concession or admission as to the correct characterization or treatment of the such claims or a waiver of the rights of such Customer.  Furthermore, the Customer expressly reserves all rights to amend, modify and/or supplement the Customer Claim Form in the respect, including, without limitation, with respect to the filing of an amended Customer Claim Form for the purpose of fixing and liquidating the contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

The Customer Claim Form is filed without prejudice to the filing by the Customer of additional proofs of claim or requests for payment with respect to the other indebtedness, liability or

Annex to Customer Claim Form/Lehman Brothers Inc.
Account Name: The Bank of Korea - 2374W

obligation of LBI.  A Customer does not, by this Claim or the amendment or other action, waive the rights with respect to the scheduled claim.

By filing the Customer Claim Form, the Customer does not waive the rights under the Bankruptcy Code or SIPA and any rules thereunder.

In executing and filing this claim, the Customer does not submit to the jurisdiction of the Bankruptcy Court for the purpose other than with respect to this claim against LBI and does not waive or release:  (a) rights and remedies against the other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of LBI, an assignee, guarantor or otherwise, (b) the obligation owed to it, or the right to the security that may be determined to be held by the one of them or for its or their benefit, (c) the past, present or future defaults (or events of default) by LBI or others, or (d) the right to the subordination, in favor of the Customer, of indebtedness or liens held by other creditors of LBI.  The filing of the Customer Claim Form is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

Nothing contained in the Customer Claim Form nor the subsequent appearance, pleading, claim or suit is intended to be a waiver or release of:  (i) the right of the Customer to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of the Customer to a jury trial in the proceeding so triable herein or, in the case, the controversy or proceeding related hereto; (iii) the right of the Customer to have the reference withdrawn by the United States District Court for the Southern District of New York in the matter subject to mandatory or discretionary withdrawal; (iv) the right of the Customer to have the unliquidated portions of its claim determined by applicable state courts; or (v) the other rights, claims, actions, defenses, setoffs or recoupments to which the Customer is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

## PART IV  –  INFORMATION RELATED TO AUTHORITY OF SIGNATORY

The Customer Claim Form has been submitted on Customer's behalf by Cadwalader, Wickersham & Taft LLP, attorney for Customer's investment adviser.  Customer has given adviser the discretionary authority to manage and control the assets of the Customer covered by the Customer Claim Form, which authority includes the power to acquire and dispose of such assets and to act as Customer's agent and attorney-in-fact in connection therewith and to execute waivers, consents and other instruments with respect to such assets and to endorse, transfer or deliver such assets.

Exhibit I

U.S. DOLLAR

```
DTC INELIGIBLE CONFIRMATION          HSAM      PAGE     10936 TRADE NO 0000000000    INTL ID 93E69H0        SUBTER ACCT
TO      73215  MORGAN STANLEY INVEST MGMT FI TRADI   01/02/09 SEC CODE 02RD606A3     REL REF                TRD TYPE 01
FROM    00636  LEHMAN BROTHERS INC.                            SEC NAME                                     POSSIBLE DUP
DTC BKR  0636  LEHMAN BROTHERS INC.
B/D INT ACCT  AGT INT ACCT AGT ID    ROLE  MKT  ACCT TYPE    SIDE  OPT EXP DATE      REC DATE               EFF DATE
1157290       502404       93034     PRIN  OTR  OTHER         BUY   ISSUE DATE       DEL DATE               EFN TIME
CUSIP/DES     02RD606A3    TRADE DATE 09/03/08 SETTLEMENT 10/14/08  POOL NO          MSG ID                 LOT ID
GOLD PC 30 YEAR - FHLMC          00/00/00  6.0000 T0810
ORDER NO:       STAT: IP    CONF 09/03 CANC 10/16              CURR FACE        0.00000 YIELD                         TERM    0
                                                              ORG TRD PAR  2200000.00          GOOD DEL NM    0

CONF #        93E69H2-4156 FIRST INTERESTED PARTY:     00000   NO OF POOLS    0              NO OF DAYS ACCR INT     0
QTY              2,200,000                                     SERVICE TYPE                  OPTION TYPE
PRICE          100.890625                                      INT RATE    0.00000           MATURITY DATE
NET PRICE        0.000000
PRINC          2,219,593.75                                    SPECS 1 .                     SPECS 9
RQ/SHP               0.00                                      SPECS 2                       SPECS 10
INT                  0.00 SECOND INTERESTED PARTY:  MBS00000   SPECS 3                       SPECS 11
TAXES                0.00                                      SPECS 4                       SPECS 12
COMM                 0.00                                      SPECS 5                       SPECS 13
OTHER                0.00                                      SPECS 6                       SPECS 14
NT AMT         2,219,593.75                                    SPECS 7                       SPECS 15
CONTROL:         03666474S  APPROV BY 7:30 PM EST 10/16/08     SPECS 8                       SPECS 16
```

Reference #: 990159

| Field | Value | | Field | Value |
|---|---|---|---|---|
| Type: | Buy | | Cusip: | 02R0606A3 |
| | | | Symbol: | ZCB9931A |
| ISIN: | | | Sedol: | |
| | | | Trader: | ADAMME |

Execution: 9/3/2008 3:46 PM
Last Update: 9/3/2008 3:47 PM
Status: CONFIRMED

Name: FHLMC TBA 6.000 01OCT2038 FWD 14OCT2008
Trade Date: 9/3/2008    Settle Date: 10/14/2008    Accrued Days: 0    Delivery Date: TBA
Broker: xLehman Brothers, USA VCT    Reason: Best Execution

ETS: TradeWeb    Pool Delivery: N

10F3:

| Field | Value | | Field | Value |
|---|---|---|---|---|
| New Underwriting: | | | | |
| Current Face: | 52,700,000 | | | |
| Original: | 52,700,000 | Currency: | USD | |
| Price: | 100-28 1/2 | FX USD/USD: | 1.0 | Implied Credit: N |
| Factor: | 1.0000000000 | Settle Curr: | USD | Yield: |
| Commission: | | FX USD/USD: | 1.0 | Spread: |
| | | Swap Action: | | OAS: |
| Swap Unwind Fee: | | Unwind Fee Settle Date: | | Benchmark: |
| Comment: | | | | Trd WebID: 388 |
| Ops Comment: | | | | Unwind Fee Currency: |

Bad Factor: .00
Coupon: 6
IRS: 3.81
Duration: 4.26
F2 Return:

