**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
|       LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
|                                Debtor. | |

**STIPULATION AND ORDER IN CONNECTION WITH THE RETURN TO
SECURITY LIFE OF DENVER
OF A POST-PETITION MISDIRECTED TRANSFER**

WHEREAS, on September 19, 2008 (the "Commencement Date"), a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI") and James W. Giddens was appointed as Trustee under the SIPA (the "Trustee") to administer LBI's estate (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

WHEREAS, after the Commencement Date, on June 19, 2009, Security Life of Denver (the "Sender") sent a wire transfer of US$263,385.03 (the "Transfer") to LBI account #xxx xx4 221 at JPMorgan Chase Bank, N.A. (the "Receiving Institution") (FFC: Neuberger Berman Private Fund C (the "Beneficiary")), as represented to the Trustee by ING Group, N.V. on behalf of the Sender;

WHEREAS, the Sender notified the Trustee and represented that the Transfer had been made in error and should have been transferred to another account; and

WHEREAS, following receipt from the Sender of information concerning the Transfer and a request to return the Transfer (collectively, the "Request Documents"), the Trustee conducted an investigation and, in consultation with his professional advisors, determined that the Transfer had in fact been misdirected and that LBI should return the Transfer.

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

    1.    The Trustee is authorized to instruct the Receiving Institution to return the Transfer in accordance with wire instructions provided by the Beneficiary within three (3) business days of the Court's approval of this Stipulation;

    2.    Upon the Trustee's wiring the Transfer in accordance with instructions received from the Sender, the Sender, the Beneficiary, and their respective agents, employees, principals, professionals, successors, and assigns shall be deemed to have waived and released any claims they might have against the Trustee, his professionals, successors and assigns, the LBI estate and the Securities Investor Protection Corporation ("SIPC") with

respect to such Transfer, including, without limitation, any claims for interest, costs and attorneys fees;

3. The Trustee is relying on the representations in this Stipulation and the Request Documents, that these representations are true and correct, and that the Sender and the Beneficiary acknowledge that the Trustee can refuse to deliver or seek the return of the Transfer if these representations are not true and correct;

4. The Beneficiary agrees to indemnify the Trustee, the LBI estate, the Trustee's professionals and agents and SIPC against any liabilities and expenses they may incur for any claim made against any of them (including, without limitation, any claim made by them to recover these funds), relating to or arising out of any material misrepresentation made by the Beneficiary or on the Beneficiary's behalf in this Stipulation, the Request Documents, or in connection with the return of such funds;

5. The Sender agrees to indemnify the Trustee, the LBI estate, the Trustee's professionals and agents and SIPC against any liabilities and expenses they may incur for any claim made against any of them (including, without limitation, any claim made by them to recover these funds), relating to or arising out of any material misrepresentation made by the Sender or on the Sender's behalf in this Stipulation, the Request Documents, or in connection with the return of such funds;

6. The Trustee, the Sender, and the Beneficiary expressly reserve all of their rights and defenses with respect to any other claims each might have against the other;

7. Notwithstanding the proposed return of the Transfer pursuant to this Stipulation, nothing herein shall be construed to prejudice the Trustee's rights in any way whatsoever to determine whether any other funds have been misdirected and must be returned or to require the Trustee to seek court approval to return misdirected funds. The Trustee expressly reserves all of his rights with respect to funds alleged to have been misdirected;

8. This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed signatures shall be deemed originals;

9. Each individual signing this Stipulation on behalf of any party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the party indicated; and

10. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA apply, without regard to New York's rules governing conflicts of laws.

Dated: New York, New York
January 25, 2010

| | |
|---|---|
| NEUBERGER BERMAN PRIVATE FUND C | By: /s/ Daniel S. Lubell<br>James B. Kobak, Jr.<br>Daniel S. Lubell |
| By: /s/ Chris Colmone<br>Name: Chris Colmone<br>Title: Client Associate | Jeffrey S. Margolin<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>(212) 837-6000 |
| SECURITY LIFE OF DENVER | |
| By: /s/ Mary Bee Wilkinson<br>Name: Mary Bee Wilkinson<br>Title: Vice President | ATTORNEYS FOR JAMES W. GIDDENS, ESQ., AS TRUSTEE FOR THE SIPA LIQUIDATION OF THE BUSINESS OF LEHMAN BROTHERS INC. |

SO ORDERED this 4th day of February, 2010

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE