UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:                                                )
                                                      )   CHAPTER 7
BB LIQUIDATING, INC.,                                 )
f/k/a Blockbuster Inc., *et al.*,                     )   Case No. 10-14997-cgm
                                                      )
        Debtors.                                      )
                                                      )

**STIPULATION AND ORDER FOR LIMITED RELIEF FROM AUTOMATIC STAY**

This stipulation and order for limited relief from the automatic stay (this "Stipulation") is made by and among MaGaly Ickes ("Plaintiff") and Robert L. Geltzer, Esq., as the Chapter 7 Trustee ("Trustee") of BB Liquidating, Inc., f/k/a Blockbuster, Inc. ("Debtors"), by the undersigned counsel.

**RECITALS**

A.  On September 23, 2010, Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The case was converted to Chapter 7 on July 16, 2013.

B.  On or about July 22, 2013, Robert L. Geltzer, Esq., was appointed as interim trustee in Debtors' case, and thereafter became the permanent trustee in Debtors' case.

C.  Plaintiff has personal injury claims against Debtors (the "Claims").

D.  On August 12, 2010, Plaintiff, through her counsel, commenced an action against Debtors in the State Court of DeKalb County for the State of Georgia, No. 10A30947-1 (the "Civil Action"). The Civil Action alleges, among other things, personal injury related to a fall that occurred on January 28, 2009. On October 5, 2010, Debtors filed a Notice of Bankruptcy in the Civil Action informing that Court of the bankruptcy and the automatic stay.

E. Plaintiff seeks to proceed on and collect against her Claims and to continue the Civil Action against the Debtors' insurance coverage, but only to the extent of any existing insurance coverage or proceeds attributable to the Debtors, based on the injuries Plaintiff allegedly sustained, insofar as such proceeds are not an asset of the Debtors' estate or otherwise available to the creditor body.

F. The Trustee has no objection to the Plaintiff proceeding on or collecting against the Claims or continuing the Action as specified above on the terms and conditions set forth herein.

## TERMS AND CONDITIONS

1. This Stipulation shall not be effective until it is so ordered by the Bankruptcy Court.

2. The automatic stay is hereby modified to permit the Plaintiff to proceed on and collect against the Claims and to continue the Action against the Debtors' insurance coverage, *but only to the extent of any existing insurance coverage or proceeds attributable to the Debtors*, based on the injuries the Plaintiff allegedly sustained; provided, however, that neither the Debtors nor the Trustee shall have any obligation to take part in, spend time on, or expend any assets of the Debtors' estate in connection with any aspect of the Action or the Claims including, without limitation, appearing as a witness in any conference, hearing, deposition or examination, or responding to discovery requests.

3. This stipulation shall not be deemed an admission of liability on the part of the Debtors, the Debtors' estate or the Trustee with respect to any claim asserted by the Plaintiff, and

nothing contained herein shall be deemed to be waiver of any defense or claim by any party to this Stipulation, except as specifically provided above.

4. This Stipulation shall not be deemed to relieve any person or entity *other than the Debtors and the Trustee* from any obligation to take part in, spend time on, or expend any assets in connection with any aspect of the Action or the Claims including, without limitation, appearing as a witness in any conference, hearing, examination, or deposition, or responding to discovery requests.

DATED September 9, 2016

By:

/s/ Rocco A. Cavaliere
ROCCO A. CAVALIERE
**Tarter Krinsky & Drogin, LLP**
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
rcavaliere@tarterkrinsky.com

*Special Litigation Counsel to Robert L. Geltzer as Chapter 7 Trustee*

/s/ Madeline E. McNeeley
MADELINE E. McNEELEY
**Harris Penn Lowry LLP**
400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
molly@hpllegal.com

*Attorney for Plaintiff*

**SO ORDERED.**

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK



**Dated: October 5, 2016**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**