Martin J. Bienenstock
Irena M. Goldstein
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for The Royal Bank of*
*Scotland N.V. (Formerly Known as*
*ABN AMRO Bank N.V.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>LEHMAN BROTHERS INC.,<br><br>                    Debtor. | Bankr. Case No. 08-01420 (JMP)<br>SIPA |
| THE ROYAL BANK OF SCOTLAND N.V.,<br><br>                    Movant,<br><br>                    v.<br><br>JAMES W. GIDDENS, AS TRUSTEE FOR<br>SIPA LIQUIDATION OF LEHMAN<br>BROTHERS INC.,<br><br>                    Respondent. | |

**NOTICE OF RBS N.V.'S MOTION FOR ORDER COMPELLING**
**COMPLIANCE WITH PROCEDURAL ORDER, DATED SEPTEMBER 26,**
**2011, STRIKING LBI TRUSTEE'S REPLY FOR FAILING TO COMPLY WITH**
**BANKRUPTCY RULE 7056 AND LOCAL RULE 7056-1, AND REQUIRING**
<u>**LBI TRUSTEE TO PROVIDE RBS N.V. WITH DISCOVERY**</u>

PLEASE TAKE NOTICE that The Royal Bank of Scotland N.V. ("<u>RBS N.V.</u>"), formerly

known as ABN AMRO Bank N.V., has filed the attached motion (the "<u>Motion</u>") with the United

States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") for an

order (i) compelling compliance with the Bankruptcy Court's order, dated September 26, 2011 [Docket No. 4576], by James W. Giddens (the "LBI Trustee"), Trustee for the Securities Investor Protection Act liquidation of Lehman Brothers Inc. ("LBI"), (ii) striking the Reply, filed October 13, 2011 [Docket No. 4637] (the "Reply"), by the LBI Trustee in support of his motion for an order enforcing the automatic stay and the order commencing the liquidation of LBI [Docket No. 1] and compelling payment of over $345 million plus interest from RBS N.V., filed June 29, 2011 [Docket No. 4370] (the "Motion to Compel"), and (iii) requiring that the LBI Trustee provide RBS N.V. with all reasonable discovery it requests before the LBI Trustee may proceed to a hearing on the merits of the Motion to Compel, the Reply, or any motion for summary judgment.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court shall hold a hearing in order to consider the relief requested by RBS N.V. in the Motion on **November 17, 2011 at 2:00 p.m. (prevailing Eastern Time)** or as soon thereafter as the parties may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "Hearing").

PLEASE TAKE FURTHER NOTICE that RBS N.V., by letter dated October 17, 2011, requested that the Bankruptcy Court allow the Motion to be heard on **October 20, 2011 at 10:00 a.m. (prevailing Eastern Time)**, after the LBI Trustee advised RBS N.V. that he had no position on its scheduling.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief sought by RBS N.V. in the Motion must (i) be in writing and state with particularity the legal and factual basis for the objection; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Amended Order Pursuant to*

*Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief*, entered July 13, 2010 [Docket No. 3466] (the "<u>Case Management Order</u>"); and (iii) be filed with the Bankruptcy Court, together with a proof of service, and served upon the following parties so as to be actually received on or before **November 10, 2011 at 4:00 p.m. (prevailing Eastern Time)**: (a) the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, Courtroom 601 of the Bankruptcy Court, One Bowling Green, New York, New York 10004; (b) Dewey & LeBoeuf LLP, Attn: Martin J. Bienenstock and Irena M. Goldstein, 1301 Avenue of the Americas, New York, New York 10019; (c) Menaker & Herrmann LLP, Attn: Richard G. Menaker and Samuel F. Abernethy, 10 East 40th Street, New York, New York 10016; (d) Hughes Hubbard & Reed LLP, Attn: Christopher K. Kiplock and Jeffrey S. Margolin, One Battery Park Plaza, New York, New York, 10004; and (e) any other person or entity entitled to service under the Case Management Order.

PLEASE TAKE FURTHER NOTICE that the Hearing may be adjourned from time to time by RBS N.V. without further notice other than by such adjournment being announced in the Bankruptcy Court or by a notice of adjournment filed with the Bankruptcy Court and served upon parties entitled to receive notice in the above-captioned proceeding and parties which have filed objections to the Motion.

