Hearing Date and Time: April 14, 2013 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 3, 2013, 4:00 p.m. (Eastern Time)

Lawrence P. Eagel (LE4505)
Justin A. Kuehn (JK5853)
BRAGAR EAGEL & SQUIRE, P.C.
885 Third Avenue – Suite 3040
New York, NY 10022
Tel.: (212) 308-5858
Fax: (212) 486-0462
eagel@bespc.com
kuehn@bespc.com
*Attorneys for Mark Mazzatta and*
*Michele McHugh-Mazzatta*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | |
|---|---|
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

**LIMITED OBJECTION OF MARK MAZZATTA AND MICHELE McHUGH-MAZZATTA TO MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND THE LBHI ENTITIES**

Mark Mazzatta and Michele McHugh-Mazzatta (the "Mazzattas"), by their undersigned attorneys, submit this limited objection to the Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Entry of an Order Approving Settlement Agreement Between the trustee and the LBHI Entities (ECF 5784), pursuant to which the Trustee seeks approval of a settlement agreement with LBHI and certain of its affiliates (the "Settlement Agreement"). The Mazzattas respectfully state as follows:

1.  The Mazzattas are individuals who delivered approximately $1.7 million of Collateral[1] over four years ago to secure a "call spread collar" with Lehman Brothers OTC Derivatives Inc. ("LOTC") (the "Transaction"). According to the Transaction documents, the Collateral was to be held by LBI as Collateral Agent for the Transaction, and Lehman Brothers Holdings Inc. ("LBHI") (LOTC, LBI, and LBHI are collectively "Lehman entities") guaranteed the punctual payment of all amounts due from LOTC to the Mazzattas.

2.  The Mazzattas cancelled the Transaction in September 2008 following LBHI's bankruptcy filing on September 15, 2008. In any event, the Transaction expired on October 17, 2009, and under any analysis, no Lehman entity has any claim to or rights in the Collateral. Despite demand, the Collateral has not been returned to the Mazzattas.

3.  The Mazzattas filed an adversary proceeding in this Court against the Lehman entities and JPMorgan Chase Bank, N.A. ("JPMorgan") entitled *Mark Mazzatta and Michelle McHugh-Mazzatta v. Lehman Brothers OTC Derivatives, Inc.*, *et al.,* Adv. Pro. No. 09-01131, seeking, *inter alia*, the return of the Collateral (the "Adversary Proceeding"). The Adversary Proceeding has been stayed indefinitely at the request of the Lehman entities.

4.  The Mazzattas also filed proofs of claim in the LBI proceeding and the LBHI bankruptcy case. These claims are pending. On September 15, 2010, the Trustee issued a Notice of Trustee's Determination of Claim ("Determination Notice") to the Mazzattas denying customer treatment of their Claims under SIPA. The Determination Notice states that the Trustee denied the Mazzattas customer treatment because the claim was duplicative of the claim filed by LOTC. The Mazzattas timely filed an objection to the Trustee's Notice of Determination on October 14, 2012 (ECF 3801).

---

[1] The Collateral is comprised of AAA-rated Municipal Bonds with a market value of more than $719,000 (the "Bonds"), and more than $969,000 in cash (the "Cash").

5. As a result of the foregoing, the Mazzattas are one of the parties referred to as a "Duplicate Claimant" in the proposed Settlement Agreement. The Mazzattas understand that the proposed "allowed claim" to be granted to LOTC includes amounts with respect to the Collateral.

### Limited Objection

6. The Mazzattas hope and expect to reach agreement with LOTC regarding ownership of the Collateral, and understand that the Settlement Agreement is not intended to resolve issues that might exists as to ownership of the Collateral. However, the Mazzatta's share the concerns of another "Duplicate Claimant," Ross Financial (ECF 5926), that its rights with respect to the Mazzatas' underlying claim are not so clearly protected.

7. While it appears clear that the intent of the settlement is not to prejudice the Mazzattas rights, and that distributions on claims relating to the Collateral will be withheld, the Settlement Agreement appears to provide for an allowed LOTC customer claim that seems to include some or all of the Mazzattas' Collateral.

8. By this Limited Objection, the Mazzattas' request that any Order entered by the Court approving the Settlement Agreement provide that the allowance of the LOTC claim in the agreed upon amount, and any of the other releases provided for in the Settlement Agreement, shall not in any way adversely affect the Mazzattas' claims against LBI, LOTC or any other LBHI entity and that all of the Mazzattas' rights and remedies against LBI, LOTC, LBHI and any other related entity or defendant in pending Adversary Proceeding be expressly preserved.

**WHEREFORE,** based upon the foregoing, the Mazzattas respectfully request the Court modify the proposed Order regarding the Motion so that it is clear that nothing in the Settlement Agreement shall prejudice or adversely affect the Duplicate Claimant rights in and to the Collateral, or with respect to the claims asserted by the Mazzattas in the pending Adversary Proceeding.

Dated: New York, New York
      April 3, 2013

                                      Respectfully submitted by:
                                      BRAGAR EAGEL & SQUIRE, PC

                                      By: /s/ *Lawrence P. Eagel*
                                      Lawrence P. Eagel (LE4505)
                                      Justin A. Kuehn (JK5853)
                                      BRAGAR EAGEL & SQUIRE, P.C.
                                      885 Third Avenue – Suite 3040
                                      New York, NY 10022
                                      Tel.: (212) 308-5858
                                      Fax: (212) 486-0462
                                      eagel@bragarwexler.com
                                      kuehn@bragarwexler.com
                                      *Attorneys for Mark Mazzatta and*
                                      *Michele McHugh-Mazzatta*