HEARING DATE:  April 16, 2013 at 10:00 a.m. (prevailing Eastern Time)

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

       -and-

LEVINE LEE LLP
570 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 223-4400
Facsimile:  (212) 223-4425

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>      LEHMAN BROTHERS INC.,<br><br>                                        Debtor. | Case No. 08-01420 (JMP) SIPA |

**NOTICE OF (I) AMENDMENT TO SETTLEMENT AGREEMENT**
**BETWEEN THE TRUSTEE AND THE LBHI ENTITIES**
**AND (II) FURTHER REVISED PROPOSED ORDER APPROVING SAME**

      **PLEASE TAKE NOTICE** that James W. Giddens (the "Trustee"), as Trustee for

the SIPA liquidation of Lehman Brothers Inc. under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa *et seq.*, attaches hereto as <u>Exhibit A</u> Amendment #1, dated April 15, 2013 (the

"<u>Amendment</u>"), to the settlement agreement (the "<u>Settlement Agreement</u>") by and among the

Trustee and the LBHI Entities (as such term is defined in the Settlement Agreement).

      **PLEASE TAKE FURTHER NOTICE** that the Trustee attaches hereto as

<u>Exhibit B</u> a further revised form of order (the "<u>Further Revised Proposed Order</u>") approving the

Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Entry of Order Approving

Settlement Agreement Between the Trustee and the LBHI Entities (ECF No. 5784).  The Further

Revised Proposed Order reflects the Amendment of the Settlement Agreement.  Attached hereto

as <u>Exhibit C</u> is a black-lined copy of the Further Revised Proposed Order marked against the

revised proposed order filed with the Court on April 12, 2013 (ECF No. 6001).

Dated:  New York, New York
         April 15, 2013

                                        HUGHES HUBBARD & REED LLP

                                        By: /s/ James B. Kobak, Jr.
                                             James B. Kobak, Jr.
                                             Jeffrey M. Greilsheimer
                                             Shannon F. Green
                                             Susan M. Vignola
                                        One Battery Park Plaza
                                        New York, New York 10004
                                        Telephone:  (212) 837-6000
                                        Facsimile:  (212) 422-4726
                                        Email:  kobak@hugheshubbard.com
                                                greilshe@hugheshubbard.com
                                                greens@hugheshubbard.com
                                                vignola@hugheshubbard.com

                                        -and-

                                        LEVINE LEE LLP

                                        By: /s/ Kenneth E. Lee
                                             Kenneth E. Lee
                                        570 Lexington Avenue, 7th Floor
                                        New York, New York 10022
                                        Telephone: (212) 223-4400
                                        Facsimile:  (212) 223-4425
                                        Email:  klee@levinelee.com

                                        Attorneys for James W. Giddens, Trustee for
                                        the SIPA Liquidation of Lehman Brothers
                                        Inc.

# **Exhibit A**

EXECUTION COPY

## AMENDMENT #1 TO SETTLEMENT AGREEMENT

This Amendment #1 to the Settlement Agreement dated as of February 21, 2013 (the "Settlement Agreement") is made and entered into as of April 15, 2011 (the "Amendment"), by and among the LBHI Entities (as such term is defined in the Settlement Agreement), including Lehman Brothers Holdings Inc. ("LBHI") and James W. Giddens, solely in his capacity as trustee in the liquidation proceeding of Lehman Brothers Inc. ("LBI") pursuant to the Securities Investor Protection Act of 1970, as amended, or any successor (the "LBI Trustee"). LBHI and the LBI Trustee shall each be referred to individually as a "Party" and collectively as the "Parties."

WHEREAS, the Parties entered into the Settlement Agreement on February 21, 2013 in order to resolve outstanding disputes and other issues between them;

WHEREAS, the Parties have determined that there are certain securities claimed by R3 (as such term is defined in the Settlement Agreement) (in relation to "ITS" account number 4114450) and related cash, in each case currently in the possession of LBIE, that the LBI Trustee may come into possession of from LBIE pursuant to Section 5.04 of the LBI-LBIE Settlement Agreement that, consistent with the terms and intent of the Settlement Agreement, will be turned over to LBHI to the extent so actually received by the LBI Trustee from LBIE pursuant to Section 5.04 of the LBI-LBIE Settlement Agreement (R3 having assigned to LBHI its claim with respect thereto pursuant to that certain Assignment of Claims Agreement, dated October 17, 2008, between R3 and LBHI);

WHEREAS, the Parties have concluded that it would be appropriate to amend the Settlement Agreement so as to clarify the implementation of such turn-over; and

WHEREAS, the only parties to the Settlement Agreement that are affected by this amendment are LBHI and the LBI Trustee;

NOW, THEREFORE, in consideration of the recitals stated above, the agreements set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. ***Definitions***.  Initially capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed thereto in the Settlement Agreement.

