**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, STUART MITCHELL, ESQ., AT (212) 837-6809.**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>      LEHMAN BROTHERS INC.,<br><br>                                Debtor. | Case No. 08-01420 (JMP) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

**PLEASE TAKE NOTICE** that on October 24, 2013, James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), by and through his undersigned counsel, filed his one hundred fifty-fifth omnibus objection to general creditor claims (the "One Hundred Fifty-Fifth Omnibus Objection

to General Creditor Claims"), and that a hearing to consider the Trustee's One Hundred Fifty-

Fifth Omnibus Objection to General Creditor Claims will be held before the Honorable James M.

Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander

Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004

(the "Bankruptcy Court"), on **December 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)** (the

"Hearing").

        **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system and, by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **November 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

(the "Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to

the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Trustee's One Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Trustee's One Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      October 24, 2013

HUGHES HUBBARD & REED LLP

By: /s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.
.

**Hearing Date and Time:  December 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  November 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
|        LEHMAN BROTHERS INC., | Case No.:  08-01420 (JMP) SIPA |
|                     Debtor. | |

**THE TRUSTEE'S ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION**
**TO GENERAL CREDITOR CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, STUART MITCHELL, ESQ., AT (212) 837-6809.**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of

1970 as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] by and through his undersigned counsel,

respectfully represents as follows:

### **RELIEF REQUESTED**

1.      The Trustee files this one hundred fifty-fifth omnibus objection to general creditor

claims (the "One Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims") pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made

applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, Rule 3007(d)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in this SIPA

proceeding (the "General Creditor Claims Objection Procedures Order," ECF No. 5441), seeking

entry of an order disallowing and expunging certain claims listed on Exhibit A annexed hereto.

The Trustee's proposed order (the "Proposed Order") is annexed hereto as Exhibit C.

2.      The Trustee's professionals have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "Claims to be

Disallowed and Expunged" (collectively, the "Amended and Superseded Claims") have been

amended and superseded by at least one subsequently filed, corresponding claim identified under

the heading "Surviving Claims" (collectively, the "Surviving Claims").  The Trustee asks that

the Amended and Superseded Claims be disallowed and expunged in their entirety from LBI's

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

claims register as maintained by the Trustee's claims agent and to preserve his right to later object to any Surviving Claim on any basis.

## JURISDICTION

3.        Following removal to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred by [SIPA] upon the court to which application for the issuance of the protective decree was made."  15 U.S.C. § 78eee(b)(4).

4.        Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C. section 78aa.

## BACKGROUND

5.        On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, entered the Order Commencing Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii) removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA Proceeding").

6.        On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No.

241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee

mailed more than 905,000 claims packages with filing information to former LBI customers and

other potential claimants (the "Claims Process Notice") and posted claims filing information on

the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The

Trustee also published notice of the claims process in The New York Times, The Wall Street

Journal and The Financial Times.

        7.       Pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, customer

claims seeking maximum protection under SIPA must have been received by the Trustee on or

before January 30, 2009.  All customer claims and general creditor claims must have been

received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless

received by the Trustee on or before June 1, 2009.  A copy of the LBI Claims Process Order was

made publically available at www.lehmantrustee.com.  The Trustee's website allowed claimants

filing electronically to upload documents as part of their claim submission and thereby comply

with the instructions to include supporting documentation set forth in the proof of claim.

        8.       In accordance with the Claims Process Order, in cases where the Trustee denied a

claim for protection as a customer claim and converted the claim to a general creditor claim, the

Trustee notified the claimant consistent with the procedures set forth in the Claims Process

Order.  The claimant was afforded the opportunity to object and have the matter heard by the

Court if the claimant was aggrieved by the Trustee's denial of customer treatment and

conversion of the claim to a general creditor claim.  If a claimant did not object to the Trustee's

conversion of the claim consistent with the procedures set forth in the Claims Process Order, the

Trustee's conversion of the claim to a general creditor claim became final.  No determination

was made as to the validity or allowed amount of such converted and reclassified claims.

