**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN THE LBI TRUSTEE AND THE JAPANESE ENTITIES**

Upon the motion dated January 24, 2014 (the "Motion," ECF No. [8118])[1] of James W. Giddens (the "LBI Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement Agreement entered into by the LBI Trustee and the Japanese Entities; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with SIPA § 78eee(b)(4); and venue being proper before this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C. § 78aa; and due and proper notice of the Motion having been provided in accordance with the Amended Case Management Order; and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and it appearing that no other or further notice need to be provided; and the relief requested in the Motion being appropriate and in the best interests of the LBI estate, its customers, its creditors, and all parties in interest; and sufficient cause appearing therefor, it is

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that the Court having determined and found that the proposed compromises and settlements set forth in the Settlement Agreement are reasonable and appropriate and consummation of the transactions contemplated by the Settlement Agreement is in the best interests of the LBI estate, its customers and creditors, the Motion is GRANTED; and it is further

ORDERED that LBI shall have an allowed proprietary claim against LBJ in the amount of JPY4,928,747,164.00 (four billion nine hundred twenty-eight million seven forty-seven hundred thousand one hundred sixty-four yen); and it is further

ORDERED that LBJ shall return to LBI the securities, as such securities have been impacted by all Corporate Events and Corporate Actions since September 16, 2008, set forth in Schedule 4 to the Settlement Agreement; and it is further

ORDERED that LBJ shall have two allowed customer claims against LBI in the amounts of $51,921,000 (fifty-one million nine hundred twenty-one thousand dollars) and $7,078,649.86 (seven million seventy-eight thousand six hundred forty-nine dollars and eighty-six cents) and an allowed unsecured non-priority general creditor claim against LBI in the amount of $442,806,414.33 (four hundred forty-two million eight hundred six thousand four hundred fourteen dollars and thirty-three cents); and it is further

ORDERED that each Japanese Non-Liquidation Company shall have an unsecured non-priority general creditor claim against LBI in the amount set forth in Schedule 1 to the Settlement Agreement pertaining to such Japanese Non-Liquidation Company; and it is further

ORDERED that any and all Claims asserted by the Japanese Entities or the LBI Trustee against each other shall be expunged, disallowed and released in accordance with the Settlement Agreement; and it is further

ORDERED that the LBI Trustee is authorized to execute the Asset Return Agreement in accordance with the Settlement Agreement; and it is further

ORDERED that any objections to the Motion that have not otherwise been withdrawn or resolved are overruled; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the compromises and settlements described in the Motion and contemplated by and provided for in the Settlement Agreement are approved; and it is further

ORDERED that the LBI Trustee is authorized to take any and all actions reasonably necessary to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that the distributions to be made by the LBI Trustee in respect of the Japanese Allowed Claims in accordance with and subject to the terms of the Settlement Agreement will be a legal, valid, and effective transfer of all of the legal, equitable and beneficial right, title and interest of LBI and the LBI Trustee in those assets, and free and clear of all liens, claims, and Encumbrances; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

62128547_3

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: February 7, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

62128547_3