**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED FOURTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, JORDAN E. PACE, ESQ., AT (212) 837-6467.**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:(212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

LEVINE LEE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>         LEHMAN BROTHERS INC.,<br><br>                              Debtor. | Case No.:  08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S**
**TWO HUNDRED FOURTH OMNIBUS OBJECTION TO**
**GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

**PLEASE TAKE NOTICE** that on February 7, 2014, James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred fourth omnibus objection to general creditor claims (the "Two Hundred Fourth Omnibus Objection to General Creditor Claims"), and that a hearing to consider the Trustee's Two Hundred Fourth Omnibus Objection to General Creditor Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **March 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Trustee's Two Hundred Fourth Omnibus Objection to General Creditor Claims must:  (i) be in writing; (ii) state the name and address of the responding party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399 by registered users of the Court's Electronic Case Filing system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format no later than **February 28, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Robert B. Funkhouser, Esq.; (b) Levine Lee LLP, 666 Fifth

Avenue, New York, New York 10103, Attn: Kenneth E. Lee, Esq.; (c) the Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (d) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to

the chambers of the Honorable Shelley C. Chapman, Courtroom 621, One Bowling Green, New

York, New York, 10004.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Trustee's Two Hundred Fourth Omnibus Objection to General Creditor

Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Trustee's Two Hundred Fourth Omnibus Objection to General Creditor Claims, which

may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       February 7, 2014

LEVINE LEE LLP

By:   /s/ Kenneth E. Lee
      Kenneth E. Lee
      Miriam L. Alinikoff
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
Email: klee@levinelee.com

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman
Brothers Inc.

HUGHES HUBBARD & REED LLP

By:   /s/ James B. Kobak, Jr.
      James B. Kobak, Jr.
      Robert B. Funkhouser
      Meaghan C. Gragg
      Jordan E. Pace
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman
Brothers Inc.

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:(212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

LEVINE LEE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>        LEHMAN BROTHERS INC.,<br><br>                          Debtor. | Case No.:  08-01420 (SCC) SIPA |

### THE TRUSTEE'S TWO HUNDRED FOURTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED FOURTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, JORDAN E. PACE, ESQ., AT (212) 837-6467.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business

of Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of

1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] by and through his undersigned

counsel,[2] respectfully represents as follows:

## RELIEF REQUESTED

1.      The Trustee files this two hundred fourth omnibus objection to general creditor

claims (the "Two Hundred Fourth Omnibus Objection to General Creditor Claims") pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable

to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to general creditor claims filed in this

SIPA proceeding (the "General Creditor Claim Objection Procedures Order," ECF No. 5441),

seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto

(collectively, the "Insufficient Documentation Claims" or the "Claims").  The Trustee's

proposed order (the "Proposed Order") is annexed hereto as Exhibit C.

2.      The Insufficient Documentation Claims purport to relate to notes (the "Notes")

issued by OMX Timber Finance Investments II, LLC pursuant to an Indenture dated as of

December 21, 2004 (the "Indenture").  The Claims allege that LBI acted as an underwriter for

the offering and sale of the Notes.  Wells Fargo Bank Northwest, N.A. (the "Indenture Trustee"),

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

2.   Levine Lee LLP is appearing as Special Counsel for the Trustee as to certain parties that may present potential
     conflicts of interest issues for Hughes Hubbard & Reed LLP as Counsel for the Trustee.

as indenture trustee under the Indenture, and fifty-three holders of the Notes (collectively, the "Noteholders"; together with the Indenture Trustee, the "Claimants") filed the Insufficient Documentation Claims based on unspecified claims that they may have against LBI.

3.     The Trustee's counsel has examined the Claims and has determined that each of the proofs of claim fails to comply with Bankruptcy Rule 3001(c) and with the instructions included with the official proof of claim form, as they do not include sufficient documentation to ascertain the validity of each claim.  Counsel for the Trustee has contacted the Claimants or their representatives by mail, telephone, and e-mail to request information and documentation to support their Claims; however, no additional information or documentation has been provided. The Insufficient Documentation Claims do not constitute valid prima facie claims and the Trustee therefore requests that the Claims be disallowed and expunged in their entirety.

4.     The Trustee's counsel also has determined that the proofs of claim filed by the Noteholders are substantively duplicative of the proof of claim filed by the Indenture Trustee.[3]  If any of the Claims are not disallowed and expunged in their entirety for lack of documentation, the Trustee requests that the proofs of claim filed by the Noteholders be disallowed and expunged in their entirety as duplicate claims.

5.     The Trustee reserves all of his rights to object on any basis to any Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION AND VENUE

6.     Following removal to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred

---

3.  The Indenture Trustee's proof of claim (represented by number 5266) is attached as Exhibit 1 to the Declaration of Jordan E. Pace, annexed hereto as Exhibit B (the "Pace Decl.").)

by [SIPA] upon the court to which application for the issuance of the protective decree was made." SIPA § 78eee(b)(4).

7. Venue is proper in this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C. § 78aa.

## **BACKGROUND**

8. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order," ECF No. 1) pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL). The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii) removed the case to this Court for all purposes as required in SIPA cases by section 78eee(b)(4) of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA Proceeding").

9. On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241). Beginning on December 1, 2008, consistent with SIPA § 78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former LBI customers and other potential claimants (the "Claims Process Notice") and posted claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org). The Trustee

also published notice of the claims process in The New York Times, The Wall Street Journal, and The Financial Times.

10.     Pursuant to SIPA § 78fff-2(a)(3) and the Customer Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and general creditor claims must have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless received by the Trustee on or before June 1, 2009 (the "<u>Pre-Filing Bar Date</u>").  In addition to the Pre-Filing Bar Date, on September 19, 2013, the Bankruptcy Court entered an order (the "<u>Administrative Bar Date Order</u>") that established October 31, 2013 (the "<u>Administrative Bar Date</u>") as the deadline to file a proof of claim for certain administrative expense claims against the LBI estate, as further described in the Administrative Bar Date Order, with respect to such administrative expenses arising between September 19, 2008 and August 31, 2013.  The Administrative Bar Date has now passed.  A copy of the Customer Claims Process Order was made publicly available at www.lehmantrustee.com.  The Trustee's website allowed claimants filing electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Proof of Claim.

11.     The Bankruptcy Rules' Official Form 10 (the "<u>Claim Form</u>"), the standardized proof of claim form which was approved for use in this case in the Claims Process Order, requires general creditor claimants to "[a]ttach redacted copies of any documents that support the claim."  (Claim Form at 1.)  Furthermore, instructions included with the Claim Form under the heading "Items to be completed in Proof of Claim form" required creditors to "[a]ttach to [the] proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt."  (Claim Form at 2.)  The Claim Form also instructed claimants to explain the

absence of documentation "[i]f the documents are not available." (Claim Form at 1.) The Trustee's website allowed claimants filing electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Claim Form. The Claims Process Order also put claimants on notice that they should submit supporting documentation with their claims.

12. On November 15, 2012, the Court entered the General Creditor Claim Objection Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections to no more than 200 general creditor claims at a time, on various grounds including those set forth in Bankruptcy Rule 3007(d) and, additionally, on the ground that the claims "do not include sufficient documentation to ascertain the validity of the Claim." (General Creditor Claim Objection Procedures Order at 2.)

**THE INSUFFICIENT DOCUMENTATION
CLAIMS SHOULD BE DISALLOWED AND EXPUNGED**

13. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co. v. Oneida Ltd.*, No. 09 Civ. 2229 (DC) (S.D.N.Y. 2010); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

**A.  The Insufficient Documentation Claims Do Not Include
Sufficient Documentation to Ascertain Their Validity**

14. Bankruptcy Rule 3001(c) requires that, "[w]hen a claim, or interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with

the proof of claim." Fed. R. Bankr. P. 3001(c). Claims filed in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see In re Oneida Ltd.*, 400 B.R. at 389; *see also In re MF Global Holdings Ltd.*, No. 11-15059 (MG), 2012 WL 5499847, at *3 (Bankr. S.D.N.Y. Nov. 13, 2012). If a claim fails to comply with the requirements of Bankruptcy Rule 3001, it is not entitled to *prima facie* validity. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226-27 (B.A.P. 9th Cir. 1995) (holding that since the claimants failed to comply with Rule 3001(c), their claim could not constitute *prima facie* evidence of validity under Rule 3001(f)), *aff'd*, 91 F.3d 151 (9th Cir. 1996). Further, this Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010); *accord In re Porter*, 374 B.R. 471, 479-80 (Bankr. D. Conn. 2007).

