**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED FIFTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, GREGORY C. FARRELL, ESQ., AT (212) 837-6037.**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>    LEHMAN BROTHERS INC.,<br><br>                                            Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S TWO HUNDRED FIFTH OBJECTION TO GENERAL CREDITOR CLAIMS**
**(NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on February 7, 2014, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred fifth omnibus

objection to general creditor claims (the "Two Hundred Fifth Omnibus Objection to General

Creditor Claims"), and that a hearing to consider the Trustee's Two Hundred Fifth Omnibus

Objection to General Creditor Claims will be held before the Honorable Shelley C. Chapman,

United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton

Customs House, Courtroom 621, One Bowling Green, New York, New York 10004 (the

"Bankruptcy Court"), on **March 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the

"Hearing").

      **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **February 28, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to

the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York

10004, Courtroom 621.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Trustee's Two Hundred Fifth Omnibus Objection to General Creditor Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Trustee's Two Hundred Fifth Omnibus Objection to General Creditor Claims, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
February 7, 2014

HUGHES HUBBARD & REED LLP

By: /s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com


Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (SCC) |
| Debtor. | |

**THE TRUSTEE'S TWO HUNDRED FIFTH OMNIBUS OBJECTION**
**TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED FIFTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, GREGORY C. FARRELL, ESQ., AT (212) 837-6037.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of

1970 as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] by and through his undersigned counsel,

respectfully represents as follows:

**RELIEF REQUESTED**

1.      The Trustee files this two hundred fifth omnibus objection to general creditor

claims (the "Two Hundred Fifth Omnibus Objection to General Creditor Claims") pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable

to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to general creditor claims filed in this

SIPA proceeding (the "General Creditor Claim Objection Procedures Order," ECF No. 5441),

seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.  The

Trustee's proposed order (the "Proposed Order") is annexed hereto as Exhibit C.

2.      The proofs of claim identified on Exhibit A (collectively, the "No Liability

Claims") were filed by certain charitable organizations (the "Charities") seeking to recover

amounts related to certain alleged pre-petition charitable pledges (the "Pledges") made by

Lehman Brothers.  Each of the claimed Pledges were allegedly made in connection with a gift

matching program, whereby Lehman Brothers agreed to match charitable contributions made by

eligible employees to qualifying charities up to certain limits.

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

3.     Based on a review of the No Liability Claims and an analysis of certain of the books and records of the LBI estate (the "Books and Records"), the LBI estate has no liability for the Pledges claimed therein as they were obligations of another Lehman entity or do not appear on the Books and Records.  Further, even if the Pledges were obligations of LBI, the Charities have failed to allege the detrimental reliance necessary to make the Pledges enforceable obligations under New York law.  Therefore, the Trustee requests that the No Liability Claims be disallowed and expunged in their entirety.

## JURISDICTION

4.     Following removal to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred by [SIPA] upon the court to which application for the issuance of the protective decree was made."  15 U.S.C. § 78eee(b)(4).

5.     Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C. section 78aa.

## BACKGROUND

6.     On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, entered the Order Commencing Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii) removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4)

of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA Proceeding").

7.       On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former LBI customers and other potential claimants (the "Claims Process Notice") and posted claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The Trustee also published notice of the claims process in The New York Times, The Wall Street Journal and The Financial Times.

8.       Pursuant to SIPA section 78fff-2(a)(3) and the Customer Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and general creditor claims must have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless received by the Trustee on or before June 1, 2009 (the "Pre-Filing Bar Date").  In addition to the Pre-Filing Bar Date, on September 19, 2013, the Bankruptcy Court entered an order (the "Administrative Bar Date Order") that established October 31, 2013 (the "Administrative Bar Date") as the deadline to file a proof of claim for certain administrative expense claims against the LBI estate, as further described in the Administrative Bar Date Order, with respect to such administrative expenses arising between September 19, 2008 and August 31, 2013.  The Administrative Bar Date has now passed.  A copy of the Customer Claims Process Order was

made publicly available at www.lehmantrustee.com.  The Trustee's website allowed claimants filing electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Proof of Claim.

9.      On November 15, 2012, the Court entered the General Creditor Claim Objection Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections to no more than 200 general creditor claims at a time, on various grounds, including the grounds that the claims subject to the omnibus objection seek recovery of amounts for which LBI is not liable.

## I.      THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

10.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re DJK Residential LLC*, 416 B.R. 100, 104-05 (Bankr. S.D.N.Y. 2009); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

11.      Based on a review by the Trustee's professionals of the general creditor claims filed on the claims register in this case and maintained by the Trustee's claim agent, and the Books and Records, as described in the declaration of Timothy Hurley, a Principal of Deloitte Transactions and Business Analytics LLP, annexed hereto as Exhibit B, the No Liability Claims are claims for which LBI is not liable.  The Books and Records do not show any LBI obligation to the Charities for the amounts claimed because either (i) the Pledges do not appear on the

5

Books and Records or (ii) the Books and Records indicate that the Pledges were obligations by a Lehman entity other than LBI.

