**Hearing Date and Time: March 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  March 5, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, STUART MITCHELL, ESQ., AT (212) 837-6809.**

---

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>          LEHMAN BROTHERS INC.,<br><br>                                        Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S TWO HUNDRED SIXTH OBJECTION TO GENERAL CREDITOR CLAIMS**
**(NO LIABILITY CLAIMS)**

          **PLEASE TAKE NOTICE** that on February 12, 2014, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred sixth omnibus

objection to general creditor claims (the "Two Hundred Sixth Omnibus Objection to General

Creditor Claims"), and that a hearing to consider the Trustee's Two Hundred Sixth Omnibus

Objection to General Creditor Claims will be held before the Honorable Shelley C. Chapman,

United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton

Customs House, Courtroom 621, One Bowling Green, New York, New York 10004 (the

"Bankruptcy Court"), on **March 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the

"Hearing").

    **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **March 5, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq., (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to

the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York

10004, Courtroom 621.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Trustee's Two Hundred Sixth Omnibus Objection to General Creditor Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Trustee's Two Hundred Sixth Omnibus Objection to General Creditor Claims, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
         February 12, 2014

HUGHES HUBBARD & REED LLP

By: /s/  James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com


Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.
                .

**Hearing Date and Time: March 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  March 5, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>       LEHMAN BROTHERS INC.,<br><br>                Debtor. | Case No.  08-01420 (SCC) SIPA |

**THE TRUSTEE'S TWO HUNDRED SIXTH OMNIBUS OBJECTION**
**TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, STUART MITCHELL, ESQ., AT (212) 837-6809.**

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of

1970 as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] by and through his undersigned counsel,

respectfully represents as follows:

### RELIEF REQUESTED

1.      The Trustee files this two hundred sixth omnibus objection to general creditor

claims (the "Two Hundred Sixth Omnibus Objection to General Creditor Claims") pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable

to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and this Court's order

approving procedures for the filing of omnibus objections to general creditor claims filed in this

SIPA proceeding (the "General Creditor Claim Objection Procedures Order," ECF No. 5441),

seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.  The

Trustee's proposed order (the "Proposed Order") is annexed hereto as Exhibit C.

2.      The proofs of claim identified on Exhibit A (collectively, the "No Liability

Claims" or the "Claims") seek to recover damages in connection with ISDA agreements (the

"Agreements") with Lehman entities other than LBI, and/or seek to recover collateral (the

"Collateral") purportedly posted pursuant to such Agreements. LBI, the debtor in this separate

and distinct SIPA proceeding, did not enter into the Agreements with the claimants, did not

guarantee those Agreements, had no obligation to the claimants under the Agreements, with

respect to the Collateral or otherwise, and in fact did not hold any of the claimed Collateral on

---

1.   For convenience, subsequent references to SIPA will omit "15 U.S.C."

behalf of the claimants as of the Filing Date (as defined herein).  The claimants asserting the No

Liability Claims fail to articulate a theory under which LBI is liable.  The Trustee therefore

requests that the No Liability Claims be disallowed and expunged in their entirety.

3.      The Trustee reserves all of his rights to object on any basis to any No Liability

Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

4.      Following removal to this Court for all purposes as required for SIPA cases by

section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred

by [SIPA] upon the court to which application for the issuance of the protective decree was

made."  15 U.S.C. § 78eee(b)(4).

5.      Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C.

section 78aa.

## BACKGROUND

6.      On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch,

United States District Court, Southern District of New York, entered the Order Commencing

Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of

SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*,

Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee

for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii)

removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4)

of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA

Proceeding").

3

7.      On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former LBI customers and other potential claimants (the "Claims Process Notice") and posted claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The Trustee also published notice of the claims process in The New York Times, The Wall Street Journal and The Financial Times.

8.      Pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and general creditor claims must have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless received by the Trustee on or before June 1, 2009 (the "Pre-Filing Bar Date").  In addition to the Pre-Filing Bar Date, on September 19, 2013, the Bankruptcy Court entered an order (the "Administrative Bar Date Order") that established October 31, 2013 (the "Administrative Bar Date") as the deadline to file a proof of claim for administrative expense claims against the LBI estate, as further described in the Administrative Bar Date Order, with respect to such administrative expenses arising between September 19, 2008 and August 31, 2013.  The Administrative Bar Date has now passed.  A copy of the Claims Process Order was made publicly available at www.lehmantrustee.com.  The Trustee's website allowed claimants filing

4

electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Proof of Claim.

