UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

    LEHMAN BROTHERS INC.,

                       Debtor.

Case No. 08-01420 (SCC) SIPA

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING TRUSTEE'S ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION TO <u>GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)</u>**

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's amended case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on July 13, 2010 (ECF No. 3466) (the "<u>Amended Case Management Order</u>"), and the Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Objection Procedures, entered on November 15, 2012 (ECF No. 5441) (the "<u>Claims Objection Procedures Order</u>"), the undersigned hereby certifies as follows:

    1.    On December 20, 2013, the undersigned, on behalf of James W. Giddens (the "<u>Trustee</u>"), as Trustee for the SIPA liquidation of Lehman Brothers Inc., caused the Trustee's One Hundred Seventy-Eighth Omnibus Objection to General Creditor Claims (No Liability Claims) (ECF No. 7953) (the "<u>Objection</u>") to be filed with the United States Bankruptcy Court for the Southern District of New York.

    2.    In furtherance of the Claims Objection Procedures Order, January 10, 2014 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Objection (the "<u>Response Deadline</u>"). The Amended Case Management Order

62868588_1

provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Response Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.  The Response Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Objection has been filed with the Court on the docket of the above-referenced case in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Objection been served on counsel to the Trustee to date.

4.  Accordingly, for the reasons set forth in the Objection, the Trustee respectfully requests that the proposed Order annexed hereto as Exhibit A be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: New York, New York
       February 14, 2014

> HUGHES HUBBARD & REED LLP
>
> By: /s/ Jeffrey S. Margolin
>     James B. Kobak, Jr.
>     Christopher K. Kiplok
>     Jeffrey S. Margolin
>     Meaghan C. Gragg
> One Battery Park Plaza
> New York, New York 10004
> Telephone: (212) 837-6000
> Facsimile: (212) 422-4726
> Email: kobak@hugheshubbard.com
>
> Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.

62868588_1

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>    LEHMAN BROTHERS INC.,<br><br>                                    Debtor. | Case No. 08-01420 (SCC) SIPA |

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS**
**(NO LIABILITY CLAIMS)**

Upon the One Hundred Seventy-Eighth omnibus objection to claims, dated December 20, 2013 (the "One Hundred Seventy-Eighth Omnibus Objection to General Creditor Claims"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging the No Liability Claims on the grounds that LBI does not have any liability, in whole or in part, all as more fully described in the One Hundred Seventy-Eighth Omnibus Objection to General Creditor Claims; and due and proper notice of the One Hundred Seventy-Eighth Omnibus Objection to General Creditor Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Seventy-Eighth Omnibus Objection to General Creditor Claims is in

---

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the objection.

the best interests of LBI, its estate, its customers and creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Seventy-Eighth Omnibus Objection to General Creditor Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the One Hundred Seventy-Eighth Omnibus Objection to General Creditor Claims is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 (collectively, the "No Liability Claims") are disallowed and expunged in their entirety with prejudice; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       February _____, 2014

_____
HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA
## ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION: EXHIBIT 1 – NO LIABILITY CLAIMS

|   | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | HOON, SEE PECK<br>18 WOOLLERTON PARK<br>SINGAPORE 257524<br>SINGAPORE | 4920 | 5/29/2009 | $100,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 2 | LENG, LAM YEEN<br>BLOCK 232 #13-31<br>WESTWOOD AVENUE<br>SINGAPORE 648360<br>SINGAPORE | 4796 | 5/27/2009 | $378,054.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 3 | LOCK, LO @ LO LOKE YEE<br>BLOCK 110 # 05-96<br>ALJUNIED - CRESCNET<br>SINGAPORE 380110<br>SINGAPORE | 5994 | 6/5/2009 | $42,006.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 4 | MIN, LIM HAK<br>BLOCK 212 BISHAN STREET 23<br>08-253<br>SINGAPORE 570212<br>SINGAPORE | 7002040 | 5/25/2009 | $11,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 5 | UNITED OVERSEAS BANK NOMINEES (PRIVATE) LTD ON BEHALF OF ITS CLIENTS<br>ATTN: ONG POH LEE<br>156 CECIL STREET #08-03<br>SINGAPORE 069544<br>SINGAPORE | 7002190 | 5/29/2009 | $7,695,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | UNITED OVERSEAS BANK NOMINEES (PRIVATE) LTD ON BEHALF OF ITS CLIENTS<br>ATTN ONG POH LEE<br>UNITED OVERSEAS BANK NOMINEES PTE LTD<br>156 CECIL STREET #08-03<br>SINGAPORE 069544<br>SINGAPORE | 7002192 | 5/29/2009 | $2,274,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 7 | UNITED OVERSEAS BANK NOMINEES (PRIVATE) LTD ON BEHALF OF ITS CLIENTS<br>ATTN ONG POH LEE<br>UNITED OVERSEAS BANK NOMINEES PTE LTD<br>156 CECIL STREET #08-03<br>SINGAPORE 069544<br>SINGAPORE | 7002193 | 5/29/2009 | $4,005,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 8 | UNITED OVERSEAS BANK NOMINEES (PRIVATE) LTD ON BEHALF OF ITS CLIENTS<br>ATTN ONG POH LEE<br>UNITED OVERSEAS BANK NOMINEES PTE LTD<br>156 CECIL STREET #08-03<br>SINGAPORE 069544<br>SINGAPORE | 7002194 | 5/29/2009 | $200,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 9 | UNITED OVERSEAS BANK NOMINEES (PRIVATE) LTD ON BEHALF OF ITS CLIENTS<br>ATTN ONG POH LEE<br>UNITED OVERSEAS BANK NOMINEES PTE LTD<br>156 CECIL STREET #08-03<br>SINGAPORE 069544<br>SINGAPORE | 7002199 | 5/29/2009 | $548,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| 10 | UNITED OVERSEAS BANK NOMINEES (PRIVATE) LTD ON BEHALF OF ITS CLIENTS<br>ATTN ONG POH LEE<br>UNITED OVERSEAS BANK NOMINEES PTE LTD<br>156 CECIL STREET #08-03<br>SINGAPORE 069544<br>SINGAPORE | 7002204 | 5/29/2009 | $9,761,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |

| | | | | | |
|---|---|---|---|---|---|
| 11 | UNITED OVERSEAS BANK NOMINEES (PRIVATE) LTD ON BEHALF OF ITS CLIENTS<br>ATTN ONG POH LEE<br>156 CECIL STREET #08-03<br>SINGAPORE  069544<br>SINGAPORE | 7002191 | 5/29/2009 | $4,958,904.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. MOREOVER, THE CLAIMANT FAILS TO ASSERT A PLAUSIBLE CLAIM OF FRAUD OR MISREPRESENTATION AGAINST LBI. |
| | Total | | | $29,972,964.00 | |

3