Peter S. Goodman
Michael R. Carney
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
Email:  pgoodman@mckoolsmith.com
           mcarney@mckoolsmith.com

*Counsel for Athilon Capital Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>LEHMAN BROTHERS, INC.,<br><br>                Debtor. | Case No. 08-01420 (SCC) SIPA |

***EX PARTE* MOTION OF ATHILON CAPITAL CORP. TO FILE UNDER SEAL (I) ITS RESPONSE TO THE TRUSTEE'S ONE HUNDRED NINETIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS) AND (II) THE DECLARATION OF PATRICK B. GONZALEZ IN SUPPORT THEREOF**

Athilon Capital Corp. ("Athilon"), by and through its undersigned counsel, hereby files this *ex parte* motion (the "Motion") authorizing Athilon to file under seal (i) its response (the "Response") to *The Trustee's One Hundred Ninetieth Omnibus Objection to General Creditor Claims (No Liability Claims)* (the "190th Claims Objection") [ECF No. 8015] filed by the trustee (the "Trustee") of Lehman Brothers, Inc. ("LBI"), appointed in the above-captioned liquidation proceeding commenced under the provisions of the Securities Investor Protection Act of 1970, and (ii) the declaration of Patrick B. Gonzalez (the "Gonzalez Declaration") in support of the Response. In support of the Motion, Athilon respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under Judicial Code §§ 157 and 1334. This matter is a core proceeding within the meaning of Judicial Code § 157(b)(2).

2. Venue is proper pursuant to Judicial Code §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code § 107, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9077-1(b).

## BACKGROUND

4. Athilon and its wholly owned subsidiary, Athilon Asset Acceptance Corp. ("AAA Corp."), began operations in late 2004. AAA Corp. is a credit derivative product company, which was formed primarily to provide credit protection in the form of credit default swaps ("CDS") to large financial institutions. Athilon guarantees AAA Corp.'s CDS obligations. In 2005, Athilon and AAA Corp. obtained "triple-A" counterparty ratings from three rating agencies. In order to retain its triple-A ratings, Athilon conducted its operations in accordance with certain "Operating Guidelines" as agreed upon with each rating agency, including the maintenance of capital under a capital model, although the Operating Guidelines are not contracts.

5. The Operating Guidelines, among other things, set forth a list of "Eligible Investments" for the investment of Athilon's cash. Under a *Cash Management Brokerage Agreement and Limited Discretionary Authorization* dated August 30, 2006 (the "CMA"), Athilon granted LBI discretionary authority to place Eligible Investments into an investment account (the "Account") in accordance with the CMA and the Operating Guidelines. Athilon's claims are based on LBI's mismanagement of the Account and LBI's breach of its discretionary authority over the Account under the terms and conditions of the CMA.

6. Pursuant to this Court's November 7, 2008, order [ECF. No. 241], Athilon timely filed three claims against LBI arising out of LBI's mismanagement of the Account, over which LBI had discretion and control. LBI, Athilon's claims are based on five theories of recovery, as set forth in Athilon's Amended proof of claim filed on March 26, 2103 (the "Amended Claim"): (i) breach of contract, (ii) breach of the covenant of good faith and fair dealing, (iii) breach of fiduciary duty, (iv) gross negligence, and (v) negligent misrepresentation. Athilon's claims were amended from time to time and were eventually consolidated into one claim.[1]

7. In the 190th Claims Objection, the Trustee objected to the Amended Claim and requested that it be expunged as a "No Liability Claim" in its entirety. The 190th Claims Objection should be overruled insofar as it seeks to disallow and expunge the Amended Claim for the reasons set forth in the Response and the Gonzalez Declaration. Athilon requests that this Court permit Athilon to file the Response and the Gonzalez Declaration seal to protect confidential and commercially sensitive information that would harm Athilon's business and competitiveness if made publicly available.

## RELIEF REQUESTED

8. By this Motion, Athilon seeks the entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A (the "Proposed Order"), authorizing Athilon to file the Response and the Gonzalez Declaration under seal in accordance with Bankruptcy Code § 107(b) and directing that the Response and the Gonzalez Declaration remain under seal and confidential.

---

[1] Athilon's claims were listed on LBI's claims register as claim numbers 7000850, 7001145, and 7001147. The claims were consolidated as Claim No. 6304.

9. Athilon further requests that the Court (i) restrict access to the Response and the Gonzalez Declaration to (a) counsel for the Trustee, (b) counsel for Lehman Brothers Holdings, Inc., (c) counsel for the Securities Investor Protection Corporation, and (d) any other party as may be ordered by the Court or agreed upon by Athilon, under appropriate confidentiality agreements reasonably satisfactory to Athilon (collectively, the "Limited Notice Parties"); and (ii) determine that service of the Response and the Gonzalez Declaration shall be sufficient in fully redacted form with a notation that such documents were filed under seal.

## BASIS FOR RELIEF

10. Bankruptcy Code § 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under Bankruptcy Code § 107(b):

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

12. Based upon the foregoing provisions, bankruptcy courts have limited the access to filed documents where parties have demonstrated good cause. *See, e.g., In re Epic Assoc. V*, 54

- 4 -

B.R. 445, 450 (Bankr. E.D. Va. 1985); *In re Nunn*, 49 B.R. 963, 964-65 (Bankr. E.D. Va. 1985). In assessing whether cause exists to issue a protective order pursuant to Bankruptcy Code § 107(b), "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).

