Hearing Date and Time: April 24, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: April 4, 2014 at 4:00 p.m. (Prevailing Eastern Time)

---

**THIS OBJECTION SEEKS TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, ELENI D. THEODOSIOU-PISANELLI, ESQ., AT (212) 837-6868.**

---

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

## NOTICE OF HEARING ON THE TRUSTEE'S TWO HUNDRED EIGHTEENTH  OMNIBUS OBJECTION SEEKING TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS (FX CLAIMS)

PLEASE TAKE NOTICE that on March 14, 2014, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred eighteenth

omnibus objection to general creditor claims (the "Two Hundred Eighteenth Omnibus Objection to General Creditor Claims"), and that a hearing to consider the Trustee's Two Hundred Eighteenth Omnibus Objection to General Creditor Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New York 10004-1408 (the "Bankruptcy Court"), on **April 24, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that responses, if any, to entry of the order must (i) be in writing; (ii) state the name and address of the responding party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399 by registered users of the Court's Electronic Case Filing system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format no later than **April 4, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn: Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621.

62993448_1

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Trustee's Two Hundred Eighteenth Omnibus Objection to General Creditor

Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Trustee's Two Hundred Eighteenth Omnibus Objection to General Creditor Claims, which

may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       March 14, 2014

HUGHES HUBBARD & REED LLP

By:    _/s/ James B. Kobak, Jr._
       James B. Kobak, Jr.
       Christopher K. Kiplok
       Meaghan C. Gragg
       Eleni D. Theodosiou-Pisanelli

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.
                    .

3

Hearing Date and Time:  April 24, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  April 4, 2014 at 4:00 p.m. (Prevailing Eastern Time)

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| LEHMAN BROTHERS INC., | Case No.  08-01420 (SCC) SIPA |
| Debtor. | |

**TRUSTEE'S TWO HUNDRED EIGHTEENTH OMNIBUS OBJECTION
SEEKING TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN
REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION
AS UNSECURED GENERAL CREDITOR CLAIMS (FX CLAIMS)**

**THIS OBJECTION SEEKS TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN
REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION AS UNSECURED
GENERAL CREDITOR CLAIMS.  PARTIES RECEIVING THIS TWO HUNDRED
EIGHTEENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS
SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN
THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS
OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL,
ELENI D. THEODOSIOU-PISANELLI, ESQ., AT (212) 837-6868.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. ( the "Debtor" or "LBI") under the Securities Investor Protection Act of

1970 as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] by and through his undersigned counsel,

respectfully represents as follows:

### **RELIEF REQUESTED**

1.      The Trustee files this two hundred eighteenth omnibus objection to general

creditor claims (the "Two Hundred Eighteenth Omnibus Objection to General Creditor Claims")

pursuant to sections 502(b) and 502(g)(2) of title 11 of the United States Code (the "Bankruptcy

Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of

SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to general

creditor proofs of claims filed in this SIPA proceeding (the "General Creditor Claims Objection

Procedures Order," ECF No. 5441), seeking to allow certain filed proofs of claim (listed on

Exhibit A annexed hereto) in reduced amounts and with proper classification as unsecured

general creditor claims. The Trustee's proposed order (the "Proposed Order") is annexed hereto

as Exhibit C.

2.      The proofs of claim identified on Exhibit A (collectively, the "FX Claims") are

claims for damages arising out of unperformed or un-matured forward contracts for the future

exchange of currencies ("FX Forwards" or "FX Contracts").  The Trustee has determined that

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

the amounts claimed in the FX Claims (as listed on <u>Exhibit A</u> in the column entitled "*Asserted Amount*")[2] either contradict LBI's books and records and/or seek recovery for amounts for which LBI is not liable, and, therefore, the FX Claims should be reduced to the amount reflected on <u>Exhibit A</u> in the column entitled "*Claim as Modified*."  The Trustee therefore requests that the Court reduce each FX Claim listed on <u>Exhibit A</u> to the amount and status set forth in the column entitled "*Claim as Modified*" and allow each FX Claim to the extent of such amount and status.

## JURISDICTION

3.      Following removal to this Court for all purposes as required for SIPA cases by SIPA § 78eee(b)(4), this Court has "all of the jurisdiction, powers, and duties conferred by [SIPA] upon the court to which application for the issuance of the protective decree was made." 15 U.S.C. § 78eee(b)(4).

4.      Venue is proper in this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C. § 78aa.

## BACKGROUND

5.      On September 19, 2008 (the "<u>Filing Date</u>"), the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, entered the Order Commencing Liquidation of LBI (the "<u>LBI Liquidation Order</u>," ECF. No. 1) pursuant to the provisions of SIPA in the case captioned <u>Securities Investor Protection Corporation v. Lehman Brothers Inc.</u>, Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the liquidation of the business of LBI pursuant to SIPA § 78eee(b)(3); and (ii) removed the

---

2.    Consistent with the general creditor claims register, customer claims reclassified to general creditor claims are listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

case to this Court for all purposes as required for SIPA cases by SIPA § 78eee(b)(4), in the case

captioned <u>In re Lehman Brothers Inc.</u>, Case No. 08-01420 (JMP) (the "<u>SIPA Proceeding</u>").

6.     The stay arising under paragraphs three through six of the LBI Liquidation Order

exempts "the *contractual* right of a *creditor* to liquidate, terminate, or accelerate a securities

contract . . . [or] forward contract."  (LBI Liquidation Order ¶ VIII(B) (emphasis added).)

