> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED NINETEENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, KAMANTA C. KETTLE, ESQ., AT (212) 837-6306.**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re <br><br>       LEHMAN BROTHERS INC., <br><br>                              Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S**
**TWO HUNDRED NINETEENTH OMNIBUS OBJECTION TO**
**GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

      **PLEASE TAKE NOTICE** that on March 14, 2014, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred nineteenth

omnibus objection to general creditor claims (the "Two Hundred Nineteenth Omnibus Objection

to General Creditor Claims"), and that a hearing to consider the Trustee's Two Hundred

Nineteenth Omnibus Objection to General Creditor Claims will be held before the Honorable

Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court,

Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New

York 10004 (the "Bankruptcy Court"), on **April 24, 2014 at 10:00 a.m. (Prevailing Eastern

Time)** (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system and, by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **April 4, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq.

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Trustee's Two Hundred Nineteenth Omnibus Objection to General Creditor

Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Trustee's Two Hundred Nineteenth Omnibus Objection to General Creditor Claims, which

may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
        March 14, 2014

                                    HUGHES HUBBARD & REED LLP


                                    By: /s/ James B. Kobak, Jr.
                                    James B. Kobak, Jr.
                                    Christopher K. Kiplok
                                    Meaghan C. Gragg
                                    Kamanta C. Kettle
                                    One Battery Park Plaza
                                    New York, New York 10004
                                    Telephone:  (212) 837-6000
                                    Facsimile:  (212) 422-4726
                                    Email:  kobak@hugheshubbard.com


                                    Attorneys for James W. Giddens,
                                    Trustee for the SIPA Liquidation of
                                    Lehman Brothers Inc.

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No.  08-01420 (SCC) SIPA |

**THE TRUSTEE'S TWO HUNDRED NINETEENTH OMNIBUS OBJECTION**
**TO GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED**
**PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED NINETEENTH**
**OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE**
**OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE**
**LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED**
**THERETO TO DETERMINE WHETHER THIS OBJECTION**
**AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL,**
**KAMANTA C. KETTLE, ESQ., AT (212) 837-6306.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. ( "LBI") under the Securities Investor Protection Act of 1970, as amended,

15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[1] by and through his undersigned counsel, respectfully

represents as follows:

### **RELIEF REQUESTED**

1.      The Trustee files this two hundred nineteenth omnibus objection to general

creditor claims (the "Two Hundred Nineteenth Omnibus Objection to General Creditor Claims")

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as

made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed

in this SIPA proceeding (the "General Creditor Claim Objection Procedures Order," ECF No.

5441), seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto

(collectively, the "Insufficient Documentation Claims").  The Trustee's proposed order (the

"Proposed Order") is annexed hereto as Exhibit B.

2.      The Trustee and his professionals have examined the Insufficient Documentation

Claims and have determined that, in each case, the Insufficient Documentation Claims fail to

comply with the instructions included with the official proof of claim form (the "Claim Form")

and Bankruptcy Rule 3001(c), as they were submitted without sufficient supporting

---

1.   For convenience, subsequent references to SIPA will omit "15 U.S.C."

documentation to determine the validity of such claims.[2]  The Trustee's counsel requested that the holders of such claims (each, a "Claimant" and collectively, the "Claimants") provide necessary additional information and warned that a failure to provide additional information likely would result in an objection to the Insufficient Documentation Claims.  The Claimants have failed to provide the Trustee with the necessary additional information.  The Insufficient Documentation Claims do not constitute valid *prima facie* claims, and the Trustee requests that they be disallowed and expunged in their entirety.

3.      The Trustee reserves all rights to object on any other basis to any Insufficient Documentation Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

4.      Following removal to this Court for all purposes as required for SIPA cases by SIPA section 78eee(b)(4), this Court has "all of the jurisdiction, powers, and duties conferred by [SIPA] upon the court to which application for the issuance of the protective decree was made." 15 U.S.C. § 78eee(b)(4).

5.      Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C. section 78aa.

---

2.    The Trustee notes the following exception to the Insufficient Documentation Claims listed on Exhibit A of the Motion:  the Court previously granted an order on Decmeber 3, 2013 (the "December 3, 2013 Order", ECF No. 7849) with respect to claim 5615 filed by the Bank of New York Mellon, as Indenture Trustee, which did not affect that unspecified portion of the claim asserted by the Claimant for Fees and Costs, as defined in the Order. However, the unspecified asserted claim for Fees and Costs was not supported by sufficient documentation and the Trustee's professionals have not received sufficient documentation in support of the claim as of the date of this Objection.  The Trustee asks that claim 5615 be disallowed *only* with respect to that portion of the claim for Fees and Costs, and that the remainder of the claim remain subject to the December 3, 2013 Order.

