Kenneth E. Lee
LEVINE LEE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425

*Special Counsel for James W. Giddens,*
*Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>        LEHMAN BROTHERS INC.,<br><br>                                    Debtor. | Case No. 08-01420 (SCC) SIPA |

## SUMMARY SHEET

| | |
|---|---|
| **Name and Role of Applicant:** | Levine Lee LLP<br>Special Counsel to the Trustee |
| **Compensation Period:** | November 1, 2013 through February 28, 2014 |
| **Fees Incurred for Counsel:** | $257,166.50 |
| **Blended Hourly Rate for Fees Incurred during the Compensation Period:** | $639.24 |
| **Prior Fees Approved by the Court on Interim Basis:** | $3,755,932.00 |

Kenneth E. Lee
LEVINE LEE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425

*Special Counsel for James W. Giddens,*
*Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,                              Case No. 08-01420 (SCC) SIPA

Debtor.

**ELEVENTH APPLICATION OF LEVINE LEE LLP FOR**
**ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES**
**RENDERED FROM NOVEMBER 1, 2013 THROUGH FEBRUARY 28, 2014**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Levine Lee LLP ("Levine Lee"), as special counsel to James W. Giddens (the

"Trustee") as Trustee for the liquidation of Lehman Brothers Inc. ("Debtor" or "LBI"), for its

eleventh application (the "Application") for an order pursuant to section 78eee(b)(5) of the

Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of

the Bankruptcy Code, and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), allowing and awarding interim compensation for services performed by

---

1. References hereinafter to provisions of SIPA shall omit "15 U.S.C."

Levine Lee for the period commencing November 1, 2013, through and including February 28, 2014 (the "Compensation Period"), respectfully represents:

## BACKGROUND

1. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).

2. The LBI Liquidation Order appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA and removed this case to this Court pursuant to section 78eee(b)(4) of SIPA.

3. On June 2, 2011, the Court entered the Order Authorizing the Trustee to Retain and Employ Levine Lee as Special Counsel, Nunc Pro Tunc to August 1, 2011 (ECF No. 4316) finding that Levine Lee is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).[2]

4. On June 20, 2013, the Court entered the Fifth Amended Order Pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Hughes Hubbard & Reed LLP (the "Fifth Amended

---

2. On June 2, 2011, Levine Lee filed the Declaration of Kenneth E. Lee in Support of the Application of the Trustee to Retain and Employ Levine Lee LLP as Special Counsel, Nunc Pro Tunc to May 1, 2011 (ECF No. 4268).

Administrative Fee Order," ECF No. 6569).  The Fifth Amended Administrative Fee Order

provided that special counsel to the Trustee shall not serve monthly statements, but file interim

or final applications (as the case may be) for Court approval for allowance and payment of the

compensation and reimbursement of expenses and that the Trustee shall promptly pay one

hundred percent (100%) of all fees and expenses approved by the Court in connection with such

applications.

5.    In accordance with all applicable orders and guidelines described herein,

Levine Lee has filed eight applications for allowance of interim compensation in prior

Compensation Periods (the "Prior Interim Applications").  The following chart identifies the

Prior Interim Applications and the orders entered with respect to such applications:

| APPLICATION | ORDER | | INTERIM FEES APPROVED |
| --- | --- | --- | --- |
| First Interim Application | September 13, 2011 | ECF No. 4512 | $371,616.50 |
| Second Interim Application | December 22, 2011 | ECF No. 4818 | $359,662.50 |
| Third Interim Application | March 28, 2012 | ECF No. 4966 | $326,749.00 |
| Fourth Interim Application | July 17, 2012 | ECF No. 5158 | $375,470.00 |
| Fifth Interim Application | October 11, 2012 | ECF No. 5376 | $512,988.50 |
| Sixth Interim Application | December 12, 2012 | ECF No. 5542[3] | $593,798.00 |
| Seventh Interim Application | March 25, 2013 | ECF No. 5892[4] | $366,188.50 |

---

[3] This order also approved interim requested expenses of $1,620.71.

[4] This order also approved interim requested expenses of $879.43.

| APPLICATION | ORDER | | INTERIM FEES APPROVED |
|---|---|---|---|
| Eighth Interim Application | June 19, 2013 | ECF No. 6565[5] | $485,166.50 |
| Ninth Interim Application | October 1, 2013 | ECF No. 7369 | $279,363.00 |
| Tenth Interim Application | December 19, 2013 | ECF No. 7938 | $84, 929.50 |

## COMPENSATION REQUESTED

6.      As further described in the Declaration of Kenneth E. Lee (attached hereto as Exhibit A), Levine Lee expended 402.3 hours in the rendition of professional services on behalf of the Trustee during the Compensation Period, resulting in a blended hourly rate of $639.24 for fees incurred.  A schedule of the hours, rates and fees for services rendered during the Compensation Period is attached hereto as Exhibit B.  Such fees reflect a "public interest discount" that Levine Lee has agreed to at the request of the Securities Investor Protection Corporation ("SIPC").

