UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

    LEHMAN BROTHERS INC.,

                   Debtor.

Case No. 08-01420 (SCC) SIPA

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING
TRUSTEE'S TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION
TO GENERAL CREDITOR CLAIMS (EMPLOYEE CLAIMS)**

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's amended case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on July 13, 2010 (ECF No. 3466) (the "Amended Case Management Order"), and the Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Objection Procedures, entered on November 15, 2012 (ECF No. 5441) (the "Claims Objection Procedures Order"), the undersigned hereby certifies as follows:

    1.    On February 28, 2014, the undersigned, on behalf of James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of Lehman Brothers Inc., caused the Trustee's Two Hundred Thirteenth Omnibus Objection to General Creditor Claims (Employee Claims) (ECF No. 8417) (the "Objection") to be filed with the United States Bankruptcy Court for the Southern District of New York.

    2.    In accordance with the Claims Objection Procedures Order, March 21, 2014 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Objection (the "Response Deadline"). The Amended Case Management Order

64023501_1

provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Response Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Response Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Objection has been filed with the Court on the docket of the above-referenced case in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Objection been served on counsel to the Trustee to date.

4.      Accordingly, for the reasons set forth in the Objection, the Trustee respectfully requests that the proposed Order annexed hereto as Exhibit A be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  New York, New York
        April 3, 2014

                                    HUGHES HUBBARD & REED LLP

                                    By:/s/ Jeffrey S. Margolin
                                        James B. Kobak, Jr.
                                        Christopher K. Kiplok
                                        Jeffrey S. Margolin
                                        Meaghan C. Gragg
                                    One Battery Park Plaza
                                    New York, New York 10004
                                    Telephone:  (212) 837-6000
                                    Facsimile:  (212) 422-4726
                                    Email:  kobak@hugheshubbard.com

                                    Attorneys for James W. Giddens, Trustee for
                                    the SIPA Liquidation of Lehman Brothers
                                    Inc.

2

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED THIRTEENTH**
**OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS**
**(EMPLOYEE CLAIMS)**

Upon the two hundred thirteenth omnibus objection to claims, dated February 28, 2014 (the "Two Hundred Thirteenth Omnibus Objection to General Creditor Claims"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, disallowing and expunging the Employee Claims on the grounds that LBI does not have any liability, in whole or in part, all as more fully described in the Two Hundred Thirteenth Omnibus Objection to General Creditor Claims; and due and proper notice of the Two Hundred Thirteenth Omnibus Objection to General Creditor Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Thirteenth Omnibus Objection to General Creditor Claims is in

---

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

the best interests of LBI, its estate, its customers and creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Thirteenth Omnibus Objection to General Creditor Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Two Hundred Thirteenth Omnibus Objection to General Creditor Claims is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the Employee Claims listed on Exhibit 1 are disallowed and expunged, as indicated in Exhibit 1, with prejudice; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
_____ 2014

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

2

**EXHIBIT 1**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA
## TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION: EXHIBIT 1 – EMPLOYEE CLAIMS

| Claim Type | Trustee's Proposed Reason for Disallowance |
|---|---|
| 401(k) Claim | No legal or factual justification for asserting a claim against LBI. LBI is not liable for the claimed 401(k) account or for losses associated with such account. |
| Assumed Pension Claim | No legal or factual justification for asserting a claim against LBI. The claimed pension benefits were owed under a qualified pension plan which was assumed by the Pension Benefits Guaranty Corporation and LBI has no liability for such benefits. |
| Employee Award Plan Claim | No legal or factual justification for asserting a claim against LBI. The Employee Award Plan provided a right to payment from LBHI, not LBI, the debtor in this separate and distinct SIPA Proceeding. |
| Equity Awards Claim | No legal or factual justification for asserting a claim against LBI. The claimed Equity Awards constitute equity interests in LBHI, not LBI, the debtor in this separate and distinct SIPA Proceeding. |
| LBHI Equities Claim | No legal or factual justification for asserting a claim against LBI. The claimed stock constitutes an equity interest in LBHI, not LBI, the debtor in this separate and distinct SIPA Proceeding. |
| Non-LBI Employee Claim | No legal or factual justification for asserting a claim against LBI. The Claimed Compensation was not earned or awarded pursuant to employment with LBI. |

