08-01420-scc    Doc 8776    Filed 04/28/14    Entered 04/28/14 18:46:48    Main Document
Pg 1 of 8

**Presentment Date and Time:  May 6, 2014 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  May 5, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER IN CONNECTION WITH THE RETURN TO LBI HF., F/K/A LANDSBANKI ÍSLANDS HF., OF A POST-PETITION MISDIRECTED TRANSFER**

PLEASE TAKE NOTICE THAT James W. Giddens (the "Trustee"), Trustee for the SIPA Liquidation of Lehman Brothers Inc., by and through his undersigned attorneys, Hughes Hubbard & Reed LLP, will present the annexed Stipulation and Order in Connection with the Return to LBI HF., F/K/A Landsbanki Íslands HF., of a Post-Petition Misdirected Transfer (the "Order") for signature to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in chambers, at the United States Bankruptcy Court for the Southern District of New York, the Alexander Hamilton United States Customs House, One Bowling Green, New York, New York 10004, on **May 6, 2014 at 12:00 p.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to entry of the Order must (i) be in writing; (ii) state the name and address of the objecting party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

64109487_1

objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399 (available at the Court's website, www.nysb.uscourts.gov) by registered users of the Court's Electronic Case Files system, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format no later than **May 5, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline"); and (vi) served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Christopher K. Kiplok, Esq., Daniel S. Lubell, Esq., and Jeffrey S. Margolin, Esq.; (b) Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn: Kenneth J. Caputo, Esq.; (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Lori R. Fife, Esq. and Maurice Horwitz, Esq.; and (d) Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019, Attn: John Pintarelli, Esq. with a courtesy copy to the chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Court, One Bowling Green, New York, New York 10004. <u>Unless objections are received by the Objection Deadline, the Order may be entered without a hearing</u>.

64109487_1

Dated:     New York, New York
        April 28, 2014        HUGHES HUBBARD & REED LLP

By:  /s/ Jeffrey S. Margolin
    James B. Kobak, Jr.
    Daniel S. Lubell
    Jeffrey S. Margolin
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  lubell@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>     LEHMAN BROTHERS INC.,<br><br><br><br>                                                Debtor. | Case No. 08-01420 (SCC) SIPA |

**STIPULATION AND ORDER IN CONNECTION WITH THE RETURN TO**
**LBI HF., F/K/A LANDSBANKI ÍSLANDS HF., OF A**
**POST-PETITION MISDIRECTED TRANSFER**

WHEREAS, on September 19, 2008, the Honorable Gerard E. Lynch, United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of the Securities Investor Protection Act ("SIPA"), 15 USC §78aaa *et seq.* in the above-captioned case.  The LBI Liquidation Order, *inter alia*:  (i) appointed James W. Giddens as Trustee under SIPA (the "Trustee") for the liquidation of the business of Lehman Brothers Inc. ("LBI") pursuant to Section 78eee(b)(3) of SIPA and (ii) removed the case to this Court (the "Bankruptcy Court") pursuant to Section 78eee(b)(1)of SIPA (the "LBI Proceeding");

WHEREAS, on October 2, 2008, LBI hf., f/k/a Landsbanki Íslands hf., (the "Sender") sent a wire transfer of US$1,700,000.00 (the "Transfer") to LBI account ending 1077 at JPMorgan Chase Bank, N.A. ("Chase," such account the "LBI Chase Account") (FFC: Drake Global Opportunity (Master) Fund, Ltd. (the "Beneficiary")), as represented to the Trustee by the Sender;

WHEREAS, on April 29, 2009, the Reykjavík District Court (the "Reykjavik Court") appointed a Winding-up Board for Sender (the "Board") as provided for in Act No. 44/2009,

61558727_4

amending Act No. 161/2002, on Financial Undertakings, and in accordance with the amendments which it made to the status of the bank and to its moratorium;

WHEREAS, on March 22, 2010, the Court entered the Order Pursuant to Section 105(a) of the Bankruptcy Code Approving and Authorizing Amended Procedures for the Return of Misdirected Wires (the "Misdirected Wires Order," ECF No. 2876) that amended previously Court-approved procedures for the Trustee's return of misdirected wires to LBI and authorized certain charges related to such return of misdirected wires;

