**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re |
| |
| LEHMAN BROTHERS INC., |
| |
| Debtor. |

Case No. 08-01420 (SCC) SIPA

**STIPULATION AND ORDER REGARDING PROOF OF CLAIM OF**
**GERDAU AMERISTEEL US INC. (Claim no. 8003028)**

This Stipulation and Order (the "Stipulation") is entered into on the date hereof by and

between James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers

Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), and

Gerdau Ameristeel US Inc. (the "Claimant").

**RECITALS**

A.      WHEREAS, on September 19, 2008 (the "Filing Date"), a proceeding was

commenced under SIPA with respect to LBI, and the Trustee was appointed (Case No. 08-

01420, such proceeding, the "SIPA Proceeding");

B.      WHEREAS, on November 7, 2008, the Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") entered the Order Approving Form and Manner

of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for

Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other

Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No.

241);

C.      WHEREAS, pursuant to SIPA section 78fff-2(a)(3) and the Claims Process

Order, all general creditor claims must have been received by the Trustee by June 1, 2009;

D.      WHEREAS, in accordance with the Claims Process Order, on or about January 26, 2009, Claimant timely filed a customer creditor claim in the amount of $69,100,000, which was assigned claim no. 800003028, and subsequently converted to a general unsecured claim by the Trustee (represented by claim No 8003028, the "Claim");

E.      WHEREAS, on March 11, 2013, the Bankruptcy Court entered the Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (the "General Creditor Settlement Procedures Order," ECF No. 5847);

F.      WHEREAS, on or about January 6, 2014, the Trustee filed the Trustee's One Hundred Ninetieth Omnibus Objection to General Creditor Claims (ECF No. 8015) which included an objection to the Claim ("the Objection");

G.      WHEREAS, after good faith, arm's length negotiations, the Trustee and Claimant (each, a "Party," and together, "the Parties") have agreed to resolve all issues regarding the Claim pursuant to the terms and conditions set forth in this Stipulation.

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

## STIPULATION

1.      The Recitals set forth above form an integral part of this Stipulation and are incorporated fully herein.

2.      This Stipulation shall not become effective unless and until it has been executed by the Parties or their respective counsels and approved by Final Order (defined below) of the Bankruptcy Court (the "Effective Date").  "Final Order" shall mean an order or judgment

of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket of

such court, the operation or effect of which has not been stayed, reversed, or amended, and as to

which order or judgment (or any revision, modification, or amendment thereof) the time to

appeal or seek review or rehearing has expired and as to which no appeal or petition for review

or rehearing was filed or, if filed, remains pending, *provided*, *however*, that no order shall fail to

be a final order solely because of the possibility that a motion pursuant to Rule 60 of the Federal

Rule of Civil Procedure, Bankruptcy Rule 9024, any similar local bankruptcy rule or any similar

state statute or rule may be filed with respect to such order.

3.      As of the date hereof and through the Effective Date, Claimant represents

and warrants that it is and will be the legal and beneficial owner of the Claim and the other

Released Claims (as defined below) and has authority to enter into this Stipulation.

4.      On the Effective Date, Claimant will have an allowed, general unsecured

creditor claim against the LBI general estate in the amount of $9,300,000.00 (the "Allowed

Claim") in respect of the Claim and this Allowed Claim shall constitute the full and final

settlement of any and all claims the Claimant has asserted against the LBI estate under or in

connection with the matters, transactions, and accounts that are the subject of the Claim.  The

Claimant will receive proportionately the same in payments or distributions (including with

respect to the timing and type of payments or distributions) in respect of the Allowed Claim as is

generally received by holders of allowed, general unsecured claims against the LBI estate.  The

Trustee shall promptly cause the LBI general creditor claims register to be updated to reflect the

same.

5.      Except for the rights and obligations under this Stipulation, including

Claimant's right to receive distributions for the Allowed Claim, on the Effective Date, (a)

Claimant, on behalf of itself, its successors and assigns, and on behalf of any other party, person or entity claiming by, through or under it (the "Claimant Releasing Parties"), forever waives and releases (i) the Claim, and (ii) any and all claims, liabilities, causes of action, demands, and damages (of whatever kind or nature and whether known or unknown or asserted or unasserted) that the Claimant Releasing Parties may prior to the Effective Date have ever had, may at the Effective Date have, or at any time after the Effective Date can, could, shall or may have, against LBI, its estate, the Trustee, and the Trustee's agents or attorneys, related to or arising out of any of the matters, transactions, and accounts that are the subject of the Claim ((i) and (ii), collectively, the "Released Claims"); and (b) the Trustee, on behalf of himself and the LBI estate, and any other party, person or entity claiming by, through or under the Trustee or the LBI estate (the "LBI Releasing Parties"), forever waives and releases any and all claims, liabilities, causes of action, demands, and damages (of whatever kind or nature and whether known or unknown or asserted or unasserted), that the LBI Releasing Parties may prior to the Effective Date have ever had, may at the Effective Date have, or at any time after the Effective Date can, could, shall or may have, against Claimant or any of the Claimant's agents or attorneys, related to or arising out of any of the matters, transactions, or accounts that are the subject of the Claim.

6.    The Trustee agrees to promptly seek, and the Claimant agrees to support, approval of this Stipulation in the Bankruptcy Court pursuant to paragraph (iv) of the General Creditor Settlement Procedures Order.  If approval is not obtained in the Bankruptcy Court, the Stipulation shall be null and void and the Parties will retain all their respective rights and claims.

7.    This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.

8.      No amendment, waiver or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

9.      Neither this Stipulation, nor any negotiations or proceedings in connection herewith, may be used and shall not be admissible in any proceeding against any Party to this Stipulation for any purpose, except to enforce the terms of this Stipulation.

10.     This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed or electronic signatures shall be deemed originals.

11.     Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he or her is authorized to execute this Stipulation in his or her representative capacity with binding effect, as reflected below and on behalf of the Party indicated.

12.     This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA applies, without regard to New York's rules governing conflict of laws.

13.     The Bankruptcy Court shall have jurisdiction to interpret and enforce this Stipulation and the Parties consent to the jurisdiction of the Bankruptcy Court with respect to the interpretation and enforcement of this Stipulation.


Dated: New York, New York
        April 16, 2014

*Signature Page To Stipulation Regarding Proof of Claim of Gerdau Ameristeel US Inc. (No. 8003028)*

HUGHES HUBBARD & REED LLP

TORYS LLP

By:  /s/ Robert B. Funkhouser
     James B. Kobak, Jr.
     Christopher K. Kiplok
     Robert B. Funkhouser
     One Battery Park Plaza
     New York, New York 10004
     Telephone:  (212) 837-6000
     Facsimile:  (212) 422-4726

By:  /s/ Alison D. Bauer
     Alison D. Bauer
     1114 Avenue of the Americas
     New York, New York 10036
     Telephone:  (212) 880-6000
     Facsimile:  (212) 682-0200

*Attorneys for James W. Giddens, Trustee
for the SIPA Liquidation
of Lehman Brothers Inc.*

*Attorneys for Gerdau Ameristeel US
Inc.*

**IT IS SO-ORDERED:**
April 29, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE