**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**STIPULATION AND ORDER RESOLVING PROOFS OF CLAIM OF
NEW JERSEY DEPARTMENT OF TREASURY DIVISION
OF TAXATION (CLAIM NOS. 5987, 6000, 6001, 6002)**

This Stipulation and Order (the "Stipulation") is entered on the date hereof by and between James W. Giddens (the "SIPA Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), and the Director of the New Jersey Department of the Treasury, Division of Taxation (the "Claimant").

**RECITALS**

A.   WHEREAS, on September 19, 2008 (the "Filing Date"), a proceeding was commenced under SIPA with respect to LBI, and the SIPA Trustee was appointed (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

B.   WHEREAS, on November 7, 2008, the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241);

62595255_1

C.  WHEREAS, pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, all general creditor claims must have been received by the Trustee by June 1, 2009;

D.  WHEREAS, in accordance with the Claims Process Order, on June 1, 2009, Claimant timely filed general creditor claims (represented by claim nos. 5987, 6000, 6001, and 6002,[1] collectively, the "Claims") asserting claims in the aggregate amount of $25,602,554 in connection with Corporation Business Tax under Secs. 54:10A-1 *et seq.* of the New Jersey Revised Statutes ("CBT") for the periods ended December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2008 (such periods, the "CBT Periods"); and regarding Sales and Use Tax under Secs. 54:32B-1 *et seq.* of the New Jersey Revised Statutes ("S&U Tax") for all periods commencing July 1, 2006, and ending December 31, 2008 (such periods, the "S&U Tax Periods");

E.  WHEREAS, the Trustee timely filed a return for CBT for tax year 2007 that served as a claim for a refund of $6,609,046, due to an overpayment of estimated taxes by LBI with respect to that tax year;

F.  WHEREAS, on March 11, 2013, the Court entered the Order pursuant to Section 105(a) of the Bankruptcy Code & Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (the "General Creditor Settlement Procedures Order," ECF No. 5847);

G.  WHEREAS, after good faith, arm's length negotiations, the Trustee and Claimant (together, "the Parties"), pursuant to the General Creditor Settlement Procedures Order, have

---

1. Claim Nos. 6001 and 6002 were disallowed and expunged as duplicative claims. (*See* Docket Nos. 5535 & 5635).

08-01420-scc    Doc 8781    Filed 04/29/14    Entered 04/29/14 11:34:08    Main Document
Pg 3 of 7

3

agreed to resolve all issues regarding the Claims pursuant to the terms and conditions set forth in this Stipulation.

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

## **STIPULATION**

1. The Recitals set forth above form an integral part of this Stipulation and are incorporated fully herein.

2. This Stipulation shall not become effective unless and until it has been executed by the Parties and approved by Final Order (defined below) of the Bankruptcy Court (the "Effective Date"). Final Order shall mean an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket of such court, the operation or effect of which has not been stayed, reversed, or amended, and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending, *provided*, *however*, that no order shall fail to be a final order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rule of Civil Procedure, Bankruptcy Rule 9024, any similar local bankruptcy rule or any similar state statute or rule may be filed with respect to such order.

3. As of the date hereof, Claimant represents and warrants that it is the legal and beneficial owner of the Claims and has authority to enter into this Stipulation.

4. The Trustee and Claimant agree to a total assessment of $6,609,046.00 against LBI. The Claimant will apply the claimed overpayment of $6,609,046.00 for tax

year 2007 against the total assessment as full and final settlement of any and all Claims the Claimant has asserted against the LBI estate under or in connection with the transactions and accounts that are the subject of the Claims.

5. LBI's liability for the CBT and S&U Taxes as initially reflected in the Notice of Assessment Related to Final Audit Determination letter dated May 29, 2009, and the Pre-Petition Taxpayer's Schedules dated May 21, 2009 shall be satisfied in full.

6. The Trustee retains the right to carry forward the net operating loss incurred by LBI during the year 2008.

7. On the Effective Date, the Trustee agrees that, solely with respect to the CBT for the CBT Periods, and with respect to S&U Tax for the S&U Periods (CBT and S&U Tax together, the "Subject Taxes," and the CBT Periods and the S&U Periods together, the "Subject Tax Periods"): (a) any rights to further administrative review or judicial appeal are hereby waived; (b) all pending protests are hereby withdrawn; (c) all pending requests for refund or credit are hereby withdrawn; and (d) the Trustee will not file, on behalf of LBI, any future application or claims for refund or credit.

8. On the Effective Date, the Claimant agrees that, solely with respect to the Subject Taxes for the Subject Periods: (a) any rights to assess and to file proofs of claim in the SIPA Proceeding are hereby waived; (b) all pending assessments against the Trustee and Claims asserted by the Claimant in the SIPA Proceeding will be deemed withdrawn with prejudice; and (c) Claimant is not entitled to any tax, interest or penalties from any person, including but not limited to the LBI estate, the Trustee and his professionals, and any former officer, director or employee of LBI that is or may be deemed responsible or liable for taxes, interest or penalties of LBI under New Jersey Law or the New Jersey Administrative Code.

9. On the Effective Date, the Claimant, on behalf of itself and its successors and assigns, shall forever waive and release any and all claims, liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown, asserted or unasserted, against LBI, its estate and the Trustee arising before or after the Filing Date arising out of or in any way related to the Claims, including without limitation the CBT and S&U Taxes; *provided, however*, that nothing contained herein shall waive Claimant's rights to enforce this Stipulation.

10. The Trustee agrees to promptly seek, and the Claimant agrees to support, approval of this Stipulation in the Bankruptcy Court pursuant to paragraph (iv) of the General Creditor Settlement Procedures Order. <u>If approval is not obtained in the Bankruptcy Court, the Stipulation shall be null and void and the Parties will retain all their respective rights and claims.</u>

11. This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee appointed for LBI.

12. No amendment, waiver or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

13. This Stipulation, and any and all negotiations or proceedings in connection herewith, may not be used and shall not be admissible in any proceeding against any party to this Stipulation or its affiliates for any purpose, except to enforce the terms of this Stipulation.

14. This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed signatures shall be deemed originals.

15. Each individual signing this Stipulation on behalf of any party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he is authorized to execute this Stipulation in his representative capacity, as reflected below and on behalf of the party indicated.

16. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA apply, without regard to New York's rules governing conflicts of laws.

17. The Bankruptcy Court shall have jurisdiction to interpret and enforce this Stipulation, and the Parties consent to the jurisdiction of the Bankruptcy Court without regard to conflict of laws.

**[Signatures on next page]**

Dated: New York, New York
April 16, 2014

| HUGHES HUBBARD & REED LLP | | JOHN J. HOFFMAN<br>ACTING ATTORNEY GENERAL OF<br>NEW JERSEY |
|---|---|---|
| By: | */s/ Christopher Gartman*<br>James B. Kobak, Jr.<br>Jeffrey S. Margolin<br>Christopher Gartman<br>Erin Diers<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>Attorneys for James W. Giddens, Trustee<br>for the SIPA Liquidation of Lehman<br>Brothers Inc. | By: */s/ Gabriel I. Chacon*<br>Gabriel I. Chacon, Deputy Attorney<br>  General<br>25 Market Street<br>P.O. Box 106<br>Trenton, NJ 08625-0106<br>Telephone: (609) 633-8455<br>Fax: (609) 984-2523<br><br>Attorney for the State of New Jersey,<br>Department of the Treasury,<br>Division of Taxation |

**IT IS SO-ORDERED:**
April 29, 2014
New York, New York


*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE