Hearing Date and Time:  June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  May 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN GENERAL CREDITOR TAX CLAIMS.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED THIRTIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, CHRISTOPHER GARTMAN, ESQ., AT (212) 837-6350.**

---

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>        LEHMAN BROTHERS INC.,<br><br>                                Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S TWO HUNDRED THIRTIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (TAX CLAIMS)**

        **PLEASE TAKE NOTICE** that on April 29, 2014, James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), by and through his undersigned counsel, filed his two hundred thirtieth omnibus objection to general creditor claims (the "Objection"), and that a hearing to consider the

Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy

Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom

621, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on

**June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

    **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **May 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Christopher Gartman, Esq.; (b) Securities

Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005,

Attn: Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New

York, New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy

copy to the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York,

New York 10004, Courtroom 621.

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Objection or any claim set forth thereon, the Trustee may, on or after the

Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Objection, which may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: New York, New York
       April 29, 2014

HUGHES HUBBARD & REED LLP

By: /s/  James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
Christopher Gartman
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.
       .

**Hearing Date and Time:  June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  May 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

　　　LEHMAN BROTHERS INC.,

　　　　　　　　　Debtor.

Case No.  08-01420 (SCC) SIPA

---

**THE TRUSTEE'S TWO HUNDRED THIRTIETH OMNIBUS OBJECTION**
**TO GENERAL CREDITOR CLAIMS (TAX CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN GENERAL
CREDITOR TAX CLAIMS.  PARTIES RECEIVING THIS TWO HUNDRED
THIRTIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL,
CHRISTOPHER GARTMAN, ESQ., AT (212) 837-6350.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of

1970 as amended, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[1] by and through his undersigned counsel,

respectfully represents as follows:

### **RELIEF REQUESTED**

1.       The Trustee files this two hundred thirtieth omnibus objection to general creditor

claims (the "Objection") pursuant to sections 502, 503 and 505 of title 11 of the United States

Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections

78fff(b) and 78fff-1(a) of SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to general creditor claims filed in this SIPA proceeding (the "General Creditor Claim

Objection Procedures Order," ECF No. 5441), seeking disallowance and expungement of the

claims listed on Exhibit A annexed hereto.  The Trustee's proposed order (the "Proposed Order")

is annexed hereto as Exhibit C.

2.       The claims identified on Exhibit A (collectively, the "Tax Claims" or the

"Claims") were either filed as formal proofs of claim or informally submitted to LBI as notices

and/or assessments by state and local taxing authorities, and seek payment of post-petition taxes,

or a combination of claims for post-petition taxes and pre-petition taxes, purportedly owed by

LBI.[2]

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

2.   To the extent a Tax Claim relating to post-petition tax periods was informally submitted, the Trustee treated the
     informal submission as a claim and had the claim uploaded on to the LBI estate's claims register.  To the extent
     any claimant of a Tax Claim submitted multiple notices or assessments to LBI, the Trustee treated the most
     recent notice or assessment as the final claim of such taxing entity and uploaded that notice or assessment to the

3.      Each of the Tax Claims seeks payment of amounts owed for post-petition business-related taxes (including, but not limited to, income tax, corporation/franchise tax and environmental tax), employee-related taxes (including, but not limited to, employee withholding tax), and property tax (including personal property tax).  LBI is not liable for the Tax Claims to the extent they seek payment of taxes for post-petition periods because LBI did not have any income allocable or apportionable to the state or local jurisdiction, employees and/or personal property in the territories covered by the Tax Claims for the periods specified in the Claims, all of which took place after the Filing Date (defined below), and therefore could not have incurred any tax obligations with respect thereto.

4.      Several of the Tax Claims also partially seek payment of pre-petition taxes.  The pre-petition portions of those Tax Claims violate the Claims Process Order (defined below) because such portions of those claims were filed after the Bar Date (defined below).

5.      Several of the Tax Claims were superseded by amended claims that seek payment of the same taxes sought by the respective earlier-filed Tax Claim sought to be expunged here. Such Tax Claims should be disallowed and expunged because they are duplicative of their respective surviving amended claims.

