**Hearing Date and Time:** June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)
**Response Date and Time:** May 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)

---

**THIS OBJECTION SEEKS TO ALLOW CERTAIN INFORMAL TAX CLAIMS IN REDUCED AMOUNTS. PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, CHRISTOPHER GARTMAN, ESQ., AT (212) 837-6350.**

---

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>     LEHMAN BROTHERS INC.,<br><br>                         Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S TWO HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (TAX CLAIMS) SEEKING TO ALLOW CERTAIN INFORMAL**
**TAX CLAIMS IN REDUCED AMOUNTS**

**PLEASE TAKE NOTICE** that on April 29, 2014, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred thirty-first

omnibus objection to general creditor claims (the "Objection"), and that a hearing to consider the

Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy

Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom

621, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 19,**

**2014 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

   **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **May 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Christopher Gartman, Esq.; (b) Securities

Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005,

Attn: Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Seventh Avenue, New

York, New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy

copy to the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York,

New York 10004, Courtroom 621.

   **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Objection or any claim set forth thereon, the Trustee may, on or after the

2

Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Objection, which may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: New York, New York
        April 29, 2014

                                HUGHES HUBBARD & REED LLP

                                By: /s/ James B. Kobak, Jr.
                                James B. Kobak, Jr.
                                Christopher K. Kiplok
                                Meaghan C. Gragg
                                Christopher Gartman
                                One Battery Park Plaza
                                New York, New York 10004
                                Telephone:  (212) 837-6000
                                Facsimile: (212) 422-4726
                                Email:  kobak@hugheshubbard.com


                                Attorneys for James W. Giddens,
                                Trustee for the SIPA Liquidation of
                                Lehman Brothers Inc.
                                            .

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| LEHMAN BROTHERS INC., | Case No.  08-01420 (SCC) SIPA |
| Debtor. | |

**THE TRUSTEE'S TWO HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (TAX CLAIMS) SEEKING TO ALLOW CERTAIN INFORMAL TAX CLAIMS IN REDUCED AMOUNTS**

**THIS OBJECTION SEEKS TO ALLOW CERTAIN INFORMAL TAX CLAIMS IN REDUCED AMOUNTS.  PARTIES RECEIVING THIS TWO HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, CHRISTOPHER GARTMAN, ESQ., AT (212) 837-6350.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

      James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. ( "LBI") under the Securities Investor Protection Act of 1970 as amended,

15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[1] by and through his undersigned counsel, respectfully

represents as follows:

### **RELIEF REQUESTED**

      1.     The Trustee files this two hundred thirty-first omnibus objection to general

creditor claims (the "Objection") pursuant to sections 502, 503, and 505 of title 11 of the United

States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections

78fff(b) and 78fff-1(a) of SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to general creditor claims filed in this SIPA proceeding (the "General Creditor Claim

Objection Procedures Order," ECF No. 5441), seeking to reduce and allow the claims listed on

Exhibit A annexed hereto.  The Trustee's proposed order (the "Proposed Order") is annexed

hereto as Exhibit C.

      2.     The claims identified on Exhibit A (collectively, the "Tax Claims" or the

"Claims") were informally submitted to LBI as notices and/or assessments by state and local

taxing authorities seeking payment, in whole or in part, of post-petition taxes purportedly owed

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

by LBI.[2]  The Trustee has determined that the amounts claimed in the Tax Claims contradict

LBI's books and records, and, therefore, the Tax Claims should be reduced to the amount

reflected in LBI's books and records, as listed on Exhibit A  under the heading "*Claim as*

*Modified*."  The Trustee requests that the Court reduce each Tax Claim listed on Exhibit A  to the

amount set forth in the row entitled "*Claim as Modified*," and allow each Tax Claim as an

administrative expense claim to the extent of such amount.

## JURISDICTION

3.      Following removal to this Court for all purposes as required for SIPA cases by

section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred

by [SIPA] upon the court to which application for the issuance of the protective decree was

made."  15 U.S.C. § 78eee(b)(4).

4.      Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C.

section 78aa.

