THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, KAMANTA C. KETTLE, ESQ., AT (212) 837-6306.

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

NOTICE OF HEARING ON THE TRUSTEE'S
TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO
GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

PLEASE TAKE NOTICE that on April 30, 2014, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred thirty-second

omnibus objection to general creditor claims (the "Two Hundred Thirty-Second Omnibus

Objection to General Creditor Claims"), and that a hearing to consider the Trustee's Two

Hundred Thirty-Second Omnibus Objection to General Creditor Claims will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court"), on **June 19, 2014 at 10:00 a.m.**

**(Prevailing Eastern Time)** (the "Hearing").

   **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must: (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system and, by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **May 21, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C. 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq.

   **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Trustee's Two Hundred Thirty-Second Omnibus Objection to General

Creditor Claims or any claim set forth therein, the Trustee may, on or after the Response

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed

order annexed to the Trustee's Two Hundred Thirty-Second Omnibus Objection to General

Creditor Claims, which may be entered with no further notice or opportunity to be heard offered

to any party.

Dated: New York, New York
        April 30, 2014

HUGHES HUBBARD & REED LLP


By: /s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
Kamanta C. Kettle
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com


Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| LEHMAN BROTHERS INC., | Case No.  08-01420 (SCC) SIPA |
| Debtor. | |

**THE TRUSTEE'S TWO HUNDRED THIRTY-SECOND**
**OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS**
**(INSUFFICIENT DOCUMENTATION CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, KAMANTA C. KETTLE, ESQ., AT (212) 837-6306.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. ( "LBI") under the Securities Investor Protection Act of 1970, as amended,

15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[1] by and through his undersigned counsel, respectfully

represents as follows:

### **RELIEF REQUESTED**

1.      The Trustee files this two hundred thirty-second omnibus objection to general

creditor claims (the "Two Hundred Thirty-Second Omnibus Objection to General Creditor

Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of

SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in this SIPA proceeding (the "General Creditor Claim Objection Procedures Order,"

ECF No. 5441), seeking disallowance and expungement of the claims listed on Exhibit A

annexed hereto (collectively, the "Insufficient Documentation Claims").  The Trustee's proposed

order (the "Proposed Order") is annexed hereto as Exhibit B.

2.      The Trustee and his professionals have examined the Insufficient Documentation

Claims and have determined that, in each case, the Insufficient Documentation Claims fail to

comply with the instructions included with the official Claim Form (defined below) and

Bankruptcy Rule 3001(c), as they were submitted without sufficient supporting documentation to

determine the validity of such claims.  The Trustee's counsel requested that the holders of such

---

1.   For convenience, subsequent references to SIPA will omit "15 U.S.C."

2

claims (each a "Claimant" and collectively, the "Claimants") provide necessary additional

information and warned that a failure to provide additional information likely would result in an

objection to the Insufficient Documentation Claims. The Claimants have failed to provide the

Trustee with the necessary additional information. The Insufficient Documentation Claims do

not constitute valid *prima facie* claims, and the Trustee requests that they be disallowed and

expunged in their entirety.

   3.  The Trustee reserves all rights to object on any other basis to any Insufficient

Documentation Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

   4.  Following removal to this Court for all purposes as required for SIPA cases by

SIPA section 78eee(b)(4), this Court has "all of the jurisdiction, powers, and duties conferred by

[SIPA] upon the court to which application for the issuance of the protective decree was made."

15 U.S.C. § 78eee(b)(4).

   5.  Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C.

section 78aa.

## BACKGROUND

   6.  On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch,

United States District Court, Southern District of New York, entered the Order Commencing

Liquidation of LBI (the "LBI Liquidation Order," ECF No. 1) pursuant to the provisions of SIPA

in the case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-

CIV-8119 (GEL). The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the

liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA and (ii) removed the

3

case to this Court for all purposes as required for SIPA cases by SIPA section 78eee(b)(4), in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA Proceeding").

7.    On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former LBI customers and other potential claimants (the "Claims Process Notice") and posted claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The Trustee also published notice of the claims process in *The New York Times*, *The Wall Street Journal*, and *The Financial Times*.