Turnover: Y
Bank Letter: Y

| Inv. Group | Mnemonic | Port ID | Port To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CA | FP | | | 11,800,000 | 11,800,000 | 11,602,421.87 | 0.00 | | 0.00 | 11,602,421.88 | 0.66 | 0.03 | -0.71 |
| CA | NIF | | | 900,000 | 900,000 | 908,015.63 | 0.00 | | 0.00 | 908,015.63 | 0.70 | 0.03 | 1.26 |
| CA | MFI | | | 6,000,000 | 6,000,000 | 6,053,437.50 | 0.00 | | 0.00 | 6,053,437.50 | 1.06 | 0.04 | 2.7 |
| CA | PRN | | | 350,000 | 350,000 | 353,117.19 | 0.00 | | 0.00 | 353,117.19 | 1.22 | 0.05 | -0.11 |
| CO | VGP | | | 1,800,000 | 1,800,000 | 1,816,031.25 | 0.00 | | 0.00 | 1,816,031.25 | 0.67 | 0.03 | 2.66 |
| CY | NWD | | | 2,600,000 | 2,600,000 | 2,623,156.25 | 0.00 | | 0.00 | 2,623,156.25 | 1.45 | 0.06 | -0.59 |
| J | AMF | | | 10,500,000 | 10,500,000 | 10,593,515.62 | 0.00 | | 0.00 | 10,593,515.62 | 0.95 | 0.04 | -0.07 |
| JB | C4K | | | 80,000 | 80,000 | 80,712.50 | 0.00 | | 0.00 | 80,712.50 | 0.03 | 0.00 | -2.76 |
| JB | HTD | | | 60,000 | 60,000 | 60,534.38 | 0.00 | | 0.00 | 60,534.38 | 0.03 | 0.00 | -0.24 |
| M | HFP | | | 300,000 | 300,000 | 302,671.87 | 0.00 | | 0.00 | 302,671.87 | 0.03 | 0.00 | 0.88 |
| M | FST | | | 650,000 | 650,000 | 655,789.06 | 0.00 | | 0.00 | 655,789.06 | 0.54 | 0.02 | -8.35 |
| 2F | BKO | | | 2,200,000 | 2,200,000 | 2,219,593.75 | 0.00 | | 0.00 | 2,219,593.75 | 0.38 | 0.01 | 3.54 |
| ZL | KSB | | | 14,000,000 | 14,000,000 | 14,124,687.50 | 0.00 | | 0.00 | 14,124,687.50 | 1.53 | 0.06 | 30.46 |
| ZT | WGF | | | 1,700,000 | 1,700,000 | 1,715,140.63 | 0.00 | | 0.00 | 1,715,140.63 | 0.48 | 0.02 | 0.00 |
| ZT | HLI | | | 60,000 | 60,000 | 60,534.38 | 0.00 | | 0.00 | 60,534.38 | 0.00 | 0.00 | 0.00 |
| | | | | 52,700,000 | 52,700,000 | 53,169,359.39 | 0.00 | 0.00 | 0.00 | 53,169,359.39 | | | |

| « | » | Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | Window | Print | Help | AXEt |

myBESTX €0

*Trade Account Breakdown*

Security: PCGLD 30Yr 6.000 Oct          Trade Date: 09/03/08      Company: Morgan Stanley Inv.
   CUSIP: 02R0606A3      Dealer: LEH       Settlement: 10/14/08     Customer: Adam Metzger
   Trade#: 388       Quantity: 52,700            Price: 100-28+        Sent
C  B/S: BUY  Account:                        (dec) 100.89062500 USD LOOKUP  SEND  CLEAR

|   | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|-----------|---|---------|-----|-----------|---------|-------|------|-----|
| 1  | 1104W | = | 11.385 | 6,000  | 6,053,437.50  |  | 6,053,437.50  | Y |  |
| 2  | 1285W | = | 3.226  | 1,700  | 1,715,140.63  |  | 1,715,140.63  | Y |  |
| 3  | 1318W | = | 0.114  | 60     | 60,534.38     |  | 60,534.38     | Y |  |
| 4  | 1625W | = | 0.152  | 80     | 80,712.50     |  | 80,712.50     | Y |  |
| 5  | 1707W | = | 0.664  | 350    | 353,117.19    |  | 353,117.19    | Y |  |
| 6  | 1775W | = | 4.934  | 2,600  | 2,623,156.25  |  | 2,623,156.25  | Y |  |
| 7  | 1798W | = | 0.114  | 60     | 60,534.38     |  | 60,534.38     | Y |  |
| 8  | 1853W | = | 1.233  | 650    | 655,789.06    |  | 655,789.06    | Y |  |
| 9  | 2109W | = | 0.569  | 300    | 302,671.88    |  | 302,671.88    | Y |  |
| 10 | 2374W | = | 4.175  | 2,200  | 2,219,593.75  |  | 2,219,593.75  | Y |  |
| 11 | 2439W | = | 3.416  | 1,800  | 1,816,031.25  |  | 1,816,031.25  | Y |  |
| 12 | 898W  | = | 19.924 | 10,500 | 10,593,515.63 |  | 10,593,515.63 | Y |  |
|    |       |   | 100.000 | 52,700 | 53,169,359.41 | 0 | 53,169,359.41 |  |  |

| Detail | Tran | Brkdn | Account | Msg Brkdn | Recap | PasteClipboard |  1/2 | Pg Up | Pg Dn |

Up
ALL
AXE
Dn



Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:29:47 PM

Exhibit II

```
DTC INELIGIBLE CONFIRMATION                    MSAM        PAGE      5123
TO      73215 MORGAN STANLEY INVEST MGMT FI TRADI          01/02/09
FROM    80218  WS CLEARING INC.
DTC BKR  0187  JP MORGAN SECURITIES INC.
B/D INT ACCT  AGT INT ACCT AGT ID   ROLE  MKT  ACCT TYPE     SIDE
559527        502404       93034   PRIN  OTH   CASH          BUY
CUSIP/DES  02R0606A3   TRADE DATE 09/26/08 SETTLEMENT 10/14/08
FGCL   6        OCT 08 TBA
ORDER NO:       STAT: IP   CONF 09/30 CONF 09/30


CONF #      T093036376-0 FIRST INTERESTED PARTY:     00000
QTY           2,200,000
PRICE         101.625000
NET-PRICE     101.625000
PRINC       2,235,750.00
RG/SHP             0.00
INT                0.00 SECOND INTERESTED PARTY:  GDS00000
TAXES              0.00
COMM               0.00
OTHER              0.00
NT AMT      2,235,750.00
CONTROL #    594783519  AFFIRM BY 7:30 PM EST 09/30/08
U.S. DOLLAR
```

# FORM OF NOTICE OF TERMINATION OF TBA TRADES

September 29, 2008·

Via E-Mail

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:     Deirdre Dunn
               Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

Morgan Stanley Investment Management Inc., on behalf of its advisory clients noted in Schedule A, has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

Morgan Stanley Investment Management Inc. hereby gives notice that each Lehman TBA Trade set forth in Schedule A attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is noted in Schedule A.

The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A will set forth the gain or loss for each terminated Lehman TBA Trade.

Morgan Stanley Investment Management Inc.          Receipt acknowledged by SIPC Trustee

By: _____                     By: _____
Name: Chris Corrad                                    Name:
Title: Executive Director                             Title:



Exhibit III

```
DTC INELIGIBLE CONFIRMATION          MSAM    PAGE    10969  TRADE NO 0000000000    INTL ID 98H4CA0      SUBTER ACCT
TO     73215  MORGAN STANLEY INVEST MGMT FI TRADI  01/02/09  SEC CODE 01F0526A5     REL REF              TRD TYPE 01
FROM   00636  LEHMAN BROTHERS INC.                          SEC NAME                                     POSSIBLE DUP
DTC BKR  0636  LEHMAN BROTHERS INC.
B/D INT ACCT  AGT INT ACCT AGT ID     ROLE  MGT  ACCT TYPE    SIDE  OPT EXP DATE     REC DATE            EFF DATE
1157290      502404      93034      PRIN  OTH  OTHER       BUY   ISSUE DATE       DEL DATE            EFF TIME
CUSIP/DES    01F0526A5    TRADE DATE 09/05/08 SETTLEMENT 10/14/08  POOL NO          MSG ID              LOT ID
FNMA SF 30 YEAR               00/00/00  5.5000 T0810
ORDER NO:       STAT: IF  CONF 09/08 CANC 10/16                    CURR FACE          0.00000  YIELD              TERM      0
                                                                  ORG TRD PAR    1600000.00  GOOD DEL MN       0

CONF #      98H4CA2-9155 FIRST INTERESTED PARTY:     00000      NO OF POOLS     0              NO OF DAYS ACCR INT      0
QTY          1,600,000                                          SERVICE TYPE                   OPTION TYPE
PRICE        99.468750                                          INT RATE   0.00000             MATURITY DATE
NET PRICE     0.000000                                          SPECS 1 .                      SPECS 9
PRINC      1,591,500.00                                         SPECS 2                        SPECS 10
RG/SHP          0.00                                            SPECS 3                        SPECS 11
INT             0.00 SECOND INTERESTED PARTY:  MBS00000         SPECS 4                        SPECS 12
TAXES           0.00                                            SPECS 5                        SPECS 13
COMM            0.00                                            SPECS 6                        SPECS 14
OTHER           0.00                                            SPECS 7                        SPECS 15
NT AMT     1,591,500.00                                         SPECS 8                        SPECS 16
CONTROL #    111181298  AFFIRM BY 7:30 PM EST 10/16/08
U.S. DOLLAR
```