PLEASE TAKE FURTHER NOTICE that if no objection to the Motion is timely filed and served, the Bankruptcy Court may enter an order granting the relief requested by RBS N.V. in the Motion without further notice or opportunity to be heard afforded to any party.

Dated: October 17, 2011
      New York, New York

Respectfully Submitted,

/s/ Martin J. Bienenstock
Martin J. Bienenstock
Irena M. Goldstein
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for The Royal Bank of Scotland N.V. (Formerly Known as ABN AMRO Bank N.V.)*

Martin J. Bienenstock
Irena M. Goldstein
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for The Royal Bank of*
*Scotland N.V. (Formerly Known as*
*ABN AMRO Bank N.V.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>LEHMAN BROTHERS INC.,<br><br>              Debtor. | Bankr. Case No. 08-01420 (JMP)<br>SIPA |
| THE ROYAL BANK OF SCOTLAND N.V.,<br><br>              Movant,<br><br>              v.<br><br>JAMES W. GIDDENS, AS TRUSTEE FOR<br>SIPA LIQUIDATION OF LEHMAN<br>BROTHERS INC.,<br><br>              Respondent. | |

**RBS N.V.'S MOTION FOR ORDER COMPELLING**
**COMPLIANCE WITH PROCEDURAL ORDER, DATED SEPTEMBER 26,**
**2011, STRIKING LBI TRUSTEE'S REPLY FOR FAILING TO COMPLY WITH**
**BANKRUPTCY RULE 7056 AND LOCAL RULE 7056-1, AND REQUIRING LBI**
**TRUSTEE TO PROVIDE RBS N.V. WITH DISCOVERY**

The Royal Bank of Scotland N.V. ("RBS N.V."), formerly known as ABN AMRO Bank N.V., hereby moves for an order (i) compelling compliance with the order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated September 26, 2011 [Docket No. 4576] (the "Procedural Order"), by James W. Giddens (the "LBI Trustee"), Trustee for the Securities Investor Protection Act ("SIPA") liquidation of Lehman Brothers Inc. ("LBI"), (ii) striking the Reply, filed October 13, 2011 [Docket No. 4637] (the "Reply") by the LBI Trustee in support of his motion for an order enforcing the automatic stay and the order commencing the liquidation of LBI [Docket No. 1] (the "Liquidation Order") and compelling payment of over $345 million plus interest from RBS N.V., filed June 29, 2011 [Docket No. 4370] (the "Motion to Compel"), for failing to comply with Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which applies to contested matters pursuant to Bankruptcy Rule 9014(c), and Rule 7056-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), without prejudice, so that the LBI Trustee can move for summary judgment in accordance with Bankruptcy Rule 7056 and Local Rule 7056-1, as required to request summary judgment on the pleadings, and (iii) requiring that the LBI Trustee provide RBS N.V. with all reasonable discovery it requests before the LBI Trustee may proceed to a hearing on the merits of the Motion to Compel, the Reply, or any motion for summary judgment.[1]

---

[1] RBS N.V. submits this motion defensively, and does not waive and expressly reserves its Article III rights and contentions that the LBI Trustee's Motion to Compel cannot be constitutionally tried and determined by the Bankruptcy Court.

<u>**PRELIMINARY STATEMENT**</u>

1.  By the Procedural Order, the Bankruptcy Court ordered that the Part VII Bankruptcy Rules apply to this contested matter to enable RBS N.V. "to pursue all appropriate discovery and to have all of the procedural protections otherwise available in an adversary proceeding."

2.  Consistent with the Procedural Order, on September 23, 2011, RBS N.V. served a response to the Motion to Compel [Docket No. 4575] (the "<u>Answer</u>").  Pursuant to Civil Rule 8, made applicable by Bankruptcy Rule 7008, the Answer admits or denies the allegations in the Motion to Compel and sets forth RBS N.V.'s affirmative defenses to the LBI Trustee's claims, together with legal authorities for several of the defenses.  The Answer disputes many of the factual positions set forth in the Motion to Compel, including that the swap agreement between LBI and RBS N.V. (the "<u>ISDA Agreement</u>") is the sole agreement governing the relationship between the parties, *see* Motion to Compel at ¶¶30-33, and that LBI was not bound by the Terms of Agreement delivered to it over 800 times (the "<u>Terms of Agreement</u>") under non-bankruptcy law, *see* Motion to Compel at ¶¶39-46.  In addition, the Answer includes affirmative defenses which, if successful, would obviate the need to address whether triangular setoff is permitted under the Bankruptcy Code, namely, that RBS N.V. has a security interest in the funds sought by the LBI Trustee and that RBS N.V. terminated the ISDA Agreement on September 15, 2008, four days before the SIPA proceeding commenced and the Liquidation Order was entered.  *See* Answer at ¶¶75, 77.