2. ***Amendments to Settlement Agreement***.

a.   The definition of "R3 Securities" is deleted in its entirety and the following is substituted therefor:

"**R3 Securities**" means the securities designated as R3 Securities on Schedule O that were included in the customer claims filed by R3 against LBI, which R3 assigned to LBHI pursuant to that certain Assignment of Claims Agreement, dated October 17, 2008, between R3 and LBHI.

b.    A new definition of "R3 Further Securities and Cash" is added to Section 1.01 after the definition of the term "R3", reading in its entirety as follows:

"**R3 Further Securities and Cash**" means any securities (other than the R3 Securities) listed, in respect of R3, in Schedule 5.04 to the LBI-LBIE Settlement Agreement (and/or any other securities or cash (including without limitation, post-September 19, 2008 interest and dividend payments and Corporate Action Receipts in respect or in lieu of such securities) credited to "ITS" account number 4114450), all to the extent (and only to the extent) that (i) R3 assigned its claim to such securities and/or cash to LBHI pursuant to that certain Assignment of Claims Agreement, dated October 17, 2008, and (ii) such securities and/or cash are actually transferred to the LBI Trustee from LBIE, in respect of R3, pursuant to Section 5.04 of the LBI-LBIE Settlement Agreement.

c.    A new Section 2.04 is added, reading in its entirety as follows:

SECTION 2.04.    *R3 Further Securities and Cash*.    Promptly following the receipt from LBIE of any particular R3 Further Securities and Cash, the LBI Trustee shall deliver the same to LBHI.

3.    *Effect of Amendment*.    Except as expressly amended hereby, the Settlement Agreement shall remain unmodified and in full force and effect.  To the extent of any inconsistency between the terms of the Settlement Agreement and this Amendment, this Amendment shall govern and control.

4.    *Further Amendments*.    Any waiver, alteration, supplement, amendment or modification of this Amendment shall be valid only if made in writing and signed by each of the Parties hereto.

5.    *Choice of Law*.    This Amendment and all claims and disputes arising out of or in connection with this Amendment shall be governed by and construed in accordance with the laws of the State of New York and the Bankruptcy Code, without regard to choice of law principles to the extent such principles would apply a law other than that of the State of New York or the Bankruptcy Code.

6.    *Binding Effect; Successors and Assigns*.    The provisions of Article XVII of the Settlement Agreement are incorporated herein as if fully sent forth in this Amendment and are made applicable to this Amendment.

7.    *Counterparts*.    This Amendment may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement. The signatures of all of the Parties hereto need not appear on the same counterpart.

8.    *Execution*.    Signatures to this Amendment may be exchanged by facsimile transmission and/or electronic mail and shall constitute originals for all purposes.

2

IN WITNESS WHEREOF, each Party by his or its duly authorized representative has executed this Agreement as of the date hereof:


Lehman Brothers Holdings Inc.

By: _____
      Name: Daniel Ehrmann
      Title: Senior Vice President


LBI Trustee

James W. Giddens, solely in his capacity as trustee for the SIPA liquidation of Lehman Brothers Inc., without personal liability


_____

James W. Giddens

IN WITNESS WHEREOF, each Party by his or its duly authorized representative has executed this Agreement as of the date hereof:

Lehman Brothers Holdings Inc.                    LBI Trustee

By: _____                    James W. Giddens, solely in his capacity as
      Name: Daniel Ehrmann                              trustee for the SIPA liquidation of Lehman
      Title: Senior Vice President                      Brothers Inc., without personal liability

                                                        James W. Giddens

3

# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

          LEHMAN BROTHERS INC.,

                        Debtor.