4

9.      On November 15, 2012, the Court entered the General Creditor Claims Objection

Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections

to no more than 200 claims at a time, on various grounds, including the grounds that the claims

subject to the omnibus objection have been amended by subsequently filed proofs of claim as set

forth in Bankruptcy Rule 3007(d)(3).

### THE AMENDED AND SUPERSEDED GENERAL CREDITOR
### CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

10.      In analyzing the claims register in this case as maintained by the Trustee's claims

agent, the Trustee's professionals have determined that each Amended and Superseded Claim on

Exhibit A has been amended and superseded by the corresponding Surviving Claim subsequently

filed by or on behalf of the same creditor, as further described in the declaration of Timothy

Hurley, a Principal of Deloitte Financial Advisory Services LLP, annexed hereto as Exhibit B.

The Surviving Claims may not specifically state on their face that they are amendments of the

Amended and Superseded Claims, but a review of the substance, supporting documents, basis

for, and amount of each claim establishes that the Surviving Claims amend and supersede the

corresponding Amended and Superseded Claims listed on Exhibit A.

11.      Some of the claims identified on Exhibit A (the Amended and Superseded Claims

and the corresponding Surviving Claims) are claims that were denied treatment as customer

claims and converted to general creditor claims.  Consistent with the procedures set forth in the

Claims Process Order, the Trustee's reclassification and conversion of these claims to general

creditor claims has become final.

12.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida*

*Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case

No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim

may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

Accordingly, courts in the Southern District of New York routinely disallow and expunge claims

that are amended and superseded by subsequent claims filed by the same creditor.  *See, e.g.*, *In re*

*Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct.

5, 2005) (noting that "[i]nasmuch as the Initial Claim was amended and superseded by the

Amended Claim, it was disallowed and expunged"); *In re Best Payphones, Inc.*, Case No. 01-

15472 (SMB), 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging

amended, duplicative claim).

14.    The LBI estate cannot be required to make any distribution on the same claim

more than once.  *See, e.g.*, *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson,*

*& Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an

identical injury are generally disallowed.").  Elimination of redundant claims will also enable the

Trustee's claims agent to maintain a claims register that more accurately reflects the proper

claims existing against the general estate.

15.    It would be inequitable and inappropriate for holders of claims subject to this

objection to receive distributions on account of claims that have been amended and superseded.

Accordingly, to avoid multiple recoveries by the same creditor for the same debt (or injury), the

Trustee requests that the Court disallow and expunge in their entirety the Amended and

Superseded Claims listed on <u>Exhibit A</u>.[2]  The Surviving Claims will remain on the claims

register subject to further objections on any basis.

## <u>RESERVATION OF RIGHTS</u>

16.    The One Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims does

not affect any of the Surviving Claims and does not constitute any admission or finding with

respect to any of the Surviving Claims.  Further, the Trustee reserves all rights to object on any

other basis to any Amended and Superseded Claim or any portion of any Amended or

Superseded Claim for which the Court does not grant the relief requested herein.

## <u>NOTICE</u>

17.    Notice of this One Hundred Fifty-Fifth Omnibus Objection to General Creditor

Claims has been provided to (i) each claimant listed on <u>Exhibit A</u> via overnight mail; and (ii) the

list of parties requesting notice of pleadings in accordance with the Court's Amended Order

Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007

Implementing Certain Notice and Case Management Procedures and Related Relief entered by

the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection

upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee

submits that no other or further notice need be provided.

## <u>NO PRIOR RELIEF REQUESTED</u>

18.    No previous request for the relief requested herein has been made by the Trustee

to this or any other Court.

---

2.    Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the
Surviving Claim, the Trustee will treat all documentation filed with both claims as having been filed in support
of the Surviving Claim.

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:    New York, New York
          October 24, 2013

                                    HUGHES HUBBARD & REED LLP

                                    /s/ James B. Kobak, Jr.
                                    James B. Kobak, Jr.
                                    Christopher K. Kiplok
                                    Meaghan C. Gragg
                                    One Battery Park Plaza
                                    New York, New York 10004
                                    Telephone:  (212) 837-6000
                                    Facsimile:  (212) 422-4726
                                    Email:  kobak@hugheshubbard.com


                                    Attorneys for James W. Giddens,
                                    Trustee for the SIPA Liquidation of
                                    Lehman Brothers Inc.