15. Each of the Insufficient Documentation Claims is nearly identical to the others. The substance of each proof of claim is the following statement:

> This Claim is asserted in respect of any claims or other rights of any nature that the Claimant may have against [LBI] in connection with the offering and sale of the Notes, including any liability of [LBI] under federal and state securities laws for any misstatement or omission in the offering documents relating to the sale of the Notes.

(*E.g.*, Proof of Claim No. 5141, Attachment ¶ 2, attached as <u>Exhibit 2</u> to the Pace Decl.) None of Insufficient Documentation Claims includes any further detail or any documentation.

16. None of the Claimants has attempted to amend or supplement their respective proofs of claim at any point over the past four and a half years. Before moving to object to the Insufficient Documentation Claims, the Trustee's counsel contacted counsel for the Indenture

Trustee to request additional information.  Despite repeated requests, the Indenture Trustee has not provided any further information or documentation regarding its claim.  The Trustee's counsel also sent a letter to each of the Noteholders requesting additional information to support the Noteholders' Claims.  None of the Noteholders subject to this objection has provided any further information or documentation regarding the Claims.

17.     The Claims lack information necessary to determine the validity of the claims.  The Claimants merely assert that they may have claims without specifying the basis for such claims or providing any supporting documentation.  The Trustee cannot, without more, ascertain the validity of the Claims.  Accordingly, the Trustee requests that the Court disallow and expunge the Insufficient Documentation Claims in their entirety.

### B.     The Noteholders' Claims Are Duplicative of the Indenture Trustee's Claim

18.     In the absence of any specification of the basis for the Claims or sufficient documentation supporting the Claims, the Trustee's professionals have examined the Indenture, which is publicly available.[4]  The terms of the Indenture authorize the Indenture Trustee to file a proof of claim on behalf of itself and all holders of any Notes issued under the Indenture.  (*See* Ex. D § 5.03(d)(i).)  The Federal Rules of Bankruptcy Procedure explicitly authorize an indenture trustee to "file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee."  Fed. R. Bankr. P. 3003(c)(5).

19.     The proof of claim filed by the Indenture Trustee purports to assert "any claims or rights of any nature that the [Indenture Trustee] may have against the Debtor in connection with the offering and sale of the Notes."  (Ex. B, Attachment ¶ 2.)  The broad sweep of the Indenture

---

4.     The relevant portion of the Indenture is annexed hereto as <u>Exhibit 3</u> to the Pace Declaration.  The complete Indenture is available online at http://www.sec.gov/Archives/edgar/data/12978/000110465908059693/a08-24013_1ex99d1.htm.

Trustee's purported claim includes any claims it may have against LBI on behalf of the Noteholders. The individual claims of the Noteholders therefore are duplicative of the Indenture Trustee's claim.

20. Because the Noteholder's claims are duplicative of the Indenture Trustee's claim, this is an additional ground upon which they should be disallowed and expunged. *See Allen v. Geneva Steel Co. (In re Geneva Steel Co.)*, 260 B.R. 517 (B.A.P. 10th Cir. 2001) (affirming bankruptcy court's disallowance of noteholder claim to the extent it was duplicative of indenture trustee claim), *aff'd*, 281 F.3d 1173 (10th Cir. 2002); *In re Bearing Point, Inc.*, Chapter 11 Case No. 09-10691 (REG), 2009 Bankr. LEXIS 5045, at *69-70 (Bankr. S.D.N.Y. Dec. 22, 2009) (confirming plan and ordering that "any Claim, proof of which is filed by the registered or beneficial [h]older of such Claim, may be disallowed as duplicative of the Claim of the applicable Indenture Trustee, without need for any further action or Bankruptcy Court Order."). The Indenture Trustee's claim will protect any rights and interests of the Noteholders, while disallowing and expunging the Noteholders' claims will prevent multiple distributions on the same underlying claim. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of the Noteholders' duplicative claims will enable the Trustee's claims agent to maintain a claims register that accurately reflects the proper claims pending against the LBI estate.

21. Accordingly, to the extent not already disallowed and expunged in their entirety, the Trustee requests that the Court disallow and expunge all of the claims listed on Exhibit A other than the Indenture Trustee's claim.

## RESERVATION OF RIGHTS

22.     The Insufficient Documentation Claims may be objectionable on a number of additional grounds.  The Trustee reserves all rights to object on any other basis to any Insufficient Documentation Claim or any portion of any Claim for which the Court does not grant the relief requested herein.

## NOTICE

23.     Notice of this Two Hundred Fourth Omnibus Objection to General Creditor Claims has been provided to:  (i) each claimant listed on Exhibit A via overnight mail; and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(a) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered by the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection upon filing with the Court  at the Trustee's website, www.lehmantrustee.com.  The Trustee submits that no other or further notice need be provided.

## NO PRIOR RELIEF REQUESTED

24.     No previous request for the relief requested herein has been made by the Trustee to this or any other Court.

## **CONCLUSION**

25.    For the reasons stated herein, the Trustee respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.


Dated: New York, New York
      February 7, 2014

LEVINE LEE LLP

By:  /s/ Kenneth E. Lee
     Kenneth E. Lee
     Miriam L. Alinikoff
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
Email: klee@levinelee.com

Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman
Brothers Inc.

HUGHES HUBBARD & REED LLP

By:  /s/ James B. Kobak, Jr.
     James B. Kobak, Jr.
     Robert B. Funkhouser
     Meaghan C. Gragg
     Jordan E. Pace
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman
Brothers Inc.

**EXHIBIT A**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | AEGON LIFE INSURANCE (TAIWAN) INC. ATTN: JAMES K. SCHAEFFER 230 W. MONROE, SUITE 1450 CHICAGO, IL 60606 | 5233 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 2 | AIG SUNAMERICA LIFE ASSURANCE COMPANY ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5217 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 3 | AMERICAN AIRLINES PILOT RETIREMENT BENEFIT PROGRAM FIXED INCOME PLAN, THE AMERICAN AIRLINES, INC. ATTN: KATHRYN L. KOORENNY 4333 AMON CARTER BLVD. MD 5675, 6W5C76 FORT WORTH, TX 76155 | 5768 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 4 | AMERICAN GENERAL LIFE INSURANCE COMPANY ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5220 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 5 | AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5214 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | AMERICAN INVESTORS LIFE INSURANCE COMPANY, INC. ATTN: SHANI DORN AVIVA INVESTORS NORTH AMERICA, INC. 699 WALNUT STREET, SUITE 1700 DES MOINES, IA 50309 | 5223 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 7 | AVIVA LIFE AND ANNUITY COMPANY ATTN: SHANI DORN AVIVA INVESTORS NORTH AMERICA, INC. 699 WALNUT STREET, SUITE 1700 DES MOINES, IA 50309 | 5222 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 8 | AXA EQUITABLE LIFE INSURANCE COMPANY ATTN: MICHAEL SOHR ALLIANCEBERNSTEIN 1345 AVE OF THE AMERICAS NEW YORK, NY 10105 | 5206 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 9 | BT INSTITUTIONAL HEDGED GLOBAL BOND FUND ATTN: DEBRA SVOBODA EPP C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5208 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 10 | CANADA LIFE ASSURANCE COMPANY, THE ATTN: JANET HURKETT 8515 E. ORCHARD ROAD GREENWOOD VILLAGE, CO 80111 | 5239 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 11 | CANADA LIFE INSURANCE COMPANY OF AMERICA ATTN: JANET HURKETT 8515 E. ORCHARD ROAD GREENWOOD VILLAGE, CO 80111 | 5242 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 12 | CENTRAL STATES HEALTH & LIFE CO. OF OMAHA ATTN: JAMIE M. AMODEO 1212 NO. 96TH STREET OMAHA, NE 68114 | 5717 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 13 | COLONIAL LIFE & ACCIDENT INSURANCE COMPANY ATTN: BEN S. MILLER C/O PROVIDENT INVESTMENT MANAGEMENT, LLC 1 FOUNTAIN SQUARE CHATTANOOGA, TN 37402 | 5229 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 14 | COUNTRY LIFE INSURANCE COMPANY ATTN: MARK J. BURNS 1705 N. TOWANDA AVE. BLOOMINGTON, IL 61702 | 5237 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 15 | CSA FRATERNAL LIFE INSURANCE AAM/CSA FRATERNAL INSURANCE E. CO. ATTN: GEORGE J SOVA 122 W. 22ND ST. OAKBROOK, IL 60523-1598 | 5536 | 5/30/2009 | $1,000,000.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 16 | FIRST GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY ATTN: JANET HURKETT 8515 E. ORCHARD ROAD GREENWOOD VILLAGE, CO 80111 | 5241 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 17 | FIRST SUNAMERICA LIFE INSURANCE COMPANY ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5216 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 18 | GENERAL AMERICAN LIFE INSURANCE COMPANY ATTN: CLAUDIA CROMIE C/O METROPOLITAN LIFE INSURANCE COMPANY 10 PARK AVENUE, P.O. BOX 1902 MORRISTOWN, NJ 07962-1902 | 5227 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 19 | GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY ATTN: JANET HURKETT 8515 E. ORCHARD ROAD GREENWOOD VILLAGE, CO 80111 | 5240 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