## II. EVEN IF THE PLEDGES WERE LBI OBLIGATIONS THE NO LIABILITY CLAIMS FAIL TO ADEQUATELY PLEAD A CLAIM

12. Further, even if the Pledges were obligations of LBI—which they are not—the No Liability Claims lack sufficient supporting detail to demonstrate that the claimed Pledges would be enforceable against LBI under applicable law. In determining whether a party has met its burden in connection with a proof of claim, "bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." *In re DJK Residential LLC*, 416, B.R. at 106.

13. Rule 8(a)(2) of the Federal Rules, which the Court may apply to this contested matter pursuant to Fed. R. Bankr. P. 9014(c), requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "requires more than labels and conclusions"; it requires the claimant to provide "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To show facial plausibility, each claimant must plead enough factual content to allow the court to infer that the debtor is liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

14. In order to state a claim for the enforcement of a charitable pledge under New York law, the Charities must allege facts sufficient to demonstrate that they detrimentally relied on the Pledges. *See Allegheny College v. Nat'l Chautauqua County Bank*, 159 N.E. 173 (N.Y. 1927) (Cardozo, J.) (holding that a charitable pledge is enforceable against the donor when the charity detrimentally relies on the pledge); *Matter of Versailles Foundation Inc.*, 202 A.D.2d 334 (N.Y. App. Div. 1994) (finding a pledge unenforceable against the pledgor's estate in the absence of detrimental reliance by the pledgee). The No Liability Claims fail to allege any facts

sufficient to show detrimental reliance and support a plausible claim that the Pledges were enforceable obligations.

15.     If the No Liability Claims remain on the claims register, parties who do not hold valid claims against the LBI Estate will recover.  Thus, the Trustee requests that the Court enter an order disallowing and expunging in their entirety the No Liability Claims listed on <u>Exhibit A</u>.

## **RESERVATION OF RIGHTS**

16.     The Trustee reserves all rights to object on any other basis to any No Liability Claim or any portion of any No Liability Claim for which the Court does not grant the relief requested herein.

## **NOTICE**

17.     Notice of this Two Hundred Fifth Omnibus Objection to General Creditor Claims has been provided to (i) each claimant listed on <u>Exhibit A</u> via overnight mail; and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered by the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection upon filing with the Court at the Trustee's website, <u>www.lehmantrustee.com</u>.  The Trustee submits that no other or further notice need be provided.

## **NO PRIOR RELIEF REQUESTED**

18.     No previous request for the relief requested herein has been made by the Trustee to this or any other Court.

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:   New York, New York
         February 7, 2014

                                        HUGHES HUBBARD & REED LLP

                                        By: James B. Kobak, Jr.
                                        James B. Kobak, Jr.
                                        Christopher K. Kiplok
                                        Meaghan C. Gragg
                                        Gregory C. Farrell
                                        One Battery Park Plaza
                                        New York, New York 10004
                                        Telephone:  (212) 837-6000
                                        Facsimile:  (212) 422-4726
                                        Email:  kobak@hugheshubbard.com

                                        Attorneys for James W. Giddens,
                                        Trustee for the SIPA Liquidation of
                                        Lehman Brothers Inc.

**EXHIBIT A**

# IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA
## TWO HUNDRED FIFTH OMNIBUS OBJECTION: EXHIBIT A- NO LIABILITY CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | CAMP RAMAH IN WISCONSIN<br>65 E. WACKER PLACE, SUITE 1200<br>CHICAGO, IL 60601 | 4331 | 4/10/2009 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 2 | CHILDREN'S CARDIOMYOPATHY FOUNDATION<br>P.O. BOX 547<br>TENAFLY, NJ 07670 | 8000451 | 12/19/2008 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 3 | DOMINICAN REPUBLIC EDUCATION AND MENTORING PROJECT, THE DREAM PROJECT<br>PO BOX 4136<br>ITHACA, NY 14852 | 948 | 1/12/2009 | $27,777.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 4 | HUDSON SCHOOL<br>601 PARK AVENUE<br>HOBOKEN, NJ 07030 | 846 | 1/9/2009 | $750.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 5 | LAKEWOOD CHEDAR SCHOOL<br>1210 CLIFTON AVENUE<br>LAKEWOOD, NJ 08701 | 8000235 | 12/10/2008 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 6 | LONG BEACH REGIONAL CATHOLIC SCHOOL<br>735 WEST BROADWAY<br>LONG BEACH, NY 11561-2865 | 119 | 12/11/2008 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 7 | MENLO PARK ATHERTON EDUCATION FOUNDATION<br>P.O. BOX 584<br>MENLO PARK, CA 94026 | 2455 | 1/30/2009 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 8 | PASCAL RIOULT DANCE THEATER<br>JUDY BOOMER<br>246 WEST 38TH STREET-FLOOR 4<br>NEW YORK, NY 10018 | 8004104 | 5/29/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 9 | PEKING UNIV EDUCATION FOUNDATION 510 BROADWAY SUITE 300 MILLBRAE, CA 94030 | 1701 | 1/26/2009 | $4,300.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| | Total | | | $38,827.00 | |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>       LEHMAN BROTHERS INC.,<br><br>                               Debtor. | Case No. 08-01420 (SCC) SIPA |