9.      On November 15, 2012, the Court entered the General Creditor Claim Objection Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections to no more than 200 general creditor claims at a time, on various grounds, including claims which "seek recovery for amounts for which LBI is not liable."

### THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

10.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

11.      Based on analysis by the Trustee's counsel of the Claims, and analysis by the Trustee's professionals of the Claims and the books and records of the LBI estate, as further described in the declaration of Timothy Hurley, a Principal of Deloitte Transactions and Business Analytics LLP, annexed hereto as Exhibit B (the "Hurley Declaration"), the Trustee has identified the No Liability Claims listed on Exhibit A as claims for which LBI is not liable, as the Claims seek to recover damages in connection with Agreements between the claimants and Lehman entities other than LBI, and/or seek to recover Collateral purportedly posted pursuant to

5

such Agreements that LBI had no obligation to hold under the Agreements, and in fact LBI did not hold as of the Filing Date.

12.     The claimants asserting the No Liability Claims fail to articulate any legal or factual justification for asserting a claim against LBI.  LBI is not a party to any of the Agreements attached to or referenced in the Claims, and is not a guarantor of any of the Agreements.  While some of the claimants asserting the No Liability Claims seek recovery of Collateral, LBI did not hold any of the claimed Collateral on behalf of any of the claimants as of the Filing Date.  LBI had no obligation to the claimants under the Agreements with respect to the Collateral or otherwise.  If the No Liability Claims remain on the claims register, parties who do not hold valid claims against the LBI estate will recover.  The Trustee therefore requests that the Court enter an order disallowing and expunging in their entirety the No Liability Claims listed on Exhibit A.

## **RESERVATION OF RIGHTS**

13.     The Trustee reserves all rights to object on any other basis to any No Liability Claim or any portion of any Claim for which the Court does not grant the relief requested herein.

## **NOTICE**

14.     Notice of this Two Hundred Sixth Objection to General Creditor Claims has been provided to (i) each claimant listed on Exhibit A via overnight mail; and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered by the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection upon filing with

the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee submits that no other

or further notice need be provided.

## **NO PRIOR RELIEF REQUESTED**

15.     No previous request for the relief requested herein has been made by the Trustee

to this or any other Court.

## **CONCLUSION**

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:    New York, New York
          February 12, 2014

                              HUGHES HUBBARD & REED LLP

                              By: /s/  James B. Kobak, Jr.
                              James B. Kobak, Jr.
                              Christopher K. Kiplok
                              Meaghan C. Gragg
                              One Battery Park Plaza
                              New York, New York 10004
                              Telephone:  (212) 837-6000
                              Facsimile:  (212) 422-4726
                              Email:  kobak@hugheshubbard.com


                              Attorneys for James W. Giddens,
                              Trustee for the SIPA Liquidation of
                              Lehman Brothers Inc.

**EXHIBIT A**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA
## TWO HUNDRED SIXTH OMNIBUS OBJECTION: EXHIBIT A- NO LIABILITY CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | ASTREA LLC<br>PRIVATE EQUITY ACCOUNT<br>BAHNHOFSTRASSE 22<br>ZUG  6301<br>SWITZERLAND | 8002662 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 2 | CASTLESTONE- ALIQUOT ACTIVE COMMODITY<br>INDEX (UCITS) FUND<br>C/O CASTLESTONE MANAGEMENT LLC<br>610 FIFTH AVENUE, SUITE 602<br>NEW YORK, NY  10020-2403 | 1908 | 1/28/2009 | $325,759.03 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 3 | CNA FINANCIAL CORPORATION<br>CNA-23S<br>ATTN SECURITIES LEGAL<br>333 SOUTH WABASH AVENUE<br>CHICAGO, IL  60604 | 1694 | 1/26/2009 | $141,750.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 4 | CONTINENTAL CASUALTY COMPANY<br>CNA-23S<br>ATTN SECURITIES LEGAL<br>333 SOUTH WABASH AVENUE<br>CHICAGO, IL  60604 | 6167 | 9/22/2009 | $1,959,410.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 5 | FIRST NATIONAL BK SIOUX FA<br>A/C FIRST NATL BANK SIOUX FALL<br>100 SOUTH PHILLIPS AVENUE<br>SIOUX FALLS, SD  57104-6745 | 1720 | 1/26/2009 | $4,135.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |

---

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | HYPERION BROOKFIELD COLLATERALIZED SECURITIES FUND, INC. LILY TJIOE HYPERION BROOKFIELD ASSET MGMT., INC. 200 VESEY STREET 10TH FLOOR NEW YORK, NY 10281 | 7002237 | 5/29/2009 | $66,557.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 7 | MCDONNELL LOAN OPPORTUNITY LTD. C/O PAUL POSSINGER WINSTON & STRAWN LLP 35 WEST WACKER DRIVE CHICAGO, IL 60601 | 2371 | 1/29/2009 | $1,765,332.98 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 8 | MCDONNELL LOAN OPPORTUNITY LTD. C/O PAUL POSSINGER WINSTON & STRAWN LLP 35 WEST WACKER DRIVE CHICAGO, IL 60601 | 2373 | 1/29/2009 | $1,765,332.98 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 9 | STATE BANK OF LONG ISLAND ANTONIA M. DONOHUE, ESQ. JASPAN SCHLESINGER LLP 300 GARDEN CITY PLAZA GARDEN CITY, NY 11530 | 3467 | 2/5/2009 | $589,895.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 10 | SWISS RE FINANCIAL PRODUCTS CORP. NICHOLAS RAYMOND 55 EAST 52ND STREET NEW YORK, NY 10055 | 8003075 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 11 | TRANSAMERICA FINANCIAL LIFE INS CO STABLE VALUE FUND PIMCO ELIZABETH L BELANGER 4 MANHATTANVILLE ROAD PURCHASE, NY 10577 | 9005420 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 12 | WASTE MANAGEMENT INC ATTN: DAVID LAPUAL 1001 FANNIN STREET SUITE 4000 HOUSTON, TX 77002-6711 | 940 | 1/12/2009 | $457,994.86 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 13 | WEMBLEY NATIONAL STADIUM LIMITED WEMBLEY STADIUM 11TH FLOOR YORK HOUSE EMPIRE WAY WEMBLEY HA9 0BR UNITED KINGDOM | 1917 | 1/28/2009 | $1,298,746.20 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO THE REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| | Total | | | $8,374,913.05 | |

_____
* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

3

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>     LEHMAN BROTHERS INC.,<br><br>                              Debtor. | Case No. 08-01420 (SCC) SIPA |

## DECLARATION OF TIMOTHY HURLEY IN SUPPORT OF THE TRUSTEE'S TWO HUNDRED SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)

Pursuant to 28 U.S.C. § 1746, I, Timothy Hurley, hereby declare as follows:

1.      I am a Principal of Deloitte Transactions and Business Analytics LLP.  James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"), has duly authorized me to make and submit this declaration (the "Declaration") in support of the Trustee's two hundred sixth omnibus objection to general creditor claims (the "Two Hundred Sixth Omnibus Objection to General Creditor Claims").[1]

2.      The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and/or upon certain proofs of claim, certain information from the LBI general claims register as maintained by Trustee's claim agent, and certain information from the books and records of the LBI estate analyzed by me or other personnel under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

---

1.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

3.      In addition, I and personnel under my supervision and direction discussed with former LBI employees, who are now employed by the Trustee as consultants, where information related to the type of transactions referenced in the Proofs of Claim would be located in the books and records of the LBI estate (the "Designated Books and Records").

4.      In the context of my services for the Trustee, I am involved in assisting with the Trustee's general creditor claim reconciliation process.  Accordingly, I and personnel under my supervision and direction have analyzed the claims asserted against the LBI estate listed on Exhibit A annexed to the Two Hundred Sixth Omnibus Objection to General Creditor Claims (the "No Liability Claims"), certain information from the LBI general claims register as maintained by the Trustee's claims agent, and the Designated Books and Records.  For the collateral claimed in the Proofs of Claim listed on Exhibit A (the "Claimed Collateral"), the Designated Books and Records were analyzed to identify whether LBI held the Claimed Collateral on behalf of the Claimants asserting the Proofs of Claim.

5.      Our analysis, referred to in paragraphs 2 through 4 above, shows no indication that LBI held any of the claimed Collateral on behalf of the claimants asserting the No Liability Claims listed on Exhibit A as of the Filing Date.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 12, 2014

                                        /s/ Timothy Hurley
                                        Timothy Hurley
                                        Principal, Deloitte Transactions and Business
                                        Analytics LLP

2

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (SCC) SIPA

## [PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS <u>(NO LIABILITY CLAIMS)</u>

Upon the two hundred sixth omnibus objection to claims, dated February 12, 2014 (the "<u>Two Hundred Sixth Omnibus Objection to General Creditor Claims</u>"),[1] of James W. Giddens (the "<u>Trustee</u>"), as trustee for the liquidation of Lehman Brothers Inc. (the "<u>Debtor</u>" or "<u>LBI</u>") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("<u>SIPA</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), disallowing and expunging the No Liability Claims on the grounds that LBI does not have any liability, in whole or in part, all as more fully described in the Two Hundred Sixth Omnibus Objection to General Creditor Claims; and due and proper notice of the Two Hundred Sixth Omnibus Objection to General Creditor Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Sixth Omnibus Objection to General

---

1.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the objection.