13. Once a court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in Bankruptcy Code § 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements). The party seeking protection need only show that the information sought to be sealed is "confidential" and "commercial." *Id.* Commercial information has been held to include information which would cause an unfair advantage to competitors. *Id.* Indeed, the scope of "commercial information" is broad, and it need not rise to the level of a trade secret to be protected under Bankruptcy Code § 107(b). *Id.* at 28; *accord Barney's*, 201 B.R. at 707-08.

14. Cause exists to seal the Response and the Gonzalez Declaration and to limit access thereto to the Limited Notice Parties. The Response and the Gonzalez Declaration contain confidential information, including highly sensitive and proprietary confidential terms and other information governing the Athilon's relationship with the rating agencies and its broker-dealers, as well as Athilon's investments, investment strategies, and business operations, which would be damaging to Athilon if disclosed to Athilon's competitors or otherwise made

publicly available. Given the highly competitive nature of the structured finance industry, it is of the utmost importance to Athilon that the Response and Gonzalez be kept confidential so that the Athilon's competitors may not use the information contained therein to gain a strategic advantage.

15. Athilon also submits that notice and service of the Response and the Gonzalez Declaration should be limited to the Limited Notice Parties, unless otherwise agreed to by Athilon. The Limited Notice Parties have the greatest interest in the Response and the Gonzalez Declaration, and limiting notice to such entities will accordingly subject the Response and the Gonzalez Declaration to sufficient scrutiny on their merits while, at the same time, minimize any impact on Athilon.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

## NOTICE

17. Because this Court may grant the relief requested herein without notice as set forth in Bankruptcy Rule 9018, Athilon submits that the *ex parte* request to file the Response and the Gonzalez Declaration under seal is appropriate. Accordingly, pursuant to Bankruptcy Rule 9018, notice of this application need not be provided.

## MOTION PRACTICE

18. This Motion includes (i) citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, (ii) a discussion of their application to this Motion, and (iii) a showing of cause for (a) *ex parte* action and (b) the requested relief. Athilon therefore submits that this Motion satisfies Local Rules 9013-1(a) and 9077-1(b).

**WHEREFORE**, for the reasons set forth herein, Athilon respectfully request that the Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 7, 2014
      New York, New York

      Respectfully submitted,

      MCKOOL SMITH, P.C.

      /s/ Michael R. Carney
      Peter S. Goodman
      Michael R. Carney
      One Bryant Park, 47th Floor
      New York, New York 10036
      Telephone: (212) 402-9400
      Facsimile: (212) 402-9444
      Email: pgoodman@mckoolsmith.com
            mcarney@mckoolsmith.com

      *Counsel for Athilon Capital Corp.*

# Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

In re:                                    )
                                          )
                                          ) Case No. 08-01420 (SCC) SIPA
LEHMAN BROTHERS, INC.,                    )
                                          )
                 Debtor.                  )
                                          )

---

**ORDER GRANTING *EX PARTE* MOTION OF ATHILON CAPITAL CORP. TO FILE UNDER SEAL (I) ITS RESPONSE TO THE TRUSTEE'S ONE HUNDRED NINETIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS) AND (II) THE DECLARATION OF PATRICK B. GONZALEZ IN SUPPORT THEREOF**

Upon the motion (the "Motion")[1] of the Athilon Capital Corp. ("Athilon") for entry of an order (i) authorizing Athilon to file under seal the Response and the Gonzalez Declaration and (ii) limiting notice thereof; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and Athilon having provided adequate and appropriate notice of the Motion under the circumstances; and Athilon having demonstrated that good cause exists to grant the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that the Response and the Gonzalez Declaration shall remain under seal and confidential and shall only be made available to the Limited Notice Parties and such other parties

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

as may be agreed to by the Athilon and the Trustee under appropriate confidentiality agreements reasonably satisfactory to Athilon; and it is further

ORDERED that the Limited Notice Parties shall be bound by this Order and shall at all times keep the Response and the Gonzalez Declaration strictly confidential and shall not disclose the contents of the Response and the Gonzalez Declaration to any party not authorized to receive the Response and the Gonzalez Declaration in accordance with this Order; and it is further

ORDERED that any pleadings filed in these Chapter 11 cases that reference or disclose material set forth in the Response and the Gonzalez Declaration shall be filed under seal and served only on those parties authorized to receive the Response and the Gonzalez Declaration in accordance with this Order; and it is further

ORDERED that Athilon is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that Athilon shall take all reasonable steps to dispose of the Response and the Gonzalez Declaration at the conclusion of this matter; and it is further

ORDERED that this Order is without prejudice to the rights of any party-in-interest or the United States Trustee to seek to unseal the Response and/or the Gonzalez Declaration (or any part thereof); and it is further

ORDERED that, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

      ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2014

                                      HONORABLE SHELLEY C. CHAPMAN  
                                      UNITED STATES BANKRUPTCY JUDGE