7.     On November 7, 2008, the Court entered the Order Approving Form and Manner

of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for

Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other

Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "<u>Claims Process Order</u>," ECF No.

241).  Beginning on December 1, 2008, consistent with SIPA § 78fff-2(a)(1), the Trustee mailed

more than 905,000 claims packages with filing information to former LBI customers and other

potential claimants (the "<u>Claims Process Notice</u>") and posted claims filing information on the

Trustee's website (<u>www.lehmantrustee.com</u>) and SIPC's website (<u>www.sipc.org</u>).  The Trustee

also published notice of the claims process in *The New York Times*, *The Wall Street Journal*, and

*The Financial Times*.

8.     Pursuant to SIPA § 78fff-2(a)(3) and the Claims Process Order, customer claims

seeking maximum protection under SIPA must have been received by the Trustee on or before

January 30, 2009.  All customer claims and general creditor claims must have been received by

the Trustee by June 1, 2009, and no claims of any kind will be allowed unless received by the

Trustee on or before June 1, 2009 (the "<u>Pre-Filing Date Bar Date</u>").

9.     In addition to the Pre-Filing Date Bar Date, on September 19, 2013, the

Bankruptcy Court entered an order (the "<u>Administrative Bar Date Order</u>") that established

October 31, 2013 (the "<u>Administrative Bar Date</u>") as the deadline to file a proof of claim for

certain administrative expense claims against the LBI estate, as further described in the

Administrative Bar Date Order, with respect to such administrative expenses arising between

September 19, 2008 and August 31, 2013.  The Administrative Bar Date has now passed.

10.    A copy of the Claims Process Order was made publicly available at

www.lehmantrustee.com.  The Trustee's website allowed claimants filing electronically to

upload documents as part of their claim submission and thereby comply with the instructions to

include supporting documentation set forth in the Proof of Claim.

11.    In accordance with the Claims Process Order, in cases where the Trustee denied a

claim for protection as a customer and converted the claim to a general creditor claim, the

Trustee notified the claimant consistent with the procedures set forth in the Claims Process

Order.  The claimant was afforded the opportunity to object and have the matter heard by the

Court if the claimant was aggrieved by the Trustee's denial of customer treatment and

conversion of the claim to a general creditor claim.  If a claimant did not object to the Trustee's

conversion of the claim consistent with the procedures set forth in the Claims Process Order, the

Trustee's conversion of the claim to a general creditor claim became final.  No determination

was made as to the validity or allowed amount of such converted and reclassified claims.

12.    On November 15, 2012, the Court entered the General Creditor Claims Objection

Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections

to no more than 200 general creditor claims at a time, on various grounds, including the grounds

that: (i) the claims subject to the omnibus objection seek recovery of amounts for which LBI is

not liable; (ii) the claims subject to the omnibus objection were incorrectly classified; and (iii)

the amount claimed in the claims subject to the omnibus objection contradicts LBI's books and

records.

5

## ARGUMENT

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida*

*Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009 ), *aff'd sub nom. Peter J. Solomon Co. v. Oneida*

*Ltd.*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia*

*Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr.

S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y.

2000).

## I.    THE FX CLAIMS SHOULD BE ALLOWED IN THE REDUCED AMOUNTS ONLY.

14.    Bankruptcy Code § 502(b) provides, in relevant part, that a court should

determine the amount of a claim subject to an objection "as of the date of the filing of the

petition, and shall allow such claim in such amount," and that a claim may not be allowed to the

extent that "such claim is unenforceable against the debtor and property of the debtor, under any

agreement or applicable law."  11 U.S.C. § 502(b).  Claims for damages arising out of the

termination of FX Contracts calculated in accordance with section 562 may be allowed under

section 502(b) pursuant to Bankruptcy Code § 502(g)(2).  *See* 11 U.S.C. § 502(g)(2) ("A claim

for damages calculated in accordance with section 562 shall be allowed under subsection (a), (b),

or (c), or disallowed under subsection (d) or (e), as if such claim had arisen before the date of the

filing of the petition.").   The General Creditor Claim Objection Procedures Order authorizes the

Trustee to file omnibus objections "seeking reduction, reclassification and/or disallowance of

claims . . . [on the grounds that] the amount claimed contradicts LBI's books and records" or

where a claim "seeks recovery of amounts for which LBI is not liable."  (General Creditor Claim

Objection Procedures Orders at 2.)  If the Trustee determines that the amount claimed contradicts

6

LBI's books and records, "the Trustee will include the amount of such General Creditor Claim, if any, reflected in LBI's books and records." (*Id.*) Where the Trustee finds that the General Creditor Claims seek recovery of amounts for which LBI is not liable, "the Trustee will include the legal basis for such objection." (*Id.*)

15.      To the extent an FX Claim arises out of the rejection, liquidation, termination, or acceleration of an FX Contract, the claim would be calculated pursuant to Bankruptcy Code § 562 and allowed in such amount pursuant to Bankruptcy Code § 502(g)(2). Otherwise, the claim would be calculated and allowed pursuant to Bankruptcy Code §502(b), which is "the amount of such claim . . .as of the date of the filing of the petition . . .." The FX Claims at issue here arise out of and were calculated in accordance with one of the scenarios detailed above.