## BACKGROUND

6.      On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch,

United States District Court, Southern District of New York, entered the Order Commencing

Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of

SIPA in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case

No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for

the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA and (ii) removed

the case to this Court for all purposes as required for SIPA cases by SIPA section 78eee(b)(4), in

the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA

Proceeding").

7.      On November 7, 2008, the Court entered the Order Approving Form and Manner

of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for

Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other

Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No.

241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee

mailed more than 905,000 claims packages with filing information to former LBI customers and

other potential claimants (the "Claims Process Notice") and posted claims filing information on

the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The

Trustee also published notice of the claims process in *The New York Times*, *The Wall Street

Journal*, and *The Financial Times*.

8.      Pursuant to SIPA section 78fff-2(a)(3) and the Customer Claims Process Order,

customer claims seeking maximum protection under SIPA must have been received by the

Trustee on or before January 30, 2009.  All customer claims and general creditor claims must

have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed

unless received by the Trustee on or before June 1, 2009 (the "Pre-Filing Date Bar Date").    In

addition to the Pre-Filing Date Bar Date, on September 19, 2013, the Bankruptcy Court entered

an order (the "Administrative Bar Date Order") that established October 31, 2013 (the

"Administrative Bar Date") as the deadline  to file a proof of claim for certain administrative

expense claims against the LBI estate,  as further described in the Administrative Bar Date

Order, with respect to such administrative expenses arising between September 19, 2008 and

August 31, 2013.  The Administrative Bar Date has now passed.

9.    The Bankruptcy Rules' Official Form 10 (the "Claim Form"), the standardized

proof of claim form which was approved for use in this case in the Claims Process Order,

requires general creditor claimants to "[a]ttach redacted copies of any documents that support the

claim." (Claim Form at 1.)  Furthermore, instructions included with the Claim Form under the

heading "Items to be completed in Proof of Claim form" required creditors to "attach to [the]

proof of claim form redacted copies documenting the existence of the debt and of any lien

securing the debt." (*Id.* at 2.)  The Claim Form also instructed claimants to explain the absence

of documentation "[i]f the documents are not available." (*Id.* at 1.)  The Trustee's website

allowed claimants filing electronically to upload documents as part of their claim submission and

thereby comply with the instructions to include supporting documentation set forth in the Claim

Form.  The Claims Process Order also put claimants on notice that they should submit supporting

documentation with their claims.

10.    On November 15, 2012, the Court entered the General Creditor Procedures Order,

which authorizes the Trustee, among other things, to file omnibus objections to no more than 200

claims at a time, on various grounds including those set forth in Bankruptcy Rule 3007(d) and,

additionally, on the ground that the claims "do not include sufficient documentation to ascertain

the validity of the Claim." (General Creditor Objection Procedures Order at 2.)

## THE INSUFFICIENT DOCUMENTATION GENERAL CREDITOR
## CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

11.     In reviewing the claims filed on the general creditor claims register in this case

and maintained by the Trustee's claims agent, the Trustee's professionals have identified the

claims on Exhibit A as claims that should be disallowed and expunged on the basis that they do

not include sufficient information for the Trustee to evaluate the merits and validity of such

claims.

12.     The Trustee's counsel contacted each of the Claimants listed on Exhibit A to

request information and/or documentation in support of their claims, and provided each Claimant

a period of at least fourteen calendar days (the "Response Period") to provide such information

and/or documentation.  The Trustee's counsel contacted the Claimants by mail, electronic mail,

or telephone, or a combination thereof.  The Claimants did not provide the requested or sufficient

additional information and/or documentation within the requested time frame, and have not

provided additional or sufficient information and/or documentation in support of their claims to

date.  None of the Claimants has requested an extension of the Response Period to provide the

Trustee additional information or supporting documentation. The Insufficient Documentation

Claims do not constitute valid *prima facie* claims.

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim.  *In re Oneida Ltd.*,

400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co. v. Oneida Ltd.*,

No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns*

*Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.    Bankruptcy Rule 3001(c) requires that "[w]hen a claim, or interest in property of

the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with

the proof of claim."  Fed. R. Bankr. P. 3001(c).  Claims filed in accordance with the rules "shall

constitute *prima facie* evidence of the validity and amount of the claim."  Fed. R. Bankr. P.

3001(f); *see In re Oneida Ltd.*, 400 B.R. at 389; *see also In re MF Global Holdings Ltd.*, Case

No. 11-15059 (MG), 2012 WL 5499847 (Bankr. S.D.N.Y. Nov. 13, 2012).  If a claim fails to

comply with the requirements of Bankruptcy Rule 3001, it is not entitled to *prima facie* validity.

*Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir.

BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (holding that since the claimants failed to comply

with Rule 3001(c), their claim could not constitute *prima facie* evidence of validity under Rule

3001(f)).  Further, this Court and others in the Second Circuit have held that "claims can be

disallowed for failure to support the claim with sufficient evidence . . . because absent adequate

documentation, the proof of claim is not sufficient for the objector to concede the validity of a

claim."  *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010); *accord In re Porter*, 374

B.R. 471, 479-80 (Bankr. D. Conn. 2007).

15.    Without additional information regarding the Insufficient Documentation Claims,

the Trustee is unable to evaluate their merits and validity.  The Insufficient Documentation

Claims lack information necessary to determine the validity of the claims and the Claimants have

failed to provide sufficient information or documentation upon request by the Trustee's counsel.

The Insufficient Documentation Claims do not constitute valid *prima facie* claims.  Therefore,

the Trustee requests that the Court disallow and expunge the Insufficient Documentation Claims

listed on <u>Exhibit A</u> in their entirety.

## <u>RESERVATION OF RIGHTS</u>

16.    The Trustee reserves all rights to object on any other basis to any Insufficient

Documentation Claim or any portion of any Insufficient Documentation Claim for which the

Court does not grant the relief requested herein.

## <u>NOTICE</u>

17.    Notice of this Two Hundred Nineteenth Omnibus Objection to General Creditor

Claims has been provided to (i) each claimant listed on <u>Exhibit A</u> via first-class mail; and (ii) the

list of parties requesting notice of pleadings in accordance with the Court's Amended Order

Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007

Implementing Certain Notice and Case Management Procedures and Related Relief entered by

the Court on July 13, 2010, ECF No. 3466, and will be immediately available for inspection

upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee

submits that no other or further notice need be provided.

## <u>NO PRIOR RELIEF REQUESTED</u>

18.    No previous request for the relief requested herein has been made by the Trustee

to this or any other Court.

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:   New York, New York
         March 14, 2014

                                   HUGHES HUBBARD & REED LLP

                                   /s/ James B. Kobak, Jr.
                                   James B. Kobak, Jr.
                                   Christopher K. Kiplok
                                   Meaghan C. Gragg
                                   Kamanta C. Kettle
                                   One Battery Park Plaza
                                   New York, New York 10004
                                   Telephone:  (212) 837-6000
                                   Facsimile:  (212) 422-4726
                                   Email:  kobak@hugheshubbard.com


                                   Attorneys for James W. Giddens,
                                   Trustee for the SIPA Liquidation of
                                   Lehman Brothers Inc.

**EXHIBIT A**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED NINETEENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS:
EXHIBIT A -INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | AMALGAMATED BANK OF CHICAGO, AS TRUSTEE CHRISTINE LINDE ONE WEST MONROE STREET CHICAGO, IL  60603 | 4932 | 5/29/2009 | $5,048,461.64 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 2 | AMF/U.S. GOVERNMENT MORTGAGE SECURITIES #[REDACTED] ATTN: JUDI BELL 3435 STELZER ROAD SUITE 1000 COLUMBUS, OH  43219 | 2396 | 1/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 3 | BROWN BROTHERS HARRIMAN & CO THOMAS ANDREW 40 WATER STREET BOSTON, MA  02109 | 8002961 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 4 | DWS BALANCED VIP FUND BRAD SCHAFER VICE PRESIDENT DEUTSCHE ASSET MANAGEMENT - SECURITIES LENDING NEW YORK, NY  10154-0010 | 8003286 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 5 | LINFORD, ANDREW FLAT 44 SALAMANCA SQUARE 9 ALBERT ENBANKMENT LONDON  SE17HD UNITED KINGDOM | 9005477 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | MARSHALL, CONSTANCE F PRIVATE EQUITY ACCOUNT 6 SHELDRAKE ROAD GREENWICH, CT  06830 | 8003354 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 7 | METROPOLITAN LIFE INSURANCE COMPANY THOMAS PASUIT, ESQ. 10 PARK AVENUE MORRISTOWN, NJ  07962 | 8002411 | 1/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 8 | RUIZ-HEALY, KATHLEEN CASEY IRA CUSTODIAN ABANDONED PROP VS [REDACTED] 6848 HYDE PARK DRIVE UNIT G SAN DIEGO, CA  92119-2292 | 520 | 12/29/2008 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 9 | THE BANK OF NEW YORK MELLON, AS TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY, 8W NEW YORK, NY  10286 | 5615[1] | 6/1/2009 | $201,949,500.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 10 | USAA/CIC/CASUALTY INSURANCE CO ATTN: USAA INV MGMT CO 9800 FREDERICKSBURG ROAD 10750 MCDERMOTT FREEWAY SAN ANTONIO, TX  78288-0002 | 8003128 | 1/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| | Total | | | $206,997,961.64 | |

---

1.  Claim 5615 is currently subject to this Court's Order Regarding the Proof of Claim of the Bank of New York Mellon, as Indenture Trustee for Certain Subordinated Notes of Lehman Brothers Inc. (ECF No. 7849), except as to that unspecified portion of the Claim which is for Fees and Costs, as defined in the Order.  The Trustee's Two Hundred Nineteenth Omnibus Objection to General Creditor Claims relates only to that portion of claim 5615 for Fees and Costs, and does not affect any other portion of that claim.