7.      Exhibit C attached hereto is a summary by project categories of services performed by Levine Lee.

8.      To the extent that time for services rendered relate to the Compensation Period, but were not classified or processed prior to the preparation of this Application, Levine Lee reserves the right to request additional compensation for such services in a future application.

## SUMMARY OF SERVICES

9.      The Trustee, with the consent of SIPC,  retained Levine Lee as special counsel concerning claims asserted by and against Lehman Brothers Holdings Inc. and certain of

---

[5] This order also approved interim requested expenses of $745.22.

its subsidiaries (collectively, "LBHI") and other matters given Mr. Lee's institutional knowledge

as counsel to the Trustee while a partner at Hughes Hubbard & Reed LLP ("HHR").  During the

Compensation Period, Levine Lee provided the Trustee valuable support and counsel regarding

of certain outstanding matters arising from the LBHI settlement agreement.  These efforts

included obtaining the withdrawal of certain claims against LBI that are duplicative of the

allowed LBHI customer claim and planning for a potential motion to expunge such unresolved

claims.  Levine Lee also regularly responded to inquiries from LBHI concerning the LBI Estate

Protocol regarding the administration of the LBI general estate (see ECF No.5786).  Overall,

Levine Lee incurred fees of $198,457.00 (285 hours) on these matters during the Compensation

Period.

10.       During the Compensation Period, Levine Lee, in consultation with the

Trustee's financial advisors, also engaged in a reconciliation and evaluation of certain general

creditor claims arising from complex financial products.  Overall, Levine Lee incurred fees of

$58,709.50 (117.30 hours) on these matters during the Compensation Period.

## LEVINE LEE'S REQUEST FOR
## INTERIM COMPENSATION SHOULD BE GRANTED

11.       Levine Lee may submit applications to the Court for compensation for

services rendered and reimbursement for expenses during the course of the liquidation, which

may be done on an interim basis.  SIPA §§ 78eee(b)(5)(A)-(B).  Whenever an application for

compensation and reimbursement of expenses is filed, SIPC shall file its recommendation with

respect to such fees and expenses with the Court prior to the hearing on such application.  *Id*. at

§ 78eee(b)(5)(C).  The Court "shall place considerable reliance on the recommendation of SIPC"

as to the allowances requested in such applications, and to the extent that such allowances are to

be paid by SIPC, without reasonable expectation of recoupment, the Court shall award the

amounts recommended by SIPC. *Id.*; *see e.g.*, *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 274 n.21 (1992) (recognizing that "SIPC's recommendation to court on trustee's compensation is entitled to 'considerable reliance' and is, under certain circumstances, binding"); *In re Madoff*, No. 08-1789, 2010 U.S. Dist. LEXIS 81492, at *15 (Bankr. S.D.N.Y. Aug. 6, 2010) ("There are no grounds for differing opinions [as to whether the bankruptcy court is required to approve fee applications that SIPC recommends be approved] because [the issue] is directly addressed by SIPA—the court shall . . . place considerable reliance on the recommendation of SIPC.") (internal quotation omitted); *In re Donald Sheldon & Co.*, 153 B.R. 661, 668 (Bankr. S.D.N.Y. 1993) (SIPA requires that the court "place considerable reliance on the recommendation of SIPC in ruling on [the Trustee's] application [for fees]").

12.     At this time, the Trustee anticipates that there will be sufficient funds available from the general estate to satisfy administrative expenses of the estate, including professional fees, without seeking to requisition funds from SIPC in order to pay these expenses. As a result, in determining the allowance of Levine Lee's compensation, while "considerable reliance" shall be placed on SIPC's recommendation, the Court must duly consider the nature, extent and value of the services rendered. SIPA at § 78eee(b)(5)(C).

13.     Levine Lee submits that its request for interim allowance of compensation is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

14.     In the instant case, Levine Lee respectfully submits that the services and expenses for which it seeks compensation in this Application, as highlighted above, were at the time rendered, believed to be necessary for and beneficial to LBI's estate, customers, creditors and other parties-in-interest. Levine Lee further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to these constituencies. In

sum, the services rendered by Levine Lee were necessary and beneficial and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the compensation sought herein is warranted.