---

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

**IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA**
**TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION: EXHIBIT 1 – EMPLOYEE CLAIMS**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | EMPLOYEE AWARD PLAN CLAIM | EQUITY AWARDS CLAIM | NON-LBI EMPLOYEE CLAIM | 401(K) CLAIM | LBHI EQUITIES CLAIM | ASSUMED PENSION CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | BLAIR, MELODY<br>F/K/A MELODY W. LI<br>25 SPINNAKER<br>IRVINE, CA 92614 | 7001154 | 1/30/2009 | $45,000.00[1] | X | X | | | X | |
| 2 | CALLIES, GUILLEMETTE<br>43, RUE DE LA FERME<br>NEUILLY-SUR-SEINE 92 F92200<br>FRANCE | 592 | 12/30/2008 | $12,482.00 | X | X | | | | |
| 3 | DICKINSON, JOSEPH R<br>17 CARLY COURT<br>MONROE, NJ 08831 | 7001371 | 4/19/2009 | $909.00 | X | X | | | | |
| 4 | GRAY, JAMES B<br>23 BLUE LEAVES AVENUE<br>NETHERNE ON THE HILL<br>COULSDON, SURREY CRS 1NY<br>UNITED KINDOM | 4497 | 5/13/2009 | $67,342.00 | X | X | X | | | |
| 5 | GRAY, JAMES B<br>23 BLUE LEAVES AVENUE<br>NETHERNE ON THE HILL<br>COULSDON, SURREY CRS 1NY<br>UNITED KINDOM | 9007260 | 5/13/2009 | UNSPECIFIED* | X | X | X | | | |

---

[1] The portion of claim number 7001154 that is asserting a claim for unused vacation in the amount of $3,384.62 is not affected by this objection, and shall remain active on the claims register, subject to the Trustee's right to object to this portion of the claim in the future.

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | EMPLOYEE AWARD PLAN CLAIM | EQUITY AWARDS CLAIM | NON-LBI EMPLOYEE CLAIM | 401(K) CLAIM | LBHI EQUITIES CLAIM | ASSUMED PENSION CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | JAMIESON, ELISABETH DIANE<br>25 WARWICK MANSIONS<br>CROMWELL CRESCENT<br>LONDON  SW59QR<br>UNITED KINGDOM | 7001100 | 1/30/2009 | $29,294.00 | X | X | | | | |
| 7 | JENKINS, INIGO LEWIS FRASER<br>4 MONTAGU HOUSE<br>33 PADDINGTON STREET<br>LONDON  W1U 4HF<br>UNITED KINGDOM | 7000994 | 1/30/2009 | $466,889.00 | X | X | | | | |
| 8 | MERCADO, BRIAN R<br>1155 BRICKELL BAY DRIVE<br>APT 1208<br>MIAMI, FL  33131 | 7001116 | 1/30/2009 | $20,619.96 | X | X | | X | | |
| 9 | MIRANDA, JORGE<br>241 SHERMAN AVENUE, APT. 2B<br>NEW YORK, NY  10034 | 3498 | 1/29/2009 | UNSPECIFIED* | X | X | | | | X |
| 10 | PATEL, BHAVNA<br>19 DORSET DRIVE<br>KENILWORTH, NJ  07033-1416 | 805 | 1/9/2009 | $24,200.00 | X | X | | | | |
| 11 | RAMADAN, ZAKY S<br>PO BOX 750134<br>FOREST HILLS, NY  11375 | 8003264 | 1/30/2009 | UNSPECIFIED* | X | X | | | | |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | EMPLOYEE AWARD PLAN CLAIM | EQUITY AWARDS CLAIM | NON-LBI EMPLOYEE CLAIM | 401(K) CLAIM | LBHI EQUITIES CLAIM | ASSUMED PENSION CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | RUELA, JOSE M<br>36 FIFTH STREET<br>NORTH ARLINGTON, NJ 07031 | 8003093 | 1/30/2009 | UNSPECIFIED* | X | X | | | | |
| 13 | RYAN, KATHERINE SUSAN<br>99-16 157TH AVENUE<br>HOWARD BEACH, NY 11414 | 7000531 | 1/26/2009 | $94,326.89[2] | X | | | | | |
| 14 | SEWARDS, MARK<br>326 ALEXANDRA PARK ROAD<br>WOODGREEN<br>LONDON, MDDSX N22 7BD<br>UNITED KINGDOM | 8000934 | 1/6/2009 | UNSPECIFIED* | X | X | | | | |
| 15 | SHAPIRO, CHERYL ANNE<br>3855 WOODCLIFF ROAD<br>SHERMAN OAKS, CA 91403 | 7001339 | 1/22/2009 | $16,855.00 | X | X | | | | |
| 16 | THAMBIMUTHU, RAJARATNAM<br>4 VAN DYCK AVENUE<br>NEW MALDEN, SURREY KT3 5NQ<br>UNITED KINGDOM | 2613 | 1/30/2009 | UNSPECIFIED* | X | X | | | | |
| 17 | TODARO, ALICIA<br>197 BAY 43RD STREET<br>BROOKLYN, NY 11214 | 7000758 | 1/29/2009 | $15,040.00 | X | X | | | | |
| 18 | WITKIN, MICHAEL<br>53 SHORT HILLS CIR APT 1B<br>MILLBURN, NJ 07041 | 9005896 | 2/2/2009 | UNSPECIFIED* | X | X | | | | |
| | Total | | | $792,957.85 | | | | | | |

---

[2] The portion of claim number 7000531 that is asserting a claim for severance in the amount of $94,326.89 is not affected by this objection, and shall remain active on the claims register, subject to the Trustee's right to object to this portion of the claim in the future

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.