WHEREAS, on April 4, 2011, the Sender's representatives notified the Trustee and represented that the Transfer had been made in error and should have been transferred to another account;

WHEREAS, the Sender's representatives represented to the Trustee that it had already made the Beneficiary whole with respect to the Transfers and thereby became subrogated to the Beneficiary;

WHEREAS, the Sender's representatives, on behalf of Sender as subrogee of the Beneficiary, now requests the return of the Transfer;

WHEREAS, following receipt from the Sender's representatives of information concerning the Transfer and a request for the return of the Transfer (collectively, the "Request Documents"), the Trustee conducted an investigation and, in consultation with his professional advisors, determined that the Transfer had in fact been misdirected and that LBI should return the Transfer less the Court-approved service fee equal to one percent (1%) of the Transfers (up to a maximum of US$5,000.00), for a net return of $1,695,000.00 the (the "Return Amount").

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

61558727_4

1. Pursuant to the Misdirected Wires Order, the Trustee is authorized to return the Return Amount in accordance with wire instructions provided by the Sender within three (3) business days of this Court's approval of this Stipulation.

2. Upon the Trustee's wiring the Return Amount in accordance with instructions received from the Sender, the Sender, on behalf of itself and its customers and creditors, and all duly-appointed fiduciaries (including without limitation members of the Board solely in that capacity) and their respective agents, employees, principals, professionals, successors, and assigns shall be deemed to have waived and released any claims or causes of action they might have against the Trustee, his professionals, successors and assigns, the LBI estate and the Securities Investor Protection Corporation ("SIPC") with respect to or arising out of the Transfer or the Return Amount, including, without limitation, any claims for interest, costs and attorneys' fees.

3. Sender represents and warrants, to the best of its knowledge, that it does not have any indebtedness to LBI and does not hold any deposits, refunds, payments or other funds, escrowed or otherwise, due and owing to or for the benefit of LBI.

4. The Trustee is relying on the representations in this Stipulation and the Request Documents, that these representations are true and correct, and that the Sender acknowledges that the Trustee can refuse to deliver or seek the return of the Return Amount if these representations are not true and correct.

5. The Sender agrees to indemnify the Trustee, the LBI estate, the Trustee's professionals and agents and SIPC against any liabilities and expenses they may incur for any claim made against any of them (including, without limitation, any claim made by them to recover such funds), relating to or arising out of any material misrepresentation made by the

Sender or on the Sender's behalf in this Stipulation, the Request Documents, or in connection with the return of these funds.

6. The Trustee and the Sender expressly reserve all of their rights and defenses with respect to any other claims each might have against the other.

7. The Sender, on behalf of the Board, represents that no approvals or other authorities need be obtained by the Reykjavik Court in order for the Sender to execute this Stipulation and effectuate the transactions contemplated herein.

8. Notwithstanding the proposed return of the Return Amount pursuant to this Stipulation, nothing herein shall be construed to prejudice the Trustee's rights in any way whatsoever to determine whether any other funds have been misdirected and must be returned or to require the Trustee to seek court approval to return misdirected funds.  The Trustee expressly reserves all of his rights with respect to funds alleged to have been misdirected.

9. This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed signatures shall be deemed originals.

10. Each individual signing this Stipulation on behalf of any party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the party indicated.

11. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA apply, without regard to New York's rules governing conflicts of laws.  The Sender expressly submits to the personal jurisdiction of this Court in respect of the interpretation and enforcement of this Stipulation and the rights hereunder.

4

Dated: New York, New York
April 28, 2014

| | |
|---|---|
| **LBI HF., F/KA/LANDSBANKI ÍSLANDS HF.** | By: /s/ Jeffrey S. Margolin<br>James B. Kobak, Jr.<br>Daniel S. Lubell |
| By: /s/ Kristinn Bjarnason<br>Name: Kristinn Bjarnason<br>Title: Director/WUB | Jeffrey S. Margolin<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>(212) 837-6000 |
| By: /s/ Herdís Hallmarsdóttir<br>Name: Herdís Hallmarsdóttir<br>Title: Director/WUB | Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc. |

SO ORDERED this ___ day of _____ 2014

_____
UNITED STATES BANKRUPTCY JUDGE

5

61558727_4