6.      Based upon the foregoing, the Trustee requests that the Tax Claims be disallowed and expunged in their entirety.  The Trustee reserves all of his rights to object on any basis to any Tax Claim as to which the Court does not grant the relief requested herein.

## **JURISDICTION**

7.      Following removal to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred

---

claims register.  To the extent this Objection addresses a claim of any taxing entity, the Objection is intended to relate to all prior informal submissions by the holder of such Tax Claim, regardless of whether or not such prior notice or assessment has been uploaded on to the LBI estate's claims register.

by [SIPA] upon the court to which application for the issuance of the protective decree was made." 15 U.S.C. § 78eee(b)(4).

8.  Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C. section 78aa.

## BACKGROUND

9.  On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, entered the Order Commencing Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii) removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA Proceeding").

10.  On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former LBI customers and other potential claimants (the "Claims Process Notice") and posted claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The Trustee also published notice of the claims process in The New York Times, The Wall Street Journal and The Financial Times.

4

11.     Pursuant to SIPA section 78fff-2(a)(3) and the Customer Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and general creditor claims must have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless received by the Trustee on or before June 1, 2009 (the "Bar Date").  In addition to the Bar Date, on September 19, 2013, the Bankruptcy Court entered an order (the "Administrative Bar Date Order") that established October 31, 2013 (the "Administrative Bar Date") as the deadline to file a proof of claim for administrative expense claims against the LBI estate, as further described in the Administrative Bar Date Order, with respect to such administrative expenses arising between September 19, 2008 and August 31, 2013.  The Administrative Bar Date has now passed.  A copy of the Customer Claims Process Order was made publically available at www.lehmantrustee.com.  The Trustee's website allowed claimants filing electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Proof of Claim.

12.     On November 15, 2012, the Court entered the General Creditor Claim Objection Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections to no more than 200 general creditor claims at a time, on various grounds, including the grounds that the claims subject to the omnibus objection seek recovery of amounts for which LBI is not liable.

## THE TAX CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

1.     Section 503 of the Bankruptcy Code provides administrative expense priority for several specified categories of claims relating to post-petition taxes.  11 U.S.C. § 503(b)(1)(B).

2.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

3.      For a claim to be afforded administrative priority, a claimant must show both that: (i) the transaction giving rise to the claim occurred post-petition, and (ii) the debtor-in-possession directly benefited as a result of the transaction. *See In re Grubb & Ellis Co.*, 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012) (citing *Trs. of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986)); *In re Enron Corp.,* 279 B.R. 79, 85 (Bankr. S.D.N.Y. 2002). "The services performed by the claimant must have been 'induced' by the debtor-in-possession, not the pre-petition debtor." *Enron*, 279 B.R. at 705.

4.      "The claimant has the burden of proving entitlement to an administrative expense by preponderance of the evidence." *In re Kmart Corp.*, 290 B.R. 614, 621 (Bankr. N.D. Ill. 2003) (citing *In re Party Masters, Inc.*, 1992 WL 106259 (Bankr. N.D. Ill. Apr. 23, 1992)).  Once the Court has determined that an actual benefit was conferred to the estate, the reasonable value of an administrative expense claim is at the discretion of the Bankruptcy Court. *See In re S & Y Enterprises, LLC*, 480 B.R. 452 (Bankr. E.D.N.Y. 2012).

5.      Section 505(a)(1) of the Bankruptcy Code provides, in relevant part, that "the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction."  11 U.S.C. § 505(a)(1).

6.      Each of the Tax Claims seeks payment, either in whole or in part, of amounts owed for post-petition business-related taxes (including, but not limited to income tax, corporation/franchise tax and environmental tax), employee-related taxes (including, but not limited to employee withholding tax), and property tax (including personal property tax).