## BACKGROUND

5.      On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch,

United States District Court, Southern District of New York, entered the Order Commencing

Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of

---

2  Each of the Tax Claims was informally submitted to the Trustee.  The Trustee treated such informal
submissions as claims and had them uploaded on to the LBI estate's claims register.  To the extent any claimant
of a Tax Claim submitted multiple notices or assessments to LBI, the Trustee treated the most recent notice or
assessment as the final claim of such taxing entity and uploaded that notice or assessment to the claims register.
To the extent this Objection addresses a claim of any taxing entity, the Objection is intended to relate to all prior
informal submissions by the holder of such Tax Claim, regardless of whether or not such prior notice or
assessment has been uploaded on to the LBI estate's claims register.

3

SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*,

Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee

for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii)

removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4)

of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA

Proceeding").

      6.     On November 7, 2008, the Court entered the Order Approving Form and Manner

of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for

Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other

Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Customer Claims Process

Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-

2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former

LBI customers and other potential claimants (the "Claims Process Notice") and posted claims

filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website

(www.sipc.org).  The Trustee also published notice of the claims process in The New York

Times, The Wall Street Journal and The Financial Times.

      7.     Pursuant to SIPA section 78fff-2(a)(3) and the Customer Claims Process Order,

customer claims seeking maximum protection under SIPA must have been received by the

Trustee on or before January 30, 2009.  All customer claims and general creditor claims must

have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed

unless received by the Trustee on or before June 1, 2009 (the "Bar Date").  In addition to the Bar

Date, on September 19, 2013, the Bankruptcy Court entered an order (the "Administrative Bar

Date Order") that established October 31, 2013 (the "Administrative Bar Date") as the deadline

to file a proof of claim for administrative expense claims against the LBI estate, as further

described in the Administrative Bar Date Order, with respect to such administrative expenses

arising between September 19, 2008 and August 31, 2013.  The Administrative Bar Date has

now passed.  A copy of the Customer Claims Process Order was made publically available at

www.lehmantrustee.com.  The Trustee's website allowed claimants filing electronically to

upload documents as part of their claim submission and thereby comply with the instructions to

include supporting documentation set forth in the Proof of Claim.

8.      In accordance with the Customer Claims Process Order, in cases where the

Trustee denied a claim for protection as a customer and converted the claim to a general creditor

claim, the Trustee notified the claimant consistent with the procedures set forth in the Customer

Claims Process Order.  The claimant was afforded the opportunity to object and have the matter

heard by the Court if the claimant was aggrieved by the Trustee's denial of customer treatment

and conversion of the claim to a general creditor claim.  If a claimant did not object to the

Trustee's conversion of the claim consistent with the procedures set forth in the Customer

Claims Process Order, the Trustee's conversion of the claim to a general creditor claim became

final.  No determination was made as to the validity or allowed amount of such converted and

reclassified claims.

9.      On November 15, 2012, the Court entered the General Creditor Claim Objection

Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections

to no more than 200 general creditor claims at a time, on various grounds, including the grounds

that: (i) the claims subject to the omnibus objection seek recovery of amounts for which LBI is

not liable; and (ii) the amount claimed in the claims subject to the omnibus objection contradicts

LBI's books and records.

5

## THE TAX CLAIMS SHOULD BE REDUCED

10.     Section 503 of the Bankruptcy Code provides administrative expense priority for several specified categories of claims relating to post-petition taxes.  11 U.S.C. § 503(b)(1)(B).

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.     For a claim to be afforded administrative priority, a claimant must show both that: (i) the transaction giving rise to the claim occurred post-petition, and (ii) the debtor-in-possession directly benefited as a result of the transaction. *See In re Grubb & Ellis Co.*, 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012) (citing *Trs. of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986)); *In re Enron Corp.,* 279 B.R. 79, 85 (Bankr. S.D.N.Y. 2002).  "The services performed by the claimant must have been 'induced' by the debtor-in-possession, not the pre-petition debtor." *Enron*, 279 B.R. at 705.