8.    Pursuant to SIPA section 78fff-2(a)(3) and the Customer Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and general creditor claims must have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless received by the Trustee on or before June 1, 2009 (the "Pre-Filing Date Bar Date").  In addition to the Pre-Filing Date Bar Date, on September 19, 2013, the Bankruptcy Court entered an order (the "Administrative Bar Date Order") that established October 31, 2013 (the "Administrative Bar Date") as the deadline to file a proof of claim for certain administrative expense claims against the LBI estate, as further described in the Administrative Bar Date Order, with respect to such administrative expenses arising between September 19, 2008 and August 31, 2013.  The Administrative Bar Date has now passed.

9.    The Bankruptcy Rules' Official Form 10 (the "Claim Form"), the standardized

proof of claim form which was approved for use in this case in the Claims Process Order,

requires general creditor claimants to "[a]ttach redacted copies of any documents that support the

claim." (Claim Form at 1.)  Furthermore, instructions included with the Claim Form under the

heading "Items to be completed in Proof of Claim form" required creditors to "attach to [the]

proof of claim form redacted copies documenting the existence of the debt and of any lien

securing the debt." (*Id.* at 2.)  The Claim Form also instructed claimants to explain the absence of

documentation "[i]f the documents are not available." (*Id.* at 1.)  The Trustee's website allowed

claimants filing electronically to upload documents as part of their claim submission and thereby

comply with the instructions to include supporting documentation set forth in the Claim Form.

The Claims Process Order also put claimants on notice that they should submit supporting

documentation with their claims.

10.    On November 15, 2012, the Court entered the General Creditor Procedures Order,

which authorizes the Trustee, among other things, to file omnibus objections to no more than 200

claims at a time, on various grounds including those set forth in Bankruptcy Rule 3007(d) and,

additionally, on the ground that the claims "do not include sufficient documentation to ascertain

the validity of the Claim." (General Creditor Objection Procedures Order at 2.)

**THE INSUFFICIENT DOCUMENTATION GENERAL CREDITOR
CLAIMS SHOULD BE DISALLOWED AND EXPUNGED**

11.    In reviewing the claims filed on the general creditor claims register in this case

and maintained by the Trustee's claims agent, the Trustee's professionals have identified the

claims on Exhibit A as claims that should be disallowed and expunged on the basis that they do

not include sufficient information for the Trustee to evaluate the merits and validity of such

claims.

5

12.     The Trustee's counsel contacted each of the Claimants listed on Exhibit A to request information and/or documentation in support of their claims, and provided each Claimant a period of at least fourteen calendar days (the "Response Period") to provide such information and/or documentation.  The Trustee's counsel contacted the Claimants by mail, electronic mail, or telephone, or a combination thereof.  The Claimants did not provide the requested or sufficient additional information and/or documentation within the requested time frame, and have not provided additional or sufficient information and/or documentation in support of their claims to date.  None of the Claimants has requested an extension of the Response Period to provide the Trustee additional information or supporting documentation.  The Insufficient Documentation Claims do not constitute valid *prima facie* claims.

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co. v. Oneida Ltd.*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.     Bankruptcy Rule 3001(c) requires that "[w]hen a claim, or interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c).  Claims filed in accordance with the rules "shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see In re Oneida Ltd.*, 400 B.R. at 389; *see also In re MF Global Holdings Ltd.*, Case No. 11-15059 (MG), 2012 WL 5499847 (Bankr. S.D.N.Y. Nov. 13, 2012).  If a claim fails to

comply with the requirements of Bankruptcy Rule 3001, it is not entitled to *prima facie* validity. *Ashford v. Consol. Pioneer Mortg.* (*In re Consol. Pioneer Mortg.*), 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (holding that since the claimants failed to comply with Rule 3001(c), their claim could not constitute *prima facie* evidence of validity under Rule 3001(f)). Further, this Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010); *accord In re Porter*, 374 B.R. 471, 479-80 (Bankr. D. Conn. 2007).