Reference # : 5...J01

| Type: | Buy | Cusip: | 01F0526A5 | Symbol: | BB08737A | Execution: | 9/5/2008 9:22 AM |
|---|---|---|---|---|---|---|---|
| ISIN: | | Sedol: | | Trader: | ADAMME | Last Update: | 9/8/2008 3:29 PM |

Status: CONFIRMED

Name: FNMA TBA 5.500 01OCT2038 FWD 14OCT2008

Trade Date: 9/5/2008    Settle Date: 10/14/2008    Accrued Days: 0    Delivery Date: TBA    Pool Delivery: N    Turnover: N

Broker: xLehman Brothers, USA VCT          10F3: N    Reason: Best Execution    Bank Letter: ✓

| Current Face: | 36,500,000 | New Underwriting: | | Implied Credit: | | ETS: None | Coupon: 5.5 |
|---|---|---|---|---|---|---|---|
| Original: | 36,500,000 | Currency: | USD | Yield: | | Bad Factor: .00 | IRS: 4.27 |
| Price: | 99.15 | FX USD/USD: | 1.0 | Spread: | | | Duration: 5.05 |
| Factor: | 1.000000000 | Settle Curr: | USD | OAS: | | | F2 Return: |
| Commission: | | FX USD/USD: | 1.0 | Benchmark: | | | |

Swap Action:          Trd WebID:

Swap Unwind Fee:          Unwind Fee Settle Date:

Commission:

Unwind Fee Currency:

Comment:

Ops Comment: cnfm in am (4); jkw email cnfm w/ stephanie 9/8

| Inv. Group | Mnemonic | Port ID | Post To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CA | FP | 9W | 9W | 8,000,000 | 8,000,000.00 | 7,957,500.00 | 0.00 | 0.00 | 0.00 | 7,957,500.00 | 0.48 | 0.02 | -0.68 |
| CA | NIF | 99W | 99W | 750,000 | 750,000.00 | 746,015.63 | 0.00 | 0.00 | 0.00 | 746,015.63 | 0.57 | 0.02 | 1.73 |
| CA | MFI | 1104W | 1104W | 2,500,000 | 2,500,000.00 | 2,486,718.75 | 0.00 | 0.00 | 0.00 | 2,486,718.75 | 0.44 | 0.02 | 14.46 |
| CA | VCP | 2436W | 2436W | 1,200,000 | 1,200,000.00 | 1,193,625.00 | 0.00 | 0.00 | 0.00 | 1,193,625.00 | 0.44 | 0.02 | 3.62 |
| CO | NWD | 3725W | 1776W | 1,200,000 | 1,200,000.00 | 1,193,625.00 | 0.00 | 0.00 | 0.00 | 1,193,625.00 | 0.66 | 0.03 | -0.41 |
| CV | AMF | 898W | 898W | 3,300,000 | 3,300,000.00 | 3,282,468.75 | 0.00 | 0.00 | 0.00 | 3,282,468.75 | 0.28 | 0.01 | 0.46 |
| U | C4K | 1626W | 1626W | 1,300,000 | 1,300,000.00 | 1,293,093.75 | 0.00 | 0.00 | 0.00 | 1,293,093.75 | 0.47 | 0.02 | -2.74 |
| U | HTD | 2485W | 2485W | 3,500,000 | 3,500,000.00 | 3,481,406.25 | 0.00 | 0.00 | 0.00 | 3,481,406.25 | 0.63 | 0.03 | 9.20 |
| JB | HTD | 1798W | 1798W | 1,500,000 | 1,500,000.00 | 1,492,031.25 | 0.00 | 0.00 | 0.00 | 1,492,031.25 | 0.66 | 0.03 | -0.24 |
| JB | HFP | 2109W | 2109W | 5,000,000 | 5,000,000.00 | 4,973,437.50 | 0.00 | 0.00 | 0.00 | 4,973,437.50 | 0.50 | 0.02 | 0.86 |
| M | BKO | 237AW | 897AW | 1,600,000 | 1,600,000.00 | (1,591,500.00) | 0.00 | 0.00 | 0.00 | 1,591,500.00 | 0.27 | 0.01 | 5.06 |
| ZF | KSB | 993W | 993W | 1,500,000 | 1,500,000.00 | 1,492,031.25 | 0.00 | 0.00 | 0.00 | 1,492,031.25 | 0.16 | 0.01 | 30.30 |
| ZL | NYT | 400W | 3W | 2,200,000 | 2,200,000.00 | 2,188,312.50 | 0.00 | 0.00 | 0.00 | 2,188,312.50 | 0.26 | 0.01 | 0.00 |
| ZT | HLI | 1818W | 1818W | 1,200,000 | 1,200,000.00 | 1,193,625.00 | 0.00 | 0.00 | 0.00 | 1,193,625.00 | 0.56 | 0.02 | 0.00 |
| ZTF | PBM | 2397W | 2397W | 1,750,000 | 1,750,000.00 | 1,740,703.13 | 0.00 | 0.00 | 0.00 | 1,740,703.13 | 0.28 | 0.01 | 24.64 |
| | | | | 36,500,000 | 36,500,000.00 | 36,306,093.76 | 0.00 | 0.00 | 0.00 | 36,306,093.76 | | | |

Exhibit IV

```
DTC INELIGIBLE CONFIRMATION              MSAM      PAGE    51228
TO       73215  MORGAN STANLEY INVEST MGMT FI TRADI    01/02/09
FROM     81293  DESCRIPTION NOT FOUND ON REFTABLE
DTC BKR  2230   CHASE BANK/GREENWICH CAPITAL
B/D INT ACCT  AGT INT ACCT AGT ID   ROLE  MKT  ACCT TYPE   SIDE
JJ78550       502404      93034   PRIN  OTH   CASH       BUY
CUSIP/DES    01F0526A5   TRADE DATE 09/20/00
FNMA 30YR 5.50 TBA OCT 5.50000 10/01/38
ORDER NO:       STAT: IP   CONF 09/29 CONF 09/29


CONF #      HGSZX8001273 FIRST INTERESTED PARTY:    00000
QTY          1,600,000
PRICE        100.312500
NET-PRICE    0.000000
PRINC        1,605,000.00
RG/SHP           0.00
INT              0.00 SECOND INTERESTED PARTY:  FNM00000
TAXES            0.00
COMM             0.00
OTHER            0.00
NT AMT       1,605,000.00
CONTROL #    858813315  AFFIRM BY 7:30 PM EST 09/29/08
```

# FORM OF NOTICE OF TERMINATION OF TBA TRADES

September 29, 2008

Via E-Mail

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:       Deirdre Dunn
                 Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

Morgan Stanley Investment Management Inc., on behalf of its advisory clients noted in Schedule A, has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

Morgan Stanley Investment Management Inc. hereby gives notice that each Lehman TBA Trade set forth in Schedule A attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is noted in Schedule A.