3.  The LBI Trustee filed his Reply, which seeks summary judgment on his Motion to Compel, in response to the Answer.  In the "Conclusion" of the Reply, the LBI Trustee requests entry of "an order … compelling payment by RBS of the Withheld Funds."  The LBI Trustee, however, has failed to comply with the requirements of Civil Rule 56, made applicable

by Bankruptcy Rule 7056, which requires that the LBI Trustee identify "each claim or defense – or the part of each claim or defense – on which summary judgment is sought," and Local Rule 7056-1, which requires that the LBI Trustee schedule a pre-motion conference prior to moving for summary judgment and annex to its moving papers "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  The Local Rule further provides that "[f]ailure to submit the statement shall constitute grounds for denial of the motion."  Had the LBI Trustee complied with the Bankruptcy and Local Rules, RBS N.V. would then comply and submit counterstatements showing the Bankruptcy Court exactly what is in dispute.

4.     The LBI Trustee states that he concedes certain factual issues for the purpose of his Motion to Compel and that as a result no evidentiary hearing is required.  *See* Reply at 3 ("Here the Court may assume … that RBS's allegations of fact are true"); Reply at 6 ("the Court may assume to be true RBS's various assertions concerning the Terms of Agreement"). However, the LBI Trustee does not state *which* statements of fact and assertions by RBS N.V. the LBI Trustee does not dispute.  Notably, in the Reply, the LBI Trustee disputes statements by RBS N.V. concerning the effect of RBS N.V.'s early termination of the ISDA Agreement on September 15, 2008 and the validity of RBS N.V.'s security interest, Reply at 7, notwithstanding the fact that the Terms of Agreement that the LBI Trustee assumes valid for purposes of his Motion to Compel includes a clear grant of a security interest to RBS N.V. and appointment of RBS N.V. as LBI's agent and attorney in fact.   Perhaps more significantly, the LBI Trustee's concession does not change the fact that the LBI Trustee is seeking summary judgment or render Bankruptcy Rule 7056 or Local Rule 7056-1 inapplicable.

5. The LBI Trustee's failure to comply with the Bankruptcy and Local Rules deprives RBS N.V. of the procedural protections it is entitled to under the Procedural Order, inclusive of its right to discovery, which the LBI Trustee has not provided,[2] and should be deemed fatal to his request that the Bankruptcy Court allow the LBI Trustee to prosecute his motion on October 20, 2011.

## RELIEF REQUESTED

6. By failing to move for summary judgment or file a Local Rule 7056-1 statement, the LBI Trustee has failed to comply with the Procedural Order which, by its terms, provides that RBS N.V. is entitled to the procedural safeguards provided by the Bankruptcy and Local Rules. Accordingly, RBS N.V. respectfully requests that the Bankruptcy Court enter an order, substantially in the form attached hereto as Exhibit A, (i) compelling the LBI Trustee to comply with the Procedural Order, (ii) striking the Reply, without prejudice, so that the LBI Trustee can move for summary judgment in accordance with Bankruptcy Rule 7056 and Local Rule 7056-1, and (iii) requiring that the LBI Trustee provide RBS N.V. with all reasonable discovery it requests before the LBI Trustee may proceed to a hearing on the merits of the Motion to Compel, the Reply, or any motion for summary judgment.

## BASIS FOR RELIEF REQUESTED

## I. The LBI Trustee Failed to Comply With Bankruptcy Rule 7056

7. As noted above, the LBI Trustee has failed to identify the claims or defenses upon which he seeks summary judgment, in violation of Civil Rule 56, made applicable by

---

[2] As noted in RBS N.V.'s supplemental memorandum, filed October 12, 2011 [Docket No. 4632] (the "Supplemental Memorandum"), RBS N.V. propounded its first set of requests for the production of documents on August 26, 2011 and the parties have since met and conferred. However, to date, no discovery has been furnished by the LBI Trustee.