Case No. 08-01420 (JMP) SIPA

## [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND THE LBHI ENTITIES

Upon the motion dated February 26, 2013 (the "Motion")[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking, *inter alia*, entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement and compromise entered into by the Trustee and the LBHI Entities (collectively, the "Parties"), dated as of February 21, 2013 (as amended by Amendment #1 to Settlement Agreement dated April 15, 2013, the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with SIPA § 78eee(b)(4); and venue being proper before this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C. § 78aa; and

Upon consideration of the Motion, any objections thereto, briefs and arguments of counsel; and due and proper notice of the Motion having been provided, including in accordance with the Amended Case Management Order, to all parties in interest, and it appearing that the notice of the Motion is sufficient, adequate, and timely under the circumstances of this case and

---

1. Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

that no other or further notice need be provided; and a reasonable opportunity to object or be

heard regarding the Motion having been given to all such parties; and a full and fair opportunity

having been afforded to litigate all issues raised in all objections, or which might have been

raised; and all objections having been withdrawn or overruled;

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.  The Parties have engaged in substantial information exchange and reconciliation with respect to
the disputes being settled pursuant to the Settlement Agreement.

B.  In evaluating the reasonableness of the settlement, the Court has taken into consideration the
Motion, as well as the supporting documentation and other evidence supplied by the Trustee.

C.  After careful consideration of the record, the Court finds that the settlement of the Parties'
disputes, including claims asserted by the Parties against each other in their respective
bankruptcy and SIPA liquidation proceedings, as reflected in the Settlement Agreement is fair
and within the range of reasonableness.  The Court has canvassed the issues to evaluate the
reasonableness of the settlement and finds that:

> a)    a full litigation of the disputes resolved by the Settlement Agreement
> would be extremely complex, protracted and expensive, and would
> significantly delay the Trustee's ability to make distributions to customers
> and creditors of the LBI estate and to complete this SIPA liquidation;
>
> b)    the Settlement Agreement is in the best interests of the LBI estate and its
> customers and creditors, is supported by good business reasons, and
> enables the Trustee to successfully complete his administration of this
> SIPA liquidation;
>
> c)    both the Trustee's counsel and the LBHI Entities' counsel have substantial
> experience and are competent in advising on complex bankruptcy and
> litigation matters and in negotiating commercial resolutions thereof; and
>
> d)    the Settlement Agreement was negotiated, proposed, and entered into by
> the Trustee and the LBHI Entities without collusion, in good faith, and
> from arm's length bargaining positions.

D.  Each of the releases provided for in the Settlement Agreement, which include, among other

things, releases of Causes of Action that allege alter ego, veil piercing, enterprise liability or

similar theories of liability or that otherwise seek to disregard the corporate form of LBI and

LBHI and Causes of Action brought directly, indirectly, derivatively, representatively or in any

other capacity, (i) is within the Court's jurisdiction, (ii) is essential to administering the LBI

estate, (iii) is an integral element of the Settlement Agreement and/or to its effectuation, (iv)

confers material benefits on, and is in the best interests of, the LBI estate, and (v) is important to

the overall objectives of the Settlement Agreement.

E.  The Settlement Agreement reflects an integrated and comprehensive settlement of disputes

between the Parties, including claims asserted, or that could have been asserted, by the Parties

against each other in their respective bankruptcy and SIPA liquidation proceedings, and each

component and protection contained therein and in this Order, including the releases, is an

integral part thereof.  The entry of this Order as a Final Order as described in the Settlement

Agreement is necessary for the Settlement Agreement to become effective and achieve its goals,

which are in the best interest of the LBI estate.

F.  The Settlement Agreement brings certainty to the LBI estate and will permit the Trustee to

effectively complete the SIPA liquidation proceeding of LBI.

### NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  Any objections to the Motion that have not otherwise been withdrawn or resolved are overruled.

3.  The Settlement Agreement, including all of its terms, covenants, waivers, releases, assignments,

distributions, conditions, and the rights, duties and obligations of the Parties set forth therein, is

3

approved in its entirety and shall become effective on the Effective Date as set forth in the

Settlement Agreement.

4.   The Parties are authorized to execute, deliver and carry out all transactions and perform all

actions contemplated by the Settlement Agreement in its entirety and are further authorized to

take any necessary or appropriate steps to effectuate and implement the Settlement Agreement in

accordance with its terms.  No consents are required to implement the Settlement Agreement,

this Order, or the relief provided herein.