**EXHIBIT A**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (JMP) SIPA
ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION: EXHIBIT A- AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BANK OF NEW YORK MELLON HERMAN H SMITH 2 HANSON PLACE , 10TH FLOOR BROOKLYN, NY  11217 | 4/9/2009 | 7001356 | $1,961,700.00 | BANK OF NEW YORK MELLON HERMAN H SMITH 2 HANSON PLACE , 10TH FLOOR BROOKLYN, NY  11217 | 6/1/2009 | 7002545 | $663,000.00 |
| 2 | BROWN BROTHERS HARRIMAN & CO. F/B/O BROWN BROTHERS HARRIMAN TRUSTEE SERVICES (IRELAND) LIMITED AS CUSTODIAN FOR SEI GLOBAL MASTER FUND PLC/EURO CARE FIXED INCOME FUND ATTN: OFFICE OF THE GENERAL COUNSEL 40 WATER STREET BOSTON, MA  02119 | 5/28/2009 | 4897 | $237,448.18 | BROWN BROTHERS HARRIMAN & CO MOLLY DIGGINS CUSTODIAN FOR BROWN BROTHERS HARRIMAN TRUST COMPANY (CAYMAN) LIMITED TRUSTEE OF THE GOLDMAN SACHS INVESTMENT UNIT TR/YEN LIBOR PLUS FUNDL 140 BROADWAY NEW YORK, NY  10005-1108 | 6/1/2009 | 9008185 | UNSPECIFIED* |
| 3 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 7/20/2009 | 6069 | $675,100.42 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 4/14/2011 | 6240 | $429,539.74 |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 4 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 6/9/2010 | 6211 | $545,936.29 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 4/14/2011 | 6240 | $429,539.74 |
| 5 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE P.O. BOX 9564 BOSTON, MA  02114-9564 | 5/27/2010 | 6209 | $545,936.29 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 4/14/2011 | 6240 | $429,539.74 |
| 6 | CVIC (LUX)MASTER S.A.R.L. TRANSFEROR: ARLINGTON ASSET INVESTMENT CORP. C/O CARVAL INVESTORS, LLC, ITS ATTORNEY IN FACT ATTN: TERI SALBERG 12700 WHITEWATER DRIVE, MS 144 MINNETONKA, MN  55343-9439 | 5/29/2009 | 7002285 | $4,009,391.01 | CVIC (LUX) MASTER S.A.R.L. C/O PAUL HASTINGS LLP ATTN: L.A. DESPINS & B.R. KAPLAN 75 EAST 55TH STREET NEW YORK, NY  10022 | 4/23/2013 | 6308 | $12,987,058.60 |
| 7 | INMARKETS MICHAEL FARMER 8105 STONEHILL DR PLANO, TX  75025 | 5/28/2009 | 9007537 | UNSPECIFIED* | VONWIN CAPITAL MANAGEMENT, L.P. TRANSFEROR: INMARKETS ROGER VON SPIEGEL, MANAGING DIRECTOR 261 FIFTH AVENUE, 22ND FLOOR NEW YORK, NY  10016 | 5/28/2009 | 4904 | $172,090.71 |