_____

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined," or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 20 | GUARANTEE TRUST LIFE<br>ATTN: ART FESS<br>1275 MILWAUKEE AVE.<br>GLENVIEW, IL 60025 | 5716 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 21 | JACKSON NATIONAL LIFE INSURANCE COMPANY<br>ATTN: PPM AMERICA, AS ATTORNEY-IN-FACT<br>225 WEST WACKER, SUITE 1200<br>CHICAGO, IL 60606 | 5231 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 22 | JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)<br>JOHN HANCOCK FINANCIAL SERVICES<br>ATTN: MICHAEL BROWN, ESQ.<br>197 CLARENDON STREET, C-3<br>BOSTON, MA 02116 | 5333 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 23 | JOHN HANCOCK LIFE INSURANCE COMPANY<br>JOHN HANCOCK FINANCIAL SERVICES<br>ATTN: MICHAEL BROWN, ESQ.<br>197 CLARENDON STREET, C-3<br>BOSTON, MA 02116 | 5336 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 24 | JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY<br>JOHN HANCOCK FINANCIAL SERVICES<br>ATTN: MICHAEL BROWN, ESQ.<br>197 CLARENDON STREET, C-3<br>BOSTON, MA 02116 | 5334 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 25 | LIBERTY BANKERS LIFE INSURANCE COMPANY<br>ATTN: THOMAS HAYDEN<br>1605 LBJ FREEWAY<br>DALLAS, TX 75234 | 5761 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 26 | MEDICO INSURANCE COMPANY<br>ATTN PATRICIA KEAIRNES<br>1515 SOUTH 75TH STREET<br>OMAHA, NE 68124 | 5036 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 27 | METLIFE INSURANCE COMPANY OF CONNECTICUT, SEPARATE ACCOUNT STRUCTURED SETTLEMENT FUND (SSF) ATTN: CLAUDIA CROMIE C/O METROPOLITAN LIFE INSURANCE COMPANY 10 PARK AVENUE, P.O. BOX 1902 MORRISTOWN, NJ 07962-1902 | 5226 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 28 | METLIFE INSURANCE COMPANY OF CONNECTICUT ATTN: CLAUDIA CROMIE C/O METROPOLITAN LIFE INSURANCE COMPANY 10 PARK AVENUE, P.O. BOX 1902 MORRISTOWN, NJ 07962-1902 | 5225 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 29 | METROPOLITAN LIFE INSURANCE COMPANY ATTN: CLAUDIA CROMIE 10 PARK AVENUE, P.O. BOX 1902 MORRISTOWN, NJ 07962-1902 | 5224 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 30 | MONUMENTAL LIFE INSURANCE COMPANY ATTN: JAMES K. SCHAEFFER 230 W. MONROE, SUITE 1450 CHICAGO, IL 60606 | 5236 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 31 | MONY LIFE INSURANCE COMPANY OF AMERICA ATTN: MICHAEL SOHR ALLIANCEBERNSTEIN 1345 AVE OF THE AMERICAS NEW YORK, NY 10105 | 5205 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 32 | MONY LIFE INSURANCE COMPANY ATTN: MICHAEL SOHR ALLIANCEBERNSTEIN 1345 AVE OF THE AMERICAS NEW YORK, NY 10105 | 5204 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 33 | MUNICH AMERICAN REASSURANCE COMPANY ATTN: J. SWEENEY 56 PERIMETER CTR. EAST ATLANTA, GA 30346-2290 | 5238 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined," or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 34 | PAUL REVERE VARIABLE ANNUITY INSURANCE COMPANY, THE ATTN: BEN S. MILLER C/O PROVIDENT INVESTMENT MANAGEMENT, LLC 1 FOUNTAIN SQUARE CHATTANOOGA, TN 37402 | 5230 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 35 | PRINCIPAL LIFE INSURANCE COMPANY ATTN: DEBRA SVOBODA EPP C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5207 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 36 | RETIREMENT BENEFIT PLAN OF AMERICAN AIRLINES, INC. FOR FLIGHT ATTENDANTS, THE AMERICAN AIRLINES, INC. ATTN: KATHRYN L. KOORENNY 4333 AMON CARTER BLVD. MD 5675, 6W5C76 FORT WORTH, TX 76155 | 5767 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 37 | RETIREMENT BENEFIT PLAN OF AMERICAN AIRLINES, INC., THE FOR AGENTS, MANAGEMENT, SPECIALISTS, SUPPORT PERSONNEL AND OFFICERS AMERICAN AIRLINES, INC. ATTN: KATHRYN L. KOORENNY 4333 AMON CARTER BLVD. MD 5675, 6W5C76 FORT WORTH, TX 76155 | 5766 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 38 | RETIREMENT BENEFIT PLAN OF AMERICAN AIRLINES, INC., THE FOR EMPLOYEES REPRESENTED BY THE TRANSPORT WORKERS UNION (TWTU) OF AMERICA, AFL-CIO AMERICAN AIRLINES, INC. ATTN: KATHRYN L. KOORENNY 4333 AMON CARTER BLVD., MD 5675, 6W5C76 FORT WORTH, TX 76155 | 6392 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined," or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 39 | SCOTTISH ANNUITY & LIFE INSURANCE COMPANY (CAYMAN) LTD. C/O SCOTTISH RE ATTN: BRIAN TRUST, SR VP, INVESTMENTS 13840 BALLANTYNE CORPORATE PLACE, SUITE 500 CHARLOTTE, NC 28277 | 5141 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 40 | SCOTTISH ANNUITY NATIONWIDE 1YR ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5209 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 41 | SCOTTISH ANNUITY NATIONWIDE 5YR ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5210 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 42 | SCOTTISH ANNUITY RE CREDIT ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5212 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 43 | SCOTTISH RE US CAPITAL CREDIT ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5211 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 44 | STATE OF TN/TCRS ATTN: JAMIE LYNN THOMPSON 502 DEADERICK STREET, SUITE 1160 NASHVILLE, TN 37243-0209 | 5213 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 45 | SUNAMERICA LIFE INSURANCE COMPANY ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5221 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 46 TRANSAMERICA LIFE BERMUDA, LTD. ATTN: JAMES K. SCHAEFFER 230 W. MONROE, SUITE 1450 CHICAGO, IL 60606 | 5235 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 47 TRANSAMERICA LIFE INSURANCE COMPANY F/K/A LIFE INVESTORS INSURANCE COMPANY OF AMERICA ATTN: JAMES K. SCHAEFFER 230 W. MONROE, SUITE 1450 CHICAGO, IL 60606 | 5232 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 48 TRANSAMERICA LIFE INSURANCE COMPANY ATTN: JAMES K. SCHAEFFER 230 W. MONROE, SUITE 1450 CHICAGO, IL 60606 | 5234 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 49 UMWA 1974 PENSION TRUST C/O BARBARA E. LOCKLIN, ESQ. UMWA HEALTH & RETIREMENT FUNDS 2121 K STREET NW, SUITE 350 WASHINGTON, DC 20037 | 5956 | 6/3/2009 | $720,000.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 50 UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, THE ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5218 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 51 UNUM LIFE INSURANCE COMPANY OF AMERICA ATTN: BEN S. MILLER C/O PROVIDENT INVESTMENT MANAGEMENT, LLC 1 FOUNTAIN SQUARE CHATTANOOGA, TN 37402 | 5228 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 52 VARIABLE ANNUITY LIFE INSURANCE COMPANY, THE ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5219 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined," or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 53 WELLS FARGO BANK, N.A. AS INDENTURE TRUSTEE<br>299 SOUTH MAIN STREET 12TH FLOOR<br>ATTN: VAL T. ORTON<br>SALT LAKE CITY, UT  84111 | 5266 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 54 WESTERN NATIONAL LIFE INSURANCE COMPANY<br>F/K/A AIG ANNUITY INSURANCE COMPANY<br>ATTN: PETER DEFAZIO / GERALD F. HERMAN<br>C/O AIG GLOBAL INVESTMENT CORP.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX  77019 | 5215 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION.  CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| Total | | | $1,720,000.00 | |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

       LEHMAN BROTHERS INC.,

                            Debtor.