### DECLARATION OF TIMOTHY HURLEY IN SUPPORT OF THE TRUSTEE'S TWO HUNDRED FIFTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)

Pursuant to 28 U.S.C. § 1746, I, Timothy Hurley, hereby declare as follows:

1.        I am a Principal of Deloitte Transactions and Business Analytics LLP.   James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI" or the "Debtor"), has duly authorized me to make and submit this declaration (the "Declaration") in support of the Trustee's two hundred fifth omnibus objection to general creditor claims (the "Two Hundred Fifth Omnibus Objection to General Creditor Claims").[1]

2.        The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and/or upon certain proofs of claim, certain information from the LBI general claims register as maintained by the Trustee's claims agent, and certain information from the books and records of the LBI estate (the "Books and Records") analyzed by me or other personnel under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

3.        In the context of my services for the Trustee, I am involved in assisting with the Trustee's general creditor claim reconciliation process.  Accordingly, I and personnel under my

---

1.    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the objection.

supervision and direction have analyzed the claims asserted against the LBI estate listed on

Exhibit A annexed to the Two Hundred Fifth Omnibus Objection to General Creditor Claims

(each, a "Proof of Claim"), certain information from the LBI general claims register as

maintained by the Trustee's claims agent, and certain of the books and records of the LBI estate

(the "Books and Records").

4.       Based on our analysis referred to in paragraphs 2 and 3 above, the Pledges

referenced in the Proofs of Claim either (i) do not appear in the Books and Records or (ii) appear

in the Books and Records and are associated with a Lehman entity other than LBI.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 7, 2014

By: /s/ Timothy Hurley
Timothy Hurley
Principal, Deloitte Transactions and Business
Analytics LLP

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (SCC) SIPA

---

### [PROPOSED] ORDER GRANTING THE TRUSTEE'S
### TWO HUNDRED FIFTH OMNIBUS OBJECTION TO
### GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred fifth omnibus objection to claims, dated February 7, 2014

(the "Two Hundred Fifth Omnibus Objection to General Creditor Claims"),[1] of James W.

Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor" or

"LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et*

*seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections

78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), disallowing and expunging the No Liability Claims on the grounds set

forth in the Two Hundred Fifth Omnibus Objection to General Creditor Claims; and due and

proper notice of the Two Hundred Fifth Omnibus Objection to General Creditor Claims having

been provided, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Two Hundred Fifth Omnibus Objection

to General Creditor Claims is in the best interests of LBI, its estate, its customers and creditors,

and all parties in interest and that the legal and factual bases set forth in the Two Hundred Fifth

---

1.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the objection.

Omnibus Objection to General Creditor Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED** that the relief requested in the Two Hundred Fifth Omnibus Objection to General Creditor Claims is granted; and it is further

      **ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 (collectively, the "No Liability Claims") are disallowed and expunged in their entirety with prejudice; and it is further

      **ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      _____, 2014

      _____
      HONORABLE SHELLEY C. CHAPMAN
      UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | CAMP RAMAH IN WISCONSIN 65 E. WACKER PLACE, SUITE 1200 CHICAGO, IL 60601 | 4331 | 4/10/2009 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 2 | CHILDREN'S CARDIOMYOPATHY FOUNDATION P.O. BOX 547 TENAFLY, NJ 07670 | 8000451 | 12/19/2008 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 3 | DOMINICAN REPUBLIC EDUCATION AND MENTORING PROJECT, THE DREAM PROJECT PO BOX 4136 ITHACA, NY 14852 | 948 | 1/12/2009 | $27,777.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 4 | HUDSON SCHOOL 601 PARK AVENUE HOBOKEN, NJ 07030 | 846 | 1/9/2009 | $750.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 5 | LAKEWOOD CHEDAR SCHOOL 1210 CLIFTON AVENUE LAKEWOOD, NJ 08701 | 8000235 | 12/10/2008 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 6 | LONG BEACH REGIONAL CATHOLIC SCHOOL 735 WEST BROADWAY LONG BEACH, NY 11561-2865 | 119 | 12/11/2008 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 7 | MENLO PARK ATHERTON EDUCATION FOUNDATION P.O. BOX 584 MENLO PARK, CA 94026 | 2455 | 1/30/2009 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 8 | PASCAL RIOULT DANCE THEATER<br>JUDY BOOMER<br>246 WEST 38TH STREET-FLOOR 4<br>NEW YORK, NY 10018 | 8004104 | 5/29/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| 9 | PEKING UNIV EDUCATION FOUNDATION<br>510 BROADWAY<br>SUITE 300<br>MILLBRAE, CA 94030 | 1701 | 1/26/2009 | $4,300.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE AMOUNTS CLAIMED DO NOT CONSTITUTE LBI OBLIGATIONS. |
| | Total | | | $38,827.00 | |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.