Creditor Claims is in the best interests of LBI, its estate, its customers and creditors, and all

parties in interest and that the legal and factual bases set forth in the  Two Hundred Sixth

Omnibus Objection to General Creditor Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Two Hundred Sixth Omnibus

Objection to General Creditor Claims is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  New York, New York
            _____, 2014

                                                  _____
                                                  HONORABLE SHELLEY C. CHAPMAN
                                                  UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA
## TWO HUNDRED SIXTH OMNIBUS OBJECTION: EXHIBIT 1- NO LIABILITY CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | ASTREA LLC<br>PRIVATE EQUITY ACCOUNT<br>BAHNHOFSTRASSE 22<br>ZUG  6301<br>SWITZERLAND | 8002662 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 2 | CASTLESTONE- ALIQUOT ACTIVE COMMODITY<br>INDEX (UCITS) FUND<br>C/O CASTLESTONE MANAGEMENT LLC<br>610 FIFTH AVENUE, SUITE 602<br>NEW YORK, NY  10020-2403 | 1908 | 1/28/2009 | $325,759.03 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 3 | CNA FINANCIAL CORPORATION<br>CNA-23S<br>ATTN SECURITIES LEGAL<br>333 SOUTH WABASH AVENUE<br>CHICAGO, IL  60604 | 1694 | 1/26/2009 | $141,750.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 4 | CONTINENTAL CASUALTY COMPANY<br>CNA-23S<br>ATTN SECURITIES LEGAL<br>333 SOUTH WABASH AVENUE<br>CHICAGO, IL  60604 | 6167 | 9/22/2009 | $1,959,410.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 5 | FIRST NATIONAL BK SIOUX FA<br>A/C FIRST NATL BANK SIOUX FALL<br>100 SOUTH PHILLIPS AVENUE<br>SIOUX FALLS, SD  57104-6745 | 1720 | 1/26/2009 | $4,135.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | HYPERION BROOKFIELD COLLATERALIZED SECURITIES FUND, INC. LILY TJIOE HYPERION BROOKFIELD ASSET MGMT., INC. 200 VESEY STREET 10TH FLOOR NEW YORK, NY 10281 | 7002237 | 5/29/2009 | $66,557.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 7 | MCDONNELL LOAN OPPORTUNITY LTD. C/O PAUL POSSINGER WINSTON & STRAWN LLP 35 WEST WACKER DRIVE CHICAGO, IL 60601 | 2371 | 1/29/2009 | $1,765,332.98 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 8 | MCDONNELL LOAN OPPORTUNITY LTD. C/O PAUL POSSINGER WINSTON & STRAWN LLP 35 WEST WACKER DRIVE CHICAGO, IL 60601 | 2373 | 1/29/2009 | $1,765,332.98 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 9 | STATE BANK OF LONG ISLAND ANTONIA M. DONOHUE, ESQ. JASPAN SCHLESINGER LLP 300 GARDEN CITY PLAZA GARDEN CITY, NY 11530 | 3467 | 2/5/2009 | $589,895.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 10 | SWISS RE FINANCIAL PRODUCTS CORP. NICHOLAS RAYMOND 55 EAST 52ND STREET NEW YORK, NY 10055 | 8003075 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 11 | TRANSAMERICA FINANCIAL LIFE INS CO STABLE VALUE FUND PIMCO ELIZABETH L BELANGER 4 MANHATTANVILLE ROAD PURCHASE, NY 10577 | 9005420 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT. LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

2

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 12 | WASTE MANAGEMENT INC<br>ATTN: DAVID LAPUAL<br>1001 FANNIN STREET SUITE 4000<br>HOUSTON, TX  77002-6711 | 940 | 1/12/2009 | $457,994.86 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| 13 | WEMBLEY NATIONAL STADIUM LIMITED<br>WEMBLEY STADIUM<br>11TH FLOOR YORK HOUSE<br>EMPIRE WAY<br>WEMBLEY  HA9 0BR<br>UNITED KINGDOM | 1917 | 1/28/2009 | $1,298,746.20 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI.  LBI IS NOT A COUNTERPARTY TO REFERENCED ISDA AGREEMENT.  LBI DID NOT HOLD COLLATERAL ON BEHALF OF CLAIMANT. |
| | Total | | | $8,374,913.05 | |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.