16.      Based on analysis by the Trustee's professionals of each of the general creditor proofs of claim (the "Proofs of Claim") listed in Exhibit A, certain information from the LBI general claims register as maintained by the Trustee's claims agent, and certain information from the books and records of the LBI estate (the "Books and Records"), and certain FX Forwards pricing information from Bloomberg Finance L.P. (the "Pricing Source"), as further described in the Sprague Declaration (annexed hereto as Exhibit B), the Trustee has identified the FX Claims as claims that must be reduced because (i) the amounts claimed are greater than the amounts shown on, and/or determined by analysis of, LBI's Books and Records, and/or (ii) the amounts claimed are greater than the amounts for which LBI is liable. The amounts listed on Exhibit A in the column entitled "*Claim as Modified*" and the amount denoted with the letter symbol (**T**) represent the amount calculated for each FX Claim by the Trustee's professionals.

17.      Accordingly, pursuant to Bankruptcy Code §§ 502(b) and 502(g)(2), the Trustee requests that the Court reduce each FX Claim to the amount and priority listed on Exhibit A in

7

the column entitled "*Claim as Modified*" and allow each FX Claim as an unsecured general

creditor claim only to the extent of such modified amount.

## <u>RESERVATION OF RIGHTS</u>

18.     The Trustee reserves all rights to object on any other basis to any FX Claim or

any portion of any FX Claim not finally determined or for which the Court does not grant the

relief requested herein.

## <u>NOTICE</u>

19.     Notice of this Two Hundred Eighteenth Omnibus Objection to General Creditor

Claims has been provided to (i) each claimant listed on <u>Exhibit A</u> via First-Class mail; and (ii)

the list of parties requesting notice of pleadings in accordance with the Court's Amended Order

Pursuant to Bankruptcy Code § 105(a) and Bankruptcy Rules 1015(c) and 9007 Implementing

Certain Notice and Case Management Procedures and Related Relief entered by the Court on

July 13, 2010 (ECF No. 3466), and will be immediately available for inspection upon filing with

the Court at the Trustee's website, <u>www.lehmantrustee.com</u>.  The Trustee submits that no other

or further notice need be provided.

## <u>NO PRIOR RELIEF REQUESTED</u>

20.     No previous request for the relief requested herein has been made by the Trustee

to this or any other court.

62993448_1

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated: New York, New York
      March 14, 2014

HUGHES HUBBARD & REED LLP

By:    */s/ James B. Kobak, Jr.*
       James B. Kobak, Jr.
       Christopher K. Kiplok
       Meaghan C. Gragg
       Eleni D. Theodosiou-Pisanelli

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

9

**EXHIBIT A**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED EIGHTEENTH OMNIBUS OBJECTION: EXHIBIT A (FX CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | BANCA AKROS S.P.A.<br>ATTN: LUCA GANDOLFI - LEGAL AFFAIRS DEPARTMENT<br>VIA EGINARDO, 29<br>MILAN  20149<br>ITALY | 5921 | 5/29/2009 | - (A)<br>- (S)<br>- (P)<br>$2,258,164.68 (U)<br>$2,258,164.68 (T) | - (A)<br>- (S)<br>- (P)<br>$2,245,207.00 (U)<br>$2,245,207.00 (T) |
| 2 | BANK OF MONTREAL<br>JAMES E. SPIOTTO<br>CHAPMAN AND CUTLER LLP<br>111 WEST MONROE STREET<br>CHICAGO, IL  60603-4080 | 5099 | 5/29/2009 | - (A)<br>- (S)<br>- (P)<br>$8,062,367.53 (U)<br>$8,062,367.53 (T) | - (A)<br>- (S)<br>- (P)<br>$8,046,690.00 (U)<br>$8,046,690.00 (T) |
| 3 | BAYERISCHE LANDESBANK<br>F/K/A BAYERISCHE LANDESBANK GIROZENTRALE<br>RISK OFFICE / CREDIT-CONSULT, BRIENNERSTR. 18<br>ATTN: HAROLD GLOCKL<br>MUNCHEN  D-80333<br>GERMANY | 4849 | 5/28/2009 | - (A)<br>- (S)<br>- (P)<br>$3,641,103.46 (U)<br>$3,641,103.46 (T) | - (A)<br>- (S)<br>- (P)<br>$3,513,672.73 (U)<br>$3,513,672.73 (T) |

> **(A) – ADMINISTRATIVE**
> **(S) – SECURED**
> **(P) – PRIORITY**
> **(U) – UNSECURED**
> **(T) – TOTAL CLAIMED**

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 4 | BEAFORD INVESTMENTS LIMITED<br>ATTN: ANGELA WATSON<br>J.P. MORGAN TRUST COMPANY (BAHAMAS) LIMITED<br>BAHAMAS FINANCIAL CENTER, 2ND FLOOR<br>SHIRLEY & CHARLOTTE STREETS<br>PO BOX N-4899<br>NASSAU<br>BAHAMAS | 6083 | 7/23/2009 | - (A)<br>- (S)<br>- (P)<br>$9,578,839.00 (U)<br>$9,578,839.00 (T) | - (A)<br>- (S)<br>- (P)<br>$3,474,757.77 (U)<br>$3,474,757.77 (T) |
| 5 | BSI SA<br>VIA MAGATTI N.2<br>MATTEO ZAPPAROLI<br>ATTN: PRODUCT COMPLIANCE<br>LUGANO  CH-6900<br>SWITZERLAND | 5185 | 5/29/2009 | - (A)<br>- (S)<br>- (P)<br>$746,117.60 (U)<br>$746,117.60 (T) | - (A)<br>- (S)<br>- (P)<br>$698,009.25 (U)<br>$698,009.25 (T) |
| 6 | COMERICA BANK<br>COLIN T. DARKE, ESQ.<br>BODMAN LLP<br>1901 ST. ANTOINE STREET<br>DETROIT, MI  48226 | 4319 | 4/13/2009 | - (A)<br>- (S)<br>- (P)<br>$1,230,841.12 (U)<br>$1,230,841.12 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00 (U)<br>$0.00** (T) |