62993209_1

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (SCC) SIPA

### [PROPOSED] ORDER GRANTING THE TRUSTEE'S
### TWO HUNDRED NINETEENTH OMNIBUS OBJECTION
### TO GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the two hundred nineteenth omnibus objection to claims, dated March 14,

2014 (the "Two Hundred Nineteenth Omnibus Objection to General Creditor Claims"),[1] of James

W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor"

or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections

78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), disallowing and expunging the Insufficient Documentation Claims, as

more fully described in the Two Hundred Nineteenth Omnibus Objection to General Creditor

Claims; and due and proper notice of the Two Hundred Nineteenth Omnibus Objection to

General Creditor Claims having been provided, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the Two

Hundred Nineteenth Omnibus Objection to General Creditor Claims is in the best interests of

---

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Two Hundred
   Nineteenth Omnibus Objection to General Creditor Claims.

LBI, its estate, its customers and creditors, and all parties in interest and that the legal and factual

bases set forth in the Two Hundred Nineteenth Omnibus Objection to General Creditor Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

   **ORDERED** that the relief requested in the Two Hundred Nineteenth Omnibus

Objection to General Creditor Claims is granted; and it is further

   **ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> are disallowed and expunged in their entirety with prejudice; and it is further

   **ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
   _____ __, 2014

        _____
        HONORABLE SHELLEY C. CHAPMAN,
        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

# IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

## TWO HUNDRED NINETEENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS:

### EXHIBIT 1 - INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | AMALGAMATED BANK OF CHICAGO, AS TRUSTEE CHRISTINE LINDE ONE WEST MONROE STREET CHICAGO, IL 60603 | 4932 | 5/29/2009 | $5,048,461.64 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 2 | AMF/U.S. GOVERNMENT MORTGAGE SECURITIES #[REDACTED] ATTN: JUDI BELL 3435 STELZER ROAD SUITE 1000 COLUMBUS, OH 43219 | 2396 | 1/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 3 | BROWN BROTHERS HARRIMAN & CO THOMAS ANDREW 40 WATER STREET BOSTON, MA 02109 | 8002961 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 4 | DWS BALANCED VIP FUND BRAD SCHAFER VICE PRESIDENT DEUTSCHE ASSET MANAGEMENT - SECURITIES LENDING NEW YORK, NY 10154-0010 | 8003286 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 5 | LINFORD, ANDREW FLAT 44 SALAMANCA SQUARE 9 ALBERT ENBANKMENT LONDON SE17HD UNITED KINGDOM | 9005477 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined," or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

62993209_1

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | MARSHALL, CONSTANCE F PRIVATE EQUITY ACCOUNT 6 SHELDRAKE ROAD GREENWICH, CT  06830 | 8003354 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 7 | METROPOLITAN LIFE INSURANCE COMPANY THOMAS PASUIT, ESQ. 10 PARK AVENUE MORRISTOWN, NJ  07962 | 8002411 | 1/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 8 | RUIZ-HEALY, KATHLEEN CASEY IRA CUSTODIAN ABANDONED PROP VS [REDACTED] 6848 HYDE PARK DRIVE UNIT G SAN DIEGO, CA  92119-2292 | 520 | 12/29/2008 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 9 | THE BANK OF NEW YORK MELLON, AS TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY, 8W NEW YORK, NY  10286 | 5615[1] | 6/1/2009 | $201,949,500.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 10 | USAA/CIC/CASUALTY INSURANCE CO ATTN: USAA INV MGNT CO 9800 FREDERICKSBURG ROAD 10750 MCDERMOTT FREEWAY SAN ANTONIO, TX  78288-0002 | 8003128 | 1/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |

1. Claim 5615 is currently subject to this Court's Order Regarding the Proof of Claim of the Bank of New York Mellon, as Indenture Trustee for Certain Subordinated Notes of Lehman Brothers Inc. (ECF No. 7849), except as to that unspecified portion of the Claim which is for Fees and Costs, as defined in the Order.  The Trustee's Two Hundred Nineteenth Omnibus Objection to General Creditor Claims relates only to that portion of claim 5615 for Fees and  Costs, and does not affect any other portion of that claim.

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

62993209_1

| NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| Total | | | $206,997,961.64 | |

_____
\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

62993209_1