## CONCLUSION

Levine Lee respectfully submits that the services rendered during the Compensation Period and accomplishments to date merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court: (i) allow on an interim basis $257,166.50 for professional services rendered by Levine Lee during the Compensation Period; and (ii) grant Levine Lee such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
        March 20, 2014

                          LEVINE LEE LLP

                          By:  /s/ **Kenneth E. Lee**
                               Kenneth E. Lee, Partner
                          666 Fifth Avenue
                          New York, New York 10103
                          Telephone: (212) 223-4400
                          Facsimile: (212) 223-4425

                          *Special Counsel for James W. Giddens,*
                          *Trustee for the SIPA Liquidation of Lehman*
                          *Brothers Inc.*

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

LEHMAN BROTHERS INC.,

               Debtor.

Case No. 08-01420 (SCC) SIPA

### DECLARATION OF KENNETH E. LEE IN SUPPORT OF THE ELEVENTH APPLICATION OF LEVINE LEE LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM NOVEMBER 1, 2013 THROUGH FEBRUARY 28, 2014

Kenneth E. Lee hereby declares:

1.      I am a partner of the firm of Levine Lee LLP ("Levine Lee" or "Applicant"), located at 666 Fifth Avenue, New York, New York 10103.  I submit this declaration (the "Declaration") in support of the eleventh application (the "Application")[1] of Levine Lee as special counsel to James W. Giddens (the "Trustee"), as Trustee for the liquidation of Lehman Brothers Inc. ("LBI"), for allowance of interim compensation for services rendered from November 1, 2013, through February 28, 2014 (the "Compensation Period").

2.      Levine Lee was retained as special counsel for the Trustee pursuant to an Order of the Honorable James M. Peck, Judge of the United States Bankruptcy Court for the Southern District of New York, dated June 2, 2011 (ECF No. 4316).

3.      I submit this declaration pursuant to Bankruptcy Rule 2016(a) in support of Levine Lee's application for allowance of compensation in the amount of $257,166.50 for professional services rendered during the Compensation Period.

---

1. All terms not otherwise defined herein will have the meanings ascribed to them in the Application.

4.      As a partner at Levine Lee who is supervising this matter, I am familiar with such services and with these proceedings.  These statements are correct to the best of my knowledge and belief.  Such knowledge and belief is based upon conversations I have conducted with other members of Levine Lee and upon records kept by Levine Lee in the normal course of business.

5.      I hereby certify that (i) I have read the Application; (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the guidelines for fee applications under Bankruptcy Rule 2016(a); and (iii) the fees sought are billed at or below rates customarily billed to other clients of Levine Lee.

6.      I hereby certify that members of the staff of the Securities Investor Protection Corporation ("SIPC") will be provided with a copy of this Application.

7.      I hereby certify that members of the staff of SIPC will be provided with monthly statements of fees and disbursements accrued during the Compensation Period.

8.      The Applicant has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

9.      No agreement exists or shall be made between the Applicant and any other person respecting the division of compensation to be received for professional services rendered in connection with this SIPA proceeding.

10.      No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by Applicant.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on the 20th day of March, 2014, in New York, New York.

By:  /s/ **Kenneth E. Lee**
    Kenneth E. Lee, Partner
    LEVINE LEE LLP
    666 Fifth Avenue
    New York, New York 10103
    Telephone:  (212) 223-4400
    Facsimile: (212) 223-4425
    kelee@levinelee.com

*Special Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman
Brothers Inc.*

**<u>Exhibit B</u>**

## Hours, Rates and Fees for Services Rendered from
## November 1, 2013, through February 28, 2014

| NAME | LAW SCHOOL GRADUATION | HOURS | RATE | FEES |
|------|----------------------|-------|------|------|
| **PARTNER** | | | | |
| Kenneth E. Lee | 1992 | 342.00 | $695.00 | $237,690.00 |
| **ASSOCIATES** | | | | |
| Miriam L. Alinikoff | 2009 | 9.90 | $405.00 | $4,009.50 |
| Jonathan S. Zelig | 2011 | 28.90 | $405.00 | $11,704.50 |
| **LEGAL ASSISTANT** | | | | |
| Arden McWilliams | N/A | 21.50 | $175.00 | $3,762.50 |
| **Total Hours** | | 402.3 | | |
| **Total Fees Incurred** | | | | **$257,166.50** |

**<u>Exhibit C</u>**

## Summary of Project Categories
## November 1, 2013, through February 28, 2014

| CATEGORY | TIME (HOURS) | TOTAL FEES |
|---|---|---|
| LBHI Matters | 285.00 | $198,457.00 |
| General Creditor Matters | 117.30 | $58,709.50 |