7.      Based on analysis by the Trustee's counsel, as described in the declaration of Meredith Stead, an associate of Hughes Hubbard & Reed LLP, annexed hereto as Exhibit B (the "Stead Declaration"), the Trustee has determined that LBI is not liable for the post-petition portion of the Tax Claims because, upon information and belief, LBI did not have income allocable or apportionable to the state or local jurisdiction, employees, or personal property located in the relevant state and local taxing jurisdictions during the post-petition periods for which the Tax Claims seek payment of tax obligations, the liability for which is asserted based on the presence of income allocable or apportionable to the state or local jurisdiction, employees, and/or personal property in the relevant states or local taxing jurisdictions during such time periods.[3]  Accordingly, there is no legal or factual basis for the post-petition amounts sought by the Tax Claims.

8.      As further described in the Stead Declaration several of the Tax Claims also seek payment of amounts purportedly owed for pre-petition periods.  The pre-petition portion of the Tax Claims also should be disallowed and expunged because such Claims seek payment of amounts purportedly owed for pre-petition periods but were filed and/or informally submitted after the Bar Date.  They therefore violate the Claims Process Order and are barred. Specifically, SIPA section 78fff-2(a)(3) strictly limits the timeframe for filing claims in a SIPA

---

3.   Indeed, Judge Glenn has held that trustees in SIPA proceedings are *statutorily prohibited* from operating the debtor's business as a going concern after the SIPA proceeding is commenced because the trustee's purpose is "to liquidate the debtor's business."  *See Thielmann v. MF Global Holdings Ltd., et al. (In re MF Global Holdings LTD., et al.)*, 481 B.R. 268, 283 (Bankr. S.D.N.Y. 2012) (Glenn, J.) (quoting 15 U.S.C. 78fff(a)).

proceeding to the six-month period beginning on the date of publication of notice of the

commencement of the case, and provides that no claim, whether customer or general creditor,

received by the trustee after the expiration of this period shall be allowed.[4] 15 U.S.C. § 78fff-

2(a)(3) ("No claim of a customer or other creditor of the debtor which is received by the trustee

after the expiration of the six-month period beginning on the date of publication of notice . . .

shall be allowed . . . ."). The strict six-month time limitation mandated by SIPA for claims filing

provides ample time, in fact a longer period than reorganization and liquidation proceedings

administered under the Bankruptcy Code, for creditors to ascertain, prepare, and file their claims

against the Debtor. *See, e.g., Lehman Brothers*, 493 B.R. at 446 ("[T]he six-month time

limitation for filing claims in SIPA cases is mandatory and must be strictly construed."); *In re

MF Global Inc.*, No. 11-02790 (MG) (Bankr. S.D.N.Y. April 1, 2014) (ECF No. 7738). The

Trustee thus requests that the Court disallow and expunge them to the extent of the amounts

sought for pre-petition periods.

       9.      As stated in the Stead Declaration, several of the Tax Claims are duplicative of

and have been superseded by other later-filed claims by the same claimants (the "Duplicate Tax

Claims"). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may

not be allowed to the extent that "such claim is unenforceable against the debtor and property of

the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts

---

4.    The only exceptions to the statutory period for filing claims, which may be granted only upon application within
the initial six-month period, for cause shown, are for claims by (1) the United States, a state, or a political
subdivision thereof, (2) an infant, or (3) an incompetent person without a guardian. 15 U.S.C. § 78fff-2(a)(3).
These exceptions are inapplicable here. While the holders of the Tax Claims may arguably fall within the first
of these exceptions, the Court has made clear that "extensions of time are limited to a narrow class of claimants
(governmental units, infants and incompetents without guardians) and must be requested before the expiration
of the six-month time period." *In re Lehman Bros. Inc. ("Lehman Brothers")*, 493 B.R. 437, 443 (Bankr.
S.D.N.Y. 2013). Extensions of time were not requested before the expiration of the six-month time period by
any of the holders of the Tax Claims that seek payment of amounts for pre-Filing Date periods. These
exceptions are therefore inapplicable here.

in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtors. *See, e.g., In re Worldcom, Inc*., Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

10.    The LBI estate cannot be required to make any distribution on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Case*y, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Trustee's claims agent to maintain a claims register that more accurately reflects the proper claims existing against the estate.