13.     "The claimant has the burden of proving entitlement to an administrative expense by preponderance of the evidence." *In re Kmart Corp*., 290 B.R. 614, 621 (Bankr. N.D. Ill. 2003) (citing *In re Party Masters, Inc.*, 1992 WL 106259 (Bankr. N.D. Ill. Apr. 23, 1992)).  Once the Court has determined that an actual benefit was conferred to the estate, the reasonable value of an administrative expense claim is at the discretion of the Bankruptcy Court.  *See In re S & Y Enterprises, LLC*, 480 B.R. 452 (Bankr. E.D.N.Y. 2012).

14.     Section 505(a)(1) of the Bankruptcy Code provides, in relevant part, that "the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction."  11 U.S.C. § 505(a)(1).

15.     The General Creditor Claim Objection Procedures Order authorizes the Trustee to file omnibus objections "seeking reduction . . . [on the grounds that] the amount claimed contradicts LBI's books and records; provided that the Trustee will include the amount of such General Creditor Claim, if any, reflected in LBI's books and records."  General Creditor Claim Objection Procedures Orders at 2.

16.     Based on analysis by the Trustee's counsel of the amount of tax obligations properly due and owing with respect to each of the general creditor proofs of claim (the "Proofs of Claim") listed in Exhibit A, and based on analysis by the Trustee's professionals of each of the Proofs of Claim, certain information from the LBI general claims register as maintained by the Trustee's claims agent, and certain information from the books and records of the LBI estate, as further described in the declaration of Meredith Stead, an associate of Hughes Hubbard & Reed LLP, annexed hereto as Exhibit B (the "Stead Declaration"), the Trustee has identified the Tax Claims as claims that must be reduced because the Claims miscalculate the amount of taxes owed by LBI.

17.     The amounts listed on Exhibit A in the row entitled "*Claim as Modified*" and in the column entitled "*Total*" are calculated by the Trustee's professionals as described in the Stead Declaration.  Accordingly, pursuant to Bankruptcy Code sections 502, 503, and 505, the Trustee requests that the Court reduce each Tax Claim to the amount listed on Exhibit A in the

7

row entitled "*Claim as Modified*," and allow each Tax Claim as an administrative expense claim to the extent of such amount.

## RESERVATION OF RIGHTS

18.    The Trustee reserves all rights to object to any Tax Claim or any portion of any Tax Claim for which the Court does not grant the relief requested herein.

## NOTICE

19.    Notice of this Objection has been provided to (i) each claimant listed on Exhibit A via first-class mail; and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered by the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee submits that no other or further notice need be provided.

## NO PRIOR RELIEF REQUESTED

20.    No previous request for the relief requested herein has been made by the Trustee to this or any other Court.

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:    New York, New York
          April 29, 2014

HUGHES HUBBARD & REED LLP

By: /s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
Christopher Gartman
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com


Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**EXHIBIT A**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED THIRTY-FIRST OMNIBUS OBJECTION: EXHIBIT A- TAX CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | State of Connecticut Department of Revenue Services 25 Sigourney Street Hartford, CT 06106 | 6390 | 2/9/10 | $3,580.47 | $786.00 |
| 2 | Massachusetts Department of Revenue P.O. Box 7021 Boston, MA 02204 | 6409 | 4/28/13 | $5,342.76 | $398.28 |
| 3 | Mississippi Department of Revenue P.O. Box 1033 Jackson, MS 39215 | 6414 | 10/25/10 | $141.44 | $25.00 |
| 4 | City of Philadelphia Department of Revenue P.O. Box 1630 Philadelphia, PA 19105-1630 | 6385 | 12/2/13 | $1,690,279.35 | $4,841.69 |
| Total | | | | $1,699,344.02 | $6,050.97 |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>　　　LEHMAN BROTHERS INC.,<br><br>　　　　　　　　　　　　　Debtor. | Case No. 08-01420 (SCC) SIPA |

**DECLARATION OF MEREDITH STEAD IN SUPPORT OF THE TRUSTEE'S TWO**
**HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO GENERAL CREDITOR**
**CLAIMS (TAX CLAIMS) SEEKING TO ALLOW CERTAIN INFORMAL**
**TAX CLAIMS IN REDUCED AMOUNTS**

Pursuant to 28 U.S.C. § 1746, I, Meredith Stead, hereby declare as follows:

1.　　I am an associate of Hughes Hubbard & Reed LLP ("Hughes Hubbard"). James

W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"),

has duly authorized me to make and submit this declaration (the "Declaration") in support of the

Trustee's two hundred thirty-first omnibus objection to general creditor claims (the

"Objection").[1]

2.　　The facts set forth in this Declaration are based upon review of the general

creditor claims (the "Tax Claims") listed in Exhibit A, certain information from the LBI general

claims register as maintained by the Trustee's claim agent, and certain of the books and records

of the LBI estate (the "Books and Records"), in each case by me or other personnel under my

supervision and direction. If called and sworn as a witness, I could and would testify

competently to the matters set forth herein.

---

1.　Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

3.      Hughes Hubbard has analyzed the amount of tax obligations properly due and

owing by LBI with respect to the Tax Claims and has determined that each of the Tax Claims

was asserted in an amount that is not consistent with LBI's books and records.

4.      Based on the analyses discussed in paragraph 3 above, I and personnel under my

supervision and direction determined that each of the Tax Claims listed in Exhibit A should be

reduced to the amount listed in Exhibit A because that is the proper amount of the tax obligation

for which LBI is liable.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on April 29, 2014

By: /s/ Meredith Stead
Meredith Stead
Associate, Hughes Hubbard & Reed LLP

2

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>        LEHMAN BROTHERS INC.,<br><br>                                            Debtor. | Case No. 08-01420 (SCC) SIPA |

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED THIRTY-FIRST**
**OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (TAX CLAIMS)**
**SEEKING TO ALLOW CERTAIN INFORMAL**
**TAX CLAIMS IN REDUCED AMOUNTS**

Upon the two hundred thirty-first omnibus objection to claims, dated April 29, 2014 (the "Objection"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ( "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to sections 502, 503 and 505 of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reducing and allowing the Tax Claims on the basis that the amounts listed on the proofs of claim contradict the books and records of the LBI estate, as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of LBI, its estate, its customers and creditors, and all parties in interest and that the legal and

---

1.    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

factual bases set forth in the Objection establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Objection is granted; and it is further

**ORDERED** that, pursuant to sections 502, 503 and 505 of the Bankruptcy Code,

the claims listed on Exhibit 1 (collectively, the "Tax Claims") are reduced as set forth on

Exhibit 1 in the row entitled "*Claim as Modified*" and allowed as administrative expense claims

to the extent of such amounts;[2] and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and interpretation of this Order.

Dated: New York, New York
     June __, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

---

2.   As stated in the Objection, to the extent a Tax Claim relating to post-petition tax periods was informally submitted, the Trustee treated the informal submission as a claim and had the claim uploaded on to the LBI estate's claims register.  To the extent any claimant of a Tax Claim submitted multiple notices or assessments to LBI, the Trustee treated the most recent notice or assessment as the final claim of such taxing entity and uploaded that notice or assessment to the claims register.  To the extent this Order addresses a claim of any taxing entity, this Order disallows and expunges with prejudice all prior informal submissions by the holder of such Tax Claim, regardless of whether or not such prior notice or assessment has been uploaded on to the LBI estate's claims register.

**EXHIBIT 1**

**IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA**
**TWO HUNDRED THIRTY-FIRST OMNIBUS OBJECTION: EXHIBIT 1 – TAX CLAIMS**

|  | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE OF NOTICE/DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | State of Connecticut Department of Revenue Services 25 Sigourney Street Hartford, CT 06106 | 6390 | 2/9/10 | $3,580.47 | $786.00 |
| 2 | Massachusetts Department of Revenue P.O. Box 7021 Boston, MA 02204 | 6409 | 4/28/13 | $5,342.76 | $398.28 |
| 3 | Mississippi Department of Revenue P.O. Box 1033 Jackson, MS 39215 | 6414 | 10/25/10 | $141.44 | $25.00 |
| 4 | City of Philadelphia Department of Revenue P.O. Box 1630 Philadelphia, PA 19105-1630 | 6385 | 12/2/13 | $1,690,279.35 | $4,841.69 |
| Total |  |  |  | $1,699,344.02 | $6,050.97 |