15.    Without additional information regarding the Insufficient Documentation Claims, the Trustee is unable to evaluate their merits and validity. The Insufficient Documentation Claims lack information necessary to determine the validity of the claims and the Claimants have failed to provide sufficient information or documentation upon request by the Trustee's counsel. The Insufficient Documentation Claims do not constitute valid *prima facie* claims. Therefore, the Trustee requests that the Court disallow and expunge the Insufficient Documentation Claims listed on <u>Exhibit A</u> in their entirety.

## **RESERVATION OF RIGHTS**

16.    The Trustee reserves all rights to object on any other basis to any Insufficient Documentation Claim or any portion of any Insufficient Documentation Claim for which the Court does not grant the relief requested herein.

## **NOTICE**

17.    Notice of this Two Hundred Thirty-Second Omnibus Objection to General Creditor Claims has been provided to (i) each claimant listed on <u>Exhibit A</u> via first-class mail;

and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended

Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and

9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered

by the Court on July 13, 2010, ECF No. 3466, and will be immediately available for inspection

upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee

submits that no other or further notice need be provided.

### <u>NO PRIOR RELIEF REQUESTED</u>

18.    No previous request for the relief requested herein has been made by the Trustee

to this or any other court.

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:    New York, New York
          April 30, 2014

                              HUGHES HUBBARD & REED LLP

                              /s/ James B. Kobak, Jr.
                              James B. Kobak, Jr.
                              Christopher K. Kiplok
                              Meaghan C. Gragg
                              Kamanta C. Kettle
                              One Battery Park Plaza
                              New York, New York 10004
                              Telephone:  (212) 837-6000
                              Facsimile: (212) 422-4726
                              Email:  kobak@hugheshubbard.com


                              Attorneys for James W. Giddens,
                              Trustee for the SIPA Liquidation of
                              Lehman Brothers Inc.

# EXHIBIT A

# IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA
## TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS:
### EXHIBIT A - INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | ANTONCIC, MADELYN PHD<br>3413 DENT PLACE, NW<br>WASHINGTON, DC  20007 | 3195 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 2 | ANTONCIC, MADELYN<br>IRA CUSTODIAN<br>EARNEST MIDCAP<br>3413 DENT PLACE, NW<br>WASHINGTON, DC  20007 | 3196 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 3 | CAROLINAS HEALTHCARE FOUNDATION<br>SCOTT KERR<br>PO BOX 32861<br>CHARLOTTE, NC  28232 | 9005419 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 4 | DESERET TRUST CO FBO BENEFICIAL LIFE INS<br>CO DBA BENEFICIAL FIN GROUP<br>NICK LARSEN<br>PO BOX 11558<br>SALT LAKE CITY, UT  84147 | 7002599 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 5 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>JOE KEMBLE<br>PO BOX 305050<br>NASHVILLE, TN  37230 | 9008120 | 3/27/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 6 | FRONT LINE MANAGEMENT GROUP, INC<br>COLIN HODGESON<br>KENNETH LEMUNYON<br>FRONTLINE MANAGEMENT GROUP, INC<br>1100 GLENDON AVENUE<br>SUITE 1100<br>LOS ANGELES, CA  90067 | 7001398 | 3/27/2009 | $262,665.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |

*Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

64097406_1

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 7 | HO, MAGGIE<br>137 ORIENT WAY<br>APT 3C<br>RUTHERFORD, NJ 07070 | 7000075 | 12/10/2008 | $651.08 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 8 | HOFFMEISTER, PERRY COLTER<br>41 JONES PARK DRIVE<br>RIVERSIDE, CT 06878 | 7002117 | 5/28/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 9 | INFIRMARY HEALTH PENSION PLAN<br>FIRST PACIFIC ADVISORS, LLC<br>INFIRMARY HEALTH PP [REDACTED]<br>11400 W. OLYMPIC BLVD.<br>LOS ANGELES, CA 90064 | 8004142 | 5/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 10 | INFIRMARY HEALTH SYSTEM<br>FIRST PACIFIC ADVISORS, LLC<br>INFIRMARY HEALTH SYS #[REDACTED]<br>11400 W. OLYMPIC BLVD.<br>LOS ANGELES, CA 90064 | 8004141 | 5/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 11 | LAURIE, EVELYN T<br>PO BOX 371939<br>LAS VEGAS, NV 89137 | 7002321 | 5/30/2009 | $70,000.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 12 | L'ESPERANCE, ROSALYN<br>FOUR EAST 72ND ST, 4A<br>NEW YORK, NY 10021 | 3232 | 2/2/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 13 | MATARESE, MATTHEW<br>33 RAILROAD AVENUE<br>APT 9<br>MILFORD, CT 06460 | 7000154 | 12/19/2008 | $59.62 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 14 | NEUBERGER BERMAN LLC<br>STEPHEN WRIGHT VICE PRESIDENT<br>605 THIRD AVENUE<br>NEW YORK, NY 10158-3698 | 9008145 | 4/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |

2

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

64097406_1

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 15 | PENCHINA, JODI<br>311 EAST 50TH STREET<br>#9F<br>NEW YORK, NY  10022 | 9000817 | 1/5/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 16 | PEP CREDIT INVESTOR L.P.<br>DAVID J. MOLTON<br>BROWN RUDNICK LLP<br>SEVEN TIMES SQUARE<br>NEW YORK, NY  10036 | 7002297 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 17 | THE BANK OF NEW YORK MELLON CORPORATION<br>ROBERT E. BAILEY, ESQ.<br>ONE WALL STREET<br>11TH FLOOR<br>NEW YORK, NY  10286 | 7002448 | 6/1/2009 | $19,003.80 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 18 | USAA (AUTO)<br>CHRISTOPHER LAIA<br>USAA INVESTMENT MANAGEMENT COMPANY<br>9800 FREDERICKSBURG ROAD<br>SAN ANTONIO, TX  78288 | 8003145 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 19 | UVINO, WENDY M.<br>50 EAST 89TH STREET<br>APT 22F<br>NEW YORK, NY  10128 | 5056 | 5/29/2009 | $283,307.69 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| | Total | | | $635,687.19 | |

3

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

64097406_1

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (SCC) SIPA

## [PROPOSED] ORDER GRANTING THE TRUSTEE'S
## TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION
## TO GENERAL CREDITOR CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the two hundred thirty-second omnibus objection to claims (as amended),

dated April 30, 2014 (the "Two Hundred Thirty-Second Omnibus Objection to General Creditor

Claims"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman

Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of 1970, as

amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this

proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging the

Insufficient Documentation Claims, as more fully described in the Two Hundred Thirty-Second

Omnibus Objection to General Creditor Claims; and due and proper notice of the Two Hundred

Thirty-Second Omnibus Objection to General Creditor Claims having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Two Hundred Thirty-Second Omnibus Objection to

---

1.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Two Hundred Thirty-Second Omnibus Objection to General Creditor Claims.

General Creditor Claims is in the best interests of LBI, its estate, its customers and creditors, and

all parties in interest and that the legal and factual bases set forth in the Two Hundred Thirty-

Second Omnibus Objection to General Creditor Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED** that the relief requested in the Two Hundred Thirty-Second Omnibus

Objection to General Creditor Claims is granted; and it is further

      **ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> are disallowed and expunged in their entirety with prejudice; and it is further

      **ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  New York, New York
          _____ __, 2014

                                      _____
                                        HONORABLE SHELLEY C. CHAPMAN,
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

## TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS:
### EXHIBIT 1 - INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | ANTONCIC, MADELYN PHD<br>3413 DENT PLACE, NW<br>WASHINGTON, DC  20007 | 3195 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 2 | ANTONCIC, MADELYN<br>IRA CUSTODIAN<br>EARNEST MIDCAP<br>3413 DENT PLACE, NW<br>WASHINGTON, DC  20007 | 3196 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 3 | CAROLINAS HEALTHCARE FOUNDATION<br>SCOTT KERR<br>PO BOX 32861<br>CHARLOTTE, NC  28232 | 9005419 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 4 | DESERET TRUST CO FBO BENEFICIAL LIFE INS<br>CO DBA BENEFICIAL FIN GROUP<br>NICK LARSEN<br>PO BOX 11558<br>SALT LAKE CITY, UT  84147 | 7002599 | 6/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 5 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>JOE KEMBLE<br>PO BOX 305050<br>NASHVILLE, TN  37230 | 9008120 | 3/27/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 6 | FRONT LINE MANAGEMENT GROUP, INC<br>COLIN HODGESON<br>KENNETH LEMUNYON<br>FRONTLINE MANAGEMENT GROUP, INC<br>1100 GLENDON AVENUE<br>SUITE 1100<br>LOS ANGELES, CA  90067 | 7001398 | 3/27/2009 | $262,665.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 7 | HO, MAGGIE<br>137 ORIENT WAY<br>APT 3C<br>RUTHERFORD, NJ  07070 | 7000075 | 12/10/2008 | $651.08 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |

---

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined," or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

64097406_1

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 8 | HOFFMEISTER, PERRY COLTER<br>41 JONES PARK DRIVE<br>RIVERSIDE, CT  06878 | 7002117 | 5/28/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 9 | INFIRMARY HEALTH PENSION PLAN<br>FIRST PACIFIC ADVISORS, LLC<br>INFIRMARY HEALTH PP [REDACTED]<br>11400 W. OLYMPIC BLVD.<br>LOS ANGELES, CA  90064 | 8004142 | 5/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 10 | INFIRMARY HEALTH SYSTEM<br>FIRST PACIFIC ADVISORS, LLC<br>INFIRMARY HEALTH SYS #[REDACTED]<br>11400 W. OLYMPIC BLVD.<br>LOS ANGELES, CA  90064 | 8004141 | 5/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 11 | LAURIE, EVELYN T<br>PO BOX 371939<br>LAS VEGAS, NV  89137 | 7002321 | 5/30/2009 | $70,000.00 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 12 | L'ESPERANCE, ROSALYN<br>FOUR EAST 72ND ST, 4A<br>NEW YORK, NY  10021 | 3232 | 2/2/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 13 | MATARESE, MATTHEW<br>33 RAILROAD AVENUE<br>APT 9<br>MILFORD, CT  06460 | 7000154 | 12/19/2008 | $59.62 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 14 | NEUBERGER BERMAN LLC<br>STEPHEN WRIGHT VICE PRESIDENT<br>605 THIRD AVENUE<br>NEW YORK, NY  10158-3698 | 9008145 | 4/1/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 15 | PENCHINA, JODI<br>311 EAST 50TH STREET<br>#9F<br>NEW YORK, NY  10022 | 9000817 | 1/5/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 16 | PEP CREDIT INVESTOR L.P.<br>DAVID J. MOLTON<br>BROWN RUDNICK LLP<br>SEVEN TIMES SQUARE<br>NEW YORK, NY  10036 | 7002297 | 5/29/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |

2

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 17 | THE BANK OF NEW YORK MELLON CORPORATION<br>ROBERT E. BAILEY, ESQ.<br>ONE WALL STREET<br>11TH FLOOR<br>NEW YORK, NY  10286 | 7002448 | 6/1/2009 | $19,003.80 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 18 | USAA (AUTO)<br>CHRISTOPHER LAIA<br>USAA INVESTMENT MANAGEMENT COMPANY<br>9800 FREDERICKSBURG ROAD<br>SAN ANTONIO, TX  78288 | 8003145 | 1/30/2009 | UNSPECIFIED* | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| 19 | UVINO, WENDY M.<br>50 EAST 89TH STREET<br>APT 22F<br>NEW YORK, NY  10128 | 5056 | 5/29/2009 | $283,307.69 | CLAIM LACKS SUFFICIENT DOCUMENTATION. |
| | Total | | | $635,687.19 | |

3

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.