The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A will set forth the gain or loss for each terminated Lehman TBA Trade.

Morgan Stanley Investment Management Inc.

By: _____
Name: Chris Corrao
Title: Executive Director

Receipt acknowledged by SIPC Trustee

By: _____
   Name:
   Title:

# Schedule A

Use this schedule if Market Participant <u>has</u> entered into replacement trades.

Full Legal Name of Market Participant:    Morgan Stanley Investment Management Inc., on behalf of the following advisory clients

Name of Firm:    Morgan Stanley Investment Management Inc.

Today's Date:    September 29, 2008

| Information Regarding Lehman TBA Trades to be Terminated | | | | | | | | Information Regarding Replacement Trades | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Buy | 1600000 | FNMA 5.5 | 0YF052845 | 9/9/2008 | 10/14/2008 | 99.4687 | Greenwich Capital Markets, Inc. | 1600000 | FNMA 5.5 | 0YF052845 | 9/26/2008 | 10/14/2008 | 100.3125 | 1,600,000.00 | 13,500.00 |

BOK MSM 1485

Exhibit V

```
CONTROL #      111020030  AFFIRM BY 7:30 PM EST 10/16/08          SPECS 8                              SPECS 16
U.S. DOLLAR

DTC INELIGIBLE CONFIRMATION              MSAM     PAGE      10941 TRADE NO 0000000000     INTL ID 94F6NB0          SUBTER ACCT
TO      73215  MORGAN STANLEY INVEST MGMT FI TRADI   01/02/09 SEC CODE 02R0506A4         REL REF                  TRD TYPE 01
FROM    00636  LEHMAN BROTHERS INC.                           SEC NAME                                            POSSIBLE DUP
DTC BRR 0636   LEHMAN BROTHERS INC.
B/D INT ACCT  AGT INT ACCT AGT ID    ROLE  INT  ACCT TYPE  SIDE  OPT EXP DATE         REC DATE                    EFF DATE
1157290       5024D6       93034     PRIN  OTH  OTHER       BUY   ISSUE DATE          DEL DATE                    EPN TIME
CUSIP/DES  02R0506A4   TRADE DATE 09/04/08 SETTLEMENT 10/14/08  POOL NO              MSG ID                       LOT ID
GOLD PC 30 YEAR - FHLMC       00/00/00  5.0000 T0810
ORDER NO:       STAT: IP   CONF 09/04 CANC 10/15
                                                                CURR FACE              0.00000  YIELD                       TERM        0
                                                                ORG TRD PAR   38000000.00       GOOD DEL NN     0

CONF #      94F6NB0-1357 FIRST INTERESTED PARTY:      00000    NO OF POOLS      0               NO OF DAYS ACCR INT       0
QTY           38,000,000                                       SERVICE TYPE                     OPTION TYPE
PRICE         96.812500                                        INT RATE    0.00000              MATURITY DATE
NET PRICE      0.000000
PRINC       36,788,750.00                                      SPECS 1 .                        SPECS 9
30/SBP            0.00                                         SPECS 2                          SPECS 10
INT               0.00 SECOND INTERESTED PARTY:  MBS00000      SPECS 3                          SPECS 11
TAXES             0.00                                         SPECS 4                          SPECS 12
COMM              0.00                                         SPECS 5                          SPECS 13
OTHER             0.00                                         SPECS 6                          SPECS 14
NT AMT      36,788,750.00                                      SPECS 7                          SPECS 15
CONTROL #      111020091  AFFIRM BY 7:30 PM EST 10/15/08       SPECS 8                          SPECS 16
U.S. DOLLAR
```

**Reference .. 990436**

| Field | Value | | Field | Value |
|---|---|---|---|---|
| Type: | Buy | Cusip: 02R0506A4 | Symbol: JLLC3383A | Execution: 9/4/2008 10:52 AM |
| ISIN: | | Sedol: | Trader: ADAMME | Last Update: 9/4/2008 4:15 PM |
| Name: | | | | Status: CONFIRMED |
| Trade Date: 9/4/2008 | Settle Date: 10/14/2008 | Accrued Days: 0 | Delivery Date: TBA | Pool Delivery: N |
| Broker: | xLehman Brothers, USA VCT | | | |

FHLMC TBA 5.000 01OCT2038 FWD 14OCT2008

10F3:

| | | Reason: Best Execution | |
|---|---|---|---|
| Current Face: | 55,200,000 | New Underwriting: N | Implied Credit: N | ETS: None |
| Original: | 55,200,000 | Currency: USD | Yield: | Bad Factor: |
| Price: | 96-26 | FX USD/USD: 1.0 | Spread: | Coupon: 5 |
| Factor: | 1.0000000000 | Settle Curr: USD | OAS: | IRS: |
| Commission: | | FX USD/USD: 1.0 | Benchmark: | Duration: 6.35 |
| | | Swap Action: | Trd WebID: | F2 Return: |
| Swap Unwind Fee: | | Unwind Fee Settle Date: | | Turnover: N |
| Comment: | | | | Bank Letter: |

Ops Comment: |w/jkw

Unwind Fee Currency:

| Inv Group | Mnemonic | Port ID | Post To Port | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect % | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CY | FAM | 2454W | 2454W | 2,200,000 | 2,200,000.00 | 2,129,875.00 | 0.00 | 0.00 | 0.00 | 2,129,875.00 | 4.21 | 0.23 | 9.00 |
| | BKO | 237W | 237W | 38,000,000 | 38,000,000.00 | 36,788,750.00 | 0.00 | 0.00 | 0.00 | 36,788,750.00 | 6.30 | 0.39 | 5.10 |
| M | TMC | 2242W | 2242W | 15,000,000 | 15,000,000.00 | 14,521,875.00 | 0.00 | 0.00 | 0.00 | 14,521,875.00 | 4.32 | 0.24 | 9.55 |
| | | | | 55,200,000 | 55,200,000.00 | 53,440,500.00 | 0.00 | 0.00 | 0.00 | 53,440,500.00 | | | |

| « | » | Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | Window | Print | Help | AXElt |

myBESTX €0

**Trade Account Breakdown**

Security: PCGLD 30Yr 5.000 Oct     Trade Date: 09/04/08     Company: Morgan Stanley Inv.

CUSIP: 02R0506A4    Dealer: LEH     Settlement: 10/14/08     Customer: Diane Madera

Trade#: 671    Quantity: 577,168      Price: 96-26      Sent

C  B/S: BUY  Account:      (dec) |96.81250000|USD|LOOKUP| SEND |CLEAR|

| C | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|---|---|---|---|---|---|---|---|---|
| 25 | 1318W | = | 1.0699 | 6,175 | 5,978,171.88 | | 5,978,171.88 | Y | |
| 26 | 2109W | = | 5.0072 | 28,900 | 27,978,812.50 | | 27,978,812.50 | Y | |
| 27 | 1231W | = | 0.3032 | 1,750 | 1,694,218.75 | | 1,694,218.75 | Y | |
| 28 | 1285W | = | 3.6038 | 20,800 | 20,137,000.00 | | 20,137,000.00 | Y | |
| 29 | 1853W | = | 1.5247 | 8,800 | 8,519,500.00 | | 8,519,500.00 | Y | |
| 30 | 1975W | = | 13.7222 | 79,200 | 76,675,500.00 | | 76,675,500.00 | Y | |
| 31 | 3W | = | 1.7326 | 10,000 | 9,681,250.00 | | 9,681,250.00 | Y | |
| 32 | 2374W | = | 6.5839 | 38,000 | 36,788,750.00 | | 36,788,750.00 | Y | |
| 33 | 2422W | = | 2.5989 | 15,000 | 14,521,875.00 | | 14,521,875.00 | Y | |
| 34 | 2434W | = | 0.3812 | 2,200 | 2,129,875.00 | | 2,129,875.00 | Y | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 100.0000 | 577,168 | 558,770,770.04 | 0 | 558,770,770.04 | | |

| Detail | Tran | Brkdn | Account | Msg Brkdn | | PasteClipboard | 3/3 | Pg Up | Pg Dn |