Bankruptcy Rule 7056. RBS N.V. previously identified several claims brought by the LBI Trustee in his Motion to Compel. *See* Answer at 58-59 (identifying, in the Motion to Compel, a contract claim under the ISDA Agreement, a claim that RBS N.V.'s contractual setoff right is unenforceable under the Bankruptcy Code, a claim that RBS N.V.'s contractual setoff right is unenforceable under New York law and cannot coexist with the ISDA Agreement, and a stay violation claim premised on victory of his contract claims). In addition, RBS N.V.'s Answer raises fifteen affirmative defenses, only a few of which have anything to do with whether the Bankruptcy Code permits the exercise of contractual rights of triangular setoff. The remaining affirmative defenses have to do with the enforceability and scope of the Terms of Agreement generally, the applicability of the automatic stay and Liquidation Order in light of the fact that RBS N.V. had no turnover obligation, the effect of RBS N.V.'s pre-SIPA termination of the ISDA Agreement and exercise of setoff rights, the effect of RBS N.V.'s security interest, and the fact that the Bankruptcy Court lacks constitutional power to determine the LBI Trustee's contract claims against RBS N.V., which must be determined before the Bankruptcy Court can determine the LBI Trustee's stay relief claim.

8.    In the Reply, the LBI Trustee did not state he is moving for judgment in respect of any particular claim or defense. He just wants judgment for all the money he seeks to recover, and implicitly wants the Bankruptcy Court to ignore all defenses other than the triangular setoff defense. With respect to the security interest defense, the LBI Trustee wants that defense overruled, but does not want to deal with all of the facts necessary to do so, which he nowhere lists because he ignores the Bankruptcy and Local Rules.

9.    The LBI Trustee also contends, implicitly, that the Bankruptcy Court should issue judgment first, and decide later or never whether it can constitutionally do so. As the LBI

Trustee knows, that precise issue is pending and fully briefed in the United States District Court for the Southern District of New York (the "<u>District Court</u>").  Apparently, the LBI Trustee contends the Bankruptcy Court should preempt the District Court's opportunity to rule on the fully briefed reference withdrawal motion, which includes the issues of whether the Bankruptcy Court can constitutionally rule on the Motion to Compel or bifurcate it and rule on its parts.

## II.　　**The LBI Trustee Failed to Comply With Local Rule 7056-1**

10.　　In addition to not identifying claims and defenses upon which he seeks summary judgment, the LBI Trustee also failed to submit a statement identifying the undisputed material facts as to which there is no genuine issue to be tried pursuant to Local Rule 7056-1.  Local Rule 7056-1 provides as follows:

> (a)　　Unless the Court orders otherwise, **no party shall file a motion for summary judgment without first seeking a pre-motion conference**.  The request for a pre-motion conference shall be made by letter, filed on the CM/ECF system, setting forth the issues to be presented in the motion and the grounds for relief.

> (b)　　**Upon any motion for summary judgment pursuant to Bankruptcy Rule 7056, there shall be annexed to the motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.　<u>Failure to submit the statement shall constitute grounds for denial of the motion.</u>**

> (c)　　Papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there is a genuine issue to be tried.

> (d)　　Each numbered paragraph in the statement of material facts required to be served by the moving party shall be deemed admitted for purposes of the motion unless specifically

controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(e)     Each statement by the movant or opponent pursuant to subdivisions (b) or (c) of this rule, including each statement controverting any statement of material fact by a movant or opponent, shall be followed by citation to evidence which would be admissible.

(emphasis added).

11.     As noted in the Supplemental Memorandum, Local Rule 7056-1 statements are required because they serve to facilitate "[o]ne of the most critical and, at times, difficult determinations to be made on a motion for summary judgment [namely,] whether there exist any genuine issues of material fact requiring a trial." *In re Luppino*, 221 B.R. 693, 696 (Bankr. S.D.N.Y. 1998). *See also Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000) ("Local Rule 56.1 is designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts"). Further, courts routinely deny movants' requests for summary judgment motion where they fail to provide this required statement, as the LBI Trustee has done here. *See*, *e.g.*, *Abdai v. Garvey*, No. 07-cv-9575, 2008 WL 2980030, at *3 (S.D.N.Y. Aug. 1, 2008) (denying summary judgment on account of failure to submit a Local District Court Rule 56.1 statement because "[t]his deficiency in the record prevents the Court from ruling on the motion"); *Elmore v. N. Fork Bancorp., Inc.*, 325 F. Supp. 2d 336, 337 (S.D.N.Y. 2004) ("The Court declines to consider the … motion for summary judgment … inasmuch as defendant's Rule 56.1 Statement is insufficient").