5.   Upon the occurrence of the Effective Date:

    a.   The LBHI Entities and the Trustee shall have allowed claims against each other in the

amounts, classifications and priorities set forth in and subject to the terms of the

Settlement Agreement.

    b.   The Trustee is authorized and directed to make the distributions to the LBHI Entities of

the cash and securities specified in the Settlement Agreement in respect of the LBHI

Entity Allowed Claims in accordance with and subject to the terms of the Settlement

Agreement.

    c.   All proofs of claim filed by the LBHI Entities against LBI and all proofs of claims filed

by the LBI Trustee on behalf of LBI against the LBHI Entities, other than as allowed

pursuant to the terms of the Settlement Agreement, and all other claims between the

Parties not expressly allowed or preserved in the Settlement Agreement shall be

expunged, disallowed, and released in accordance with the terms of the Settlement

Agreement.

    d.   The releases set forth in the Settlement Agreement, which include the release of, among

other things, Causes of Action that allege alter ego, veil piercing, enterprise liability or

4

similar theories of liability or that otherwise seek to disregard the corporate form of LBI

and LBHI and Causes of Action brought directly, indirectly, derivatively,

representatively or in any other capacity, are approved and, except as otherwise expressly

provided in the Settlement Agreement, shall be effective upon the occurrence of the

Effective Date.

e.   In accordance with and subject to the terms of the Settlement Agreement, the Parties are

permanently enjoined from pursuing in any manner any Claims released pursuant to the

Settlement Agreement.

f.   Unless otherwise provided for in the Settlement Agreement, all provisions of the

Settlement Agreement shall be binding on the Parties.

g.   The Objection filed by the LBHI Entities on September 28, 2011 (ECF No. 4584) to the

Trustee's determination of their claims shall be deemed withdrawn.

h.   The Trustee shall promptly file on the Court's docket notice of the Effective Date.

6.   The distributions to be made by the Trustee in respect of the LBHI Entity Allowed Claims in

accordance with and subject to the terms of the Settlement Agreement will be a legal, valid, and

effective transfer of all of the legal, equitable and beneficial right, title and interest of LBI and

the Trustee in those assets, and free and clear of all liens, claims, and encumbrances.

7.   All Extended Lien Claims of any Person, other than the Parties, with respect to an LBHI

Extended Lien Asset or an LBI Extended Lien Asset that are not asserted prior to this Order

becoming a Final Order shall be deemed waived and all distributions to the LBHI Entities and

the Trustee on Allowed Claims under the Settlement Agreement shall be free and clear of any

Extended Lien Claim.

8.  Except as provided for in the preceding paragraph of this Order and Section 3.03 of the Settlement Agreement, nothing in this Order or in the Settlement Agreement affects the rights of Persons who are not Parties to the Settlement Agreement (including Duplicate Claimants, as defined in the Motion), other than with respect to the ability of all such Persons to bring derivative claims on behalf of one or more of the Parties against another Party, such non-direct, derivative claims being expressly released under the terms of the Settlement Agreement.

9.  If the parties agree or in the event that (a) LOTC or LBSF, as applicable, and a Duplicate Claim Counterparty are unable to resolve a Duplicate Claim, and (b) the Bankruptcy Court determines by a Final Order that the claim of a Duplicate Claim Counterparty, and not a claim of LOTC or LBSF, should be allowed in respect of a Duplicate Claim Account (the "Allowed Duplicate Claim"), then, notwithstanding any provision in the Settlement Agreement or this Order to the contrary, the portion of the LOTC or LBSF Allowed Customer Claim or Allowed General Unsecured Claim that relates to the Allowed Duplicate Claim, and any associated distribution, shall be accordingly reduced.

10. The failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Trustee's implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety.

11. All Persons are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Parties to transfer property and claims pursuant to and subject to the terms of the Settlement Agreement.

12. In the event of any conflict between the Settlement Agreement and this Order, the terms of the Settlement Agreement shall govern.

13. Nothing contained in any subsequent settlement, or in any other order, decision, or judgment, nor any act of any Party, shall alter, conflict with, or derogate from the provisions of the Settlement Agreement or this Order, except pursuant to (i) a successful appeal or certiorari from this Court or (ii) an order of this Court approving an amendment or modification to the Settlement Agreement as agreed by the Parties in accordance with the Settlement Agreement's terms.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

15. This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).  To the extent applicable, Bankruptcy Rule 6004(h) is hereby waived.