---

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | **SURVIVING CLAIMS** | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | MAYO, JAMIE R. 149 OAK RIDGE AVENUE SUMMIT, NJ 07901 | 2/3/2009 | 7001206 | $24,666.07 | MAYO, JAMIE R. 22 WORDSWORTH ROAD SHORT HILLS, NJ 07078 | 2/6/2009 | 3521 | $36,250.00 |
| 9 | NEUBERGER BERMAN GTAA UNIT TRUST 1 FOR QUALIFIED INSTITUTIONAL INVESTORS ONLY F/K/A LEHMAN BROTHERS GLOBAL MACRO UNIT TRUST C/O NB ALTERNATIVE FUND MANAGEMENT LLC 605 THIRD AVENUE NEW YORK, NY 10016 | 5/29/2009 | 4937 | $3,506,048.90 | NORTHUMBRIAN MANAGEMENT, L.L.C. TRANSFEROR: NEUBERGER BERMAN GTAA UNIT TRUST I (FOR QUALIFIED INSTITUTIONAL INVESTORS ONLY) PO BOX 8284 NEW YORK, NY 10150 | 1/22/2010 | 6193 | $2,262,384.35 |
| 10 | NEW YORK LIFE INSURANCE AND ANNUITY CORP JULIA WARREN 51 MADISON AVENUE, 10TH FLOOR NEW YORK, NY 10010-1603 | 10/20/2008 | 9008091 | UNSPECIFIED* | NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION RUTH E AVILES OFFICE OF THE GENERAL COUNSEL C/O NEW YORK LIFE INVESTMENT MANAGEMENT LLC 51 MADISON AVENUE 10TH FLOOR NEW YORK, NY 10010-1603 | 1/29/2009 | 9003259 | UNSPECIFIED* |
| 11 | POPULAR SECURITIES INC. JOSE TORRES 209 MUNOZ RIVERA AVE #12 SAN JUAN, PR 00918 | 4/3/2009 | 9007132 | UNSPECIFIED* | POPULAR SECURITIES, INC. JEFFREY N RICH 599 LEXINGTON AVENUE NEW YORK, NY 10022 | 5/29/2009 | 7002216 | $146,739.20 |
| 12 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1320 | $15,157.45 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1322 | $30,543.41 |
| 13 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1321 | $15,385.96 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1322 | $30,543.41 |

---

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | **SURVIVING CLAIMS** | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 14 | RIVERSIDE COUNTY TAX TREASURER TAX COLLECTOR PAUL MCDONNELL, TREASURER PO BOX 12005 RIVERSIDE, CA  92502-2205 | 1/22/2009 | 2146 | $33,425.77 | RIVERSIDE COUNTY TAX COLLECTOR ATTN: SHEREE RAPHAEL 4080 LEMON ST, 4TH FLOOR RIVERSIDE, CA  92501 | 10/7/2013 | 6372 | $34,593.86 |
| 15 | RIVERSOURCE SHORT DURATION US GOVERNMENT FUND, A SERIES OF RIVERSOURCE GOVERNMENT INCOME SERIES INC. C/O MICHELLE M KEELEY 70100 AMERIPRISE FINANCIAL CENTER MINNEAPOLIS, MN  55474 | 9/26/2008 | 9008039 | UNSPECIFIED* | IDS #[REDACTED] GOVERNMENT INCOME PORTFOLIO TARA TILBURY (RVS SHORT DURATION US GOV. FUND) 50606 AMERIPRISE FINANCIAL CENTER MINNEAPOLIS, MN  55474 | 1/29/2009 | 9003314 | UNSPECIFIED* |
| 16 | SALMONSON, ARLENE 30 PARK AVENUE APT 6E NEW YORK, NY  10016 | 1/26/2009 | 1558 | $127,615.38 | SALMONSON, ARLENE AND FAITH JTWROS 30 PARK AVE, APT 6E NEW YORK, NY  10016-3834 | 1/28/2009 | 1869 | $127,615.38 |
| 17 | SALMONSON, ARLENE 30 PARK AVENUE APT 6E NEW YORK, NY  10016-3834 | 1/26/2009 | 9001848 | UNSPECIFIED* | SALMONSON, ARLENE AND FAITH JTWROS 30 PARK AVE, APT 6E NEW YORK, NY  10016-3834 | 1/28/2009 | 1869 | $127,615.38 |
| 18 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY  10019 | 1/27/2009 | 8001701 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY  10019 | 1/27/2009 | 7000573 | $60,735.85 |

---

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | **SURVIVING CLAIMS** | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 19 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 8001704 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 7000573 | $60,735.85 |
| 20 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 8001709 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 7000573 | $60,735.85 |
| 21 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 8001711 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 7000573 | $60,735.85 |

**Total** (not including unspecified amounts)**:**                    $11,697,811.72                                        $18,149,996.92

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

              LEHMAN BROTHERS INC.,

                                Debtor.