Case No. 08-01420 (SCC) SIPA

---

### DECLARATION OF JORDAN E. PACE IN SUPPORT OF
### THE TRUSTEE'S TWO HUNDRED FOURTH OMNIBUS OBJECTION TO
### <u>GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)</u>

Pursuant to 28 U.S.C. § 1746, I, Jordan E. Pace, hereby declare as follows:

1.      I am an attorney duly admitted to practice in this Court and an associate at the law firm of Hughes Hubbard & Reed LLP, attorneys for James W. Giddens (the "<u>Trustee</u>"), trustee for the SIPA liquidation of Lehman Brothers Inc.  I submit this declaration in support of the Trustee's two hundred fourth omnibus objection to general creditor claims (the "<u>Objection</u>").

2.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of proof of claim number 5266 that was filed in this matter on behalf of Wells Fargo Bank Northwest, N.A.

3.      Attached hereto as <u>Exhibit 2</u> is a true and correct copy of proof of claim number 5141 that was filed in this matter on behalf of Scottish Annuity & Life Insurance Company (Cayman) Ltd.

4.      The United States Securities and Exchange Commission (the "<u>SEC</u>") maintains a searchable online database of forms filed with the SEC.  This database includes a certain Form 8-K filed by Officemax Incorporated on September 22, 2008.  Attached thereto as Exhibit 99.1 is an Indenture by and between OMX Timber Finance Investments II, LLC, as the Issuer, and Wells Fargo Bank Northwest, N.A., as the Indenture Trustee, dated as December 21, 2004 (the

"Indenture").  Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the Indenture.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2014.

/s/ Jordan E. Pace
Jordan E. Pace
Associate, Hughes Hubbard & Reed LLP

**EXHIBIT 1**

Filed: USBC - Southern District of New York
SIPC v. Lehman Brothers Inc.
08-01420 (JMP)

RECEIVED

MAY 2 9 2009

LEGAL SERVICES

Bankruptcy Claim #                    000005266

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT     SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Lehman Brothers Inc. | Case Number: 08-01420 (JMP) SIPA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Wells Fargo Bank Northwest, N.A., as Indenture Trustee**

☐☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Wells Fargo Bank, N.A.          Bingham McCutchen LLP
299 South Main Street, 12th Floor    One State Street
Salt Lake City, UT 84111        Hartford, CT 06103
Attn: Val T. Orton            Attn: Jaska Miettinen / Mark Deveno
Tel. No.: 801-246-5300          Tel. No.: 860-240-2700

**Court Claim Number:**_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**     See Attachment

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim: See Attachment**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

  3a. Debtor may have scheduled account as:_____
    (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property:$_____     Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____     Basis for perfection:_____

Amount of Secured Claim: $_____     Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*). DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. See Attachment.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date:<br>5/26/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>By:  *Vuiot* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                     :

In re                           :        Chapter 11
                      :

LEHMAN BROTHERS INC.,         :        Case No. 08-01420 (JMP) SIPA
                      :

                Debtor.   :
                      :

------------------------------------------------------------x

## ATTACHMENT TO PROOF OF CLAIM OF WELLS FARGO BANK NORTHWEST, N.A., IN ITS CAPACITY AS INDENTURE TRUSTEE

1.     This proof of claim (the "**Claim**") is made by Wells Fargo Bank Northwest, N.A., in its capacity as indenture trustee (the "**Indenture Trustee**" or the "**Claimant**") in respect of that certain Indenture dated as of December 21, 2004 (as amended from time to time, the "**Indenture**") by and between OMX Timber Finance Investments II, LLC ("**OMX**") and the Indenture Trustee. Pursuant to the Indenture, OMX issued certain Class A-2 Notes due 2019 (the "**Notes**").

2.     Among others, Lehman Brothers Inc. (the "**Debtor**") acted as an underwriter in respect of the offering and sale of the Notes. This Claim is asserted in respect of any claims or other rights of any nature that the Claimant may have against the Debtor in connection with the offering and sale of the Notes, including any liability of Debtor under federal and state securities laws for any misstatement or omission in the offering documents relating to the sale of the Notes. For ease of reference, the Indenture and all documents and agreements incidental thereto, including any offering materials related thereto, shall be referred to herein as the "**Claim Documents**".

3.    The exact amount of the claims under the Claim Documents, if any, cannot be determined at this time.

4.    No judgment has been rendered on the Claim made hereby.

5.    The Claim is not subject to any setoff or counterclaim.

6.    The Claimant reserves the right to amend, restate and/or supplement this Claim from time to time as such becomes further liquidated or for any reason it deems appropriate and to assert any and all other claims of whatever kind or nature that it holds, or may hold, against Debtor or any other debtor that come to the attention of the Claimant, including, without limitation, (i) to claim all amounts due in respect of any additional prepetition or postpetition (x) professional fees or expenses, (y) interest, or (z) other fees or charges; (ii) to reflect additional claims under the Claim Documents to the extent discovered after the filing hereof; or (iii) for any other reason should it deem it appropriate. The filing of this Claim shall not be deemed a waiver of any such claims. The filing of this Claim is without prejudice to the right of the Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional, which right is expressly reserved.

7.    This Claim is filed under the compulsion of the bar date established in these cases and is filed to protect the Claimant from forfeiture of claims by reason of said bar date. Filing of this Claim is not and shall not be deemed or construed as (a) an election of remedies, (b) a consent by the Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Claimant, (c) a consent by the Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (d) a waiver of the right of the Claimant to a trial by jury in any proceeding so triable herein or in any case, controversy or proceeding related hereto,

notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (e) a waiver of the right of the Claimant to have final orders in non-core matters entered only after *de novo* review by a District Court judgment, (f) a waiver of the right of the Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal, (g) a waiver of any past, present or future event of default, (h) a waiver or limitation of any rights of the Claimant, including, without limitation, a waiver of obligations owing to the Claimant, rights, claims, actions, defenses, set-offs or recoupments to which the Claimant is or may be entitled under agreements, in law or in equity, against Debtor (or any subsidiary or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers or directors, or the right to contest the validity, priority or extent of any liens or security interests purported to be equal, senior or inferior to any right, lien or security interest of the Claimant, all of which rights, claims, actions, defenses, set-offs and recoupments are expressly reserved by the Claimant or (i) an admission by the Claimant that any property held by Debtor (or any subsidiary or affiliate thereof) is property of the estate.

8.    As the Claim Documents are voluminous and should be in the possession of the Debtor, the Claimant has not attached them hereto.

9.    The post office address of the Claimant and the address to which all notices should be addressed is:

> Wells Fargo Bank, N.A.
> 299 South Main Street, 12th Floor
> Salt Lake City, UT 84111
> Attn:   Val T. Orton, Esq.
> Tel:     801-246-5300

*and*

Bingham McCutchen LLP
One State Street
Hartford, CT 06103
Attn:   Mark W. Deveno, Esq.
        Jaska Miettinen, Esq.
Tel:    860-240-2700

# BINGHAM

Jaska P. Miettinen
Direct Phone: 860.240.2768
Direct Fax:    860.240.2545
jaska.miettinen@bingham.com

May 28, 2009

**Via FedEx**

Lehman Brothers Inc. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**Re: Lehman Brothers, Inc. Proof of Claim Forms**

To Whom It May Concern:

Enclosed are 1 original and 1 copy of the proof of claim submitted by Wells Fargo Bank Northwest, N.A., as Indenture Trustee. Please date-stamp and return the copy in the enclosed self-addressed stamped envelope. Thank you very much.