> (A) – ADMINISTRATIVE
> (S) – SECURED
> (P) – PRIORITY
> (U) – UNSECURED
> (T) – TOTAL CLAIMED

\*  Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 7 | CORNER BANCA SA<br>ATTN: STEFANO CEI/LORIS STUCKI<br>VIA CANOVA 16 CP 5894<br>LUGANO  6901<br>SWITZERLAND | 9008159 | 9/25/2008 | - (A)<br>- (S)<br>- (P)<br>- (U)<br>UNSPECIFIED* (T) | - (A)<br>- (S)<br>- (P)<br>$18,870.00 (U)<br>$18,870.00 (T) |
| 8 | CVI GVF (LUX) MASTER S.A.R.L.<br>TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH (UK)<br>C/O CARVAL INVESTORS UK LIMITED<br>ATTN: DAVID SHORT<br>KNOWLE HILL PARK, FAIRMILE LANE, COBHAM<br>SURREY  KT11 2PD<br>UNITED KINGDOM | 4699 | 5/22/2009 | - (A)<br>- (S)<br>- (P)<br>$764,348.00 (U)<br>$764,348.00 (T) | - (A)<br>- (S)<br>- (P)<br>$712,999.00 (U)<br>$712,999.00 (T) |
| 9 | CVI GVF (LUX) MASTER S.A.R.L.<br>TRANSFEROR: GOLDMAN SACHS LENDING PARTNERS LLC<br>C/O CARVAL INVESTORS UK LIMITED<br>KNOWLE HILL PARK, FAIRMILE LANE, COBHAM<br>SURREY  KT11 2PD<br>UNITED KINGDOM | 4912 | 5/28/2009 | - (A)<br>- (S)<br>- (P)<br>$5,417,003.17 (U)<br>$5,417,003.17 (T) | - (A)<br>- (S)<br>- (P)<br>$4,380,292.00 (U)<br>$4,380,292.00 (T) |

> (A) – ADMINISTRATIVE
> (S) – SECURED
> (P) – PRIORITY
> (U) – UNSECURED
> (T) – TOTAL CLAIMED

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 10 | DEUTSCHE BANK AG, LONDON BRANCH (UK) TRANSFEROR: ERSTE GROUP BANK AG C/O DEUTSCHE BANK SECURITIES INC. ATTN: MATT WEINSTEIN 60 WALL STREET, 3RD FLOOR NEW YORK, NY 10005 | 2159 | 1/27/2009 | - (A) - (S) - (P) $11,907,664.76 (U) $11,907,664.76 (T) | - (A) - (S) - (P) $11,432,349.00 (U) $11,432,349.00 (T) |
| 11 | DEUTSCHE BANK AG, LONDON BRANCH TRANSFEROR: CVF LUX MASTER S.A.R.L. ATTN: JEFFREY OLINSKY 60 WALL ST., 3RD FLOOR NEW YORK, NY 10005 | 9001915 | 1/26/2009 | - (A) - (S) - (P) - (U) UNSPECIFIED* (T) | - (A) - (S) - (P) $21,822,117.00 (U) $21,822,117.00 (T) |
| 12 | HLTS FUND II LP TRANSFEROR: BARCLAYS BANK PLC C/O HALCYON ASSET MANAGEMENT LP ATTN: MATT SELTZER 477 MADISON AVENUE - 8TH FLOOR NEW YORK, NY 10022 | 5721 | 6/1/2009 | - (A) - (S) - (P) $8,089,533.07 (U) $8,089,533.07 (T) | - (A) - (S) - (P) $7,491,501.00 (U) $7,491,501.00 (T) |
| 13 | HSC/RSC/ESC ATTN: RICARDO SANCHEZ CABALLERO BOULEVARD DEL MIRADOR 290 PISO 5 OF 502 NORDELTA, TIGRE B1671N1F BS AS ARGENTINA | 9001472 | 1/21/2009 | - (A) - (S) - (P) - (U) UNSPECIFIED* (T) | - (A) - (S) - (P) $76,527.09 (U) $76,527.09 (T) |