11.    It would be inequitable and inappropriate for holders of the Duplicate Tax Claims to receive distributions on account of those claims. Accordingly, to avoid the possibility of multiple recoveries by the same creditor for the same debt (or injury), the Trustee requests that the Court disallow and expunge in their entirety the Duplicate Tax Claims. The claims superseding each Duplicate Tax Claim, which are identified on Exhibit A, will remain on the general creditor claims register subject to further objection on any basis.

## The Tax Claims Should be Expunged

12.    The holders of the Tax Claims fail to articulate any legal or factual justification for asserting a claim against LBI for post-petition periods, and to the extent noted in Exhibit A, the Tax Claims were filed and/or informally submitted after the Bar Date with respect to pre-petition periods and are therefore barred with respect to those amounts and/or were superseded

9

by amended claims.  If the Tax Claims remain on the claims register, parties who do not hold

valid claims against the LBI Estate will recover. Thus, the Trustee requests that the Court enter

an order disallowing and expunging the Tax Claims in their entirety.

### RESERVATION OF RIGHTS

13.      The Trustee reserves all rights to object on any other basis to any Tax Claim or

any portion of any Tax Claim for which the Court does not grant the relief requested herein.

### NOTICE

14.      Notice of this Objection has been provided to (i) each claimant listed on <u>Exhibit A</u>

via first-class mail; and (ii) the list of parties requesting notice of pleadings in accordance with

the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy

Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and

Related Relief entered by the Court on July 13, 2010 (ECF No. 3466), and will be immediately

available for inspection upon filing with the Court at the Trustee's website,

www.lehmantrustee.com.  The Trustee submits that no other or further notice need be provided.

### NO PRIOR RELIEF REQUESTED

15.      No previous request for the relief requested herein has been made by the Trustee

to this or any other Court, except that the Trustee previously filed an objection to Claim No.

6292 filed by the Fulton County Tax Commissioner (the "<u>Fulton County Claim</u>") on the grounds

that it lacked sufficient documentation.  (*See* ECF No. 7875.)  The Trustee withdrew his

objection on insufficient documentation grounds to that claim without prejudice because the

Fulton County Tax Commissioner provided certain additional documentation regarding its claim.

(*See* ECF No. 8095.)  However, by this Objection, the Trustee now objects to the Fulton County

Claim for the additional reasons stated on Exhibit A.

## **CONCLUSION**

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:    New York, New York
          April 29, 2014

HUGHES HUBBARD & REED LLP

By: /s/  James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
Christopher Gartman
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com


Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**EXHIBIT A**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED THIRTIETH OMNIBUS OBJECTION: EXHIBIT A- TAX CLAIMS

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | State of California Board of Equalization P.O. Box 942879 Sacramento, CA 94279 | Environmental fee for 2008, 2009, 2010 | 6396 | 10/30/12 | $22,384.24 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not have employees in California during the time periods for which payment is sought, and presence of employees is threshold for imposition of tax. |
| 2 | State of California Board of Equalization P.O. Box 942879 Sacramento, CA 94279 | Environmental fee for 2008, 2009, 2010 | 6387 | 9/20/11 | $20,422.06 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not have employees in California during the time periods for which payment is sought, and presence of employees is threshold for imposition of tax. |
| 3 | State of California Employment Development Department R. Freas, Tax Administrator Attn: Special Procedures Sections P.O. Box 826880, MIC 92E Sacramento, CA 94280-0001 | Employment tax for 2009 | 6236 | 1/10/11 | $243,653.72 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in California during the time periods for which payment is sought. |
| 4 | State of California Employment Development Department P.O. Box 989061 West Sacramento, CA 95798-9061 | Employment tax for period ended 9/30/08 | 6397 | 5/31/11 | $818.72 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not have any employees in California during the time periods for which payment is sought. |
| 5 | State of California Employment Development Department P.O. Box 989061 West Sacramento, CA 95798-9061 | Employment tax for 2009 | 6398 | 7/1/11 | $1,337.28 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in California during the time periods for which payment is sought. |