Up
ALL
AXE
Dn

Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:12:22 PM

Exhibit VI

```
DTC INELIGIBLE CONFIRMATION          MSAN      PAGE    11015 TRADE NO 0000000000    INTL ID 9AQ76D0       SUBTER ACCT
TO     73215  MORGAN STANLEY INVEST MGMT FI TRADI    01/02/09  SEC CODE 02R25D6A4    REL REF                TRD TYPE D1
FROM    00636  LEHMAN BROTHERS INC.                             SEC NAME                                    POSSIBLE DUP
DTC BKR  0636  LEHMAN BROTHERS INC.
B/D INT ACCT  AGT INT ACCT AGT ID    ROLE  MKT  ACCT TYPE   SIDE  OPT EXP DATE         REC DATE             EFF DATE
1157290        502404       93034    PRIN  OTH  OTHER       SELL  ISSUE DATE           DEL DATE             EFF TIME
CUSIP/DES   02R05D6A4   TRADE DATE 09/10/08 SETTLEMENT 10/14/08  POOL NO              MSG ID               LOT ID
GOLD PC 30 YEAR - FNLMC       09/09/08  5.0000 T0810
ORDER NO:       STAT: IP   CONF 09/10 CANC 10/15                 CURR FACE           0.00000  YIELD                 TERM      0
                                                                ORG TRD PAR   11960000.00        GOOD DEL MM    0

CONF #       9AQ76D2-4510 FIRST INTERESTED PARTY:     00000      NO OF POOLS      0              NO OF DAYS ACCR INT       0
QTY          11,960,000                                          SERVICE TYPE                   OPTION TYPE
PRICE        98.968750                                           INT RATE    0.00000            MATURITY DATE
NET PRICE     0.000000
PRINC        11,836,662.50                                       SPECS 1 .                       SPECS 9
RG/SBP        0.00                                               SPECS 2                         SPECS 10
INT           0.00  SECOND INTERESTED PARTY:  MBS00000           SPECS 3                         SPECS 11
TAXES         0.00                                               SPECS 4                         SPECS 12
COMM          0.00                                               SPECS 5                         SPECS 13
OTHER         0.00                                               SPECS 6                         SPECS 14
NT AMT       11,836,662.50                                       SPECS 7                         SPECS 15
CONTROL #     111398044  AFFIRM BY 7:30 PM EST 10/15/08          SPECS 8                         SPECS 16
U.S. DOLLAR
```

**Reference # : 991872**

| Field | Value | | |
|---|---|---|---|
| Type: | Sell | Cusip: | 02R0506A4 | Symbol: | ILC3383A |
| ISIN: | | Sedol: | | Trader: | ADAMME |

Execution: 9/10/2008 10:33 AM
Last Update: 9/10/2008 11:23 AM
Status: CONFIRMED

Name: FHLMC TBA 5.000 01OCT2O38 FWD 14OCT2008

Trade Date: 9/10/2008  Settle Date: 10/14/2008  Accrued Days: 0

Broker: Lehman Brothers, USA VCT

| | |
|---|---|
| Current Face: | 15,808,000 |
| Original: | 15,808,000 |
| Price: | 98-31 |
| Factor: | 1.000000000 |
| Commission: | |

New Underwriting:
Currency: USD
FX USD/USD: 1.0
Settle Curr: USD
FX USD/USD: 1.0

10F3:
Implied Credit: N
Yield: N
Spread:
OAS:
Benchmark:

Delivery Date: TBA
Reason: Best Execution
Trd WebID:

ETS: None
Bad Factor: .00
Coupon:
IRS:
Duration:
F2 Return:

Pool Delivery: N
Turnover:
Bank Letter: ✓

5
4.24
6.00

Swap Unwind Fee:
Swap Action:
Unwind Fee Settle Date:
Unwind Fee Currency:

Comment:
Ops Comment: sw-mtm

| Inv. Group | Mnemonic | Port ID | Post To Pool | Original Face | Current Face | Principal (USD) | Interest | Commission | SEC Fee | Net | Port % | IRS Effect | New Cash % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| M | JIB | 2 | 1231W | 1231W | 1,346,000 | 1,346,000.00 | 1,332,119.38 | 0.00 | 0.00 | 0.00 | 1,332,119.38 | 1.98 | -0.08 | 1.98 |
| M | FST | 8 | 1853W | 1853W | 2,602,000 | 2,602,000.00 | 2,476,198.13 | 0.00 | 0.00 | 0.00 | 2,476,198.13 | 1.98 | -0.08 | 2.08 |
| M | BKO | 0 | 2374W | 2374W | 11,960,000 | 11,960,000.00 | 11,836,662.50 | 0.00 | 0.00 | 0.00 | 11,836,662.50 | 1.98 | -0.08 | 5.01 |
| | | | | 15,808,000 | 15,808,000.00 | 15,644,980.01 | 0.00 | 0.00 | 0.00 | 15,644,980.01 | | | |

TW (BRKDN) (jwitkowski-Morgan Stanley Inv.) TradeWeb W7.03NS

`«` `»` Main | Markets | Lists | Blot | Book | Msg | Pmon | Pref | Admin | Window | Print | Help | AXBt

myBESTX €0

*Trade Account Breakdown*

Security: PCGLD 30Yr 5.000 Oct    Trade Date: 09/10/08    Company: Morgan Stanley Inv.
CUSIP: 02R0506A4    Dealer: LEH    Settlement: 10/14/08    Customer: Adam Metzger
Trade#: 297    Quantity: 102,358    Price: 98-31    Sent

C | B/S: SELL | Account:      (dec) 98.96875000 USD LOOKUP | SEND | CLEAR

| | unt Short | V | Percent | QTY | Principal | Accrued | Total | Conf | as |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1850W | = | 56.2487 | 57,575 | 56,981,257.81 | | 56,981,257.81 | Y | |
| 2 | 1971W | = | 28.3075 | 28,975 | 28,676,195.31 | | 28,676,195.31 | Y | |
| 3 | 1231W | = | 1.3150 | 1,346 | 1,332,119.38 | | 1,332,119.38 | Y | |
| 4 | 1853W | = | 2.4444 | 2,502 | 2,476,198.13 | | 2,476,198.13 | Y | |
| 5 | 2374W | = | 11.6845 | 11,960 | 11,836,662.50 | | 11,836,662.50 | Y | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 0.0000 | 0 | | | | | |
| | | | 00.0000 | 102,358 | 101,302,433.13 | 0 | 101,302,433.13 | | |

Detail | Tran | Brkdn | Account | Msg Brkdn | PasteClipboard | 1/1 | Pg Up | Pg Dn

Up
ALL
AXE
Dn

Copyright (c) 2008 by Tradeweb. All Rights Reserved.
01/16/2009 06:17:20 PM

**EXHIBIT VII**

# FORM OF NOTICE OF TERMINATION OF TBA TRADES

September 29, 2008

Via E-Mail

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:       Deirdre Dunn
                 Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                 jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

      Morgan Stanley Investment Management Inc., on behalf of its advisory clients noted in Schedule A, has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

      Morgan Stanley Investment Management Inc. hereby gives notice that each Lehman TBA Trade set forth in Schedule A attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

      If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is noted in Schedule A.