12.     The LBI Trustee skirts these deficiencies by stating that an evidentiary hearing is only required "if the motion cannot be decided without resolving a disputed material fact," and thus, no evidentiary hearing is required on account of his concession, described above. *See*

Reply at 3 (citing 2002 Advisory Committee Note to Rule 9014, subd. (d) and *In re Best Refrig. Exp. Inc.,* 192 B.R. 503, 508 (Bankr. D. Neb. 1996)).

13.     But the LBI Trustee's statement is self-serving fantasy.  He cites a note to Bankruptcy Rule 9014(d) providing that nothing more than that an evidentiary hearing is required to decide disputed facts.  Neither Bankruptcy Rule 9014(d) nor its note has anything to do with Bankruptcy Rule 9014(c) rendering Bankruptcy Rule 7056 applicable or application of the Local Rules.  The purpose of the rules is to identify which facts are necessary to each claim and defense, and to enable the Bankruptcy Court and parties to ascertain which material facts are disputed.  The LBI Trustee makes believe the rules have no purpose or application unless an evidentiary hearing is being held.  That is simply wrong on the face of the rules and as a matter of common sense.  Indeed, the parties agreed no evidentiary hearing would be held on that date in the stipulation and order approved by the Bankruptcy Court on August 15, 2011 [Docket No. 4491].

14.     RBS N.V. is also not contending that an evidentiary hearing must be held in every contested matter commenced under Bankruptcy Rule 9014.  Instead, RBS N.V. contends that if the LBI Trustee wants to proceed by summary judgment in a matter involving multiple claims, defenses, and denials of alleged facts, he must comply with the Bankruptcy and Local Rules, which, as set forth above, require a pre-motion conference, a motion identifying the claims and defenses upon which the LBI Trustee seeks summary judgment, and a numbered statement of material facts that the LBI Trustee submits are not disputed so that RBS N.V. can submit a correspondingly numbered statement of material facts agreeing with or disputing the LBI Trustee's contentions.  Pursuant to the Procedural Order, RBS N.V. is also entitled to the fairness

provided by discovery and the opportunity to prove its affirmative defenses, as opposed to having them ignored by the LBI Trustee as he would have the Bankruptcy Court do.

15.     The Reply does not fulfill the requirements of Local Rule 7056-1, and moreover, states that certain facts are undisputed when they clearly are not.  For example, the LBI Trustee states that RBS N.V. admitted owing funds to LBI under the LBI-RBS N.V. ISDA Agreement in its statement under Section 6(d)(i) of the ISDA Agreement, dated May 14, 2009 (the "Section 6(d)(i) Statement").  Reply at 1.  That is plainly untrue.  RBS N.V. wrote that without giving effect to its setoff rights (which RBS N.V. defined as including both its contractual rights of triangular setoff and security interest under Sections 13 and 14 of the Terms of Agreement), it would owe approximately $347 million, but after giving effect to such rights no amount is payable.  *See* Exhibit A-2 to the declaration of Irena M. Goldstein in support of RBS N.V.'s motion to withdraw the reference of the Motion to Compel, filed August 16, 2011 [Docket No. 4497].  RBS N.V. explicitly stated the same in its Answer.  *See* Answer at ¶32 ("Admits that in the Section 6(d)(i) Statement, RBS N.V. set forth calculations that produced a number before deducting its setoff entitlement and the value of its security interest, but denies stating that any amounts set forth therein were owed to LBI").

## III.    **The LBI Trustee's Qualified "Concessions" Do Not Render the Bankruptcy and Local Rules Inapplicable and Highlight the Shortcomings of the LBI Trustee's Motion**

16.     In addition, the LBI Trustee states that the Bankruptcy Court "may assume at this stage of the contested matter that RBS's allegations of fact are true (except to the extent they are contradicted by RBS's prior admissions)."  Reply at 3.  What prior admissions?  The LBI Trustee further states that "[f]or purposes of this contested matter, the Court may assume to be true RBS's various assertions concerning the Terms of Agreement."  Reply at 6.  Which "various assertions?"