Dated: New York, New York
_____, 2013

_____

HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (JMP) SIPA

### [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT
### BETWEEN THE TRUSTEE AND THE LBHI ENTITIES

Upon the motion dated February 26, 2013 (the "Motion")[1] of James W. Giddens

(the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI")

under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking, *inter*

*alia*, entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") approving the settlement and compromise ~~(the "Settlement Agreement")~~

entered into by the Trustee and the LBHI Entities (collectively, the "Parties"), dated as of

February 21, 2013 (as amended by Amendment #1 to Settlement Agreement dated April 15,

2013, the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with SIPA § 78eee(b)(4); and venue being proper

before this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C. § 78aa; and

Upon consideration of the Motion, any objections thereto, briefs and arguments of

counsel; and due and proper notice of the Motion having been provided, including in accordance

with the Amended Case Management Order, to all parties in interest, and it appearing that the

notice of the Motion is sufficient, adequate, and timely under the circumstances of this case and

that no other or further notice need be provided; and a reasonable opportunity to object or be

heard regarding the Motion having been given to all such parties; and a full and fair opportunity

having been afforded to litigate all issues raised in all objections, or which might have been

raised; and all objections having been withdrawn or overruled;

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The Parties have engaged in substantial information exchange and reconciliation with respect to

the disputes being settled pursuant to the Settlement Agreement.

B.    In evaluating the reasonableness of the settlement, the Court has taken into consideration the

Motion, as well as the supporting documentation and other evidence supplied by the Trustee.

C.    After careful consideration of the record, the Court finds that the settlement of the Parties'

disputes, including claims asserted by the Parties against each other in their respective

bankruptcy and SIPA liquidation proceedings, as reflected in the Settlement Agreement is fair

and within the range of reasonableness.  The Court has canvassed the issues to evaluate the

reasonableness of the settlement and finds that:

a)    a full litigation of the disputes resolved by the Settlement Agreement
would be extremely complex, protracted and expensive, and would
significantly delay the Trustee's ability to make distributions to customers
and creditors of the LBI estate and to complete this SIPA liquidation;

b)    the Settlement Agreement is in the best interests of the LBI estate and its
customers and creditors, is supported by good business reasons, and
enables the Trustee to successfully complete his administration of this
SIPA liquidation;

c)    both the Trustee's counsel and the LBHI Entities' counsel have substantial
experience and are competent in advising on complex bankruptcy and
litigation matters and in negotiating commercial resolutions thereof; and

---

(Footnote continued from prior page)

[1].    Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

2

         d)     the Settlement Agreement was negotiated, proposed, and entered into by the Trustee and the LBHI Entities without collusion, in good faith, and from arm's length bargaining positions.

D.  Each of the releases provided for in the Settlement Agreement, which include, among other things, releases of Causes of Action that allege alter ego, veil piercing, enterprise liability or similar theories of liability or that otherwise seek to disregard the corporate form of LBI and LBHI and Causes of Action brought directly, indirectly, derivatively, representatively or in any other capacity, (i) is within the Court's jurisdiction, (ii) is essential to administering the LBI estate, (iii) is an integral element of the Settlement Agreement and/or to its effectuation, (iv) confers material benefits on, and is in the best interests of, the LBI estate, and (v) is important to the overall objectives of the Settlement Agreement.

E.  The Settlement Agreement reflects an integrated and comprehensive settlement of disputes between the Parties, including claims asserted, or that could have been asserted, by the Parties against each other in their respective bankruptcy and SIPA liquidation proceedings, and each component and protection contained therein and in this Order, including the releases, is an integral part thereof.  The entry of this Order as a Final Order as described in the Settlement Agreement is necessary for the Settlement Agreement to become effective and achieve its goals, which are in the best interest of the LBI estate.

F.  The Settlement Agreement brings certainty to the LBI estate and will permit the Trustee to effectively complete the SIPA liquidation proceeding of LBI.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  Any objections to the Motion that have not otherwise been withdrawn or resolved are overruled.

3.  The Settlement Agreement, including all of its terms, covenants, waivers, releases, assignments, distributions, conditions, and the rights, duties and obligations of the Parties set forth therein, is

approved in its entirety and shall become effective on the Effective Date as set forth in the Settlement Agreement.

4.  The Parties are authorized to execute, deliver and carry out all transactions and perform all actions contemplated by the Settlement Agreement in its entirety and are further authorized to take any necessary or appropriate steps to effectuate and implement the Settlement Agreement in accordance with its terms.  No consents are required to implement the Settlement Agreement, this Order, or the relief provided herein.