Case No. 08-01420 (JMP) SIPA

### DECLARATION OF TIMOTHY HURLEY IN SUPPORT OF THE TRUSTEE'S ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Pursuant to 28 U.S.C. § 1746, I, Timothy Hurley, hereby declare as follows:

1.      I am a Principal of Deloitte Financial Advisory Services LLP ("Deloitte FAS"). James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"), has duly authorized me to make and submit this declaration (the "Declaration") in support of the Trustee's one hundred fifty-fifth omnibus objection to general creditor claims (the "One Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims").[1]

2.      The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and/or upon certain proofs of claim and certain information from the LBI general claims register as maintained by Trustee's claim agent and analyzed by me or other personnel under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

3.      In the context of my services for the Trustee, I am involved in assisting with the Trustee's general creditor claim reconciliation process.  Accordingly, I and personnel under my supervision and direction have analyzed the claims asserted against the LBI estate listed in

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

<u>Exhibit A</u> annexed to the One Hundred Fifty-Fifth Omnibus Objection to General Creditor

Claims (the "<u>Proofs of Claim</u>") and certain information from the LBI general claims register as

maintained by Trustee's claims agent.

4.     Based on our analysis, I believe that the Proofs of Claim identified as Amended

and Superseded Claims on <u>Exhibit A</u> have been amended or superseded by the corresponding

Surviving Claims listed on the same <u>Exhibit A</u>.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on October 23, 2013

    /s/ Timothy Hurley
    Timothy Hurley
    Principal, Deloitte Financial Advisory Services
    LLP

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (JMP) SIPA

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S ONE HUNDRED FIFTY-FIFTH**
**OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS**
**(AMENDED AND SUPERSEDED CLAIMS)**

Upon the one hundred fifty-fifth omnibus objection to claims, dated October 24,

2013 (the "One Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims"),[1] of James

W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor"

or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections

78fff(b) and 78fff-1(a) of SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in this SIPA proceeding (the "General Creditor Claims

Objection Procedures Order," ECF No.5441), disallowing and expunging the Amended and

Superseded Claims on the grounds that such general creditor claims have been amended and

superseded by the corresponding Surviving Claims, all as more fully described in the One

Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims; and due and proper notice

of the One Hundred Fifty-Fifth Omnibus Objection to General Creditor Claims having been

---

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the One Hundred Fifty-Fifth Omnibus Objection

to General Creditor Claims is in the best interests of LBI, its estate, its customers and creditors,

and all parties in interest and that the legal and factual bases set forth in the One Hundred Fifty-

Fifth Omnibus Objection to General Creditor Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

> **ORDERED** that the relief requested in the One Hundred Fifty-Fifth Omnibus

Objection to General Creditor Claims is granted; and it is further

> **ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "Amended and Superseded Claims") are disallowed and expunged in their

entirety with prejudice; and it is further

> **ORDERED** that the claims listed on Exhibit 1 annexed hereto under the heading

"Surviving Claims" (collectively, the "Surviving Claims") will remain on the LBI general claims

register subject to the Trustee's right to further object as set forth herein; and it is further

> **ORDERED** that all information included on and all documentation filed in

support of any Amended and Superseded Claim shall be treated as having been filed in support

of and included in the corresponding Surviving Claim; and it is further

> **ORDERED** that notwithstanding any other provision of this Order, a Surviving

Claim and all documentation previously filed in support of the Surviving Claim shall be deemed

timely filed to the extent it appropriately amended and superseded, directly or indirectly, a claim

that had been timely filed; and it is further

**ORDERED** that this Order supersedes all previous orders regarding the

disposition of the Amended and Superseded Claims listed on <u>Exhibit 1</u> annexed hereto; and it is

further

**ORDERED** that nothing in this Order or the disallowance and expungement of

the Amended and Superseded Claims constitutes any admission or finding with respect to any of

the Surviving Claims, and the Trustee's rights to object to the Surviving Claims on any basis is

preserved; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
        _____ __, 2013