Regards,

Jaska P. Miettinen

JPM/hrg

Enclosures

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178

T 860.240.2700
F 860.240.2800
bingham.com

A/73050710.1

# BINGHAM

Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178



UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004635445
$ 00.44⁰
MAILED FROM ZIP CODE 06103

Jaska Miettinen, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178

From:   Origin ID: KXAA   (860)240-2700
Jaska Miettinen
Bingham McCutchen LLP
One State Street

Hartford, CT 06103

**FedEx** Express

**E**

C301 200962 172124

Ship Date: 28MAY09
ActWgt: 1 LB
CAD: 8880325/WBUS0200
Account#: S ********

Delivery Address Bar Code

Ref #    3009230.0000335462.30445
Invoice #
PO #
Dept #

SHIP TO: (860)240-2979        BILL SENDER

**Lehman Brothers Inc.**
**Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**10300 SW Allen Blvd**
**Beaverton, OR 970054833**

TRK#
0201   7927 9561 7652

FRI - 29MAY        A2

**PRIORITY OVERNIGHT**
**DSR**

**97005**
OR-US
PDX

**XH BNOA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**FOLD on this line and place in shipping pouch with bar code and delivery address visible**

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

**EXHIBIT 2**

Filed: USBC - Southern District of New York
SIPC v. Lehman Brothers Inc.
08-01420 (JMP)

**Bankruptcy Claim #**

000005141

RECEIVED

MAY 2 9 2009

LEGAL SERVICES

| UNITED STATES BANKRUPTCY COURT   SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Lehman Brothers Inc. | Case Number: 08-01420 (JMP) SIPA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**Scottish Annuity & Life Insurance Company (Cayman) Ltd.** | ☐☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>**Scottish Annuity & Life Insurance Company (Cayman) Ltd.**<br>**c/o Scottish Re**<br>**13840 Ballantyne Corporate Place, Suite 500**<br>**Charlotte, NC 28277**<br>**Attn: Brian Trust, Sr VP, Investments**<br>**Tel. No.: 1-704-752-5710** | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1.   Amount of Claim as of Date Case Filed:**      See Attachment_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2.   Basis for Claim:**  See Attachment_____<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3.   Last four digits of any number by which creditor identifies debtor:**_____ | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3a.  Debtor may have scheduled account as:**_____<br>(See instruction #3a on reverse side.) | |
| **4.   Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other<br>**Describe:**<br><br>**Value of Property:$**_____    **Annual Interest Rate____%**<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim, if any: $**_____    **Basis for perfection:**_____<br><br>**Amount of Secured Claim: $**_____    **Amount Unsecured: $**_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). |
| **6.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **7.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*).  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. **See Attachment.**<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).<br><br>**Amount entitled to priority:**<br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| **Date:**<br>5/27/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>By: | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
In re                                               :         Chapter 11
                                                    :
LEHMAN BROTHERS INC.,                               :         Case No. 08-01420 (JMP) SIPA
                                                    :
                                    Debtor.         :
                                                    :
-------------------------------------------------------------x

## ATTACHMENT TO PROOF OF CLAIM

1.      This proof of claim (the "**Claim**") is made by the entity identified on the cover

page hereto (the "**Claimant**").  Claimant is a holder of those certain Class A-2 Notes due 2019

(the "**Notes**") issued by OMX Timber Finance Investments II, LLC ("**OMX**") pursuant to that

certain Indenture dated as of December 21, 2004 by and between OMX and the indenture trustee

thereunder (as amended from time to time, the "**Indenture**").

2.      Among others, Lehman Brothers Inc. (the "**Debtor**") acted as an underwriter in

respect of the offering and sale of the Notes.  This Claim is asserted in respect of any claims or

other rights of any nature that the Claimant may have against the Debtor in connection with the

offering and sale of the Notes, including any liability of Debtor under federal and state securities

laws for any misstatement or omission in the offering documents relating to the sale of the Notes.

For ease of reference, the Indenture and all documents and agreements incidental thereto,

including any offering materials related thereto, shall be referred to herein as the "**Claim**

**Documents**".

3.     The exact amount of the claims under the Claim Documents, if any, cannot be determined at this time.

4.     No judgment has been rendered on the Claim made hereby.

5.     The Claim is not subject to any setoff or counterclaim.

6.     The Claimant reserves the right to amend, restate and/or supplement this Claim from time to time as such becomes further liquidated or for any reason it deems appropriate and to assert any and all other claims of whatever kind or nature that it holds, or may hold, against Debtor or any other debtor that come to the attention of the Claimant, including, without limitation, (i) to claim all amounts due in respect of any additional prepetition or postpetition (x) professional fees or expenses, (y) interest, or (z) other fees or charges; (ii) to reflect additional claims under the Claim Documents to the extent discovered after the filing hereof; or (iii) for any other reason should it deem it appropriate. The filing of this Claim shall not be deemed a waiver of any such claims. The filing of this Claim is without prejudice to the right of the Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional, which right is expressly reserved.

7.     This Claim is filed under the compulsion of the bar date established in these cases and is filed to protect the Claimant from forfeiture of claims by reason of said bar date. Filing of this Claim is not and shall not be deemed or construed as (a) an election of remedies, (b) a consent by the Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Claimant, (c) a consent by the Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (d) a waiver of the right of the Claimant to a trial by jury in any proceeding so triable herein or in any case, controversy or proceeding related hereto,

notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (e) a waiver of the right of the Claimant to have final orders in non-core matters entered only after *de novo* review by a District Court judgment, (f) a waiver of the right of the Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal, (g) a waiver of any past, present or future event of default, (h) a waiver or limitation of any rights of the Claimant, including, without limitation, a waiver of obligations owing to the Claimant, rights, claims, actions, defenses, set-offs or recoupments to which the Claimant is or may be entitled under agreements, in law or in equity, against Debtor (or any subsidiary or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers or directors, or the right to contest the validity, priority or extent of any liens or security interests purported to be equal, senior or inferior to any right, lien or security interest of the Claimant, all of which rights, claims, actions, defenses, set-offs and recoupments are expressly reserved by the Claimant or (i) an admission by the Claimant that any property held by Debtor (or any subsidiary or affiliate thereof) is property of the estate.

8.    As the Claim Documents are voluminous and should be in the possession of the Debtor, the Claimant has not attached them hereto.

9.    The post office address of the Claimant and the address to which all notices should be addressed is set forth in the cover page to this Claim.

 Scottish Re.

May 28, 2009

Lehman Brothers, Inc.
Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Boulevard
Beaverton, OR 97005

REF:  Chapter 11, Case No. 08-01420 (JMP) SIPA

Enclosed is an Original and a Copy of the Proof of Claim and Attachment to Proof of Claim for Scottish Annuity & Life Insurance Company (Cayman) Ltd.

Please date-stamp the Copy and return for our records.  A stamped, self-addressed envelope has been enclosed for your convenience.

Regards,

Brian C. Trust

Brian Trust
SVP, Investments

Enclosures

SCOTTISH HOLDINGS, INC.
13840 Ballantyne Corporate Place • Suite 500 • Charlotte, North Carolina 28277 USA
Main 704.542.9192 • Fax 704.542.5744 • www.scottishre.com • NYSE: SCT

 Scottish Re.