(A) – ADMINISTRATIVE
(S) – SECURED
(P) – PRIORITY
(U) – UNSECURED
(T) – TOTAL CLAIMED

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero. To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 14 | MIZRAHI TEFAHOT BANK LTD.<br>IRENE GRUBER<br>7 JABOTINSKY ST.<br>RAMAT GAN, ISRAEL  52136<br>ISRAEL | 7002523 | 6/1/2009 | - (A)<br>- (S)<br>- (P)<br>$3,207,347.97 (U)<br>$3,207,347.97 (T) | - (A)<br>- (S)<br>- (P)<br>$1,884,493.00 (U)<br>$1,884,493.00 (T) |
| 15 | MORLEY, JAMES T. JR<br>54 HUNTINGTON RD<br>NEWTOWN, CT  06470-2615 | 1239 | 1/21/2009 | - (A)<br>- (S)<br>- (P)<br>$16,759.39 (U)<br>$16,759.39 (T) | - (A)<br>- (S)<br>- (P)<br>$12,483.00 (U)<br>$12,483.00 (T) |
| 16 | RANKING INTERNATIONAL LIMITED<br>ATTN: DANIEL RAJNERMAN<br>CORONEL DIAZ 2142 PISO 13 O<br>1425 BUENOS AIRES<br>ARGENTINA | 9000625 | 12/29/2008 | - (A)<br>- (S)<br>- (P)<br>- (U)<br>UNSPECIFIED* (T) | - (A)<br>- (S)<br>- (P)<br>$7,375.00 (U)<br>$7,375.00 (T) |
| 17 | SAMPO BANK PLC<br>ATTN: ANTTI KUOSMANEN<br>ARVOPAPERIPALVELUT<br>JOHDANNAISET PL 1023<br>SAMPO PANKKI, HELSINKI  00075<br>FINLAND | 3276 | 2/2/2009 | - (A)<br>- (S)<br>- (P)<br>$1,175,977.00 (U)<br>$1,175,977.00 (T) | - (A)<br>- (S)<br>- (P)<br>$931,483.64 (U)<br>$931,483.64 (T) |

> (A) – ADMINISTRATIVE
> (S) – SECURED
> (P) – PRIORITY
> (U) – UNSECURED
> (T) – TOTAL CLAIMED

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 18 | SC LOWY PRIMARY INVESTMENTS, LTD. TRANSFEROR: OVERSEA-CHINESE BANKING CORPORATION LIMITED C/O SC LOWY ASSET MANAGEMENT (HK) LTD. SUITE 1403, 14/F NINE QUEEN'S ROAD CENTRAL HONG KONG | 4614 | 5/20/2009 | - (A) - (S) - (P) $942,914.00 (U) $942,914.00 (T) | - (A) - (S) - (P) $275,679.00 (U) $275,679.00 (T) |
| 19 | ST GEORGE BANK LTD PAUL CASEY RISK MANAGEMENT AND COMPLIANCE LEVEL 2, 55 MARKET STREET SYDNEY NSW  2000 AUSTRALIA | 7000316 | 1/12/2009 | - (A) - (S) - (P) $225,417.20 (U) $225,417.20 (T) | - (A) - (S) - (P) $140,045.76 (U) $140,045.76 (T) |
| 20 | STEINBERG, LOUIS A. 14 DOUGLAS LANE NEW FAIRFIELD, CT  06812-3137 | 965 | 1/13/2009 | - (A) - (S) - (P) $39,541.61 (U) $39,541.61 (T) | - (A) - (S) - (P) $29,396.00 (U) $29,396.00 (T) |
| 21 | VRAC INVESTMENT LTD CREDIT SUISSE TRUST LTD BLEICHERWEG 33 ZURICH  8027 SWITZERLAND | 5293 | 5/28/2009 | - (A) - (S) - (P) - (U) UNSPECIFIED*(T) | - (A) - (S) - (P) $3,200.84 (U) $3,200.84 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE** |
| **(S) – SECURED** |
| **(P) – PRIORITY** |
| **(U) – UNSECURED** |
| **(T) – TOTAL CLAIMED** |

\*  Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

62993448_1

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (SCC) SIPA |
| | |
| Debtor. | |

**DECLARATION OF ROBERT SPRAGUE IN SUPPORT OF THE
TRUSTEE'S TWO HUNDRED EIGHTEENTH OMNIBUS OBJECTION
SEEKING TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN
REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION
AS UNSECURED GENERAL CREDITOR CLAIMS (FX CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Robert Sprague, hereby declare as follows:

1.      I am a Partner of Deloitte Financial Advisory Services LLP ("Deloitte FAS").

James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc.

("LBI"), has duly authorized me to make and submit this declaration (the "Declaration") in

support of the Trustee's two hundred eighteenth omnibus objection to general creditor claims

(the "Two Hundred Eighteenth Omnibus Objection  to General Creditor Claims").[1]

2.      The facts set forth in this Declaration are based upon certain proofs of claim (the

"Proofs of Claim"), any supplemental information received from claimants related to the Proofs

of Claim, certain information from the LBI general claims register as maintained by the

Trustee's claim agent, certain of the books and records of the LBI estate (the "Books and

Records"), and certain information from Bloomberg Finance L.P., the "Pricing Source" for

_____

1.   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

pricing foreign exchange forward contracts ("FX Contracts") and pricing of foreign currency

cash balances made available by the Trustee, analyzed by me or other personnel under my

supervision and direction.  If called and sworn as a witness, I could and would testify

competently to the matters set forth herein.

3.    In the context of my services for the Trustee, I am involved in assisting with the

Trustee's general creditor claim reconciliation process.  Accordingly, I and personnel under my

supervision and direction, have analyzed the Proofs of Claim, certain information from the LBI

general claims register as maintained by the Trustee's claims agent, the Books and Records, and

certain information available from the Pricing Source.