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 6 | State of California Employment Development Department P.O. Box 989061 West Sacramento, CA 95798-9061 | Employment tax for 2009 | 6399 | 11/10/11 | $250,723.13 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in California during the time periods for which payment is sought. |
| 7 | State of California Franchise Tax Board P.O. Box 942857 Sacramento, CA 94257-0511 | Franchise Tax for 2009 | 6400 | 4/4/11 | $6,664.44 | Duplicative; superseded by Claim No. 6370. |
| 8 | State of California Franchise Tax Board P.O. Box 942857 Sacramento, CA 94257-0511 | Franchise tax for tax years ending on 12/31/08, 12/31/09, 12/31/10 & 12/31/11 | 6401 | 10/2/13 | $435,146.48 | Duplicative; superseded by Claim No. 6370. |
| 9 | Fulton County Tax Commissioner Arthur E. Ferdinand 141 Pryor Street SW Atlanta, GA 30303 | Personal property tax for 2008-2013 | 6292 | 7/17/12 | $187,419.12 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |
| 10 | Fulton County Tax Commissioner Arthur E. Ferdinand 141 Pryor Street SW Atlanta, GA 30303 | Personal property tax for 2011 and "other years" | 6404 | 7/2/12 | $231,022.18 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |
| 11 | Fulton County Tax Commissioner Arthur E. Ferdinand 141 Pryor Street SW Atlanta, GA 30303 | Personal property tax for 2012 and "other years" | 6405 | 2/28/13 | $235,312.99 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 12 | Fulton County Assessors Office 141 Pryor Street, SW, Suite 3077 Atlanta, GA 30303 | Ad valorem (personal property) taxes for 2011 | 6403 | 7/1/11 | $47,607.13 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |
| 13 | Georgia Department of Revenue Taxpayer Services Division P.O. Box 105665 Atlanta, GA 30348-5665 | Employer withholding/ payroll tax for period ended 9/30/2010 | 6406 | 3/25/11 | $268,058.41 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in Georgia during the time periods for which payment is sought. |
| 14 | Los Angeles City Attorney's Office 200 North Main Street, Suite 920 Los Angeles, CA 90012 Attn.: Wendy Loo | Business tax for 2009 | 6173 | 10/13/09 | $288,096.88 | No legal or factual justification for asserting a claim against LBI. LBI did not have any business in Los Angeles during the time periods for which payment is sought. |
| 15 | Commonwealth of Massachusetts Department of Revenue Litigation Bureau – Bankruptcy Unit 100 Cambridge Street, 7th Floor P.O. Box 9564 Boston, MA 02114-9564 | Employer withholding for periods ending 12/31/09 & 3/31/10, corporate excise tax for periods ending 12/31/08 & 12/31/09 | 6250 | 6/6/11 | $23,472.32 | No legal or factual justification for asserting a claim against LBI. LBI did not have any business or employees in Massachusetts during the time periods for which payment is sought. |
| 16 | Massachusetts Department of Revenue 436 Dwight Street Springfield, MA 01103 | Employer withholding for periods ending 12/31/09 & 3/31/10, corporate excise tax for period ending 12/31/08 | 6410 | 8/20/13 | $28,142.96 | No legal or factual justification for asserting a claim against LBI. LBI did not have any business or employees in Massachusetts during the time periods for which payment is sought. |