      The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A will set forth the gain or loss for each terminated Lehman TBA Trade.

Morgan Stanley Investment Management Inc.          Receipt acknowledged by SIPC Trustee

By: _____                        By: _____
Name: Chris Corrao                                       Name:
Title: Executive Director                                Title:

# Schedule A

Use this schedule if Market Participant <u>has</u> entered into replacement trades.

Full Legal Name of Market Participant:  Morgan Stanley Investment Management Inc., on behalf of the following advisory clients
Name of Firm:  Morgan Stanley Investment Management Inc.
Today's Date:  September 29, 2008

| Information Regarding Lehman TBA Trades to be Terminated | | | | | | | | | | | Information Regarding Replacement Trades | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Portfolio Name | Buy or Sell? | Purchase/ Settlement | Original Cross | Issuer | TBA Coupon | Trade Issuance | Settlement Date | Trade Price | Principal (Pays)/ Current Factor | Counterparty | | Original Issuer | TBA Coupon | Trade Date | Settlement Date | Trade Price | Principal (Pays)/ Current Factor | Counterparty/ New Participant |



BOK HSM MBS

| Portfolio Name: | Prt Market Participant | Buy or Sell | Original Face | Issuer | TBA CUSIP | Trade Date | Settlement Date | Trade Price | Principal (Price x Current Face) | Counterparty |
|---|---|---|---|---|---|---|---|---|---|---|
| | Buy | | 2200000 | FHLMC 5 | 00R0606A4 | 9/4/2008 | 10/14/2008 | 96.8125 | 2,135,555.25 (USA) | ...urman Sachs & Co. |

| | Prt Market Participant | Buy or Sell | Original Face | Issuer | TBA CUSIP | Trade Date | Settlement Date | Trade Price | Principal (Price x Current Face) | Market Participant |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2200000 | FHLMC 5 | 00R0606A4 | 9/29/2008 | 10/14/2008 | 98.03125 | 2,156,650.63 | -26,934.3 |

BOK HSM MBS

| Buy | 2200000 | FHLMC 6 | 00R0606A3 | 9/9/2008 | 10/14/2008 | 100.896625 | 2,219,593.75 | JP Morgan Securities, Inc | 2200000 | FHLMC 6 | 00R0606A3 | 9/26/2008 | 10/14/2008 | 101.625 | 2,235,750.00 | -16,156.25 |

CONTROL #    569394252  AFFIRM BY 7:30 PM EST 10/09/08          SPECS 8                              SPECS 16
U.S. DOLLAR

BKBA (#2260) A/C# 189354 C/O MGR THRES OTW CHASE MANHATTAN BANK
OAN STANLEY INVESTMENT ONE TOWER FOR SETTLEMENT 10/14/08
BRIDGE 100 FRONT STREET, 11TH F
L 0901DTC ELIG. SECS. ONLY ALL 0

DTC INELIGIBLE CONFIRMATION              MSAM     PAGE    11023 TRADE NO        INTL ID              SUBTER ACCT
TO      73215  MORGAN STANLEY INVEST MGMT FI TRADI   01/02/09  SEC CODE        REL REF              TRD TYPE 01
FROM     00005  GOLDMAN SACHS AND COMPANY                     SEC NAME                              POSSIBLE DUP
DTC BKR    2681  BUY/ITC-DEALERS CLEARANCE GENERAL
B/D INT ACCT  AGT INT ACCT AGT ID   ROLE  MKT  ACCT TYPE   SIDE  OPT EXP DATE    REC DATE            EFF DATE 20080926
001659574      502404     93034    PRIN  OTC   CASH    BUY   ISSUE DATE 20081001  DEL DATE 20081014  EFN TIME
CUSIP/DES    02R050644   TRADE DATE 09/26/08 SETTLEMENT 10/14/08 POOL NO          MSG ID             LOT ID
TBA FNLMC 30-Yr GOLD (A0-A9,B2C8,D0-D8)
ORDER NO:      STAT: 1P  CONF 09/26 CANC 10/09               CURR FACE     2,210,000.00000  YIELD            TERM       0
                                                            ORG TRD PAR   2210000.00                      0

CONF #      092602374401 FIRST INTERESTED PARTY:      00000    NO OF POOLS   0        NO OF DAYS ACCR INT     0
QTY         2,210,000                                         SERVICE TYPE           OPTION TYPE
PRICE       98.031250                                         INT RATE   0.00000     MATURITY DATE
NET PRICE   98.031250
PRINC       2,166,490.62                                      SPECS 1 .               SPECS 9
RG/SHP      0.00                                              SPECS 2                 SPECS 10
INT         0.00 SECOND INTERESTED PARTY:  ABS00000           SPECS 3                 SPECS 11
TAXES       0.00                                              SPECS 4                 SPECS 12
COMM        0.00                                              SPECS 5                 SPECS 13
OTHER       0.00                                              SPECS 6                 SPECS 14
NT AMT      2,166,490.62                                      SPECS 7                 SPECS 15
CONTROL #   594699675  AFFIRM BY 7:30 PM EST 10/09/08         SPECS 8                 SPECS 16
U.S. DOLLAR

**EXHIBIT VIII**

# FORM OF NOTICE OF TERMINATION OF TBA TRADES

September 29, 2008

Via E-Mail

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:      Deirdre Dunn
                Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

Morgan Stanley Investment Management Inc., on behalf of its advisory clients noted in Schedule A, has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

Morgan Stanley Investment Management Inc. hereby gives notice that each Lehman TBA Trade set forth in Schedule A attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is noted in Schedule A.

The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A will set forth the gain or loss for each terminated Lehman TBA Trade.

Morgan Stanley Investment Management Inc.          Receipt acknowledged by SIPC Trustee

By: _____                       By: _____
Name: Chris Corrao                                     Name:
Title: Executive Director                              Title:

# Schedule A

Use this schedule if Market Participant has entered into replacement trades.

Full Legal Name of Market Participant: Morgan Stanley Investment Management Inc., on behalf of the following advisory clients

Name of Firm: Morgan Stanley Investment Management Inc.

Today's Date: September 29, 2008

| Information Regarding Lehman TBA Trades to be Terminated | | | | | | | | | | Information Regarding Replacement Trades | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Portfolio Name | Buy or Sell | Original Trade | Issue | TBA CUSIP | Trade Dates | Settlement Dates | Trade Price | Original Trade Price / Current Face | Commitment | Original Face | Issue | TBA CUSIP | Trade Dates | Settlement / Trade Dates | Settlement | Trade Price | Original Trade Price / Current Face | Market Participant | Unaffiliated / Affiliated |



BOK MSM MBS

```
DTC INELIGIBLE CONFIRMATION                    MSAM        PAGE     51229
TO      73215   MORGAN STANLEY INVEST MGMT FI TRADI        01/02/09
FROM    80218   WS CLEARING INC.
DTC BKR  0187   JP MORGAN SECURITIES INC.
B/D INT ACCT  AGT INT ACCT AGT ID   ROLE  MKT  ACCT TYPE    SIDE
559527         502404       93034   PRIN  OTH   CASH         BUY
CUSIP/DES    02R0506A4   TRADE DATE 09/26/08 SETTLEMENT 10/14/08
FGCL   5       OCT 08 TBA
ORDER NO:       STAT: IP   CONF 09/30 CONF 09/30


CONF #      T093036530-0 FIRST INTERESTED PARTY:     00000
QTY          23,830,000
PRICE         98.031250
NET PRICE     98.031250
PRINC     23,360,846.88
RG/SHP            0.00
INT               0.00 SECOND INTERESTED PARTY:  GDS00000
TAXES             0.00
COMM              0.00
OTHER             0.00
NT AMT    23,360,846.88
CONTROL #       470491063  AFFIRM BY 7:30 PM EST 09/30/08
U.S. DOLLAR
```