10

17.     In the same pleading in which the LBI Trustee concedes that the Terms of Agreement is effective for the purpose of this contested matter, the LBI Trustee takes issue with RBS N.V.'s arguments based on the grant of security interest under Section 14 of the Terms of Agreement[3] and on account of the fact that the ISDA Agreement was terminated four days before the SIPA proceeding even commenced. *See* Reply at 7.

18.     The LBI Trustee's argument concerning RBS N.V.'s security interest invokes N.Y. U.C.C. § 9-203(b) and contends its requirements are unsatisfied.   That involves the assertion of numerous facts the LBI Trustee fails to list.  To the extent N.Y. U.C.C. § 9-203(b) is relevant, if at all, RBS N.V. contends it satisfies all its requirements.  But by ignoring Local Rule 7056-1, the LBI Trustee does not let the Bankruptcy Court or RBS N.V. know what the disputed facts are.  The LBI Trustee also fails to deal with RBS N.V.'s affirmative defense that the LBI Trustee's time to attack its security interest expired under Bankruptcy Code section 546.  Rather than deal with an inconvenient bar to his case, the LBI Trustee ignores it by failing to follow the rules.   In addition, the LBI Trustee's argument ignores the fact that RBS N.V. possesses the funds sought by the LBI Trustee.  The LBI Trustee further argues that the "post-filing seizure of cash, even if claimed to be subject to a security interest, without obtaining relief from the Stays, is nothing more than an illegal setoff as a matter of law."  Reply at 7.  However this argument ignores the fact that RBS N.V. had no obligation to turn over the "Withheld Funds" pursuant to Bankruptcy Code section 542 and that courts have held that the failure, even without good cause, to turn over alleged estate property, does not constitute a stay violation.  *See* Response at ¶¶74,

---

[3] The LBI Trustee contends that RBS N.V. first raised the argument concerning its security interest in its Supplemental Memorandum.  That is patently untrue.  RBS N.V.'s security interest was specifically raised in its Answer, *see* Answer at ¶¶75, 77, and was also discussed at length in Paragraphs 4-6 and 15-19 of RBS N.V.'s reply in support of its procedural motion, filed September 9, 2011 [Docket No. 4548].

77.    Moreover, this argument ignores the fact that RBS N.V. could not have violated the automatic stay or the Liquidation Order because Bankruptcy Code section 362(b)(17) specifically allows for the "exercise by a swap participant … of any contractual right (as defined in section 560) under any security agreement."

19.    The LBI Trustee's concession concerning assuming the validity of the Terms of Agreement is further qualified by his argument that RBS N.V.'s exercise of setoff rights could not have occurred earlier than May 14, 2009, the date of the Section 6(d)(i) Statement, because RBS N.V.'s pre-SIPA termination notice, dated September 14, 2008, did not make explicit reference to RBS N.V.'s exercise of rights of setoff and security interest.  *See* Reply at 7. However, this argument ignores the fact that under Section 6 of the ISDA Agreement, the amount payable by the parties is determined as of the Early Termination Date, and thus, because RBS N.V. terminated the ISDA Agreement prior to the commencement of the SIPA proceeding, as the LBI Trustee concedes, the exercise of rights of setoff and security interest also occurred prior to the SIPA proceeding.  Moreover, the LBI Trustee's argument in this regard does not square with the safe harbor provisions, which treat termination as having occurred on the date of the applicable termination statement.  *See* 11 U.S.C. § 562 (providing that damages under safe harbor contracts are to be measured as of the termination date of such contracts).

## STATEMENT CONCERNING
## HEARING SCHEDULE

20.    Prior to filing this motion, in accordance with the *Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief*, entered July 13, 2010 [Docket No. 3466] (the "Case Management Order"), RBS N.V. requested consent from the LBI Trustee to have this motion heard on shortened notice at the hearing scheduled for October 20,

2011.  In response to RBS N.V.'s request, the LBI Trustee e-mailed that he takes no position on when RBS N.V. schedules this motion.  Accordingly, in the absence of an order shortening time, RBS N.V. filed this motion so as to be heard on November 17, 2011 at 2:00 p.m., but requests that it be heard on October 20, 2011 because it reacts to issues raised by the LBI Trustee's Reply, which Reply is actually a summary judgment motion.