5.  Upon the occurrence of the Effective Date:

    a.  The LBHI Entities and the Trustee shall have allowed claims against each other in the amounts, classifications and priorities set forth in and subject to the terms of the Settlement Agreement.

    b.  The Trustee is authorized and directed to make the distributions to the LBHI Entities of the cash and securities specified in the Settlement Agreement in respect of the LBHI Entity Allowed Claims in accordance with and subject to the terms of the Settlement Agreement.

    c.  All proofs of claim filed by the LBHI Entities against LBI and all proofs of claims filed by the LBI Trustee on behalf of LBI against the LBHI Entities, other than as allowed pursuant to the terms of the Settlement Agreement, and all other claims between the Parties not expressly allowed or preserved in the Settlement Agreement shall be expunged, disallowed, and released in accordance with the terms of the Settlement Agreement.

    d.  The releases set forth in the Settlement Agreement, which include the release of, among other things, Causes of Action that allege alter ego, veil piercing, enterprise liability or

4

similar theories of liability or that otherwise seek to disregard the corporate form of LBI

and LBHI and Causes of Action brought directly, indirectly, derivatively,

representatively or in any other capacity, are approved and, except as otherwise expressly

provided in the Settlement Agreement, shall be effective upon the occurrence of the

Effective Date.

    e.   In accordance with and subject to the terms of the Settlement Agreement, the Parties are

permanently enjoined from pursuing in any manner any Claims released pursuant to the

Settlement Agreement.

    f.   Unless otherwise provided for in the Settlement Agreement, all provisions of the

Settlement Agreement shall be binding on the Parties.

    g.   The Objection filed by the LBHI Entities on September 28, 2011 (ECF No. 4584) to the

Trustee's determination of their claims shall be deemed withdrawn.

    h.   The Trustee shall promptly file on the Court's docket notice of the Effective Date.

6.  The distributions to be made by the Trustee in respect of the LBHI Entity Allowed Claims in

accordance with and subject to the terms of the Settlement Agreement will be a legal, valid, and

effective transfer of all of the legal, equitable and beneficial right, title and interest of LBI and

the Trustee in those assets, and free and clear of all liens, claims, and encumbrances.

7.  All Extended Lien Claims of any Person, other than the Parties, with respect to an LBHI

Extended Lien Asset or an LBI Extended Lien Asset that are not asserted prior to this Order

becoming a Final Order shall be deemed waived and all distributions to the LBHI Entities and

the Trustee on Allowed Claims under the Settlement Agreement shall be free and clear of any

Extended Lien Claim.

8. Except as provided for in the preceding paragraph of this Order and Section 3.03 of the Settlement Agreement, nothing in this Order or in the Settlement Agreement affects the rights of Persons who are not Parties to the Settlement Agreement (including Duplicate Claimants, as defined in the Motion), other than with respect to the ability of all such Persons to bring derivative claims on behalf of one or more of the Parties against another Party, such non-direct, derivative claims being expressly released under the terms of the Settlement Agreement.

9. If the parties agree or in the event that (a) LOTC or LBSF, as applicable, and a Duplicate Claim Counterparty are unable to resolve a Duplicate Claim, and (b) the Bankruptcy Court determines by a Final Order that the claim of a Duplicate Claim Counterparty, and not a claim of LOTC or LBSF, should be allowed in respect of a Duplicate Claim Account (the "Allowed Duplicate Claim"), then, notwithstanding any provision in the Settlement Agreement or this Order to the contrary, the portion of the LOTC or LBSF Allowed Customer Claim or Allowed General Unsecured Claim that relates to the Allowed Duplicate Claim, and any associated distribution, shall be accordingly reduced.

10. The failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Trustee's implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety.

11. All Persons are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Parties to transfer property and claims pursuant to and subject to the terms of the Settlement Agreement.

12. In the event of any conflict between the Settlement Agreement and this Order, the terms of the Settlement Agreement shall govern.

6

13. Nothing contained in any subsequent settlement, or in any other order, decision, or judgment, nor any act of any Party, shall alter, conflict with, or derogate from the provisions of the Settlement Agreement or this Order, except pursuant to (i) a successful appeal or certiorari from this Court or (ii) an order of this Court approving an amendment or modification to the Settlement Agreement as agreed by the Parties in accordance with the Settlement Agreement's terms.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

15. This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).  To the extent applicable, Bankruptcy Rule 6004(h) is hereby waived.

Dated: New York, New York
_____, 2013

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

7