_____

HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (JMP) SIPA
## ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION: EXHIBIT 1- AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BANK OF NEW YORK MELLON HERMAN H SMITH 2 HANSON PLACE , 10TH FLOOR BROOKLYN, NY  11217 | 4/9/2009 | 7001356 | $1,961,700.00 | BANK OF NEW YORK MELLON HERMAN H SMITH 2 HANSON PLACE , 10TH FLOOR BROOKLYN, NY  11217 | 6/1/2009 | 7002545 | $663,000.00 |
| 2 | BROWN BROTHERS HARRIMAN & CO. F/B/O BROWN BROTHERS HARRIMAN TRUSTEE SERVICES (IRELAND) LIMITED AS CUSTODIAN FOR SEI GLOBAL MASTER FUND PLC/EURO CARE FIXED INCOME FUND ATTN: OFFICE OF THE GENERAL COUNSEL 40 WATER STREET BOSTON, MA  02119 | 5/28/2009 | 4897 | $237,448.18 | BROWN BROTHERS HARRIMAN & CO MOLLY DIGGINS CUSTODIAN FOR BROWN BROTHERS HARRIMAN TRUST COMPANY (CAYMAN) LIMITED TRUSTEE OF THE GOLDMAN SACHS INVESTMENT UNIT TR/YEN LIBOR PLUS FUNDL 140 BROADWAY NEW YORK, NY  10005-1108 | 6/1/2009 | 9008185 | UNSPECIFIED* |
| 3 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 7/20/2009 | 6069 | $675,100.42 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 4/14/2011 | 6240 | $429,539.74 |

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 4 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 6/9/2010 | 6211 | $545,936.29 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 4/14/2011 | 6240 | $429,539.74 |
| 5 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE P.O. BOX 9564 BOSTON, MA  02114-9564 | 5/27/2010 | 6209 | $545,936.29 | COMMONWEALTH OF MASSACHUSETTS, THE DEPARTMENT OF REVENUE LITIGATION BUREAU - BANKRUPTCY UNIT 100 CAMBRIDGE STREET, 7TH FLOOR PO BOX 9564 BOSTON, MA  02114-9564 | 4/14/2011 | 6240 | $429,539.74 |
| 6 | CVIC (LUX)MASTER S.A.R.L. TRANSFEROR: ARLINGTON ASSET INVESTMENT CORP. C/O CARVAL INVESTORS, LLC, ITS ATTORNEY IN FACT ATTN: TERI SALBERG 12700 WHITEWATER DRIVE, MS 144 MINNETONKA, MN  55343-9439 | 5/29/2009 | 7002285 | $4,009,391.01 | CVIC (LUX) MASTER S.A.R.L. C/O PAUL HASTINGS LLP ATTN: L.A. DESPINS & B.R. KAPLAN 75 EAST 55TH STREET NEW YORK, NY  10022 | 4/23/2013 | 6308 | $12,987,058.60 |
| 7 | INMARKETS MICHAEL FARMER 8105 STONEHILL DR. PLANO, TX  75025 | 5/28/2009 | 9007537 | UNSPECIFIED* | VONWIN CAPITAL MANAGEMENT, L.P. TRANSFEROR: INMARKETS ROGER VON SPIEGEL, MANAGING DIRECTOR 261 FIFTH AVENUE, 22ND FLOOR NEW YORK, NY  10016 | 5/28/2009 | 4904 | $172,090.71 |