**SCOTTISH RE (U.S.), INC.**
13840 Ballantyne Corporate Place, Suite 500
Charlotte, North Carolina 28277



02 1P $ 000.44⁰
0004440234 MAY 28 2009
MAILED FROM ZIP CODE 28227

Brian Trust
SVP, Investments
Scottish Re
13840 Ballantyne Corporate Place, Suite 500
Charlotte, NC 28277

From: Origin ID: MEOA (704) 943-2081
Lisa Kluttz
Scottish Re
13840 Ballantyne Corporate Place
Suite 500
Charlotte, NC 28277


FedEx.
Express

Ship Date: 28MAY09
ActWgt: 0.5 LB
CAD: 5663187/INET9011
Account# S *********

Delivery Address Bar Code

SHIP TO: (866) 841-7868        BILL SENDER
**c/o Epiq Bankruptcy Solutions LLC**
**Lehman Brothers**
**10300 SW ALLEN BLVD**

**BEAVERTON, OR 97005**

Ref #
Invoice #
PO #
Dept #

TRK# 7976 3366 0057        FRI - 29MAY        A2
0201                        **PRIORITY OVERNIGHT**

**XH BNOA**

**97005**
OR-US
PDX

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT 3

**INDENTURE**

by and between

OMX Timber Finance Investments II, LLC,
<u>as the Issuer,</u>

and

WELLS FARGO BANK NORTHWEST, N.A.,
not in its individual capacity but solely in its capacity
<u>as the Indenture Trustee</u>

Dated as of December 21, 2004

$735,000,000 (approximate) Class A-2 Notes due 2019
Secured by $817,500,000 Installment Note Guaranteed by Lehman Brothers Holdings Inc.

notice in writing to the Issuer and the Rating Agencies (and to the Indenture Trustee if given by Holders), and upon any such declaration the unpaid principal balance of such Notes, together with accrued and unpaid interest thereon through the date of acceleration, shall become immediately due and payable. If an Event of Default specified in <u>Section 5.01(iv)</u> or <u>Section 5.01 (v)</u> occurs, the unpaid principal balance of the Notes, together with accrued and unpaid interest thereon through the date of acceleration, shall become immediately due and payable.

At any time after such declaration of acceleration of maturity has been made and before a judgment or decree for payment of the money due has been obtained by the Indenture Trustee as hereinafter in this <u>Article V</u> provided, the Majority Holders, by written notice to the Issuer and the Indenture Trustee, may rescind and annul such declaration and its consequences if:

> (A)      the Issuer has paid or deposited with the Indenture Trustee a sum sufficient to pay:

>> (i)      all payments of principal of and accrued and unpaid interest on the Notes and all other amounts that would then be due hereunder and upon the Notes if the Event of Default giving rise to such acceleration had not occurred; and

>> (ii)      all sums paid or advanced by the Indenture Trustee hereunder and the reasonable compensation, expenses, disbursements and advances of the Indenture Trustee and its agents and counsel; and

> (B)      all Events of Default, other than the nonpayment of the principal of the Notes that has become due solely by such acceleration, have been cured or waived as provided in <u>Section 5.12</u>.

No such rescission or annulment shall affect any subsequent default or impair any right consequent thereto.

### Section 5.03.   <u>Collection of Indebtedness and Suits for Enforcement by Indenture Trustee.</u>

(a)      The Issuer covenants that if (i) default is made in the payment of any interest on any Note when the same becomes due and payable, and such default continues for a period of five (5) Business Days, or (ii) default is made in the payment of the principal any Note when the same becomes due and payable, the Issuer will, upon demand of the Indenture Trustee, pay to it, for the benefit of the Holders, the whole amount then due and payable on the Notes for principal and interest, with interest upon the overdue principal, and in addition thereto such further amount as shall be sufficient to cover the costs and expenses of collection, including the reasonable compensation, expenses, disbursements and advances of the Indenture Trustee and its agents and counsel.

(b)      In case the Issuer shall fail forthwith to pay such amounts upon such demand, the Indenture Trustee, in its own name and as trustee of an express trust, with the consent of the Majority Holders and subject to the provisions of <u>Section 10.17</u> may institute a Proceeding for the collection of the sums so due and unpaid, and may prosecute such Proceeding to judgment or

33

final decree, and may enforce the same against the Issuer or other obligor upon the Notes and collect in the manner provided by law out of the Indenture Collateral, wherever situated, the moneys adjudged or decreed to be payable.

(c)    If an Event of Default occurs and is continuing, the Indenture Trustee may, as more particularly provided in Section 5.04, in its discretion, proceed to protect and enforce its rights and the rights of the Holders and by such appropriate Proceedings as the Indenture Trustee shall deem most effective to protect and enforce any such rights, whether for the specific enforcement of any covenant or agreement in this Indenture or in aid of the exercise of any power granted herein, or to enforce any other proper remedy or legal or equitable right vested in the Indenture Trustee by this Indenture or by law.

(d)    In case there shall be pending, relative to the Issuer or any other obligor upon the Notes, to the Guarantor upon the Guaranty or any Person having or claiming an ownership interest in the Indenture Collateral, Proceedings under Title 11 of the United States Code or any other applicable federal or state bankruptcy, insolvency or other similar law, or in case a receiver, assignee or trustee in bankruptcy or reorganization, liquidator, sequestrator or similar official shall have been appointed for or taken possession of the Issuer or the Guarantor or their respective property or such other obligor or Person, or in case of any other comparable judicial Proceedings relative to the Issuer or other obligor upon the Notes, to the Guarantor upon the Guaranty or to the creditors or property of the Issuer or such other obligor, the Indenture Trustee, irrespective of whether the principal of any Notes shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Indenture Trustee shall have made any demand pursuant to the provisions of this Section 5.03, shall be entitled and empowered, by intervention in such Proceedings or otherwise:

(i)    to file and prove a claim or claims for the whole amount of principal and interest owing and unpaid in respect of the Notes or the Guaranty, as applicable, and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Indenture Trustee (including any claim for reasonable compensation to the Indenture Trustee and each predecessor Indenture Trustee, and their respective agents, attorneys and counsel, and for reimbursement of all reasonable expenses and liabilities incurred, and all advances made, by the Indenture Trustee and each predecessor Indenture Trustee, except as a result of negligence or bad faith) and of the Holders allowed in such Proceedings;

(ii)    unless prohibited by applicable law and regulations, to vote on behalf of the Holders of Notes in any election of a trustee, a standby trustee or Person performing similar functions in any such Proceedings;

(iii)    to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute all amounts received with respect to the claims of the Holders and of the Indenture Trustee on their behalf;

(iv)    to file such proofs of claim and other papers or documents as may be necessary or advisable in order to have the claims of the Indenture Trustee or the Holders allowed in any judicial proceedings relative to the Issuer, its creditors and its property; and

34

(v)     to participate as a member, voting or otherwise, of any official committee of creditors appointed in such matter;

and any trustee, receiver, liquidator, custodian or other similar official in any such Proceeding is hereby authorized by each of such Holders to make payments to the Indenture Trustee, and, in the event that the Indenture Trustee shall consent to the making of payments directly to such Holders, to pay to the Indenture Trustee such amounts as shall be sufficient to cover reasonable compensation to the Indenture Trustee, each predecessor Indenture Trustee and their respective agents, attorneys and counsel, and all other expenses and liabilities incurred, and all advances made, by the Indenture Trustee and each predecessor Indenture Trustee except as a result of negligence or bad faith.

(e)     Nothing herein contained shall be deemed to authorize the Indenture Trustee to authorize or consent to or vote for or accept or adopt on behalf of any Holder any plan of reorganization, arrangement, adjustment or composition affecting the Notes or the rights of any Holder thereof or to authorize the Indenture Trustee to vote in respect of the claim of any Holder in any such proceeding except, as aforesaid, to vote for the election of a trustee in bankruptcy or similar Person.

(f)     All rights of action and of asserting claims under this Indenture, or under any of the Notes, may be enforced by the Indenture Trustee without the possession of any of the Notes or the production thereof in any trial or other Proceedings relative thereto, and any such action or proceedings instituted by the Indenture Trustee shall be brought in its own name as trustee of an express trust, and any recovery of judgment, subject to the payment of the expenses, disbursements and compensation of the Indenture Trustee, each predecessor Indenture Trustee and their respective agents and attorneys, shall be for the ratable benefit of the Holders of the Notes.

(g)     In any Proceedings brought by the Indenture Trustee (and also any Proceedings involving the interpretation of any provision of this Indenture to which the Indenture Trustee shall be a party), the Indenture Trustee shall be held to represent all the Holders of the Notes, and it shall not be necessary to make any Holder a party to any such Proceedings.