4.    I understand from Trustee's counsel that a participant entering into FX Contracts

with LBI generally would have had a master governing agreement in place, typically either an

International Swaps and Derivative Association Agreement ("ISDA") or an International Foreign

Exchange Master Agreement ("IFEMA"), collectively the "Agreements."  The Agreements

contain, among other items, FX Contract default provisions, FX Contract termination provisions,

and provide guidance on how to determine amounts owed by the defaulting party if an event of

default, as defined in the Agreements, occurs.  As it relates to the analysis of the Proofs of Claim,

I received instructions from counsel to the Trustee specific to the application of select provisions

of the Agreements, including but not limited to the FX Contract termination date. To the extent

Agreement provisions were not applicable to certain of the relevant claimants' FX Contracts

with LBI, counsel to the Trustee provided instructions including, but not limited to, the selection

of the FX Contract termination date.

5.    At the direction of the Trustee's counsel, for each claim listed on Exhibit A to the

Objection, we analyzed the Proof of Claim to assess the information provided for the FX

2

Contracts.  If claimant submitted Proof of Claim information that differed from the provisions contained in the Agreements, or if no Agreement provisions applied to the relevant FX Contracts, the Trustee's counsel provided us with guidance on analyzing the claim information submitted to the Trustee.

6.    Based on the analysis and information in paragraphs 3, 4, and 5 above, and at the direction of the Trustee's counsel regarding the methods to be used to calculate claims based on FX Contracts, including designation of the FX Contract termination date, I and personnel under my supervision and direction:

(a)    analyzed documents concerning the FX Contracts, included in the Proofs of Claim;

(b)    received instructions from the Trustee's counsel regarding the determination of the applicable FX Contracts termination date and termination close out rate(s);

(c)    analyzed the Books and Records to obtain information relating to certain trade details of the FX Contracts in the Proofs of Claim, including, but not limited to, the trade date, base currency and amount, exchanged currency and amount, the agreed upon exchange rate(s) under the FX Contract , collateral information; bank wire documentation, transfer records and

(d)    using the information contained in the Proofs of Claim and from the Books and Records, the guidance referenced in paragraph 5, and, at the direction of the Trustee's counsel with respect to application and use, the Pricing Source, then calculated the amount of the claim and compared it to the amount asserted in the Proof of Claim.

62993448_1

7.      For each claim shown on <u>Exhibit A</u> to the Two Hundred Eighteenth Omnibus

Objection to General Creditor Claims, in the column entitled "*Claim as Modified*" and the

amount denoted with the lettered symbol **(T)**,  I provided the amount calculated in paragraph

6(d) above to counsel to the Trustee.[2]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 14, 2014

By:    <u>/s/ Robert Sprague</u>
         Robert Sprague
         Partner, Deloitte Financial Advisory Services LLP

---

2.   To the extent the amount calculated in paragraph 6(d) above was less than or equal to zero, pursuant to
     instructions from Trustee's counsel, the amount denoted with the lettered symbol **(T)** in the column entitled
     "*Claim as Modified*" is zero.

62993448_1

**EXHIBIT C**

62993448_1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>　　　　　LEHMAN BROTHERS INC.,<br><br><br>　　　　　　　　　　　　　　　　　Debtor. | Case No. 08-01420 (SCC) SIPA |

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED EIGHTEENTH
OBJECTION SEEKING TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN
REDUCED AMOUNTS, AND WITH PROPER
CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS (FX CLAIMS)**

Upon the two hundred eighteenth omnibus objection to claims, dated March 14,

2014 (the "Two Hundred Eighteenth Omnibus Objection to General Creditor Claims"),[1] of

James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI")

under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.*

("SIPA"), seeking entry of an order, pursuant to sections 502(b) and 502(g)(2) of title 11 of the

United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to

SIPA §§ 78fff(b) and 78fff-1(a), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), allowing certain filed proofs of claim in reduced amounts on the basis

that the amounts listed on the proofs of claim either contradict the books and records of the LBI

estate and/or seek recovery of amounts for which LBI is not liable, as more fully described in the

Two Hundred Eighteenth Omnibus Objection to General Creditor Claims; and due and proper

notice of the Two Hundred Eighteenth Omnibus Objection to General Creditor Claims having

---

1.　Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

been provided, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Two Hundred Eighteenth Omnibus

Objection to General Creditor Claims is in the best interests of LBI, its estate, its customers and

creditors, and all parties in interest and that the legal and factual bases set forth in the Two

Hundred Eighteenth Omnibus Objection to General Creditor Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED** that the relief requested in the Two Hundred Eighteenth Omnibus

Objection to General Creditor Claims is granted; and it is further

      **ORDERED** that, pursuant to sections 502(b) and 502(g)(2) of the Bankruptcy

Code, the claims listed on Exhibit 1 (collectively, the "FX Claims") are reduced as set forth on

Exhibit 1 in the column entitled "*Claim as Modified*" and allowed to the extent of such amounts