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 17 | Massachusetts Department of Revenue<br>P.O. Box 7021<br>Boston, MA 02204 | Sales/use tax for 2001-2007, withholding tax for quarter ending 9/30/08 | 1362 | 12/2/08 | $674,531.37 | Duplicative; superseded by Claim No. 6240. |
| 18 | Mississippi Department of Revenue<br>P.O. Box 1033<br>Jackson, MS 39215-1033 | Employer withholding tax for period from July through September 2010 | 6415 | 11/18/10 | $1,274.00 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in Mississippi during the time periods for which payment is sought. |
| 19 | City of Philadelphia Department of Revenue<br>P.O. Box 1630<br>Philadelphia, PA 19105-1630 | Business privilege tax for 2008 | 6422 | 12/13/10 | $3,259.60 | Duplicative; superseded by Claim No. 6385 |
| 20 | Estado Libre Asociado de Puerto Rico<br>Departamento de Hacienda<br>Negociado de Cobros de Contribuciones<br>Distrito de Cobros de San Juan<br>235 Ave. Arterial Hostos – Suite 901<br>San Juan, PR 00918-1442 | Employer withholding tax for periods from 2006 through 2009 | 6388 | 12/21/10 | $85,069.30 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for asserting the remaining, post-petition portion claim against LBI because LBI did not have any employees in Puerto Rico during the time periods for which payment is sought. |
| 21 | Estado Libre Asociado de Puerto Rico<br>Edificio Intendente Ramirez<br>#10 Paseo Covadonga<br>Piso 4, Oficina 404<br>San Juan, PR | Employer withholding tax for period from 10/1/2009 - 12/31/2009 | 6389 | 1/20/11 | $100.00 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in Puerto Rico during the time periods for which payment is sought. |
| | Total | | | | $3,054,516.33 | |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,                    Case No. 08-01420 (SCC) SIPA

Debtor.

### DECLARATION OF MEREDITH STEAD IN SUPPORT OF
### THE TRUSTEE'S TWO HUNDRED THIRTIETH OMNIBUS OBJECTION TO
### GENERAL CREDITOR CLAIMS (TAX CLAIMS)

Pursuant to 28 U.S.C. § 1746, I, Meredith Stead, hereby declare as follows:

1.      I am an associate of Hughes Hubbard & Reed LLP ("Hughes Hubbard").  James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"), has duly authorized me to make and submit this declaration (the "Declaration") in support of the Trustee's two hundred thirtieth omnibus objection to general creditor claims (the "Objection").[1]

2.      The facts set forth in this Declaration are based upon review of the general creditor claims (the "Tax Claims") listed in Exhibit A, certain information from the LBI general claims register as maintained by the Trustee's claim agent, and certain of the books and records of the LBI estate (the "Books and Records"), in each case by me or other personnel under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

3.      Each of the Tax Claims asserts liability for taxes on the basis of one or more of (i) LBI's net gains, profits, earnings and other income allocable or apportionable to the state or local jurisdiction, (ii) the presence of employees of LBI in the states and local jurisdictions that have presented the Tax Claims, or (iii) LBI's ownership of personal property located in the states

---

1.   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

and local jurisdictions that have presented the Tax Claims, during periods subsequent to the

Filing Date.  Upon information and belief, LBI did not have any allocable or apportionable

income during the post-Filing Date periods and in the jurisdictions for which Tax Claims that are

based on income seek payment; did not have employees during the post-Filing Date periods and

in the jurisdictions for which Tax Claims that are based on the presence of employees seek

payment; and did not own personal property during the post-Filing Date periods and in the

jurisdictions for which Tax Claims that are based on personal property seek payment.

4.      In addition, to the extent noted on Exhibit A, several of the Tax Claims seek

payment of purported tax obligations for pre-petition periods, but were filed and/or informally

submitted after the Bar Date, and/or were superseded by amended claims.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on April 29, 2014

By: /s/ Meredith Stead
Meredith Stead
Associate, Hughes Hubbard & Reed LLP

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (SCC) SIPA

## [PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED THIRTIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (TAX CLAIMS)

Upon the two hundred thirtieth omnibus objection to claims, dated April 29, 2014 (the "Objection"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to sections 502, 503 and 505 of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging the Tax Claims on the grounds that LBI does not have any liability, and/or that the Tax Claims were filed and/or informally submitted after the Pre-Filing Bar Date, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of LBI, its estate, its customers and creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