**EXHIBIT IX**

```
DTC INELIGIBLE CONFIRMATION          MSAM      PAGE    5767 TRADE NO 0000000000    INTL ID 99LGGC2        SUBTER ACCT
TO     73215  MORGAN STANLEY INVEST MGMT FI TRADI   12/05/08  SEC CODE 01F052698     REL REF               TRD TYPE 12
FROM   00636  LEHMAN BROTHERS INC.                            SEC NAME                                    POSSIBLE DUP
DTC BKR  0636  LEHMAN BROTHERS INC.
B/D INT ACCT  AGT INT ACCT AGT ID    ROLE  MKT  ACCT TYPE   SIDE  OPT EXP DATE       REC DATE              EFF DATE 20080801
1157290       502404       93C34     PRIN  OTH  OTHER       SELL  ISSUE DATE         DEL DATE 20080924     EFN TIME
CUSIP/DES     31415WCV3  TRADE DATE 09/05/08 SETTLEMENT 09/11/08  POOL NO 0991104    MSG ID                LOT ID 001.00
05.5DGFN8538G901BE#M8S FIXED RATE
ORDER NO:      STAT: IP   CORR 09/19                          CURR FACE       483,056.00000  YIELD                      TERM      0
                                                             ORG TRD PAR     483056.00       GOOD DEL MM      0

CONF #       99LGGC2-3463 FIRST INTERESTED PARTY:     D000D    NO OF POOLS      0             NO OF DAYS ACCR INT   1D
QTY              483,056                                        SERVICE TYPE                  OPTION TYPE
PRICE          99.714843                                        INT RATE     0.00000          MATURITY DATE
NET PRICE       0.000000
PRINC          481,678.54                                       SPECS 1  .                    SPECS 9
RG/SRP              0.00                                        SPECS 2                       SPECS 10
INT                7.30 SECOND INTERESTED PARTY:  MBS00000      SPECS 3                       SPECS 11
TAXES              0.00                                         SPECS 4                       SPECS 12
COMM               0.00                                         SPECS 5                       SPECS 13
OTHER              0.00                                         SPECS 6                       SPECS 14
NT AMT         482,416.54                                       SPECS 7                       SPECS 15
CONTROL #         652688692  AFFIRM BY 7:30 PM EST 09/19/08     SPECS 8                       SPECS 16
U.S. DOLLAR

            021000018
BK OF NYC/
CUST/
502404
```

'TRADE DATE = 'Sep 05 2008' AND TRADE SETTLE DATE = 'Sep 11 2008' AND BROKER ID =
    AND TRANSACTION TYPE = Sell AND TRADE STATUS IN ( CANCELLED,
    NCEL/CORRECT, CONFIRMED ) AND CLIENT IN ( Van Kampen Core Plus, Mass Mutual
Targeted Duration Mortgage, BOK MSIM MBS, Nationwide, Hartford C4K, Hartford-C4C, MSIF

| Tran Type: Sell | CONFIRMED |
|---|---|

| Issuer: FNMA | Cusip: 31415WCV3 | Symbol: VHA6408A |
|---|---|---|
|  | Sedol: | ISIN: |
| Asset Type: Bond | Tranche/Pool: 991184 | Factor: 1.00000000 |
| Maturity: 9/1/2038 | Coupon: 5.5 | YTM: 0.00 |

| Trade Dt.: 9/5/2008 | Settle Date: 9/11/2008 | Price: 99.71484375 |
|---|---|---|
| Spread: | Benchmark: | Commission Rate:0.00000 |
| Trader: EPN | Broker: xLehman Brothers, USA VCT |  |
| ETS: | NewUnderwriting: ☐ 10F3: ☐ | Implied Credit: |
| Comment: |  |  |

| Portfolio | Post To Port | Orig. Face | Bonds | Accrued | Principal | Comsn | SEC fee | Net Port% | IRS | Dur |
|---|---|---|---|---|---|---|---|---|---|---|
| 2374W | 2374W | 483,056 | 483,056.00 | 738.00 | 481,678.54 | 0.00 |  | 482,416.54 | 0.08 |  |
|  |  | 483,056 | 483,056.00 | 738.00 | 481,678.54 | 0.00 | 0.00 | 482,416.54 |  |  |

**EXHIBIT X**

# NOTICE OF TERMINATION OF OUTSTANDING SPECIFIED TRADES

October 15, 2008 (Date of Submission of this Form)

October 15, 2008 (Date of Termination)

**Via E-Mail**

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:          Deirdre Dunn
                    Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

Morgan Stanley Investment Management Inc., on behalf of its advisory clients noted in Schedule B, has entered into agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in September 2008 that have failed to deliver (each, a "Lehman Specified Trade").

Morgan Stanley Investment Management Inc. hereby gives notice that each Lehman Specified Trade set forth in Schedule B attached hereto is hereby terminated (the "Termination Date"). This notice is effective as of the Termination Date.

If the Specified Trade was terminated on or after September 30, 2008, then the date that the notice is submitted shall be the termination date.

A completed Schedule B including the information on the replacement trades (which were replaced after September 30) will be submitted within ten (10) business days of the Submission of this Form.

The gain or loss on each terminated Lehman Specified Trade shall be calculated based on the difference between the price of each terminated Lehman Specified Trade and the termination price. The completed Schedule B will set forth the gain or loss for each terminated Lehman Trade.

Morgan Stanley Investment Management Inc.          Receipt acknowledged by SIPC Trustee

By: _Chris Cohan_                                  By: _Maria T___

Name: _Chris Coerad_                               Name: Maria Termini

Title: _Executive Director_                        Title: Counsel to James W. Giddens,
                                                          Trustee for the SIPA Liquidation of
                                                          Lehman Brothers Inc.

# Schedule B

Use this schedule if Market Participant has entered into replacement trades **after** September 30th.

Full Legal Name of Market Participant:   Morgan Stanley Investment Management Inc. on behalf of our advisory clients
Name *of* Firm:   Morgan Stanley Investment Management Inc.
Today's Date:   Originally submitted 10/15/08, completed with replacement trade details 10/24/08

| Information Regarding Lehman Outstanding Specified Pool Trades to be Terminated | | | | | | | September P&I Received/Owed | | Information Regarding Replacement Trades and Gain (or Loss) | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23YAW | Sell | 483.00 | FNMA | 31415WQV3 | 9/5/2008 | 09:714945275 | 491,976.54 | 738.00 FD10-4521654 | 3,372.89 | 1,416.01 | Goldman Sell | 483.00 | FNMA | 31415WQV3 |