**<u>NOTICE</u>**

21.     Notice of this motion has been provided to all parties entitled to notice under the Case Management Order.  No previous request for the relief sought herein has been made by RBS N.V.

## CONCLUSION

RBS N.V. submits that permitting the LBI Trustee to request judgment at the hearing in respect of the Motion to Compel on October 20, 2011 would deprive RBS N.V. of its procedural rights under Bankruptcy Rule 7056 and Local Rule 7056-1, under the discovery rules made applicable by Bankruptcy Rule 9014, and the Procedural Order, and therefore respectfully requests that the Bankruptcy Court enter the attached order (i) compelling the LBI Trustee to comply with the Procedural Order, (ii) striking the Reply, without prejudice, so that the LBI Trustee can move for summary judgment in accordance with Bankruptcy Rule 7056 and Local Rule 7056-1, and (iii) requiring that the LBI Trustee provide RBS N.V. with all reasonable discovery it requests before the LBI Trustee may proceed to a hearing on the merits of the Motion to Compel, the Reply, or any motion for summary judgment. RBS N.V. also submits that the District Court should be allowed to rule on the constitutional issues fully briefed before it, especially since those issues have not been briefed by the LBI Trustee and RBS N.V. in the Bankruptcy Court.

Dated: October 17, 2011
     New York, New York

Respectfully Submitted,

/s/ Martin J. Bienenstock
Martin J. Bienenstock
Irena M. Goldstein
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for The Royal Bank of Scotland N.V. (Formerly Known as ABN AMRO Bank N.V.)*

# EXHIBIT A

## (Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>LEHMAN BROTHERS INC.,<br><br>                Debtor. | Bankr. Case No. 08-01420 (JMP)<br>SIPA |
| THE ROYAL BANK OF SCOTLAND N.V.,<br><br>                Movant,<br><br>                v.<br><br>JAMES W. GIDDENS, AS TRUSTEE FOR<br>SIPA LIQUIDATION OF LEHMAN<br>BROTHERS INC.,<br><br>                Respondent. | |

**ORDER GRANTING RBS N.V.'S MOTION FOR ORDER COMPELLING
COMPLIANCE WITH PROCEDURAL ORDER, DATED SEPTEMBER 26,
2011, STRIKING LBI TRUSTEE'S REPLY FOR FAILING TO COMPLY WITH
BANKRUPTCY RULE 7056 AND LOCAL RULE 7056-1, AND REQUIRING
LBI TRUSTEE TO PROVIDE RBS N.V. WITH DISCOVERY**

Upon the motion, dated October 17, 2011 (the "<u>Motion</u>")[1] of The Royal Bank of Scotland

N.V. ("<u>RBS N.V.</u>"), formerly known as ABN AMRO Bank N.V., (i) compelling the LBI Trustee

to comply with the Procedural Order, (ii) striking the Reply, without prejudice, so that the LBI

Trustee can move for summary judgment in accordance with Bankruptcy Rule 7056 and Local

Rule 7056-1, and (iii) requiring that the LBI Trustee provide RBS N.V. with all reasonable

discovery it requests before the LBI Trustee may proceed to a hearing on the merits, all as more

fully set forth in the Motion; and the Bankruptcy Court having subject matter jurisdiction to

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and due and proper notice of the Motion having been provided; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that RBS N.V.'s Motion is granted; and it is further

ORDERED that the LBI Trustee is hereby directed to comply with the Procedural Order; and it is further

ORDERED that the LBI Trustee's Reply is hereby stricken, without prejudice to the LBI Trustee's right to file a motion for summary judgment in accordance with Bankruptcy Rule 7056 and Local Rule 7056-1; and it is further

ORDERED that the LBI Trustee is hereby directed to provide RBS N.V. with all reasonable discovery it requests before the LBI Trustee may proceed to a hearing on the merits of the Motion to Compel, the Reply, or any motion for summary judgment.

Dated: _____, 2011
      New York, New York

                                     _____
                                     HONORABLE JAMES M. PECK
                                     UNITED STATES BANKRUPTCY JUDGE

NY3 3104322.8