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | MAYO, JAMIE R. 149 OAK RIDGE AVENUE SUMMIT, NJ 07901 | 2/3/2009 | 7001206 | $24,666.07 | MAYO, JAMIE R. 22 WORDSWORTH ROAD SHORT HILLS, NJ 07078 | 2/6/2009 | 3521 | $36,250.00 |
| 9 | NEUBERGER BERMAN GTAA UNIT TRUST 1 FOR QUALIFIED INSTITUTIONAL INVESTORS ONLY F/K/A LEHMAN BROTHERS GLOBAL MACRO UNIT TRUST C/O NB ALTERNATIVE FUND MANAGEMENT LLC 605 THIRD AVENUE NEW YORK, NY 10016 | 5/29/2009 | 4937 | $3,506,048.90 | NORTHUMBRIAN MANAGEMENT, L.L.C. TRANSFEROR: NEUBERGER BERMAN GTAA UNIT TRUST I (FOR QUALIFIED INSTITUTIONAL INVESTORS ONLY) PO BOX 8284 NEW YORK, NY 10150 | 1/22/2010 | 6193 | $2,262,384.35 |
| 10 | NEW YORK LIFE INSURANCE AND ANNUITY CORP JULIA WARREN 51 MADISON AVENUE, 10TH FLOOR NEW YORK, NY 10010-1603 | 10/20/2008 | 9008091 | UNSPECIFIED* | NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION RUTH E AVILES OFFICE OF THE GENERAL COUNSEL C/O NEW YORK LIFE INVESTMENT MANAGEMENT LLC 51 MADISON AVENUE 10TH FLOOR NEW YORK, NY 10010-1603 | 1/29/2009 | 9003259 | UNSPECIFIED* |
| 11 | POPULAR SECURITIES INC. JOSE TORRES 209 MUNOZ RIVERA AVE #12 SAN JUAN, PR 00918 | 4/3/2009 | 9007132 | UNSPECIFIED* | POPULAR SECURITIES, INC. JEFFREY N RICH 599 LEXINGTON AVENUE NEW YORK, NY 10022 | 5/29/2009 | 7002216 | $146,739.20 |
| 12 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1320 | $15,157.45 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1322 | $30,543.41 |
| 13 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1321 | $15,385.96 | POSNER, DAVID 37 STONEWALL DRIVE LIVINGSTON, NJ 07039-1837 | 1/23/2009 | 1322 | $30,543.41 |

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 14 | RIVERSIDE COUNTY TAX TREASURER TAX COLLECTOR PAUL MCDONNELL, TREASURER PO BOX 12005 RIVERSIDE, CA  92502-2205 | 1/22/2009 | 2146 | $33,425.77 | RIVERSIDE COUNTY TAX COLLECTOR ATTN: SHEREE RAPHAEL 4080 LEMON ST, 4TH FLOOR RIVERSIDE, CA  92501 | 10/7/2013 | 6372 | $34,593.86 |
| 15 | RIVERSOURCE SHORT DURATION US GOVERNMENT FUND, A SERIES OF RIVERSOURCE GOVERNMENT INCOME SERIES INC C/O MICHELLE M KEELEY 70100 AMERIPRISE FINANCIAL CENTER MINNEAPOLIS, MN  55474 | 9/26/2008 | 9008039 | UNSPECIFIED* | IDS #[REDACTED] GOVERNMENT INCOME PORTFOLIO TARA TILBURY (RVS SHORT DURATION US GOV FUND) 50606 AMERIPRISE FINANCIAL CENTER MINNEAPOLIS, MN  55474 | 1/29/2009 | 9003314 | UNSPECIFIED* |
| 16 | SALMONSON, ARLENE 30 PARK AVENUE APT 6E NEW YORK, NY  10016 | 1/26/2009 | 1558 | $127,615.38 | SALMONSON, ARLENE AND FAITH JTWROS 30 PARK AVE, APT 6E NEW YORK, NY  10016-3834 | 1/28/2009 | 1869 | $127,615.38 |
| 17 | SALMONSON, ARLENE 30 PARK AVENUE APT 6E NEW YORK, NY  10016-3834 | 1/26/2009 | 9001848 | UNSPECIFIED* | SALMONSON, ARLENE AND FAITH JTWROS 30 PARK AVE, APT 6E NEW YORK, NY  10016-3834 | 1/28/2009 | 1869 | $127,615.38 |
| 18 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY  10019 | 1/27/2009 | 8001701 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY  10019 | 1/27/2009 | 7000573 | $60,735.85 |

---

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CLAIM # | TOTAL CLAIM DOLLARS |
| 19 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 8001704 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 7000573 | $60,735.85 |
| 20 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 8001709 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 7000573 | $60,735.85 |
| 21 | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 8001711 | UNSPECIFIED* | WESTMINSTER RESEARCH ASSOCIATES LLC CHAD YOHN 1633 BROADWAY, 48TH FLOOR NEW YORK, NY 10019 | 1/27/2009 | 7000573 | $60,735.85 |

**Total** (not including unspecified amounts)**:**                              $11,697,811.72                              $18,149,996.92

---

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).