### Section 5.04.  <u>Remedies; Priorities.</u>

(a)     If an Event of Default shall have occurred and be continuing, the Indenture Trustee may do one or more of the following (subject to <u>Section 5.05</u> and <u>Section 5.15</u>):

(i)     institute Proceedings in its own name and as trustee of an express trust for the collection of all amounts then payable on the Notes or under this Indenture with respect thereto, whether by declaration or otherwise, and all amounts payable under the Indenture Collateral, enforce any judgment obtained, and collect from the Issuer and any other obligor upon such Notes and from the Guarantor upon the Guaranty moneys adjudged due;

(ii)     institute Proceedings from time to time for the complete or partial foreclosure of this Indenture with respect to the Indenture Collateral or for enforcement of its rights in the Indenture Collateral;

35

**IN WITNESS WHEREOF**, the Issuer and the Indenture Trustee have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

**OMX TIMBER FINANCE INVESTMENTS II, LLC,** a Delaware limited liability company

By:/s/ Ted Crumley
    Ted Crumley, Regular Manager

Indenture Signature Pages
OMX Timber Finance Investments II, LLC

STATE OF IDAHO)
           ) ss.:
COUNTY OF ADA)

       On this 8th day of December, 2004, before me personally appeared TED CRUMLEY, to me known, who being by me duly sworn, did depose and say that he resides at, Boise, Idaho, that he is the Regular Manager of the Issuer, the limited liability company described in and which executed the above instrument; and that he signed his name thereto by like order.

[SEAL]                                 /s/ Cherie N. Anderson
                                          Notary Public for Idaho
                                          Residing at Meridian, Idaho
                                          My Comission expires: 8/5/09

Signature Pages
OMX Timber Finance Investments II, LLC

**IN WITNESS WHEREOF**, the Issuer and the Indenture Trustee have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

**WELLS FARGO BANK NORTHWEST, N.A.,**
not in its individual capacity but solely as the
Indenture Trustee

By:/s/ Val T. Orton
Name:  Val T. Orton
Title:   Vice President

Indenture Signature Pages
OMX Timber Finance Investments II, LLC

STATE OF Utah      )
                  ) ss.:
COUNTY OF Salt    )
Lake

      On this December 8, 2004, before me personally appeared Val T. Orton, to me known, who being by me duly sworn, did depose and say, that he resides at Salt Lake City and that he is the Vice President of the Indenture Trustee, one of the entities described in and which executed the above instrument; and that he signed his name thereto by like order.

                             /s/ Sharlee Hackworth
                             Notary Public

         [SEAL]         NOTARY PUBLIC
                      SHARLEE HACKWORTH
                299 S Main Street, 12th Floor
                  Salt Lake City, UT 84111
            My Commission Expires Dec. 4. 2007
                     State of Utah

Signature Pages
OMX Timber Finance Investments II, LLC

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (SCC) SIPA |
| Debtor. | |

## [PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED FOURTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION)

Upon the two hundred fourth omnibus objection to claims, dated February 7, 2014 (the "Two Hundred Fourth Omnibus Objection to General Creditor Claims"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking to disallow and expunge the Insufficient Documentation Claims, as more fully described in the Two Hundred Fourth Omnibus Objection to General Creditor Claims; and due and proper notice of the Two Hundred Fourth Omnibus Objection to General Creditor Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Fourth Omnibus Objection to General Creditor Claims is in the best interests of LBI, its estate, its customers and creditors, and all parties in interest and that the legal and factual bases

---

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Two Hundred Fourth Omnibus Objection to General Creditor Claims.

set forth in the Two Hundred Fourth Omnibus Objection to General Creditor Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Two Hundred Fourth Omnibus Objection to General Creditor Claims is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
\_\_\_\_\_ \_\_, 2014

_____
HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | AEGON LIFE INSURANCE (TAIWAN) INC. ATTN: JAMES K. SCHAEFFER 230 W. MONROE, SUITE 1450 CHICAGO, IL 60606 | 5233 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 2 | AIG SUNAMERICA LIFE ASSURANCE COMPANY ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5217 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 3 | AMERICAN AIRLINES PILOT RETIREMENT BENEFIT PROGRAM FIXED INCOME PLAN, THE AMERICAN AIRLINES, INC. ATTN: KATHRYN L. KOORENNY 4333 AMON CARTER BLVD. MD 5675, 6W5C76 FORT WORTH, TX 76155 | 5768 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 4 | AMERICAN GENERAL LIFE INSURANCE COMPANY ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5220 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 5 | AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5214 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | AMERICAN INVESTORS LIFE INSURANCE COMPANY, INC.<br>ATTN: SHANI DORN<br>AVIVA INVESTORS NORTH AMERICA, INC.<br>699 WALNUT STREET, SUITE 1700<br>DES MOINES, IA 50309 | 5223 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 7 | AVIVA LIFE AND ANNUITY COMPANY<br>ATTN: SHANI DORN<br>AVIVA INVESTORS NORTH AMERICA, INC.<br>699 WALNUT STREET, SUITE 1700<br>DES MOINES, IA 50309 | 5222 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 8 | AXA EQUITABLE LIFE INSURANCE COMPANY<br>ATTN: MICHAEL SOHR<br>ALLIANCEBERNSTEIN<br>1345 AVE OF THE AMERICAS<br>NEW YORK, NY 10105 | 5206 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 9 | BT INSTITUTIONAL HEDGED GLOBAL BOND FUND<br>ATTN: DEBRA SVOBODA EPP<br>C/O PRINCIPAL GLOBAL INVESTORS, LLC<br>711 HIGH STREET<br>DES MOINES, IA 50392-0800 | 5208 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 10 | CANADA LIFE ASSURANCE COMPANY, THE<br>ATTN: JANET HURKETT<br>8515 E. ORCHARD ROAD<br>GREENWOOD VILLAGE, CO 80111 | 5239 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 11 | CANADA LIFE INSURANCE COMPANY OF AMERICA<br>ATTN: JANET HURKETT<br>8515 E. ORCHARD ROAD<br>GREENWOOD VILLAGE, CO 80111 | 5242 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 12 | CENTRAL STATES HEALTH & LIFE CO. OF OMAHA<br>ATTN: JAMIE M. AMODEO<br>1212 NO. 96TH STREET<br>OMAHA, NE 68114 | 5717 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

_____

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 13 | COLONIAL LIFE & ACCIDENT INSURANCE COMPANY<br>ATTN: BEN S. MILLER<br>C/O PROVIDENT INVESTMENT MANAGEMENT, LLC<br>1 FOUNTAIN SQUARE<br>CHATTANOOGA, TN 37402 | 5229 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 14 | COUNTRY LIFE INSURANCE COMPANY<br>ATTN: MARK J. BURNS<br>1705 N. TOWANDA AVE.<br>BLOOMINGTON, IL 61702 | 5237 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 15 | CSA FRATERNAL LIFE INSURANCE<br>AAM/CSA FRATERNAL INSURANCE<br>E. CO.<br>ATTN: GEORGE J SOVA<br>122 W. 22ND ST.<br>OAKBROOK, IL 60523-1598 | 5536 | 5/30/2009 | $1,000,000.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 16 | FIRST GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY<br>ATTN: JANET HURKETT<br>8515 E. ORCHARD ROAD<br>GREENWOOD VILLAGE, CO 80111 | 5241 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 17 | FIRST SUNAMERICA LIFE INSURANCE COMPANY<br>ATTN: PETER DEFAZIO / GERALD F. HERMAN<br>C/O AIG GLOBAL INVESTMENT CORP.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX 77019 | 5216 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 18 | GENERAL AMERICAN LIFE INSURANCE COMPANY<br>ATTN: CLAUDIA CROMIE<br>C/O METROPOLITAN LIFE INSURANCE COMPANY<br>10 PARK AVENUE, P.O. BOX 1902<br>MORRISTOWN, NJ 07962-1902 | 5227 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 19 | GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY<br>ATTN: JANET HURKETT<br>8515 E. ORCHARD ROAD<br>GREENWOOD VILLAGE, CO 80111 | 5240 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