and priorities; and it is further

      **ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and interpretation of this Order.

Dated:  New York, New York
       _____, 2014

                _____
                UNITED STATES BANKRUPTCY JUDGE

2

**EXHIBIT 1**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED EIGHTEENTH OMNIBUS OBJECTION: EXHIBIT 1 (FX CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | BANCA AKROS S.P.A.<br>ATTN: LUCA GANDOLFI - LEGAL AFFAIRS<br>DEPARTMENT<br>VIA EGINARDO, 29<br>MILAN  20149<br>ITALY | 5921 | 5/29/2009 | - (A)<br>- (S)<br>- (P)<br>$2,258,164.68 (U)<br>$2,258,164.68 (T) | - (A)<br>- (S)<br>- (P)<br>$2,245,207.00 (U)<br>$2,245,207.00 (T) |
| 2 | BANK OF MONTREAL<br>JAMES E. SPIOTTO<br>CHAPMAN AND CUTLER LLP<br>111 WEST MONROE STREET<br>CHICAGO, IL  60603-4080 | 5099 | 5/29/2009 | - (A)<br>- (S)<br>- (P)<br>$8,062,367.53 (U)<br>$8,062,367.53 (T) | - (A)<br>- (S)<br>- (P)<br>$8,046,690.00 (U)<br>$8,046,690.00 (T) |
| 3 | BAYERISCHE LANDESBANK<br>F/K/A BAYERISCHE LANDESBANK GIROZENTRALE<br>RISK OFFICE / CREDIT-CONSULT, BRIENNERSTR. 18<br>ATTN: HAROLD GLOCKL<br>MUNCHEN  D-80333<br>GERMANY | 4849 | 5/28/2009 | - (A)<br>- (S)<br>- (P)<br>$3,641,103.46 (U)<br>$3,641,103.46 (T) | - (A)<br>- (S)<br>- (P)<br>$3,513,672.73 (U)<br>$3,513,672.73 (T) |

| |
|---|
| (A) – ADMINISTRATIVE |
| (S) – SECURED |
| (P) – PRIORITY |
| (U) – UNSECURED |
| (T) – TOTAL CLAIMED |

\*  Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 4 | BEAFORD INVESTMENTS LIMITED<br>ATTN: ANGELA WATSON<br>J.P. MORGAN TRUST COMPANY (BAHAMAS) LIMITED<br>BAHAMAS FINANCIAL CENTER, 2ND FLOOR<br>SHIRLEY & CHARLOTTE STREETS<br>PO BOX N-4899<br>NASSAU<br>BAHAMAS | 6083 | 7/23/2009 | - (A)<br>- (S)<br>- (P)<br>$9,578,839.00 (U)<br>$9,578,839.00 (T) | - (A)<br>- (S)<br>- (P)<br>$3,474,757.77 (U)<br>$3,474,757.77 (T) |
| 5 | BSI SA<br>VIA MAGATTI N.2<br>MATTEO ZAPPAROLI<br>ATTN: PRODUCT COMPLIANCE<br>LUGANO  CH-6900<br>SWITZERLAND | 5185 | 5/29/2009 | - (A)<br>- (S)<br>- (P)<br>$746,117.60 (U)<br>$746,117.60 (T) | - (A)<br>- (S)<br>- (P)<br>$698,009.25 (U)<br>$698,009.25 (T) |
| 6 | COMERICA BANK<br>COLIN T. DARKE, ESQ.<br>BODMAN LLP<br>1901 ST. ANTOINE STREET<br>DETROIT, MI  48226 | 4319 | 4/13/2009 | - (A)<br>- (S)<br>- (P)<br>$1,230,841.12 (U)<br>$1,230,841.12 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00 (U)<br>$0.00** (T) |

(A) – ADMINISTRATIVE
(S) – SECURED
(P) – PRIORITY
(U) – UNSECURED
(T) – TOTAL CLAIMED

\*  Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 7 | CORNER BANCA SA<br>ATTN: STEFANO CEI/LORIS STUCKI<br>VIA CANOVA 16 CP 5894<br>LUGANO  6901<br>SWITZERLAND | 9008159 | 9/25/2008 | - (A)<br>- (S)<br>- (P)<br>- (U)<br>UNSPECIFIED* (T) | - (A)<br>- (S)<br>- (P)<br>$18,870.00 (U)<br>$18,870.00 (T) |
| 8 | CVI GVF (LUX) MASTER S.A.R.L.<br>TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH (UK)<br>C/O CARVAL INVESTORS UK LIMITED<br>ATTN: DAVID SHORT<br>KNOWLE HILL PARK, FAIRMILE LANE, COBHAM<br>SURREY  KT11 2PD<br>UNITED KINGDOM | 4699 | 5/22/2009 | - (A)<br>- (S)<br>- (P)<br>$764,348.00 (U)<br>$764,348.00 (T) | - (A)<br>- (S)<br>- (P)<br>$712,999.00 (U)<br>$712,999.00 (T) |
| 9 | CVI GVF (LUX) MASTER S.A.R.L.<br>TRANSFEROR: GOLDMAN SACHS LENDING PARTNERS LLC<br>C/O CARVAL INVESTORS UK LIMITED<br>KNOWLE HILL PARK, FAIRMILE LANE, COBHAM<br>SURREY  KT11 2PD<br>UNITED KINGDOM | 4912 | 5/28/2009 | - (A)<br>- (S)<br>- (P)<br>$5,417,003.17 (U)<br>$5,417,003.17 (T) | - (A)<br>- (S)<br>- (P)<br>$4,380,292.00 (U)<br>$4,380,292.00 (T) |