1.   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

**ORDERED** that the relief requested in the Objection is granted; and it is further

**ORDERED** that, pursuant to sections 502, 503 and 505 of the Bankruptcy Code, the claims listed on Exhibit 1 (collectively, the "Tax Claims") are disallowed and expunged in their entirety with prejudice;[2] and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
        June __, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

---

2.  As stated in the Objection, to the extent a Tax Claim relating to post-petition tax periods was informally submitted, the Trustee treated the informal submission as a claim and had the claim uploaded on to the LBI estate's claims register.  To the extent any claimant of a Tax Claim submitted multiple notices or assessments to LBI, the Trustee treated the most recent notice or assessment as the final claim of such taxing entity and uploaded that notice or assessment to the claims register.  To the extent this Order addresses a claim of any taxing entity, this Order disallows and expunges with prejudice all prior informal submissions by the holder of such Tax Claim, regardless of whether or not such prior notice or assessment has been uploaded on to the LBI estate's claims register.

**EXHIBIT 1**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED THIRTIETH OMNIBUS OBJECTION: EXHIBIT 1 - TAX CLAIMS

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | State of California Board of Equalization P.O. Box 942879 Sacramento, CA 94279 | Environmental fee for 2008, 2009, 2010 | 6396 | 10/30/12 | $22,384.24 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not have employees in California during the time periods for which payment is sought, and presence of employees is threshold for imposition of tax. |
| 2 | State of California Board of Equalization P.O. Box 942879 Sacramento, CA 94279 | Environmental fee for 2008, 2009, 2010 | 6387 | 9/20/11 | $20,422.06 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not have employees in California during the time periods for which payment is sought, and presence of employees is threshold for imposition of tax. |
| 3 | State of California Employment Development Department R. Freas, Tax Administrator Attn: Special Procedures Sections P.O. Box 826880, MIC 92E Sacramento, CA 94280-0001 | Employment tax for 2009 | 6236 | 1/10/11 | $243,653.72 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in California during the time periods for which payment is sought. |
| 4 | State of California Employment Development Department P.O. Box 989061 West Sacramento, CA 95798-9061 | Employment tax for period ended 9/30/08 | 6397 | 5/31/11 | $818.72 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not have any employees in California during the time periods for which payment is sought. |
| 5 | State of California Employment Development Department P.O. Box 989061 West Sacramento, CA 95798-9061 | Employment tax for 2009 | 6398 | 7/1/11 | $1,337.28 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in California during the time periods for which payment is sought |