(continued) | 10/15/2008 | 10/20/2008 | 98.503125 | 471,053.60 | 1,362.41 FD24742635911A0F54511A53

```
DTC INELIGIBLE CONFIRMATION          NSAM      PAGE    11107 TRADE NO              INTL ID              SUBTER ACCT
TO    73215  MORGAN STANLEY INVEST MGMT FI TRADI    01/02/09 SEC CODE            REL REF              TRD TYPE 12
FROM    00005  GOLDMAN SACHS AND COMPANY                     SEC NAME                                 POSSIBLE DUP
DTC BKR  2681  BNY/ITC-DEALERS CLEARANCE GENERAL
B/D INT ACCT  AGT INT ACCT AGT ID  ROLE  MKT  ACCT TYPE  SIDE  OPT EXP DATE        REC DATE             EFF DATE 20081001
001658574      502404      93034   PRIN  OTC  CASH        SELL  ISSUE DATE 20080901 DEL DATE 20081020   EFN TIME
CUSIP/DES    31415WCV3   TRADE DATE 10/15/08 SETTLEMENT 10/20/08  POOL NO          MSG ID               LOT ID
05.500FNMS380901BE#WBS FIXED RATE
ORDER NO:    STAT: IP   CONF 1D/15                         CURR FACE      479,683.11000 YIELD                    TERM     0
                                                           ORG TRD PAR    483056.00  GOGD DEL M#    0

CONF #      101562852702 FIRST INTERESTED PARTY:      00000  NO OF POOLS    0         NO OF DAYS ACCR INT    0
QTY            483,056                                       SERVICE TYPE             OPTION TYPE
PRICE        98.203125                                       INT RATE   0.00000       MATURITY DATE
NET PRICE    98.203125
PRINC        471,063.80                                      SPECS 1 .                SPECS 9
RG/SBP          0.00                                         SPECS 2                  SPECS 10
INT            13.92 SECOND INTERESTED PARTY:  MBSD0000      SPECS 3                  SPECS 11
TAXES           0.00                                         SPECS 4                  SPECS 12
COMM            0.00                                         SPECS 5                  SPECS 13
OTHER           0.00                                         SPECS 6                  SPECS 14
NT AMT      472,456.22                                       SPECS 7                  SPECS 15
CONTROL #    421036916  AFFIRM BY 7:30 PM EST 10/15/08       SPECS 8                  SPECS 16
U.S. DOLLAR

#2374W- BOK HSIN MBS A/C# 502404 NHATTAN BANK  DTD 9 1 8    DEL 1
C/O MORGAN STANLEY INVESTMENT D 0 20 8
NE TOWER BRIDGE 0901DTC ELIG. SE
CS. ONLY ALL OTHERS OTW CHASE MA
```

Trade History Report

1/20/2009

TRADE DATE = 'Oct 15 2008' AND TRADE SETTLE DATE = 'Oct 20 2008' AND TRANSACTION     Page 26 of 26
'E = Sell  AND TRADE STATUS IN ( CANCELLED, CANCEL/CORRECT, CONFIRMED )

**Tran Type: Sell     CONFIRMED**

| | | |
|---|---|---|
| Issuer: FNMA | Cusip: 31415WCV3 | Symbol: VHA6408A |
| STP S/T: 10/15/08 17:55 | Sedol: | ISIN: US31415WCV37 |
| Asset Type: Bond | Tranche/Pool: 991184 | Factor: 0.99301761 |
| Maturity: 9/1/2038 | Coupon: 5.5 | YTM: |

| | | |
|---|---|---|
| Trade Dt.: 10/15/2008 | Settle Date: 10/20/2008 | Price: 98-06 1/2 |
| Spread: | Benchmark: | Commission Rate: |
| Trader: ADAMME | Broker: Goldman Sachs & Co. (USA) GSH | |
| ETS: None | NewUnderwriting: ☐ 10F3: ☐ | Implied Credit: 0 |
| Comment: | | |

| Portfolio | Post To Port | Orig. Face | Bonds | Accrued | Principal | Comsn | SEC fee | Net | Port% | IRS | Dur |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9W | 9W | 165,839 | 164,681.05 | 478.03 | 161,721.93 | | 0.00 | 162,199.97 | 0.01 | -0.00 | 0.00 |
| 1625W | 1625W | 44,218 | 43,909.25 | 127.46 | 43,120.26 | | 0.00 | 43,247.72 | 0.02 | -0.00 | 0.00 |
| 2374W | 2374W | 483,056 | 479,683.11 | 1,392.41 | 471,063.81 | | 0.00 | 472,456.21 | 0.08 | -0.00 | 0.00 |
| 2418W | 2418W | 1,512,789 | 1,502,226.12 | 4,360.63 | 1,475,232.99 | | 0.00 | 1,479,593.62 | 0.08 | -0.00 | 0.00 |
| 2439W | 2439W | 200,000 | 198,603.52 | 576.50 | 195,034.86 | | 0.00 | 195,611.36 | 0.08 | -0.00 | 0.00 |
| | | 2,405,902 | 2,389,103.05 | 6,935.03 | 2,346,173.85 | 0.00 | 0.00 | 2,353,108.88 | | | |



# <u>EXHIBIT B</u>

2374W

James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

*In re* Lehman Brothers Inc.

Case No. 08-01420 (JMP) SIPA

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 10, 2009

**VIA UPS OVERNIGHT**

THE BANK OF KOREA
DAVID BRECK
MORGAN STANLEY INVESTMENT MANAGEMENT
ONE TOWER BRIDGE – 100 FRONT STREET, SUITE 400
WEST CONSHOHOCKEN, PA 19428

Re:  Claim Number(s):    800003106
Account Number(s):  1157290

Dear Claimant:

### PLEASE READ THIS NOTICE CAREFULLY

The liquidation of the business of Lehman Brothers Inc. ("LBI") is being conducted by James W. Giddens, Trustee (the "Trustee") under the Securities Investor Protection Act of 1970, as amended ("SIPA") pursuant to an order entered on September 19, 2008 by the United States District Court for the Southern District of New York. You have submitted the above-referenced claim(s) (the "Claim") as a customer claim in this proceeding. This Notice is applicable only to the claim(s) and/or accounts identified above. If you filed other claims, additional notices will be issued.

The Trustee has made the following determination regarding your Claim:

Your claim for customer treatment of cash and/or securities under the SIPA is DENIED. The cash and/or securities that you claimed are not customer property pursuant to SIPA. As such, your claim is not entitled to treatment as a customer claim eligible to share from the fund of customer property or SIPA cash advances.

Although the Trustee has denied your claim for customer treatment under SIPA, he is converting your claim to a general creditor claim on the Debtor's estate, similar to a claim in an ordinary bankruptcy case. No determination is being made as to the validity or allowed amount of the claim at this time. After the determination of customer claims, the Trustee will address all general creditor claims and you will receive a further notification as to the Trustee's determination of your general creditor claim.

With respect to the determination of your claim as a general creditor claim, you do not need to take any further action at this time. The Trustee will send you a further notification once he has made a determination of your claim as a general creditor claim.

**PLEASE TAKE NOTICE:** If you disagree with the determination that your claim is Denied as a customer claim and desire a hearing before Bankruptcy Judge James M. Peck, you MUST file your written opposition, setting forth (i) the claim number; (ii) a detailed statement of the reasons for your objection to the Trustee's determination; (iii) copies of any document or other writing upon which you rely; and (iv) mailing, phone, and email contact information, with the United States Bankruptcy Court and the Trustee within THIRTY DAYS of the date of this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must file your opposition in accordance with the above procedure electronically with the Court on the docket of *In re* Lehman Brothers Inc., Case No. 08-01420 (JMP) SIPA in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format.

If you do not have means to file your opposition electronically, you may mail your opposition to:

> Clerk of the United States Bankruptcy Court
> Southern District of New York
> One Bowling Green
> New York, New York 10004

2

**PLEASE TAKE FURTHER NOTICE:**  You must serve your opposition upon the Trustee's counsel by mailing a copy to:

> Hughes Hubbard & Reed LLP
> One Battery Park Plaza
> New York, NY 10004
> Attn:  LBI Hearing Request
>
> Attorneys for James W. Giddens, Trustee for
> the SIPA Liquidation of Lehman Brothers Inc.

> Very Truly Yours,
>
> James W. Giddens
> Trustee for the SIPA Liquidation of
> Lehman Brothers Inc.

3