_____

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 20 | GUARANTEE TRUST LIFE ATTN: ART FESS 1275 MILWAUKEE AVE. GLENVIEW, IL 60025 | 5716 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 21 | JACKSON NATIONAL LIFE INSURANCE COMPANY ATTN: PPM AMERICA, AS ATTORNEY-IN-FACT 225 WEST WACKER, SUITE 1200 CHICAGO, IL 60606 | 5231 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 22 | JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) JOHN HANCOCK FINANCIAL SERVICES ATTN: MICHAEL BROWN, ESQ. 197 CLARENDON STREET, C-3 BOSTON, MA 02116 | 5333 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 23 | JOHN HANCOCK LIFE INSURANCE COMPANY JOHN HANCOCK FINANCIAL SERVICES ATTN: MICHAEL BROWN, ESQ. 197 CLARENDON STREET, C-3 BOSTON, MA 02116 | 5336 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 24 | JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY JOHN HANCOCK FINANCIAL SERVICES ATTN: MICHAEL BROWN, ESQ. 197 CLARENDON STREET, C-3 BOSTON, MA 02116 | 5334 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 25 | LIBERTY BANKERS LIFE INSURANCE COMPANY ATTN: THOMAS HAYDEN 1605 LBJ FREEWAY DALLAS, TX 75234 | 5761 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 26 | MEDICO INSURANCE COMPANY ATTN PATRICIA KEAIRNES 1515 SOUTH 75TH STREET OMAHA, NE 68124 | 5036 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 27 METLIFE INSURANCE COMPANY OF CONNECTICUT, SEPARATE ACCOUNT STRUCTURED SETTLEMENT FUND (SSF) ATTN: CLAUDIA CROMIE C/O METROPOLITAN LIFE INSURANCE COMPANY 10 PARK AVENUE, P.O. BOX 1902 MORRISTOWN, NJ 07962-1902 | 5226 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 28 METLIFE INSURANCE COMPANY OF CONNECTICUT ATTN: CLAUDIA CROMIE C/O METROPOLITAN LIFE INSURANCE COMPANY 10 PARK AVENUE, P.O. BOX 1902 MORRISTOWN, NJ 07962-1902 | 5225 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 29 METROPOLITAN LIFE INSURANCE COMPANY ATTN: CLAUDIA CROMIE 10 PARK AVENUE, P.O. BOX 1902 MORRISTOWN, NJ 07962-1902 | 5224 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 30 MONUMENTAL LIFE INSURANCE COMPANY ATTN: JAMES K. SCHAEFFER 230 W. MONROE, SUITE 1450 CHICAGO, IL 60606 | 5236 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 31 MONY LIFE INSURANCE COMPANY OF AMERICA ATTN: MICHAEL SOHR ALLIANCEBERNSTEIN 1345 AVE OF THE AMERICAS NEW YORK, NY 10105 | 5205 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 32 MONY LIFE INSURANCE COMPANY ATTN: MICHAEL SOHR ALLIANCEBERNSTEIN 1345 AVE OF THE AMERICAS NEW YORK, NY 10105 | 5204 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 33 MUNICH AMERICAN REASSURANCE COMPANY ATTN: J. SWEENEY 56 PERIMETER CTR. EAST ATLANTA, GA 30346-2290 | 5238 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 34 PAUL REVERE VARIABLE ANNUITY INSURANCE COMPANY, THE<br>ATTN: BEN S. MILLER<br>C/O PROVIDENT INVESTMENT MANAGEMENT, LLC<br>1 FOUNTAIN SQUARE<br>CHATTANOOGA, TN 37402 | 5230 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 35 PRINCIPAL LIFE INSURANCE COMPANY<br>ATTN: DEBRA SVOBODA EPP<br>C/O PRINCIPAL GLOBAL INVESTORS, LLC<br>711 HIGH STREET<br>DES MOINES, IA 50392-0800 | 5207 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 36 RETIREMENT BENEFIT PLAN OF AMERICAN AIRLINES, INC. FOR FLIGHT ATTENDANTS, THE<br>AMERICAN AIRLINES, INC.<br>ATTN: KATHRYN L. KOORENNY<br>4333 AMON CARTER BLVD.<br>MD 5675, 6W5C76<br>FORT WORTH, TX 76155 | 5767 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 37 RETIREMENT BENEFIT PLAN OF AMERICAN AIRLINES, INC., THE<br>FOR AGENTS, MANAGEMENT, SPECIALISTS, SUPPORT PERSONNEL AND OFFICERS<br>AMERICAN AIRLINES, INC.<br>ATTN: KATHRYN L. KOORENNY<br>4333 AMON CARTER BLVD.<br>MD 5675, 6W5C76<br>FORT WORTH, TX 76155 | 5766 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 38 | RETIREMENT BENEFIT PLAN OF AMERICAN AIRLINES, INC., THE FOR EMPLOYEES REPRESENTED BY THE TRANSPORT WORKERS UNION (TWTU) OF AMERICA, AFL-CIO AMERICAN AIRLINES, INC. ATTN: KATHRYN L. KOORENNY 4333 AMON CARTER BLVD., MD 5675, 6W5C76 FORT WORTH, TX 76155 | 6392 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 39 | SCOTTISH ANNUITY & LIFE INSURANCE COMPANY (CAYMAN) LTD. C/O SCOTTISH RE ATTN: BRIAN TRUST, SR VP, INVESTMENTS 13840 BALLANTYNE CORPORATE PLACE, SUITE 500 CHARLOTTE, NC 28277 | 5141 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 40 | SCOTTISH ANNUITY NATIONWIDE 1YR ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5209 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 41 | SCOTTISH ANNUITY NATIONWIDE 5YR ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5210 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 42 | SCOTTISH ANNUITY RE CREDIT ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5212 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 43 | SCOTTISH RE US CAPITAL CREDIT ATTN: MICHAEL ZORICH C/O PRINCIPAL GLOBAL INVESTORS, LLC 711 HIGH STREET DES MOINES, IA 50392-0800 | 5211 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 44 | STATE OF TN/TCRS<br>ATTN: JAMIE LYNN THOMPSON<br>502 DEADERICK STREET, SUITE 1160<br>NASHVILLE, TN 37243-0209 | 5213 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 45 | SUNAMERICA LIFE INSURANCE COMPANY<br>ATTN: PETER DEFAZIO / GERALD F. HERMAN<br>C/O AIG GLOBAL INVESTMENT CORP.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX 77019 | 5221 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 46 | TRANSAMERICA LIFE BERMUDA, LTD.<br>ATTN: JAMES K. SCHAEFFER<br>230 W. MONROE, SUITE 1450<br>CHICAGO, IL 60606 | 5235 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 47 | TRANSAMERICA LIFE INSURANCE COMPANY<br>F/K/A LIFE INVESTORS INSURANCE COMPANY OF AMERICA<br>ATTN: JAMES K. SCHAEFFER<br>230 W. MONROE, SUITE 1450<br>CHICAGO, IL 60606 | 5232 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 48 | TRANSAMERICA LIFE INSURANCE COMPANY<br>ATTN: JAMES K. SCHAEFFER<br>230 W. MONROE, SUITE 1450<br>CHICAGO, IL 60606 | 5234 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 49 | UMWA 1974 PENSION TRUST<br>C/O BARBARA E. LOCKLIN, ESQ.<br>UMWA HEALTH & RETIREMENT FUNDS<br>2121 K STREET NW, SUITE 350<br>WASHINGTON, DC 20037 | 5956 | 6/3/2009 | $720,000.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 50 | UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, THE<br>ATTN: PETER DEFAZIO / GERALD F. HERMAN<br>C/O AIG GLOBAL INVESTMENT CORP.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX 77019 | 5218 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 51 UNUM LIFE INSURANCE COMPANY OF AMERICA ATTN: BEN S. MILLER C/O PROVIDENT INVESTMENT MANAGEMENT, LLC 1 FOUNTAIN SQUARE CHATTANOOGA, TN 37402 | 5228 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 52 VARIABLE ANNUITY LIFE INSURANCE COMPANY, THE ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5219 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| 53 WELLS FARGO BANK, N.A. AS INDENTURE TRUSTEE 299 SOUTH MAIN STREET 12TH FLOOR ATTN: VAL T. ORTON SALT LAKE CITY, UT 84111 | 5266 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 54 WESTERN NATIONAL LIFE INSURANCE COMPANY F/K/A AIG ANNUITY INSURANCE COMPANY ATTN: PETER DEFAZIO / GERALD F. HERMAN C/O AIG GLOBAL INVESTMENT CORP. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 5215 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. CLAIM IS DUPLICATIVE OF INDENTURE TRUSTEE CLAIM. |
| Total | | | $1,720,000.00 | |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.