> **(A) – ADMINISTRATIVE**
> **(S) – SECURED**
> **(P) – PRIORITY**
> **(U) – UNSECURED**
> **(T) – TOTAL CLAIMED**

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

62993448_1

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 10 | DEUTSCHE BANK AG, LONDON BRANCH (UK) TRANSFEROR: ERSTE GROUP BANK AG C/O DEUTSCHE BANK SECURITIES INC. ATTN: MATT WEINSTEIN 60 WALL STREET, 3RD FLOOR NEW YORK, NY  10005 | 2159 | 1/27/2009 | - (A) - (S) - (P) $11,907,664.76 (U) $11,907,664.76 (T) | - (A) - (S) - (P) $11,432,349.00 (U) $11,432,349.00 (T) |
| 11 | DEUTSCHE BANK AG, LONDON BRANCH TRANSFEROR: CVF LUX MASTER S.A.R.L. ATTN: JEFFREY OLINSKY 60 WALL ST., 3RD FLOOR NEW YORK, NY  10005 | 9001915 | 1/26/2009 | - (A) - (S) - (P) - (U) UNSPECIFIED* (T) | - (A) - (S) - (P) $21,822,117.00 (U) $21,822,117.00 (T) |
| 12 | HLTS FUND II LP TRANSFEROR: BARCLAYS BANK PLC C/O HALCYON ASSET MANAGEMENT LP ATTN: MATT SELTZER 477 MADISON AVENUE - 8TH FLOOR NEW YORK, NY  10022 | 5721 | 6/1/2009 | - (A) - (S) - (P) $8,089,533.07 (U) $8,089,533.07 (T) | - (A) - (S) - (P) $7,491,501.00 (U) $7,491,501.00 (T) |
| 13 | HSC/RSC/ESC ATTN: RICARDO SANCHEZ CABALLERO BOULEVARD DEL MIRADOR 290 PISO 5 OF 502 NORDELTA, TIGRE B1671N1F BS AS ARGENTINA | 9001472 | 1/21/2009 | - (A) - (S) - (P) - (U) UNSPECIFIED* (T) | - (A) - (S) - (P) $76,527.09 (U) $76,527.09 (T) |

(A) – ADMINISTRATIVE
(S) – SECURED
(P) – PRIORITY
(U) – UNSECURED
(T) – TOTAL CLAIMED

\*  Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

62993448_1

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 14 | MIZRAHI TEFAHOT BANK LTD. IRENE GRUBER 7 JABOTINSKY ST. RAMAT GAN, ISRAEL  52136 ISRAEL | 7002523 | 6/1/2009 | - (A) - (S) - (P) $3,207,347.97 (U) $3,207,347.97 (T) | - (A) - (S) - (P) $1,884,493.00 (U) $1,884,493.00 (T) |
| 15 | MORLEY, JAMES T. JR 54 HUNTINGTON RD NEWTOWN, CT  06470-2615 | 1239 | 1/21/2009 | - (A) - (S) - (P) $16,759.39 (U) $16,759.39 (T) | - (A) - (S) - (P) $12,483.00 (U) $12,483.00 (T) |
| 16 | RANKING INTERNATIONAL LIMITED ATTN: DANIEL RAJNERMAN CORONEL DIAZ 2142 PISO 13 O 1425 BUENOS AIRES ARGENTINA | 9000625 | 12/29/2008 | - (A) - (S) - (P) - (U) UNSPECIFIED* (T) | - (A) - (S) - (P) $7,375.00 (U) $7,375.00 (T) |
| 17 | SAMPO BANK PLC ATTN: ANTTI KUOSMANEN ARVOPAPERIPALVELUT JOHDANNAISET PL 1023 SAMPO PANKKI, HELSINKI  00075 FINLAND | 3276 | 2/2/2009 | - (A) - (S) - (P) $1,175,977.00 (U) $1,175,977.00 (T) | - (A) - (S) - (P) $931,483.64 (U) $931,483.64 (T) |

(A) – ADMINISTRATIVE
(S) – SECURED
(P) – PRIORITY
(U) – UNSECURED
(T) – TOTAL CLAIMED

*  Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

** Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 18 | SC LOWY PRIMARY INVESTMENTS, LTD. TRANSFEROR: OVERSEA-CHINESE BANKING CORPORATION LIMITED C/O SC LOWY ASSET MANAGEMENT (HK) LTD. SUITE 1403, 14/F NINE QUEEN'S ROAD CENTRAL HONG KONG | 4614 | 5/20/2009 | - (A) - (S) - (P) $942,914.00 (U) $942,914.00 (T) | - (A) - (S) - (P) $275,679.00 (U) $275,679.00 (T) |
| 19 | ST GEORGE BANK LTD PAUL CASEY RISK MANAGEMENT AND COMPLIANCE LEVEL 2, 55 MARKET STREET SYDNEY NSW  2000 AUSTRALIA | 7000316 | 1/12/2009 | - (A) - (S) - (P) $225,417.20 (U) $225,417.20 (T) | - (A) - (S) - (P) $140,045.76 (U) $140,045.76 (T) |
| 20 | STEINBERG, LOUIS A. 14 DOUGLAS LANE NEW FAIRFIELD, CT  06812-3137 | 965 | 1/13/2009 | - (A) - (S) - (P) $39,541.61 (U) $39,541.61 (T) | - (A) - (S) - (P) $29,396.00 (U) $29,396.00 (T) |
| 21 | VRAC INVESTMENT LTD CREDIT SUISSE TRUST LTD BLEICHERWEG 33 ZURICH  8027 SWITZERLAND | 5293 | 5/28/2009 | - (A) - (S) - (P) - (U) UNSPECIFIED*(T) | - (A) - (S) - (P) $3,200.84 (U) $3,200.84 (T) |

> (A) – ADMINISTRATIVE
> (S) – SECURED
> (P) – PRIORITY
> (U) – UNSECURED
> (T) – TOTAL CLAIMED

\*  Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.