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 6 | State of California Employment Development Department<br>P.O. Box 989061<br>West Sacramento, CA 95798-9061 | Employment tax for 2009 | 6399 | 11/10/11 | $250,723.13 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in California during the time periods for which payment is sought |
| 7 | State of California Franchise Tax Board<br>P.O. Box 942857<br>Sacramento, CA 94257-0511 | Franchise Tax for 2009 | 6400 | 4/4/11 | $6,664.44 | Duplicative; superseded by Claim No. 6370. |
| 8 | State of California Franchise Tax Board<br>P.O. Box 942857<br>Sacramento, CA 94257-0511 | Franchise tax for tax years ending on 12/31/08, 12/31/09, 12/31/10 & 12/31/11 | 6401 | 10/2/13 | $435,146.48 | Duplicative; superseded by Claim No. 6370. |
| 9 | Fulton County Tax Commissioner<br>Arthur E. Ferdinand<br>141 Pryor Street SW<br>Atlanta, GA 30303 | Personal property tax for 2008-2013 | 6292 | 7/17/12 | $187,419.12 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |
| 10 | Fulton County Tax Commissioner<br>Arthur E. Ferdinand<br>141 Pryor Street SW<br>Atlanta, GA 30303 | Personal property tax for 2011 and "other years" | 6404 | 7/2/12 | $231,022.18 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |
| 11 | Fulton County Tax Commissioner<br>Arthur E. Ferdinand<br>141 Pryor Street SW<br>Atlanta, GA 30303 | Personal property tax for 2012 and "other years" | 6405 | 2/28/13 | $235,312.99 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 12 | Fulton County Assessors Office<br>141 Pryor Street, SW, Suite 3077<br>Atlanta, GA 30303 | Ad valorem (personal property) taxes for 2011 | 6403 | 7/1/11 | $47,607.13 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for remaining, post-petition portion of the claim because LBI did not own any personal property in Fulton County during the time periods for which payment is sought. |
| 13 | Georgia Department of Revenue<br>Taxpayer Services Division<br>P.O. Box 105665<br>Atlanta, GA 30348-5665 | Employer withholding/ payroll tax for period ended 9/30/2010 | 6406 | 3/25/11 | $268,058.41 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in Georgia during the time periods for which payment is sought. |
| 14 | Los Angeles City Attorney's Office<br>200 North Main Street, Suite 920<br>Los Angeles, CA 90012<br>Attn.: Wendy Loo | Business tax for 2009 | 6173 | 10/13/09 | $288,096.88 | No legal or factual justification for asserting a claim against LBI. LBI did not have any business in Los Angeles during the time periods for which payment is sought. |
| 15 | Commonwealth of Massachusetts<br>Department of Revenue<br>Litigation Bureau – Bankruptcy Unit<br>100 Cambridge Street, 7th Floor<br>P.O. Box 9564<br>Boston, MA 02114-9564 | Employer withholding for periods ending 12/31/09 & 3/31/10, corporate excise tax for periods ending 12/31/08 & 12/31/09 | 6250 | 6/6/11 | $23,472.32 | No legal or factual justification for asserting a claim against LBI. LBI did not have any business or employees in Massachusetts during the time periods for which payment is sought. |
| 16 | Massachusetts Department of Revenue<br>436 Dwight Street<br>Springfield, MA 01103 | Employer withholding for periods ending 12/31/09 & 3/31/10, corporate excise tax for period ending 12/31/08 | 6410 | 8/20/13 | $28,142.96 | No legal or factual justification for asserting a claim against LBI. LBI did not have any business or employees in Massachusetts during the time periods for which payment is sought. |

| | NAME / ADDRESS OF CLAIMANT | TYPE OF TAX SOUGHT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 17 | Massachusetts Department of Revenue P.O. Box 7021 Boston, MA 02204 | Sales/use tax for 2001-2007, withholding tax for quarter ending 9/30/08 | 1362 | 12/2/08 | $674,531.37 | Duplicative; superseded by Claim No. 6240. |
| 18 | Mississippi Department of Revenue P.O. Box 1033 Jackson, MS 39215-1033 | Employer withholding tax for period from July through September 2010 | 6415 | 11/18/10 | $1,274.00 | No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in Mississippi during the time periods for which payment is sought. |
| 19 | City of Philadelphia Department of Revenue P.O. Box 1630 Philadelphia, PA 19105-1630 | Business privilege tax for 2008 | 6422 | 12/13/10 | $3,259.60 | Duplicative; superseded by Claim No. 6385 |
| 20 | Estado Libre Asociado de Puerto Rico Departamento de Hacienda Negociado de Cobros de Contribuciones Distrito de Cobros de San Juan 235 Ave. Arterial Hostos – Suite 901 San Juan, PR 00918-1442 | Employer withholding tax for periods from 2006 through 2009 | 6388 | 12/21/10 | $85,069.30 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for asserting the remaining, post-petition portion claim against LBI because LBI did not have any employees in Puerto Rico during the time periods for which payment is sought. |
| 21 | Estado Libre Asociado de Puerto Rico Edificio Intendente Ramirez #10 Paseo Covadonga Piso 4, Oficina 404 San Juan, PR | Employer withholding tax for periods ended 2/2010 | 6389 | 1/20/11 | $100.00 | Late-filed with respect to pre-petition portion of the claim. No legal or factual justification for asserting a claim against LBI. LBI did not have any employees in Puerto Rico during the time periods for which payment is sought. |
| | Total | | | | $3,054,516.33 | |