**Hearing Date and Time:  June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: June 5, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation
of Lehman Brothers Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (SCC) SIPA |
| Debtor. | |

**NOTICE OF TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 502(a), 502(c) AND 726 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3009 (I) ESTABLISHING A FINAL RESERVE FOR SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, (II) ALLOWING CERTAIN SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, (III) AUTHORIZING THE TRUSTEE TO SATISFY ALLOWED SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, AND RELATED RELIEF**

**PLEASE TAKE NOTICE** that on May 8, 2014, James W. Giddens (the

"Trustee"), as Trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI" or the

"Debtor"), under the Securities Investor Protection Act ("SIPA") of 1970, as amended, 15 U.S.C.

§ 78aaa *et seq.*, by and through his undersigned counsel, filed a motion (the "Motion") for an

order pursuant to sections 105(a), 502(a), 502(c) and 726 of the Bankruptcy Code and

Bankruptcy Rule 3009 (i) establishing a final reserve for secured, administrative and priority

claims, (ii) allowing certain secured, administrative and priority claims, (iii) authorizing the

Trustee to satisfy allowed secured, administrative and priority claims, and related relief, all as

more fully described in the Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 621, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the Order must (i) be in writing; (ii) state the name and address of the objecting party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399, by registered users of the Court's Electronic Case Filing System, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format no later than **June 5, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, Attn: James B. Kobak, Jr., Esq., Jason C. Benton Esq., Meaghan C. Gragg Esq. and Gregory C. Farrell Esq.; (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C., 20005, Attn: Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to the chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Court, Courtroom 621, One Bowling Green, New York, New York, 10004.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Motion, the Trustee may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated:   New York, New York
         May 8, 2014

                                        HUGHES HUBBARD & REED LLP

                                        By:  /s/ Jason C. Benton
                                             James B. Kobak, Jr.
                                             Christopher K. Kiplok
                                             Jason C. Benton
                                             Gregory C. Farrell
                                             One Battery Park Plaza
                                             New York, New York 10004
                                             Telephone:  (212) 837-6000
                                             Facsimile:  (212) 422-4726
                                             Email:  benton@hugheshubbard.com

                                        Attorneys for James W. Giddens, Trustee
                                        for the SIPA Liquidation of Lehman
                                        Brothers Inc.

3

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation
of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (SCC) SIPA |
| Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 502(a), 502(c) AND 726 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3009 (I) ESTABLISHING A FINAL RESERVE FOR SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, (II) ALLOWING CERTAIN SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, (III) AUTHORIZING THE TRUSTEE TO SATISFY ALLOWED SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, AND RELATED RELIEF**

## TABLE OF CONTENTS

**Page**

Preliminary Statement..........................................................................................................2

Background .........................................................................................................................7

       Overview of Progress Made in Resolving General Creditor Claims................................10

Jurisdiction .......................................................................................................................13

Relief Requested ..............................................................................................................13

Basis for Relief ................................................................................................................17

     I.     Establishing Reserves for Secured and Priority Claims is a Necessary
             Predicate to Making General Estate Distributions and the Trustee's
             Proposed Reserve Should be Approved..............................................................17

     II.    If Appropriate Final Reserves Can Be Established and the Barclays Admin
             Claim Resolved, Distributions to Holders of Allowed Secured and Priority
             Claims Are Appropriate and Should Be Approved. ............................................23

Objections to Claims and Reservation of Rights .............................................................25

Notice...............................................................................................................................26

No Prior Request...............................................................................................................26

Conclusion .......................................................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) ...........................................19

*In re Asia Global Crossing Ltd.*, Case Nos. 02-15749 (SMB), 02-15750 (SMB)
  (Bankr. S.D.N.Y., Dec. 14, 2004)...............................................................................19, 20, 26

*In re Chemtura Corp.*, 448 B.R. 635 (Bankr. S.D.N.Y. 2011) .......................................................22

*In re Energy Coop., Inc.*, 173 B.R. 363 (N.D. Ill. 1994) ...............................................................26

*In re Enron Corp.*,
  01-16034 (AJG), 2006 WL 544463 (Bankr. S.D.N.Y. Jan. 17, 2006) .................19, 20, 21, 22

*In re Enron Creditors Recovery Corp. (f/k/a Enron Corp.)*,
  Case No. 01-16034 (ALG) (Bankr. S.D.N.Y. April 15, 2014).........................................20, 21

*In re Griffin Trading Co.*, 270 B.R. 883 (Bankr. N.D. Ill. 2001), *aff'd*, 270 B.R. 905
  (N.D. Ill. 2001).......................................................................................................................26

*In re Harbor Fin. Grp., Inc.*, 303 B.R. 124 (Bankr. N.D. Tex. 2003) ...........................................26

*In re Jacom Computer Servs. Inc.*, 280 B.R. 570 (Bankr. S.D.N.Y. 2002) ...................................22

*Lautenberg Found. v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 512 F. App'x 18
  (2d Cir. 2013)..........................................................................................................................19

*In re Leidheiser*, No. 08-30646, 2009 WL 1587431 (Bankr. N.D. Ohio Mar. 6, 2009)...............22

*In re Project Orange Assocs., LLC*, No. 10-12307 (MG), 2011 WL 6779511 (Bankr.
  S.D.N.Y. Dec. 16, 2011)..........................................................................................................22

*In re Refco, LLC*, Case No. 05-60134 (RDD) (Bankr. S.D.N.Y. June 14, 2007)..........................26

*In re Southeast Banking Corp.*, Case No. 91-14561-BKC-PGH (Bankr. S.D. Fla. 2003) ............26

*In re Young*, 214 B.R. 905 (Bankr. D. Idaho 1997).....................................................................22

**STATUTES AND RULES**

11 U.S.C. § 105(a) ................................................................................................ *passim*

11 U.S.C. § 502(a) ................................................................................................ *passim*

11 U.S.C. § 502(c) ................................................................................................ *passim*

11 U.S.C. § 503(b)(1) through (8) ............................................................................................................11

11 U.S.C. § 503(b)(9) ...............................................................................................................................11

11 U.S.C. § 506 ....................................................................................................................................4, 10

11 U.S.C. § 507 .......................................................................................................................4, 11, 15, 25

11 U.S.C. § 507(a)(4) ..........................................................................................................................15, 16

11 U.S.C. § 553 .................................................................................................................................4, 5, 16

11 U.S.C. § 704(a)(5) ...............................................................................................................................12

11 U.S.C. § 726 ....................................................................................................................2, 19, 20, 25

11 U.S.C. § 726(a)(1) ...............................................................................................................................25

15 U.S.C. § 78aa .......................................................................................................................................13

15 U.S.C. §§ 78aaa .....................................................................................................................................1

15 U.S.C. § 78eee(a)(3) ............................................................................................................................13

15 U.S.C. § 78eee(b)(3) ..............................................................................................................................7

15 U.S.C. § 78eee(b)(4) .........................................................................................................................7, 13

15 U.S.C. § 78fff-1(a)(1) ...........................................................................................................4, 6, 14, 18

15 U.S.C. § 78fff-2(a)(1) .............................................................................................................................8

15 U.S.C. § 78fff-2(a)(3) .......................................................................................................................8, 12

15 U.S.C. § 78fff(e) .............................................................................................................................14, 25

Fed. R. Bankr. P. 3009 ...................................................................................................................... *passim*

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
|       LEHMAN BROTHERS INC., | Case No. 08-01420 (SCC) SIPA |
|                         Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 502(a),
502(c) AND 726 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3009 (I)
ESTABLISHING A FINAL RESERVE FOR SECURED, ADMINISTRATIVE AND
PRIORITY CLAIMS, (II) ALLOWING CERTAIN SECURED, ADMINISTRATIVE AND
PRIORITY CLAIMS, (III) AUTHORIZING THE TRUSTEE TO SATISFY ALLOWED
<u>SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, AND RELATED RELIEF</u>**

James W. Giddens (the "<u>Trustee</u>"), as Trustee for the liquidation of the business

of Lehman Brothers Inc. (the "<u>Debtor</u>" or "<u>LBI</u>") under the Securities Investor Protection Act of

1970, as amended, 15 U.S.C. sections 78aaa *et seq*. ("<u>SIPA</u>"),[1] by and through his undersigned

counsel, hereby submits this motion (the "<u>Motion</u>") to establish a reserve for Secured Claims and

---

1.  References to SIPA refer to the statutory sections in effect as of the commencement of LBI's
    liquidation.

Priority Claims (each as defined below) in final maximum amounts[2] pursuant to sections 105(a),

502(a) and 502(c) of the Bankruptcy Code, allow certain Secured and Priority Claims pursuant to

section 502(a) of the Bankruptcy Code, and to obtain the Court's approval, if the Secured and

Priority Claims Reserve (as defined below) is established and the Barclays Admin Claim (as

defined below) is satisfactorily resolved, to make a 100 percent distribution from the LBI general

estate to the holders of the Allowed Secured and Priority Claims (as defined below) in

accordance with SIPA, section 726 of the Bankruptcy Code and Bankruptcy Rule 3009.  In

support of this Motion, the Trustee respectfully states the following:

### Preliminary Statement

1.      The Trustee, under the Court's supervision and with the Securities

Investor Protection Corporation's ("SIPC") active involvement and oversight, has achieved the

goal of being able to fully pay SIPA customers in this liquidation, the largest and most complex

broker-dealer liquidation in history.  As a result, for the last year the estate has also been focused

on resolving the over 13,400 general creditor claims asserted against it.  Approximately 11,100

of those claims have been resolved through consensual resolutions, the ADR Procedures

approved by this Court, omnibus objections, or otherwise.  That process continues and will

continue expeditiously until all claims have been resolved.  In that regard, there are currently

1,144 claims subject to objections pending before the Court.  In the past five weeks alone, the

Trustee filed 10 omnibus objections seeking to expunge, reduce or modify 374 claims.  The

Trustee intends to continue the general creditor claims process on the same accelerated pace as

---

2.  With such reserve being, for Priority Claims and certain Secured Claims, the maximum
    potentially allowable amount of the Claim.

has been shown over the past year while also proceeding in parallel with his plan to make distributions from the general estate, of which this Motion is the first step.

2.    At this point, the Trustee, in consultation with SIPC, believes it is in the best interests of the estate and its creditors to make interim distributions. To do so, the estate must have certainty as to its assets and the scope of the claims that may be allowed against those assets. Therefore, the Trustee files this Motion for approval to set final reserves for Secured and Priority Claims as part of an overall plan to make an interim distribution to general unsecured creditors as soon as practicable. Approval of this Motion and the final reserves that it contemplates, along with satisfactory resolution of the Barclays Admin Claim, will provide certainty as to the Secured and Priority Claims and also allow a 100 percent distribution in the near term to those that have been allowed. It also sets the stage for another reserving motion in the near term with respect to general unsecured claims to facilitate an interim distribution for allowed unsecured claims.

3.    While interim distributions often are not practicable in chapter 7 or SIPA cases, the extraordinary progress and results to date of the LBI liquidation and the amount of cash that can potentially be distributed to creditors call for the implementation of a plan that allows creditors—whether priority or unsecured—to receive interim distributions while fully protecting the LBI estate and respecting the due process rights of all. This Motion is intended as the first step towards that goal.

4.    An outline of the relief requested in this Motion is set out below:

- Upon filing, the Trustee will serve a copy of this Motion via overnight mail on all pending general creditor claimants—including secured, administrative, priority and unsecured claimants—with allowed or unresolved claims.

- The Trustee has listed on Schedule A to this Motion the Priority Claims (except for claims by taxing authorities) that, to date, the Trustee has

determined are not objectionable and proposes be finally allowed in the amount asserted by the claimant, as set forth on Schedule A, pursuant to section 502(a) of the Bankruptcy Code.

- Schedule B is a list of all the Priority Claims that, to date, have been finally allowed by settlement or have been ordered by the Court as finally allowed in a specified amount as a result of the Trustee's omnibus objections to reduce claims.

- Schedule C is a list of the unresolved Secured and Priority Claims (except for claims by taxing authorities and the claims listed on Schedule E) and a proposed final reserve on each claim, which, for Priority Claims and certain Secured Claims, the Trustee intends to be the final maximum allowable amount for each such Claim and the final and total amount which the Trustee will reserve for each such Claim. For Secured Claims asserting secured status based on a right to set off pursuant to section 553 of the Bankruptcy Code, the Trustee proposes to set the reserve at zero, without affecting the claimant's set off rights or the maximum allowable amount of the Secured Claim, because such Secured Claims even if allowed will not result in a distribution from the estate (although such claimants may have unsecured claims that may result in a distribution). In general, the Trustee has calculated the cap for each claim to be the total amount that could potentially be allowed and distributed to the claimant as secured pursuant to section 506 or as entitled to one of the priorities listed in section 507 of the Bankruptcy Code. For claims asserted as unliquidated or contingent, the Trustee generally has set a cap of zero, unless a higher amount could be discerned through review of the claim or discussions with claimants.

- Schedule D is a list of all the Secured and Priority Claims asserted by taxing authorities. The claims by taxing authorities are included in this separate Schedule for ease of the taxing authorities and their counsel in finding their claims on the Schedules. Schedule D-1 is a list of those that, to date, the Trustee has determined are not objectionable and proposes be finally allowed in the amount asserted by the claimant, as set forth on Schedule D-1 pursuant to section 502(a) of the Bankruptcy Code (together with the claims on Schedules A and B, the "Allowed Secured and Priority Claims"). Schedule D-2 is a list of those that are unresolved and a proposed final reserve on each claim, which for Priority and certain Secured Claims, the Trustee intends to be the final maximum allowable amount for each Claim and the final and total amount which the Trustee will reserve for each claim. For Secured Claims by taxing authorities asserting secured status based on a right to set off pursuant to section 553 of the Bankruptcy Code, the Trustee proposes to set the reserve at zero, without affecting the claimant's set off rights or the maximum allowable amount of the Secured Claim, because such Secured Claims even if allowed will not result in a distribution from the estate (although such

claimants may have unsecured claims that may result in a distribution). The Trustee has conservatively calculated the cap for each claim to be the total amount that could potentially be allowed and distributed to the claimant.

- Schedule E is a list of certain unresolved Secured and Priority Claims related to a consolidated adversary proceeding currently pending before the Court and a proposed final reserve for each claim, which the Trustee intends to be the final maximum allowable amount for each claim and the final and total amount which the Trustee will reserve for each Secured and Priority Claim. These Secured and Priority Claims are included in this separate Schedule for ease of the claimants and their counsel in finding the claims on the Schedules. The Trustee has calculated the proposed cap for each claim as the amount asserted by the claimant.

- To the extent a particular claimant disagrees with the Trustee's proposed cap for its claim, the Trustee intends to discuss the claim with the claimant and encourages claimants who disagree with the Trustee's proposed cap to contact the Trustee's counsel. <u>In this regard, the Trustee has set up a call center to communicate with claimants. The phone number for the call center is **(212) 837-6313**</u>.

- At least two business days before the hearing on this Motion, the Trustee will submit revised Schedules A, B, C, D and E (collectively, the "<u>Revised Schedules</u>," and each individually, a "<u>Revised Schedule</u>") to the Court reflecting any adjustments to the proposed cap resulting from claimant input or resolution of omnibus objections during the pendency of this Motion expunging or fixing the allowed amount of claims.

5.    In attempting to establish this Secured and Priority Claims Reserve, the Trustee looks to strike a fair balance between the interests of holders of allowed general creditor claims and the holders of unresolved claims. If approved, the Secured and Priority Claims Reserve will cap the maximum possible allowable amount of Priority Claims and certain Secured Claims and establish final reserves for Secured and Priority Claims, including practically all pending and unresolved Secured and Priority Claims that are unliquidated or contingent.[3] Fixing

---

3. This Motion and relief requested herein does not apply to the Administrative Expense (as defined below) claim asserted by Barclays Capital Inc. ("<u>Barclays</u>") (claim no. 6378, the

(Footnote continued on next page)

5

the population of Secured and Priority Claims and capping and establishing a reserve for these claims will pave the way for distributions to holders of Allowed Secured and Priority Claims, and is a necessary step towards making distributions to holders of allowed general unsecured claims, while at the same time providing a mechanism for the Trustee to make later distributions to holders of any currently unresolved Secured or Priority Claims, if and when those claims are allowed.

6.        This Motion is the first step towards unlocking the significant cash in the LBI general estate for distribution to holders of allowed general creditor claims—a prospect that itself was in doubt during the first few years of this proceeding.  Setting final reserves for Secured and Priority Claims and satisfactory resolution of the Barclays Admin Claim will provide the certainty as to the maximum liabilities of the estate for Secured and Priority Claims that the Trustee needs to make distributions to Allowed Secured and Priority Claims.

---

(Footnote continued from previous page)

"Barclays Admin Claim").  The Trustee is engaged in discussions with Barclays and hopes to have its claim resolved before the hearing on this Motion.  If the Trustee is unable to resolve this claim consensually, he anticipates filing a separate motion to set reserves for this claim.

Nor does this Motion and the relief requested herein apply to the Administrative Expense claims of any person or entity who is a professional advisor (*e.g.*, counsel, financial advisors, accountants, claims agents) retained by the Trustee, including all counsel retained pursuant to orders of the Bankruptcy Court and the District Court, and all other professionals retained, with permission from SIPC, pursuant to SIPA section 78fff-1(a)(1), and SIPC itself, or any claims for administrative expenses arising after August 31, 2013 as there is no bar date for such claims at this time.  However, as described *infra* at paragraph 18, the Trustee is reserving for such expenses based on conservative estimates and experience to date, although the final amount will not be known until the conclusion of the liquidation.

7.    SIPC has reviewed the Motion and supports the relief requested herein.

SIPC agrees with the Trustee that this is the appropriate time in the SIPA Proceeding to seek to

establish sufficient reserves for Secured and Priority Claims.

8.    For the reason provided herein, the Trustee respectfully requests that the

Court authorize the Trustee to establish the Secured and Priority Claims Reserve, and, contingent

upon approval of the Secured and Priority Claims Reserve and the satisfactory resolution of the

Barclays Admin Claim, authorize the Trustee to make a 100 percent distribution to the holders of

the Allowed Secured and Priority Claims.

### Background

9.    On September 19, 2008 (the "Filing Date"), the Honorable Gerard E.

Lynch, United States District Court Judge for the Southern District of New York, entered the

Order Commencing Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to

the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v.*

*Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i)

appointed the Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3)

of SIPA, and (ii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA, in the

case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA Proceeding").

10.    On November 7, 2008, the Court entered the Order Approving Form and

Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and

Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers

and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Customer Claims

Process Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section

78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to

former LBI customers and other potential claimants (the "Claims Process Notice") and posted

7

claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The Trustee also published notice of the claims process in *The New York Times*, *The Wall Street Journal* and the *Financial Times*.

11.    Pursuant to SIPA section 78fff-2(a)(3) and the Customer Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and pre-petition general creditor claims must have been received by the Trustee by June 1, 2009 (the "Claims Bar Date").  A copy of the LBI Customer Claims Process Order was made publicly available at www.lehmantrustee.com.

12.    On November 15, 2012, the Court entered the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Objection Procedures (the "Objection Procedures Order," ECF No. 5441) establishing procedures for the Trustee to object to general creditor claims.  7,964 claims had been expunged as of March 31, 2014.  *See* Quarterly Report on the General Creditor Claims Process for the Period Ending March 31, 2014 at 4, April 29, 2014 (the "March 31st Quarterly Report," ECF No. 8793).

13.    On March 11, 2013, the Court entered the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (the "Settlement Procedures Order," ECF No. 5847).  2,307 claims had been allowed or settled as of March 31, 2014.  *See* March 31st Quarterly Report at 3.

14.    On September 19, 2013, the Court entered an Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating

Thereto and Approving The Form And Manner of Notice Thereof (the "Administrative Bar Date Order," ECF No. 7288), establishing October 31, 2013 at 5:00 p.m. (Eastern Time) as the "Administrative Bar Date" for all Administrative Proofs of Claim (as defined in the Administrative Bar Date Order).[4] *See* Administrative Bar Date Order at 1.

15.    On September 26, 2013, the Court entered an Order Establishing Claims Hearing Procedures and Alternative Dispute Resolution Procedures for General Creditor Claims Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-452 (the "General Creditor Procedures Order," ECF No. 7351).

16.    On or about October 30, 2013, Barclays filed the Barclays Admin Claim claiming $103 million plus unliquidated amounts in Administrative Expense claims.  The Trustee is currently engaged in discussions with Barclays and hopes to resolve its claim consensually.  However, if necessary, the Trustee is prepared to file a separate motion to establish a reserve for the Barclays Admin Claim to allow the Trustee to proceed with the distributions contemplated in this Motion.

17.    As of March 31, 2014, the LBI General Estate contained total assets worth over $4.2 billion.[5] *See* Lehman Brothers Inc. Liquidation Balance Sheet as of March 31, 2014 at 1, April 29, 2014 (the "March 31st Balance Sheet," ECF No. 8794).  As of the same date, the

---

4.  The deadline for the United States and its agencies to submit such claims was extended to November 18, 2013, pursuant to General Order M-460 entered by the Court on October 1, 2013.

5.  This amount does not include post-filing date interest which will be allocated in a future motion and amounts currently in the customer estate which may be reallocated to the general estate in the future.

aggregate allowed amount of Priority Claims was approximately $241.5 million.  *See* March 31st

Quarterly Report at 3.

18.    At this time, the Trustee conservatively estimates the administrative

expenses to complete the liquidation to be $850 million, although the amount of such fees,

including professional fees, will not be known with certainty until closer to the conclusion of the

liquidation.

## Overview of Progress Made in Resolving General Creditor Claims

19.    As of March 31, 2014, there were 167 unresolved claims asserting secured

status pursuant to section 506 of the Bankruptcy Code (each a "Secured Claim") and 289

unresolved claims asserting entitlement to a priority, including claims for Administrative

Expenses,[6] under section 507 of the Bankruptcy Code (each a "Priority Claim").  Certain of the

unresolved Secured and Priority Claims were asserted in contingent and unliquidated amounts.

Other claimants have reserved the right to amend their claim amounts.  In order to permit

payment of allowable Secured and Priority Claims, it is necessary to establish a final reserve for

the Secured and Priority Claims (the "Secured and Priority Claims Reserve") by fixing the

population of asserted Secured and Priority Claims and capping unresolved Priority Claims and

---

6.  For purposes of this Motion, the term "Administrative Expenses" shall mean (a) any right to
    payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed,
    contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured,
    and (b) any right to an equitable remedy for breach of performance if such breach gives rise
    to a right to payment, whether or not such right to an equitable remedy is reduced to
    judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured
    that (x) arises under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the
    Bankruptcy Code (excluding, for the avoidance of doubt, claims arising under section
    503(b)(9)) and (y) first arose (or, only in the case of unexpired leases of real and personal
    property, accrued) as to or against LBI on or after the Filing Date through and including
    August 31, 2013.

Secured Claims not based on set off rights at the fixed and final maximum amounts proposed by the Trustee on Schedules C, D-2 and E, which represent the maximum amounts at which the senior portions of these claims potentially may be allowed and distributed based on the Trustee's review of the claims and supporting documentation and the applicable provisions of the Bankruptcy Code. Secured Claims based on set off rights will be reserved at zero, without prejudice to the asserted set off rights or the secured amount of the claim that potentially may be allowable as secured.

20.     Consistent with SIPA section 78fff-2(a)(3) and pursuant to the Customer Claims Process Order, the bar date to file pre-petition general creditor claims against the LBI estate was the Claims Bar Date. Pursuant to the Administrative Bar Date Order, with certain exceptions, October 31, 2013 was the Administrative Bar Date for Administrative Expense claims arising between the Filing Date and August 31, 2013. As of March 31, 2014, the Trustee had received 13,406 general creditor claims, including claims originally filed on SIPC customer claim forms but subsequently reclassified as general creditor, asserting over $9.3 billion in Secured Claims and over $4.5 billion in Priority Claims.

21.     In keeping with SIPA and section 704(a)(5) of the Bankruptcy Code, the Trustee has undertaken a comprehensive review and reconciliation of all general creditor claims, including Secured and Priority Claims, filed against LBI to determine the validity and amounts of such claims. The Trustee has made significant progress in this regard. As part of this process, the Trustee has been in contact with many claimants in efforts to reconcile their claim amounts or otherwise resolve disputed issues.

22.      As of April 30, 2014, 2,407 claims had been allowed or settled.[7] 523 additional claims had been voluntarily withdrawn by the claimants.  The Trustee had filed 232 omnibus objections seeking to expunge, reduce or reclassify over 8,838 claims.  There were 2,688 remaining unresolved claims, because the validity of the claim or claimed amount is in dispute or because the allowable amount (if any) has not yet been determined by the Trustee. 1,120 of these claims were subject to objections pending before the Court.

23.      All told, out of these overall numbers, $8,463,360,660 of Secured Claims and $4,320,864,500 of Priority Claims have been resolved as of April 30, 2014.  With respect to allowed Priority and Secured Claims as of April 30, 2014, the Trustee has allowed 178 Priority Claims totaling $242,655,600.50.  One Secured Claim has been allowed in a de minimis amount. The 2,688 remaining claims assert $257,815,684 as entitled to be treated as Priority Claims and $854,321,209 as Secured.

24.      In addition to a review of general creditor claims to determine their validity, the Trustee's counsel has specifically reviewed and analyzed the 2,688 remaining general creditor claims to confirm the asserted amount of each claim, including the amount each claimant is asserting as priority and secured, and to identify any contingent or unliquidated portions of the claims.

---

7.  This includes approximately 1,100 claims for which the Trustee has completed his analysis and has determined are not objectionable and should be deemed allowed pursuant to Bankruptcy Code section 502(a).  These claims have not been reflected as allowed on the claims register, and, to the extent they are not included on the Schedules to this Motion, will be disclosed in a filing before the Court in advance of any distribution to unsecured creditors.

## Jurisdiction

25.     Following removal to this Court for all purposes as required for SIPA

cases by section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties

conferred by [SIPA] upon the court to which the application for the issuance of the protective

decree was made." 15 U.S.C. § 78eee(b)(4).

26.     Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15

U.S.C. section 78aa.

## Relief Requested

27.     By this Motion, the Trustee requests that, pursuant to sections 105(a),

502(a), 502(c) and 726 of the Bankruptcy Code and Bankruptcy Rule 3009, as made applicable

to the SIPA Proceeding pursuant to SIPA sections 78fff(b), 78fff-1(a) and 78fff(e), the Court:

a)      fix the final allowed amount of the Priority Claims set forth on Schedules A
        and D-1 hereto, which represent those pending Priority Claims that the
        Trustee has determined are not objectionable and should be accepted in the
        amounts set forth on Schedules A and D-1 as asserted by the claimants
        pursuant to section 502(a) of the Bankruptcy Code.[8] The allowed amounts set
        forth on Schedules A and D-1 do not include any general unsecured portions
        of the claims listed therein;

b)      fix the population of remaining, unresolved Secured and Priority Claims as the
        claims set forth on Schedules C, D-2 and E hereto and cap the amount of
        Priority Claims and Secured Claims (the "Capped Amount"). For Priority
        Claims and Secured Claims not based on set off rights, such Capped Amount
        has been estimated by the Trustee to be the final maximum allowable secured

---

8. Schedule A does not include the Administrative Expense claims of any person or entity who
   is a professional advisor (*e.g.*, counsel, financial advisors, accountants, claims agents)
   retained by the Trustee, including all counsel retained pursuant to orders of the Bankruptcy
   Court and the District Court, and all other professionals retained, with permission from SIPC,
   pursuant to SIPA section 78fff-1(a)(1), and SIPC itself. As noted at paragraph 18, the
   Trustee is reserving for such expenses based on conservative estimates and experience to
   date, although the amount of professional fees will not be known with certainty until closer to
   the conclusion of the liquidation.

and priority amount of each such claim.[9]  For Secured Claims asserting secured status based on set off, the Capped Amount is zero, without prejudice to the claimant's set off rights or the potentially allowable secured amount of the claim based on set off, because such claim, even if validly asserted, will not result in a distribution from the estate (although the claimant may have an unsecured creditor claim that may result in a distribution).  For the avoidance of doubt, the Capped Amount does not cap or otherwise affect the amount of the claim that may be allowable as unsecured.  In general, where a claim or a portion of a claim is liquidated, the Trustee has used the asserted amount of the secured and priority portions of the claim in the Capped Amount, except:

> i.   where claimants have asserted entitlement to a section 507 priority in an amount greater than the statutory limit provided for in the Bankruptcy Code, including on multiple claims by the same claimant, such as employee compensation claims asserting greater than $10,950 as entitled to priority under section 507(a)(4) of the Bankruptcy Code, the Trustee proposes to cap and set a reserve for the priority portion of the claimants' claims at the statutory limit;

> ii.   where a Priority Claim (except for a claim asserted by a taxing authority) is subject to a pending omnibus objection seeking to reduce and allow the priority portion of the claim or is subject to a settlement agreement wherein the priority portion of the claim is allowed in a specific amount that is pending before the Court for approval, the Trustee proposes to cap and a set a reserve for the priority portion of the claim at the reduced or specified amount listed on the omnibus objection or in the settlement agreement.  However, if the claimant has filed a response to the Trustee's objection, and the reduced amount listed on the omnibus objection therefore is disputed, the Trustee has listed the asserted amount as the Proposed Cap, except where the claimant is claiming entitlement to a section 507 priority that is subject to a statutory cap, in which case the Trustee proposes to cap and set a reserve for the priority portion of the claimants' disputed claims at the statutory limit;

> iii.   where a Secured or Priority Claim (except for a claim asserted by a taxing authority) is subject to a pending omnibus objection seeking to reclassify the Claim in full as an unsecured claim or the claim is

---

9.  The Secured Claims (besides the Secured Claims on Schedule E) that are not based on set off rights are claim numbers:  163, 248, 597, 997, 1337, 2589, 2950, 3450, 3604, 4167, 4187, 4271, 4274, 4698, 4847, 5568, 5582, 5642, 5973, 6075, 6090, 6372, 6391, 7000154, 7000390, 7000490, 7000672, 7000806, 7001532, 7002100, 7002217, 7002525, 7002529 and 7002602.

subject to a settlement agreement wherein the Claim is reclassified in full as an unsecured claim that is pending before the Court for approval, the Trustee proposes to cap and set a reserve for the secured and priority portions of the claim at zero. However, if the claimant has filed a response to the Trustee's objection, and the reclassification of the claim to an unsecured claim therefore is disputed, the Trustee has listed the asserted amount as the Capped Amount, except where the claimant is claiming entitlement to a section 507 priority that is subject to a statutory cap, in which case the Trustee proposes to cap and set a reserve for the priority portion of the claimants' claims at the statutory limit; and

iv.    where claimants have asserted a Secured Claim based on set off rights pursuant to section 553 of the Bankruptcy Code, the Trustee is reserving zero, without prejudice to the claimant's asserted set off rights, because the secured portion of the claim—even if valid—will not result in a distribution from the estate;

Further, in general, where a claim or a portion of a claim is asserted as unliquidated or contingent, the Trustee either has assigned a value of zero or a higher amount where possible to discern a potential asserted amount based a review of the claim. Where a claimant asserts that its unliquidated claim is entitled to priority treatment pursuant to section 507(a)(4) of the Bankruptcy Code, the Trustee proposes to cap the claim at the statutory cap of $10,950. The Capped Amounts are set forth on Schedules C, D-2 and E;

c)    authorize the Trustee to establish the Secured and Priority Claims Reserve for all Secured and Priority Claims (except for the Barclays Admin Claim and the administrative expenses described in paragraph 18), which shall be equal to the sum of the Capped Amounts set forth on Schedules C, D-2 and E and the allowed amounts of the Allowed Secured and Priority set forth on Schedules A, B and D-1;

d)    contingent upon approval of the above relief requested with respect to fixing the population of Secured and Priority Claims, establishing the Secured and Priority Claims Reserve and resolving the Barclays Admin Claim, authorize the Trustee to make a distribution of 100 percent to holders of the Allowed Secured and Priority Claims listed on Schedules A, B and D-1 and establish a record date ("Record Date") for the purpose of the distribution, such that the Trustee shall make the distribution to the holders of the Allowed Secured and Priority Claims on the Record Date; and

e)    if any of the Schedules change as a result of the Trustee's discussions with claimants concerning Capped Amounts or as result of a Court Order on a pending omnibus objection, the Trustee will submit Revised Schedules at least two business days before the hearing on this Motion.

28.      Nothing set forth in this Motion shall be deemed or construed as an admission of the Trustee as to any liability for any unresolved Secured or Priority Claim or as to the status of such claims as priority or secured.  The Trustee reserves the right to object to any of the unresolved Secured or Priority Claims.  Further, nothing in this Motion is intended to limit the ability of any holder of any unresolved Secured or Priority Claim to obtain a determination of the validity of its claim and receive from the appropriate capped reserve its finally determined amount through future distributions.

29.      The Secured and Priority Claims Reserve represents the Trustee's calculation of the final maximum allowable amount of the unresolved Priority Claims and the Secured Claims not based on set off rights.  The Trustee's proposed Capped Amount for each Claim listed on Schedules C, D-2 and E hereto does not reflect the amount of such Claim that the Trustee believes should be allowed, or the Trustee's belief that the claim itself should be allowed or should be allowed in the asserted priority.  The rights of both the Trustee and all claimants with respect to determining whether any particular claim is allowable or subject to set off or recoupment are preserved.  It is only the maximum allowable amount of the claim that the Trustee is seeking to fix through this Motion, and claimants will receive notice and an opportunity to be heard should there be some instances where a claimant can establish a basis for capping a claim at a higher amount than the Trustee proposes.

30.      For the further avoidance of doubt, this Motion is **<u>not</u>** a request by the Trustee for an extension of the deadline for holders of pre-Filing Date customer or general creditor claims, including any 503(b)(9) Claims, to file proofs of claim relating thereto, which deadline was established as the Claims Bar Date, or for an extension of the deadline for holders of claims for Administrative Expenses arising between the Filing Date and August 31, 2013, to

file proofs of claim relating thereto, which deadline was established as the Administrative Bar Date.

31.     Additionally, for the avoidance of doubt, nothing set forth herein shall apply to any person or entity (i) who is a professional advisor (*e.g.*, counsel, financial advisors, accountants, claims agents) retained by the Trustee, including all counsel retained pursuant to orders of the Bankruptcy Court and the District Court, and all other professionals retained, with permission from SIPC, pursuant to SIPA section 78fff-1(a)(1), and SIPC itself, or (ii) whose claim for Administrative Expenses arises after August 31, 2013 for which claims there is no bar date at this time.

## Basis for Relief

**I.     Establishing Reserves for Secured and Priority Claims is a Necessary Predicate to Making General Estate Distributions and the Trustee's Proposed Reserve Should be Approved.**

32.     Having effectuated settlement agreements with the major Lehman affiliates to resolve the claims among their respective estates, worked towards substantially completing 100 percent distributions on allowed customer claims filed against the LBI estate, and made considerable progress in the processing of LBI general creditor claims, the Trustee now is proceeding toward an immediate distribution from the LBI general estate to holders of Allowed Secured and Priority Claims, with a meaningful distribution to holders of general unsecured claims to follow.  In order to prepare for such distributions, the Trustee must cap the unresolved Secured and Priority Claims and establish the Secured and Priority Claims Reserve, which the Trustee has estimated to represent the maximum amount allowable for the unresolved Priority Claims and Secured Claims not based on set off rights. Without a fixed Secured and Priority Claims Reserve, and so long as there remain unliquidated and contingent Secured and Priority Claims, the Trustee is unable to make distributions from the LBI general estate.

33.     This Court has authority to establish reserves for unresolved claims in connection with an interim distribution pursuant to sections 502(a), 502(c), and 726 of the Bankruptcy Code and Bankruptcy Rule 3009 in conjunction with section 105(a) of the Bankruptcy Code.  Section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  This broad grant of authority is meant to enable courts to issue orders to ensure the prompt administration of the estate and equitable distribution of the assets.  *See, e.g.*, *Lautenberg Found. v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 512 F. App'x 18, 20 (2d Cir. 2013) (noting that section 105(a) applies in SIPA proceedings and should be liberally construed to further the purposes of a liquidation); *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code.").  In furtherance of sections 502(a), 502(c), and 726 of the Bankruptcy Code and Bankruptcy Rule 3009, and in consideration of the substantial progress made to date by the Trustee, this Court should exercise its section 105(a) powers to establish the Secured and Priority Claims Reserve and clear the path for distributions from the general estate.

34.     The relief the Trustee now seeks is similar to the relief granted in *In re Asia Global Crossing Ltd.*, Case Nos. 02-15749 (SMB), 02-15750 (SMB) (Bankr. S.D.N.Y. entered Dec. 14, 2004), ECF No. 548 (granting chapter 7 trustee's motion to make interim distributions and establish claim reserves) (attached as exhibit 2 hereto), and analogous to the relief granted *In re Enron Corp.*, 01-16034 (AJG), 2006 WL 544463 (Bankr. S.D.N.Y. Jan. 17, 2006).  In *In re Asia Global Crossing Ltd.*, the chapter 7 trustee, relying on sections 105(a) and 726 of the Bankruptcy Code, sought court approval to make an interim distribution to creditors of the debtors' estates in light of the significant amount of cash available for distribution, while

18

also maintaining sufficient reserves for disputed claims and the continuing administrative

expenses of the estate. *See* Motion of Chapter 7 Trustee for Entry of an Order Authorizing and

Approving (i) First Interim Distribution to Creditors of the Asia Global Crossing Ltd. Estate, and

(ii) Establishment of Reserves for Disputed Claims, Certain Administrative Expenses, Certain

Allowed Claims and Unknown or Unquantifiable Claims Against the Debtor's Estates, *Asia*

*Global Crossing Ltd.*, Case Nos. 02-15749 (SMB), 02-15750 (SMB) (Bankr. S.D.N.Y. entered

Nov. 18, 2004), ECF No. 517 (chapter 7 trustee's motion for order authorizing and approving

interim distribution and claim reserves) (attached as exhibit 3 hereto).

      35.    In *In re Enron Corp.*—a chapter 11 case where the reorganized debtors

emerged from chapter 11 to wind-down and liquidate remaining assets, *see* Thirty-Eighth Post-

Confirmation Status Report of the Reorganized Debtors Pursuant to Section 1106(a)(7) of the

Bankruptcy Code and the Post-Confirmation Order, *In re Enron Creditors Recovery Corp. (f/k/a*

*Enron Corp.)*, Case No. 01-16034 (ALG), at *1-3 (Bankr. S.D.N.Y. entered April 15, 2014),

ECF No. 31908 (attached as exhibit 4 hereto)—the debtors, relying on sections 105(a), 502(c)

and the debtors' plan of reorganization, sought court approval to establish reserves for certain

contingent and unliquidated claims representing the debtors' estimate of the maximum liability

that could potentially be asserted by the affected claimants. Fourth Omnibus Motion for Order,

Pursuant to 11 U.S.C. §§105(a), 502(c), and 1142, Estimating Certain Contingent or

Unliquidated Claims for Purposes of Establishing Reserves, *In re Enron Corp.*, Case No. 01-

16034 (ALG) (Bankr. S.D.N.Y. entered Sept. 23, 2005), ECF No. 27555 (attached as exhibit 5

hereto). In overruling an objection by one of the affected claimants, the Court established claim

reserve amounts for the affected claims and ordered that each claim reserve amount represented

the maximum amount in which the claim could ultimately be allowed. *In re Enron Corp.*, 2006

WL 544463, at *1. Here the Trustee requests that this Court cap claim amounts for the purpose

of establishing the Secured and Priority Claims Reserve and unlocking the significant cash in the

general estate for distribution to holders of Allowed Secured and Priority Claims as soon as

practicable.  The establishment of an appropriate Secured and Priority Claims Reserve is also a

key step toward making an interim distribution to holders of allowed general unsecured claims.

36.     The Capped Amounts represent the Trustee's estimate of the maximum

allowable amount of the Priority Claims and the Secured Claims not based on set off rights,

including a zero amount where the claimant has not at this point asserted an amount for the

claim.  For Secured Claims based on set off rights, the Capped Amounts are zero because the

secured portion of such claims will not result in a distribution from the estate.  The Trustee

intends to engage with claimants that disagree with the Capped Amounts to consensually resolve

any disputes.

37.     And, where necessary, the Court should estimate the Capped Amount

pursuant to sections 105(a) and 502(c) of the Bankruptcy Code, if the Court determines that

ultimate resolution of the claim would "unduly delay the administration of the estate."  11 U.S.C.

§ 502(c).  Claim estimation under section 502(c) can be used for a variety of purposes, including

setting reserves for distribution purposes and capping potentially allowed claim amounts.  *See,

e.g.*, *In re Chemtura Corp.*, 448 B.R. 635, 648-51, 677 (Bankr. S.D.N.Y. 2011) (using section

502(c) estimation to set claim distribution reserves); *In re Project Orange Assocs., LLC*, No. 10-

12307 (MG), 2011 WL 6779511, at *21 (Bankr. S.D.N.Y. Dec. 16, 2011) (noting the court's

authority to "estimate, set, fix or liquidate the amount[s]" of claims pursuant to section 502(c));

*In re Enron Corp.*, 2006 WL 544463, at *1 (using section 502(c) claim estimation to estimate

claim reserve amounts and fixing those amounts as the "maximum amount in which each

Affected Claim may ultimately become an allowed Claim" in accordance with a chapter 11 plan

of reorganization); *In re Jacom Computer Servs. Inc.*, 280 B.R. 570, 571-73 (Bankr. S.D.N.Y.

20

2002) (ordering section 502(c) estimation of disputed claims for establishing an appropriate reserve).

38.    Although the estimation process is most often employed in the chapter 11 context, section 502(c) applies equally in chapter 7 cases. *See*, *e.g.*, *In re Leidheiser*, No. 08-30646, 2009 WL 1587431, at *2-3 (Bankr. N.D. Ohio Mar. 6, 2009) (using claim estimation in a chapter 7 case); *TKO Props., LLC v. Young (In re Young)*, 214 B.R. 905, 912 (Bankr. D. Idaho 1997) (recognizing the need for claim estimation in a chapter 7 case). Thus, courts in chapter 7 cases equally are empowered by section 502(c) should they find claim estimation appropriate to avoid undue delay or prejudice to other creditors.

39.    The relief requested herein is fully consistent with SIPA, the Bankruptcy Code and the Bankruptcy Rules and mandated by the progress of the liquidation. The Court should exercise its power under section 105(a) of the Bankruptcy Code in furtherance of Bankruptcy Rule 3009—which provides that dividends to creditors shall be paid as promptly as practicable in a chapter 7 case—to grant the relief requested because it would benefit creditors of the estate with allowed claims while also protecting the due process rights of creditors with unresolved claims. *See* Fed. R. Bankr. P. 3009. The fixing of final maximum allowable Priority Claims and Secured Claims not based on set off rights (and finally fixing the population of Secured and Priority Claims) is necessary for interim distributions and for creditors with allowed claims to obtain value in the near future. And it provides a mechanism to ensure that all unresolved Secured and Priority Claims will be protected by adequate reserves.

40.    With respect to the Capped Amounts themselves, all claimants with unresolved Secured and Priority Claims have the opportunity to evaluate the Capped Amount

that the Trustee proposes that this Court set and, if they dispute the amount, file an objection.[10] It is also the Trustee's intent to work with creditors that dispute their Capped Amounts and revise the relevant Schedules if appropriate.  In this regard, the Trustee has established a call center with attorneys to discuss any concerns raised by claimants.  The phone number for the call center is (212) 837-6313.  It is the Trustee's hope that the ultimate Schedules presented to this Court will be without objection.

41.     If these reserves are not established, general estate administration will be unnecessarily protracted when efforts would be better directed towards liquidating remaining assets and making interim distributions to holders of Allowed Secured, Priority and general unsecured claims.  The relief requested not only will ensure the efficient distribution of assets, but also will preserve the claimants' due process rights.  The proposed Capped Amounts for each liquidated claim represent fair and indeed often generous estimates of each claim, as they reflect the maximum amount of the claim that potentially may be allowed, except for Secured Claims based on set off rights where the Capped Amounts are without prejudice to the secured amounts that potentially may be allowed.  For claims or portions of claims asserted as unliquidated, the Trustee has generally assigned a value of zero (or a higher amount where possible to discern one based on review of the claim).  At this stage in the liquidation, almost 5 years after the Claims Bar Date, capping these claims at zero is fair.  And in any event, the Schedules proposed by the Trustee provide an opportunity for anyone with a claim asserted as unliquidated to contact the

---

10. In this regard, the Trustee has been in contact with many claimants with respect to their claims.  Further, 226 claims that are on Schedules C and D-2 are subject to pending objections (including objections to allow their claims in reduced amounts and/or modified status) and these claimants, of course, already have been given notice of the Trustee's view of their claims.

Trustee to consensually resolve any disputes regarding the Trustee's proposed caps.  Finally,

where disagreements arise, the Trustee intends to work with claimants to agree on a Capped

Amount and all claimants will have the opportunity to be heard should the parties not be able to

agree on a Capped Amount.

> **II.**    **If Appropriate Final Reserves Can Be Established and the Barclays Admin Claim Resolved, Distributions to Holders of Allowed Secured and Priority Claims Are Appropriate and Should Be Approved.**

42.    Establishment of the Secured and Priority Claims Reserve and resolution

of the Barclays Admin Claim will provide sufficient certainty for the Trustee to determine that

there are sufficient assets in the LBI general estate to make distributions to the holders of

Allowed Secured and Priority Claims.  Provided that the Court approves the Secured and Priority

Claims Reserve and the Trustee is able to fix a separate reserve for the Barclays Admin Claim,

the Trustee seeks authority herein pursuant to section 105(a) of the Bankruptcy Code, and in

accordance with SIPA section 78fff(e), section 726 of the Bankruptcy Code, and Bankruptcy

Rule 3009, to distribute 100 percent to holders of the Allowed Secured and Priority Claims.

43.    SIPA section 78fff(e) provides distributions from the general estate shall

be made in accordance with section 726 of the Bankruptcy Code.  *See* SIPA § 78fff(e).  Section

726(a) of the Bankruptcy Code, in turn, provides that property of the estate shall be distributed in

the first instance to "claims of the kind specified in, and in the order specified in, section 507 of

this title."  11 U.S.C. § 726(a)(1).

44.    Bankruptcy Rule 3009 provides that in a chapter 7 case, "dividends to

creditors shall be paid as promptly as practicable."  Fed. R. Bankr. P. 3009.  Rule 3009's

mandate governs distributions to claimants entitled to priority pursuant to section 507 of the

Bankruptcy Code as well as to general unsecured creditor claims.  *See* 1983 Advisory Committee

Note to Fed. R. Bankr. P. 3009 ("The rule governs distributions to creditors having priority as well as to general unsecured creditors.").

45.    The LBI general estate currently holds approximately $4.2 billion in cash and cash equivalents.  March 31st Balance Sheet at 1.  The Trustee projects the Secured and Priority Claims Reserve will be in the amount of approximately $624 million, which includes approximately $242.7 million for the Allowed Secured and Priority Claims.  The Trustee also has established a reserve for all remaining administrative expenses in the amount of $850 million.  Assuming the Court approves the Secured and Priority Claims Reserve, there will be approximately $2.7 billion left in the LBI general estate.  The Trustee believes this amount is more than sufficient to cover any contingencies that may arise.

46.    Though less frequently practicable in chapter 7 cases than in chapter 11 cases, courts have authorized interim distributions in chapter 7 liquidations under appropriate circumstances.  *See*, *e.g.*, *In re Harbor Fin. Grp., Inc.*, 303 B.R. 124, 129-30 (Bankr. N.D. Tex. 2003); *In re Griffin Trading Co.*, 270 B.R. 883, 904 (Bankr. N.D. Ill. 2001) ("The Trustee may make an interim distribution to unsecured customer and non-customer timely-filed claimants."), *aff'd*, 270 B.R. 905 (N.D. Ill. 2001); *In re Refco, LLC*, Case No. 05-60134 (RDD) at *2 (Bankr. S.D.N.Y. entered June 14, 2007), ECF No. 779 (authorizing chapter 7 trustee to make an interim distribution to holders of allowed claims) (attached as exhibit 6 hereto); *In re Asia Global Crossing Ltd.*, Case Nos. 02-15749 (SMB), 02-15750 (SMB), at *2 (Bankr. S.D.N.Y. entered December 14, 2004), ECF No. 548 (similar).

47.    Courts that have offered reasons for approving or disapproving interim distributions have emphasized the sufficiency of the Trustee's review of the factors affecting distribution.  *See*, *e.g.*, *In re Energy Coop., Inc.*, 173 B.R. 363, 372 (N.D. Ill. 1994) (approving interim distribution); *In re Southeast Banking Corporation*, Case No. 91-14561-BKC-PGH, at *2

24

(Bankr. S.D. Fla. 2003) (same) (attached as exhibit 7 hereto).  In *In re Energy Coop., Inc.*, where the court allowed a 20 percent interim distribution, the court explained that the trustee's proposed interim distribution was appropriate because the trustee had "performed a diligent, extensive analysis concerning the best interests of the Estate and the respective claims at issue." 173 B.R. at 372.

48.    Here, the Trustee has conducted an extensive analysis of the financial condition of the LBI estate, as evidenced by the Trustee's recently filed Liquidation Balance Sheet and other recent status reports.  *See* March 31st Balance Sheet; March 31st Quarterly Report; Trustee's Tenth Interim Report for the Period June 15, 2013 through February 14, 2014, February 14, 2014 (ECF No.8250).  Further, the Trustee has made significant progress in resolving the general creditor claims filed against the LBI Estate and, as discussed *supra*, has analyzed the remaining unresolved general creditor claims in detail.  Further, the establishment of the Secured and Priority Claims Reserve itself provides the certainty necessary to make distributions to the holders of Allowed Secured and Priority Claims appropriate.  The Trustee also has established reserves for the projected administrative expenses of completing the liquidation.  Due to the significant assets available to the Trustee in the general estate and the amount of the Allowed Secured and Priority Claims, if the Secured and Priority Claims Reserve requested herein is approved, the Trustee believes it is in the best interest of all creditors of the LBI Estate to make a 100 percent distribution to satisfy the Allowed Secured and Priority Claims.

### Objections to Claims and Reservation of Rights

49.    The Trustee reserves all rights and defenses with respect to any unresolved Secured or Priority Claim, including the right to assert set off or recoupment.

25

50.    Based on the foregoing, the Trustee submits that the relief requested herein is necessary and appropriate, is in the best interests of the LBI estate and its creditors, and should be granted in all respects.

### Notice

51.    Notice of this Motion has been provided in accordance with the Court's Amended Case Management Order dated (ECF No. 3466), and will be immediately available for inspection upon filing with the Court at the Trustee's website, www.lehmantrustee.com, and will be mailed by overnight mail to the current holders of all pending general creditor claims, including Secured, Priority and unsecured claims.  The Trustee submits that no other or further notice need be provided.

### No Prior Request

52.    No prior motion for the relief requested herein has been made to this or any other court.

**Conclusion**

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested herein as provided in the proposed Order annexed hereto as <u>Exhibit 1</u> and such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 8, 2014

HUGHES HUBBARD & REED LLP

By:  /s/ Jason C. Benton
        James B. Kobak, Jr.
        Christopher K. Kiplok
        Jason C. Benton
        Gregory C. Farrell
    One Battery Park Plaza
    New York, New York 10004
    Telephone:  (212) 837-6000
    Facsimile:  (212) 422-4726
    Email:  benton@hugheshubbard.com

    Attorneys for James W. Giddens, Trustee
    for the SIPA Liquidation of Lehman
    Brothers Inc.

# **<u>SCHEDULES</u>**

**Schedule A – Priority, Secured, and Administrative Claims Accepted in the Indicated Amounts Pursuant to Section 502(a) of the Bankruptcy Code**
As of April 30, 2014

| Claim Number[1] | Claim Holder[2] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| 14 | TWITCHELL, DARYL M. | $0.00 | $0.00 | $10,950.00 |
| 69 | LUNA, KENNETH | $0.00 | $0.00 | $10,202.00 |
| 102 | LIQUIDITY SOLUTIONS, INC. | $0.00 | $0.00 | $10,576.90 |
| 142-1 | BAIGIS, SHERI ANN | $0.00 | $0.00 | $9,778.85 |
| 156 | HE, KATHERINE | $0.00 | $0.00 | $59.00 |
| 358 | SHAH, NIRAJ | $0.00 | $0.00 | $10,950.00 |
| 395 | GROSS, PAMELA L TTEE | $0.00 | $0.00 | $438.54 |
| 801 | LUNARDONI, MICHAEL E | $0.00 | $0.00 | $10,950.00 |
| 803 | DELLITH, KRISTEN E | $0.00 | $0.00 | $773.67 |
| 807 | KLEIN, JOSEPH C. | $0.00 | $0.00 | $10,950.00 |
| 854-1 | FELLER, DANA A | $0.00 | $0.00 | $71.33 |
| 942 | SCOTT, ERIC A. | $0.00 | $0.00 | $10,950.00 |
| 1075 | VONWIN CAPITAL MANAGEMENT, L.P. | $0.00 | $0.00 | $10,950.00 |
| 1119 | SCHOGOL, ROBIN | $0.00 | $0.00 | $10,950.00 |
| 1177 | LINDGREN, RICHARD | $0.00 | $0.00 | $10,950.00 |
| 1188-1 | PSIROGIANES, JASON W. | $0.00 | $0.00 | $10,950.00 |
| 1218 | PECKHAM, MARK R. | $0.00 | $0.00 | $10,950.00 |
| 1297 | JAGANATHAN, GEETHANJALI | $0.00 | $0.00 | $10,950.00 |
| 1488 | WHEELER, KEITH | $0.00 | $0.00 | $4,146.75 |
| 1615-1 | VAN AMERONGEN, CORNELIA | $0.00 | $0.00 | $4,186.70 |
| 1661-1 | THEODORE, FRANTZ | $0.00 | $0.00 | $10,950.00 |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| 1876-1 | DOPLER, MARY T | $0.00 | $0.00 | $10,950.00 |
| 1877 | GADANI, BANDHAN | $0.00 | $0.00 | $10,950.00 |
| 2234 | MCKEOWN, WILLIAM C. | $0.00 | $0.00 | $10,950.00 |
| 2278 | PLUMERI, WILLIAM JOHN | $0.00 | $0.00 | $10,950.00 |
| 2419-1 | STOB, ANDREA B. | $0.00 | $0.00 | $10,950.00 |
| 3066 | SONG, WEI | $0.00 | $0.00 | $5,000.00 |
| 3255 | DYER, ROBERT C. | $0.00 | $0.00 | $1,272.06 |
| 3559 | BRIER, BRUCE D. | $0.00 | $0.00 | $10,950.00 |
| 3616 | ROGERS, BENJAMIN | $0.00 | $0.00 | $113.28 |
| 4163 | RIZZI, FRANCESCO | $0.00 | $0.00 | $5,233.33 |
| 4558 | BEHAM, JOSEPH JACOB | $0.00 | $0.00 | $463.19 |
| 4857 | ANAGNOSTOPOULOS, MARIA | $0.00 | $0.00 | $10,950.00 |
| 5739 | SHARMA, SANJAY | $0.00 | $0.00 | $10,950.00 |
| 6134 | FRIEDMAN, SHARON | $0.00 | $0.00 | $10,950.00 |
| 6190 | MCCULLY, MICHAEL K. | $0.00 | $0.00 | $10,950.00 |
| 6230 | NICHOLS, MARK | $0.00 | $0.00 | $10,950.00 |
| 7000092 | BROWN, GARY | $0.00 | $0.00 | $1,035.92 |
| 7000123 | CICCIONE, RICHARD K | $0.00 | $0.00 | $9,000.00 |
| 7000150 | DALTON, BURR JAMES, JR. | $0.00 | $0.00 | $4,615.38 |
| 7000177 | CASRIEL, LYLE | $0.00 | $0.00 | $4,037.95 |
| 7000232 | SAMUEL S KEYBURN | $0.00 | $0.00 | $10,950.00 |
| 7000283 | LEONG, JENNIFER | $0.00 | $0.00 | $554.16 |
| 7000331 | PATEL, AMITKUMAR J | $0.00 | $0.00 | $2,738.88 |
| 7000354-1 | MADANS, JEFFREY A | $0.00 | $0.00 | $10,950.00 |
| 7000359 | LORENZO, RUBEN | $0.00 | $0.00 | $1,864.55 |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| 7000443 | BASS, JESSE | $0.00 | $0.00 | $10,950.00 |
| 7000529 | ADAMS, JENNIFER A | $0.00 | $0.00 | $2,483.07 |
| 7000558-1 | PIERCE, PATRICK JEAN-MARIE | $0.00 | $0.00 | $3,005.44 |
| 7000588-1 | TSESMELIS, NICOLE | $0.00 | $0.00 | $10,913.95 |
| 7000611 | MAY, MARK | $0.00 | $0.00 | $10,950.00 |
| 7000626 | KLAHR, PHILLIP | $0.00 | $0.00 | $10,950.00 |
| 7000635 | HSIAO, ROGER W | $0.00 | $0.00 | $1,032.83 |
| 7000992 | RIESSEN, NATALIE S. | $0.00 | $0.00 | $552.44 |
| 7001039 | WRUBLE, JORDAN T | $0.00 | $0.00 | $10,950.00 |
| 7001058 | PITTS, MICHAEL LAWRENCE | $0.00 | $0.00 | $10,950.00 |
| 7001176 | LIQUIDITY SOLUTIONS, INC. | $0.00 | $0.00 | $10,950.00 |
| 7001189-1 | PITCOCK, VICKI LOU | $0.00 | $0.00 | $10,950.00 |
| 7001208 | KULLER, MARK D | $0.00 | $0.00 | $903.85 |
| 7001246 | LAI, RUDY | $0.00 | $0.00 | $1,452.74 |
| 7001305 | MONTUORO, WILLIAM L | $0.00 | $0.00 | $10,950.00 |
| 7001313 | EPSHTEYN, BORIS | $0.00 | $0.00 | $2,160.00 |
| 7001321 | WILLIAMS, BASIL | $0.00 | $0.00 | $10,950.00 |
| 7001370 | BAKER, STEVEN WAYNE | $0.00 | $0.00 | $10,950.00 |
| 7001377 | BECKER, STEVEN | $0.00 | $0.00 | $10,950.00 |
| 7002078 | ROSENBERG, DENNIS G. | $0.00 | $0.00 | $10,950.00 |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

**Schedule B – Allowed Priority, Secured, and Administrative Claims**
As of April 30, 2014

| Claim Number | Claim Holder[1] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| 161 | LII, JONATHAN Y. | $0.00 | $0.00 | $10,950.00 |
| 208 | MCILRAITH, CHRISTOPHER S. | $0.00 | $0.00 | $10,950.00 |
| 233 | RAMACHANDRAN, SUBRAMANIAM | $0.00 | $0.00 | $10,950.00 |
| 337 | TAMAYO, ANDRES L. | $0.00 | $0.00 | $10,950.00 |
| 565 | WAN, JIAN | $0.00 | $0.00 | $10,950.00 |
| 622 | LIQUIDITY SOLUTIONS, INC. | $0.00 | $0.00 | $10,950.00 |
| 770 | LIQUIDITY SOLUTIONS, INC. | $0.00 | $0.00 | $10,950.00 |
| 806 | MARSILIO, PAUL A. | $0.00 | $0.00 | $10,950.00 |
| 944 | BORY, CHARLES | $0.00 | $0.00 | $10,950.00 |
| 1058 | CINQUEGRANA, HEIDI | $0.00 | $0.00 | $10,576.92 |
| 1187 | SCHIPPERS, CHRISTINA M | $0.00 | $0.00 | $10,950.00 |
| 1246 | COSTELLO, RUSSELL S. | $0.00 | $0.00 | $10,950.00 |
| 1473 | DEMASI, KATHLEEN M. | $0.00 | $0.00 | $10,950.00 |
| 1524 | HART, LESLIE A. | $0.00 | $0.00 | $2,051.93 |
| 1571 | WACKER, KARL | $0.00 | $0.00 | $10,950.00 |
| 1670 | PAGAN, YOLANDA | $0.00 | $0.00 | $10,950.00 |
| 1690 | BARICEVIC, JOANNA M | $0.00 | $0.00 | $10,950.00 |
| 1746 | SATIN, ELIZABETH J. | $0.00 | $0.00 | $10,950.00 |
| 1821 | RYAN, JUDY | $0.00 | $0.00 | $10,950.00 |
| 1856 | NISCO, MARIE R. | $0.00 | $0.00 | $10,950.00 |
| 1859 | SANTIAGO, LUCY | $0.00 | $0.00 | $10,950.00 |
| 1869 | SALMONSON, ARLENE AND FAITH | $0.00 | $0.00 | $10,950.00 |
| 2027 | KERGARAVAT, CHARLES | $0.00 | $0.00 | $10,950.00 |
| 2215 | BAITAR, DENISE | $0.00 | $0.00 | $10,950.00 |
| 2888 | MEDINA, RUTH A. | $0.00 | $0.00 | $10,950.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| 3004 | FRISCH, KIMBERLY E. | $0.00 | $0.00 | $10,950.00 |
| 3137 | DOUGLAS, DOROTHEA | $0.00 | $0.00 | $10,950.00 |
| 3200 | VONWIN CAPITAL MANAGEMENT, LP | $0.00 | $0.00 | $10,950.00 |
| 3250 | VONWIN CAPITAL MANAGEMENT, LP | $65,000.00 | $0.00 | $0.00 |
| 3408 | FRIEDLAND, JAMES | $0.00 | $0.00 | $10,950.00 |
| 3608 | PALMERI, MARIA | $0.00 | $0.00 | $10,950.00 |
| 3641 | ROSSI, GEORGE A. | $0.00 | $0.00 | $10,950.00 |
| 4199 | WARDLOW, KARRIE LINN | $0.00 | $0.00 | $9,149.04 |
| 4203 | DI RUGGIERO, MARY ELLEN | $0.00 | $0.00 | $10,950.00 |
| 6077 | BUCHERT, FREDERIC C. | $0.00 | $0.00 | $10,950.00 |
| 6268 | ASHWELL, LAUREN W. | $0.00 | $0.00 | $10,950.00 |
| 6274 | AGIS, FRANCISCO | $0.00 | $0.00 | $396.00 |
| 6275 | ARICA, HUGO G. | $0.00 | $0.00 | $396.00 |
| 6276 | CADET, PIERRE | $0.00 | $0.00 | $504.00 |
| 6277 | FOELLA, MICHAEL | $0.00 | $0.00 | $396.00 |
| 6278 | FUNG, KENNETH | $0.00 | $0.00 | $396.00 |
| 6279 | INFANTE, JUAN C. | $0.00 | $0.00 | $792.00 |
| 6280 | KRIVINSKY, JOHN | $0.00 | $0.00 | $396.00 |
| 6281 | MARGRAF, PETER | $0.00 | $0.00 | $392.00 |
| 6282 | PEREZ, DANTE | $0.00 | $0.00 | $396.00 |
| 6283 | PHILLIPS, TANISHAE | $0.00 | $0.00 | $396.00 |
| 6284 | ROBERTS, GILLIAN | $0.00 | $0.00 | $396.00 |
| 6285 | ROSARIO, NOEL | $0.00 | $0.00 | $1,188.00 |
| 6286 | SANDSETH, ERIC S. | $0.00 | $0.00 | $504.00 |
| 6287 | SANTANA, CYNTHIA | $0.00 | $0.00 | $792.00 |
| 6288 | WALL, DAVID | $0.00 | $0.00 | $504.00 |
| 6359 | LEHMAN BROTHERS HOLDINGS INC | $0.00 | $0.00 | $240,000,000.00 |
| 6364 | HWA 555 OWNERS, LLC | $250,000.00 | $0.00 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| 7000163 | STONE, MARY C | $0.00 | $0.00 | $10,950.00 |
| 7000245 | GARVALOV, IVAN | $0.00 | $0.00 | $10,950.00 |
| 7000281 | YUHN, PHIL HYUN | $0.00 | $0.00 | $10,950.00 |
| 7000304 | GEORGIEVA, ANNA | $0.00 | $0.00 | $10,950.00 |
| 7000325 | TAYLOR, CHRISTOPHER C | $0.00 | $0.00 | $10,950.00 |
| 7000413 | STEPHENSON, REBECCA L | $0.00 | $0.00 | $10,950.00 |
| 7000461 | QUINLAN, MICHAEL E | $0.00 | $0.00 | $6,923.08 |
| 7000492 | WONG, CEDRIC CHE CHIU | $0.00 | $0.00 | $9,230.76 |
| 7000599 | MAGGIACOMO, ALAN B. | $0.00 | $0.00 | $10,950.00 |
| 7000641 | DANZ, JAMES C | $0.00 | $0.00 | $10,950.00 |
| 7000714 | ROBINSON, REYNE L. | $0.00 | $0.00 | $10,950.00 |
| 7000736 | DAVIS, VERONICA ANN | $0.00 | $0.00 | $10,950.00 |
| 7000759 | VIRANY, STEVEN MARK | $0.00 | $0.00 | $10,950.00 |
| 7001174 | NADIG, BALU S | $0.00 | $0.00 | $10,950.00 |
| 7001186 | MADDEN, KAREN ANN | $0.00 | $0.00 | $10,950.00 |
| 7001407 | ACEVEDO, ALEXIS | $0.00 | $0.00 | $10,950.00 |
| 7002521 | SHAH, TEJASH I | $0.00 | $0.00 | $10,950.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

**Schedule C – Priority, Secured, and Administrative Claims that are Unresolved or Currently Pending Before the Court**
As of April 30, 2014

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 34 | CUNNINGHAM, PATRICK | $0.00 | $0.00 | $10,950.00 | |
| 82 | SONTAG, LAUREN | $0.00 | $0.00 | $2,500.00 | X |
| 147 | S&S GREENHOUSES | $0.00 | $0.00 | $0.00 | |
| 163 | METROPOLITAN ST. LOUIS SEWER DISTRICT | $0.00 | $502.89 | $0.00 | X |
| 181 | RIVERA, ANTHONY | $0.00 | $0.00 | $11,724.06 | |
| 221 | BAH, PATRICIA M. | $0.00 | $0.00 | $0.00 | X |
| 243 | DADASHEV, MARINA | $0.00 | $0.00 | $10,950.00 | |
| 248 | AMIRA PHARMACEUTICALS, INC. | $0.00 | $23,000.00 | $0.00 | X |
| 320 | MUSSER, PHILIP A. | $0.00 | $0.00 | $10,950.00 | X |
| 352 | MOLLICA, TOM | $0.00 | $0.00 | $380.00 | |
| 365 | ESTATE OF JAMES A. JOSEPH | $0.00 | $0.00 | $0.00 | |
| 385 | SHUKAL, JOANNA MARIE & MOLDEN, FREDERICK P. | $0.00 | $0.00 | $2,500.00 | |
| 397 | LAWLER-PERRY, ANN | $0.00 | $0.00 | $306.00 | |
| 419 | LEMIN, VLADIMIR | $0.00 | $0.00 | $10,950.00 | |
| 522 | NAZIN, MIMI | $0.00 | $0.00 | $10,950.00 | |
| 588 | NITTAN FX LIMITED | $0.00 | $0.00 | $0.00 | X |
| 597 | VISIONGAIN CHINA ABSOLUTE RETURN MASTER FUND | $0.00 | $1,049,043.36 | $0.00 | |
| 618 | KATZ, ALLAN | $0.00 | $0.00 | $10,950.00 | |
| 711 | NAVARRA, RUTH A. | $0.00 | $0.00 | $10,950.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 768 | CHIU, LILIANA | $0.00 | $0.00 | $10,950.00 | |
| 804 | CHAN, LORI | $0.00 | $0.00 | $10,950.00 | |
| 854 | FELLER, DANA A | $0.00 | $0.00 | $9,143.00 | X |
| 892 | CHRISTIE, STEVEN D. | $0.00 | $0.00 | $10,950.00 | X |
| 997 | NITTAN CAPITAL GROUP | $0.00 | $6,957.46 | $0.00 | X |
| 1010 | KNOWLTON, HAROLD G. II | $0.00 | $0.00 | $0.00 | |
| 1012 | KOLLYDAS, PETER | $0.00 | $0.00 | $10,950.00 | X |
| 1035 | OLIVER GROUP LLC, THE | $0.00 | $0.00 | $0.00 | X |
| 1065 | CANNEY, MICHAEL L | $0.00 | $0.00 | $0.00 | |
| 1084 | FELLER, GREGORY D. | $0.00 | $0.00 | $10,950.00 | X |
| 1105 | CONTROL RISKS GROUP LTD | $0.00 | $0.00 | $6,740.93 | X |
| 1120 | VILLALON, ANTONIO AND NOGA | $0.00 | $0.00 | $10,950.00 | |
| 1149 | EXECTRANSPORT INC. | $0.00 | $0.00 | $0.00 | X |
| 1174 | FABER, NAN GEIST | $0.00 | $0.00 | $0.00 | X |
| 1186 | RUSSOMANNO, DANIEL | $0.00 | $0.00 | $2,247.00 | |
| 1203 | FITZPATRICK, TIMOTHY R | $0.00 | $0.00 | $2,000.00 | X |
| 1203-1 | FITZPATRICK, TIMOTHY R | $0.00 | $0.00 | $2,000.00 | |
| 1211 | CONNOLLY, THOMAS J. | $0.00 | $0.00 | $10,950.00 | |
| 1236 | KETTLER, KYLE R. | $0.00 | $0.00 | $10,950.00 | |
| 1243 | RELIABLE UPDATES SERVICES CORP | $0.00 | $0.00 | $3,833.00 | X |
| 1272 | WHEELER, KEITH | $0.00 | $0.00 | $0.00 | |
| 1337 | STIFEL NICOLAUS & CO. INC. | $0.00 | $415,298.24 | $0.00 | |
| 1478 | WHEELER, KEITH A. | $0.00 | $0.00 | $6,803.25 | X |
| 1512 | RIZZO, CHARLES K. | $0.00 | $0.00 | $10,950.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 1541 | CRONIN, JAMES S. | $0.00 | $0.00 | $0.00 | |
| 1549 | CONNOLLY, THOMAS J | $0.00 | $0.00 | $0.00 | |
| 1562 | BROWN, JONATHAN H. | $0.00 | $0.00 | $80,429.03 | |
| 1581 | WESTERN ASSET MORTGAGE BACKED SECURITES PORTFOLIO, LLC | $0.00 | $0.00 | $0.00 | X |
| 1586 | WESTERN ASSET US ENHANCED CASH, LLC | $0.00 | $0.00 | $0.00 | X |
| 1587 | WESTERN ASSET US COMMODITY PLUS MASTER FUND, LTD. | $0.00 | $0.00 | $0.00 | X |
| 1595 | KRASNOPOLSKY, DAVID | $0.00 | $0.00 | $25,832.18 | |
| 1615 | VAN AMERONGEN, CORNELIA | $0.00 | $0.00 | $7,184.03 | X |
| 1661 | THEODORE, FRANTZ | $0.00 | $0.00 | $10,950.00 | X |
| 1692 | TRELLES, CAESAR A AND | $0.00 | $0.00 | $0.00 | |
| 1809 | COHEN, REHA | $0.00 | $0.00 | $44,823.72 | X |
| 1847 | O'CONNOR, MATT | $0.00 | $0.00 | $10,950.00 | |
| 1851 | KENT, ELIZABETH AMANDA | $0.00 | $0.00 | $10,950.00 | |
| 1862 | RODRIGUEZ, KLEBER | $0.00 | $0.00 | $10,950.00 | |
| 1956 | SCIANGULA, BARBARA J | $0.00 | $0.00 | $10,950.00 | |
| 1999 | MASON, ANDREW | $0.00 | $0.00 | $10,950.00 | |
| 2010 | CADENT FINANCIAL SERVICES LLC | $0.00 | $0.00 | $5,275.25 | |
| 2033 | CANYON VRF TRADING LIMITED (CVTL) | $0.00 | $0.00 | $384.52 | |
| 2060 | BENSON, CRAIG O. | $0.00 | $0.00 | $312,864.31 | |
| 2061 | MAHLER, JAY M. | $0.00 | $0.00 | $10,950.00 | |
| 2075 | PACCIONE, BARBARA | $0.00 | $0.00 | $11,609.25 | |
| 2077 | LOFFREDO, DAVID | $0.00 | $0.00 | $10,950.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2078 | BALL CORPORATION US & PUERTO RICO PENSION PLANS | $0.00 | $0.00 | $0.00 | X |
| 2079 | WESTERN ASSET US CORE PLUS BOND FUND | $0.00 | $0.00 | $0.00 | X |
| 2083 | ALASKA ELECTRICAL RETIREMENT PLAN | $0.00 | $0.00 | $0.00 | X |
| 2084 | EMERSON ELECTRIC UK PENSION PLAN | $0.00 | $0.00 | $0.00 | X |
| 2089 | HALLIBURTON COMPANY EMPLOYEE BENEFIT MASTER TRUST | $0.00 | $0.00 | $0.00 | |
| 2091 | HALLIBURTON COMPANY EMPLOYEE BENEFIT MASTER TRUST | $0.00 | $0.00 | $0.00 | |
| 2103 | BERNATH, RYAN J. | $0.00 | $0.00 | $10,950.00 | |
| 2107 | SCHECHNER, PAUL SHERIDAN | $0.00 | $0.00 | $10,950.00 | |
| 2152 | BOARD OF THE PENSION PROTECTION FUND, THE | $0.00 | $0.00 | $0.00 | |
| 2167 | UNIVERSITY OF ARKANSAS FOUNDATION | $0.00 | $0.00 | $0.00 | X |
| 2206 | LINCOLN NATIONAL LIFE INSURANCE COMPANY | $0.00 | $0.00 | $0.00 | X |
| 2231 | ERSOFF, BRETT | $0.00 | $0.00 | $0.00 | X |
| 2233 | ERSOFF, BRETT | $0.00 | $0.00 | $10,590.00 | |
| 2235 | PENSION PLAN OF CONSTELLATION ENERGY GROUP, INC. | $0.00 | $0.00 | $0.00 | X |
| 2253 | HOLGUIN, ALFREDO | $0.00 | $0.00 | $10,950.00 | |
| 2254 | LEON, ADRIANA | $0.00 | $0.00 | $10,950.00 | |
| 2256 | JOY GLOBAL INDUSTRIES PENSION SCHEME | $0.00 | $0.00 | $0.00 | |
| 2261 | LEGG MASON US$ CORE BOND FUND | $0.00 | $0.00 | $0.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2277 | LEVAR, MATTHEW | $0.00 | $0.00 | $10,950.00 | |
| 2281 | KUNZ, ROBERT F | $0.00 | $0.00 | $10,950.00 | |
| 2287 | PUTNAM DIVERSIFIED INCOME TRUST | $0.00 | $0.00 | $0.00 | X |
| 2335 | SAHFIZ, AAZAM | $0.00 | $0.00 | $4,000.00 | X |
| 2349 | UNITED STATES DEPARTMENT OF LABOR - EMPLOYEE BENEFITS SECURITY ADMIN. | $0.00 | $0.00 | $60,034.07 | |
| 2398 | RIVERSOURCE DIVIDEND OPPORTUNITY FUND | $0.00 | $0.00 | $0.00 | |
| 2418 | LVIP UBS GLOBAL ASSET ALLOCATION FUND | $0.00 | $0.00 | $0.00 | X |
| 2419 | STOB, ANDREA B. | $0.00 | $0.00 | $10,950.00 | X |
| 2424 | SALEMI, ANDRE | $0.00 | $0.00 | $31,426.00 | |
| 2431 | SOMMA, GREGG | $0.00 | $0.00 | $6,900.00 | X |
| 2440 | LEGG MASON PARTNERS VARIABLE STRATEGIC BOND PORTFOLIO | $0.00 | $0.00 | $0.00 | X |
| 2445 | METROPOLITAN SERIES FUND, INC. | $0.00 | $0.00 | $0.00 | |
| 2460 | SWIRE GROUP UNITISED TRUST | $0.00 | $0.00 | $0.00 | |
| 2461 | PERENNIAL INVESTMENT PARTNERS LIMITED | $0.00 | $0.00 | $0.00 | X |
| 2463 | GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION | $0.00 | $0.00 | $0.00 | |
| 2465 | REUTERS SPS TRUSTEE LIMITED | $0.00 | $0.00 | $0.00 | |
| 2467 | ROCHE PRODUCTS PENSION TRUST LIMITED AS TRUSTEE OF THE ROCHE PENSION | $0.00 | $0.00 | $0.00 | |
| 2468 | R.L. PENSIONS TRUSTEES LIMITED AS TRUSTEES OF THE ROYAL LIVER | $0.00 | $0.00 | $0.00 | X |

1. Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2. Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2470 | REUTERS PENSION FUND LIMITED | $0.00 | $0.00 | $0.00 | |
| 2472 | IBM UNITED KINGDOM PENSIONS SCHEME | $0.00 | $0.00 | $0.00 | |
| 2473 | LEGG MASON WESTERN ASSET GLOBAL CORE | $0.00 | $0.00 | $0.00 | |
| 2475 | LM GLOBAL BOND MOTHER FUND (SDO), C/O WESTERN ASSET MANAGEMENT | $0.00 | $0.00 | $0.00 | |
| 2476 | BARCLAYS BANK PLC | $0.00 | $0.00 | $0.00 | |
| 2478 | LEGG MASON GLOBAL FUNDS PLC- WESTERN ASSET DIVERSIFIED STRATEGIC | $0.00 | $0.00 | $0.00 | |
| 2486 | METAL BOX PENSION SCHEME, THE | $0.00 | $0.00 | $0.00 | |
| 2491 | LEGG MASON GLOBAL BOND FUND | $0.00 | $0.00 | $0.00 | |
| 2493 | SAN FRANCISCO CITY AND COUNTY EMPLOYEES' RETIREMENT SYSTEM | $0.00 | $0.00 | $0.00 | X |
| 2496 | RAILWAYS PENSION TRUSTEE COMPANY LIMITED | $0.00 | $0.00 | $0.00 | |
| 2500 | WEBSTER, KEITH | $0.00 | $0.00 | $144,488.22 | |
| 2504 | RETIREMENT PLAN FOR EMPLOYEES OF AETNA INC. | $0.00 | $0.00 | $0.00 | |
| 2510 | CLEVELAND BAKERS AND TEAMSTERS HEALTH & WELFARE FUND | $0.00 | $0.00 | $0.00 | X |
| 2513 | OHIO POLICE & FIRE PENSION FUND | $0.00 | $0.00 | $0.00 | X |
| 2514 | SYRACUSE UNIVERSITY | $0.00 | $0.00 | $0.00 | X |
| 2519 | ASCENSION HEALTH | $0.00 | $0.00 | $0.00 | X |
| 2523 | ALCOA FOUNDATION | $0.00 | $0.00 | $0.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2525 | RIVERSOURCE PARTNERS SMALL CAP VALUE FUND | $0.00 | $0.00 | $0.00 | |
| 2526 | UNIVERSITY OF ILLINOIS FOUNDATION ENDOWMENT | $0.00 | $0.00 | $0.00 | X |
| 2527 | WESTERN ASSET CORE BOND FUND | $0.00 | $0.00 | $0.00 | X |
| 2532 | TIME WARNER INC. MASTER PENSION TRUST | $0.00 | $0.00 | $0.00 | |
| 2534 | METROPOLITAN SERIES FUND, INC. | $0.00 | $0.00 | $0.00 | |
| 2536 | ARCHDIOCESE OF PHILADELPHIA - NON-PENSION FUND | $0.00 | $0.00 | $0.00 | X |
| 2539 | AMERICAN ELECTRIC POWER RETIREMENT SAVINGS PLAN | $0.00 | $0.00 | $0.00 | |
| 2540 | LM US BOND CORE PLUS MOTHER FUND | $0.00 | $0.00 | $0.00 | |
| 2542 | LUTHERAN CHURCH MISSOURI SYNOD FOUNDATION | $0.00 | $0.00 | $0.00 | X |
| 2543 | SHELL PENSION TRUST | $0.00 | $0.00 | $0.00 | X |
| 2548 | MORGAN STANLEY SENIOR FUNDING, INC. | $0.00 | $0.00 | $0.00 | |
| 2550 | TOWERS PERRIN DEFERRED PROFIT SHARING PLAN | $0.00 | $0.00 | $0.00 | |
| 2554 | MERCHANT NAVY RATINGS PENSION FUND TRUSTEES LIMITED | $0.00 | $0.00 | $0.00 | X |
| 2555 | LEGG MASON PARTNERS VARIABLE ADJUSTABLE RATE INCOME PORTFOLIO | $0.00 | $0.00 | $0.00 | X |
| 2557 | WESTERN ASSET U.S. ADJUSTABLE RATE INCOME FUND | $0.00 | $0.00 | $0.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2558 | WESTERN ASSET UK LONG DURATION BOND FUND | $0.00 | $0.00 | $0.00 | |
| 2559 | AXA UK PENSION TRUSTEES CORPORATION | $0.00 | $0.00 | $0.00 | |
| 2560 | ULSTER BANK PENSION TRUSTEES LIMITED | $0.00 | $0.00 | $0.00 | |
| 2563 | CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND | $0.00 | $0.00 | $0.00 | |
| 2567 | IBM RETIREMENT PLAN | $0.00 | $0.00 | $0.00 | |
| 2572 | SEARS 401 (K) SAVINGS PLAN | $0.00 | $0.00 | $0.00 | |
| 2574 | CANTON DE GENEVE | $0.00 | $0.00 | $0.00 | |
| 2576 | NORTHWEST AIRLINES, INC. | $0.00 | $0.00 | $0.00 | X |
| 2577 | LEGG MASON GLOBAL INCOME TRUST | $0.00 | $0.00 | $0.00 | |
| 2580 | RBS PENSION TRUSTEE LIMITED | $0.00 | $0.00 | $0.00 | |
| 2582 | LEGG MASON GLOBAL MULTI SECTOR BOND TRUST | $0.00 | $0.00 | $0.00 | |
| 2585 | CITIGROUP 401 K PLAN | $0.00 | $0.00 | $0.00 | X |
| 2586 | WELLS FARGO FIXED INCOME FUND H | $0.00 | $0.00 | $0.00 | X |
| 2588 | SCHERING-PLOUGH RETIREMENT TRUST | $0.00 | $0.00 | $0.00 | |
| 2589 | LOCKHEED MARTIN CORPORATION MASTER RETIREMENT TRUST | $0.00 | $15,749.00 | $0.00 | X |
| 2591 | PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE | $0.00 | $0.00 | $0.00 | X |
| 2592 | WA UK LONG DURATION HIGH ALPHA FUND | $0.00 | $0.00 | $0.00 | |
| 2594 | KOREA INVESTMENT CORPORATION | $0.00 | $0.00 | $0.00 | |
| 2595 | GM CANADA DOMESTIC TRUST | $0.00 | $0.00 | $0.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2596 | INTEL CORPORATION PROFIT SHARING RETIREMENT PLAN | $0.00 | $0.00 | $0.00 | |
| 2598 | MORGAN STANLEY SENIOR FUNDING, INC. | $0.00 | $0.00 | $0.00 | |
| 2599 | SAAB AUTOMOBILE KONCERNENS GEMENSAMMA PENSIONSSTIFTELSE | $0.00 | $0.00 | $0.00 | |
| 2600 | OIL INVESTMENT CORPORATION, LTD. | $0.00 | $0.00 | $0.00 | |
| 2623 | NEAVE, JONATHAN | $0.00 | $0.00 | $10,950.00 | |
| 2624 | RIVERSOURCE VARIABLE PORTFOLIO - DIVERSIFIED EQUITY INCOME FUND | $0.00 | $0.00 | $0.00 | |
| 2625 | RIVERSOURCE PARTNERS INTERNATIONAL SELECT GROWTH FUND | $0.00 | $0.00 | $0.00 | |
| 2626 | MORGAN STANLEY SENIOR FUNDING, INC. | $0.00 | $0.00 | $0.00 | |
| 2627 | TEXAS COUNTY & DISTRICT RETIREMENT SYSTEM | $0.00 | $0.00 | $0.00 | |
| 2628 | COMMON FUND FOR NONPROFIT ORGANIZATIONS, THE | $0.00 | $0.00 | $0.00 | |
| 2629 | MORGAN STANLEY SENIOR FUNDING, INC. | $0.00 | $0.00 | $0.00 | |
| 2631 | RIO TINTO PENSION FUND TRUSTEES LIMITED | $0.00 | $0.00 | $0.00 | X |
| 2632 | L&G (BARCLAYS) MM STERLING BOND (SERIES 2) | $0.00 | $0.00 | $0.00 | |
| 2633 | METROPOLITAN LIFE INSURANCE COMPANY | $0.00 | $0.00 | $0.00 | |
| 2634 | TRUSTEES OF THE ROYAL INSURANCE GROUP PENSION SCHEME | $0.00 | $0.00 | $0.00 | |
| 2635 | HONEYWELL PENSION TRUSTEES LIMITED | $0.00 | $0.00 | $0.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2636 | KELLOGG COMPANY MASTER RETIREMENT TRUST | $0.00 | $0.00 | $0.00 | X |
| 2637 | STRATHCLYDE PENSION FUND | $0.00 | $0.00 | $0.00 | |
| 2640 | TEXAS COUNTY & DISTRICT RETIREMENT SYSTEM | $0.00 | $0.00 | $0.00 | |
| 2642 | PEPSICO UK PENSION PLAN | $0.00 | $0.00 | $0.00 | |
| 2644 | FIFE COUNCIL PENSION FUND | $0.00 | $0.00 | $0.00 | |
| 2645 | BBC PENSION SCHEME | $0.00 | $0.00 | $0.00 | |
| 2650 | UNITED FOOD & COMMERCIAL WORKERS | $0.00 | $0.00 | $0.00 | |
| 2651 | RIVERSOURCE STATEGIC ALLOCATION FUND | $0.00 | $0.00 | $0.00 | |
| 2652 | THREADNEEDLE VARIABLE PORTFOLIO | $0.00 | $0.00 | $0.00 | |
| 2653 | RIVERSOURCE PARTNERS SMALL CAP EQUITY FUND | $0.00 | $0.00 | $0.00 | |
| 2654 | RIVERSOURCE SMALL COMPANY INDEX FUND | $0.00 | $0.00 | $0.00 | |
| 2655 | RIVERSOURCE PARTNERS VARIABLE PORTFOLIO | $0.00 | $0.00 | $0.00 | |
| 2656 | RIVERSOURCE DIVERSIFIED EQUITY INCOME FUND | $0.00 | $0.00 | $0.00 | |
| 2657 | OREGON PUBLIC EMPLOYEES RETIREMENT FUND | $0.00 | $0.00 | $0.00 | |
| 2659 | INVESCO GROUP TRUST FOR RETIRMENT SAVINGS | $0.00 | $0.00 | $0.00 | |
| 2660 | MORGAN STANLEY SENIOR FUNDING, INC. | $0.00 | $0.00 | $0.00 | |

1. Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2. Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2662 | WESTERN ASSET GLOBAL HIGH INCOME FUND INC. | $0.00 | $0.00 | $0.00 | X |
| 2663 | GENERAL MOTORS TRUST COMPANY | $0.00 | $0.00 | $0.00 | X |
| 2671 | OKLAHOMA TOBACCO SETTLEMENT ENDOWMENT TRUST FUND | $0.00 | $0.00 | $0.00 | |
| 2673 | PFIZER, INC. MASTER TRUST | $0.00 | $0.00 | $0.00 | |
| 2674 | WESTERN ASSET UK CORE PLUS BOND FUND | $0.00 | $0.00 | $0.00 | |
| 2675 | LONDON BOROUGH OF ENFIELD PENSION FUND | $0.00 | $0.00 | $0.00 | |
| 2679 | ANDERSEN CORPORATION EMPLOYEES' | $0.00 | $0.00 | $0.00 | |
| 2680 | CENTRAL STATES SOUTHWEST & SOUTHWEST | $0.00 | $0.00 | $0.00 | X |
| 2683 | RETIREMENT SYSTEM OF THE TENNESSEE VALLEY AUTHORITY | $0.00 | $0.00 | $0.00 | |
| 2688 | CONSULTING GROUP CAPITAL MARKET FUNDS | $0.00 | $0.00 | $0.00 | |
| 2690 | STATE RETIREMENT & PENSION SYSTEM OF MARYLAND | $0.00 | $0.00 | $0.00 | |
| 2693 | ALLERGAN, INC. PENSION PLAN | $0.00 | $0.00 | $0.00 | |
| 2699 | HAMPSHIRE COUNTY COUNCIL AS | $0.00 | $0.00 | $0.00 | |
| 2701 | LONDON ELECTRICITY GROUP TRUSTEE LIMITED | $0.00 | $0.00 | $0.00 | |
| 2704 | GKN GROUP PENSION SCHEME | $0.00 | $0.00 | $0.00 | |
| 2706 | SOUTH YORKSHIRE PENSION AUTHORITY | $0.00 | $0.00 | $0.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2707 | MFC ASSET MANAGEMENT PUBLIC COMPANY LIMITED | $0.00 | $0.00 | $0.00 | |
| 2708 | LM GLOBAL CORE BOND MOTHER FUND | $0.00 | $0.00 | $0.00 | |
| 2709 | KELLOGG COMPANY RETIREE EMPLOYEES' | $0.00 | $0.00 | $0.00 | |
| 2711 | WESTERN ASSET US LIMITED DURATION BOND FUND | $0.00 | $0.00 | $0.00 | |
| 2715 | LEGG MASON CORE PLUS GLOBAL BOND TRUST | $0.00 | $0.00 | $0.00 | |
| 2716 | GMAM GROUP PENSION TRUST I | $0.00 | $0.00 | $0.00 | |
| 2717 | LAND ROVER PENSION TRUSTEES LIMITED | $0.00 | $0.00 | $0.00 | |
| 2718 | ACCO BRANDS PENSION PLAN | $0.00 | $0.00 | $0.00 | |
| 2719 | INVISTA TEXTILES (UK) LMTD PENSION PLAN | $0.00 | $0.00 | $0.00 | |
| 2732 | LEGG MASON PARTNERS VARIABLE DIVERSIFIED STRATEGIC INCOME PORTFOLIO | $0.00 | $0.00 | $0.00 | X |
| 2733 | ILLINOIS MUNICIPAL RETIREMENT FUND | $0.00 | $0.00 | $0.00 | |
| 2734 | HALLIBURTON COMPANY EMPLOYEE BENEFIT MASTER TRUST | $0.00 | $0.00 | $0.00 | |
| 2739 | ARCHDIOCESE OF PHILADELPHIA - LAY EMPLOYEES' RETIREMENT PLAN | $0.00 | $0.00 | $0.00 | X |
| 2743 | MCKESSON CORPORATION RETIREMENT PLAN TRUST | $0.00 | $0.00 | $0.00 | X |
| 2744 | LEGG MASON FUNDS INVESTMENT SERIES-- LEGG MASON INTERNATIONAL US BOND | $0.00 | $0.00 | $0.00 | X |
| 2745 | RETIREMENT SYSTEM OF THE TENNESSEE VALLEY AUTHORITY | $0.00 | $0.00 | $0.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2746 | WESTERN PENNSYLVANIA TEAMSTERS AND EMPLOYERS PENSION FUND | $0.00 | $0.00 | $0.00 | X |
| 2747 | LOCAL 851 EMPLOYER GROUP WELFARE FUND | $0.00 | $0.00 | $0.00 | X |
| 2748 | OAKLAND COUNTY VOLUNTARY EMPLOYEE BENEFIT ASSOCIATION | $0.00 | $0.00 | $0.00 | X |
| 2749 | DULUTH TEACHERS' RETIREMENT FUND ASSOCIATION | $0.00 | $0.00 | $0.00 | X |
| 2750 | PECO ENERGY COMPANY MASTER TRUST | $0.00 | $0.00 | $0.00 | X |
| 2757 | GOYAL, ANSHUMAN | $0.00 | $0.00 | $10,950.00 | |
| 2758 | MERCHANT NAVY RATINGS PENSION FUND | $0.00 | $0.00 | $0.00 | |
| 2759 | HALLIBURTON POOLED PENSION FUNDS | $0.00 | $0.00 | $0.00 | |
| 2760 | EDS RETIREMENT PLAN THE | $0.00 | $0.00 | $0.00 | |
| 2761 | EDS 1994 PENSION SCHEME THE | $0.00 | $0.00 | $0.00 | |
| 2764 | JOHN HANCOCK II US GOVERNMENT SECURITIES FUND | $0.00 | $0.00 | $0.00 | X |
| 2765 | LEHIGH VALLEY HOSPITAL | $0.00 | $0.00 | $0.00 | |
| 2769 | SOUTHERN CALIFORNIA EDISON COMPANY RETIREMENT PLAN TRUST | $0.00 | $0.00 | $0.00 | |
| 2774 | TIME WARNER DEFINED CONTRIBUTION PLANS (MASTER TRUST) | $0.00 | $0.00 | $0.00 | X |
| 2776 | KELLOGG COMPANY MASTER RETIREMENT TRUST | $0.00 | $0.00 | $0.00 | X |
| 2777 | METROPOLITAN LIFE INSURANCE COMPANY | $0.00 | $0.00 | $0.00 | X |
| 2778 | OHIO OPERATING ENGINEERS PENSION FUND | $0.00 | $0.00 | $0.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2781 | WATSON WYATT PENSION SCHEME | $0.00 | $0.00 | $0.00 | |
| 2782 | UNIAC PENSION FUND | $0.00 | $0.00 | $0.00 | |
| 2783 | MNOPF TRUSTEES LIMITED | $0.00 | $0.00 | $0.00 | |
| 2785 | PAGANO, CARMINE J | $0.00 | $0.00 | $10,950.00 | |
| 2786 | UNITED NATIONS EDUCATIONAL, SCIENTIFIC AND CULTURAL ORGANIZATION | $0.00 | $0.00 | $0.00 | X |
| 2787 | UNITED FOODS AND COMMERCIAL WORKERS' UNIONS AND EMPLOYERS' MIDWEST | $0.00 | $0.00 | $0.00 | X |
| 2789 | LEGG MASON GLOBAL FUNDS PLC- WESTERN ASSET US CORE BOND FUND | $0.00 | $0.00 | $0.00 | X |
| 2791 | EMPLOYEES' RETIREMENT PLAN OF THE NATIONAL EDUCATION ASSOCIATION | $0.00 | $0.00 | $0.00 | X |
| 2794 | 3M VOLUNTARY INVESTMENT PLAN AND SAVINGS PLAN TRUST | $0.00 | $0.00 | $0.00 | X |
| 2795 | STICHTING BEWAAR BEROEPSVERVOER | $0.00 | $0.00 | $0.00 | |
| 2796 | AT&T COMMUNICATIONS,INC. VEBA | $0.00 | $0.00 | $0.00 | X |
| 2797 | 3M EMPLOYEES WELFARE BENEFITS ASSOCIATION TRUST | $0.00 | $0.00 | $0.00 | X |
| 2799 | BLUE CROSS BLUE SHIELD OF MICHIGAN ACCIDENT FUND COMPANY | $0.00 | $0.00 | $0.00 | |
| 2801 | OIL CASUALTY INVESTMENT CORPORATION LTD . | $0.00 | $0.00 | $0.00 | X |
| 2802 | RETIREMENT SYSTEM OF THE TENNESSEE VALLEY AUTHORITY | $0.00 | $0.00 | $0.00 | |

1. Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2. Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 2811 | BAYCARE HEALTH SYSTEM, INC. | $0.00 | $0.00 | $0.00 | X |
| 2814 | UNITED TECHNOLOGIES CORPORATION EMPLOYEE RETIREMENT PLAN AND | $0.00 | $0.00 | $0.00 | |
| 2816 | DOW UK PENSION TRUSTEES LIMITED AS TRUSTEE OF THE DOW UK PENSION PLAN | $0.00 | $0.00 | $0.00 | |
| 2817 | OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM | $0.00 | $0.00 | $0.00 | X |
| 2822 | BAHA'I WORLD CENTRE | $0.00 | $0.00 | $0.00 | |
| 2823 | DENVER PUBLIC SCHOOLS RETIREMENT TRUST FUND | $0.00 | $0.00 | $0.00 | X |
| 2828 | STATE OF WEST VIRGINIA | $0.00 | $0.00 | $268.00 | |
| 2844 | NTCC ADVISORS FUNDS FOR GRANTOR TRUSTS | $0.00 | $0.00 | $0.00 | |
| 2846 | JAGUAR PENSION TRUSTEES LIMITED | $0.00 | $0.00 | $0.00 | |
| 2847 | ABBEY NATIONAL (CF TRUSTEE) LIMITED | $0.00 | $0.00 | $0.00 | |
| 2850 | INTERNATIONAL PAPER PENSION TRUST | $0.00 | $0.00 | $0.00 | |
| 2886 | FRAZIER, FRENCH B., JR | $0.00 | $0.00 | $0.00 | |
| 2893 | OIL INVESTMENT CORPORATION, LTD. | $0.00 | $0.00 | $0.00 | |
| 2950 | LATCHMAN, MICHAEL | $0.00 | $76,310.19 | $0.00 | |
| 2973 | IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM | $0.00 | $0.00 | $0.00 | |
| 3035 | PETRUCELLI, MICHAEL J. | $0.00 | $0.00 | $10,950.00 | |
| 3046 | TISCHHAUSER, KATALIN | $0.00 | $0.00 | $10,950.00 | |
| 3065 | MUKHIJA, SONALI | $0.00 | $0.00 | $10,950.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 3104 | BROWN, MELVILLE M., JR | $0.00 | $0.00 | $1,069.69 | |
| 3138 | WILSON, JOSEPH B. | $0.00 | $0.00 | $10,950.00 | X |
| 3154 | WILSON, JOSEPH B. | $0.00 | $0.00 | $0.00 | X |
| 3179 | INDIANA STATE TEACHERS' RETIREMENT FUND | $0.00 | $0.00 | $20,026,445.00 | |
| 3229 | WELCH, MICHAEL GODFREY | $0.00 | $0.00 | $10,950.00 | |
| 3237 | COMMONFUND CIF INFLATION INDEXED BOND FUND | $0.00 | $0.00 | $0.00 | |
| 3253 | DYER, ROBERT C. | $0.00 | $0.00 | $10,950.00 | |
| 3256 | VACCA, JOE ANN | $0.00 | $0.00 | $2,777.32 | |
| 3257 | SHERMAN, KELLY | $0.00 | $0.00 | $3,346.24 | |
| 3260 | FINN, NICHOLAS B. | $0.00 | $0.00 | $10,950.00 | |
| 3268 | BHUTANI, SARABJIT SINGH | $0.00 | $0.00 | $635,685.00 | |
| 3287 | UNIVERSITY OF COLORADO | $0.00 | $0.00 | $0.00 | |
| 3305 | ROCHE US DB PLANS MASTER TRUST | $0.00 | $0.00 | $0.00 | |
| 3336 | RAUSSER, GORDON C. | $0.00 | $0.00 | $71,141.00 | |
| 3407 | STATE BOARD OF ADMINISTRATION | $0.00 | $0.00 | $0.00 | X |
| 3444 | GASPARRO, PAUL | $0.00 | $0.00 | $0.00 | X |
| 3450 | GASPARRO, PAUL | $0.00 | $97,834.06 | $10,950.00 | |
| 3465 | LOCKE, RICHARD S & PATRICIA C | $0.00 | $0.00 | $550,000.00 | |
| 3468 | TANNOR PARTNERS CREDIT FUND, LP | $0.00 | $0.00 | $10,950.00 | |
| 3483 | MCDONAGH, CHRISTOPHER W. | $0.00 | $0.00 | $10,950.00 | |
| 3523 | MILLER, BRUCE | $0.00 | $0.00 | $10,950.00 | |
| 3531 | TANAKA, JUNJI | $0.00 | $0.00 | $5,000.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 3534 | HALL, SONYA | $0.00 | $0.00 | $0.00 | |
| 3553 | KOCH, PETER J. | $0.00 | $0.00 | $61,182.50 | X |
| 3554 | JARDINIANO, MATRILLA | $0.00 | $0.00 | $10,950.00 | |
| 3604 | TITANIUM MANAGEMENT | $0.00 | $750,079.05 | $0.00 | |
| 3640 | FULTON BANK, SUCCESSOR IN INTEREST TO RESOURCE BANK | $0.00 | $0.00 | $0.00 | X |
| 3664 | TRAN, DAN V. | $0.00 | $0.00 | $1,729.81 | X |
| 3666 | BLAKELY, KAREN E. | $0.00 | $0.00 | $10,950.00 | |
| 3674 | VERGHESE, P. MATHEW | $0.00 | $0.00 | $10,950.00 | |
| 3717 | ROTHBORT, LONNIE | $0.00 | $0.00 | $10,950.00 | |
| 3719 | GOLDFARB, DAVID | $0.00 | $0.00 | $10,950.00 | |
| 3751 | HABER, SANFORD A | $0.00 | $0.00 | $10,950.00 | |
| 3764 | VERISIGN COMMUNICATIONS SERVICES | $0.00 | $0.00 | $0.00 | X |
| 4167 | REDER, FRANCES & ROSEMARY | $0.00 | $20,000.00 | $0.00 | |
| 4187 | SCHULMAN, MORTIMER | $0.00 | $25,000.00 | $0.00 | |
| 4271 | CREDENCIAL ARGENTINA SA | $0.00 | $8,140,000.00 | $0.00 | X |
| 4274 | GORLERI, CARLOS | $0.00 | $8,140,000.00 | $0.00 | X |
| 4309 | NIELSEN COMPANY, LLC, THE | $13,253.38 | $0.00 | $0.00 | X |
| 4312 | RODGERS, CATHERINE M. | $0.00 | $0.00 | $10,950.00 | |
| 4329 | MONAHAN, BRIAN WILLIAM | $0.00 | $0.00 | $10,950.00 | X |
| 4361 | ESTATE OF GERRY REILLY | $0.00 | $0.00 | $10,950.00 | |
| 4509 | KANE, JEANNE | $0.00 | $0.00 | $3,696.00 | |
| 4510-1 | ENDLAR, STEPHEN P. | $0.00 | $0.00 | $55,000.00 | |
| 4516 | BRITO, ROBERT M. | $0.00 | $0.00 | $10,950.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 4546 | ORTEGON, MARY | $0.00 | $0.00 | $10,950.00 | X |
| 4583 | FORD MOTOR COMPANY DEFINED BENEFIT MASTER TRUST | $0.00 | $0.00 | $0.00 | |
| 4613 | RICE, RICHARD J. | $0.00 | $0.00 | $28,784.33 | X |
| 4642 | SONG, YUNHO | $0.00 | $0.00 | $10,950.00 | |
| 4651 | KOCH, GERTRUDE B. | $0.00 | $0.00 | $10,950.00 | |
| 4675 | WHEELS COMMON INVESTMENT FUND | $0.00 | $0.00 | $0.00 | X |
| 4683 | CREDIT SUISSE SECURITIES (USA) LLC | $0.00 | $0.00 | $0.00 | |
| 4684 | CREDIT SUISSE | $0.00 | $0.00 | $0.00 | |
| 4685 | STODARD, SARAH | $0.00 | $0.00 | $10,950.00 | |
| 4698 | SIECZKOWSKI, WALTER J. | $0.00 | $916,878.00 | $0.00 | |
| 4702 | JAIN, AMIT | $0.00 | $0.00 | $10,950.00 | |
| 4725 | HADJUKIEWICZ, RICHARD | $0.00 | $0.00 | $1,600,000.00 | |
| 4755 | TRIZEC WESTWOOD CENTER, LLC | $83,354.86 | $0.00 | $0.00 | |
| 4760 | CA-10880 WILSHIRE LIMITED PARTNERSHIP | $31,560.00 | $0.00 | $0.00 | |
| 4769 | LUDWIG, LINDA | $0.00 | $0.00 | $10,950.00 | |
| 4775 | MARCUS, LISA | $0.00 | $0.00 | $10,950.00 | |
| 4803 | NORTHERN TRUST COMPANY, THE | $0.00 | $0.00 | $0.00 | |
| 4822 | SUNGARD SYSTEMS INTERNATIONAL INC | $39,027.60 | $0.00 | $0.00 | X |
| 4847 | DAMOUNI, MAURICE | $0.00 | $16,500.00 | $0.00 | |
| 4856 | 1EE LLC, AS ASSIGNEE | $0.00 | $0.00 | $10,950.00 | |
| 4909 | FRANKEL, SOFIA | $0.00 | $0.00 | $10,950.00 | X |
| 4922 | SHAPIRO, JULIE R. | $36,000.00 | $0.00 | $10,950.00 | |
| 4934 | NORTHUMBRIAN MANAGEMENT, L.L.C. | $0.00 | $0.00 | $0.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 4936 | NORTHUMBRIAN MANAGEMENT, L.L.C. | $0.00 | $0.00 | $0.00 | X |
| 4938 | NORTHUMBRIAN MANAGEMENT L.L.C. | $0.00 | $0.00 | $0.00 | X |
| 4943 | TD NORDIQUE, INC. | $0.00 | $0.00 | $0.00 | |
| 4945 | FORTIS SECURITIES LLC | $0.00 | $0.00 | $0.00 | |
| 4951 | EQ/CORE BOND INDEX PORTFOLIO, | $0.00 | $0.00 | $0.00 | X |
| 4958 | FLANNERY, JOSEPH | $0.00 | $0.00 | $10,950.00 | |
| 4969 | PALOMA SECURITIES L.L.C. | $0.00 | $0.00 | $0.00 | |
| 4987 | BNP PARIBAS SECURITIES CORP. | $0.00 | $0.00 | $0.00 | |
| 4988 | MORGAN STANLEY & CO. INCORPORATED | $0.00 | $0.00 | $0.00 | |
| 4989 | MORGAN STANLEY & CO. INTERNATIONAL | $0.00 | $0.00 | $0.00 | |
| 4990 | MS SECURITIES SERVICES INC. | $0.00 | $0.00 | $0.00 | |
| 5035 | MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | $0.00 | $0.00 | $0.00 | |
| 5037 | NOMURA FIN SERVICES (INDIA) PRIVATE LIMITED (FORMERLY KNOWN AS | $0.00 | $0.00 | $0.00 | |
| 5055 | UVINO, WENDY M. | $0.00 | $0.00 | $10,950.00 | X |
| 5106 | SHI, ZHIYONG | $0.00 | $0.00 | $23,900.00 | |
| 5120 | NORGES BANK | $0.00 | $0.00 | $0.00 | |
| 5124 | ATTESTOR CAPITAL, LLP FOR AND ON BEHALF OF ATTESTOR VALUE MASTER FUND | $0.00 | $0.00 | $0.00 | X |
| 5194 | FLIEDNER, COREY | $0.00 | $0.00 | $4,153.85 | |
| 5275 | UBS FINANCIAL SERVICES INC. | $0.00 | $0.00 | $0.00 | X |
| 5295 | WESTERN NATIONAL REALTY FUND II, L.P. AND CERTAIN SUBSIDIARIES, ETC. | $0.00 | $0.00 | $0.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 5297 | NOMURA SECURITIES INTERNATIONAL, INC. | $0.00 | $0.00 | $0.00 | |
| 5298 | HARE, CLIFF | $7,022,820.52 | $0.00 | $0.00 | |
| 5327 | WATSON, CHARLES L. | $8,689,153.86 | $0.00 | $0.00 | |
| 5328 | JONES, GRIFF | $7,022,820.52 | $0.00 | $0.00 | |
| 5376 | CYRUS EUROPE MASTER FUND, LTD. | $0.00 | $0.00 | $0.00 | |
| 5500 | CREDIT SUISSE SECURITIES (USA) LLC | $0.00 | $0.00 | $0.00 | |
| 5501 | MARZONIE, JOHN D | $0.00 | $0.00 | $2,314,778.00 | X |
| 5502 | MARZONIE, JOHN | $0.00 | $0.00 | $25,000.00 | X |
| 5526 | CREDIT SUISSE SECURITIES (USA) LLC, ET AL. | $0.00 | $0.00 | $0.00 | |
| 5546 | CITIGROUP GLOBAL MARKETS INC. | $0.00 | $0.00 | $0.00 | |
| 5547 | CITIGROUP GLOBAL MARKETS INC. | $0.00 | $0.00 | $0.00 | |
| 5555 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | $0.00 | $0.00 | $0.00 | |
| 5556 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | $0.00 | $0.00 | $0.00 | |
| 5557 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | $0.00 | $0.00 | $0.00 | |
| 5562 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | $0.00 | $0.00 | $0.00 | |
| 5563 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | $0.00 | $0.00 | $0.00 | |
| 5564 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | $0.00 | $0.00 | $0.00 | |
| 5565 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | $0.00 | $0.00 | $0.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 5567 | MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ET AL. | $0.00 | $0.00 | $0.00 | |
| 5568 | AURORA BANK FSB F/K/A LEHMAN BROTHERS BANK, FSB | $0.00 | $8,076,019.52 | $0.00 | |
| 5570 | CITIGROUP GLOBAL MARKETS INC. ET AL | $0.00 | $0.00 | $0.00 | |
| 5582 | TEACHERS RETIREMENT SYSTEM OF THE STATE OF ILLINOIS | $0.00 | $293,443.00 | $0.00 | |
| 5610 | SZTUDEN, MARK | $0.00 | $0.00 | $10,950.00 | |
| 5614 | CVIC LUX MASTER S.A.R.L. | $0.00 | $0.00 | $0.00 | |
| 5616 | LA BELLE, ANTOINETTE E. | $0.00 | $0.00 | $10,950.00 | X |
| 5619 | BEIJING FOREIGN ENTERPRISE HUMAN RESOURCES SERVICE CO., LTD. | $0.00 | $0.00 | $3,293.55 | X |
| 5637 | MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED & OTHERS | $0.00 | $0.00 | $0.00 | |
| 5639 | NORDEA BANK FINLAND PLC | $0.00 | $0.00 | $0.00 | |
| 5640 | WELLS FARGO BANK, MINNESOTA, N.A. | $0.00 | $0.00 | $0.00 | |
| 5642 | EVERBANK | $0.00 | $118,181.71 | $0.00 | X |
| 5659 | CITIGROUP GLOBAL MARKETS INC. AND OTHERS | $0.00 | $0.00 | $0.00 | |
| 5723 | SCHERMAN FOUNDATION, INC., THE | $0.00 | $0.00 | $0.00 | |
| 5726 | MORGAN STANLEY & CO INCORPORATED ET AL | $0.00 | $0.00 | $0.00 | |
| 5736 | BLOOMBERG L.P., BLOOMBERG FINANCE L.P., AND THEIR AFFILIATES | $14,251,000.00 | $0.00 | $0.00 | |
| 5813 | COHEN, KENNETH | $0.00 | $0.00 | $10,950.00 | |

1.    Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.    Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 5814 | HUGHSON, PAUL | $0.00 | $0.00 | $10,950.00 | |
| 5836 | WELLS FARGO BANK, NATIONAL ASSOCIATION | $175,833.11 | $0.00 | $0.00 | |
| 5838 | WELLS FARGO BANK MINNESOTA, N.A. | $0.00 | $0.00 | $0.00 | |
| 5845 | GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY | $0.00 | $0.00 | $0.00 | |
| 5851 | LEHMAN BROTHERS EUROPE LIMITED (IN ADMINISTRATION) | $0.00 | $0.00 | $0.00 | |
| 5885 | WILMINGTON TRUST COMPANY, INDIVIDUALLY AND AS SERVICE PROVIDER | $0.00 | $0.00 | $0.00 | |
| 5930 | ABN AMRO INCORPORATED | $0.00 | $0.00 | $0.00 | |
| 5932 | RBS SECURITIES | $0.00 | $0.00 | $0.00 | |
| 5933 | ABN AMRO BANK N.V. | $0.00 | $0.00 | $0.00 | |
| 5934 | LEHMAN BROTHERS BANKHAUS AG | $0.00 | $0.00 | $0.00 | X |
| 5953 | ECKERT, CATHERINE A. | $0.00 | $0.00 | $10,950.00 | X |
| 5958 | HESS CORPORATION | $1,441.00 | $0.00 | $0.00 | |
| 5968 | MIZUHO SECURITIES USA INC. | $0.00 | $0.00 | $0.00 | |
| 5973 | CHARLES SCHWAB & CO., INC. | $0.00 | $8,000.00 | $0.00 | |
| 5974 | KRAVETZ, LARRY J. | $0.00 | $0.00 | $10,950.00 | |
| 5975 | CITIGROUP GLOBAL MARKETS INC., AND OTHERS | $0.00 | $0.00 | $0.00 | |
| 6024 | PRUDENTIAL RELOCATION, INC. | $25,495.16 | $0.00 | $0.00 | |
| 6024-1 | TANNOR PARTNERS CREDIT FUND, LP | $338,567.04 | $0.00 | $0.00 | |
| 6046 | GREZO, CHARLOTTE | $0.00 | $0.00 | $309,400.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 6051 | UBELHART, KAREN A. | $0.00 | $0.00 | $10,950.00 | X |
| 6075 | WANG, JANE (JIANGLING) | $0.00 | $1,449.60 | $1,449.60 | |
| 6090 | CHICAGO MERCANTILE EXCHANGE INC. | $0.00 | $1,558,751.00 | $0.00 | |
| 6107 | CHAMBERS, J. ROBERT | $0.00 | $0.00 | $10,950.00 | |
| 6109 | SARMAST, AIDA Y | $0.00 | $0.00 | $48,603.23 | X |
| 6117 | PIEPER, RICHARD | $0.00 | $0.00 | $10,950.00 | |
| 6125 | DALE, ROBERT | $0.00 | $0.00 | $0.00 | X |
| 6126 | DALE, ROBERT | $0.00 | $0.00 | $0.00 | X |
| 6145 | DALE, ROBERT | $0.00 | $0.00 | $10,950.00 | X |
| 6163 | BANCO BILBAO VIZCAYA ARGENTARIA, S.A. NEW YORK BRANCH | $0.00 | $0.00 | $0.00 | |
| 6185 | CREDIT SUISSE SECURITIES (USA) LLC, ET AL | $0.00 | $0.00 | $0.00 | |
| 6189 | MCCULLY, MICHAEL K | $0.00 | $0.00 | $10,950.00 | X |
| 6193 | NORTHUMBRIAN MANAGEMENT, LLC | $0.00 | $0.00 | $0.00 | X |
| 6265 | CARPENTER, THERESA J. | $0.00 | $0.00 | $10,950.00 | X |
| 6299 | GMT LIBOR ALPHA CAYMAN UNIT TRUST | $0.00 | $0.00 | $0.00 | |
| 6300 | SPANO, JOSEPH B. | $0.00 | $0.00 | $8,031.00 | |
| 6301 | LOYALIS LEVEN N.V. & LOYALIS SCHADE N.V. | $0.00 | $0.00 | $0.00 | |
| 6366 | KAUFMAN, JULIA | $0.00 | $0.00 | $10,950.00 | |
| 6377 | ORACLE AMERICA, INC. | $3,391,034.60 | $0.00 | $0.00 | |
| 6381 | CITIBANK, N.A. | $74,692.09 | $0.00 | $0.00 | |
| 6391 | PARKER, DEBORAH A. | $0.00 | $36,603.00 | $36,603.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 6393 | HAND COMPOSITE EMPLOYEE BENEFIT TRUST | $0.00 | $0.00 | $0.00 | |
| 7000019 | KLINGER, JEFFREY M | $0.00 | $0.00 | $500,000.00 | |
| 7000024 | PHILLIPS, YOAN | $0.00 | $0.00 | $10,000.00 | X |
| 7000048 | BODDICKER, JAY B AND JENNIFER C | $0.00 | $0.00 | $10,950.00 | |
| 7000071 | WREN, ALEX H | $0.00 | $0.00 | $8,591.12 | |
| 7000073 | SHOWALTER, TODD ANTHONY | $0.00 | $0.00 | $10,950.00 | |
| 7000075 | HO, MAGGIE | $0.00 | $0.00 | $651.08 | X |
| 7000089 | ROHRBACH, DAVID J | $0.00 | $0.00 | $10,950.00 | |
| 7000095 | FOSTER, MARTIN L | $0.00 | $0.00 | $31,163.91 | |
| 7000116 | SIRADAS, LISA ANNE | $0.00 | $0.00 | $4,500.00 | |
| 7000122 | ADKINS, DON E. | $0.00 | $0.00 | $0.00 | X |
| 7000129 | DARWIN, ERIC E | $0.00 | $0.00 | $3,230.77 | |
| 7000137 | YE, TAO | $0.00 | $0.00 | $10,000.00 | X |
| 7000149 | WIND, THOMAS L | $0.00 | $0.00 | $10,950.00 | |
| 7000152 | LIQUIDITY SOLUTIONS, INC. | $0.00 | $0.00 | $24,068.00 | |
| 7000154 | MATARESE, MATTHEW | $0.00 | $59.62 | $59.62 | X |
| 7000157 | COOPER, JAMSHED | $0.00 | $0.00 | $10,950.00 | |
| 7000211 | IMPERATO, JASON | $0.00 | $0.00 | $10,950.00 | |
| 7000214 | ACKERS, CLIFFORD BRYANT | $0.00 | $0.00 | $459,000.00 | |
| 7000217 | BECKER, JANIS HEIDI | $0.00 | $0.00 | $200,000.00 | |
| 7000237 | COLUCCIO, DOMINIC FRANK | $0.00 | $0.00 | $10,950.00 | |
| 7000239 | SHAN, LIHONG | $0.00 | $0.00 | $10,950.00 | X |
| 7000261 | DUBROW, NEIL C. | $0.00 | $0.00 | $577,776.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7000278 | FREIGHT INVESTOR SERVICES LTD | $0.00 | $0.00 | $157,889.75 | X |
| 7000309 | MOSTER, JEFFREY ROBERT | $0.00 | $0.00 | $10,950.00 | |
| 7000312 | JOHNSON, JEFFREY CLEMENT | $0.00 | $0.00 | $10,950.00 | |
| 7000318 | ALDAMA, JAIME REYERO | $0.00 | $0.00 | $10,950.00 | |
| 7000336 | BHALLA, RITAM RAY | $0.00 | $0.00 | $2,875.00 | X |
| 7000350 | GUERRIER, SCOTT | $0.00 | $0.00 | $10,950.00 | |
| 7000354 | MADANS, JEFFREY A | $0.00 | $0.00 | $10,950.00 | X |
| 7000362 | PAGE, SARAH K | $0.00 | $0.00 | $2,550.00 | |
| 7000370 | PUSKULDJIAN, PAUL A | $0.00 | $0.00 | $120,809.00 | X |
| 7000378 | HOLT, GERALD R. | $0.00 | $0.00 | $0.00 | X |
| 7000379 | HOLT, GERALD R | $0.00 | $0.00 | $0.00 | X |
| 7000390 | GAO, LIHUA | $0.00 | $100,000.00 | $10,950.00 | |
| 7000398 | MURTHY, AKSHAY | $0.00 | $0.00 | $10,950.00 | |
| 7000404 | LAURINO, JOHN | $0.00 | $0.00 | $10,950.00 | X |
| 7000482 | SALLES, PATRICIA P. | $0.00 | $0.00 | $10,950.00 | X |
| 7000489 | BOTTON, J DANIEL | $0.00 | $0.00 | $33,812.00 | X |
| 7000490 | CITIGROUP PENSION PLAN | $0.00 | $3,000,000.00 | $3,000,000.00 | |
| 7000495 | CHAPMAN, JAMES R | $0.00 | $0.00 | $10,950.00 | X |
| 7000498 | ROGERSCASEY TARGET SOLUTIONS | $0.00 | $0.00 | $0.00 | |
| 7000533 | RUMBLE, NADINE V | $0.00 | $0.00 | $5,481.00 | |
| 7000561 | BENIWAL, NEENA | $0.00 | $0.00 | $10,950.00 | |
| 7000580 | AGRAWAL, SHASHANK | $0.00 | $0.00 | $10,950.00 | |
| 7000588 | TSESMELIS, NICOLE | $0.00 | $0.00 | $10,913.95 | X |
| 7000591 | RAMAN, MURALI | $0.00 | $0.00 | $10,950.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7000593 | SRINIVASAN, GIRIDHAR N | $0.00 | $0.00 | $1,000.00 | |
| 7000653 | PHILLIPS, ALEXANDER | $0.00 | $0.00 | $10,950.00 | |
| 7000658 | CASRIEL, LYLE | $0.00 | $0.00 | $8,995.95 | |
| 7000672 | WORLD CLASS BUSINESS PRODUCTS | $0.00 | $32,592.16 | $0.00 | X |
| 7000706 | ANTONCIC, MADELYN | $81,386.27 | $0.00 | $10,950.00 | |
| 7000710 | QUAN, BRADLEY | $0.00 | $0.00 | $6,931.58 | |
| 7000716 | LAZARUS, ROBERT W | $0.00 | $0.00 | $250,000.00 | X |
| 7000726 | BYASSEE, LEE B | $0.00 | $0.00 | $10,950.00 | |
| 7000761 | COVEY, DAVID J | $0.00 | $0.00 | $645,870.76 | X |
| 7000777 | VERRELLI, DINO L. | $0.00 | $0.00 | $10,950.00 | |
| 7000778 | MONTEMAYOR, RODRIGO | $0.00 | $0.00 | $105,900.00 | |
| 7000788 | STARCHER, JEFFREY ALLEN | $0.00 | $0.00 | $10,950.00 | |
| 7000805 | SINGAPORE LABOUR FOUNDATION | $0.00 | $0.00 | $0.00 | X |
| 7000806 | DUH, NINI S | $0.00 | $42,534.25 | $10,950.00 | X |
| 7000878 | SOUSA, PETER | $0.00 | $0.00 | $10,950.00 | |
| 7000898 | WANG, NATHAN | $0.00 | $0.00 | $13,548.00 | |
| 7000928 | O'CONNOR, BRIDGET E | $0.00 | $0.00 | $10,950.00 | X |
| 7000940 | ROCHE US DB PLANS MASTER TRUST | $0.00 | $0.00 | $0.00 | |
| 7000944 | CHASE, CHRISTOPHER M | $0.00 | $0.00 | $10,950.00 | |
| 7000949 | MAIDMAN, DAGNY C | $0.00 | $0.00 | $10,950.00 | |
| 7000974 | DALTON, MATTHEW PHILIP | $0.00 | $0.00 | $6,057.69 | |
| 7000985 | MONTANA PUBLIC EMPLOYEES' | $0.00 | $0.00 | $0.00 | |
| 7001007 | RIESSEN, NATALIE S | $0.00 | $0.00 | $514.85 | |
| 7001008 | RICHARDS, BONNIE E | $0.00 | $0.00 | $2,731.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7001009 | RIESSEN, NATALIE S | $0.00 | $0.00 | $1,719.39 | |
| 7001012 | STACKMAN, SCOTT L | $0.00 | $0.00 | $10,950.00 | |
| 7001013 | RIESSEN, NATALIE S | $0.00 | $0.00 | $1,871.21 | |
| 7001017 | GALLO, LAURIE | $0.00 | $0.00 | $150,000.00 | X |
| 7001032 | LUCAS, VINCENT GEOFFREY | $0.00 | $0.00 | $167,123.00 | |
| 7001041 | LUCAS, VINCENT GEOFFREY | $0.00 | $0.00 | $0.00 | |
| 7001064 | SULLIVAN, MARK L. | $0.00 | $0.00 | $10,950.00 | |
| 7001066 | RIBEIRO, RODRIGO L | $0.00 | $0.00 | $10,950.00 | |
| 7001079 | RYANS, PAUL J | $0.00 | $0.00 | $10,950.00 | |
| 7001088 | ASHE, KATHLEEN MARY | $0.00 | $0.00 | $10,950.00 | X |
| 7001092 | BREWSTER, MICHAEL J. | $0.00 | $0.00 | $10,950.00 | |
| 7001096 | GONZALEZ, MARILYN | $0.00 | $0.00 | $1,747.00 | |
| 7001109 | CAZZOLI, RICCARDO | $0.00 | $0.00 | $191,798.00 | |
| 7001112 | MUSSO, LEONARD A | $0.00 | $0.00 | $35,000.00 | |
| 7001124 | ACCESS SECURITIES | $0.00 | $0.00 | $10,950.00 | |
| 7001146 | ENGLE, MICHAEL THOMAS | $0.00 | $0.00 | $10,950.00 | X |
| 7001154-1 | BAIR, MELODY | $0.00 | $0.00 | $3,384.62 | |
| 7001157 | KALLIS, JOHN H. | $0.00 | $0.00 | $10,950.00 | |
| 7001173 | CHING, STEVE | $0.00 | $0.00 | $10,950.00 | |
| 7001191 | ZHENG JAMES HAN | $0.00 | $0.00 | $10,950.00 | |
| 7001199 | JAKOBSZE, ROBERT A | $0.00 | $0.00 | $10,950.00 | X |
| 7001228 | RINKOV, JOSHUA D | $0.00 | $0.00 | $10,950.00 | |
| 7001229 | PAN, DANIEL | $0.00 | $0.00 | $2,500.00 | |
| 7001231 | MARCUS, DANIEL M | $0.00 | $0.00 | $100,000.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7001242 | CHELLAPPA, ROOPA | $0.00 | $0.00 | $10,950.00 | X |
| 7001281 | CRAMER, REBEKAH | $0.00 | $0.00 | $10,950.00 | |
| 7001285 | BELLERAND, SHELLY M. | $0.00 | $0.00 | $1,380.60 | |
| 7001349 | DIAZ, AGNES | $0.00 | $0.00 | $10,950.00 | X |
| 7001360 | GLOVER, MICHAEL SCOTT | $0.00 | $0.00 | $10,590.00 | |
| 7001390 | REED, KIMBERLY A | $0.00 | $0.00 | $10,950.00 | |
| 7001397 | HU, ISABELLE | $0.00 | $0.00 | $179,954.97 | |
| 7001532 | GLISKER, GEORGE | $0.00 | $69,541.76 | $0.00 | |
| 7001560 | WARGON, BRIAN SCOTT | $0.00 | $0.00 | $10,950.00 | |
| 7002047 | THAI, THANH HUNG | $0.00 | $0.00 | $10,950.00 | |
| 7002081 | SANTORO, VITO A | $0.00 | $0.00 | $16,384.00 | |
| 7002100 | CITIBANK NA AS CUSTODIAN FOR BNP | $0.00 | $85,156.25 | $0.00 | |
| 7002115 | PAPROSKI, MARGARET DORIS | $0.00 | $0.00 | $9,583.33 | X |
| 7002123 | THE BANK OF NEW YORK | $0.00 | $0.00 | $0.00 | |
| 7002171 | THE BANK OF NEW YORK MELLON | $0.00 | $0.00 | $0.00 | X |
| 7002217 | PHH MORTGAGE CORP | $0.00 | $1,719,310.00 | $0.00 | |
| 7002226 | ON BEHALF OF ATTACHED UNDERWRITERS; DEFENDANTS IN INDYMAC MORTGAGE | $0.00 | $0.00 | $0.00 | |
| 7002259 | BRANCH BANKING & TRUST COMPANY | $0.00 | $0.00 | $0.00 | |
| 7002273 | KOHLI, SANDEEP K | $0.00 | $0.00 | $10,950.00 | |
| 7002295 | NEWPORT GLOBAL CREDIT FUND (MASTER) L.P. | $0.00 | $0.00 | $0.00 | |
| 7002297 | PEP CREDIT INVESTOR L.P. | $0.00 | $0.00 | $0.00 | X |
| 7002321 | LAURIE, EVELYN T | $0.00 | $0.00 | $70,000.00 | X |

1. Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2. Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7002329 | GREAT BAY CONDOMINIUM OWNERS ASSOCIATION, INC. | $0.00 | $0.00 | $2,000,000.00 | |
| 7002344 | THOMAS ANDREW OLLQUIST | $0.00 | $0.00 | $200,000.00 | |
| 7002347 | BARNOWSKI, MICHAEL | $0.00 | $0.00 | $5,000.00 | |
| 7002355 | RIJHSINGHANI, AMIT | $0.00 | $0.00 | $10,950.00 | |
| 7002381 | ADAIR, JOHN | $0.00 | $0.00 | $0.00 | |
| 7002382 | ADDINGTON, ERIK R. | $0.00 | $0.00 | $10,950.00 | X |
| 7002383 | ANTONELLI, CHRISTOPHER G. | $0.00 | $0.00 | $10,950.00 | X |
| 7002385 | CORSALINI, ENRICO J | $0.00 | $0.00 | $10,950.00 | X |
| 7002386 | DEXTER, DARRIN A | $0.00 | $0.00 | $10,950.00 | X |
| 7002387 | GREENWALD, ANDREW J. | $0.00 | $0.00 | $10,950.00 | X |
| 7002388 | HUANG, KANGLIN | $0.00 | $0.00 | $10,950.00 | X |
| 7002389 | HUNT, ROBIN | $0.00 | $0.00 | $10,950.00 | X |
| 7002390 | JOTWANI, TARUN | $0.00 | $0.00 | $0.00 | |
| 7002391 | KEAY, STEPHANIE | $0.00 | $0.00 | $10,950.00 | X |
| 7002393 | MCGARRY, PATRICK J. | $0.00 | $0.00 | $10,950.00 | X |
| 7002394 | O'CONNOR, BRIAN M. | $0.00 | $0.00 | $10,950.00 | X |
| 7002396 | QUISMORIO, JAMES P. | $0.00 | $0.00 | $10,950.00 | X |
| 7002397 | SKOLNICK, FRED J. | $0.00 | $0.00 | $10,950.00 | X |
| 7002398 | WENDEL, CHRISTOPHER | $0.00 | $0.00 | $10,950.00 | X |
| 7002399 | BEST, BARBARA J. | $0.00 | $0.00 | $10,950.00 | X |
| 7002400 | BUSH, JAMES | $0.00 | $0.00 | $10,950.00 | |
| 7002401 | FLANAGAN, CHRISTOPHER | $0.00 | $0.00 | $10,950.00 | X |
| 7002402 | FUCHS, BENJAMIN A. | $0.00 | $0.00 | $10,950.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7002404 | SIEGMUND, THOMAS | $0.00 | $0.00 | $10,950.00 | X |
| 7002405 | CHO, KUNHO | $0.00 | $0.00 | $10,950.00 | X |
| 7002406 | CHETTY, NOEL ROYAPPAN | $0.00 | $0.00 | $10,950.00 | X |
| 7002407 | GABBAY, MARK | $0.00 | $0.00 | $10,950.00 | |
| 7002408 | RUBINSTEIN, MARC | $0.00 | $0.00 | $10,950.00 | X |
| 7002409 | CHIN, RUSSELL | $0.00 | $0.00 | $10,950.00 | X |
| 7002410 | HOWE, CHRISTIAN J. | $0.00 | $0.00 | $10,950.00 | X |
| 7002411 | HURLEY, JEFFREY D. | $0.00 | $0.00 | $10,950.00 | X |
| 7002412 | ARNAUDY, ANTHONY J. | $0.00 | $0.00 | $10,950.00 | X |
| 7002413 | BALLENTINE, JAMES M III | $0.00 | $0.00 | $10,950.00 | |
| 7002414 | BRAMHAM, SHAUN | $0.00 | $0.00 | $10,950.00 | |
| 7002415 | CAROL, CLAYTON | $0.00 | $0.00 | $10,950.00 | |
| 7002417 | CHAN, KENT | $0.00 | $0.00 | $10,950.00 | |
| 7002418 | DOE, JOCELYN J. | $0.00 | $0.00 | $10,950.00 | |
| 7002419 | DORFMAN, DAVID A. | $0.00 | $0.00 | $10,950.00 | |
| 7002420 | FELDKAMP, GEOFFREY F. | $0.00 | $0.00 | $10,785.00 | |
| 7002421 | GOULD, JAMES P | $0.00 | $0.00 | $10,950.00 | X |
| 7002422 | HAR-EVEN, ITAMAR | $0.00 | $0.00 | $10,950.00 | |
| 7002424 | LAIBLE, ROBERT K. | $0.00 | $0.00 | $10,950.00 | |
| 7002425 | MILLEA, TIMOTHY E. | $0.00 | $0.00 | $10,950.00 | X |
| 7002426 | MORRIS, JASON P. | $0.00 | $0.00 | $10,950.00 | |
| 7002427 | PAPADAKIS, SPYROS N. | $0.00 | $0.00 | $10,950.00 | |
| 7002428 | RASNER, TIMOTHY D. | $0.00 | $0.00 | $10,950.00 | X |
| 7002429 | RUBIN, CHARLES | $0.00 | $0.00 | $10,950.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7002431 | SCHIFFMAN, GLENN H. | $0.00 | $0.00 | $10,950.00 | |
| 7002432 | SOWINSKI, JOHN A. | $0.00 | $0.00 | $703.00 | |
| 7002434 | STEIN, JEFFREY A | $0.00 | $0.00 | $10,950.00 | |
| 7002435 | TUNG, SHARON W. | $0.00 | $0.00 | $10,950.00 | |
| 7002436 | UMLAUF, ERIK | $0.00 | $0.00 | $10,950.00 | |
| 7002437 | VAISH, PANKAJ | $0.00 | $0.00 | $10,950.00 | X |
| 7002438 | VULAKH, NATALIE SAVIC | $0.00 | $0.00 | $10,950.00 | |
| 7002439 | WEISS, AARON J. | $0.00 | $0.00 | $10,950.00 | |
| 7002440 | YEE, JACK S. | $0.00 | $0.00 | $10,950.00 | |
| 7002441 | ZOLAD, BRYAN C. | $0.00 | $0.00 | $10,950.00 | |
| 7002442 | DWYER, KENDALL L | $0.00 | $0.00 | $10,950.00 | |
| 7002444 | GLAVAN, JEFFREY L. | $0.00 | $0.00 | $10,950.00 | |
| 7002445 | KAYE, PATRICK J. | $0.00 | $0.00 | $10,950.00 | X |
| 7002451 | HANSON, MICHAEL S. | $0.00 | $0.00 | $10,950.00 | |
| 7002479 | U.S. BANK NATIONAL ASSOCIATION | $0.00 | $0.00 | $0.00 | |
| 7002493 | UNDERWRITER CLAIMANTS IN IN RE COUNTRYWIDE FINANCIAL CORP. SECURITIES | $0.00 | $0.00 | $0.00 | |
| 7002502 | RBS SECURITIES INC. | $0.00 | $0.00 | $0.00 | |
| 7002524 | MULLEN, PETER D | $0.00 | $0.00 | $93,750.00 | |
| 7002525 | GOURD, WILLIAM C. | $0.00 | $511,000.00 | $10,950.00 | |
| 7002529 | KENWORTHY, MARY MATTSON | $0.00 | $20,000.00 | $10,950.00 | |
| 7002531 | MONROY, ALEXANDER E | $0.00 | $0.00 | $10,950.00 | |
| 7002534 | THOMPSON, DEREK J | $0.00 | $0.00 | $531,000.00 | |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 7002540 | O'SULLIVAN, THOMAS JOSEPH | $0.00 | $0.00 | $10,950.00 | |
| 7002563 | HARRIS COUNTY HOSPITAL DISTRICT | $0.00 | $0.00 | $0.00 | |
| 7002565 | CLIFFORD, CHRISTOPHER J | $0.00 | $0.00 | $10,950.00 | |
| 7002602 | MACKAY SHIELDS LLC | $0.00 | $148,135.42 | $0.00 | |
| 7002615 | LUCOCQ, SIMON B | $0.00 | $0.00 | $10,950.00 | X |
| 7002616 | BHATTAL, JASJIT S. | $0.00 | $0.00 | $10,950.00 | X |
| 7002618 | PEARSON, THOMAS M. | $0.00 | $0.00 | $10,950.00 | X |
| 7002619 | CAROL, CLAYTON | $0.00 | $0.00 | $0.00 | |
| 7002620 | KRAMER, KEVIN R | $0.00 | $0.00 | $398,000.00 | |
| 7002622 | GABRIEL MARTY, HUGO-LANCELOT ROBERT | $0.00 | $0.00 | $10,950.00 | X |
| 9008152 | NETAPP INC. | $0.00 | $0.00 | $0.00 | |

1. Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2. Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components. Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim. The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

**Schedule D-1 – Priority, Secured, and Administrative Tax Claims Accepted in the Indicated Amounts Pursuant to Section 502(a) of the Bankruptcy Code**
As of April 30, 2014

| Claim Number | Claim Holder[1] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| 4148 | KING COUNTY TREASURY OPERATIONS | $0.00 | $595.76 | $0.00 |
| 4284 | CITY OF BOSTON | $0.00 | $0.00 | $33,085.54 |
| 5268 | COMMONWEALTH OF KENTUCKY | $0.00 | $0.00 | $200.80 |
| 6240 | COMMONWEALTH OF MASSACHUSETTS, THE | $0.00 | $0.00 | $410,870.96 |
| 6370 | CALIFORNIA FRANCHISE TAX BOARD | $435,577.78 | $0.00 | $0.00 |
| 6382 | WEST VIRGINIA STATE TAX DEPT. | $0.00 | $0.00 | $16,902.88 |
| 6394 | STATE OF ALABAMA DEPT. OF REVENUE | $50.00 | $0.00 | $0.00 |
| 6395 | STATE OF ALABAMA DEPT. OF REVENUE | $196.60 | $0.00 | $0.00 |
| 6402 | FLORIDA DEPT. OF REVENUE | $36,931.48 | $0.00 | $0.00 |
| 6407 | LOUISIANA DEPT. OF REVENUE | $200.00 | $0.00 | $0.00 |
| 6411 | MASSACHUSETTS DEPT. OF REVENUE | $130.53 | $0.00 | $0.00 |
| 6412 | MIAMI-DADE COUNTY TAX COLLECTOR | $1,212.50 | $0.00 | $0.00 |
| 6413 | MICHIGAN DEPT. OF TREASURY | $522.85 | $0.00 | $0.00 |
| 6417 | NEW YORK STATE DEPT. OF TAXATION AND FINANCE | $39.05 | $0.00 | $0.00 |
| 6418 | NORTH CAROLINA DEPT. OF REVENUE | $643.97 | $0.00 | $0.00 |
| 6419 | NORTH CAROLINA DEPT. OF REVENUE | $41.13 | $0.00 | $0.00 |
| 6420 | OREGON DEPT. OF REVENUE | $163.60 | $0.00 | $0.00 |
| 6421 | COMMONWEALTH OF PENNSYLVANIA | $6,198.00 | $0.00 | $0.00 |
| 6423 | CITY OF PITTSBURGH | $71.19 | $0.00 | $0.00 |
| 6424 | STATE OF SOUTH CAROLINA | $104.13 | $0.00 | $0.00 |
| 6425 | STATE OF WISCONSIN | $62.60 | $0.00 | $0.00 |
| Tax Return | FLORIDA DEPARTMENT OF REVENUE | $834.00 | $0.00 | $0.00 |
| Tax Return | ILLINOIS DEPARTMENT OF REVENUE | $10,905.10 | $0.00 | $0.00 |
| Tax Return | ILLINOIS DEPARTMENT OF REVENUE | $13,267.00 | $0.00 | $0.00 |

1.    Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

D1-2

| Claim Number | Claim Holder[1] | Administrative Reserve Amount | Secured Reserve Amount | Priority Reserve Amount |
|---|---|---|---|---|
| Tax Return | COMMONWEALTH OF KENTUCKY | $88,785.00 | $0.00 | $0.00 |
| Tax Return | COMMONWEALTH OF KENTUCKY | $8,145.00 | $0.00 | $0.00 |
| Tax Return | MAINE REVENUE SERVICES | $30.00 | $0.00 | $0.00 |
| Tax Return | COMPTROLLER OF MARYLAND | $730.35 | $0.00 | $0.00 |
| Tax Return | COMPTROLLER OF MARYLAND | $594.00 | $0.00 | $0.00 |
| Tax Return | COMPTROLLER OF MARYLAND | $430.00 | $0.00 | $0.00 |
| Tax Return | NEW MEXICO | $245.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $83,484.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $16,231.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $20,166.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $22,748.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $22,504.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $6,513.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $6,896.00 | $0.00 | $0.00 |
| Tax Return | NEW YORK CITY | $6,896.00 | $0.00 | $0.00 |
| Tax Return | VIRGINIA | $4,321.00 | $0.00 | $0.00 |
| Tax Return | VIRGINIA | $3,252.00 | $0.00 | $0.00 |
| Tax Return | WEST VIRGINIA | $16,176.00 | $0.00 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

**Schedule D-2 – Priority, Secured, and Administrative Tax Claims that are Unresolved or Currently Pending Before the Court**
As of April 30, 2014

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 1362 | MASSACHUSETTS DEPARTMENT OF REVENUE, BANKRUPTCY UNIT | $0.00 | $0.00 | $654,394.64 | X |
| 4195 | TENNESSEE DEPARTMENT OF REVENUE | $5,031.19 | $0.00 | $0.00 | |
| 4330 | OHIO BUREAU OF WORKERS' COMPENSATION | $0.00 | $0.00 | $1,973.21 | |
| 6173 | LOS ANGELES CITY ATTORNEY'S OFFICE | $288,096.88 | $0.00 | $0.00 | X |
| 6232 | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE | $0.00 | $0.00 | $0.00 | |
| 6232-1 | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE | $0.00 | $0.00 | $0.00 | |
| 6233 | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, BANKRUPTCY SECTION | $6,227.34 | $0.00 | $0.00 | |
| 6236 | STATE OF CALIFORNIA | $243,653.72 | $0.00 | $0.00 | X |
| 6250 | COMMONWEALTH OF MASSACHUSETTS | $23,472.32 | $0.00 | $0.00 | X |
| 6292 | FULTON COUNTY TAX COMMISSIONER | $0.00 | $0.00 | $187,419.12 | X |
| 6372 | RIVERSIDE COUNTY TAX COLLECTOR | $0.00 | $34,593.86 | $0.00 | |
| 6385 | CITY OF PHILADELPHIA/SCHOOL DISTRICT | $1,690,279.35 | $0.00 | $0.00 | X |
| 6386 | DEPARTMENT OF THE TREASURY - IRS | $0.00 | $0.00 | $0.00 | |
| 6387 | STATE OF CALIFORNIA BOARD OF EQUALIZATION | $2,522.94 | $0.00 | $17,899.12 | X |
| 6388 | ESTADO LIBRE ASOCIADO DE PUERTO RICO DEPARTAMENTO DE HACIENDA | $500.00 | $0.00 | $0.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number[1] | Claim Holder[2] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount | Pending Before the Court |
|---|---|---|---|---|---|
| 6389 | ESTADO LIBRE ASOCIADO DE PUERTO RICO DEPARTAMENTO DE HACIENDA | $100.00 | $0.00 | $0.00 | X |
| 6390 | STATE OF CONNECTICUT DEPT OF REVENUE SERVICES | $786.00 | $0.00 | $2,794.47 | X |
| 6396 | STATE OF CALIFORNIA BOARD OF EQUALIZATION | $22,384.24 | $0.00 | $0.00 | X |
| 6397 | STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT | $818.72 | $0.00 | $0.00 | X |
| 6398 | STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT | $1,337.28 | $0.00 | $0.00 | X |
| 6399 | STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT | $250,723.13 | $0.00 | $0.00 | X |
| 6400 | STATE OF CALIFORNIA FRANCHISE TAX BOARD | $6,664.44 | $0.00 | $0.00 | X |
| 6401 | STATE OF CALIFORNIA FRANCHISE TAX BOARD | $435,146.48 | $0.00 | $0.00 | X |
| 6403 | FULTON COUNTY ASSESSORS OFFICE | $47,607.13 | $0.00 | $0.00 | X |
| 6404 | FULTON COUNTY TAX COMMISSIONER | $47,898.17 | $0.00 | $0.00 | X |
| 6405 | FULTON COUNTY TAX COMMISSIONER | $47,893.87 | $0.00 | $0.00 | X |
| 6406 | GEORGIA DEPARTMENT OF REVENUE | $268,058.41 | $0.00 | $0.00 | X |
| 6409 | MASSACHUSETTS DEPARTMENT OF REVENUE | $5,342.76 | $0.00 | $0.00 | X |
| 6410 | MASSACHUSETTS DEPT. OF REVENUE | $28,142.96 | $0.00 | $0.00 | X |
| 6414 | MISSISSIPPI DEPARTMENT OF REVENUE | $141.44 | $0.00 | $0.00 | X |
| 6415 | STATE OF MISSISSIPPI, DEPT. OF REVENUE | $1,274.00 | $0.00 | $0.00 | X |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

2.  Where a claim number is hyphenated, the Trustee's professionals have administratively split the claim into two components.  Claims are split for administrative ease when a portion of the claim has been partially transferred to a new claim holder and when certain components of the claim are entitled to different treatment than other components of the claim.  The status of each component of the claim can be viewed by entering the original claim number without a hyphen on the claims register located on the Trustee's website, www.lehmantrustee.com.

**Schedule E – Priority, Secured, and Administrative Claims Currently Pending in the Ongoing Consolidated Adversary Proceeding Relating to the Executive and Select Employees Plan**
As of April 30, 2014

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 1 | KOBAK, MARTIN | $0.00 | $0.00 | $162,783.00 |
| 166 | VALDRIGHI, JOHN | $0.00 | $0.00 | $494,349.00 |
| 245 | MCDONALD, PATRICK W. | $0.00 | $0.00 | $69,091.12 |
| 654 | MAY, HAROLD H | $0.00 | $120,000.00 | $0.00 |
| 1060 | MORRISON, ROBERT D. | $0.00 | $0.00 | $45,210.61 |
| 1077 | CAMPBELL, ROBERT H. AND KATHERINE | $0.00 | $0.00 | $769,184.27 |
| 1357 | POGGI, ANTHONY | $0.00 | $225,827.62 | $0.00 |
| 2945 | POGGI, ANTHONY | $0.00 | $225,827.62 | $0.00 |
| 3367 | KAPLAN, JACK A | $0.00 | $0.00 | $0.00 |
| 3572 | MAY, HAROLD H. | $0.00 | $125,000.00 | $125,000.00 |
| 4380 | HERMAN, HARVEY A | $0.00 | $35,970.07 | $0.00 |
| 4412 | MCDOUGALL, JOHN J. | $0.00 | $0.00 | $1,593,911.00 |
| 4495 | DELANEY, STEVEN G. | $0.00 | $0.00 | $323,238.00 |
| 4584 | CUNNINGHAM, KEVIN F. | $0.00 | $0.00 | $643,822.00 |
| 4688 | STIPO, MICHAEL J. | $0.00 | $0.00 | $775,590.22 |
| 4705 | MCCANN, JOHN | $0.00 | $149,027.48 | $0.00 |
| 6035 | KAPLAN, ALICE | $0.00 | $258,875.86 | $0.00 |
| 6131 | LESSING, STEPHEN | $0.00 | $1,061,250.87 | $0.00 |
| 6213 | GALLATIN, RONALD | $0.00 | $2,326,229.13 | $0.00 |
| 7000877 | COLE, EMRIED D III | $0.00 | $0.00 | $121,994.58 |
| 7001489 | COUCH, WILLIAM | $0.00 | $83,070.57 | $0.00 |
| 7001490 | COX, TIMOTHY | $0.00 | $393,289.46 | $0.00 |
| 7001491 | CRONIN, WILLIAM | $0.00 | $1,473,916.09 | $0.00 |
| 7001493 | DAUMAN, STEWART | $0.00 | $589,952.63 | $0.00 |

1.    Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001495 | DELLIPAOLI, ROBERT | $0.00 | $483,930.25 | $0.00 |
| 7001496 | DIXON, BARBARA | $0.00 | $2,198,861.78 | $0.00 |
| 7001497 | DOBIN, MICHAEL | $0.00 | $468,164.54 | $0.00 |
| 7001499 | DORIS, MARTIN | $0.00 | $684,752.96 | $0.00 |
| 7001501 | DRESCHER, DENNIS | $0.00 | $783,209.77 | $0.00 |
| 7001503 | EDWARDS, MICHAEL | $0.00 | $46,677.58 | $0.00 |
| 7001504 | EDWARDS, PAUL | $0.00 | $756,131.06 | $0.00 |
| 7001505 | EDWARDS, WILLIAM | $0.00 | $1,215,484.94 | $0.00 |
| 7001507 | ESCHERT, ERWIN | $0.00 | $662,026.66 | $0.00 |
| 7001508 | EVENSON, DONALD | $0.00 | $46,052.28 | $0.00 |
| 7001509 | FARLEY, JAMES | $0.00 | $1,689,506.35 | $0.00 |
| 7001511 | FELDMAN, RICHARD | $0.00 | $246,802.53 | $0.00 |
| 7001512 | FENWICK, LARRY | $0.00 | $198,586.70 | $0.00 |
| 7001513 | FINLAYSON, RODERICK | $0.00 | $725,038.80 | $0.00 |
| 7001514 | FISH, JASON | $0.00 | $725,038.80 | $0.00 |
| 7001515 | FORSHAGEN, DOUGLAS | $0.00 | $792,985.22 | $0.00 |
| 7001516 | FISHBEIN, NORMAN | $0.00 | $119,413.99 | $0.00 |
| 7001519 | FRANKEL, ARNOLD | $0.00 | $111,532.37 | $0.00 |
| 7001520 | FRY, EDWARD  JR. | $0.00 | $1,099,882.87 | $0.00 |
| 7001521 | FULTZ, THOMAS | $0.00 | $424,962.83 | $0.00 |
| 7001522 | GALLEHER, RICHARD | $0.00 | $165,383.17 | $0.00 |
| 7001523 | GANZ, SUSAN | $0.00 | $546,396.00 | $0.00 |
| 7001524 | GARBER, ALAN | $0.00 | $124,658.56 | $0.00 |
| 7001525 | GARD, RONALD | $0.00 | $145,373.59 | $0.00 |
| 7001526 | GARTLAND, JUDE | $0.00 | $635,105.80 | $0.00 |
| 7001527 | GARZARELLI, ELAINE | $0.00 | $805,594.08 | $0.00 |
| 7001529 | GIOIELLA, HENRY | $0.00 | $402,790.46 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001530 | GLADSTONE, ALAN | $0.00 | $866,463.89 | $0.00 |
| 7001531 | GLASKY, JOEL | $0.00 | $926,434.44 | $0.00 |
| 7001534 | GOODE, JOHN | $0.00 | $969,871.11 | $0.00 |
| 7001539 | GOTT, STEPHEN | $0.00 | $1,764,188.02 | $0.00 |
| 7001540 | GRABER, JERROLD | $0.00 | $43,171.91 | $0.00 |
| 7001541 | GRAVES, JOHN | $0.00 | $461,942.25 | $0.00 |
| 7001542 | GREGORY, ROBERT | $0.00 | $72,302.88 | $0.00 |
| 7001547 | HETZEL, CHARLES | $0.00 | $1,729,701.36 | $0.00 |
| 7001549 | HIGGINS, HARRISON | $0.00 | $2,958,423.46 | $0.00 |
| 7001551 | HOFFMAN, ARNOLD | $0.00 | $489,560.79 | $0.00 |
| 7001552 | HOFFMAN, KENNETH | $0.00 | $1,048,247.24 | $0.00 |
| 7001553 | HOOPES, SCOTT | $0.00 | $1,979,834.14 | $0.00 |
| 7001555 | ISLES, PHILIP | $0.00 | $978,216.55 | $0.00 |
| 7001557 | JACOBS, DAVID | $0.00 | $1,907,898.45 | $0.00 |
| 7001558 | GRAEME JAMES | $0.00 | $500,151.21 | $0.00 |
| 7001565 | KATZ, EVAN | $0.00 | $149,508.12 | $0.00 |
| 7001566 | KAUFMAN, JOEL | $0.00 | $390,765.32 | $0.00 |
| 7001567 | KEARNS, WILLIAM JR. | $0.00 | $248,963.31 | $0.00 |
| 7001569 | KILGORE, JON | $0.00 | $402,790.46 | $0.00 |
| 7001570 | KIRBY, WILLIAM | $0.00 | $171,790.26 | $0.00 |
| 7001571 | KLONSKY, DANIEL | $0.00 | $820,520.00 | $0.00 |
| 7001572 | KOWSKI, GEORGE | $0.00 | $204,307.17 | $0.00 |
| 7001573 | KRA, HOWARD | $0.00 | $606,590.78 | $0.00 |
| 7001574 | KRANTZ, ERIC | $0.00 | $124,048.78 | $0.00 |
| 7001575 | KUNIGK, PETER | $0.00 | $789,698.47 | $0.00 |
| 7001577 | LAKEFIELD, BRUCE | $0.00 | $514,061.88 | $0.00 |
| 7001579 | LANCASTER, ROBERT | $0.00 | $1,163,845.69 | $0.00 |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001580 | LANDAU, ARNOLD | $0.00 | $153,406.42 | $0.00 |
| 7001581 | LANDGRAF, KARL | $0.00 | $604,198.67 | $0.00 |
| 7001582 | LANE, JEFFREY | $0.00 | $3,744,393.79 | $0.00 |
| 7001583 | LEETZOW, LEONARD JR. | $0.00 | $242,332.78 | $0.00 |
| 7001585 | LEHMAN, JACK | $0.00 | $2,070,572.63 | $0.00 |
| 7001586 | LEHR, SETH | $0.00 | $589,712.27 | $0.00 |
| 7001588 | LENZ, WILLIAM | $0.00 | $411,940.81 | $0.00 |
| 7001590 | LEVINSON, ANDREW | $0.00 | $653,994.12 | $0.00 |
| 7001591 | LEVY, JOHN | $0.00 | $211,858.88 | $0.00 |
| 7001593 | LIBMAN, SPENCER | $0.00 | $93,322.70 | $0.00 |
| 7001594 | LIND, ROBERT | $0.00 | $402,790.46 | $0.00 |
| 7001597 | LUSARDI, ROBERT | $0.00 | $201,393.17 | $0.00 |
| 7001598 | MADDEN, MICHAEL | $0.00 | $3,026,304.05 | $0.00 |
| 7001599 | MAGUIRE, JAMES | $0.00 | $1,280,230.23 | $0.00 |
| 7001600 | MARANTZ, ALAN | $0.00 | $474,809.11 | $0.00 |
| 7001602 | MARINO, THOMAS | $0.00 | $393,289.45 | $0.00 |
| 7001604 | MARTINEZ, ROMAN IV | $0.00 | $685,698.90 | $0.00 |
| 7001605 | MARTOV, MARTIN | $0.00 | $117,529.61 | $0.00 |
| 7001606 | MATZA, ROBERT | $0.00 | $432,689.31 | $0.00 |
| 7001607 | MCCLEARY, JOHN | $0.00 | $1,037,736.66 | $0.00 |
| 7001608 | MCDANIEL, ROGER | $0.00 | $195,075.06 | $0.00 |
| 7001609 | MCHALE, EDWARD | $0.00 | $74,486.90 | $0.00 |
| 7001612 | MCKEOWN, WILLIAM | $0.00 | $603,625.74 | $0.00 |
| 7001615 | MEJEAN, PAUL | $0.00 | $1,123,799.82 | $0.00 |
| 7001616 | MELNIK, RONALD | $0.00 | $267,611.36 | $0.00 |
| 7001617 | MELZER, RICHARD | $0.00 | $285,555.26 | $0.00 |
| 7001618 | MESSINGER, CRAIG | $0.00 | $396,983.65 | $0.00 |

1.    Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001619 | MIKULICH, RAYMOND | $0.00 | $322,233.80 | $0.00 |
| 7001620 | MILLER, JEROME | $0.00 | $595,033.47 | $0.00 |
| 7001630 | MARKS, HERBERT | $0.00 | $201,407.92 | $0.00 |
| 7001631 | DOEPKE, WILLIAM | $0.00 | $714,573.44 | $0.00 |
| 7001632 | LOVETT, NIGEL | $0.00 | $2,064,072.17 | $0.00 |
| 7001633 | MEHAFFEY, STANLEY | $0.00 | $424,903.98 | $0.00 |
| 7001634 | MILVERSTED, MICHAEL | $0.00 | $322,233.80 | $0.00 |
| 7001635 | MONTALBANO, RICHARD | $0.00 | $687,975.52 | $0.00 |
| 7001636 | MORGIA, CATALDO | $0.00 | $178,910.74 | $0.00 |
| 7001637 | MORTKOWITZ, HARRY | $0.00 | $1,305,641.96 | $0.00 |
| 7001642 | NASTRO, CHARLES | $0.00 | $238,865.61 | $0.00 |
| 7001643 | NEILL, FRANK JR. | $0.00 | $183,679.87 | $0.00 |
| 7001644 | MOSCHELLA, JOSEPH | $0.00 | $485,549.24 | $0.00 |
| 7001645 | NEWMARK, PAUL | $0.00 | $424,962.83 | $0.00 |
| 7001647 | ODERMATT, ROBERT | $0.00 | $590,090.38 | $0.00 |
| 7001648 | ORLINS, STEPHEN | $0.00 | $1,009,317.51 | $0.00 |
| 7001649 | PALATNEK, ARNOLD | $0.00 | $805,594.08 | $0.00 |
| 7001650 | OWENS, JOHN | $0.00 | $268,532.28 | $0.00 |
| 7001651 | PENROSE, JAMES | $0.00 | $644,470.12 | $0.00 |
| 7001652 | PLUMERI, JOSEPH II | $0.00 | $1,409,794.75 | $0.00 |
| 7001653 | POLHEMUS, KENNETH | $0.00 | $585,010.20 | $0.00 |
| 7001654 | POLLACK, HOWARD | $0.00 | $523,629.79 | $0.00 |
| 7001655 | PONDT, DAVID | $0.00 | $629,270.57 | $0.00 |
| 7001657 | PUCCIARELLI, JAMES | $0.00 | $440,546.57 | $0.00 |
| 7001659 | RANEY, RICHARD | $0.00 | $143,205.03 | $0.00 |
| 7001661 | RENEHAN, DANIEL | $0.00 | $1,006,894.00 | $0.00 |
| 7001662 | RENZI, LOUIS | $0.00 | $125,731.18 | $0.00 |

1. Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001664 | REITZEL, EDWARD | $0.00 | $1,437,698.19 | $0.00 |
| 7001665 | RING, CARL, JR. | $0.00 | $248,199.73 | $0.00 |
| 7001666 | RITZ, NORMAN | $0.00 | $336,401.99 | $0.00 |
| 7001668 | ROBSON, THOMAS | $0.00 | $2,748,034.65 | $0.00 |
| 7001670 | ROSENBERG, NANETTE | $0.00 | $2,197,980.00 | $0.00 |
| 7001671 | SACCO, GREGORY | $0.00 | $574,191.56 | $0.00 |
| 7001673 | SAVARESE, LAWRENCE JR. | $0.00 | $457,136.74 | $0.00 |
| 7001674 | SCHULSINGER, JEFFREY | $0.00 | $834,616.89 | $0.00 |
| 7001676 | SHAFIROFF, MARTIN | $0.00 | $801,391.29 | $0.00 |
| 7001678 | SHAFTEL, MEL | $0.00 | $943,398.98 | $0.00 |
| 7001679 | SHAPIRO, ROBERT | $0.00 | $1,573,198.43 | $0.00 |
| 7001680 | SHEAN, ANNE | $0.00 | $2,129,050.00 | $0.00 |
| 7001681 | SHELTON, CHARLES | $0.00 | $299,710.67 | $0.00 |
| 7001682 | SHEPARD, FRANK | $0.00 | $393,289.45 | $0.00 |
| 7001684 | SHUTZER, WILLIAM | $0.00 | $2,165,845.63 | $0.00 |
| 7001685 | SILVERBERG, DAVID | $0.00 | $71,198.51 | $0.00 |
| 7001686 | SIMMONS, HARDWICK | $0.00 | $1,485,056.68 | $0.00 |
| 7001687 | SIMONETTI, PHILIP | $0.00 | $402,790.46 | $0.00 |
| 7001688 | SIMONINI, JULIUS | $0.00 | $1,013,258.96 | $0.00 |
| 7001689 | SLIFER, STEPHEN | $0.00 | $613,904.25 | $0.00 |
| 7001690 | SOBOTKA, DAVID | $0.00 | $571,660.64 | $0.00 |
| 7001691 | SPAR, WARREN | $0.00 | $802,475.70 | $0.00 |
| 7001693 | STONE, JERRY, JR. | $0.00 | $207,162.29 | $0.00 |
| 7001695 | STRUBLE, RAYMOND | $0.00 | $977,477.50 | $0.00 |
| 7001697 | TOBIN, PAUL | $0.00 | $1,208,399.28 | $0.00 |
| 7001699 | TROY, AUSTIN | $0.00 | $1,050,496.37 | $0.00 |
| 7001700 | TUCKER, THOMAS | $0.00 | $1,395,598.96 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001702 | QUAST, LANI | $0.00 | $781,527.79 | $0.00 |
| 7001710 | PORTER, GRANT | $0.00 | $346,637.88 | $0.00 |
| 7001712 | BARRETT, BERNARD | $0.00 | $2,330,405.07 | $0.00 |
| 7001714 | BARY, ROBERTA | $0.00 | $73,755.48 | $0.00 |
| 7001716 | BRANDT, COLEMAN | $0.00 | $797,490.26 | $0.00 |
| 7001717 | BRECK, CHRISTOPHER | $0.00 | $732,393.50 | $0.00 |
| 7001721 | BRODA, KATHLEEN | $0.00 | $144,010.00 | $0.00 |
| 7001722 | CARUANA, SALVATORE | $0.00 | $719,159.40 | $0.00 |
| 7001724 | CEISLER, ROBERT | $0.00 | $94,940.41 | $0.00 |
| 7001726 | FRANK, EDWIN  III | $0.00 | $589,952.63 | $0.00 |
| 7001729 | GOODSPEED, ROGER | $0.00 | $1,307,300.81 | $0.00 |
| 7001731 | HAYES, BRIAN | $0.00 | $1,688,694.34 | $0.00 |
| 7001732 | HERZER, CHARLES | $0.00 | $725,038.80 | $0.00 |
| 7001733 | HILL, TOMLINSON | $0.00 | $2,769,162.25 | $0.00 |
| 7001735 | LINDSTROM, WARD | $0.00 | $582,674.73 | $0.00 |
| 7001737 | LORD, WILLIAM | $0.00 | $393,259.01 | $0.00 |
| 7001738 | MCLENDON, HEATH | $0.00 | $162,228.57 | $0.00 |
| 7001739 | MICKEL, FRANK | $0.00 | $432,123.27 | $0.00 |
| 7001740 | MURPHY, NEWELL III | $0.00 | $86,054.41 | $0.00 |
| 7001741 | MILLARD, ROBERT | $0.00 | $748,452.18 | $0.00 |
| 7001742 | PRAVATO, FRANK | $0.00 | $101,101.80 | $0.00 |
| 7001743 | PULLING, THOMAS | $0.00 | $732,806.98 | $0.00 |
| 7001744 | SCANLON, JOSEPH JR. | $0.00 | $465,793.45 | $0.00 |
| 7001746 | SHERMAN, JOHN | $0.00 | $190,515.50 | $0.00 |
| 7001749 | STERN, JAMES | $0.00 | $1,528,899.79 | $0.00 |
| 7001750 | STERN, JAMES | $0.00 | $2,115,865.71 | $0.00 |
| 7001751 | URCIUOLI, CARMINE | $0.00 | $644,470.12 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001752 | VINCENT, RICHARD | $0.00 | $750,219.36 | $0.00 |
| 7001753 | VIRANY, STEVEN | $0.00 | $552,446.56 | $0.00 |
| 7001754 | VOELKER, EDWARD | $0.00 | $1,301,204.73 | $0.00 |
| 7001756 | WAIT, JARETT | $0.00 | $713,145.57 | $0.00 |
| 7001758 | WALTHER, GARY | $0.00 | $408,396.00 | $0.00 |
| 7001759 | WASHKOWITZ, ALAN | $0.00 | $1,294,721.70 | $0.00 |
| 7001760 | WASHKOWITZ, ALAN | $0.00 | $425,844.00 | $0.00 |
| 7001761 | WEST, PATRICK | $0.00 | $375,335.47 | $0.00 |
| 7001762 | WESTON, GERALD | $0.00 | $993,174.53 | $0.00 |
| 7001763 | WILLIAMS, PAUL | $0.00 | $185,346.15 | $0.00 |
| 7001764 | WILSON, JOHN | $0.00 | $1,078,049.06 | $0.00 |
| 7001765 | WOLITZER, STEVEN | $0.00 | $2,172,236.60 | $0.00 |
| 7001766 | WRIGHT, JEANNIE | $0.00 | $133,838.94 | $0.00 |
| 7001768 | WYNN, BARRY | $0.00 | $765,673.02 | $0.00 |
| 7001769 | YARKIN, ALLAN | $0.00 | $26,983.48 | $0.00 |
| 7001770 | ZATULOVE, PAUL | $0.00 | $124,430.23 | $0.00 |
| 7001771 | ZIPP, BRIAN | $0.00 | $1,016,729.65 | $0.00 |
| 7001772 | ZOOK, GEORGE | $0.00 | $77,889.60 | $0.00 |
| 7001785 | ADES, SABAH | $0.00 | $314,085.13 | $0.00 |
| 7001786 | ANGST, CARLTON | $0.00 | $684,752.96 | $0.00 |
| 7001787 | CARBONE, JAMES | $0.00 | $805,594.08 | $0.00 |
| 7001788 | CLARK, JAMES | $0.00 | $402,018.29 | $0.00 |
| 7001790 | KELLY, BRIAN | $0.00 | $312,605.37 | $0.00 |
| 7001792 | POGGI, IRENE | $0.00 | $447,967.30 | $0.00 |
| 7001793 | SHEINBERG, GEORGE | $0.00 | $733,237.23 | $0.00 |
| 7001807 | BORCHERS, LEON | $0.00 | $18,071.76 | $0.00 |
| 7001811 | WRIGHT, JEANNIE | $0.00 | $48,283.69 | $0.00 |

1.  Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001822 | TERRELL, STEVEN | $0.00 | $193,190.16 | $0.00 |
| 7001823 | BOURNE, GEORGE | $0.00 | $773,869.45 | $0.00 |
| 7001824 | BUSACCA, GARY | $0.00 | $393,289.45 | $0.00 |
| 7001825 | FELDMAN, ALAN | $0.00 | $939,160.28 | $0.00 |
| 7001827 | GOTTMAN, HENRY | $0.00 | $688,254.28 | $0.00 |
| 7001834 | BLUTINGER, NATAN | $0.00 | $120,479.71 | $0.00 |
| 7001835 | BURNS, THOMAS | $0.00 | $266,761.56 | $0.00 |
| 7001836 | BUTTERS, DAVID | $0.00 | $198,719.51 | $0.00 |
| 7001837 | BUTTERS, DAVID | $0.00 | $611,559.44 | $0.00 |
| 7001838 | CONWAY, MICHAEL | $0.00 | $898,331.75 | $0.00 |
| 7001839 | DE GAGLIA, THOMAS | $0.00 | $644,470.12 | $0.00 |
| 7001840 | DE GENNARO, MARK | $0.00 | $196,642.09 | $0.00 |
| 7001841 | DEL CAMPO, MICHAEL | $0.00 | $440,546.57 | $0.00 |
| 7001842 | DOLAN, ROBERT JR. | $0.00 | $393,289.45 | $0.00 |
| 7001843 | EDMISTON, ROBERT | $0.00 | $167,076.23 | $0.00 |
| 7001845 | GENGLER, THOMAS JR. | $0.00 | $390,184.99 | $0.00 |
| 7001846 | GUERNSEY, ALAN | $0.00 | $1,401,517.42 | $0.00 |
| 7001847 | HAYES, DENNIS LEE | $0.00 | $2,209,116.79 | $0.00 |
| 7001848 | KOPP, BRADFORD | $0.00 | $966,719.06 | $0.00 |
| 7001849 | KOZELETZ, STEPHEN | $0.00 | $81,042.81 | $0.00 |
| 7001852 | MCCORMICK, ROBERT | $0.00 | $740,413.68 | $0.00 |
| 7001853 | NAVRUDE, STANLEY | $0.00 | $58,164.49 | $0.00 |
| 7001854 | REEF, ALAN | $0.00 | $424,962.83 | $0.00 |
| 7001856 | SAMRA, VICTOR JR. | $0.00 | $1,074,048.66 | $0.00 |
| 7001857 | SCARAGGI, FRANK | $0.00 | $1,208,399.28 | $0.00 |
| 7001858 | SCHAEFER, GARY | $0.00 | $1,932,389.52 | $0.00 |
| 7001859 | SPIEGEL, STEVEN | $0.00 | $793,970.25 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001861 | TILLES, GLENN | $0.00 | $201,393.17 | $0.00 |
| 7001863 | TOPOL, CLIFFORD | $0.00 | $1,619,950.65 | $0.00 |
| 7001864 | VIERING, DONALD | $0.00 | $777,512.05 | $0.00 |
| 7001865 | WOLFF, WILLIAM III | $0.00 | $402,790.46 | $0.00 |
| 7001867 | WRIGHT, JOHN | $0.00 | $355,232.84 | $0.00 |
| 7001868 | WRIGHT, JOHN | $0.00 | $96,115.25 | $0.00 |
| 7001869 | GALLEA, ANTHONY | $0.00 | $455,613.60 | $0.00 |
| 7001872 | ACKERMAN, DONALD | $0.00 | $402,760.09 | $0.00 |
| 7001874 | ALESSANDRO, ROBERT | $0.00 | $674,073.51 | $0.00 |
| 7001875 | AMBRECHT, KENNETH | $0.00 | $4,057,191.67 | $0.00 |
| 7001877 | ANDERSON, BRENTON | $0.00 | $604,198.67 | $0.00 |
| 7001878 | ANDERSON, JEFFREY | $0.00 | $528,656.26 | $0.00 |
| 7001879 | ASHE, KATHLEEN | $0.00 | $204,910.53 | $0.00 |
| 7001880 | ASHER, THOMAS | $0.00 | $135,224.41 | $0.00 |
| 7001898 | ATCHISON, JOHN | $0.00 | $1,648,719.77 | $0.00 |
| 7001899 | AYOUB, ANTHONY | $0.00 | $393,289.45 | $0.00 |
| 7001905 | BAKER, JOHN JR. | $0.00 | $929,533.23 | $0.00 |
| 7001907 | BATKIN, ALAN | $0.00 | $1,611,190.99 | $0.00 |
| 7001909 | BECKERMAN, STANLEY | $0.00 | $878,524.27 | $0.00 |
| 7001910 | BELLINGER, RICHARD | $0.00 | $1,650,779.41 | $0.00 |
| 7001912 | BENDER, DOUGLAS | $0.00 | $604,243.54 | $0.00 |
| 7001913 | BESSE, ROBERT | $0.00 | $47,085.09 | $0.00 |
| 7001914 | BEST, ALAN | $0.00 | $402,767.98 | $0.00 |
| 7001915 | BLUM, KEVIN | $0.00 | $552,431.88 | $0.00 |
| 7001916 | BOHN, FRANCOIS | $0.00 | $108,876.45 | $0.00 |
| 7001917 | BORCHERS, LEON | $0.00 | $72,599.48 | $0.00 |
| 7001918 | BIGGAR, ELIZABETH | $0.00 | $161,566.62 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001920 | BOYD, WILLIAM JR. | $0.00 | $2,621,053.20 | $0.00 |
| 7001922 | BOYLES, KENNETH | $0.00 | $396,680.15 | $0.00 |
| 7001923 | BRADY, JANE WILDE | $0.00 | $1,260,681.00 | $0.00 |
| 7001924 | COGHLAN, JOHN | $0.00 | $1,162,463.56 | $0.00 |
| 7001925 | COLE, EMRIED III | $0.00 | $112,720.08 | $0.00 |
| 7001928 | ESTEY, ARTHUR | $0.00 | $1,120,414.35 | $0.00 |
| 7001931 | MILLER, RONALD | $0.00 | $85,443.55 | $0.00 |
| 7001932 | NESTOR, THOMAS | $0.00 | $457,295.47 | $0.00 |
| 7001933 | ROPER, JAMES | $0.00 | $805,594.08 | $0.00 |
| 7001934 | SCHOENTHAL, DAVID | $0.00 | $1,674,079.91 | $0.00 |
| 7001935 | VANDENBOSSCHE, PAMELA | $0.00 | $664,349.47 | $0.00 |
| 7001937 | WILLIAMSON, JOHN JR. | $0.00 | $589,952.63 | $0.00 |
| 7001938 | WINCHESTER, DAVID | $0.00 | $613,373.96 | $0.00 |
| 7001939 | COLE, EMRIED III | $0.00 | $40,664.86 | $0.00 |
| 7001942 | FULTON, THOMAS | $0.00 | $27,631.31 | $0.00 |
| 7001949 | BROADBENT, WILLIAM | $0.00 | $118,002.49 | $0.00 |
| 7001950 | BRYDSON, JOHN | $0.00 | $201,393.17 | $0.00 |
| 7001951 | BURNS, PERRY | $0.00 | $19,192.16 | $0.00 |
| 7001952 | BURTON, MARK | $0.00 | $764,942.18 | $0.00 |
| 7001954 | BROWN, MELVILLE JR. | $0.00 | $679,944.81 | $0.00 |
| 7001955 | CAGNINA, ROBERT | $0.00 | $663,095.41 | $0.00 |
| 7001957 | CAMPBELL, ROBERT | $0.00 | $818,878.27 | $0.00 |
| 7001958 | CARBONE, RUDOLPH | $0.00 | $149,476.57 | $0.00 |
| 7001959 | CARNS, LEWIS | $0.00 | $636,622.70 | $0.00 |
| 7001960 | CERASIA, ROBERT | $0.00 | $198,435.46 | $0.00 |
| 7001961 | CHATLEY, BRUCE | $0.00 | $60,539.12 | $0.00 |
| 7001963 | CHEN, PHILIP | $0.00 | $604,198.67 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7001964 | CHILDERS, JOHN | $0.00 | $217,274.66 | $0.00 |
| 7001965 | CIEMNIECKI, STANLEY | $0.00 | $1,530,634.07 | $0.00 |
| 7001966 | COHEN, PAUL | $0.00 | $117,670.71 | $0.00 |
| 7001967 | COLACURCI, GLENN | $0.00 | $503,337.09 | $0.00 |
| 7001969 | COSGROVE, THOMAS | $0.00 | $747,261.32 | $0.00 |
| 7001972 | GENIRS, ROBERT | $0.00 | $284,630.75 | $0.00 |
| 7001974 | HAMENT, NANCY | $0.00 | $1,208,350.38 | $0.00 |
| 7001975 | HERSHBERG, DAVID | $0.00 | $787,881.87 | $0.00 |
| 7001976 | MCGUINN, EDWIN | $0.00 | $2,110,047.46 | $0.00 |
| 7001977 | ROOSEVELT, THEODORE IV | $0.00 | $1,208,399.28 | $0.00 |
| 7001979 | SCHIFFER, CRAIG | $0.00 | $803,008.99 | $0.00 |
| 7002001 | BELLAS, ALBERT | $0.00 | $1,408,871.84 | $0.00 |
| 7002002 | BOE, RICHARD | $0.00 | $220,272.56 | $0.00 |
| 7002004 | BRAGER, STANLEY | $0.00 | $97,587.59 | $0.00 |
| 7002005 | COHEN, LEONARD | $0.00 | $130,116.86 | $0.00 |
| 7002007 | COHEN, SALLEE | $0.00 | $925,353.00 | $0.00 |
| 7002008 | DA PUZZO, PETER | $0.00 | $417,361.16 | $0.00 |
| 7002009 | DA PUZZO, PETER | $0.00 | $281,633.91 | $0.00 |
| 7002010 | DARSKY, JUDITH | $0.00 | $258,306.69 | $0.00 |
| 7002011 | DORFMAN, RICHARD | $0.00 | $1,693,866.15 | $0.00 |
| 7002012 | FRIEDMAN, MARK | $0.00 | $873,435.89 | $0.00 |
| 7002013 | LLOYD, MARCELLE | $0.00 | $1,407,492.00 | $0.00 |
| 7002014 | MAY, HAROLD | $0.00 | $162,646.01 | $0.00 |
| 7002018 | MCGLYNN, EDWARD | $0.00 | $943,723.04 | $0.00 |
| 7002020 | PASSMAN, SEYMOUR | $0.00 | $188,847.76 | $0.00 |
| 7002022 | PHYFER, DANIEL | $0.00 | $94,462.11 | $0.00 |
| 7002023 | SINAI, ALLEN | $0.00 | $618,173.96 | $0.00 |

1.    Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7002029 | HART, EDWARD | $0.00 | $398,634.80 | $0.00 |
| 7002030 | MURRAY, PHILIP | $0.00 | $138,986.08 | $0.00 |
| 7002033 | BUTTERY, STUART | $0.00 | $668,605.25 | $0.00 |
| 7002053 | BENDER, THEODORE III | $0.00 | $595,464.47 | $0.00 |
| 7002054 | BERKLEY, HENRY | $0.00 | $1,031,621.43 | $0.00 |
| 7002055 | BROWN, ROBERT MOTT III | $0.00 | $1,263,419.13 | $0.00 |
| 7002056 | BULS, ARTHUR | $0.00 | $83,168.72 | $0.00 |
| 7002057 | CAPRA, JAMES | $0.00 | $190,537.50 | $0.00 |
| 7002058 | HUBBARD, CHARLES | $0.00 | $1,057,313.46 | $0.00 |
| 7002059 | KRUEGER, HARVEY | $0.00 | $477,633.48 | $0.00 |
| 7002060 | LEWIS, DOROTHY | $0.00 | $701,315.40 | $0.00 |
| 7002061 | LEWIS, DOROTHY | $0.00 | $1,350,002.62 | $0.00 |
| 7002062 | MINTER, ALAN | $0.00 | $195,006.45 | $0.00 |
| 7002066 | SEIBELS, ROBERT III | $0.00 | $129,770.83 | $0.00 |
| 7002068 | SHORR, DAVID | $0.00 | $637,675.44 | $0.00 |
| 7002069 | VLACH, ROGER | $0.00 | $473,118.93 | $0.00 |
| 7002071 | GLADSTONE, ALAN | $0.00 | $111,230.42 | $0.00 |
| 7002072 | COOPER, STANLEY | $0.00 | $105,719.94 | $0.00 |
| 7002073 | FRANK, FREDERICK | $0.00 | $678,316.03 | $0.00 |
| 7002074 | HADLEY, EDWIN | $0.00 | $88,004.43 | $0.00 |
| 7002121 | CARNS, LEWIS | $0.00 | $16,000.00 | $0.00 |
| 7002122 | DWORSKY, DAVID | $0.00 | $175,869.14 | $0.00 |
| 7002125 | ELLIOTT, FREDERIC S. | $0.00 | $17,050,920.00 | $0.00 |
| 7002126 | ELLIOTT, FREDERIC S. | $0.00 | $1,902,865.50 | $0.00 |
| 7002127 | EVELO, JOSEPH | $0.00 | $388,934.25 | $0.00 |
| 7002128 | ILLGES, JOHN | $0.00 | $70,279.42 | $0.00 |
| 7002129 | JACKSON, MICHAEL | $0.00 | $572,291.20 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

| Claim Number | Claim Holder[1] | Proposed Administrative Reserve Amount | Proposed Secured Reserve Amount | Proposed Priority Reserve Amount |
|---|---|---|---|---|
| 7002136 | STRONG, ROGER | $0.00 | $46,343.99 | $0.00 |
| 7002137 | WEINBERG, RICHARD | $0.00 | $917,268.06 | $0.00 |
| 7002147 | MANLEY, JAMES | $0.00 | $452,068.94 | $0.00 |
| 7002148 | PETTIT, MARY ANNE | $0.00 | $304,680.66 | $0.00 |
| 7002149 | PETTIT, MARY ANNE | $0.00 | $1,684,974.33 | $0.00 |
| 7002152 | WEISS, EUGENE | $0.00 | $42,923.28 | $0.00 |
| 7002164 | KAPLAN, JACK | $0.00 | $110,505.38 | $0.00 |
| 7002168 | MUNRO, WILLIAM | $0.00 | $340,197.12 | $0.00 |
| 7002238 | KAROL, HERBERT, ESTATE OF | $0.00 | $304,478.94 | $0.00 |
| 7002533 | HERRMANN, JOHN A. JR. | $0.00 | $429,574.67 | $0.00 |
| 7002543 | BRECK, WILLIAM JR. | $0.00 | $732,393.50 | $0.00 |
| 7002555 | BRESNAN, JOHN | $0.00 | $309,537.84 | $0.00 |

1.   Reflects the current holder of the claim as recorded on the LBI claims register located on the Trustee's website, www.lehmantrustee.com.

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

      LEHMAN BROTHERS INC.,

                          Debtor.

Case No. 08-01420 (SCC) SIPA

**[PROPOSED] ORDER PURSUANT TO SECTIONS 105(a), 502(a), 502(c) AND 726 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3009 (I) ESTABLISHING A RESERVE FOR UNRESOLVED SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, (II) ALLOWING CERTAIN SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS, (III) AUTHORIZING THE TRUSTEE TO SATISFY ALLOWED SECURED, <u>ADMINISTRATIVE AND PRIORITY CLAIMS AND RELATED RELIEF</u>**

Upon the motion, dated May 8, 2014 (the "<u>Motion</u>"),[1] of James W. Giddens (the "<u>Trustee</u>"), as Trustee for the liquidation of the business of Lehman Brothers Inc. (the "<u>Debtor</u>" or "<u>LBI</u>") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. sections 78aaa *et seq.* ("<u>SIPA</u>"),[2] for entry of an order pursuant to sections 105(a), 502(a), 502(c) and 726 of the Bankruptcy Code and Bankruptcy Rule 3009 to:  (i) establish a Secured and Priority Claims Reserve, as more fully described in the Motion, (ii) allow certain Secured and Priority Claims, as more fully described in the Motion, and (iii) authorize the Trustee to satisfy Allowed Secured and Priority Claims, as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need

---

1. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. References to SIPA refer to the statutory sections in effect as of the commencement of LBI's liquidation.

be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the LBI estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in all respects as provided herein and all objections thereto are overruled; and it is further

ORDERED that the Allowed Secured and Priority Claims listed on Schedules A and D-1 to the Motion are allowed in the amounts listed therein in final resolution of the Claims; and it is further

ORDERED that the unresolved Secured and Priority Claims are each capped at the Capped Amounts provided in Schedules C, D-2 and E, and that such Capped Amounts shall be the final Capped Amount with respect to each unresolved Secured and Priority Claim; and it is further

ORDERED that the Capped Amount for each of the unresolved Secured Claims not based on set off rights and Priority Claims listed on Schedules C, D-2 and E shall be the final maximum allowable Secured and/or Priority amount for such Claim and no amendments increasing these allowable amounts shall be allowed; and it is further

ORDERED that the establishment of the Secured and Priority Claims Reserve is approved and that the amount of the Secured and Priority Claims Reserve shall be the sum of the Capped Amounts of all the unresolved Secured and Priority Claims listed on Schedule C, D-2 and E and the Allowed Secured and Priority Claims listed on Schedules A, B and D-1; and it is further

ORDERED that provided that the Trustee has established an appropriate separate

reserve for the Barclays Admin Claim, the Trustee is authorized to make 100 percent

distributions to the holders of the Allowed Secured and Priority Claims listed on Schedules A, B

and D-1 and to release the amounts of the Allowed Secured and Priority Claims from the

Secured and Priority Claims Reserve; and it is further

ORDERED that if and to the extent that an unresolved Priority Claim becomes an

allowed Priority Claim pursuant to a final and nonappealable Order entered by this Court (or

another court of competent jurisdiction) or stipulation between the Trustee and the holder of such

claim that has been approved by the Court, the Trustee is authorized to make the requisite

distribution to the holder of each such allowed Priority Claim and to release the Capped Amount

with respect to such claim from the Secured and Priority Claims Reserve without further notice

or Order of the Court; and it is further

ORDERED that the Trustee is authorized to establish a record date (the "Record

Date") for the purpose of making the distribution authorized herein for all holders of Allowed

Secured and Priority Claims pursuant to this Order, and such Record Date shall be at least

fourteen (14) days from the date of issuance of this Order, and the Trustee shall publish notice of

the establishment of the Record Date on the Trustee's website (www.lehmantrustee.com) and

such publication shall constitute good and sufficient notice of the Record Date, and it is further

ORDERED that with respect to unresolved Secured and Priority Claims the

Trustee determines should be allowed Secured or Priority Claims other than pursuant to Order of

this Court, the Trustee shall periodically file with the Court a supplemental schedule of such

claims (a "Supplemental Distribution Schedule") and serve the same on the holder of such

claim(s) and all parties in interest that have filed a notice of appearance and requested notice in

the LBI SIPA proceeding; and it is further

ORDERED that unless a written objection to that Supplemental Distribution

Schedule is filed and served on the Trustee's counsel and the holder(s) of such claim(s) within

ten (10) days of the date of service of the Supplemental Distribution Schedule, the Trustee shall

be authorized to make distributions in the full amount of the allowed Secured and Priority

Claims identified in the Supplemental Distribution Schedule and to release the Capped Amount

with respect to such claim(s) from the Secured and Priority Claims Reserve; and it is further

ORDERED that nothing in this Order shall affect the administrative expense

claims of any person or entity who is a professional advisor (*e.g.*, counsel, financial advisors,

accountants, claims agents) retained by the Trustee, including all counsel retained pursuant to

orders of the Bankruptcy Court and the District Court, and all other professionals retained, with

permission from SIPC, pursuant to SIPA section 78fff-1(a)(1), and SIPC itself, nor shall it affect

any claims for administrative expenses arising after August 31, 2013 as there is no bar date for

such claims at this time; and it is further

ORDERED that the Trustee is authorized and empowered to take such steps and

perform such acts as may be necessary to implement this Order and the effectuation of all

distributions authorized by this Order, including without limitation requiring holders of Allowed

Secured and Priority Claims to complete all tax forms and other documentation necessary to be

received by the Trustee prior to effectuation of such distributions; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Trustee

to seek a further order of this Court disallowing, expunging, objecting to or otherwise resolving

any of the unresolved Secured Claims and Priority Claims listed on Schedules C, D-2 or E; and it

is further

ORDERED that nothing in this Order shall affect any claim or any portion of any

claim asserted as a general unsecured creditor claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:    New York, New York
              _____, 2014


_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 2</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 7 |
|  | : | 02-15749 (SMB) |
| ASIA GLOBAL CROSSING LTD., *et al.*, | : | and 02-15750 (SMB) |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | : |  |

-------------------------------------------------------------X

## ORDER AUTHORIZING AND APPROVING
### (i) FIRST INTERIM DISTRIBUTION TO CREDITORS OF THE ASIA GLOBAL CROSSING LTD. ESTATE, AND (ii) ESTABLISHMENT OF RESERVES FOR DISPUTED CLAIMS, CERTAIN ADMINISTRATIVE EXPENSES, CERTAIN ALLOWED CLAIMS AND UNKNOWN OR UNQUANTIFIABLE CLAIMS AGAINST THE DEBTORS' ESTATES

Robert L. Geltzer, as chapter 7 trustee (the "Trustee") for the estates of Asia Global Crossing Ltd. ("AGC") and its wholly-owned subsidiary, Asia Global Crossing Development Co. ("AGCDC") (collectively, with AGC, the "Debtors"), by and through his undersigned counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, having, pursuant to sections 105 and 726 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3009 of the Federal Rules of Bankruptcy Procedure filed the Motion of Chapter 7 Trustee for Entry of an Order Authorizing and Approving (i) First Interim Distribution to Creditors of the Asia Global Crossing, Ltd. Estate, and (ii) Establishment of Reserves for Disputed Claims, Certain Administrative Expenses, Certain Allowed Claims and Unknown or Unquantifiable Claims Against the Debtors' Estates, dated November 18, 2004 (the "Motion"); and it appearing that good and sufficient service of the Motion was duly and timely made upon all parties required to be served therewith; and the Court having conducted a hearing on the Motion on

December 9, 2004; and upon the record of the hearing; and after due deliberation and sufficient

cause appearing therefor, it is hereby

**ORDERED** that due, adequate and sufficient notice of the Motion was provided

to each of the parties entitled to such notice; and it is further

**ORDERED** that objections, if any, to the Motion not previously withdrawn are

hereby overruled in their entirety; and it is further

**ORDERED** that in accordance with sections 105 and 726 of the Bankruptcy

Code, the Trustee is hereby authorized to make a first interim distribution to those creditors and

in those amounts set forth on Exhibit "A" annexed hereto; and it is further

**ORDERED** that the Trustee is hereby authorized to establish reserves with assets

of the AGC estate (collectively, the "Reserves") for (i) disputed claims against AGC, (ii)

administrative expenses, (iii) allowed and disputed claims against AGCDC, and (iv) unknown or

unquantifiable claims against the Debtors' estates, in accordance with the aggregate amounts set

forth on Exhibit "B" annexed hereto; and it is further

**ORDERED** that the Reserves established above shall be, and hereby are, deemed

good, adequate and sufficient; and it is further

**ORDERED** that nothing herein or in the Motion shall be deemed to be an

objection to, or estimation of under section 502(c) of the Bankruptcy Code, any claim, or affect

or prejudice any argument or contention which has been or may be made by any claimant in

response to any pending or future objection to any claim or any pending or future request to

estimate any claim; and it is further

**ORDERED** that solely with respect to proof of claim number 6 filed by the Bank

of New York ("BNY") against AGC, the Trustee is hereby authorized and empowered, in his

sole discretion and without further order of the Court, to (a) increase the assumed amount of such

general unsecured claim for purposes of the Motion from $420,712,303 to a maximum of

$421,517,249, and (b) make a supplementary distribution to BNY on account of such possible

increase in an amount not to exceed $30,588 (representing the sum of $421,517,249 less

$420,712,303, multiplied by the distribution percentage of 3.8%).

Dated:        New York, New York
              December 13, 2004


                          __/s/   **STUART M. BERNSTEIN**_____
                          Stuart M. Bernstein
                          Chief United States Bankruptcy Judge

EXHIBIT "A"

Asia Global Crossing Ltd.
AGC Proposed First Interim Distribution — Detail

| | Claim # | Claim Amount | % Distribution | Total Distribution | |
|---|---|---|---|---|---|
| Cash Available for Distribution | | | | | 18,704,667 |
| | | | | | |
| **Allowed Chapter 7 Professional Fees and Expenses** | | | | | |
| Robert L. Geltzer, as Trustee | | 212,002 | 100.0% | 212,002 | |
| Golenbock Eiseman Assor Bell & Peskoe LLP | | 868,731 | 100.0% | 868,731 | |
| Bryan Cave, LLP | | 632,841 | 100.0% | 632,841 | |
| Davis, Graber, Plotzker and Ward, LLP | | 604,898 | 100.0% | 604,898 | |
| Morris, Nichols, Arsht & Tunnell | | 8,383 | 100.0% | 8,383 | |
| Wakefield Quinn | | 32,324 | 100.0% | 32,324 | |
| Bingham McCutchen LLP | | 75,233 | 100.0% | 75,233 | |
| | | 2,434,412 | | 2,434,412 | |
| | | | | | |
| **Other Allowed Administrative Claims** | | | | | |
| Federal Express Corporation | 101 | 632 | 100.0% | 632 | |
| Merrill Communications | 111 | 18,458 | 100.0% | 18,458 | |
| Teh, Celina | 73 | 228,286 | 100.0% | 228,286 | |
| Thomas Dales & Associates | 100 | 6,470 | 100.0% | 6,470 | |
| US Trustee | 130 | 20,000 | 100.0% | 20,000 | |
| Young Conaway Stargatt & Taylor | 107 | 6,513 | 100.0% | 6,513 | |
| | | 280,359 | | 280,359 | |
| | | | | | |
| **Unsecured Claims** | | | | | |
| **Allowed General Unsecured Bondholder Claims** | | | | | |
| Bank of New York | 6 | 420,712,303 | 3.8% | 15,987,068 | |
| | | 420,712,303 | | 15,987,068 | |
| | | | | | |
| **Allowed General Unsecured Claims** | | | | | |
| **(Other than Bondholders)** | | | | | |
| Federal Express Corporation | 69 | 1,634 | 5.5% | 90 | |
| Fragomen, Delrey, Bersen & Loewy | 8 | 5,296 | 5.5% | 291 | |
| Fragomen, Delrey, Bersen & Loewy, PC | 70 | 1,746 | 5.5% | 96 | |
| Hutchison Telecommunications Limited | 38 | 35,959 | 5.5% | 1,978 | |
| Latham & Watkins, LLP | 77 | 6,797 | 5.5% | 374 | |
| | | 51,432 | | 2,829 | |
| | | | | | |
| | | 420,763,735 | | 15,989,896 | |
| | | | | | |
| AGC's Total Proposed Distribution | | | | | 18,704,667 |

287907.3

EXHIBIT "B"

## Asia Global Crossing Ltd.
## AGC Reserve Analysis

| | |
|---|---:|
| Reserve for disputed claims against AGC | |
| Disputed secured claims | 51,923 |
| Disputed administrative claims | 32,881,534 |
| Disputed priority unsecured claims | 27,900 |
| Disputed general unsecured claims | 24,858,988 |
| Total reserve for disputed claims against AGC | 57,820,344 |
| Reserve for professional fee holdbacks and projected administrative claims | 7,706,203 |
| Reserve for disputed and allowed claims against AGCDC | 671,991 |
| Contingency Reserve | 5,103,707 |
| **Total Reserve** | 71,302,245 |
| | |
| | |
| Aggregate Liquid Assets of Estate | 90,006,913 |
| Less Reserve | (71,302,246) |
| **Amount Available for distribution** | 18,704,667 |

# **<u>EXHIBIT 3</u>**

Jonathan L. Flaxer (JF 7096)
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300
*Attorneys for Robert L. Geltzer, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                          :
In re                                     :      Chapter 7
                                          :      02-15749 (SMB)
ASIA GLOBAL CROSSING LTD., *et al.*,      :      and 02-15750 (SMB)
                                          :      (Jointly Administered)
                          Debtors.        :
                                          :
---------------------------------------------------------------X

## MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (i) FIRST INTERIM DISTRIBUTION TO CREDITORS OF THE ASIA GLOBAL CROSSING LTD. ESTATE, AND (ii) ESTABLISHMENT OF RESERVES FOR DISPUTED CLAIMS, CERTAIN ADMINISTRATIVE EXPENSES, CERTAIN ALLOWED CLAIMS AND UNKNOWN OR UNQUANTIFIABLE CLAIMS AGAINST THE DEBTORS' ESTATES

TO THE HONORABLE STUART M. BERNSTEIN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Robert L. Geltzer, the chapter 7 trustee (the "Trustee") for the estates of Asia

Global Crossing Ltd. ("AGC") and its wholly-owned subsidiary, Asia Global Crossing

Development Co. ("AGCDC") (collectively, with AGC, the "Debtors"), by and through his

undersigned counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, respectfully submits this

motion for entry of an order authorizing and approving (i) the first interim distribution to

creditors of the AGC estate, and (ii) the establishment of reserves for disputed claims, certain

administrative expenses, certain allowed claims and unknown or unquantifiable claims against

the Debtors' estates, and respectfully states as follows:

*286303.8*

## Background

**A.    Overview**

1.    On November 17, 2002 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. By order of the Court dated November 18, 2002, the Debtors' chapter 11 cases were procedurally consolidated and are being jointly administered.

2.    On the Petition Date, AGC filed a motion to sell substantially all of its assets (the "ANC Sale") to Asia Netcom Corporation ("Asia Netcom"). The Court subsequently approved the ANC Sale, which was consummated in March 2003.

3.    On June 10, 2003 (the "Conversion Date"), this Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code. On June 13, 2003, the United States Trustee appointed the Trustee as interim trustee of the Debtors' chapter 7 estates, and pursuant to section 702 of the Bankruptcy Code, he continues to serve as trustee.

4.    Prior to consummation of the ANC Sale, AGC conducted a pan-Asian telecommunications business primarily through its direct and indirect subsidiaries. Specifically, AGC, together with various direct and indirect subsidiaries and affiliates, provided bandwidth and value-added data services to customers through a telecommunications network which spanned Asia, with connections to the United States.

5.    AGC is an indirect subsidiary of Global Crossing, Ltd. ("Global Crossing"). AGCDC was the U.S. operating company which employed AGC's U.S.-based employees and contracted with third parties for various professional and business services.

**B.    Professional Fees and Expenses
And Trustee's Statutory Commission**

6.    Subsequent to the conversion of the Debtors' cases and the appointment of the

Trustee, by orders, each dated July 15, 2003, this Court authorized the Trustee to retain the

following professionals to assist with the administration of the Debtors' chapter 7 cases:  (a)

Golenbock Eiseman Assor Bell & Peskoe LLP ("Golenbock"), as attorneys for the Trustee, (b)

Bryan Cave LLP ("Bryan Cave"), as special litigation counsel to the Trustee, (c) Davis, Graber,

Plotzker & Ward LLP ("Davis Graber"), as accountants for the Trustee, (d) Bingham McCutchen

LLP ("Bingham"), as special legal counsel to the Trustee, and (e) G.E.M. Auction Corp. ("GEM

Auction") as custodian to the Trustee.

7.    Thereafter, the Court authorized the retention of (a) Wakefield Quin Barristers

& Attorneys ("Wakefield"), as special Bermudian litigation and insolvency counsel to the

Trustee, by order dated December 15, 2003, and (b) Morris Nichols Arsht & Tunnel ("Morris

Nichols," and together with Golenbock, Bryan Cave, Davis Graber, Bingham, GEM Auction,

Wakefield and Morris Nichols, the "Retained Professionals"), as Delaware local counsel to the

Trustee, by order dated June 25, 2004.

8.    On or prior to the date hereof, fee applications have been filed by certain of

the Retained Professionals seeking payment of certain fees and expenses through August 31,

2004, as follows:  (a) for Golenbock, fees in the aggregate amount of $833,101.75 and expenses

in the aggregate amount of $35,639.18, (b) for Bryan Cave, fees in the aggregate amount of

$615,334.88 and expenses in the aggregate amount of $17,505.74, (c) for Davis Graber, fees in

the aggregate amount of $604,056.80, and expenses in the aggregate amount of $841.70, (d) for

Bingham, fees in the aggregate amount of $71,474.50, and expenses in the aggregate amount of

$3,758.99, (e) for Wakefield, fees in the aggregate amount of $32,000.00, and expenses in the

aggregate amount of $323.62, and (f) for Morris Nichols, fees in the aggregate amount of

$6,320.80, and expenses in the aggregate amount of $2,062.13 (the foregoing fees and expenses

are collectively referred to herein as the "Accrued Professional Fees"). [1]

9.      In addition, on November 12, 2004, the Trustee filed the Application for First

Interim Allowance of Commissions (the "Trustee's Application") regarding the appropriate

statutory commission to be paid in connection with the administration of the Debtors' chapter 7

cases (the "Statutory Commission"). Pursuant to the Trustee's Application, the maximum

amount that may be claimed by the Trustee on account of such commission is $680,218.02 in the

aggregate.

### C.      Bar Dates, Proofs of Claim And Objections to Claims

10.     Subsequent to the conversion of the Debtors' chapter 11 cases, by order of the

Court dated August 12, 2003 (the "Post-Conversion Bar Order"), November 10, 2003 was

established as the bar date for filing pre-petition claims (the "Post-Conversion Bar Date"). [2]

Pursuant to the Post-Conversion Bar Order, all creditors who had not previously filed proofs of

claim were directed to file proof of any pre-petition claims against the Debtors on or prior to the

Post-Conversion Bar Date whether or not their claim was listed in the Schedules or the Amended

Schedules.

---

[1] The amounts set forth above are exclusive of holdback amounts for certain of the Retained Professionals. Such holdback amounts total approximately $526,411 in the aggregate.

[2] Prior to the conversion of the Debtors chapter 11 cases, by order of the Court dated January 6, 2003, the deadline for filing pre-petition claims against the Debtors was set at February 28, 2003 (the "Pre-Conversion Bar Date"). Thereafter, in order to accommodate certain amendments to the Debtors' schedules, a secondary bar date was established as May 26, 2003 (the "Secondary Pre-Conversion Bar Date") solely for those pre-petition claims affected by such Amended Schedules. Upon conversion of the Debtors' cases to cases, neither the Pre-Conversion Bar Date nor the Secondary Pre-Conversion Bar Date were applicable to creditors of the Debtors' estates.

11.    On August 13, 2004, the Trustee filed schedules of unpaid debts incurred after the Petition Date and prior to the Conversion Date (the "Conversion Schedules").  By order of the Court, dated September 10, 2004, October 22, 2004 was established as the bar date for filing proofs of claim for administrative claims arising on or after the Petition Date and prior to the Conversion Date (the "Administrative Bar Date").

12.    As of the date hereof, an aggregate of approximately 150 proofs of pre-petition and administrative claims have been filed against the Debtors estates (collectively, the "Proofs of Claim").

13.    On November 5, 2004, the Trustee filed the First Omnibus Objection to Proofs of Claim (the "First Omnibus Objection"), wherein approximately ninety-one (91) of Proofs of Claim were objected to on the following grounds:  (a) amended and superseded claims, (b) duplicate claims (*i.e.*, the same claim filed against the same Debtor), (c) multiple claims (*i.e.*, the same claim filed against both Debtors), (d) late filed claims, (e) claims which have been settled, (f) claims which have been paid, either in whole or in part, (g) claims disallowed under section 502(d) of the Bankruptcy Code, (h) claims for liabilities which have been assumed by third parties, (i) claims with insufficient supporting documentation, (j) unliquidated claims, and (k) claims representing equity interests.

14.    Contemporaneously with the filing of this motion, the Trustee filed the Second Omnibus Objection to Proofs of Claim (the "Second Omnibus Objection"), wherein the Trustee objected to approximately sixteen (16) additional Proofs of Claim, predominately on the basis that such claims are unliquidated.

15.    The Trustee recently commenced approximately one-hundred (100) adversary proceedings seeking, among other things, avoidance of prepetition transfers and damages based on various claims including breach of fiduciary duty and malpractice (collectively, the

"Recovery Actions"). As part and parcel thereof, the Trustee joined certain Recovery Actions with an objection to Proofs of Claim where appropriate. In so doing, objections to approximately thirty-five (35) additional Proofs of Claim were filed.

### Overview of Assets and Liabilities

### A.    Estate of AGC

16.    As of the date hereof, the liquid assets of the AGC estate are comprised of cash in the amount of approximately $90,000,000. In addition to the foregoing, AGC possesses unliquidated assets in the form of anticipated recoveries on the Recovery Actions. Although the collective amounts sought in these action is in excess of $33,000,000, the amount to be realized is not yet known.[3]

17.    The liabilities of the AGC estate are comprised of the following:[4]

|  | Aggregate Face Amount of Claims |
|---|---|
| Secured Claims | $5,349,469,831.00 |
| Chapter 7 Professional Fees and Expenses Incurred through August 31, 2004 and Statutory Commission | 3,319,137.00 |
| Estimated Chapter 7 Professional Fees and Expenses and Statutory Commission Incurred Through Case Closing | 7,210,000.00 |
| Other Estimated Chapter 7 Administrative Claims Incurred through Case Closing | 600,000.00 |
| Administrative Claims Incurred After the Petition Date and Prior to the Conversion Date[5] | 73,720,949.00 |
| Priority Unsecured Claims | 27,900.00 |
| General Unsecured Claims | 4,750,507,995.00 |
| Equity Claims | 9,955.00 |
| **Total Liabilities of AGC** | **$10,184,865,768.00** |

---

[3] These Recovery Actions were filed on behalf of the estates of both AGC and AGCDC.

[4] This summary includes all Proofs of Claim field against AGC, and reflects the classification and amount of such claims as pled by the claimant. Proofs of claim filed in unliquidated amounts have been assigned a value of $0.00.

[5] Certain of the administrative proofs of claim included in this category also contain priority and general unsecured components. Such amounts are *de minimus*.

### B.    Estate of AGCDC

18.    As of the date hereof, there are no liquid assets in the AGCDC estate, and the Trustee accordingly does not propose making any distribution to creditors of the AGCDC estate. AGCDC possesses unliquidated assets in the form of certain of the Recovery Actions. Although the collective amounts sought in these action is roughly $1,100,000, the amount to be realized is not yet known.[6]

19.    The liabilities of the AGCDC estate are comprised of the following:[7]

| | Aggregate Face Amount of Claims |
|---|---|
| Secured Claims | — |
| Chapter 7 Professional Fees and Expenses Incurred through August 31, 2004 | — |
| Estimated Chapter 7 Professional Fees and Expenses Incurred Through Case Closing | — |
| Other Estimated Chapter 7 Administrative Claims Incurred through Case Closing | — |
| Administrative Claims Incurred After the Petition Date and Prior to the Conversion Date[8] | $  939,674.00 |
| Priority Unsecured Claims | 18,304.00 |
| General Unsecured Claims | 3,751,556.00 |
| Total Liabilities of AGCDC | $4,709,534.00 |

### Jurisdiction and Venue

20.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges dated July 10, 1984, issued by the Honorable Robert J. Ward, United States District Judge for the Southern

---

[6] In addition, the Recovery Actions referred to in paragraph 16 above were filed jointly on behalf of the estates of AGC and AGCDC. Accordingly, the AGCDC estate may be entitled to share in any recoveries therefrom.

[7] This summary includes all Proofs of Claim filed against AGCDC, and reflects the classification and amount of such claims as pled by the claimant. Proofs of claim filed in unliquidated amounts have been assigned a value of $0.00.

[8] Certain of the administrative proofs of claim included in this category also contain priority and general unsecured components. Such amounts are *de minimus*.

District of New York. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Proposed First Interim Distribution to
### Holders of Allowed Claims Against AGC

21.    In light of the significant amount of cash presently available for distribution to

creditors of the AGC estate, the Trustee believes it is in the best interests of all creditors of AGC

that an interim distribution be made.[9] To that end, after the passage of the Post-Conversion Bar

Date and the Administrative Bar Date, the Trustee carefully reviewed each of the claims filed

against the AGC estate. Such review enabled the Trustee to file the First Omnibus Objection and

the Second Omnibus Objection, and to commence the Recovery Actions, certain of which further

include and raise the associated claims objections.[10]

22.    In accordance with the requirements of section 726 of the Bankruptcy Code,

and under Section 105(a) of the Bankruptcy Code, the Trustee proposes to make an interim

distribution to creditors of the AGC estate as follows:  (a) 100% to holders of allowed

administrative claims, totaling $3,267,629.00, (b) 3.6% to Bank of New York (the "Indenture

Trustee") on behalf of Record Date Holders of AGC's 13.375% Senior Notes due 2010 (the

"Bondholders"),[11] totaling $15,857,903.00, and (c) 5.3% to other holders of allowed general

---

[9] As set forth above (supra ¶ 18), the AGCDC estate is presently comprised of no liquid assets. Accordingly, the Trustee proposes to make no interim distribution to creditors of the AGCDC estate. As set forth below (infra ¶ 27), the Trustee proposes to reserve assets of the AGC estate for both disputed and allowed claims filed against AGCDC.

[10] A similar review of all Proofs of Claim filed against AGCDC was undertaken. Both the First Omnibus Objection and the Second Omnibus Objection include objections to Proofs of Claim filed against AGCDC.

[11] The Trustee and the Indenture Trustee entered into that certain Stipulation and Order Settling Claims, dated December 11, 2003 (the "Bondholder Agreement"), which was approved by approved by order of the Court, dated April 6, 2004. In accordance with the Bondholder Agreement, among other things, (a) the Bondholders paid $7.5 million to the Trustee (the "Bondholder Settlement Amount"), and (b) agreed that they would be precluded from receiving any portion of the Bondholder Settlement Amount in any distributions. Accordingly, the proposed distribution to Bondholders is less than that that to general unsecured creditors of the AGC estate, for the reason that the Bondholders share of AGC assets is proportionately reduced by the Bondholder Settlement Amount.

unsecured claims, totaling $820.00.[12] (Charts summarizing these proposed distributions, and

detailing the proposed percentage recovery to unsecured creditors, are annexed hereto as

Exhibits "A" and "B" respectively.)

23.     After giving effect to this proposed first interim distribution and establishing

reserves for disputed claims and projected administrative expenses, the AGC estate will still

maintain a surplus of more than $5,000,000.00. (See infra ¶¶ 26-28.) The Trustee, in the

exercise of his business judgment, believes that such amount is ample to cover any unforeseen

contingencies, such as late filed claims (assuming such late filed claims would be ultimately

entitled to distribution), which may arise in connection with AGC's chapter 7 case.

24.     The Trustee is mindful that pursuant to section 704(1) of the Bankruptcy

Code, he is charged with a duty to liquidate the assets of the Debtors' estates and close such

estates as expeditiously as possible. In similar fashion, Rule 3009 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") provides that "dividends to creditors shall be

paid as promptly as practicable." Accordingly, courts have authorized chapter 7 trustees to make

interim distributions where the estate maintains sufficient funds to do so. See, e.g., In re Quid

Me Broadcasting, Inc., 181 B.R. 715, 717 (Bankr. W.D.N.Y. 1995) aff'd 78 A.F.T.R.2d 96-5039

(W.D.N.Y. 1996) (referencing interim distributions by non-operating chapter 7 trustees upon "an

appropriate showing . . . made to the [c]ourt").

25.     Based upon the foregoing, and in accordance with the parameters and reserves

discussed below, the Trustee requests that this Court enter an order authorizing and approving a

first interim distribution to creditors of the AGC estate as set forth on Exhibit "A" annexed

hereto.

---

[12] The reason for this disproportionately small distribution to unsecured creditors is that the great majority of
creditors holding unsecured claims were sued by the Trustee in Recovery Actions. Accordingly, although the
Trustee proposes to establish significant reserves for unsecured creditors of AGC (i.e., $23,995,024), a relatively
small amount of cash is actually proposed to be distributed.

### Establishment of Reserves for
### Disputed Claims, Certain Administrative
### Expenses, Certain Allowed Claims and
### Unknown or Unquantifiable
### Claims Against the Debtors' Estates

26.     In order that holders of disputed claims not be prejudiced by the proposed

interim distribution, the Trustee has computed proposed reserves for the AGC estate.  A

description of the proposed reserves for the AGC estate is set forth on Exhibit "C" attached

hereto.  Such computation includes reserves for (a) certain disputed claims against the AGC

estate, a complete analysis of which is annexed hereto as Exhibit "D,"[13] (b) projected fees and

expenses of administering the AGC estate, including the fees and expenses of Retained

Professionals through the anticipated closing of the case, and (c) unknown and/or unquantifiable

claims against the AGC estate.

27.     Similarly, the Trustee has computed proposed reserves for the AGCDC estate,

a copy of which is attached hereto as Exhibit "E."[14]  Given the fact that the AGCDC estate

presently has no liquid assets at its disposal, the Trustee proposes to establish reserves for

allowed and disputed claims against the AGCDC estate with cash available in the AGC estate.[15]

---

[13] The analysis of reserves for disputed claims against AGC has been summarized in three distinct charts:
(a) Exhibit D.1. shows disputed claims reserves categorized alphabetically, by claimant; (b) Exhibit D.2. shows
disputed claims reserves categorized by claim number; and (c) Exhibit D.3. shows disputed claims reserves
categorized by classification of claim.  Each of the foregoing charts contains identical information, which has been
sorted in different ways.

[14] The analysis of reserves for disputed and allowed claims against AGCDC has been summarized in three distinct
charts:  (1) Exhibit E.1. shows disputed and allowed claims reserves categorized alphabetically, by claimant;
(b) Exhibit E.2. shows disputed and allowed claims reserves categorized by claim number; and (c) Exhibit E.3.
shows disputed and allowed claims reserves categorized by classification of claim.  Each of the foregoing charts
contains identical information, which has been sorted in different ways.

[15] Claims classified as "Allowed Claims" against the AGCDC estate will only be paid in the event that there are
assets in the AGCDC estate to distribute.  Such assets could come from certain proceeds of the Recovery Actions.
In addition, AGCDC creditors holding allowed claims could receive a distribution in the event of a substantive
consolidation – a matter with respect to which the Trustee expresses no view at this time.  Notwithstanding the
foregoing, it is possible that AGCDC claims may never be paid.  Nevertheless, in order that AGCDC creditors not
be prejudiced at this time, the Trustee proposes, without prejudice, to reserve for such creditors with AGC funds.  In
addition, the Trustee reserves the right to object to any claim filed against AGCDC, whether or not such claim is
classified for purposes of the instant motion as an "Allowed Claim."

28.    With limited exception, the Trustee adhered to the following guidelines in

determining appropriate reserves for both the AGC and AGCDC estates:

- Duplicate, Amended/Superseded or Multiple Claims:  The Trustee proposes to establish reserves in the amount of $0.00 for any claim which is a duplicate claim, an amended or superseded claim or a multiple claim, regardless of the classification of such claim (*i.e.*, whether such claim is a secured claim, an administrative claim, a priority claim or a general unsecured claim).

- Unliquidated Claims:  The Trustee proposes to establish reserves in the amount of $0.00 for any claim which is unliquidated, regardless of the classification of such claim (*i.e.*, whether such claim is a secured claim, an administrative claim, a priority claim or a general unsecured claim).

- Disputed Secured Claims:  For any secured claim which is a disputed claim (other than duplicate, amended/superseded, multiple or unliquidated administrative claims), the Trustee proposes to establish reserves in the amount of 100% of the claimed amount of such claims.  (For the exception to this general rule, see infra ¶¶ 31, 32.)

- Disputed Administrative Claims:  For any administrative claim which is a disputed claim (other than duplicate, amended/superseded, multiple or unliquidated administrative claims), the Trustee proposes to establish reserves in the amount of 100% of the claimed amount of such claims.

- Disputed Priority Claims:  For any priority claim which is a disputed claim (other than duplicate, amended/superseded, multiple or unliquidated priority claims), the Trustee proposes to establish reserves in the amount of 100% of the claimed amount of such claims.

- Disputed Unsecured Claims:  For any general unsecured claim which is a disputed claim (other than duplicate, amended/superseded, multiple or unliquidated unsecured claims), the Trustee proposes to establish reserves in the amount of 5.3% of the claimed amount of such claims.  (For the exception to this general rule, see infra ¶¶ 29, 30.)  The explanation for this level of pro-rata distribution to unsecured creditors is set forth above.  (See supra ¶ 22.)

- Disputed Claims Based On Equity Interests:  For any claim which is an equity interest, the Trustee proposes to establish reserves in the amount of $0.00.

- Accrued But Unpaid Administrative Expenses:  The Trustee proposes to establish reserves to pay in full all accrued but unpaid administrative expenses.

- Projected Administrative Claims: The Trustee proposes to establish reserves to pay in full the estimated fees and expenses of administering the Debtors' cases through the closing of the Debtors' cases, including additional statutory commissions of the Trustee and fees and expenses of Retained Professionals.

- Unknown / Unquantifiable Claims: The Trustee proposes to establish reserves in the amount of $5,047,395.00 for unknown and/or unquantifiable claims against the Debtors' estates.

29.    Exceptions to the foregoing guidelines apply in four instances. *First*, with respect to the claims of Pacific Crossing Ltd. ("PCL"): PCL filed four general unsecured Proofs of Claim against AGC in the amount of "not less that $677,000,000" (the "PCL General Unsecured Claims").[16] In addition, PCL filed two administrative Proofs of Claim against AGC in the respective amounts of $10,000,000 and $12,200,000 (the "PCL Administrative Claims").[17] In accordance with a letter agreement dated November 15, 2004, a copy of which is attached hereto as Exhibit "F" (the "PCL Agreement"), the Trustee and PCL have agreed that for purposes of establishing the reserve (a) the claim amount of the PCL General Unsecured Claims shall be $350,000,000 in the aggregate, and (b) the claim amount of the PCL Administrative Claims shall be $12,200,000 in the aggregate. In all other regards, the Trustee proposes to treat the PCL General Unsecured Claim and the PCL Administrative Claim identically to other disputed creditors of the Debtors' estates.

30.    *Second*, with respect to the claims of Asia Netcom: Asia Netcom filed an unsecured Proof of Claim against the AGC estate in the amount of "not less than $677,000,000."[18] This Proof of Claim alleges liability on the part of AGC based upon a contribution or indemnification theory, namely, that in the event that Asia Netcom is sued by

---

[16] The PCL General Unsecured Claims include claim numbers 1, 74, 95 and 96.

[17] The PCL Administrative Claims include claim numbers 90 and 126.

[18] Asia Netcom's Proof of Claim is claim number 92.

PCL for the liability alleged in the PCL Unsecured Claim, Asia Netcom reserves the right to

assert a claim against AGC. As set forth in the First Omnibus Objection, the Trustee has

objected to this Proof of Claim on the basis that all claims by and against Asia Netcom and PCL

were settled.[19] Moreover, in accordance with the PCL Agreement, reserves have already been

established on behalf of PCL for the gravamen of this claim. Accordingly, the Trustee proposes

to reserve $0.00 on account of the Asia Netcom claim.

31.    *Third*, with respect to the claims of KDDI Submarine Cable Systems Inc.

("KDDI") and NEC Corporation ("NEC"): KDDI and NEC filed Proofs of Claim against the

AGC estate in the amount of $70,550,000.00 and $242,636,331.62 respectively, each alleging

therein a security interest in certain of the assets of the AGC estate.[20] However, as set forth in

the First Omnibus Objection, the liabilities alleged in the KDDI and NEC Proofs of Claim were

specifically assumed by Asia Netcom as part of the ANC Sale. Accordingly, the Trustee

proposes to reserve $0.00 on account of these claims.

32.    *Fourth*, with respect to the claims of Global Crossing and its affiliates: Global

Crossing and it affiliates filed sixteen (16) Proofs of Claim against the AGC estate (collectively,

the "Global Crossing Claims"),[21] in which the right of setoff, and therefore a security interest in

ACG assets, is alleged. However, all of such claims were settled in accordance with that certain

Settlement Agreement, by and between Global Crossing and AGC, dated March 5, 2003,

approved by order of the Court, dated March 31, 2003. Accordingly, the Trustee proposes to

reserve $0.00 on account of the Global Crossing Claims.

---

[19] PCL and Asia Netcom mutually released each other of any and all claims pursuant to that certain Settlement Agreement and Mutual Release, dated as of June 4, 2004, and approved by order of the Bankruptcy Court for the District of Delaware, dated June 22, 2004.

[20] The claim numbers for the Proofs of Claim filed by KDDI and NEC are 35 and 37, respectively.

[21] The claim numbers of the Global Crossing Claims include 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64 and 65.

WHEREFORE, for all of the reasons set forth above, the Trustee respectfully

requests that the Court (a) grant the relief requested herein, (b) enter an order in the form

annexed hereto as Exhibit "G" authorizing and approving (i) an interim distribution to creditors

of AGC, and (ii) reserves for disputed claims, certain administrative claims, certain allowed

claims and unknown or unquantifiable claims against the Debtors' estates, and (c)  grant such

other and further relief as is just and proper.

Dated: New York, New York
      November 18, 2004

                    GOLENBOCK EISEMAN ASSOR BELL
                       & PESKOE LLP
                    *Attorneys for Robert L. Geltzer, Chapter 7 Trustee*
                    437 Madison Avenue
                    New York, New York 10022
                    (212) 907-7300

               By: /s/ Jonathan L. Flaxer
                   Jonathan L. Flaxer (JF 7096)

Jonathan L. Flaxer (JF 7096)
GOLENBOCK EISEMAN ASSOR BELL
  & PESKOE LLP
437 Madison Avenue
New York, NY  10022
Tel. (212) 907-7300
*Attorneys for Robert L. Geltzer, Chapter 7 Trustee*

Objection Deadline: December 6, 2004 at 5:00 p.m.
Hearing Date: December 9, 2004 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re                                                         :
                                                              :
ASIA GLOBAL CROSSING LTD., *et al.*,                          :
                                                              :
                                                              :
                              Debtors.                        :
-------------------------------------------------------------x

Chapter 7
Case Nos. 02-15749
through 02-15750 (SMB)

(Jointly Administered)

## NOTICE OF MOTION OF CHAPTER 7 TRUSTEE
## FOR ENTRY OF AN ORDER AUTHORIZING AND
## APPROVING (i) FIRST INTERIM DISTRIBUTION TO
## CREDITORS OF THE ASIA GLOBAL CROSSING LTD.
## ESTATE, AND (ii) ESTABLISHMENT OF RESERVES FOR
## DISPUTED CLAIMS, CERTAIN ADMINISTRATIVE
## EXPENSES, CERTAIN ALLOWED CLAIMS AND UNKNOWN OR
## UNQUANTIFIABLE CLAIMS AGAINST THE DEBTORS' ESTATES

PLEASE TAKE NOTICE that upon the annexed Motion of Chapter 7 Trustee for

Entry of an Order Authorizing and Approving (i) First Interim Distribution to Creditors of the

Asia Global Crossing Ltd. Estate, and (ii) Establishment of Reserves for Disputed Claims,

Certain Administrative Expenses, Certain Allowed Claims and Unknown or Unquantifiable

Claims Against the Debtors' Estates, dated November 18, 2004 (the "Motion"), Robert L.

Geltzer, the chapter 7 trustee (the "Trustee") for the estates of Asia Global Crossing Ltd.

("AGC") and its wholly-owned subsidiary, Asia Global Crossing Development Co. ("AGCDC"

and together with AGC, the "Debtors"), by and through his undersigned attorneys, Golenbock

Eiseman Assor Bell & Peskoe LLP, shall move at a hearing to be held before the Honorable

Stuart M. Bernstein, Chief United States Bankruptcy Judge, United States Bankruptcy Court for

*287268.4*

the Southern District of New York (the "Court"), Alexander Hamilton Custom House, One

Bowling Green, Room 723, New York, New York 10004, on December 9, 2004, at 10:00 a.m.,

prevailing Eastern Time, or as soon thereafter as counsel may be heard (the "Hearing") for the

entry of an order authorizing and approving (a) the first interim distribution to creditors of

AGC's estate, and (b) the establishment of reserves for disputed claims, administrative expenses,

certain allowed claims, and unknown or unquantifiable claims against the Debtors' estates.

        PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

(a) be filed in accordance with General Order *M-242* of the United States Bankruptcy Court for

the Southern District of New York, which order can be found at www.nysb.uscourts.gov; (b) be

filed with the Bankruptcy Court, One Bowling Green, New York, New York 10004-1004, no

later than December 6, 2004 at 5:00 p.m., prevailing Eastern Time (with a copy delivered

directly to Chambers), and (c) be served on the following parties so as to be actually received no

later than December 6, 2004 at 5:00 p.m., prevailing Eastern Time: (i) the Office of the United

States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul K.

Schwartzberg, Esq.); and (ii) Golenbock Eiseman Assor Bell & Peskoe LLP (Attn: Jonathan L.

Flaxer, Esq.).

PLEASE TAKE FURTHER NOTICE that the Hearing may be adjourned from time to time without further notice to any creditor or other party in interest other than the announcement of the adjourned date(s) in open court on the date of the Hearing or at any adjourned date thereof.

Dated: New York, New York
      November 18, 2004

                  GOLENBOCK EISEMAN ASSOR
                    BELL & PESKOE LLP
                  *Attorneys for Robert L. Geltzer, Chapter 7 Trustee*
                  437 Madison Avenue
                  New York, New York 10022
                  (212) 907-7300

                  By: /s/ Jonathan L. Flaxer
                        Jonathan L. Flaxer (JF 7096)

EXHIBIT "A.1."

**Asia Global Crossing Ltd.**
**AGC Proposed First Interim Distribution – Summary**

| | Claim Amount | % Distribution | Total Proposed Distribution | |
|---|---|---|---|---|
| **Cash available for distribution** | | | | 19,074,430* |
| | | | | |
| Allowed Chapter 7 professional fees and expenses | 2,902,628 | 100.00% | 2,902,628 | |
| Other allowed administrative claims | 313,079 | 100.00% | 313,079 | |
| **Subtotal-- Administrative Claims** | 3,215,707 | | 3,215,707 | |
| | | | | |
| Allowed priority unsecured claims | 0 | 100.00% | 0 | |
| Allowed general unsecured bondholder claims | 440,497,303 | 3.60% | 15,857,903 | |
| Allowed general unsecured claims (other than bondholders) | 15,473 | 5.30% | 820 | |
| **Subtotal--General Unsecured Claims** | 440,512,776 | | 15,858,723 | |
| **Total Distribution** | | | | 19,074,430 |

*For an explanation of the cash available for distribution, see Exhibit C.

287907.3

EXHIBIT "A.2."

**Asia Global Crossing Ltd.**
**AGC Proposed First Interim Distribution – Detail**

|  | Claim # | Claim Amount | % Distribution | Total Distribution |  |
|---|---|---|---|---|---|
| Cash Available for Distribution |  |  |  |  | 19,074,430* |
|  |  |  |  |  |  |
| **Allowed Chapter 7 Professional Fees and Expenses**\*\* |  |  |  |  |  |
| Robert L. Geltzer, as Trustee |  | 680,218 | 100.0% | 680,218 |  |
| Golenbock Eiseman Assor Bell & Peskoe LLP |  | 868,731 | 100.0% | 868,731 |  |
| Bryan Cave, LLP |  | 632,841 | 100.0% | 632,841 |  |
| Davis, Graber, Plotzker and Ward, LLP |  | 604,898 | 100.0% | 604,898 |  |
| Morris, Nichols, Arsht & Tunnell |  | 8,383 | 100.0% | 8,383 |  |
| Wakefield Quinn |  | 32,324 | 100.0% | 32,324 |  |
| Bingham McCutchen LLP |  | 75,233 | 100.0% | 75,233 |  |
|  |  | 2,902,628 |  | 2,902,628 |  |
|  |  |  |  |  |  |
| **Other Allowed Administrative Claims** |  |  |  |  |  |
| Federal Express Corporation | 101 | 632 | 100.0% | 632 |  |
| Merrill Communications | 111 | 18,458 | 100.0% | 18,458 |  |
| Teh, Celina | 73 | 261,006 | 100.0% | 261,006 |  |
| Thomas Dales & Associates | 100 | 6,470 | 100.0% | 6,470 |  |
| US Trustee | 130 | 20,000 | 100.0% | 20,000 |  |
| Young Conaway Stargatt & Taylor | 107 | 6,513 | 100.0% | 6,513 |  |
|  |  | 313,079 |  | 313,079 |  |
|  |  |  |  |  |  |
| **Unsecured Claims** |  |  |  |  |  |
| **Allowed General Unsecured Bondholder Claims** |  |  |  |  |  |
| Bank of New York | 6 | 440,497,303 | 3.6% | 15,857,903 |  |
|  |  | 440,497,303 |  | 15,857,903 |  |
|  |  |  |  |  |  |
| **Allowed General Unsecured Claims** |  |  |  |  |  |
| **(Other than Bondholders)** |  |  |  |  |  |
| Federal Express Corporation | 69 | 1,634 | 5.3% | 87 |  |
| Fragomen, Delrey, Bersen & Loewy | 8 | 5,296 | 5.3% | 281 |  |
| Fragomen, Delrey, Bersen & Loewy, PC | 70 | 1,746 | 5.3% | 93 |  |
| Latham & Watkins, LLP | 77 | 6,797 | 5.3% | 360 |  |
|  |  | 15,473 |  | 820 |  |
|  |  |  |  |  |  |
|  |  | 440,512,776 |  | 15,858,723 |  |
|  |  |  |  |  |  |
| AGC's Total Proposed Distribution |  |  |  |  | 19,074,430 |

\*For an explanation of the cash available for distribution, see Exhibit C.

\*\*These amounts were requested by the Retained Professionals in fee applications previously filed and, in most cases, represent 80% of the fees accrued through August 31, 2004.

EXHIBIT "B"

## Asia Global Crossing Ltd.
## Analysis of Proposed Distribution and Reserve Percentages for Unsecured Creditors

| | |
|---|---:|
| **Cash in the AGC Estate** | **$90,006,913** |
| | |
| *Less:* | |
| Allowed chapter 7 professional fees and expenses of AGC | 2,902,628 |
| Other allowed administrative claims of AGC | 313,079 |
| Reserve for professional holdbacks and projected administrative claims of AGC | 8,336,411 |
| Reserve for disputed administrative claims against AGC | 32,848,814 |
| Reserve for disputed priority claims against AGC | 27,900 |
| Reserve for disputed and allowed claims against AGCDC | 665,017 |
| Contingency reserve | 5,047,395 |
| | 50,141,244 |
| | |
| Remaining cash for reserve and distribution to unsecured creditors | 39,865,669 |
| | |
| *Less:* Bondholder Settlement Amount | (7,500,000) |
| | |
| Net remaining cash for reserve and distribution to all unsecured creditors of AGC and AGCDC (whether disputed or allowed), including Bondholders | 32,365,669 |
| | |
| | |
| Aggregate dollar amount of unsecured claims against AGC and AGCDC (whether disputed or allowed), including Bondholder claims | 892,504,917 |
| | |
| Distribution and reserve percentage for all unsecured claims against AGC and AGCDC (whether disputed or allowed), including Bondholder claims (32,261,823 / 892,504,917) | 3.6% |
| | |
| | |
| Aggregate dollar amount of unsecured claims against AGC and AGCDC (whether disputed or allowed), other than Bondholder claims | 452,007,614 |
| | |
| Incremental cash available for reserve and distribution to unsecured creditors of AGC and AGCDC, (whether disputed or allowed), other than Bondholders | 7,500,000 |
| | |
| Incremental distribution and reserve percentage for unsecured claims against AGC and AGCDC (whether disputed or allowed) other than Bondholder claims (7,500,000 / 452,007,614) | 1.7% |
| | |
| Total distribution and reserve percentage for unsecured claims against AGC and AGCDC (whether disputed or allowed), other than Bondholder claims (3.6% plus 1.7%) | 5.3% |

# EXHIBIT "C"

**Asia Global Crossing Ltd.**
**AGC Reserve Analysis**

| | |
|---|---:|
| Reserve for disputed claims against AGC* | |
| Disputed secured claims | 51,923 |
| Disputed administrative claims | 32,848,814 |
| Disputed priority unsecured claims | 27,900 |
| Disputed general unsecured claims | 23,955,024 |
| | |
| Total reserve for disputed claims against AGC | 56,883,661 |
| | |
| Reserve for professional fee holdbacks and projected administrative claims | 8,336,411 |
| | |
| Reserve for disputed and allowed claims against AGCDC** | 665,017 |
| | |
| Contingency Reserve | 5,047,395 |
| | |
| **Total Reserve** | **70,932,484** |
| | |
| | |
| Aggregate Liquid Assets of Estate | 90,006,913 |
| Less Reserve | (70,932,484) |
| | |
| **Amount Available for distribution** | **19,074,430** |

\* For an explanation of the Reserves for disputed claims against AGC, see Exhibit D.3.

\** For an explanation of the Reserves for disputed and allowed claims against AGCDC, see Exhibit E.

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized Alphabetically)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 5 | 360 Networks Corporation | 100,000,000 | Unsecured | Disputed--II H | 5.30% | 5,300,000 | - |
| 92 | Asia Netcom Corporation Limited | 677,000,000 | Unsecured | Disputed--II H | 0.00% | - | - |
| 61 | Atlantic Crossing Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 45 | Attanasio, Mark | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 117 | Baier, Monte | 509,008 | Administrative | Disputed--IV | 100.00% | 509,008 | - |
| 13 | Baier, Monte | 649,245 | Mixed | Disputed--II A | 0.00% | - | - |
| 82 | Baier, Monte | 509,008 | Mixed | Disputed--II A | 0.00% | - | - |
| 118 | Ballantyne, Scott | 502,605 | Administrative | Disputed--IV | 100.00% | 502,605 | - |
| 15 | Ballantyne, Scott | 618,784 | Mixed | Disputed--II A | 0.00% | - | - |
| 83 | Ballantyne, Scott | 502,605 | Mixed | Disputed--II A | 0.00% | - | - |
| 97 | Bancheri, Joseph | Unliquidated | Equity | Disputed--II B | 0.00% | - | - |
| 2 | Bancheri, Joseph J. & Melanie | 5,200 | Equity | Disputed--II J | 0.00% | - | - |
| 6 | Bank of New York | 440,497,303 | Unsecured | Allowed | 3.60% | - | 15,857,903 |
| 23 | Barney, William | 1,863,785 | Administrative | Disputed--IV | 100.00% | 1,863,785 | - |
| 40 | Beran, Walter | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 11 | Brennan, Jason | 176,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 87 | Brennan, Jason | 176,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 116 | Brennan, Jason | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 116 | Brennan, Jason | 171,350 | Unsecured | Disputed--IV | 5.30% | 9,082 | - |
| 34 | Brown, Marc | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 110 | Brownstein, Norman | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 43 | Brownstein, Norman | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 44 | Burke, William J. | 234,225 | Administrative | Disputed--IV | 100.00% | 234,225 | - |
| 102 | Carroll, Charles | 179,992 | Administrative | Disputed--IV | 0.00% | - | - |
| 102 | Carroll, Charles | 1,889,863 | Administrative | Disputed--IV | 100.00% | 1,889,863 | - |
| 9 | Carroll, Charles | 1,961,479 | Mixed | Disputed--II A | 0.00% | - | - |
| 79 | Carroll, Charles | 2,114,462 | Mixed | Disputed--II A | 0.00% | - | - |
| 102 | Carroll, Charles | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 102 | Carroll, Charles | 29,196 | Unsecured | Disputed--IV | 5.30% | 1,547 | - |
| 48 | Casey, Thomas J. | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 49 | Clayton, Joseph P. | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 17 | Comer, Bruce | 618,750 | Mixed | Disputed--II A | 0.00% | - | - |
| 86 | Comer, Bruce | 618,750 | Mixed | Disputed--II A | 0.00% | - | - |
| 120 | Comer, Bruce | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 120 | Comer, Bruce | 614,100 | Unsecured | Disputed--IV | 5.30% | 32,547 | - |
| 47 | Crosio, Paul | 948,500 | Administrative | Disputed--IV | 100.00% | 948,500 | - |
| 21 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 93 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed--II B | 0.00% | - | - |
| 94 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed--II I | 0.00% | - | - |

287907.3

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized Alphabetically)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 127 | Dow Jones Reuters | 12,000 | Administrative | Disputed—II H | 100.00% | 12,000 | - |
| 108 | Ernst & Young Advisory Ltd. | 1,024 | Administrative | Disputed—II H | 100.00% | 1,024 | - |
| 123 | Ernst & Young Advisory Ltd. | 2,256 | Administrative | Disputed—II H | 100.00% | 2,256 | - |
| 124 | Ernst & Young Advisory Ltd. | 1,471 | Administrative | Disputed—II D | 100.00% | 1,471 | - |
| 101 | Federal Express Corporation | 632 | Administrative | Allowed | 100.00% | - | 632 |
| 69 | Federal Express Corporation | 1,634 | Unsecured | Allowed | 5.30% | - | 87 |
| 31 | Flag Telecom Ireland Limited | 202,530 | Unsecured | Disputed—II H | 5.30% | 10,734 | - |
| 33 | Foltyn, Roman | 500,000,000 | Unsecured | Disputed—II E | 0.00% | - | - |
| 8 | Fragomen, Delrey, Bersen & Loewy | 5,296 | Unsecured | Allowed | 5.30% | - | 281 |
| 70 | Fragomen, Delrey, Bersen & Loewy, PC | 1,746 | Unsecured | Allowed | 5.30% | - | 93 |
| 46 | Freiberg, Gregory W. | 1,267,717 | Administrative | Disputed—IV | 100.00% | 1,267,717 | - |
| 58 | Global Crossing (UK) Telecommunicatic | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 60 | Global Crossing Asia Holdings Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 57 | Global Crossing Bandwidth, Inc. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 129 | Global Crossing Communications | 32,143 | Administrative | Disputed—II H | 100.00% | 32,143 | - |
| 50 | Global Crossing Development Company | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 56 | Global Crossing Employee Services, Inc | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 59 | Global Crossing Holdings Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 52 | Global Crossing Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 55 | Global Crossing Network Center (UK) Lt | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 62 | Global Crossing Network Center Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 53 | Global Crossing Services Europe Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 54 | Global Crossing Services Europe Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 64 | Global Crossing Telecommunications In | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 51 | Global Crossing USA Inc. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 63 | Global Marine Systems Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 7 | Goddard, Chester L. & Rose | 1,454 | Equity | Disputed—II J | 0.00% | - | - |
| 42 | Grivner, Carl | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 20 | Hippeau, Eric | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 109 | Houlihan Lokey Howard & Zukin | 218,030 | Administrative | Disputed—III | 100.00% | 218,030 | - |
| 38 | Hutchison Telecommunications Limited | Unliquidated | Unsecured | Disputed—II I | 0.00% | - | - |
| 39 | Hutchison Telecommunications Limited | Unliquidated | Unsecured | Disputed—II I | 0.00% | - | - |
| 4 | Johansson, Gunnar | 1,270 | Equity | Disputed—II J | 0.00% | - | - |
| 71 | Johansson, Gunnar | 1,270 | Equity | Disputed—II J | 0.00% | - | - |
| 10 | Jones, Colin | 236,500 | Mixed | Disputed—II A | 0.00% | - | - |
| 88 | Jones, Colin | 236,500 | Mixed | Disputed—II A | 0.00% | - | - |
| 115 | Jones, Colin | 4,650 | Priority | Disputed—IV | 100.00% | 4,650 | - |
| 115 | Jones, Colin | 231,850 | Unsecured | Disputed—IV | 5.30% | 12,288 | - |
| 35 | KDDI Submarine Cable Systems Inc. | 70,550,000 | Secured | Disputed—II G | 0.00% | - | - |

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized Alphabetically)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 19 | Kent, Geoffrey J. W. | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 24 | Kumar, Vinod | 1,267,717 | Administrative | Disputed--IV | 100.00% | 1,267,717 | - |
| 128 | Lambert, Jeremiah D. | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 28 | Lambert, Jeremiah D. | Unliquidated | Unsecured | Disputed--II B | 0.00% | - | - |
| 75 | Lambert, Jeremiah D. | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 66 | Latham & Watkins, LLP | 6,924 | Unsecured | Disputed--II B | 0.00% | - | - |
| 67 | Latham & Watkins, LLP | 6,704 | Unsecured | Disputed--II B | 0.00% | - | - |
| 77 | Latham & Watkins, LLP | 6,797 | Unsecured | Allowed | 5.30% | - | 360 |
| 119 | Lee, Brian | 120,977 | Administrative | Disputed--IV | 100.00% | 120,977 | - |
| 80 | Lee, Brian | 120,977 | Mixed | Disputed--II A | 0.00% | - | - |
| 125 | Legere, John | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 121 | Maness, Julie | 80,154 | Administrative | Disputed--IV | 100.00% | 80,154 | - |
| 16 | Maness, Julie | 132,944 | Mixed | Disputed--II A | 0.00% | - | - |
| 85 | Maness, Julie | 80,154 | Mixed | Disputed--II A | 0.00% | - | - |
| 111 | Merrill Communications | 18,458 | Administrative | Allowed | 100.00% | - | 18,458 |
| 32 | Michael A. Bernstein Profit Sharing Plan | 1,000,000,000 | Unsecured | Disputed--II E | 0.00% | - | - |
| 36 | Microsoft Corporation & MSLI, GP | Unliquidated | Unsecured | Disputed--II H | 0.00% | - | - |
| 27 | Miligan-Whyte & Smith | 51,923 | Secured | | 100.00% | 51,923 | - |
| 112 | Milroy, David | 1,227,698 | Administrative | Disputed--IV | 100.00% | 1,227,698 | - |
| 22 | Milroy, David | 1,173,500 | Mixed | Disputed--II A | 0.00% | - | - |
| 37 | NEC Corporation | 242,635,332 | Secured | Disputed--II G | 0.00% | - | - |
| 91 | Ommen, Kathleen W | 45,431 | Mixed | Disputed--II C | 0.00% | - | - |
| 1 | Pacific Crossing Ltd. | Unliquidated | Unsecured | Disputed--I | 0.00% | | - |
| 95 | Pacific Crossing Ltd. | 677,000,000 | Unsecured | Disputed--I | 0.00% | | - |
| 96 | Pacific Crossing Ltd.* | 677,000,000 | Unsecured | Disputed--see note | 5.30% | 18,550,000 | - |
| 90 | PC Landing Corp. Pacific Crossing Ltd. | 10,000,000 | Administrative | Disputed--I | 0.00% | | - |
| 74 | PC Landing Corp. Pacific Crossing Ltd. | 677,000,000 | Unsecured | Disputed--I | 0.00% | | - |
| 126 | PC Landing Corp.** | 12,200,000 | Administrative | Disputed--See note | 100.00% | 12,200,000 | - |
| 26 | Perrone, Joseph P. | Unliquidated | Unsecured | Disputed--III A | 0.00% | | - |

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized Alphabetically)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 105 | Riesenfeld, Stefan | 170,212 | Administrative | Disputed--IV | 0.00% | | - |
| 105 | Riesenfeld, Stefan | 1,737,822 | Administrative | Disputed--IV | 100.00% | 1,737,822 | |
| 14 | Riesenfeld, Stefan | 1,805,166 | Mixed | Disputed--II A | 0.00% | - | |
| 78 | Riesenfeld, Stefan | 1,939,130 | Mixed | Disputed--II A | 0.00% | - | |
| 105 | Riesenfeld, Stefan | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | |
| 105 | Riesenfeld, Stefan | 26,446 | Unsecured | Disputed--IV | 5.30% | 1,402 | |
| 41 | Rios, Jose Antonio | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | |
| 89 | Rios, Jose Antonio | Unliquidated | Unsecured | Disputed--II B | 0.00% | - | |
| 103 | Scanlon, John | 6,917,724 | Administrative | Disputed--IV | 100.00% | 6,917,724 | |
| 18 | Scanlon, John | 7,260,000 | Mixed | Disputed--II A | 0.00% | - | |
| 81 | Scanlon, John | 7,628,493 | Mixed | Disputed--II A | 0.00% | - | |
| 103 | Scanlon, John | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | |
| 103 | Scanlon, John | 706,119 | Unsecured | Disputed--IV | 5.30% | 37,424 | |
| 25 | Simpson, Mark J. | 1,331,000 | Administrative | Disputed--IV | 100.00% | 1,331,000 | |
| 106 | Slaughter & May | 32,958 | Administrative | Disputed--II H | 100.00% | 32,958 | |
| 113 | Smith, Madelyn | 216,877 | Administrative | Disputed--IV | 100.00% | 216,877 | |
| 12 | Smith, Madelyn | 333,287 | Mixed | Disputed--II A | 0.00% | - | |
| 68 | Smith, Madelyn | 318,111 | Mixed | Disputed--II A | 0.00% | - | |
| 84 | Smith, Madelyn | 216,877 | Mixed | Disputed--II A | 0.00% | - | |
| 65 | South American Crossing Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | |
| 3 | Stoltz, Catherine | 762 | Equity | Disputed--II J | 0.00% | - | |
| 73 | Teh, Celina | 261,006 | Administrative | Allowed | 100.00% | - | 261,006 |
| 30 | Teh, Celina | 280,450 | Mixed | Disputed--II A | 0.00% | - | - |
| 100 | Thomas Dales & Associates | 6,470 | Administrative | Allowed | 100.00% | - | 6,470 |
| 114 | Ullman, Myron | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 122 | Ullman, Myron | Unliquidated | Administrative | Disputed--II B | 0.00% | - | - |
| 76 | Ullman, Myron | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 130 | US Trustee | 20,000 | Administrative | Allowed | 100.00% | - | 20,000 |
| 104 | Westbay, Monique Weiss | 2,010 | Administrative | Disputed--IV | 100.00% | 2,010 | - |
| 98 | Yeates, Jason | 231,250 | Administrative | Disputed--IV | 100.00% | 231,250 | |
| 29 | Yeates, Jason | 225,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 72 | Yeates, Jason | 231,250 | Mixed | Disputed--II A | 0.00% | - | - |
| 107 | Young Conaway Stargatt & Taylor | 6,513 | Administrative | Allowed | 100.00% | - | 6,513 |
| | | | | | | 56,883,661 | 16,171,802 |

Total (Proposed Reserve Amount and Proposed Distribution Amount)    73,055,462

287907.3

**Asia Global Crossing Ltd.**
**AGC Proposed Disputed Claims Reserve and Proposed Distribution**
**(Categorized Alphabetically)**

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|

* Pursuant to an agreement between the trustee and PCL dated November 15, 2004 (the "PCL Agreement"), PCL's general unsecured claim of not less than $677, 000, 000 shall be treated as a disputed unsecured claim in the amount of $350,000,000 for the purpose of setting the appropriate reserve.

** Pursuant to the PCL Agreement, PCL's administrative claim of not less than $12,200,000 shall be treated as a disputed administrative claim in the amount of $12,200,000 for the purpose of setting the appropriate reserve.

| Legend for Objection Type |
|---|
| I.  Trustee's objections to Proofs of Claim filed by Pacific Crossing Ltd., et al., dated December 22, 2003 |
| II. Trustee's First Omnibus Objection to Proofs of Claims, dated November 5, 2005 |
|     A.  Amended Claims |
|     B.  Duplicate Claims |
|     C.  Multiple Claims |
|     D.  Time Barred Claims |
|     E.  Settled Claims |
|     F.  Claims Disallowed Under Bankruptcy Code Section 502(d) |
|     G.  Third Party Assumed Obligation |
|     H.  Books & Records |
|     I.  Unliquidated Claims |
|     J.  Equity Interests |
| III. Trustee's Second Omnibus Objection to Proofs of Claim, dated November 18, 2004 |
|     A.  Unliquidated Claims |
| IV.  Proof of claim objected to in Recovery Actions commenced by Trustee |

**Asia Global Crossing Ltd.**
**AGC Proposed Disputed Claims Reserve and Proposed Distribution**
**(Categorized by Claim Number)**

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 1 | Pacific Crossing Ltd. | Unliquidated | Unsecured | Disputed--I | 0.00% | | - |
| 2 | Bancheri, Joseph J. & Melanie | 5,200 | Equity | Disputed--II J | 0.00% | - | - |
| 3 | Stoltz, Catherine | 762 | Equity | Disputed--II J | 0.00% | - | - |
| 4 | Johansson, Gunnar | 1,270 | Equity | Disputed--II J | 0.00% | - | - |
| 5 | 360 Networks Corporation | 100,000,000 | Unsecured | Disputed--II H | 5.30% | 5,300,000 | - |
| 6 | Bank of New York | 440,497,303 | Unsecured | Allowed | 3.60% | - | 15,857,903 |
| 7 | Goddard, Chester L. & Rose | 1,454 | Equity | Disputed--II J | 0.00% | - | - |
| 8 | Fragomen, Delrey, Bersen & Loewy | 5,296 | Unsecured | Allowed | 5.30% | - | 281 |
| 9 | Carroll, Charles | 1,961,479 | Mixed | Disputed--II A | 0.00% | - | - |
| 10 | Jones, Colin | 236,500 | Mixed | Disputed--II A | 0.00% | - | - |
| 11 | Brennan, Jason | 176,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 12 | Smith, Madelyn | 333,287 | Mixed | Disputed--II A | 0.00% | - | - |
| 13 | Baier, Monte | 649,245 | Mixed | Disputed--II A | 0.00% | - | - |
| 14 | Riesenfeld, Stefan | 1,805,166 | Mixed | Disputed--II A | 0.00% | - | - |
| 15 | Ballantyne, Scott | 618,784 | Mixed | Disputed--II A | 0.00% | - | - |
| 16 | Maness, Julie | 132,944 | Mixed | Disputed--II A | 0.00% | - | - |
| 17 | Comer, Bruce | 618,750 | Mixed | Disputed--II A | 0.00% | - | - |
| 18 | Scanlon, John | 7,260,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 19 | Kent, Geoffrey J. W. | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 20 | Hippeau, Eric | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 21 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 22 | Milroy, David | 1,173,500 | Mixed | Disputed--II A | 0.00% | - | - |
| 23 | Barney, William | 1,863,785 | Administrative | Disputed--IV | 100.00% | 1,863,785 | - |
| 24 | Kumar, Vinod | 1,267,717 | Administrative | Disputed--IV | 100.00% | 1,267,717 | - |
| 25 | Simpson, Mark J. | 1,331,000 | Administrative | Disputed--IV | 100.00% | 1,331,000 | - |
| 26 | Perrone, Joseph P. | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 27 | Miligan-Whyte & Smith | 51,923 | Secured | | 100.00% | 51,923 | - |
| 28 | Lambert, Jeremiah D. | Unliquidated | Unsecured | Disputed--II B | 0.00% | - | - |
| 29 | Yeates, Jason | 225,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 30 | Teh, Celina | 280,450 | Mixed | Disputed--II A | 0.00% | - | - |
| 31 | Flag Telecom Ireland Limited | 202,530 | Unsecured | Disputed--II H | 5.30% | 10,734 | - |
| 32 | Michael A. Bernstein Profit Sharing Plan | 1,000,000,000 | Unsecured | Disputed--II E | 0.00% | - | - |
| 33 | Foltyn, Roman | 500,000,000 | Unsecured | Disputed--II E | 0.00% | - | - |
| 34 | Brown, Marc | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 35 | KDDI Submarine Cable Systems Inc. | 70,550,000 | Secured | Disputed--II G | 0.00% | - | - |
| 36 | Microsoft Corporation & MSLI, GP | Unliquidated | Unsecured | Disputed--II H | 0.00% | - | - |

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized by Claim Number)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 37 | NEC Corporation | 242,635,332 | Secured | Disputed—II G | 0.00% | - | - |
| 38 | Hutchison Telecommunications Limited | Unliquidated | Unsecured | Disputed—II I | 0.00% | - | - |
| 39 | Hutchison Telecommunications Limited | Unliquidated | Unsecured | Disputed—II I | 0.00% | - | - |
| 40 | Beran, Walter | Unliquidated | Unsecured | Disputed—III A | 0.00% | | - |
| 41 | Rios, Jose Antonio | Unliquidated | Unsecured | Disputed—III A | 0.00% | | - |
| 42 | Grivner, Carl | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 43 | Brownstein, Norman | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 44 | Burke, William J. | 234,225 | Administrative | Disputed—IV | 100.00% | 234,225 | - |
| 45 | Attanasio, Mark | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 46 | Freiberg, Gregory W. | 1,267,717 | Administrative | Disputed—IV | 100.00% | 1,267,717 | - |
| 47 | Crosio, Paul | 948,500 | Administrative | Disputed—IV | 100.00% | 948,500 | - |
| 48 | Casey, Thomas J. | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 49 | Clayton, Joseph P. | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 50 | Global Crossing Development Company | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 51 | Global Crossing USA Inc. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 52 | Global Crossing Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 53 | Global Crossing Services Europe Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 54 | Global Crossing Services Europe Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 55 | Global Crossing Network Center (UK) Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 56 | Global Crossing Employee Services, Inc. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 57 | Global Crossing Bandwidth, Inc. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 58 | Global Crossing (UK) Telecommunications Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 59 | Global Crossing Holdings Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 60 | Global Crossing Asia Holdings Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 61 | Atlantic Crossing Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 62 | Global Crossing Network Center Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 63 | Global Marine Systems Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 64 | Global Crossing Telecommunications Inc. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 65 | South American Crossing Ltd. | 314,764,536 | Secured | Disputed—II E | 0.00% | - | - |
| 66 | Latham & Watkins, LLP | 6,924 | Unsecured | Disputed—II B | 0.00% | - | - |
| 67 | Latham & Watkins, LLP | 6,704 | Unsecured | Disputed—II B | 0.00% | - | - |
| 68 | Smith, Madelyn | 318,111 | Mixed | Disputed—II A | 0.00% | - | - |
| 69 | Federal Express Corporation | 1,634 | Unsecured | Allowed | 5.30% | - | 87 |
| 70 | Fragomen, Delrey, Bersen & Loewy, PC | 1,746 | Unsecured | Allowed | 5.30% | - | 93 |
| 71 | Johansson, Gunnar | 1,270 | Equity | Disputed—II J | 0.00% | - | - |
| 72 | Yeates, Jason | 231,250 | Mixed | Disputed—II A | 0.00% | - | - |

**Asia Global Crossing Ltd.**
**AGC Proposed Disputed Claims Reserve and Proposed Distribution**
**(Categorized by Claim Number)**

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 73 | Teh, Celina | 261,006 | Administrative | Allowed | 100.00% | - | 261,006 |
| 74 | PC Landing Corp. Pacific Crossing Ltd. | 677,000,000 | Unsecured | Disputed--I | 0.00% | | |
| 75 | Lambert, Jeremiah D. | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 76 | Ullman, Myron | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 77 | Latham & Watkins, LLP | 6,797 | Unsecured | Allowed | 5.30% | - | 360 |
| 78 | Riesenfeld, Stefan | 1,939,130 | Mixed | Disputed--II A | 0.00% | - | - |
| 79 | Carroll, Charles | 2,114,462 | Mixed | Disputed--II A | 0.00% | - | - |
| 80 | Lee, Brian | 120,977 | Mixed | Disputed--II A | 0.00% | - | - |
| 81 | Scanlon, John | 7,628,493 | Mixed | Disputed--II A | 0.00% | - | - |
| 82 | Baier, Monte | 509,008 | Mixed | Disputed--II A | 0.00% | - | - |
| 83 | Ballantyne, Scott | 502,605 | Mixed | Disputed--II A | 0.00% | - | - |
| 84 | Smith, Madelyn | 216,877 | Mixed | Disputed--II A | 0.00% | - | - |
| 85 | Maness, Julie | 80,154 | Mixed | Disputed--II A | 0.00% | - | - |
| 86 | Comer, Bruce | 618,750 | Mixed | Disputed--II A | 0.00% | - | - |
| 87 | Brennan, Jason | 176,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 88 | Jones, Colin | 236,500 | Mixed | Disputed--II A | 0.00% | | - |
| 89 | Rios, Jose Antonio | Unliquidated | Unsecured | Disputed--II B | 0.00% | | - |
| 90 | PC Landing Corp. Pacific Crossing Ltd. | 10,000,000 | Administrative | Disputed--I | 0.00% | | - |
| 91 | Ommen, Kathleen W | 45,431 | Mixed | Disputed--II C | 0.00% | - | - |
| 92 | Asia Netcom Corporation Limited | 677,000,000 | Unsecured | Disputed--II H | 0.00% | - | - |
| 93 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed--II B | 0.00% | | - |
| 94 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed--II I | 0.00% | - | - |
| 95 | Pacific Crossing Ltd. | 677,000,000 | Unsecured | Disputed--I | 0.00% | | - |
| 96 | Pacific Crossing Ltd.* | 677,000,000 | Unsecured | Disputed--see note | 5.30% | 18,550,000 | - |
| 97 | Bancheri, Joseph | Unliquidated | Equity | Disputed--II B | 0.00% | - | - |
| 98 | Yeates, Jason | 231,250 | Administrative | Disputed--IV | 100.00% | 231,250 | - |
| 100 | Thomas Dales & Associates | 6,470 | Administrative | Allowed | 100.00% | - | 6,470 |
| 101 | Federal Express Corporation | 632 | Administrative | Allowed | 100.00% | - | 632 |
| 102 | Carroll, Charles | 179,992 | Administrative | Disputed--IV | 0.00% | - | - |
| 102 | Carroll, Charles | 29,196 | Unsecured | Disputed--IV | 5.30% | 1,547 | - |
| 102 | Carroll, Charles | 1,889,863 | Administrative | Disputed--IV | 100.00% | 1,889,863 | - |
| 102 | Carroll, Charles | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 103 | Scanlon, John | 706,119 | Unsecured | Disputed--IV | 5.30% | 37,424 | - |
| 103 | Scanlon, John | 6,917,724 | Administrative | Disputed--IV | 100.00% | 6,917,724 | - |
| 103 | Scanlon, John | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 104 | Westbay, Monique Weiss | 2,010 | Administrative | Disputed--IV | 100.00% | 2,010 | - |

**Asia Global Crossing Ltd.**
**AGC Proposed Disputed Claims Reserve and Proposed Distribution**
**(Categorized by Claim Number)**

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/Objection Type (see Legend on Last Page) | Distribution/Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 105 | Riesenfeld, Stefan | 170,212 | Administrative | Disputed--IV | 0.00% | | - |
| 105 | Riesenfeld, Stefan | 26,446 | Unsecured | Disputed--IV | 5.30% | 1,402 | - |
| 105 | Riesenfeld, Stefan | 1,737,822 | Administrative | Disputed--IV | 100.00% | 1,737,822 | - |
| 105 | Riesenfeld, Stefan | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 106 | Slaughter & May | 32,958 | Administrative | Disputed--II H | 100.00% | 32,958 | - |
| 107 | Young Conaway Stargatt & Taylor | 6,513 | Administrative | Allowed | 100.00% | - | 6,513 |
| 108 | Ernst & Young Advisory Ltd. | 1,024 | Administrative | Disputed--II H | 100.00% | 1,024 | - |
| 109 | Houlihan Lokey Howard & Zukin | 218,030 | Administrative | Disputed--III | 100.00% | 218,030 | - |
| 110 | Brownstein, Norman | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 111 | Merrill Communications | 18,458 | Administrative | Allowed | 100.00% | - | 18,458 |
| 112 | Milroy, David | 1,227,698 | Administrative | Disputed--IV | 100.00% | 1,227,698 | - |
| 113 | Smith, Madelyn | 216,877 | Administrative | Disputed--IV | 100.00% | 216,877 | - |
| 114 | Ullman, Myron | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 115 | Jones, Colin | 231,850 | Unsecured | Disputed--IV | 5.30% | 12,288 | - |
| 115 | Jones, Colin | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 116 | Brennan, Jason | 171,350 | Unsecured | Disputed--IV | 5.30% | 9,082 | - |
| 116 | Brennan, Jason | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 117 | Baier, Monte | 509,008 | Administrative | Disputed--IV | 100.00% | 509,008 | - |
| 118 | Ballantyne, Scott | 502,605 | Administrative | Disputed--IV | 100.00% | 502,605 | - |
| 119 | Lee, Brian | 120,977 | Administrative | Disputed--IV | 100.00% | 120,977 | - |
| 120 | Comer, Bruce | 614,100 | Unsecured | Disputed--IV | 5.30% | 32,547 | - |
| 120 | Comer, Bruce | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 121 | Maness, Julie | 80,154 | Administrative | Disputed--IV | 100.00% | 80,154 | - |
| 122 | Ullman, Myron | Unliquidated | Administrative | Disputed--II B | 0.00% | - | - |
| 123 | Ernst & Young Advisory Ltd. | 2,256 | Administrative | Disputed--II H | 100.00% | 2,256 | - |
| 124 | Ernst & Young Advisory Ltd. | 1,471 | Administrative | Disputed--II D | 100.00% | 1,471 | - |
| 125 | Legere, John | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 126 | PC Landing Corp.** | 12,200,000 | Administrative | Disputed--See note | 100.00% | 12,200,000 | - |
| 127 | Dow Jones Reuters | 12,000 | Administrative | Disputed--II H | 100.00% | 12,000 | - |
| 128 | Lambert, Jeremiah D. | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 129 | Global Crossing Communications | 32,143 | Administrative | Disputed--II H | 100.00% | 32,143 | - |
| 130 | US Trustee | 20,000 | Administrative | Allowed | 100.00% | - | 20,000 |
| | | | | | | 56,883,661 | 16,171,802 |

Total (Proposed Reserve Amount and Proposed Distribution Amount)       73,055,462

**Asia Global Crossing Ltd.**
**AGC Proposed Disputed Claims Reserve and Proposed Distribution**
**(Categorized by Claim Number)**

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|

\* Pursuant to an agreement between the trustee and PCL dated November 15, 2004 (the "PCL Agreement"), PCL's general unsecured claim of not less than $677, 000, 000 shall be treated as a disputed unsecured claim in the amount of $350,000,000 for the purpose of setting the appropriate reserve.

\*\* Pursuant to the PCL Agreement, PCL's administrative claim of not less than $12,200,000 shall be treated as a disputed administrative claim in the amount of $12,200,000 for the purpose of setting the appropriate reserve.

**Legend for Objection Type**

I.  Trustee's objections to Proofs of Claim filed by Pacific Crossing Ltd., et al., dated December 22, 2003

II.  Trustee's First Omnibus Objection to Proofs of Claims, dated November 5, 2005

        A. Amended Claims

        B. Duplicate Claims

        C. Multiple Claims

        D. Time Barred Claims

        E. Settled Claims

        F. Claims Disallowed Under Bankruptcy Code Section 502(d)

        G. Third Party Assumed Obligation

        H. Books & Records

        I. Unliquidated Claims

        J. Equity Interests

III.  Trustee's Second Omnibus Objection to Proofs of Claim, dated November 18, 2004

        A. Unliquidated Claims

IV.  Proof of claim objected to in Recovery Actions commenced by Trustee

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized by Classification of Claim)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 117 | Baier, Monte | 509,008 | Administrative | Disputed--IV | 100.00% | 509,008 | - |
| 118 | Ballantyne, Scott | 502,605 | Administrative | Disputed--IV | 100.00% | 502,605 | - |
| 23 | Barney, William | 1,863,785 | Administrative | Disputed--IV | 100.00% | 1,863,785 | - |
| 110 | Brownstein, Norman | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 44 | Burke, William J. | 234,225 | Administrative | Disputed--IV | 100.00% | 234,225 | - |
| 102 | Carroll, Charles | 179,992 | Administrative | Disputed--IV | 0.00% | - | - |
| 102 | Carroll, Charles | 1,889,863 | Administrative | Disputed--IV | 100.00% | 1,889,863 | - |
| 47 | Crosio, Paul | 948,500 | Administrative | Disputed--IV | 100.00% | 948,500 | - |
| 127 | Dow Jones Reuters | 12,000 | Administrative | Disputed--II H | 100.00% | 12,000 | - |
| 108 | Ernst & Young Advisory Ltd. | 1,024 | Administrative | Disputed--II H | 100.00% | 1,024 | - |
| 123 | Ernst & Young Advisory Ltd. | 2,256 | Administrative | Disputed--II H | 100.00% | 2,256 | - |
| 124 | Ernst & Young Advisory Ltd. | 1,471 | Administrative | Disputed--II D | 100.00% | 1,471 | - |
| 101 | Federal Express Corporation | 632 | Administrative | Allowed | 100.00% | - | 632 |
| 46 | Freiberg, Gregory W. | 1,267,717 | Administrative | Disputed--IV | 100.00% | 1,267,717 | - |
| 129 | Global Crossing Communications | 32,143 | Administrative | Disputed--II H | 100.00% | 32,143 | - |
| 109 | Houlihan Lokey Howard & Zukin | 218,030 | Administrative | Disputed--III | 100.00% | 218,030 | - |
| 24 | Kumar, Vinod | 1,267,717 | Administrative | Disputed--IV | 100.00% | 1,267,717 | - |
| 128 | Lambert, Jeremiah D. | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 119 | Lee, Brian | 120,977 | Administrative | Disputed--IV | 100.00% | 120,977 | - |
| 125 | Legere, John | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 121 | Maness, Julie | 80,154 | Administrative | Disputed--IV | 100.00% | 80,154 | - |
| 111 | Merrill Communications | 18,458 | Administrative | Allowed | 100.00% | - | 18,458 |
| 112 | Milroy, David | 1,227,698 | Administrative | Disputed--IV | 100.00% | 1,227,698 | - |
| 90 | PC Landing Corp. Pacific Crossing Ltd. | 10,000,000 | Administrative | Disputed--I | 0.00% | | - |
| 126 | PC Landing Corp.** | 12,200,000 | Administrative | Disputed--See note | 100.00% | 12,200,000 | - |
| 105 | Riesenfeld, Stefan | 170,212 | Administrative | Disputed--IV | 0.00% | | - |
| 105 | Riesenfeld, Stefan | 1,737,822 | Administrative | Disputed--IV | 100.00% | 1,737,822 | - |
| 103 | Scanlon, John | 6,917,724 | Administrative | Disputed--IV | 100.00% | 6,917,724 | - |
| 25 | Simpson, Mark J. | 1,331,000 | Administrative | Disputed--IV | 100.00% | 1,331,000 | - |
| 106 | Slaughter & May | 32,958 | Administrative | Disputed--II H | 100.00% | 32,958 | - |
| 113 | Smith, Madelyn | 216,877 | Administrative | Disputed--IV | 100.00% | 216,877 | - |
| 73 | Teh, Celina | 261,006 | Administrative | Allowed | 100.00% | - | 261,006 |
| 100 | Thomas Dales & Associates | 6,470 | Administrative | Allowed | 100.00% | - | 6,470 |
| 114 | Ullman, Myron | Unliquidated | Administrative | Disputed--III A | 0.00% | - | - |
| 122 | Ullman, Myron | Unliquidated | Administrative | Disputed--II B | 0.00% | - | - |
| 130 | US Trustee | 20,000 | Administrative | Allowed | 100.00% | - | 20,000 |
| 104 | Westbay, Monique Weiss | 2,010 | Administrative | Disputed--IV | 100.00% | 2,010 | - |
| 98 | Yeates, Jason | 231,250 | Administrative | Disputed--IV | 100.00% | 231,250 | - |
| 107 | Young Conaway Stargatt & Taylor | 6,513 | Administrative | Allowed | 100.00% | - | 6,513 |

287907.3

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized by Classification of Claim)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| | Administrative Claims Total | 43,512,096 | | | | 32,848,814 | 313,079 |
| | | | | | | | |
| 97 | Bancheri, Joseph | Unliquidated | Equity | Disputed--II B | 0.00% | - | - |
| 2 | Bancheri, Joseph J. & Melanie | 5,200 | Equity | Disputed--II J | 0.00% | - | - |
| 7 | Goddard, Chester L. & Rose | 1,454 | Equity | Disputed--II J | 0.00% | - | - |
| 4 | Johansson, Gunnar | 1,270 | Equity | Disputed--II J | 0.00% | - | - |
| 71 | Johansson, Gunnar | 1,270 | Equity | Disputed--II J | 0.00% | - | - |
| 3 | Stoltz, Catherine | 762 | Equity | Disputed--II J | 0.00% | - | - |
| | Equity Claims Total | 9,955 | | | | 0.00 | 0.00 |
| | | | | | | | |
| 13 | Baier, Monte | 649,245 | Mixed | Disputed--II A | 0.00% | - | - |
| 82 | Baier, Monte | 509,008 | Mixed | Disputed--II A | 0.00% | - | - |
| 15 | Ballantyne, Scott | 618,784 | Mixed | Disputed--II A | 0.00% | - | - |
| 83 | Ballantyne, Scott | 502,605 | Mixed | Disputed--II A | 0.00% | - | - |
| 11 | Brennan, Jason | 176,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 87 | Brennan, Jason | 176,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 9 | Carroll, Charles | 1,961,479 | Mixed | Disputed--II A | 0.00% | - | - |
| 79 | Carroll, Charles | 2,114,462 | Mixed | Disputed--II A | 0.00% | - | - |
| 17 | Comer, Bruce | 618,750 | Mixed | Disputed--II A | 0.00% | - | - |
| 86 | Comer, Bruce | 618,750 | Mixed | Disputed--II A | 0.00% | - | - |
| 10 | Jones, Colin | 236,500 | Mixed | Disputed--II A | 0.00% | - | - |
| 88 | Jones, Colin | 236,500 | Mixed | Disputed--II A | 0.00% | - | - |
| 80 | Lee, Brian | 120,977 | Mixed | Disputed--II A | 0.00% | - | - |
| 16 | Maness, Julie | 132,944 | Mixed | Disputed--II A | 0.00% | - | - |
| 85 | Maness, Julie | 80,154 | Mixed | Disputed--II A | 0.00% | - | - |
| 22 | Milroy, David | 1,173,500 | Mixed | Disputed--II A | 0.00% | - | - |
| 91 | Ommen, Kathleen W | 45,431 | Mixed | Disputed--II C | 0.00% | - | - |
| 14 | Riesenfeld, Stefan | 1,805,166 | Mixed | Disputed--II A | 0.00% | - | - |
| 78 | Riesenfeld, Stefan | 1,939,130 | Mixed | Disputed--II A | 0.00% | - | - |
| 18 | Scanlon, John | 7,260,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 81 | Scanlon, John | 7,628,493 | Mixed | Disputed--II A | 0.00% | - | - |
| 12 | Smith, Madelyn | 333,287 | Mixed | Disputed--II A | 0.00% | - | - |
| 68 | Smith, Madelyn | 318,111 | Mixed | Disputed--II A | 0.00% | - | - |
| 84 | Smith, Madelyn | 216,877 | Mixed | Disputed--II A | 0.00% | - | - |
| 30 | Teh, Celina | 280,450 | Mixed | Disputed--II A | 0.00% | - | - |
| 29 | Yeates, Jason | 225,000 | Mixed | Disputed--II A | 0.00% | - | - |
| 72 | Yeates, Jason | 231,250 | Mixed | Disputed--II A | 0.00% | - | - |
| | Mixed Claims Total | 30,208,853 | | | | 0.00 | 0.00 |

**Asia Global Crossing Ltd.**
**AGC Proposed Disputed Claims Reserve and Proposed Distribution**
**(Categorized by Classification of Claim)**

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 116 | Brennan, Jason | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 102 | Carroll, Charles | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 120 | Comer, Bruce | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 115 | Jones, Colin | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 105 | Riesenfeld, Stefan | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| 103 | Scanlon, John | 4,650 | Priority | Disputed--IV | 100.00% | 4,650 | - |
| | **Priority Claims Total** | **27,900** | | | | **27,900** | **0.00** |
| | | | | | | | |
| 61 | Atlantic Crossing Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 58 | Global Crossing (UK) Telecommunicatio | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 60 | Global Crossing Asia Holdings Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 57 | Global Crossing Bandwidth, Inc. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 50 | Global Crossing Development Company | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 56 | Global Crossing Employee Services, Inc | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 59 | Global Crossing Holdings Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 52 | Global Crossing Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 55 | Global Crossing Network Center (UK) Lt | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 62 | Global Crossing Network Center Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 53 | Global Crossing Services Europe Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 54 | Global Crossing Services Europe Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 64 | Global Crossing Telecommunications In | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 51 | Global Crossing USA Inc. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 63 | Global Marine Systems Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| 35 | KDDI Submarine Cable Systems Inc. | 70,550,000 | Secured | Disputed--II G | 0.00% | - | - |
| 27 | Miligan-Whyte & Smith | 51,923 | Secured | | 100.00% | 51,923 | - |
| 37 | NEC Corporation | 242,635,332 | Secured | Disputed--II G | 0.00% | - | - |
| 65 | South American Crossing Ltd. | 314,764,536 | Secured | Disputed--II E | 0.00% | - | - |
| | **Secured Claims Total** | **5,349,469,831** | | | | **51,923.00** | **-** |
| | | | | | | | |
| 5 | 360 Networks Corporation | 100,000,000 | Unsecured | Disputed--II H | 5.30% | 5,300,000 | - |
| 92 | Asia Netcom Corporation Limited | 677,000,000 | Unsecured | Disputed--II H | 0.00% | - | - |
| 45 | Attanasio, Mark | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 6 | Bank of New york | 440,497,303 | Unsecured | Allowed | 3.60% | - | 15,857,903 |
| 40 | Beran, Walter | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 116 | Brennan, Jason | 171,350 | Unsecured | Disputed--IV | 5.30% | 9,082 | - |
| 34 | Brown, Marc | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 43 | Brownstein, Norman | Unliquidated | Unsecured | Disputed--III A | 0.00% | - | - |
| 102 | Carroll, Charles | 29,196 | Unsecured | Disputed--IV | 5.30% | 1,547 | - |

Asia Global Crossing Ltd.
AGC Proposed Disputed Claims Reserve and Proposed Distribution
(Categorized by Classification of Claim)

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| 48 | Casey, Thomas J. | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 49 | Clayton, Joseph P. | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 120 | Comer, Bruce | 614,100 | Unsecured | Disputed—IV | 5.30% | 32,547 | - |
| 21 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed—II A | 0.00% | - | - |
| 93 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed—II B | 0.00% | - | - |
| 94 | Deutsche Bank AG, New York | Unliquidated | Unsecured | Disputed—II I | 0.00% | - | - |
| 69 | Federal Express Corporation | 1,634 | Unsecured | Allowed | 5.30% | - | 87 |
| 31 | Flag Telecom Ireland Limited | 202,530 | Unsecured | Disputed—II H | 5.30% | 10,734 | - |
| 33 | Foltyn, Roman | 500,000,000 | Unsecured | Disputed—II E | 0.00% | - | - |
| 8 | Fragomen, Delrey, Bersen & Loewy | 5,296 | Unsecured | Allowed | 5.30% | - | 281 |
| 70 | Fragomen, Delrey, Bersen & Loewy, PC | 1,746 | Unsecured | Allowed | 5.30% | - | 93 |
| 42 | Grivner, Carl | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 20 | Hippeau, Eric | Unliquidated | Unsecured | Disputed—II A | 0.00% | - | - |
| 38 | Hutchison Telecommunications Limited | Unliquidated | Unsecured | Disputed—II I | 0.00% | - | - |
| 39 | Hutchison Telecommunications Limited | Unliquidated | Unsecured | Disputed—II I | 0.00% | - | - |
| 115 | Jones, Colin | 231,850 | Unsecured | Disputed—IV | 5.30% | 12,288 | - |
| 19 | Kent, Geoffrey J. W. | Unliquidated | Unsecured | Disputed—II A | 0.00% | - | - |
| 28 | Lambert, Jeremiah D. | Unliquidated | Unsecured | Disputed—II B | 0.00% | - | - |
| 75 | Lambert, Jeremiah D. | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| 66 | Latham & Watkins, LLP | 6,924 | Unsecured | Disputed—II B | 0.00% | - | - |
| 67 | Latham & Watkins, LLP | 6,704 | Unsecured | Disputed—II B | 0.00% | - | - |
| 77 | Latham & Watkins, LLP | 6,797 | Unsecured | Allowed | 5.30% | - | 360 |
| 32 | Michael A. Bernstein Profit Sharing Plan | 1,000,000,000 | Unsecured | Disputed—II E | 0.00% | - | - |
| 36 | Microsoft Corporation & MSLI, GP | Unliquidated | Unsecured | Disputed—II H | 0.00% | - | - |
| 1 | Pacific Crossing Ltd. | Unliquidated | Unsecured | Disputed—I | 0.00% | | - |
| 95 | Pacific Crossing Ltd. | 677,000,000 | Unsecured | Disputed—I | 0.00% | | - |
| 96 | Pacific Crossing Ltd.* | 677,000,000 | Unsecured | Disputed—see note | 5.30% | 18,550,000 | - |
| 74 | PC Landing Corp. Pacific Crossing Ltd. | 677,000,000 | Unsecured | Disputed—I | 0.00% | | - |
| 26 | Perrone, Joseph P. | Unliquidated | Unsecured | Disputed—III A | 0.00% | | - |
| 105 | Riesenfeld, Stefan | 26,446 | Unsecured | Disputed—IV | 5.30% | 1,402 | - |
| 41 | Rios, Jose Antonio | Unliquidated | Unsecured | Disputed—III A | 0.00% | | - |
| 89 | Rios, Jose Antonio | Unliquidated | Unsecured | Disputed—II B | 0.00% | | - |
| 103 | Scanlon, John | 706,119 | Unsecured | Disputed—IV | 5.30% | 37,424 | - |
| 76 | Ullman, Myron | Unliquidated | Unsecured | Disputed—III A | 0.00% | - | - |
| | **Unsecured Claims Total** | 4,750,507,995 | | | | 23,955,024 | 15,858,723 |
| | **Claims Total** | 10,173,736,631 | | | | 56,883,661 | 16,171,802 |

Total (Proposed Reserve Amount and Proposed Distribution Amount)          73,055,462

**Asia Global Crossing Ltd.**
**AGC Proposed Disputed Claims Reserve and Proposed Distribution**
**(Categorized by Classification of Claim)**

| Claim Number | Claimant Name | Face Amount of Claim per Proof of Claim | Classification of Claim per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount | Proposed Distribution Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

\* Pursuant to an agreement between the trustee and PCL dated November 15, 2004 (the "PCL Agreement"), PCL's general unsecured claim of not less than $677, 000, 000 shall be treated as a disputed unsecured claim in the amount of $350,000,000 for the purpose of setting the appropriate reserve.

\*\* Pursuant to the PCL Agreement, PCL's administrative claim of not less than $12,200,000 shall be treated as a disputed administrative claim in the amount of $12,200,000 for the purpose of setting the appropriate reserve.

---

**Legend for Objection Type**

I.  Trustee's objections to Proofs of Claim filed by Pacific Crossing Ltd., et al., dated December 22, 2003

II.  Trustee's First Omnibus Objection to Proofs of Claims, dated November 5, 2005

  A.  Amended Claims
  B.  Duplicate Claims
  C.  Multiple Claims
  D.  Time Barred Claims
  E.  Settled Claims
  F.  Claims Disallowed Under Bankruptcy Code Section 502(d)
  G.  Third Party Assumed Obligation
  H.  Books & Records
  I.  Unliquidated Claims
  J.  Equity Interests

III.  Trustee's Second Omnibus Objection to Proofs of Claim, dated November 18, 2004

  A.  Unliquidated Claims

IV.  Proof of claim objected to in Recovery Actions commenced by Trustee

---

**Asia Global Crossing Development Co.**
**AGCDC Proposed Disputed and Allowed Claims Reserve**
**(Categorized Alphabetically)**

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| 15 | Baier, Monte | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 117 | Baier, Monte | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 14 | Ballantyne, Scott | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 118 | Ballantyne, Scott | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 10 | Brennan, Jason | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 116 | Brennan, Jason | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 17 | Carroll, Charles | 213,838 | Mixed | Disputed--II A | 0.00% | - | - |
| 102 | Carroll, Charles | 179,992 | Administrative | Disputed--IV | 100.00% | 179,992 | - |
| 102 | Carroll, Charles | 4,650 | Priority | Disputed--IV | 0.00% | - | - |
| 102 | Carroll, Charles | 29,196 | Unsecured | Disputed--IV | 0.00% | - | - |
| 99 | Clifford Chance | 33,427 | Administrative | Disputed--II D | 100.00% | 33,427 | - |
| 11 | Comer, Bruce | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 120 | Comer, Bruce | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 1 | Deutsche Bank AG, NY Br. | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 20 | Deutsche Bank AG, NY Br. | Unliquidated | Unsecured | Disputed--II C | 0.00% | - | - |
| 4 | Everest Broadband Networks | 10,550 | Unsecured | Disputed--II F | 5.30% | 559 | - |
| 3 | Flag Telecom | 202,530 | Unsecured | Disputed--II H | 0.00% | - | - |
| 8 | Hing, Poon Yiu | 12,326 | Administrative | Allowed | 100.00% | - | 12,326 |
| 8 | Hing, Poon Yiu | 4,354 | Priority | Allowed | 100.00% | - | 4,354 |
| 9 | Jones, Colin | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 115 | Jones, Colin | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 16 | Lee, Brian | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 119 | Lee, Brian | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 2 | Legere, John J. | 3,476,364 | Unsecured | Disputed--IV | 5.30% | 184,247 | - |
| 12 | Maness, Julie | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 121 | Maness, Julie | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 112 | Milroy, David | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 21 | Ommen, Kathleen W. | 45,431 | Administrative | Disputed--IV | 100.00% | 45,431 | - |
| 19 | Riesenfeld, Stefan | 201,307 | Mixed | Disputed--II A | 0.00% | - | - |
| 105 | Riesenfeld, Stefan | 170,212 | Administrative | Disputed--IV | 100.00% | 170,212 | - |
| 105 | Riesenfeld, Stefan | 4,650 | Priority | Disputed--IV | 0.00% | - | - |
| 105 | Riesenfeld, Stefan | 26,446 | Unsecured | Disputed--IV | 0.00% | - | - |

EXHIBIT E

Asia Global Crossing Development Co.
AGCDC Proposed Disputed and Allowed Claims Reserve
(Categorized Alphabetically)

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| 18 | Scanlon, John | 21,176 | Mixed | Disputed--II A | 0.00% | - | - |
| 103 | Scanlon, John | 21,176 | Administrative | Disputed--IV | 0.00% | - | - |
| 13 | Smith, Madelyn | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 113 | Smith, Madelyn | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 5 | Thomas Dale & Associates | 6,470 | Unsecured | Disputed--II C | 0.00% | - | - |
| 22 | US Trustee | 23,500 | Administrative | Allowed | 100.00% | - | 23,500 |
| 6 | Watson, Everdene | 10,969 | Mixed | Disputed--II A | 0.00% | - | - |
| 7 | Watson, Everdene | 6,319 | Administrative | Allowed | 100.00% | - | 6,319 |
| 7 | Watson, Everdene | 4,650 | Priority | Allowed | 100.00% | - | 4,650 |
| | | | | | | 613,868 | 51,149 |

**Total (Proposed Reserve Amount and Proposed Distribution Amount)**    665,017

Legend for Objection Type

I.  Trustee's objections to Proofs of Claim filed by Pacific Crossing Ltd., et al., dated December 22, 2003

II.  Trustee's First Omnibus Objection to Proofs of Claims, dated November 5, 2005
        A.  Amended Claims
        B.  Duplicate Claims
        C.  Multiple Claims
        D.  Time Barred Claims
        E.  Settled Claims
        F.  Claims Disallowed Under Bankruptcy Code Section 502(d)
        G.  Third Party Assumed Obligation
        H.  Books & Records
        I.  Unliquidated Claims
        J.  Equity Interests

III.  Trustee's Second Omnibus Objection to Proofs of Claim, dated November 18, 2004
        A.  Unliquidated Claims

IV.  Proof of claim objected to in Recovery Actions commenced by Trustee

287939.3

**Asia Global Crossing Development Co.**
**AGCDC Proposed Disputed and Allowed Claims Reserve**
**(Categorized Alphabetically)**

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|

**Asia Global Crossing Development Co.**
**AGCDC Proposed Disputed and Allowed Claims Reserve**
**(Categorized by Claim Number)**

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| 1 | Deutsche Bank AG, NY Br. | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 2 | Legere, John J. | 3,476,364 | Unsecured | Disputed--IV | 5.30% | 184,247 | - |
| 3 | Flag Telecom | 202,530 | Unsecured | Disputed--II H | 0.00% | - | - |
| 4 | Everest Broadband Networks | 10,550 | Unsecured | Disputed--II F | 5.30% | 559 | - |
| 5 | Thomas Dale & Associates | 6,470 | Unsecured | Disputed--II C | 0.00% | - | - |
| 6 | Watson, Everdene | 10,969 | Mixed | Disputed--II A | 0.00% | - | - |
| 7 | Watson, Everdene | 6,319 | Administrative | Allowed | 100.00% | - | 6,319 |
| 7 | Watson, Everdene | 4,650 | Priority | Allowed | 100.00% | - | 4,650 |
| 8 | Hing, Poon Yiu | 12,326 | Administrative | Allowed | 100.00% | - | 12,326 |
| 8 | Hing, Poon Yiu | 4,354 | Priority | Allowed | 100.00% | - | 4,354 |
| 9 | Jones, Colin | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 10 | Brennan, Jason | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 11 | Comer, Bruce | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 12 | Maness, Julie | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 13 | Smith, Madelyn | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 14 | Ballantyne, Scott | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 15 | Baier, Monte | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 16 | Lee, Brian | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 17 | Carroll, Charles | 213,838 | Mixed | Disputed--II A | 0.00% | - | - |
| 18 | Scanlon, John | 21,176 | Mixed | Disputed--II A | 0.00% | - | - |
| 19 | Riesenfeld, Stefan | 201,307 | Mixed | Disputed--II A | 0.00% | - | - |
| 20 | Deutsche Bank AG, NY Br. | Unliquidated | Unsecured | Disputed--II C | 0.00% | - | - |
| 21 | Ommen, Kathleen W. | 45,431 | Administrative | Disputed--IV | 100.00% | 45,431 | - |
| 22 | US Trustee | 23,500 | Administrative | Allowed | 100.00% | - | 23,500 |
| 99 | Clifford Chance | 33,427 | Administrative | Disputed--II D | 100.00% | 33,427 | - |
| 102 | Carroll, Charles | 179,992 | Administrative | Disputed--IV | 100.00% | 179,992 | - |
| 102 | Carroll, Charles | 4,650 | Priority | Disputed--IV | 0.00% | - | - |
| 102 | Carroll, Charles | 29,196 | Unsecured | Disputed--IV | 0.00% | - | - |
| 103 | Scanlon, John | 21,176 | Administrative | Disputed--IV | 0.00% | - | - |
| 105 | Riesenfeld, Stefan | 170,212 | Administrative | Disputed--IV | 100.00% | 170,212 | - |
| 105 | Riesenfeld, Stefan | 4,650 | Priority | Disputed--IV | 0.00% | - | - |
| 105 | Riesenfeld, Stefan | 26,446 | Unsecured | Disputed--IV | 0.00% | - | - |

287939.3

## Asia Global Crossing Development Co.
## AGCDC Proposed Disputed and Allowed Claims Reserve
## (Categorized by Claim Number)

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| 112 | Milroy, David | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 113 | Smith, Madelyn | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 115 | Jones, Colin | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 116 | Brennan, Jason | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 117 | Baier, Monte | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 118 | Ballantyne, Scott | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 119 | Lee, Brian | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 120 | Comer, Bruce | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 121 | Maness, Julie | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| | | 4,709,533.59 | | | | 613,868 | 51,149 |

Total (Proposed Reserve Amount and Proposed Distribution Amount)                665,017

---

**Legend for Objection Type**

I. Trustee's objections to Proofs of Claim filed by Pacific Crossing Ltd., et al., dated December 22, 2003

II. Trustee's First Omnibus Objection to Proofs of Claims, dated November 5, 2005

      A. Amended Claims

      B. Duplicate Claims

      C. Multiple Claims

      D. Time Barred Claims

      E. Settled Claims

      F. Claims Disallowed Under Bankruptcy Code Section 502(d)

      G. Third Party Assumed Obligation

      H. Books & Records

      I. Unliquidated Claims

      J. Equity Interests

III. Trustee's Second Omnibus Objection to Proofs of Claim, dated November 18, 2004

      A. Unliquidated Claims

IV. Proof of claim objected to in Recovery Actions commenced by Trustee

**Asia Global Crossing Development Co.**
**AGCDC Proposed Disputed and Allowed Claims Reserve**
**(Categorized by Claim Number)**

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**Asia Global Crossing Development Co.**
**AGCDC Proposed Disputed and Allowed Claims Reserve**
**(Categorized by Classification of Claim)**

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| 117 | Baier, Monte | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 118 | Ballantyne, Scott | Unliquidated | Administrative | Disputed--IV | 0.00% | | - |
| 116 | Brennan, Jason | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 102 | Carroll, Charles | 179,992 | Administrative | Disputed--IV | 100.00% | 179,992 | - |
| 99 | Clifford Chance | 33,427 | Administrative | Disputed--II D | 100.00% | 33,427 | - |
| 120 | Comer, Bruce | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 8 | Hing, Poon Yiu | 12,326 | Administrative | Allowed | 100.00% | - | 12,326 |
| 115 | Jones, Colin | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 119 | Lee, Brian | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 121 | Maness, Julie | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 112 | Milroy, David | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 21 | Ommen, Kathleen W. | 45,431 | Administrative | Disputed--IV | 100.00% | 45,431 | - |
| 105 | Riesenfeld, Stefan | 170,212 | Administrative | Disputed--IV | 100.00% | 170,212 | - |
| 103 | Scanlon, John | 21,176 | Administrative | Disputed--IV | 0.00% | - | - |
| 113 | Smith, Madelyn | Unliquidated | Administrative | Disputed--IV | 0.00% | - | - |
| 22 | US Trustee | 23,500 | Administrative | Allowed | 100.00% | - | 23,500 |
| 7 | Watson, Everdene | 6,319 | Administrative | Allowed | 100.00% | - | 6,319 |
| | **Administrative Claims Total** | **492,383** | | | | **429,062** | **42,145** |
| | | | | | | | |
| 17 | Carroll, Charles | 213,838 | Mixed | Disputed--II A | 0.00% | - | - |
| 19 | Riesenfeld, Stefan | 201,307 | Mixed | Disputed--II A | 0.00% | - | - |
| 18 | Scanlon, John | 21,176 | Mixed | Disputed--II A | 0.00% | - | - |
| 6 | Watson, Everdene | 10,969 | Mixed | Disputed--II A | 0.00% | - | - |
| | **Mixed Claims Total** | **447,290** | | | | **0.00** | **0.00** |
| | | | | | | | |
| 102 | Carroll, Charles | 4,650 | Priority | Disputed--IV | 0.00% | - | - |
| 8 | Hing, Poon Yiu | 4,354 | Priority | Allowed | 100.00% | - | 4,354 |
| 105 | Riesenfeld, Stefan | 4,650 | Priority | Disputed--IV | 0.00% | - | - |
| 7 | Watson, Everdene | 4,650 | Priority | Allowed | 100.00% | - | 4,650 |
| | **Priority Claims Total** | **18,304** | | | | **0.00** | **9,004** |

287939.3

## Asia Global Crossing Development Co.
## AGCDC Proposed Disputed and Allowed Claims Reserve
## (Categorized by Classification of Claim)

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| 15 | Baier, Monte | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 14 | Ballantyne, Scott | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 10 | Brennan, Jason | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 102 | Carroll, Charles | 29,196 | Unsecured | Disputed--IV | 0.00% | - | - |
| 11 | Comer, Bruce | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 1 | Deutsche Bank AG, NY Br. | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 20 | Deutsche Bank AG, NY Br. | Unliquidated | Unsecured | Disputed--II C | 0.00% | - | - |
| 4 | Everest Broadband Networks | 10,550 | Unsecured | Disputed--II F | 5.30% | 559 | - |
| 3 | Flag Telecom | 202,530 | Unsecured | Disputed--II H | 0.00% | - | - |
| 9 | Jones, Colin | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 16 | Lee, Brian | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 2 | Legere, John J. | 3,476,364 | Unsecured | Disputed--IV | 5.30% | 184,247 | - |
| 12 | Maness, Julie | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 105 | Riesenfeld, Stefan | 26,446 | Unsecured | Disputed--IV | 0.00% | - | - |
| 13 | Smith, Madelyn | Unliquidated | Unsecured | Disputed--II A | 0.00% | - | - |
| 5 | Thomas Dale & Associates | 6,470 | Unsecured | Disputed--II C | 0.00% | - | - |
| | **Unsecured Claims Total** | **3,751,556** | | | | **184,806** | **0.00** |
| | **Grand Total** | **4,709,534** | | | | **613,868** | **51,149** |

Total (Proposed Reserve Amount and Proposed Distribution Amount)    665,017

EXHIBIT E

**Asia Global Crossing Development Co.**
**AGCDC Proposed Disputed and Allowed Claims Reserve**
**(Categorized by Classification of Claim)**

| Claim Number | Claimant Name | Face Amount of Claim Per Proof of Claim | Classification of Claim Per Proof of Claim | Status/ Objection Type (see Legend on Last Page) | Distribution/ Reserve Percentage | Proposed Reserve Amount — Disputed Claims | Proposed Reserve Amount — Allowed Claims |
|---|---|---|---|---|---|---|---|
| | | | <u>Legend for Objection Type</u> | | | | |
| | | | I. Trustee's objections to Proofs of Claim filed by Pacific Crossing Ltd., et al., dated December 22, 2003 | | | | |
| | | | II. Trustee's First Omnibus Objection to Proofs of Claims, dated November 5, 2005 | | | | |
| | | |     A. Amended Claims | | | | |
| | | |     B. Duplicate Claims | | | | |
| | | |     C. Multiple Claims | | | | |
| | | |     D. Time Barred Claims | | | | |
| | | |     E. Settled Claims | | | | |
| | | |     F. Claims Disallowed Under Bankruptcy Code Section 502(d) | | | | |
| | | |     G. Third Party Assumed Obligation | | | | |
| | | |     H. Books & Records | | | | |
| | | |     I. Unliquidated Claims | | | | |
| | | |     J. Equity Interests | | | | |
| | | | III. Trustee's Second Omnibus Objection to Proofs of Claim, dated November 18, 2004 | | | | |
| | | |     A. Unliquidated Claims | | | | |
| | | | IV. Proof of claim objected to in Recovery Actions commenced by Trustee | | | | |

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 MADISON AVENUE
NEW YORK, NY 10022-7302

(212) 907-7300
FAX (212) 754-0330

DIRECT DIAL NO.: 212-907-7327
DIRECT FAX NO.: 212-754-0777
EMAIL ADDRESS: JFLAXER@GOLENBOCK.COM

November 15, 2004

**VIA MESSENGER**
John A. Morris, Esq.
Kronish Lieb Weiner & Hellman, LLP
1114 Avenue of the Americas
New York, New York 10036-7798

Re:    *In re Asia Global Crossing, Ltd., et al.* (Case Nos. 02-15749 (SMB)
       and 02-15750 (SMB))

Dear John:

This letter confirms our agreement relating to the Trustee's Motion for an Order (i) Approving Establishment of Reserves for Disputed Claims, and (ii) Authorizing First Interim Distribution (the "Motion"), which we will be filing shortly with the Court in the referenced cases. Your clients, Pacific Crossing, Ltd., PC Landing Corp., Pacific Crossing U.K., Ltd., PCL Japan, Ltd., and SCS Bermuda (collectively, "PCL"), have filed various proofs of claim (collectively, the "Claims") against Asia Global Crossing, Ltd., which, in summary, assert (i) a general unsecured claim in the amount of "not less than $677 Million" (the "General Claim") and (ii) an administrative claim in the amount of "not less than $12.2 Million" (the "Administrative Claim"). The Trustee has filed objections to the Claims.

Solely for purposes of establishing the reserve for disputed claims in connection with the anticipated first interim distribution to be made pursuant to the Motion, PCL and the Trustee agree that (i) an amount will be reserved sufficient to make a pro rata distribution with respect to the General Claim, the same as non-disputed general claimants will receive in connection with the proposed interim distribution, based on a General Claim in the amount of $350 Million, and (ii) the amount of $12.2 Million will be reserved in connection with the Administrative Claim. The foregoing is without prejudice to PCL or the Trustee in connection with pending litigation between PCL and the Trustee regarding Claims and the objections thereto.

*286606.3*

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

John A. Morris, Esq.
Page 2
November 15, 2004

The Trustee and PCL agree in this connection that this agreement will not be raised or mentioned in the context of any such litigation.

It is also agreed that the undersigned counsel, on behalf of the Trustee, will promptly enter into good faith negotiations with you regarding a case management order for the pending contested matter over the Trustee's objection to the Claims.

If you agree that this accurately reflects our agreement, please so indicate in the space provided below.  We appreciate your cooperation.

Very truly yours,

Jonathan L. Flaxer

AGREED TO:

Kronish Lieb Weiner & Hellman LLP,
Counsel to PCL

By:    John A. Morris

286606.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                     :

In re                              :       Chapter 7

                                     :       02-15749 (SMB)

ASIA GLOBAL CROSSING LTD., *et al.*,  :       and 02-15750 (SMB)

                                     :       (Jointly Administered)

                        Debtors.    :

                                     :
------------------------------------------------------------X

### ORDER AUTHORIZING AND APPROVING
### (i) FIRST INTERIM DISTRIBUTION TO CREDITORS OF
### THE ASIA GLOBAL CROSSING LTD. ESTATE, AND
### (ii) ESTABLISHMENT OF RESERVES FOR DISPUTED
### CLAIMS, CERTAIN ADMINISTRATIVE EXPENSES, CERTAIN
### ALLOWED CLAIMS AND UNKNOWN OR UNQUANTIFIABLE
### CLAIMS AGAINST THE DEBTORS' ESTATES

      Robert L. Geltzer, as chapter 7 trustee (the "Trustee") for the estates of Asia

Global Crossing Ltd. ("AGC") and its wholly-owned subsidiary, Asia Global Crossing

Development Co. ("AGCDC") (collectively, with AGC, the "Debtors"), by and through his

undersigned counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, having filed the Motion of

Chapter 7 Trustee for Entry of an Order Authorizing and Approving (i) First Interim Distribution

to Creditors of the Asia Global Crossing, Ltd. Estate, and (ii) Establishment of Reserves for

Disputed Claims, Certain Administrative Expenses, Certain Allowed Claims and Unknown or

Unquantifiable Claims Against the Debtors' Estates, dated November 18, 2004 (the "Motion"),

seeking entry of an order in accordance with sections 105 and 726 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 3009 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") authorizing and approving the first interim distribution to creditors of the

AGC estate and the establishment of certain reserves, as set forth therein; and it appearing that

good and sufficient service of the Motion was duly and timely made upon all parties required to

*287271.3*

be served therewith; and the Court having conducted a hearing on the Motion on December 9, 2004; and it further appearing that the relief requested in the Motion is necessary and proper; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that due, adequate and sufficient notice of the Motion was provided to each of the parties entitled to such notice; and it is further

**ORDERED** that objections, if any, to the Motion not previously withdrawn are hereby overruled in their entirety; and it is further

**ORDERED** that in accordance with sections 105 and 726 of the Bankruptcy Code, the Trustee is hereby authorized to make a first interim distribution to those creditors and in those amounts set forth on Exhibit "A" annexed hereto; and it is further

**ORDERED** that the Trustee is hereby authorized to establish reserves with assets of the AGC estate (collectively, the "Reserves") for disputed claims against AGC (collectively, the "Disputed Claims"), administrative expenses (collectively, the "Administrative Expenses"), allowed and disputed claims against AGCDC (the "AGCDC Claims") and unknown or unquantifiable claims against the Debtors' estates (collectively, the "Contingent Claims") in accordance with Exhibit "B" annexed hereto; and it is further

**ORDERED** that the amount of the Reserves established for each of the Disputed Claims, each of the Administrative Expenses, each of the AGCDC Claims and the Contingent Claims shall be, and hereby is, deemed good, adequate and sufficient; and it is further

       **ORDERED** that the amount and/or classification of any claim set forth on

Exhibit "B" shall not be deemed the amount and/or classification of such claim or an admission

on the part of the Trustee as to the foregoing.

Dated:       New York, New York
              December _____, 2004

                          _____
                          STUART M. BERNSTEIN
                          CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 4</u>**

K&L Gates LLP
Counsel to the Reorganized Debtors
70 W. Madison Street, Suite 3100
Chicago, Illinois  60602
(312) 372-1121
John S. Delnero, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
ENRON CREDITORS RECOVERY CORP.      :        Case No. 01-16034 (ALG)
(f/k/a Enron Corp.), et al.,        :
                                    :        Jointly Administered
                Reorganized Debtors. :
-----------------------------------------------------------x
```

**THIRTY-EIGHTH POST-CONFIRMATION STATUS REPORT**
**OF THE REORGANIZED DEBTORS PURSUANT TO SECTION 1106(a)(7)**
**OF THE BANKRUPTCY CODE AND THE POST-CONFIRMATION ORDER**

TO THE HONORABLE ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE:

   Enron Creditors Recovery Corp., f/k/a Enron Corp. ("Enron"), and its affiliated reorganized debtor entities (collectively, the "Reorganized Debtors") file this Thirty-Eighth Post-Confirmation Status Report (the "Report"), and respectfully submit as follows:

**Background**

   1. Commencing on December 2, 2001 (the "Petition Date") and periodically thereafter, Enron and certain of its affiliated entities (collectively, prior to the Effective Date (as defined herein), the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The Debtors' chapter 11 cases were procedurally consolidated for administrative purposes.  Prior to emergence from chapter 11,

the Debtors continued to be authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On July 15, 2004, the Bankruptcy Court entered an order confirming the *Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated July 2, 2004 (the "<u>Plan</u>").[1]

3. On August 6, 2004, the Bankruptcy Court issued the Post-Confirmation Order and Notice (the "<u>Post-Confirmation Order</u>"), which sets forth, among other things, requirements for filing periodic reports advising the Bankruptcy Court of the actions taken by the Reorganized Debtors to consummate and implement the Plan.

4. The Plan became effective on November 17, 2004 (the "<u>Effective Date</u>"), and the Reorganized Debtors emerged from chapter 11. The Plan has been substantially consummated. Distributions have been made to Creditors holding Allowed Claims in accordance with the terms of the Plan.

5. In accordance with the Post-Confirmation Order, the Reorganized Debtors have filed quarterly post-confirmation status reports beginning on January 18, 2005, which summarize the actions taken by the Reorganized Debtors to consummate and implement the Plan. Consistent therewith, the Reorganized Debtors file this Report setting forth additional actions taken by the Reorganized Debtors to consummate and implement the Plan since the filing of the Thirty-Seventh Post-Confirmation Status Report on January 15, 2014 (Docket No. 31907).

<u>**Current Case Status**</u>

6. The Plan Administrators are taking steps to close, or cause third parties to close, any cases that remain on the docket and are otherwise substantially resolved. Further, the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

CI-9388489 v6

Plan Administrators are working to collect or convert to cash any remaining miscellaneous assets. Finally, the Plan Administrators are working to resolve certain open matters related to the liquidation of the Reorganized Debtors, the timing of which is not certain. Upon completion of the above tasks, the Plan Administrators expect to file a motion, as soon as administratively possible, to close Case 01-16034 and all cases jointly administered thereunder and make a final distribution to creditors, subject to paying United States Trustee fees under 28 U.S.C. Section 1930, expenses to tax preparers, and other third party expenses of administration.

### Distributions to Date

7.    To date, approximately $21,826,000,000 in cash, PGE Common Stock and PGE Common Stock equivalents (in the form of cash) have been distributed to holders of Allowed Claims, including $267,000,000 of interest, capital gains and dividends. All Disputed Claims have been resolved and all reserves previously held in the Disputed Claims Reserve ("DCR"), including interest, dividends and gains have been released. The Plan Administrator distributed approximately $100 million to creditors on May 2, 2011.

8.    To date, the General Unsecured Creditors ("Creditors") of Enron have received a 52.7% return on allowed claim amounts compared to original estimates in the Disclosure Statement of 17.4% and the Creditors of Enron North America Corp ("ENA Creditors") have received 52.4% compared to original estimates in the Disclosure Statement of 20.1%. The combined rate of return for ENA Creditors who also hold an Enron Guaranty claim is 94.8%, excluding gains, interest and dividends.

9.    There are a limited number of pending litigation and collection matters and contingent liabilities described in paragraph 12 that continue to affect the timing of the closure of the Enron bankruptcy case (the "Case").

3

## Claims Resolution Process

10. Over 25,000 proofs of claim were filed against the Debtors. The Reorganized Debtors and, prior to the Effective Date, the Debtors, worked diligently to review, reconcile, and resolve these claims (whether through settlement or litigation). In the third quarter of 2008, all Disputed Claims were resolved. Of the over 25,000 proofs of claim filed, approximately 5,653 have been ordered allowed and approximately 2,333 have been allowed as filed. The remaining filed claims have been expunged, withdrawn, subordinated, or otherwise resolved.

## Settlements and Recoveries

11. The Reorganized Debtors collected approximately $0.6 million since the Thirty-Seventh Post-Confirmation Status Report.

## Other Activities

12. The Reorganized Debtors continue to oversee additional various Enron activities, including the following:

a. **Dissolution of Corporate Entities.** There are three (3) remaining entities, of which one (1) is a Debtor and two (2) are Post-Final Distribution Trusts.

b. **Tax Return Compliance.** A federal tax return will be filed for the 2013 tax year containing one domestic entity and one foreign entity. The return was extended by March 15, 2014, and the tax filing will be completed by September 15, 2014, the extended due date. In addition, a Texas tax return will be filed in 2014, as final returns have been filed in all other state jurisdictions. This Texas

4

return is due May 15, 2014, but can be extended to November 15, 2014 if additional time is required. Informational reporting on Forms 1099 for calendar year 2013 was completed by January 31, 2014.

c    On January 13, 2011, Enron received a letter forwarding a Directive and Notice to Insurers ("Directive") from the New Jersey Department of Environmental Protection (the "NJDEP"). In the Directive, the NJDEP asserts that Garden State Paper Company, LLC ("Garden State") and Enron North America Corp. are responsible parties for certain contamination alleged to exist at a site formerly occupied by the predecessor to Garden State. Enron is investigating the matters raised in the Directive and its defenses to any potential liability, and Enron's counsel responded to the Directive on January 14, 2011, requesting the withdrawal of the Directive noting that the NJDEP was aware of the potential liabilities identified in the Directive prior to the claims bar date and as a result the NJDEP should have filed any proofs of claim by the claims bar date. On April 8, 2011, the NJDEP responded to correspondence from Enron's counsel regarding Enron's Spill Act liability stating "the Department has determined that Garden State Paper Company and Enron North America Corp. are not considered to be a responsible party for the Spill Act Directive.... Garden State Paper Company and Enron North America Corp. are

5

hereby removed from the Directive without prejudice." Although Enron's alleged Spill Act liability was discharged in connection with its bankruptcy filings, NJDEP has taken the position that any obligations that Enron may have in connection with the site that arise from the New Jersey Industrial Site Recovery Act ("ISRA") would have survived the bankruptcy as they are nondischargeable. Enron has investigated this matter further and notwithstanding NJDEP's position that ISRA obligations are nondischargeable, Enron's position is that it does not have any such obligations. When Enron purchased the equity in Garden State from Media General Inc. ("Media General"), Media General agreed to comply with ISRA at its own expense and to indemnify and defend Enron from any obligations that arise from Media General's failure to do so. Accordingly, any ISRA obligations that may have passed when Enron purchased the equity in Garden State are Media General's contractual obligations. Furthermore, Enron's position is that when Garden State went bankrupt and ceased operations, thereby triggering ISRA again, ISRA obligations did not result because the State granted Garden State and Enron a Remediation in Progress waiver. The Reorganized Debtors were previously dissolved in 2009 and therefore believe no further obligation exists with respect to any party.

6

      d.     The Reorganized Debtors continue to perform the necessary accounting, control and reporting work required to effect closure of the Case promptly.

13.    The Plan Administrator and engaged professional firms (a) support litigation, (b) handle accounting, tax, cash management and reporting for the three (3) remaining entities, (c) calculate and control creditor distributions, (d) perform claims management, (e) complete disposition of remaining litigation, and (f) oversee IT and corporate services providers and non-litigation matters.

## Notice

14.    Notice of this Report has been given in accordance with the Second Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website and Alternative Methods of Participation at Hearings, dated December 17, 2002.

Dated: New York, New York
      April 15, 2014

                      By:     _/s/ John S. Delnero_____
                             John S. Delnero, Esq.
                             K&L GATES LLP
                             70 W. Madison Street, Suite 3100
                             Chicago, Illinois 60602
                             Telephone:  (312) 372-1121
                             Facsimile:  (312) 827-8000

                             ATTORNEYS FOR THE
                             REORGANIZED DEBTORS

CI-9388489 v6

**<u>EXHIBIT 5</u>**

Luc A. Despins (LD 5141)
Susheel Kirpalani (SK 8926)
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Counsel for Reorganized Enron
Corp., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------- x

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **ENRON CORP., et al.,** | : | **Case No. 01-16034(AJG)** |
|  | : |  |
|  | : | **Jointly Administered** |
| **Reorganized Debtors.** | : |  |

----------------------------------- x

### FOURTH OMNIBUS MOTION FOR ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 502(c), AND 1142, ESTIMATING CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS FOR PURPOSES OF ESTABLISHING RESERVES

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Enron Corp. and its affiliated reorganized debtors in the above captioned cases (collectively, the "Reorganized Debtors"), file this fourth omnibus motion for an order, pursuant to sections 105(a), 502(c), and 1142 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), estimating certain contingent and unliquidated claims for purposes of establishing reserves (the "Motion"), and, in support thereof, respectfully represent:

## I. JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Section 38.1 of the Plan (as defined below) and paragraph 60(e) of the Confirmation Order (as defined below) give this Court exclusive jurisdiction over the subject matter of this Motion.

## II. BACKGROUND

### A.  Joint Chapter 11 Plan

2.    Commencing on December 2, 2001 and periodically thereafter, the Reorganized Debtors' predecessors in interest (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    By order, dated July 15, 2004 (the "Confirmation Order"), this Court confirmed the Debtors' Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated July 2, 2004 (the "Plan").  The Effective Date[1] of the Plan occurred on November 17, 2004.

---

[1]    All capitalized terms not otherwise defined herein shall have the respective meanings ascribed to them in the Plan.

## B. **Bar Date for Filing Proofs of Claim**

4.   By order dated August 1, 2002 (the "Bar Date Order"), the Court set October 15, 2002 as the deadline by which proofs of claim against certain of the Debtors were required to be filed (the "Bar Date").[2]  Subsequently, approximately 25,000 proofs of claim were filed in these cases, out of which approximately 7,000 claims were filed as either wholly or partially contingent or unliquidated in amount (the "Unliquidated Claims").

5.   The Reorganized Debtors have been conducting a comprehensive review and reconciliation of these claims and filed numerous individual and omnibus objections that have resulted in disallowance and expungement, reduction, or reclassification and allowance, as well as reassignment of claims to the appropriate Debtor.  Nevertheless, as of the time of this Motion, there remain approximately 1,600 Unliquidated Claims.

6.   The Reorganized Debtors have objected to substantially all of the Unliquidated Claims, but it will take a considerable amount of time to resolve them, either consensually or through litigation.

---

[2]   Pursuant to the Bar Date Order, subsequent Bar Dates of October 31, 2002, December 2, 2002, February 28, 2003, April 30, 2003, May 30, 2003, June 30, 2003, September 2, 2003, and December 2, 2003 were established for claims against certain other Debtors.

3

## C. **Disputed Claim Reserves**

7.    Section 32.1 of the Plan provides for periodic
distributions to the holders of allowed Claims.   Section
21.3(a) of the Plan provides that, until such time as all
Disputed Claims have been resolved, the Reorganized Debtors
will maintain, for the benefit of all holders of Disputed
Claims, reserved distributions of Cash, Plan Securities,
Operating Trust Interests, Remaining Asset Trust Interests,
Litigation Trust Interests, and Special Litigation Trust
Interests (collectively, the "Reserved Distributions").
Section 21.3(a) of the Plan further provides that the amount
of the Reserved Distributions must be equal, at all times, to
the Plan Currency distributable on account of the lesser of
(i) the Disputed Claim Amount, (ii) the amount in which any
such claim is estimated by the Court pursuant to section
502(c) of the Bankruptcy Code, or (iii) such other amount as
may be agreed upon by the holder of a particular Disputed
Claim and the Reorganized Debtors (collectively, the "Reserve
Claim Amounts").

8.    On February 25, 2005, this Court approved the
Reorganized Debtors' Motion to Establish Unsecured Claims
Reserve in Connection with Distributions under Confirmed Plan
(the "Reserves Order").   The Reserves Order approved, among
other things, the methodology for calculating the appropriate

4

size for the Reserved Distributions to the holders of allowed
General Unsecured Claims at the time of each distribution to
such holders.   In accordance with the methodology approved by
the Reserves Order, the Reorganized Debtors have previously
established reserves on account of approximately 3,000
Unliquidated Claims, in the aggregate amount of approximately
$94 billion.[3]

9.   Because of the extremely conservative size of
the Reserved Distributions currently maintained on account of
the unsecured Unliquidated Claims, the distributions to
holders of allowed General Unsecured Claims that commenced in
April 2005 are far less meaningful than that anticipated by
general unsecured creditors.

10.   Given the claims reconciliation progress made
to date, particularly in light of significant settlements
reducing the number of Unliquidated Claims, the Reorganized
Debtors wish to make the third semi-annual distribution to
holders of allowed General Unsecured Claims, which is due in
April 2006, more meaningful and more in line with the
creditors' expectations.   In order to achieve this goal, the
Reorganized Debtors have commenced negotiations and, as

---

[3]   Reserved Distributions for Unliquidated Claims have only been
established for those Reorganized Debtors against which
Unliquidated Claims have been asserted and remain unresolved.

contemplated by Section 21.3(a)(iii) of the Plan, have

obtained written agreements with numerous holders of the

Unliquidated Claims in order to establish specific liquidated

amounts for their claims, either for the sole purpose of

establishing Reserve Claim Amounts or, whenever feasible, for

purposes of Allowance and distribution purposes.  In many

instances, the Reorganized Debtors have succeeded and, to the

extent such efforts have resulted in the liquidation and

Allowance of Unliquidated Claims for all purposes, have

submitted or intend to submit stipulations for approval by the

Court.

11.  However, the Reorganized Debtors have not been

able to achieve consensual resolution with respect to numerous

remaining Unliquidated Claims.  Accordingly, the Reorganized

Debtors have undertaken to estimate, on a claim-by-claim

basis, an amount for each of the unresolved unsecured

Unliquidated Claims based on an analysis of the documentation

attached to such claims or of similar claims asserted in

liquidated amounts, as well as the Reorganized Debtors'

experience in negotiating settlements of, or litigating,

similar claims.

12.  Based on such claim-by-claim analysis, on

August 19, 2005, September 6, 2005, and on September 15, 2005

the Reorganized Debtors filed, respectively, their First,

6

Second, and Third Omnibus Motions seeking estimation of

certain specified unsecured Unliquidated Claims for reserve

purposes only (collectively, the "Prior Reserve Estimation

Motions").  On September 16, 2005, this Court entered an order

granting the First Omnibus Motion.  A hearing on the Second

and Third Omnibus Motions is scheduled, respectively, for

October 6, 2005 and October 13, 2005.  By this Motion, the

Reorganized Debtors are seeking estimation, for reserve

purposes, of certain other Unliquidated Claims that are listed

on Exhibits "A," "B," and "C" attached hereto (the "Affected

Claims").  For reasons set forth below, the Reorganized

Debtors believe that the reserve amounts set forth on Exhibits

"A," "B," and "C," as applicable, represent fair, albeit still

sufficiently conservative, proposed Reserve Claim Amounts for

the unsecured portion of each Affected Claim.[4]

### III. RELIEF REQUESTED

13.  The Reorganized Debtors hereby request,

pursuant to sections 105(a), 502(c), and 1142 of the

Bankruptcy Code, that the Court estimate each Affected Claim

---

[4]     Certain of the Affected Claims have been filed as partially or
wholly secured, priority, or administrative expense claims.
The relief requested in the Motion applies only to the
unsecured portion of such claims.  The Reorganized Debtors
will continue to reserve appropriate amounts, on account of
such claims, in the secured, priority, and administrative
claims reserve (the "SPA Reserve"), which amounts will be
unaffected by the relief granted on this Motion.

7

in the amount, and against the particular Debtor, indicated
for such claim on Exhibit "A," "B," and "C," as applicable.
The Reorganized Debtors are not seeking estimation or
resolution of these claims for the purposes of allowance and
distribution, but solely for the purpose of establishing a
Reserve Claim Amount for each Affected Claim.[5]  The amounts
set forth on Exhibits "A," "B," and "C," as applicable, do not
represent, and should not be construed, as the Reorganized
Debtors' estimate of probable liability on any Affected
Claim.[6]  Rather, given the sole purpose of establishing
Reserve Claim Amounts, these amounts represent the Reorganized
Debtors' estimate of the maximum liability that has been or
could reasonably be asserted by the claimant on account of
each Affected Claim.  The Reorganized Debtors reserve the
right to object to, or seek to estimate, any and all Affected
Claims for purposes of allowance and distribution.

---

[5]    This Court previously entered an order disallowing the
       Affected Claims listed on Exhibit "C," and the holder of such
       claims filed an appeal.  The Reorganized Debtors believe that
       there is little chance that the holder of these claims will
       prevail on the appeal.  Accordingly, the Reorganized Debtors
       submit that the Affected Claims listed on Exhibit "C" should
       be estimated at $0.00.

[6]    By including a claim on Exhibits "A," "B," or "C," the
       Reorganized Debtors are not conceding or admitting to any
       liability with respect to such claim.

14.  By service of a copy of this Motion, the
Reorganized Debtors have given notice of the proposed Reserve
Claim Amount and the relief requested herein to each holder of
an Affected Claim and have invited each such holder to respond
to this Motion within 20 days of service.  Prior to the
initial hearing on this Motion (the "Omnibus Estimation
Hearing"), each holder of an Affected Claim will have an
opportunity to submit a counterproposal for a different amount
or against a different Debtor solely for purposes of
establishing the Reserve Claim Amount for its Affected Claim
(each, a "Counterproposal").

15.  If a holder of an Affected Claim timely submits
a Counterproposal, the Reorganized Debtors reserve the right
either to (a) accept the Counterproposal (or a lesser agreed
upon amount) as the Reserve Claim Amount for the Affected
Claim solely for reserve purposes, or (b) reject the
Counterproposal and, at the Omnibus Estimation Hearing,
request a subsequent hearing (a "Subsequent Estimation
Hearing") to estimate the Affected Claim solely for reserve
purposes at the amount contained in Exhibit "A," "B," or "C,"
as applicable.

16.  If a holder of an Affected Claim neither
objects to this Motion, nor submits a Counterproposal within
20 days of service of this Motion, the Reorganized Debtors

9

will seek, at the Omnibus Estimation Hearing, an order

estimating such holder's Affected Claim, solely for the

purpose of establishing the Reserved Distributions on account

of such Affected Claim, in the amount and against the Debtor

indicated on Exhibit "A," "B," or "C," as applicable.

17. If a holder of an Affected Claim timely files

an objection to this Motion or submits a Counterproposal that

is rejected (without subsequent agreement on a lower amount),

then the Reorganized Debtors will request that such holder's

Affected Claim be estimated, at a Subsequent Estimation

Hearing, solely for the purpose of establishing the Reserved

Distributions on account of such Affected Claim, in the amount

and against the Debtor indicated on Exhibit "A," "B," or "C,"

as applicable.

18. The Reorganized Debtors also request that no

discovery be allowed in connection with this Motion, except to

the extent that a Subsequent Estimation Hearing is scheduled

with respect to any particular Affected Claim.

## IV. GROUNDS FOR RELIEF

### A. Authority for Estimation

19. Paragraph 60(e) of the Confirmation Order

provides that the Court has retained jurisdiction to "allow,

disallow, determine, liquidate, classify, estimate or

establish priority of or secured or unsecured status of any

Claim, in whole or in part."

20.    Furthermore, Section 21.2 of the Plan provides

that the Court may estimate Disputed Claims that are

contingent or unliquidated either to determine their allowed

amount or "a maximum limitation" on such claims.

21.    Section 1142 of the Bankruptcy Code mandates

that the Reorganized Debtors carry out the provisions of the

Plan, and authorizes the Court to issue any order to aid the

Reorganized Debtors in implementing the Plan's provisions.

See 11 U.S.C. § 1142.   The Reorganized Debtors respectfully

submit that the relief they are seeking is necessary to allow

them to comply with the Plan provisions relating to the

periodic distributions to the holders of allowed Claims.

Maintaining unduly high reserves that bear little correlation

to the Reorganized Debtors' assessment of the actual amount of

claims that will ultimately be allowed works an unjustified

hardship on the holders of the allowed General Unsecured

Claims that are awaiting meaningful distribution in April

2006, and thereafter.

22.    Section 502(c) of the Bankruptcy Code provides

that the Court has the power to estimate "any contingent or

unliquidated claim, the fixing or liquidation of which, as the

case may be, would unduly delay the administration of the

estate."[7] 11 U.S.C. § 502(c).  The courts consider a delay of

a meaningful distribution to other creditors a sufficient

disruption of the "administration of the case" to warrant

estimation under section 502(c).  See, e.g., In re Mirant

Corp., et al., Case No. 03-46590, Memorandum Order (D.I.

#5998), p.6 (Oct. 21, 2004) (DML) (attached hereto as Exhibit

"D") (holding that a delay in distribution is justification

for estimation); In re Teigen, 228 B.R. 720, 723 (Bankr.

D.S.D. 1998) (holding that estimation of claims is appropriate

to avoid delay in distribution to creditors).

   23.  Although section 502(c) is drafted with

reference to estimating claims "for purpose of allowance,"

courts in this District have in the past recognized that

estimation may also be used for establishing appropriate

reserves for disputed claims.  See, e.g., In re Jacom Computer

Servs., Inc., 280 B.R. 570, 523 (Bankr. S.D.N.Y. 2002)

(ordering estimation of disputed claims for establishing an

---

[7]   The language of section 502(c) of the Bankruptcy Code "is
      mandatory, not permissive, and creates in the Court an
      affirmative duty under proper circumstances to estimate any
      unliquidated claim."  In re Lane, 68 B.R. 609, 611 (Bankr. D.
      Haw. 1986) (citation omitted).  See also In re Evans Prods.
      Co., 60 B.R. 863, 868 (S.D. Fla. 1986) (estimation "is the
      duty of the bankruptcy court"); In re Cont'l Airlines, Inc.,
      57 B.R. 842, 844 (Bankr. S.D. Tex. 1985) ("[§ 502(c)] creates
      an affirmative, mandatory duty on a Bankruptcy Court to
      estimate an unliquidated or contingent claim if fixing or
      liquidating the claim would unduly delay the reorganization
      proceeding") (citations omitted).

appropriate reserve); In re Drexel Burnham Lambert Group,

Inc., 138 B.R. 723, 740 (Bankr. S.D.N.Y. 1992) (estimating

disputed claims for reserve purposes).  Moreover, both the

Plan and the Confirmation Order independently provide

authority in these cases for estimation for reserve purposes.

**B.   Estimation Contemplates Flexible Procedures**

24.   A court may authorize the estimation of a claim

using "whatever method is best suited to the circumstances" of

a particular case and recognizing that absolute certainty is

not possible.  Addison v. Lanpaton (In re Brints Cotton Mktg.,

Inc.), 737 F.2d 1338, 1341 (5th Cir. 1984) (citation omitted).

Although the court is bound by the legal rules that govern the

ultimate value of the claim, it has wide discretion in

establishing the method to be used to arrive at an estimate of

a claim or a group of claims.  Id.  See also Bittner v. Borne

Chem. Co., 691 F.2d 134, 135 (3d Cir. 1982) (estimation

requires only "sufficient evidence on which to base a

reasonable estimate of the claim"); In re Windsor Plumbing

Supply Co., Inc., 170 B.R. 503, 521 (Bankr. E.D.N.Y. 1994)

(advocating use of probabilities in estimation of claims); In

re Baldwin-United Corp., 3 B.R. 885, 898 (estimation "does not

require that a bankruptcy judge be clairvoyant").

25.   The courts' discretion in choosing the process

for estimating claims ranges from conducting summary trials

13

(<u>Baldwin</u>, 55 B.R. at 899), to a review of written submissions
of proposed facts (<u>Windsor</u>, 170 B.R. at 517), to a review of
the pleadings and briefs (<u>Lane</u>, 68 B.R. at 613).  Whatever the
procedure the bankruptcy court chooses to estimate a claim, it
must be consistent with the policy underlying chapter 11, that
a "reorganization must be accomplished quickly and
efficiently."  <u>Bittner</u>, 691 F.2d at 137.

26.  The Reorganized Debtors respectfully submit
that the estimation method sought in this Motion is
appropriate to the contingencies of this case at this posture.
<u>See, e.g.</u>, <u>In re Mariner Post-Active Network, Inc.</u>, 267 B.R.
46, 53 (Bankr. D. Del. 2001) ("a creditor who receives a
notice of a motion to estimate the amount of reserves which
the debtor must keep for disputed claims would not be expected
to litigate the amount of its claim at that time").  The
Reorganized Debtors will submit evidence to support the
reasonableness of the proposed Reserve Claim Amounts set forth
on Exhibits "A," "B," or "C," as applicable.  Moreover, to the
extent that the holder of an Affected Claim disagrees with the
Reserve Claim Amount proposed on Exhibits ""A," "B," or "C,"
as applicable, or with any other relief sought by the Motion,
such holder has options to (a) object to the relief sought by
this Motion, or (b) submit a Counterproposal and, if rejected,
and no further agreement is reached, require the Reorganized

14

Debtors to request a Subsequent Estimation Hearing to estimate
such claim for reserve purposes.  Depending on the number,
type and complexity of Affected Claims that become the subject
of requests for Subsequent Estimation Hearings, the
Reorganized Debtors will request, at the Omnibus Estimation
Hearing, that the Court (i) adopt one or more of the accepted
procedures for estimation described above and (ii) schedule
such hearings to estimate such claims, either individually or
in appropriate groupings.

C.    **Interests of Creditors Require Estimation**

27.  The Reorganized Debtors further submit that the
relief sought herein is clearly in the best interests of their
estates and creditors, while at the same time offers
significant protections to the holders of the Affected Claims.
The Reorganized Debtors and their professionals expended
significant time and effort on analyzing each and every one of
the Affected Claims and have arrived at a good-faith estimate
of the maximum respective amounts in which each Affected Claim
could, if meritorious, ultimately be allowed.  Moreover, the
holders of the Affected Claims will be given an opportunity to
submit Counterproposals, negotiate and, where appropriate,
litigate the proposed Reserve Claim Amounts.  Finally, none of
the holders of the Affected Claims, unless they voluntarily
choose to do so through settlement or otherwise barred by court

15

order, will be prevented from litigating the allowance of their claims on the merits at a future time.

## V. <u>NOTICE</u>

28.   Notice of this Motion has been given in accordance with Bankruptcy Rule 3007, and the Court's Second Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website and Alternative Methods of Participation at Hearings, dated December 17, 2002 (the "Notice List") and to all holders of Affected Claims at the addresses set forth on their proof of claim or any subsequent notice received by the Reorganized Debtors prior to the Record Date.   The Reorganized Debtors submit that no other notice need be given.

## VI. <u>WAIVER OF MEMORANDUM OF LAW</u>

29.   Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Reorganized Debtors respectfully request that the Court waive the requirement that they file a memorandum of law in support of this Motion.

## VII. <u>NO PRIOR APPLICATION; RESERVATION OF RIGHTS</u>

30.   Other than the Prior Reserve Estimation Motions, no previous application for the relief sought herein has been made to this or any other court.   The Motion is limited to the grounds stated herein and is expressly made

without prejudice to the right of the Reorganized Debtors to
object to the Affected Claims or any other unresolved
Unliquidated Claims, or to seek to estimate such claims, for
purposes of allowance, on any ground whatsoever.  The
Reorganized Debtors expressly reserve all further substantive
and/or procedural objections, applications or motions they may
have with respect to any Affected Claim.

## VIII. <u>CONCLUSION</u>

**WHEREFORE**, the Reorganized Debtors respectfully
request that the Court enter an order, in substantially the
form attached hereto as Exhibit "E" (a) estimating the Affected
Claims in the respective amounts, and with respect to the
applicable Debtors, provided for each such claim on Exhibit
"A," "B," or "C," as applicable, solely for the purpose of
establishing the Reserve Claim Amounts; (b) scheduling
Subsequent Estimation Hearings with respect to certain Affected
Claims, if any (to be identified in a revised form of order


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

that will be submitted at the Omnibus Estimation Hearing), and

(c) granting the Reorganized Debtors such other and further

relief as may be just and proper.

Dated: New York, New York
       September 23, 2005

                              By:    /s/ Susheel Kirpalani
                              Luc A. Despins (LD 5141)
                              Susheel Kirpalani (SK 8926)
                              MILBANK, TWEED, HADLEY & McCLOY LLP
                              1 Chase Manhattan Plaza
                              New York, New York 10005
                              (212) 530-5000

                              Counsel for Reorganized Enron
                              Corp., et al.

**EXHIBIT A**

Date: 09/21/2005
Time: 16:39:59

Exhibit A
Enron Corp., et al.

| Claim Information | | | Claim As Filed * | | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|---|
| Claimant | Claim Number | Debtor Claim Filed Against | Amount | Claim Class | | Debtor To Be Reserved | Amount To Be Reserved |
| 7-ELEVEN INC PO BOX 711 DALLAS, TX 75211 | 14764 | EEMC (01-16041) EEMC (01-16041) | $286,053.00 $0.00 $286,053.00 | | | EEMC (01-16041) | $0.00 |
| 7-ELEVEN, INC ATTN: DON STEVENSON, ESQ 2711 NORTH HASKELL DALLAS, TX 75204 | 25377 | EEMC (01-16041) EEMC (01-16041) EEMC (01-16041) | $666,592.00 $0.00 $0.00 $666,592.00 | | | EEMC (01-16041) | $4,800,158.00 |
| ARIZONA STATE RETIREMENT SYSTEM C/O LISA PERRY BANEN ASSISTANT ATTORNEY GENERAL 1275 WEST WASHINGTON PHOENIX, AZ 85007 | 9169 | CORP (01-16034) | $16,975,536.00 | | | CORP (01-16034) | $20,000,000.00 |
| CONTRARIAN FUNDS, LLC TRANSFEROR: ORMET CORPORATION ATTN: ALPA JIMENEZ 411 WEST PUTNAM AVENUE, S-225 GREENWICH, CT 06830 | 14853 | ENA (01-16035) ENA (01-16035) | $1,945,769.00 $1,716,727.00 $3,662,496.00 | | | ENA (01-16035) | $3,662,496.00 |

Page: 1 of 5

* Claim as Filed reflects changes as previously ordered by the Court.

Date: 09/21/2005
Time: 16:39:59

Exhibit A
Enron Corp., et al.

| Claim Information | | | Claim As Filed * | | Proposed Claim As Reserved | |
| Claimant | Claim Number | Debtor Claim Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
|---|---|---|---|---|---|---|
| CRESTLINE CONSTRUCTION CO LLC<br>3775 CRATES WAY<br>THE DALLES, OR 97058 | 21776 | NEPCO (02-12398) | $163,874.70 | | NEPCO (02-12398) | $0.00 |
| ENRON TEESSIDE OPERATIONS LTD.<br>ATTN: STEPHEN HANDS<br>ETOL HEADQUARTERS<br>PO BOX 1985, WILTON INTERNATIONAL<br>MIDDLESBROUGH TS90 8WS | 18105 | ENA (01-16035)<br>ENA (01-16035)<br>ENA (01-16035) | $0.00<br>$0.00<br>$0.00<br>$0.00 | | ENA (01-16035) | $0.00 |
| ENRON TEESSIDE OPERATIONS LTD.<br>ATTN: STEPHEN HANDS<br>ETOL HEADQUARTERS<br>PO BOX 1985, WILTON INTERNATIONAL<br>MIDDLESBROUGH TS90 8WS | 25264 | ENA (01-16035)<br>ENA (01-16035)<br>ENA (01-16035) | $0.00<br>$0.00<br>$0.00<br>$0.00 | | ENA (01-16035) | $21,779,229.00 |
| ESSENT ENERGY TRADING BV<br>HAHN & HESSEN LLP<br>488 MADISON AV 14<br>NEW YORK, NY 100225702 | 13111 | CORP (01-16034) | $0.00 | | CORP (01-16034) | $868,000.00 |

Page: 2 of 5

* Claim as Filed reflects changes as previously ordered by the Court.

Date: 09/21/2005
Time: 16:39:59

Exhibit A
Enron Corp., et al.

| Claim Information | | | Claim As Filed * | | Proposed Claim As Reserved | |
| --- | --- | --- | --- | --- | --- | --- |
| Claimant | Claim Number | Debtor Claim Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| KBC BANK, N.V., AS AGENT ATTN: MICHAEL V. CURRAN 125 WEST 55TH STREET, 10TH FLOOR NEW YORK, NY 10119 | 11975 | CORP (01-16034) | $216,390,440.41 | | CORP (01-16034) | $230,000,000.00 |
| MIRANT AMERICAS ENERGY MARKETING, LP WHITE & CASE LLP ATTN: LINDA M. LEALI 200 S. BISCAYNE BLVD., 49TH FLOOR MIAMI, FL 33131 | 13037 | EPMI (01-16036) EPMI (01-16036) | $9,130,180.43 $0.00 $9,130,180.43 | | EPMI (01-16036) | $1.00 |
| MIZUHO GLOBAL, LTD TRANSFEROR: MIZUHO CORPORATE BANK, LTD. ATTN: JOHN DAVIES 1251 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 10780 | CORP (01-16034) CORP (01-16034) CORP (01-16034) | $0.00 $0.00 $0.00 $0.00 | | CORP (01-16034) | $0.00 |
| PUBLIC UTILITY DIST. #1-GRAYS GIL GALLEGOS, POWER MANAGER GRAYS HARBOR PUD PO BOX 480 ABERDEEN, WA 98520 | 16301 | EPMI (01-16036) | $0.00 | | EPMI (01-16036) | $1,000,000.00 |

Page: 3 of 5

* Claim as Filed reflects changes as previously ordered by the Court.

Exhibit A
Enron Corp., et al.

| Claim Information | Claim Number | Debtor Claim Filed Against | Claim As Filed * Amount | Claim Class | Proposed Claim As Reserved Debtor To Be Reserved | Amount To Be Reserved |
|---|---|---|---|---|---|---|
| Claimant | | | | | | |
| PUBLIC UTILITY DISTRICT NO. 1 OF HARBOR COUNTY GIL GALLEGOS-POWER MANAGER GRAYS HARBOR PUD-P.O. BOX 480 ABERDEEN, WA 98529 | 18683 | CORP (01-16034) | $0.00 | | CORP (01-16034) | $20,000,000.00 |
| SNC-LAVALIN CONSTRUCTORS, INC. C/O PATTERSON, BELKNAP, ET AL 1133 AVENUE OF THE AMERICAS ATTN: DAVID W. DYKHOUSE NEW YORK, NY 10036-6710 | 22902 | NEPCO (02-12398) | $34,000,000.00 | | NEPCO (02-12398) | $34,000,000.00 |
| VITRO CORPORATIVO S.A. DE C.V. AVE. RICARDO MARGAIN ZOZAYA #440 CO ATTN: CARLOS MATTEI SALINAS GARZA GARCIA 66265 | 11291 | CORP (01-16034) CORP (01-16034) | $15,780,282.94 $569,885.06 $16,350,168.00 | | CORP (01-16034) | $19,780,282.94 |
| VITRO CORPORATIVO, S.A. DE C.V. CARLOS MATTEI SALINAS AV. RICARDO MARGAIN ZOZAYA 440 COL. VALLE DEL CAMPESTRE, C.P. 66265 SAN PEDRO GARZA GARCIA | 11292 | ENA (01-16035) ENA (01-16035) | $15,780,282.94 $569,885.06 $16,350,168.00 | | ENA (01-16035) | $19,780,282.94 |

Page:    4 of    5

* Claim as Filed reflects changes as previously ordered by the Court.

Date:  09/21/2005
Time:  16:39:59

Exhibit A
Enron Corp., et al.

| Claim Information | | Claim As Filed * | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|
| | Claim | Debtor Claim | | Claim Class | Debtor | Amount |
| Claimant | Number | Filed Against | Amount | | To Be Reserved | To Be Reserved |

| | | | | | |
|---|---|---|---|---|---|
| Claims To Be Reserved: | 16 | | | | |
| Total Amount Claimed: | $313,975,508.54 | | | | |
| Total Amount To Be Reserved: | $375,670,449.88 | | | | |

Page:  5 of  5

* Claim as Filed reflects changes as previously ordered by the Court.

**EXHIBIT B**

Date: 09/07/2005
Time: 3:55:35 PM

**Exhibit B**
Enron Corp., et al.

| Claim Information | | | Claim As Filed* | | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|---|
| Claimant | Claim Number | Sub Basis | Debtor Claim Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| GARCIA, MANUEL A EMP NAME: GARCIA, MANUEL A (MANNY) 9207 ROLLING OAKS TRL AUSTIN, TX 78750 | 523601 | STOCK OPTIONS | EECC | $31,500.00 | Priority | EECC | $31,500.00 |
| GARCIA, MANUEL A EMP NAME: GARCIA, MANUEL A (MANNY) 9207 ROLLING OAKS TRL AUSTIN, TX 78750 | 523602 | ANNUAL/YEAR-END BONUS | EECC | $66,746.52 | Priority | EECC | $66,746.52 |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914401 | ANNUAL/YEAR-END BONUS | CORP | $0.00 | Priority | CORP | $850,000.00 |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914402 | GUARANTEED BONUS | CORP | $0.00 | Priority | CORP | $350,000.00 |

* Claim as Filed reflects changes as previously ordered by the Court.

Exhibit B
Enron Corp., et al.

Date: 09/07/2005
Time: 3:55:35 PM

| Claim Information | | | Claim As Filed* | | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|---|
| Claimant | Claim Number | Sub Basis | Debtor Claim Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914405 | CASH BALANCE PLAN | CORP | $0.00 | Priority | CORP | $0.00 |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914406 | EMPLOYMENT AGREEMENTS - SEPARATED - POST: VOLUNTAR | CORP | $0.00 | Priority | CORP | $142,018.00 |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914407 | OTHER UNPAID AMOUNTS - OTH | CORP | $0.00 | Priority | CORP | $0.00 |
| TYCHOLIZ BARRY L EMP NAME: TYCHOLIZ, BARRY L 27 STILLVIEW RD STAMFORD, CT 069021617 | 1568600 | EMPLOYMENT AGREEMENTS - SEPARATED - POST: VOLUNTAR | CORP | $0.00 | Unsecured | CORP | $625,000.00 |

Claims To Be Reserved: 8
Total Amount Claimed: $98,246.52
Total Amount To Be Reserved: $2,065,264.52

* Claim as Filed reflects changes as previously ordered by the Court.

**EXHIBIT C**

Date:  09/21/2005
Time:  16:41:29

Exhibit C
Enron Corp., et al.

**Claim Information**

| Claimant | Claim Number | Debtor Claim Filed Against | Claim As Filed * Amount | Claim Class | Proposed Claim As Reserved Debtor To Be Reserved | Amount To Be Reserved |
|---|---|---|---|---|---|---|
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15229 | EEMC (01-16041) | $0.00 | | EEMC (01-16041) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15231 | ENA (01-16035) | $0.00 | | ENA (01-16035) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15232 | CORP (01-16034) | $0.00 | | CORP (01-16034) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15233 | EES, INC (01-16042) | $0.00 | | EES, INC (01-16042) | $0.00 |

Page:  1 of   3

* Claim as Filed reflects changes as previously ordered by the Court.

Date: 09/21/2005
Time: 16:41:29

Exhibit C
Enron Corp., et al.

| Claim Information | | Claim | Debtor Claim | Claim As Filed * | | Proposed Claim As Reserved | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Claimant | | Number | Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | | 15234 | EES, LLC (01-16043) | $0.00 | | EES, LLC (01-16043) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | | 15235 | EESNA, INC (02-10007) | $0.00 | | EESNA, INC (02-10007) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | | 15230 | EPMI (01-16036) | $0.00 | | EPMI (01-16036) | $0.00 |

Page: 2 of 3

* Claim as Filed reflects changes as previously ordered by the Court.

Date:    09/21/2005
Time:    16:41:29

Exhibit C
Enron Corp., et al.

| Claim Information | Claim Number | Debtor Claim Filed Against | Claim As Filed * | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|
| Claimant | | | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| | 7 | $0.00 | | | | |

**Claims To Be Reserved:**
**Total Amount Claimed:**              $0.00
**Total Amount To Be Reserved:**       $0.00

Page:    3 of    3

* Claim as Filed reflects changes as previously ordered by the Court.

**EXHIBIT D**

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| MIRANT CORPORATION, et al., | § | CASE NO. 03-46590-DML-11 |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

## MEMORANDUM ORDER

Came on to be considered the Motion for an Order (A) Approving Claims

Estimation Procedures and (B) Fixing Notice Procedures and Approving Form and

Manner of Notice (the "Motion") filed by Mirant Corporation and its above captioned

affiliated debtors (collectively the "Debtors")[1].

Debtors filed the Motion on September 13, 2004. Debtors attached as an exhibit

to the Motion their proposed Claims Estimation Procedures including subsequent

versions (the "Estimation Procedures"). The court held a status conference regarding the

Motion on September 22, 2004. In response to concerns raised by the court at the status

conference, Debtors amended the proposed Estimation Procedures and filed the amended

version on September 24, 2004. Over 20 parties (the "Responding Parties") objected to

or commented on the Motion. The court held hearings on October 6, 2004 and heard

arguments concerning the Motion and the objections thereto. On October 13 and 20, the

court conducted further proceedings on the Motion. This matter is subject to the court's

core jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B).

---

[1]     The court presumes Debtors shall be the party responsible for contesting claims, but another party,
such as a committee, may contest a claim subject to this order with Debtors' permission.
Therefore, all references herein to duties and obligations of Debtors shall apply equally to any
other party which may assume responsibility for contesting a claim.

## Background

These cases involve 83 debtors in the business of producing, selling and trading energy products. Debtors' assets and liabilities total billions of dollars. Debtors' operations are central to the provision of electrical energy to parts of the United States.

At the time of commencement of their cases (the first 75 cases were filed July 14 and 15, 2003) Debtors faced a number of issues resolution of which they considered prerequisite to proposal of a plan or plans of reorganization. Many of those issues – New York ad valorem taxes, rejection of certain contracts with Potomac Electric Power Co. (*see Mirant Corp. v. Potomac Elec. Power Co. (In re Mirant Corp.*), 378 F.3d 511 (5th Cir. 2004)) – have been resolved or appear on the verge of resolution. Debtors are presently subject to exclusivity limitations that contemplate filing a plan in the next few months.[2] Debtors' management has incentives to formulate a plan in November, 2004.[3]

Though under the Order Establishing Procedures for Objections to Proofs of Claim (the "Claim Objection Order") Debtors have disposed of many of the thousands of claims pending in these cases, there remain about 40 claims varying in size from tens of millions to billions of dollars some or all of which Debtors believe may require liquidation in connection with the plan process. It is to that end – the possible need to quickly quantify claims – that Debtors filed the Motion.

---

[2]    Even the court's extension to year-end of Debtors' exclusivity was contested, however. *See* Official Comm. of Unsecured Creditors of Mirant Ams. Generation, L.L.C. v. Mirant Corp. (In re Mirant Corp.), No. 4-04-CV-476-A, No. 4-04-CV-530-A, 2004 U.S. Dist. LEXIS 19796 (N.D. Tex. Sept. 30, 2004).

[3]    Management bonuses will depend in part on meeting this schedule. This arrangement was approved by Debtors, the Committees and the Examiner. The court therefore, though not without qualms, has approved it as well.

## Discussion

Before discussing the Motion and the objections of the Responding Parties, the court commends the Debtors and the three Committees appointed in these cases by the Untied States Trustee (the "UST") for their efforts in developing the Estimation Procedures. Though some of the Responding Parties have questioned Debtors' motives, the court is fully satisfied that the Estimation Procedures represent Debtors' and the Committees' best efforts to develop and present to all interested parties a rational method for dealing with claims requiring quantification before confirmation of a plan. Questions of good faith or proper performance of fiduciary duties are generally not germane (and have no persuasive effect on the court) other than in contests governed by Federal Rule of Bankruptcy Procedure 9011 or appropriate provisions of the Bankruptcy Code (the "Code").[4]

The Responding Parties have raised numerous concerns with the Estimation Procedures, however, which warrant consideration. The court addresses many of these in the decretal paragraphs below, including expanding procedural safeguards, extending timelines and offering an alternative to estimation. A claimant may also seek modification of the Estimation Procedures, which shall serve as a fair default procedure subject to change in cases where changes are needed.

The court need not address at this time whether the claim of any given Responding Party is not susceptible to estimation. The court would note, however, that in determining whether a given claim may be estimated, the court must consider not only the size of that claim, but the aggregate uncertainty to be resolved by estimation. Put another way, while it may not be necessary to estimate a given claim standing alone, if

---

[4]       11 U.S.C. §§ 101-1330.

Page 3 of 11

that claim and other, similar claims must be litigated, the court must consider the

necessity of knowing with a degree of precision Debtors' exposure for that group of

claims in deciding whether and for what purposes to estimate that particular claim.[5]

    With regard to the Responding Parties that complained that estimation should not

be substituted for pending adversary proceedings ("Adversary Proceedings"[6]), the court

concurs.  Under the procedures adopted, preference is given to resolving Adversary

Proceedings on an accelerated, but not summary, basis.  Estimation will only occur if (1)

appropriate to the plan process and (2) the given Adversary Proceeding cannot be

prepared for trial and tried in the time frames established by the court.  However, the

court must caution the parties that any Adversary Proceedings (or claim objections

("Objections"[7])) which will require more than three full days of court time may have to

be deferred in favor of estimation.  The court will consider in those cases, upon motion of

the claimant, bifurcating trial of an Adversary Proceeding in order to avoid the need to

estimate a claim.

    On a related subject, the court agrees with the Responding Parties that, absent

consent of the claimant-counter-defendant, the court may not determine the value of

counterclaims through estimation.  However, if a claimant does not object, the court will

---

[5]    Where, as here, the court establishes procedures in anticipation of the need for estimation, the court must consider several potentially relevant variables including reorganization plan structure, the need for consistent results and timing requirements.  These factors, as well as the number and potential amount of unliquidated claims, will affect how the court ultimately decides a given Estimation Motion – whether it is granted and the purposes for which estimation would be binding.

[6]    The term Adversary Proceedings shall refer both to adversary proceedings filed prior to the hearings conducted by the court on the Motion and also to adversary proceedings filed in accordance with the schedule set forth in this order.

[7]    The term Objections shall refer both to claim objections filed prior to the hearings conducted by the court on the Motion and also to claim objections filed in accordance with the schedule set forth in this order.

Page 4 of 11

consider a counterclaim (to the extent it is compulsory) under the Estimation Procedures.

Accordingly, the court will sever any counterclaim asserted by Debtors (or another

objecting party) upon motion of the claimant in any estimation proceeding. Excepted

from this rule are claims Debtors might assert by way of recoupment or that affect

quantification of a claim under Code § 503(b) or Code § 506(a).

Turning to matters pending in this or other courts, the procedures adopted below

effectively eliminate most concerns expressed by the Responding Parties. As Debtors are

required to join issue on claims more than two months prior to filing an Estimation

Motion, claimants have ample time to be heard on jurisdictional disputes in the ordinary

course of claim objection procedure.

Finally, the court must address the legal questions raised by the Responding

Parties. To the extent they must be considered now, the court understands the remaining

issues to be (1) what scope has the court to authorize estimation; (2) what power does the

court have to estimate claims; and (3) for what purposes may the court estimate claims.

There is no question that the court may estimate claims under Code § 502(c).[8] To

the extent the Responding Parties question the authority of the court, it is whether

establishment (let alone implementation) of the Estimation Procedures is premature.

Section 502(c) provides a facial test that, generally, requires a showing that

administration of the case will be unduly delayed if a claim is not estimated.[9] The court

---

[8]    *See* O'Neill v. Cont'l Airlines, Inc. (In re Cont'l Airlines), 981 F.2d 1450, 1461 (5th Cir. 1993);
First City Beaumont v. Durkay (In re Ford), 967 F.2d 1047, 1049 n.3 (5th Cir. 1992).

[9]    *See* In re Ford, 967 F.2d at 1053 (noting that section 502(c) permits fixing of claims which might
interfere with closing of bankruptcy estate); Carlson v. U.S. (In re Carlson), 126 F.3d 915, 926
(7th Cir. 1997) (estimation of a claim is required when necessary to prevent delay in closing of
bankruptcy estate); Ryan v. Loui (In re Corey), 892 F.2d 829, 834 (9th Cir. 1989) (approving
estimation of claim by district court where failure to estimate would have delayed confirmation of
debtor's plan of reorganization to the detriment of other creditors); In re Nat'l Gypsum Co., 139

is of the view that meaningful delay of the plan process, deferral of distributions, or the

need for a meaningful creditor franchise are, *inter alia*, reasons running to efficient

administration which justify estimation.  In the case at bar, Debtors assert they will be in

the process of confirming a plan by Spring, 2005.  The schedule set below by the court so

assumes.[10]

As to the character of estimation proceedings, the court has considerable

flexibility in fashioning the means for quantifying claims through estimation.[11]  The

Estimation Procedures and the procedures set out below provide most –hopefully all –

safeguards of due process to which claimants may be entitled.  In fact, the Estimation

Procedures will only be triggered if the ordinary course of resolving contested matters

and Adversary Proceedings does not result in a timely, full trial.  Whether or not a trial

can be had is in large part within the control of the claimant.

---

B.R. 397, 405 n.19 (N.D. Tex. 1992) (noting that estimation of claims prior to plan confirmation is essential for the court to evaluate plan feasibility and to avoid delay of confirmation); In re Teigen, 228 B.R. 720, 723 (Bankr. D.S.D. 1998) (finding estimation of claims appropriate to avoid delay in distributions to other creditors); In re MacDonald, 128 B.R. 161, 165 (Bankr. W.D. Tex. 1991) (estimation of post-petition claims appropriate when necessary to avoid delay in administration of case, particularly in plan confirmation process).

[10]  Should the Debtors' plan timetable change, the court may reconsider and adjust the schedule accordingly.

[11]  *See* Addison v. Langston (In re Brints Cotton Mktg., Inc.), 737 F.2d 1338, 1341 (5th Cir. 1984) (bankruptcy court should use whatever procedures best fit the circumstances of the case to estimate a claim); Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 356 (3rd Cir. 2002) (bankruptcy court has exclusive jurisdiction to determine the procedures and timing for estimation of claims); McDuffy v. Novak (In re Degeorge Fin. Corp.), No. 3:01CV009(CFD), 2002 U.S. Dist. LEXIS 17621, *35 (D. Conn. July 15, 2002) ("Bankruptcy courts have wide discretion in choosing the process for estimating a claim."); Nat'l Labor Relations Bd. v. Greyhound Lines, Inc. (In re Eagle Bus Mfg., Inc.), 158 B.R. 421, 437 (S.D. Tex. 1993) ("[T]he case law within the Fifth Circuit has established that the bankruptcy court has broad discretion to fashion estimation procedures."); In re Windsor Plumbing Supply Co., Inc., 170 B.R. 503, 520 (Bankr. E.D.N.Y. 1994) ("Bankruptcy courts have wide discretion in choosing the process for estimating a claim."); In re MacDonald, 128 B.R. at 165-66 (bankruptcy court is permitted to exercise discretion in choosing proper method for estimation of claims).

Page 6 of 11

The final issue the court must address is the purposes for which estimation may

occur. The court unquestionably may estimate a claim for voting purposes. The

"estimation of claims or interests for the purposes of confirming a plan" is deemed a core

proceeding by 28 U.S.C. § 157(b)(2)(B), and Federal Rule of Bankruptcy Procedure

3018(a) allows the court to "temporarily allow the claim or interest in an amount which

the court deems proper for the purpose of accepting or rejecting a plan." Read in

conjunction with section 502(c), these provisions establish the court's authority to

estimate claims for voting purposes. *See* 4 COLLIER ON BANKRUPTCY ¶ 502.04[3] (15th

ed. rev. 2003) (noting that 28 U.S.C. § 157(b)(2)(B) and Bankruptcy Rule 3018(a)

provide for allowance of claims for limited purpose of plan consideration, but, unless

limited by the court, an estimation order under section 502(c) places the allowed claim

"on equal footing with other claims allowed under section 502."). Estimation for

purposes of determining feasibility of a plan (or for other purposes – e.g., Code §§

1129(a)(7), 1129(b)) is also unquestionably proper.[12]

The issue of effect of estimation is thus really the issue of whether the court may,

by estimation, fix the amount of a claim for purposes of distribution. There is substantial

---

[12] *See* Pizza of Haw., Inc. v. Shakey's, Inc. (In re Pizza of Haw., Inc.), 761 F.2d 1374, 1382 (9th Cir. 1985) (affirming district court's remand and instruction to bankruptcy court to consider estimate of claim to determine feasibility of plan); Nat'l Gypsum, 139 B.R. at 405 n.19 (stating that estimation of claims may serve several purposes and is essential for the court to evaluate feasibility of a plan); In re Hoffinger Indus., Inc., 307 B.R. 112, 118 (Bankr. E.D. Ark. 2004) (bankruptcy court may estimate personal injury or wrongful death claims for purpose of determining feasibility of a plan); In re Pac. Gas & Elec. Co., 295 B.R. 635, 642 (Bankr. N.D. Cal. 2003) (stating that estimation of claims may be for broad or narrow purposes, including for the purpose of determining feasibility of a plan); In re C. F. Smith & Assocs., Inc., 235 B.R. 153, 159 (Bankr. D. Mass. 1999) (stating that estimation of claims is often employed to determine feasibility of a plan); In re Farley, Inc., 146 B.R. 748, 753 (Bankr. N.D. Ill. 1992) (finding estimation of personal injury claims for purposes of voting and determination of plan feasibility appropriate).

support for Debtors' position that the court may do so.[13] The court finds this authority

persuasive. As Debtors argue, section 502(c) does not limit, as to purpose, the court's

authority to estimate claims. On the contrary, section 502(c) provides for "allowance" of

claims based on estimation. Not only voting of (section 1126(c)), but also distribution for

a claim turns on allowance.[14] Thus the court concludes it has the power to estimate a

claim for purposes of distribution.

     Whether an estimate should bind a creditor (subject to reconsideration under the

standards of section 502(j) of the Code and Federal Rule of Bankruptcy Procedure 3008)

is another matter. The court will need to decide whether an estimation should be binding

for purposes of distribution on a case by case basis. While the court believes the

procedures it adopts (including the Estimation Procedures) assure that no claimant will be

shortchanged, the court will limit the effect of estimation to those purposes necessary to

evaluate confirmability of any plan.

     For the foregoing reasons, the court concludes that, subject to the procedures

established below, the Claim Objection Order and making changes directed by the court

---

[13]    *See* In re Brints Cotton, 737 F.2d at 1342 (affirming bankruptcy court's fixing of value of creditors' claims by estimating the claims as of the petition date); In re Wallace's Bookstores, Inc., No. 01-50545, 2004 Bankr. LEXIS 737, *10 (Bankr. E.D. Ky. May 25, 2004) ("The implication from [28 U.S.C. § 157(b)(2)(B)] . . . is that the estimation of claims other *than* personal injury and wrongful death claims for pur-poses of distribution . . . must . . . be within the scope of § 502(c)."); In re Trident Shipworks, Inc., 247 B.R. 513, 514 (Bankr. M.D. Fla. 2000) ("It is also well established that the estimation proceeding may be used . . . to determine the allowed amount for distribution purposes."); In re C. F. Smith, 235 B.R. at 160 (stating that the merits of a claim may be fully adjudicated through an estimation proceeding and finding estimation of claim for purposes of distribution appropriate); In re Poole Funeral Chapel, Inc., 63 B.R. 527, 532 (Bankr. N.D. Ala. 1986) (stating that bankruptcy court has the right and duty to estimate non-tort claims for purposes of distribution).

[14]    *See* Browning v. Navarro, 887 F.2d 553, 559 (5th Cir. 1989) ("In order to share in the distribution of the assets of an estate, a claim must be allowed."); 9 COLLIER ON BANKRUPTCY ¶ 3021.01 (15th ed. rev. 2004) (Rule 3021 of the Federal Rules of Bankruptcy Procedure "permits distribution only to creditors whose claims have been allowed.").

on October 20, 2004, the Estimation Procedures are APPROVED and ADOPTED.

Debtors shall prepare and submit to the court and interested parties revised Estimation

Procedures that conform to this ruling.

In order to facilitate implementation of the Estimation Procedures and

consideration of Objections and Adversary Proceedings, the court has cleared its calendar

from January 18, 2005, through March 4, 2005[15] in order to try the Objections, the

Adversary Proceedings and Estimation Motions (as described below). The court has also

determined that it is appropriate to establish the following procedures and deadlines in

connection with litigation of the Objections, Adversary Proceedings and Estimation

Motions:

1.  In order for a claim to be subject to these procedures, it must be contested by Debtors by the filing of (1) an Objection, (2) a Notice of Objection (as defined below) or (3) an Adversary Proceeding before the latest of (1) October 18, 2004; (2) ten days after the claim is filed; or (3) such other date to which the objecting party and the claimant agree; provided, however, that no Notice of Objection may be filed after October 18, 2004. A Notice of Objection shall plainly state the basis or bases for contesting the claim. Notices of Objection shall be served upon affected claimants and shall be filed with the court in bulk appended to a single Report of Notices of Objection. A Notice of Objection must be superceded by the filing of an Objection or Adversary Proceeding by November 1, 2004.

2.  Any claim not contested as provided by ¶ 1 shall be estimated, if at all, on motion of the claimant for voting purposes only; provided, however, that, on motion of the claimant, the court may direct that these or similar procedures may be used to estimate the claim for other purposes.

3.  On or before November 1, 2004, Debtors shall serve upon each claimant whose claim is contested Debtors' list of witnesses expected to testify at trial.

4.  On or before November 5, 2004, Debtors shall give notice to every claimant whose claim Debtors may seek to estimate, in the event that litigation of the claim is not timely completed. The notice provided

---

[15]  The court intends to reserve Fridays, noon hours and, as necessary, time prior to 9:00 a.m., in order to ensure that other matters before it are not neglected.

pursuant to this paragraph shall be limited in content to Debtors' intent to estimate.

5.  Each claimant subject to these procedures shall, by November 12, 2004, serve upon Debtors a list of Debtors' witnesses such claimant expects to depose. Debtors may satisfy any requirement to make a person available as a witness by multiplying the number of claimants seeking to depose such person by one-third and making such person available for deposition at least for that number of days. If Debtors elect to use this procedure, Debtors will give each claimant seeking to depose such person and the Committees at least 20 days notice of such person's availability. Debtors may conduct document productions in the same fashion by providing for on-location availability of at least one week.

6.  The court will conduct general status conferences respecting the progress of discovery and other matters prerequisite to trial of Objections and Adversary Proceedings subject to these procedures on November 10, December 1 and December 20, 2004.

7.  The court will consider by telephone hearing, usually within 24 hours, any discovery dispute raised by the filing (with chambers) of a motion.

8.  The court favors resolution of disputes through mediation. Upon a showing of cause by a claimant pursuant to a motion filed by December 1, 2004, and upon recommendation of the Examiner, the court will direct Debtors to mediate all or part of any dispute subject to these procedures, but only if such mediation will not delay administration of these Chapter 11 cases.

9.  Debtors shall file on January 3, 2005, an Estimation Motion as to any claim subject to these procedures which they contend cannot be resolved through full trial and which they therefore intend to deal with pursuant to the Estimation Procedures.

10. Beginning on January 11, 2005, the court will hold status conferences / pretrial conferences beginning with Adversary Proceedings and Objections and finishing with Estimation Motions. The court will consider at that time trial time, trial procedure, summary disposition of matters and motions directed to the applicability or modification of the Estimation Procedures. The status conference / pretrial conference, by agreement of the parties, may be substituted for that provided by the Claim Objection Order, Exhibit A, Tier IV, ¶ (d) and the conference provided for in ¶ (e) postponed accordingly.

11. Not later than three business days before the conference described in ¶ 10, there shall be filed any motion to be heard, supporting papers and, by each

Page 10 of 11

of them, a concise description (not to exceed five double-spaced pages) of
the factual and legal issues pertaining to the allowance or disallowance of
the claim, as viewed by the objecting party and the claimant respectively.

12.     Counsel for Debtors shall serve as lead counsel in matters governed by
these procedures. All discovery by or to Debtors shall be conducted
through such counsel. Other parties may participate in trial of Objections
(or, if permitted pursuant to Federal Rule of Bankruptcy Procedure 7024,
Adversary Proceedings) and may file trial briefs.

13.     All parties are cautioned to minimize trial times. Parties are cautioned
against duplicative arguments and evidence. Parties are directed to make
every effort to stipulate to facts, exhibits and curriculum vitae of
witnesses, if possible, by the time of the status conference / pretrial
conference described in ¶ 10.

14.     Parties may seek summary disposition of all or part of an Adversary
Proceeding or Objection at any time in 2004.

15.     No discovery shall occur in connection with any Objection or Adversary
Proceeding subject to these procedures after December 31, 2004 except as
authorized by court order.

16.     In the event all parties to an Objection or Adversary Proceeding subject to
these provisions agree, any times or deadlines (except as provided in ¶ 15)
set for discovery herein may be adjusted.

17.     The court may vary these procedures (and the Estimation Procedures) as
necessary upon motion or, after notice and a hearing, *sua sponte*.

It is so ORDERED.

Signed this _21st_ day of October, 2004.

DENNIS MICHAEL LYNN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
                                :

In re:                         :    Chapter 11

ENRON CORP., <u>et al.</u>,        :    Case No. 01-16034 (AJG)
                                :
                                :    Jointly Administered

        Reorganized Debtors.    :
-------------------------------X

## ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 502(c), AND 1142, ESTIMATING CERTAIN CONTINGENT OR UNLIQUIDATED CLAIMS FOR PURPOSES OF ESTABLISHING RESERVES

Upon consideration of the Reorganized Debtors'
Fourth Omnibus Motion for Order, pursuant to 11 U.S.C. §§
105(a), 502(c) and 1142, Estimating Certain Contingent or
Unliquidated Claims for Purposes of Establishing Reserves,
dated September 23, 2005 (the "Motion");[1] and it appearing
that the relief requested in the Motion is in the best
interests of the Reorganized Debtors, their creditors and
all parties in interest; and, pursuant to rule 3007 of the
Federal Rules of Bankruptcy Procedure, good and sufficient
notice having been provided to, the Office of the United
States Trustee for the Southern District of New York, the
persons or entities that are record holders of Affected
Claims (at the addresses set forth on their proof of claim
or any subsequent notice received by the Reorganized

---

[1]    Capitalized terms used but not otherwise defined herein
shall have the meanings ascribed to such terms in the
Motion.

Debtors prior to the Record Date), and any other parties on
the Notice List; and it appearing that no other or further
notice need be provided; and the Court having reviewed the
Motion, the evidenced adduced in support thereof, and
having heard the statements of counsel in support of the
relief requested therein at a hearing before the Court (the
"Hearing"); and the Court having determined that the legal
and factual bases set forth in the Motion and at the
Hearing establish just cause for the relief granted herein;
and upon all of the proceedings heard before the Court; and
after due deliberation and sufficient cause appearing
therefore, it is

  **ORDERED** that, pursuant to sections 105(a),
502(c), and 1142 of the Bankruptcy Code, the claims
identified on Exhibit "A," "B," and "C," as applicable,
hereto shall each be estimated, solely for the purposes of
establishing unsecured Reserve Claim Amounts, in the
respective amounts, and with respect to the applicable
Debtors, specified for each such claim on Exhibit "A," "B,"
and "C," as applicable, and it is further

  **ORDERED** that, pursuant to Sections 21.2 and
21.3(a) of the Plan, the Reserve Claim Amounts shall
constitute and represent the maximum amount in which such
claim (or, if applicable, the unsecured component of such

2

claim) may ultimately become an allowed Claim; and it is
further

    **ORDERED** that, the relief granted herein with
respect to the claims listed on Exhibit "A," "B," and "C,"
as applicable, is without prejudice to the existing rights
of the Reorganized Debtors to pursue all pending objections
to such claims, to file new objections to such claims on
any and all grounds, and to seek, among other things,
estimation or disallowance of such claims at any time; and
it is further

    **ORDERED** that, the Reserve Claim Amounts shall (a)
not constitute an acknowledgement or admission of
liability, amount or validity with respect to any Affected
Claim and (b) not be relevant to the resolution of any
issue in any court or tribunal other than to enforce the
provisions of Section 21.3 of the Plan before this Court;
and it is further

    **ORDERED** that, the claims agent appointed in these
cases is authorized and directed to make appropriate
entries in the claims register to reflect the terms of this
Order as follows: (a) for each Affected Claim that has been
filed as wholly unsecured, by removing the "flag"
indicating that such Affected Claim contains an
unliquidated portion, so that such claim shall be deemed

liquidated, solely for the purpose of establishing the
unsecured Reserve Claim Amount for such Affected Claim, in
the respective amount, and against the Debtor, indicated on
Exhibit "A," "B," and "C," as applicable, hereto; (b) for
each Affected Claim that has been filed as partially
unsecured and partially secured, priority, or
administrative, by (i) removing the "flag" indicating that
such Affected Claim contains an unliquidated portion, so
that such claim shall be deemed liquidated, solely for the
purpose of establishing the unsecured Reserve Claim Amount
for such Affected Claim, and (ii) listing the unsecured
component of such claim in the respective amount, and
against the Debtor, indicated on Exhibit "A," "B," and "C,"
as applicable, hereto; and (c) for each Affected Claim that
has been filed as wholly secured, priority or
administrative, by (i) removing the "flag" indicating that
such Affected Claim contains an unliquidated portion, so
that such claim shall be deemed liquidated, solely for the
purpose of establishing the unsecured Reserve Claim Amount
for such Affected Claim, and (ii) adding an unsecured
component to such claim in the respective amount, and
against the Debtor, indicated on Exhibit "A," "B," and "C,"
as applicable, hereto; and it is further

**ORDERED** that, nothing in this Order shall affect in any way the amounts, if any, reserved for the Affected Claims in the SPA Reserve; and it is further

Dated: New York, New York
       _____, 2005


                              _____
                              HONORABLE ARTHUR J. GONZALEZ
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

Date: 09/21/2005
Time: 16:39:59

Exhibit A
Enron Corp., et al.

| Claim Information | | Claim | Claim As Filed * | | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|---|
| Claimant | Debtor Claim Filed Against | Claim Number | Amount | Claim Class | | Debtor To Be Reserved | Amount To Be Reserved |
| 7-ELEVEN INC<br>PO BOX 711<br>DALLAS, TX 75211 | EEMC (01-16041)<br>EEMC (01-16041) | 14764 | $286,053.00<br>$0.00<br>$286,053.00 | | | EEMC (01-16041) | $0.00 |
| 7-ELEVEN, INC<br>ATTN: DON STEVENSON, ESQ<br>2711 NORTH HASKELL<br>DALLAS, TX 75204 | EEMC (01-16041)<br>EEMC (01-16041)<br>EEMC (01-16041) | 25377 | $666,592.00<br>$0.00<br>$0.00<br>$666,592.00 | | | EEMC (01-16041) | $4,800,158.00 |
| ARIZONA STATE RETIREMENT SYSTEM<br>C/O LISA PERRY BANEN<br>ASSISTANT ATTORNEY GENERAL<br>1275 WEST WASHINGTON<br>PHOENIX, AZ 85007 | CORP (01-16034) | 9169 | $16,975,536.00 | | | CORP (01-16034) | $20,000,000.00 |
| CONTRARIAN FUNDS, LLC<br>TRANSFEROR: ORMET CORPORATION<br>ATTN: ALPA JIMENEZ<br>411 WEST PUTNAM AVENUE, S-225<br>GREENWICH, CT 06830 | ENA (01-16035)<br>ENA (01-16035) | 14853 | $1,945,769.00<br>$1,716,727.00<br>$3,662,496.00 | | | ENA (01-16035) | $3,662,496.00 |

Page: 1 of 5

* Claim as Filed reflects changes as previously ordered by the Court.

Exhibit A
Enron Corp., et al.

| Claim Information | | | Claim As Filed * | | | Proposed Claim As Reserved | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Claimant | Claim Number | Debtor Claim Filed Against | Amount | Claim Class | | Debtor To Be Reserved | Amount To Be Reserved |
| CRESTLINE CONSTRUCTION CO LLC 3775 CRATES WAY THE DALLES, OR 97058 | 21776 | NEPCO (02-12398) | $163,874.70 | | | NEPCO (02-12398) | $0.00 |
| ENRON TEESSIDE OPERATIONS LTD. ATTN: STEPHEN HANDS ETOL HEADQUARTERS PO BOX 1985, WILTON INTERNATIONAL MIDDLESBROUGH TS90 8WS | 18105 | ENA (01-16035) ENA (01-16035) ENA (01-16035) | $0.00 $0.00 $0.00 $0.00 | | | ENA (01-16035) | $0.00 |
| ENRON TEESSIDE OPERATIONS LTD. ATTN: STEPHEN HANDS ETOL HEADQUARTERS PO BOX 1985, WILTON INTERNATIONAL MIDDLESBROUGH TS90 8WS | 25264 | ENA (01-16035) ENA (01-16035) ENA (01-16035) | $0.00 $0.00 $0.00 $0.00 | | | ENA (01-16035) | $21,779,229.00 |
| ESSENT ENERGY TRADING BV HAHN & HESSEN LLP 488 MADISON AV 14 NEW YORK, NY 100225702 | 13111 | CORP (01-16034) | $0.00 | | | CORP (01-16034) | $868,000.00 |

Page:  2 of  5

* Claim as Filed reflects changes as previously ordered by the Court.

Date: 09/21/2005
Time: 16:39:59

Exhibit A
Enron Corp., et al.

| Claim Information — Claimant | Claim Number | Claim As Filed * — Debtor Claim Filed Against | Claim As Filed * — Amount | Claim Class | Proposed Claim As Reserved — Debtor To Be Reserved | Proposed Claim As Reserved — Amount To Be Reserved |
|---|---|---|---|---|---|---|
| KBC BANK, N.V., AS AGENT ATTN: MICHAEL V. CURRAN 125 WEST 55TH STREET, 10TH FLOOR NEW YORK, NY 10119 | 11975 | CORP (01-16034) | $216,390,440.41 | | CORP (01-16034) | $230,000,000.00 |
| MIRANT AMERICAS ENERGY MARKETING, LP WHITE & CASE LLP ATTN: LINDA M. LEALI 200 S. BISCAYNE BLVD., 49TH FLOOR MIAMI, FL 33131 | 13037 | EPMI (01-16036) EPMI (01-16036) | $9,130,180.43 $0.00 $9,130,180.43 | | EPMI (01-16036) | $1.00 |
| MIZUHO GLOBAL, LTD TRANSFEROR: MIZUHO CORPORATE BANK, LTD. ATTN: JOHN DAVIES 1251 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 10780 | CORP (01-16034) CORP (01-16034) CORP (01-16034) | $0.00 $0.00 $0.00 $0.00 | | CORP (01-16034) | $0.00 |
| PUBLIC UTILITY DIST. #1-GRAYS GIL GALLEGOS, POWER MANAGER GRAYS HARBOR PUD PO BOX 480 ABERDEEN, WA 98520 | 16301 | EPMI (01-16036) | $0.00 | | EPMI (01-16036) | $1,000,000.00 |

Page: 3 of 5

* Claim as Filed reflects changes as previously ordered by the Court.

Date:    09/21/2005
Time:    16:39:59

Exhibit A
Enron Corp., et al.

| Claimant / Claim Information | Claim Number | Debtor Claim Filed Against | Claim As Filed * Amount | Claim Class | Proposed Claim As Reserved Debtor To Be Reserved | Amount To Be Reserved |
|---|---|---|---|---|---|---|
| PUBLIC UTILITY DISTRICT NO. 1 OF HARBOR COUNTY GIL GALLEGOS-POWER MANAGER GRAYS HARBOR PUD-P.O. BOX 480 ABERDEEN, WA 98529 | 18683 | CORP (01-16034) | $0.00 | | CORP (01-16034) | $20,000,000.00 |
| SNC-LAVALIN CONSTRUCTORS, INC. C/O PATTERSON, BELKNAP, ET AL 1133 AVENUE OF THE AMERICAS ATTN: DAVID W. DYKHOUSE NEW YORK, NY 10036-6710 | 22902 | NEPCO (02-12398) | $34,000,000.00 | | NEPCO (02-12398) | $34,000,000.00 |
| VITRO CORPORATIVO S.A. DE C.V. AV. RICARDO MARGAIN ZOZAYA #440 CO ATTN: CARLOS MATTEI SALINAS GARZA GARCIA 66265 | 11291 | CORP (01-16034) CORP (01-16034) | $15,780,282.94 $569,885.06 $16,350,168.00 | | CORP (01-16034) | $19,780,282.94 |
| VITRO CORPORATIVO, S.A. DE C.V. CARLOS MATTEI SALINAS AV. RICARDO MARGAIN ZOZAYA 440 COL. VALLE DEL CAMPESTRE, C.P. 66265 SAN PEDRO GARZA GARCIA | 11292 | ENA (01-16035) ENA (01-16035) | $15,780,282.94 $569,885.06 $16,350,168.00 | | ENA (01-16035) | $19,780,282.94 |

Page:   4 of   5

* Claim as Filed reflects changes as previously ordered by the Court.

Date: 09/21/2005
Time: 16:39:59

Exhibit A
Enron Corp., et al.

| Claim Information | Claim Number | Debtor Claim Filed Against | Claim As Filed * | | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|---|
| Claimant | | | Amount | Claim Class | | Debtor To Be Reserved | Amount To Be Reserved |
| | 16 | | | | | | |
| **Claims To Be Reserved:** | | | | | | | |
| **Total Amount Claimed:** | | $313,975,508.54 | | | | | |
| **Total Amount To Be Reserved:** | | $375,670,449.88 | | | | | |

Page:  5 of  5

* Claim as Filed reflects changes as previously ordered by the Court.

# EXHIBIT B

Date:   09/07/2005
Time:   3:55:35 PM

## Exhibit B
## Enron Corp., et al.

| Claim Information | | | Claim As Filed* | | | Proposed Claim As Reserved | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Claimant | Claim Number | Sub Basis | Debtor Claim Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| GARCIA MANUEL A<br>EMP NAME: GARCIA, MANUEL A (MANNY)<br>9207 ROLLING OAKS TRL<br>AUSTIN, TX 78750 | 523601 | STOCK OPTIONS | EECC | $31,500.00 | Priority | EECC | $31,500.00 |
| GARCIA MANUEL A<br>EMP NAME: GARCIA, MANUEL A (MANNY)<br>9207 ROLLING OAKS TRL<br>AUSTIN, TX 78750 | 523602 | ANNUAL/YEAR-END BONUS | EECC | $66,746.52 | Priority | EECC | $66,746.52 |
| MAY, LAWRENCE J.<br>EMP NAME: MAY, LAWRENCE J (LARRY)<br>8139 WYCOMB<br>HOUSTON, TX 77070 | 1914401 | ANNUAL/YEAR-END BONUS | CORP | $0.00 | Priority | CORP | $850,000.00 |
| MAY, LAWRENCE J.<br>EMP NAME: MAY, LAWRENCE J (LARRY)<br>8139 WYCOMB<br>HOUSTON, TX 77070 | 1914402 | GUARANTEED BONUS | CORP | $0.00 | Priority | CORP | $350,000.00 |

* Claim as Filed reflects changes as previously ordered by the Court.

Exhibit B
Enron Corp., et al.

Date: 09/07/2005
Time: 3:55:35 PM

| Claim Information | | | | Claim As Filed* | | | Proposed Claim As Reserved | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Claimant | Claim Number | Sub Basis | | Debtor Claim Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914405 | CASH BALANCE PLAN | | CORP | $0.00 | Priority | CORP | $0.00 |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914406 | EMPLOYMENT AGREEMENTS - SEPARATED - POST: VOLUNTAR | | CORP | $0.00 | Priority | CORP | $142,018.00 |
| MAY, LAWRENCE J. EMP NAME: MAY, LAWRENCE J (LARRY) 8139 WYCOMB HOUSTON, TX 77070 | 1914407 | OTHER UNPAID AMOUNTS - OTH | | CORP | $0.00 | Priority | CORP | $0.00 |
| TYCHOLIZ BARRY L EMP NAME: TYCHOLIZ, BARRY L 27 STILLVIEW RD STAMFORD, CT 069021617 | 1568600 | EMPLOYMENT AGREEMENTS - SEPARATED - POST: VOLUNTAR | | CORP | $0.00 | Unsecured | CORP | $625,000.00 |

Claims To Be Reserved: 8
Total Amount Claimed: $98,246.52
Total Amount To Be Reserved: $2,065,264.52

* Claim as Filed reflects changes as previously ordered by the Court.

**EXHIBIT C**

Date: 09/21/2005
Time: 16:41:29

Exhibit C
Enron Corp., et al.

## Claim Information

| Claimant | Claim Number | Debtor Claim Filed Against | Claim As Filed * Amount | Claim Class | Proposed Claim As Reserved Debtor To Be Reserved | Amount To Be Reserved |
|---|---|---|---|---|---|---|
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15229 | EEMC (01-16041) | $0.00 | | EEMC (01-16041) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15231 | ENA (01-16035) | $0.00 | | ENA (01-16035) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15232 | CORP (01-16034) | $0.00 | | CORP (01-16034) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15233 | EES, INC (01-16042) | $0.00 | | EES, INC (01-16042) | $0.00 |

Page: 1 of 3

* Claim as Filed reflects changes as previously ordered by the Court.

Date: 09/21/2005
Time: 16:41:29

Exhibit C
Enron Corp., et al.

| Claim Information | Claim Number | Claim As Filed * | | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|
| Claimant | | Debtor Claim Filed Against | Amount | Claim Class | Debtor To Be Reserved | Amount To Be Reserved |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15234 | EES, LLC (01-16043) | $0.00 | | EES, LLC (01-16043) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15235 | EESNA, INC (02-10007) | $0.00 | | EESNA, INC (02-10007) | $0.00 |
| OSCAR'S PHOTO LAB C/O BARRY R. HIMMELSTEIN, ESQ., LIEFF, CABRASER, ET AL., LLP, 275 BATTERY STREET, 30TH FLOOR SAN FRANCISCO, CA 94111-3339 | 15230 | EPMI (01-16036) | $0.00 | | EPMI (01-16036) | $0.00 |

Page: 2 of 3

* Claim as Filed reflects changes as previously ordered by the Court.

Date:    09/21/2005
Time:    16:41:29

Exhibit C
Enron Corp., et al.

| Claim Information | | Claim As Filed * | | | Proposed Claim As Reserved | |
|---|---|---|---|---|---|---|
| | Claim | Debtor Claim | | | Debtor | Amount |
| Claimant | Number | Filed Against | Amount | Claim Class | To Be Reserved | To Be Reserved |

| | 7 | $0.00 | | | | |

**Claims To Be Reserved:**
**Total Amount Claimed:**           $0.00
**Total Amount To Be Reserved:**     $0.00

Page:   3 of   3

* Claim as Filed reflects changes as previously ordered by the Court.

**<u>EXHIBIT 6</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                      :
In re                                                 :        Chapter 7 Case
                                                      :        No. 05-60134 [RDD]
        REFCO, LLC,                                   :
                                                      :
                         Debtor.                      :
                                                      :
-------------------------------------------------------------- X

## ORDER AUTHORIZING ALBERT TOGUT, AS
## THE CHAPTER 7 TRUSTEE OF REFCO, LLC, TO MAKE AN
## <u>INTERIM DISTRIBUTION TO HOLDERS OF ALLOWED CLAIMS</u>

Upon the application dated May 24, 2007 (the "Application") of Albert

Togut, the Chapter 7 trustee (the "Trustee") for the estate of Refco, LLC (the "Chapter 7

Debtor"), seeking entry of an Order, pursuant to sections 105(a) and 726 of title 11 of

the United States Code, authorizing the Trustee to make interim distributions to holders

of certain allowed claims; and upon the Court's review of the Application and the

record of the hearing to consider the Application on June 14, 2007 (the "Hearing"); and

upon the Court's determination that the legal and factual bases set forth in the

Application and at the Hearing establish just cause for the relief granted herein; and

upon all the proceedings had before this Court; and it appearing that good and

sufficient notice of the Application has been given by the Trustee, and that no further or

other notice is required; and good and sufficient cause appearing therefor, and no

adverse interest appearing; and it appearing that the relief sought by the Application is

in the best interests of this estate, it is

ORDERED, that the Application is granted as provided herein;  and it is
further

ORDERED, that the Trustee is authorized to make distributions in the full
amount of the allowed claims set forth on Exhibits 1 and 2 attached hereto;  and it is
further

ORDERED, that the Trustee is authorized to disburse $475 million on
account of the Specified Allowed Contributing Debtors' Claim[1]  previously allowed by
Order of this Court, dated April 24, 2007;  and it is further

ORDERED, that with respect to Disputed Claims the Trustee determines
should be allowed claims other than pursuant to Order of this Court, the Trustee is
authorized to file periodically with the Court a supplemental schedule of such claims
(a "Supplemental Distribution Schedule") and to serve same on the holder of such
claim(s) and all parties in interest that have filed a notice of appearance and requested
notice in the Chapter 7 Debtor's case.  In addition, to the extent the Trustee determines,
in his sole discretion, that sufficient funds exist to make a full or partial distribution on
account of the Allowed Other Claim, the Trustee may include the proposed distribution
on the Supplemental Distribution Schedule;  and it is further

ORDERED, that unless a written objection to the proposed distribution(s)
in the Supplemental Distribution Schedule is filed and served on the Trustee's counsel
and the holder(s) of such claim(s) within ten (10) days of the date of service of the

---

[1]  Capitalized terms used herein and not defined shall have the meaning given to them in the
Application.

2

Supplemental Distribution Schedule, the Trustee shall be authorized to make

distributions in the full amount of the allowed claims identified in the Supplemental

Distribution Schedule and the amount, if any, described with respect to the Allowed

Other Claim;  and it is further

      **ORDERED**, that if a written objection is filed timely, the Trustee shall

seek to schedule a hearing thereon at the earliest date convenient to the Court and will

promptly provide notice of the hearing to the objecting party(ies) and the holder(s) of

the claim subject to such objection.  Any such objection must identify with particularity:

(a) the claim(s) to which the party objects receiving distribution;  and (b) the legal and

factual bases for such objection, including why the claim(s) is understated and/or

otherwise entitled to more than the proposed distribution.  The Trustee and the

holder(s) of the disputed claim(s) each shall have the right to file a response to the

objection at least three (3) days prior to the scheduled hearing;  and it is further

      **ORDERED**, that if and to the extent a Disputed Claim becomes an

allowed claim pursuant to a final and nonappealable Order entered by this Court (or

another court of competent jurisdiction) or stipulation between the Trustee and the

holder of such claim that has been approved by this Court, the Trustee is authorized to

make the requisite distribution to the holder of each such Allowed Claim without

further notice or Order of the Court; and it is further

      **ORDERED**, that, except as otherwise provided for herein, the Trustee is

not authorized to, and shall not, make distributions on account of subordinated claims

(other than the Specified Allowed Contributing Debtors' Claim and Allowed Other

3

Claim), late-filed claims, punitive damage claims and claims for post-petition interest,

unless specifically authorized to do so by an Order of this Court; and it is further

       **ORDERED**, that the requirement pursuant to Local Rule 9013-1(b) that

the Trustee file a memorandum of law in support of the Application is hereby waived.

Dated:  New York, New York
       June 14, 2007

                      /s/Robert D. Drain              
                      HONORABLE ROBERT D. DRAIN
                      UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

ALLOWED CUSTOMER CLAIMS

| CLAIM NUMBER | CREDITOR | POC AMOUNT |
|---|---|---|
| 569 | GUY MERCURIO | $ 60,000.00 |
| 576 | HEINZ RAIBLE | 2,721.80 |
| 565 | MIKE TROJAN | 66.42 |
| 562 | SABEAN MANAGEMENT INC | 2,239.69 |
| 573 | THELMA LEE SPENCE TRUST | 834.76 |
| 577 | TIMOTHY L HALDEMAN | 1,249.96 |
| | **Total Allowed Customer Claims** | **$ 67,112.63** |

EXHIBIT 2

ALLOWED GENERAL UNSECURED CLAIMS

| CLAIM NUMBER | CREDITOR | POC AMOUNT |
|---|---|---|
| 118 | ALL SHREDDING CORPORATION | 487.68 |
| 70 | AMEREX FUTURES LTD (Trans: HAIN CAPITAL HOLDINGS, LLC) | 30,994.00 |
| 13 | AMERICAN BUSINESS SOLUTIONS INC | 4,297.15 |
| 120 | ARAMARK REFRESHMENT SERVICES | 7,273.25 |
| 69 | ASPEN RESEARCH GROUP LTD | 26,199.20 |
| 89 | BARCHART.COM INC (Trans: Revenue Management) | 1,350.00 |
| 43 | BARRETT & DEACON P A | 2,071.74 |
| 462 | BRIAN T SPARKS | 138,110.00 |
| 321 | BRYAN CAVE LLP | 16,775.03 |
| 144 | CARGILL INVESTORS (West Sanitation Services, Inc.) | 242.25 |
| 75 | CHAMBERS COMMODITIES LIMITED | 630.00 |
| 53 | CITY STAFFING | 5,740.00 |
| 60 | COFFEE UNLIMITED (Trans: LIQUIDITY SOLUTIONS, INC DBA REVENUE MANAGEM | 13,733.16 |
| 45 | COMMERCIAL LIGHT COMPANY (Trans: HAIN CAPITAL HOLDINGS, LLC) | 22,793.00 |
| 242 | COMPUTER BUSINESS FORMS CO | 9,008.72 |
| 40 | DELAWARE CARS AND LIMOUSINES | 6,045.54 |
| 261 | DELTA CORPORATION FEIN 36-3872861 | 18,193.10 |
| 301 | DENNIS A KLEJNA | 12,092.55 |
| 74 | DIGITAL BROTHERS GROUP INC | 436.25 |
| 83 | GARVEY'S OFFICE PRODUCTS (Trans: LIQUIDITY SOLUTIONS, INC DBA REVENUE MANAGEMENT) | 2,353.09 |
| 472 | GLOBAL COMM | 143.45 |
| 18 | GLOBAL FINANCIAL SERVICES LLC | 4,803.38 |
| 20 | GRAPHICS 2000 INC | 29,886.36 |
| 30 | H & H PRESS INC | 662.22 |
| 140 | HASSETT STORAGE WAREHOUSES INC (Trans: Hain Capital Holdings, LLC) | 49,108.50 |
| 21 | IMPERIAL LIGHTING MAINTENANCE CO | 337.50 |
| 243 | INTERCONTINENTAL EXCHANGE INC | 2,650.00 |
| 564 | IPC INFORMATION SYSTEMS LLC | 25,450.80 |
| 295 | IPC NETWORK SERVICES INC | 3,434.31 |
| 105 | JACKSON WABASH | 48,200.44 |
| 121 | JAMES STEINBACH | 1,851.01 |
| 111 | K-DIVERSIFIED INC | 1,806.46 |
| 581 | KIRKLAND & ELLIS LLP | 782,961.76 |
| 88 | LA ROSE FLORIST INC | 285.02 |
| 87 | LA ROSE FLORIST INC | 126.00 |
| 273 | LAZARE PRINTING CO INC | 10,673.25 |
| 279 | LAZARE PRINTING CO INC | 3,108.95 |
| 272 | LAZARE PRINTING CO INC | 843.30 |
| 281 | LAZARE PRINTING CO INC | 749.60 |
| 278 | LAZARE PRINTING CO INC | 643.70 |
| 275 | LAZARE PRINTING CO INC | 414.60 |

EXHIBIT 2
ALLOWED GENERAL UNSECURED CLAIMS

| 280 | LAZARE PRINTING CO INC | 86.90 |
|---|---|---|
| 55 | MARKS PEST CONTROL | 149.00 |
| 24 | MASTEL GRAIN CO | 6,315.00 |
| 72 | METEORLOGIX LLC | 291.75 |
| 31 | MICHAEL P DORSCH | 2,468.10 |
| 82 | NETWORK 1 INC (Trans: LIQUIDITY SOLUTIONS, INC DBA REVENUE MANAGEMENT) | 3,367.37 |
| 138 | OFFICE CONCEPTS INC | 241,887.08 |
| 22 | OPTIMA INVESTMENT RESEARCH INC | 930.00 |
| 14 | OUTSOURCE TECHNOLOGIES LLC | 828.18 |
| 90 | PEPI CORPORATION | 112.49 |
| 32 | PICTUREQUEST LLC | 116.00 |
| 306 | PVM OIL FUTURES LTD | 189,967.75 |
| 545 | QUENCH USA DOLPHIN CAPITAL CORP | 7,165.64 |
| 16 | ROBERT DOUGLAS MAID SERVICE | 7,738.70 |
| 71 | ROYAL OFFICE PRODUCTS | 113.27 |
| 33 | S&T OFFICE PRODUCTS INC | 628.30 |
| 61 | SBC GLOBAL | 10,820.37 |
| 196 | SHRED IT USA INC | 2,600.88 |
| 12 | THE WINDSOR GROUP LLC (Trans: HAIN CAPITAL HOLDINGS, LLC) | 25,872.00 |
| 424 | TRX FUTURES LTD (Trans: Hain Capital Holdings, LLC) | 68,666.84 |
| 135 | ULMER & BERNE LLP | 6,829.00 |
| 77 | UNION STATION MULTIPLEX | 1,450.00 |
| 62 | WALL STREET LANGUAGES LTD (DBA Rennert Bilingual) | 601.40 |
| | **Total Allowed Claims** | **1,866,983.29** |

**<u>EXHIBIT 7</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 91-14561-BKC-PGH

CHAPTER 7

In re                      )
                            )
SOUTHEAST BANKING CORPORATION,   )
                            )
        Debtor.           )
_____)

### ORDER AUTHORIZING EIGHTH INTERIM DISTRIBUTION TO PAY FIRST INSTALLMENT OF POST-PETITION INTEREST AND MAKE ALLOCATION TO DISPUTED CLAIMS RESERVE

**THIS CAUSE** came before the Court for hearing in Fort Lauderdale on Monday, November 3, 2003 at 1:00 p.m., upon the Trustee's Motion for Order Authorizing Eighth Interim Distribution to Pay First Installment of Post-Petition Interest and Make Allocation to Disputed Claims Reserve (the "Eighth Interim Distribution Motion"), filed by Jeffrey H. Beck as Chapter 7 Trustee (the "Trustee") on October 10, 2003 .

By separate Order of even date herewith (the "Global Settlement Order"), the Court has approved in its entirety the Trustee's Motion for Entry of Order Approving and Implementing Global Settlement of Issues Affecting Calculation and Payment of Post Petition Interest and Attorneys' Fees and Related Priority and Subordination Issues, and Procedure for Interim Distributions of Post Petition Interest on Negative Notice Without Hearing (C.P. 4216) (the "Global Settlement Motion"). Pursuant to the Global Settlement Order, the Trustee seeks by way of the Eighth Interim Distribution Motion to make an Eighth Interim Distribution of $30 million in accordance with Section 726(a)(5) of the Bankruptcy Code, payable to creditors and bondholders holding Qualified

Claims,[1] including an allocation to the Disputed Claims Reserve established and maintained by the Trustee in respect of the seven prior Interim Distributions in this case.

The Court having read and considered the Eighth Interim Distribution Motion and other relevant matters of record, heard the argument of counsel for the Trustee and other parties in interest, and otherwise been duly advised in the premises, finds and determines as follows:

A.    The essential facts governing the Court's consideration of the Eighth Interim Distribution Motion are not in dispute, are set forth in both the Motion itself and in the series of Orders authorizing prior Interim Distributions in this case, and are hereby adopted and incorporated by reference as if fully set forth herein.

B.    In calculating the proposed amount of the Eighth Interim Distribution, the Trustee has given due consideration to all of the relevant financial components: the existing cash on hand in both the bankruptcy estate and the Southeast Bank, N.A. Receivership (the "SEBNA Receivership"); the value of the interests owned by non-debtor subsidiaries of the estate in certain real property located in the area of Jacksonville, Florida, defined and described in the Global Settlement Motion as the Jacksonville Property; the amounts allocated to the Disputed Claims Reserve from prior Interim Distributions; the payment obligations to be imposed under the Global Settlement Order; the post-petition interest which creditors may be entitled to receive; and the amounts deemed reasonably necessary to maintain as a reserve to pay trustee and professional fees, including the amount of $13 million in trustee fees, expenses and indemnification claims placed in issue by the Response and Limited Objection filed to

---

[1]    All capitalized terms used in this Order that are not otherwise defined in this Order shall have the meanings specified in the Eighth Interim Distribution Motion.

the Global Settlement Motion by Former Trustee William A. Brandt, Jr. (the "Brandt Objection"), and other administrative expenses.

C.      Based upon this analysis, the Trustee believes, and the Court so finds, that an Eighth Interim Distribution in the amount of $30 million is prudent and appropriate, and will leave not less than $20 million in cash to meet these other expenses and obligations.

D.      Having now paid or allocated to the Disputed Claims Reserve amounts sufficient to pay all claims in full, without post-petition interest, and continually evaluated the contingent liabilities of the estate and the SEBNA Receivership, the Trustee is satisfied, and the Court so finds, that the payment of the proposed Eighth Interim Distribution in the amount of $30 million is feasible and in the best interests of creditors and the estate.

E.      Good and sufficient notice has been afforded, and cause exists to authorize the Trustee to make an Eighth Interim Distribution upon the terms and conditions set forth below.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      That the Trustee's Motion for Order Authorizing Eighth Interim Distribution to Pay First Installment of Post-Petition Interest and Make Allocation to Disputed Claims Reserve is **GRANTED**;

2.      That the Trustee is **AUTHORIZED** and **DIRECTED** to make an Eighth Interim Distribution in the amount of $30 million as reflected on the attached **Exhibit A** to creditors holding Qualified Claims, including a pro rata allocation to the Disputed Claims Reserve for interest payable in respect of unresolved claims for which

3

amounts have previously been allocated to such Reserve. Such Disputed Claims Reserve shall be maintained until the resolution of the claims in respect of which the Reserve is held;

3.    That in addition to the Disputed Claims Reserve, the Trustee shall create a separate book reserve in the amount of $13 million in respect of potential trustee fees and indemnification claims (the "Trustee Reserve"), which Reserve shall be maintained until the claims for fees and indemnification described in the Brandt Objection are resolved by separate Order, and applied in accordance with such Order, including, if applicable, first to payment of such fees and indemnification claims as may be awarded and allowed;

4.    That the interest calculations reflected on the attached **Exhibit A** are **APPROVED,** subject to the Trustee's final determination of whether certain of the non-bondholder claimants are entitled to receive post-petition interest. The Trustee shall reserve in the manner of the Disputed Claims Reserve the post-petition interest attributable to such claimants, pending resolution of their entitlement to receive such interest;

5.    That at the option of each Indenture Trustee, the Eighth Interim Distribution shall be payable as of a Record Date to be agreed upon and fixed by the Trustee and such Indenture Trustee. As soon as practicable after such Record Date is fixed and determined, the Trustee shall file a Notice of Record Date of Eighth Interim Distribution with the Court, and serve copies upon all persons identified on the service list attached to this Order;

4

6.      That all of the funds remaining in the Chapter 7 estate, including the amounts allocated by book entry to the Disputed Claims Reserve and Trustee Reserve, shall remain property of the Chapter 7 estate, and shall remain invested by the Trustee in conformity with the requirements of 11 U.S.C. § 345; and

7.      That the Trustee is **AUTHORIZED** and **DIRECTED** to take such action as may reasonably be necessary to effectuate the Eighth Interim Distribution in conformity with the foregoing terms of this Order and, to the extent not inconsistent, the Eighth Interim Distribution Motion, without necessity of further notice, hearing or Order of this Court.

**ORDERED** in the Southern District of Florida on   NOV – 3 2003                      .

**PAUL  HYMAN**
HONORABLE PAUL G. HYMAN, JR.
UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:

Mark D. Bloom, Esq.
Jeffrey H. Beck, Chapter 7 Trustee

*(Attorney Bloom is directed to serve conformed copies of this Order upon all parties identified on the Service List attached to the original of the Motion filed with the Court, immediately upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

\\MIA-SRV01\689069v04\10764.011900

5

**Southeast Banking Corporation**
**Summary Table of Recoveries**
**Estimated Share of Post Petition Interest at a $30 Million Distribution Level**
(Amounts in Dollars)

| Item Description | Total Claim Amount | Undistributed Principal Amount (See 10) | Estimated Post Partition Interest | Percent of Total PPI | Pro Rata PPI Distribution of $30,000,000 | Senior/Junior Reallocation Distribution of $30,000,000 | Post-Realloc. Distribution of $30,000,000 |
|---|---|---|---|---|---|---|---|
| **Bondholder Claims** | | | | | | | |
| **Senior Debt:** | | | | | | | |
| 11.25% Issue | 60,031,774.63 | 0.00 | 8,008,076.69 | 6.03% | 1,807,889.25 | 4,710,238.76 | 6,517,928.01 |
| **Subordinated Debt** | | | | | | | |
| BNY 4 3/4% Issue | 12,354,528.00 | 0.00 | 4,514,198.87 | 3.40% | 1,019,004.82 | (227,180.14) | 791,824.68 |
| BNY 10.50% Issue | 104,670,884.92 | 0.00 | 38,244,740.39 | 28.78% | 8,633,108.87 | (1,924,692.65) | 6,708,417.22 |
| Subtotal - BNY | 117,006,413.92 | 0.00 | 42,758,939.26 | 32.17% | 9,652,114.69 | (2,151,872.79) | 7,500,241.91 |
| USB FRN due 1996 | 45,609,909.73 | 0.00 | 16,663,138.14 | 12.55% | 3,766,186.47 | (840,093.56) | 2,926,102.90 |
| USB FRN due 1997 | 76,759,981.25 | 0.00 | 28,054,003.65 | 21.14% | 6,341,750.98 | (413,849.89) | 4,027,901.09 |
| USB 9 1/2% Issue | 50,049,865.14 | 0.00 | 18,316,153.18 | 13.78% | 4,135,016.41 | (921,873.55) | 3,213,142.85 |
| Subtotal - USB | 172,419,756.12 | 0.00 | 63,105,294.97 | 47.46% | 14,244,963.87 | (3,175,817.02) | 11,069,146.85 |
| Subtotal - Subordinated Bondholder Claims | 289,425,170.04 | 0.00 | 105,864,234.23 | 79.66% | 23,897,078.56 | (5,327,689.80) | 18,569,388.76 |
| 48% Guarantee Reserve | 0.00 | 0.00 | 0.00 | 0.00% | 0.00 | 617,451.04 | 617,451.04 |
| Total Bondholder Claims | 349,456,944.67 | 0.00 | 113,872,310.93 | 85.69% | 25,704,787.81 | 0.00 | 25,704,787.81 |
| **Non-Bondholder Claims** | | | | | | | |
| Allowed Unsecured Timely Filed Priority and Non-priority Claims | 9,833,946.15 | 768.02 | 4,788,771.86 | 3.60% | 1,080,985.03 | 0.00 | 1,080,985.03 |
| Remaining Disputed Timely Filed Claims | 110,178.44 | 0.00 | 65,690.47 | 0.05% | 14,828.52 | 0.00 | 14,828.52 |
| Allowed Unsecured Late Filed Priority and Non-priority Claims | 498,502.00 | 318,250.00 | 296,023.88 | 0.22% | 66,822.44 | 0.00 | 66,822.44 |
| Remaining Disputed Late Filed Claims | 23,276,720.00 | 13,877,424.27 | 13,877,424.27 | 10.44% | 3,132,598.20 | 0.00 | 3,132,598.20 |
| Total Non-Bondholder Claims | 33,518,346.59 | 23,704,914.46 | 19,027,910.28 | 14.32% | 4,295,232.19 | 0.00 | 4,295,232.19 |
| **Grand Total Claims** | 382,973,291.28 | 23,704,914.46 | 132,900,221.21 | 100.00% | 30,000,000.00 | (0.00) | 30,000,000.00 |

**Notes:**

1. Post petition interest is calculated using simple interest at an annual rate of 5.57% based on a 365 day year.

2. Estimated post petition interest for each bond issue is based on the amount actually distributed for each bond issue (after claw backs) and before reduction for Indenture Trustee fees and reserves.

3. The Second Interim Distribution was based on the amount necessary to pay the remaining Principal balance of the Senior Notes without claw back.

4. Principal reductions pertaining to the 1st, 2nd, and 6th Interim Distributions to bondholders are based on the check dates of the Senior Notes the respective Indenture Trustees.

5. Principal reductions pertaining to the 3rd, 4th, and 5th Interim Distributions to bondholders are based on the dates of the first batch of payments made to individual bondholders for each respective Interim Distribution.

6. Principal reductions pertaining to allowed unsecured timely and late filed priority and non-priority claims are based on the dates of payments made to each individual claimant.

7. Post petition interest has been calculated through May 31, 2002.

8. Post petition interest amounts for non-bondholder claims are estimates. A claim by claim review has not yet occurred for the purpose of determining which claimants waived their rights to the payment of post petition interest as a condition of their settlement.

9. A reconciliation is currently being completed of over 1100 claims listed on the claims register of this case to the court orders resolving each claim. The purpose of the analysis is to ensure that all claims have been properly accounted for. The numbers in this schedule are subject to adjustment based on the results of this reconciliation.

10. Undistributed principal amounts reflect current balances.

11. Assumes no Chapter 11-attributable distributions.

**EXHIBIT A**

Mark D. Bloom, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131

Timothy J. Norris, Esq.
Buchanan Ingersoll, P.C.
NationsBank Tower, Suite 2100
100 SE. Second Street
Miami, FL 33131

Scott B. Newman, Esq.
Holland & Knight
625 North Flagler Drive
Suite 700
West Palm Beach, FL 33401

Michael P. Brundage, Esq.
Hill, Ward & Henderson, P.A.
Post Office Box 2231
Tampa, FL 33610

State of Florida
Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 3231 4-6668

Stephen H. Case, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, N.Y. 10017

David Cimo, Esq.
Genovese, Lichtman, Joblove & Battista,
PA.
100 SE Second Street,
Suite 3600
Miami Florida 33131

James Donnell, Esq.
Andrews & Kurth
4200 Texas Commerce Tower
Houston, TX 77002

Patricia A. Redmond, Esq.
Stearns, Weaver, Miller
2200 Museum Tower
150 West Flagler Street
Miami, FL 33130

Richard P. Carmody, Esq.
Lange, Simpson, Robinson
& Somerville
1700 First Alabama Bank Bldg.
Birmingham, Alabama 35203

J. Gregory Taylor, Esq.
Diamond McCarthy Taylor
Finley, Bryant & Lee, LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270

Barry D. Hunter, Esq.
Brown, Todd & Heyburn, PLLC
2700 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Gary Bush
Bank of New York
101 Barclay Street, Floor 21W
New York, N.Y. 10286

David E. Rogers, Esq.
McDermott, Will & Emery
600 13th Street, N.W.
Washington, D.C. 20005

Pamela Lawrence
Director
Tribeca Investments, LLC.
388 Greenwich Street, 36th Floor
New York, New York 10013

Robert F. Milligan, Comptroller
State of Florida
The Capitol
Tallahassee, FL 32301

Theodore A. Jewell, Esq.
Stearns, Weaver, Miller, et at.
150 West Flagler Street, #2200
Miami, FL 33130

Edward A. Moss, Esq.
Shook Hardy & Bacon
Suite 2400 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131

William A. Brandt, Jr.,
Development Specialists, Inc.
900 First Union Financial Ctr
200 South Biscayne Boulevard
Miami, FL 33131

Geoffrey S. Aaronson, Esq.
Adorno & Zeder, PA.
2601 South Bayshore Drive
16th Floor
Miami, Florida 33133

Paul J. McMahon, Esq.
Paul J. McMahon, PA.
2840 S.W. 3rd Avenue
Miami, FL 33129

Regina Thomas, Esq.
Office of U.S. Trustee
51 S.W. First Ave., Rm. 1204
Miami, FL 33130

Richard J. Rappaport, Esq.
Ross ~. Hardies
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

Doug Darbut, Esq.
Holland & Knight
701 Brickell Avenue
Miami, FL 33131

Marcos D. Jimenez, U.S. Attorney
U.S. Attorney Office
99 N.E. 4th Street
Miami, FL 33132

Mr. Scott Strodthoff
U.S. Bank Corporate Trust Services
180 East Fifth Street
St. Paul, Minnesota 55101

Estate of Southeast Banking Corporation
225 Northeast Mizner Boulevard
Suite 780
Boca Raton, Florida 33432

Paul S. Singerman, Esq.
Berger & Singerman
200 South Biscayne Blvd.
Suite 1000
Miami. FL 33131

Arley D. ('Trip") Finley, Esq.
Diamond McCarthy Taylor & Finley, LLP
6504 Bridge Point Pkwy, #400
Austin, TX 78730-5062

Stephen W. Pickert, Esq.
Moye, O'Brien, O'Rourke et at
800 South Orlando Avenue
Maitland, FL 32751

Stephen A. Goodwin, Esq.
Carrington, Coleman, Sloman
& Blumenthal
200 Crescent Court, Suite 1500
Dallas, TX 75201

Mr. William Dodge, VP
Corporate Trust Department
The Chase Manhattan Bank
450 West 33rd Street
New York, NY 10001

Harvey J. Cavayero, Esq.
Harvey J. Cavayero & Associates
1814 Merrick Road, Suite 300A
Merrick, NY 11566

Kenneth H. Eckstein, Esq.
Arthur H. Aulses III, Esq.
Kramer, Levin, Nattalis & Frankel
919 Third Avenue
New York, NY 10022

Lewis F. Murphy, Esq.
Steel, Hector, Davis
4000 First Union Financial Ctr
200 South Biscayne Blvd.
Miami, FL 33131

Jerry M. Markowitz, Esq.
Markowitz, Davis and Ringel
9130 South Dadeland Boulevard
Two Datran Center, Suite 1225
Miami, FL 33156

Robert Julian, Esq.
Murphy, Sheneman Julian & Rogers
101 California Street
39th Floor
San Francisco, CA 94111

E. Gordon Robinson, Jr.
Securities & Exchange Comm.
3475 Lenox Road, N.E., #1000
Atlanta, GA 30326-1232

Jack N. Mayer
Gabriel Capital Group
450 Park Avenue, Suite 3201
New York, N.Y. 10022

Kenneth B. Robinson, Esq.
Rice & Robinson, P.A.
848 Brickell Avenue
11th Floor
Miami, FL 33131

John W. Kozyak, Esq.
Kozyak, Tropin, Throckmorton
2800 Wachovia Financial Ctr
200 South Biscayne Boulevard
Miami, FL 33131-2335

David E. Retter, Esq.
Kelley, Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Robert M. Brochin, Esq.
Morgan, Lewis & Bockius
5300 First Union Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131

Gary Jackson, Esq.
550 17th Street, N.W.
Room H 11097
Washington, D.C. 20429

Allan Brent Diamond
Diamond McCarthy Taylor & Finley
909 Fannin, Suite 1515
Houston, TX 77010

Irving M. Wolff, Esq.
Irving Mark Wolfe, P.A.
203 Garvin Street
Punta Gorda, FL 33950-5848

Internal Revenue Service
S.P.F. Bankruptcy
Stop 5730
P.O. Box 17167
Ft. Lauderdale, FL 33318

Federal Deposit Insurance Corp.
Attn: DSC Legal Department
10 Tenth Street, N.E.
Suite 800
Atlanta, GA 30309~3906

Scott L. Baena, Esq.
Bilzin Sumberg Dunn Baena et at
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131

Thomas E. Glick, P.A.
12000 Biscayne Boulevard
Suite 800
North Miami, FL 33181

Gobbell Hays Partners, Inc.
217 Fifth Avenue North
Nashville, TN 37219
Attn: Ronald Gobbell, Pres.

Jeffrey H. Beck, Trustee
J Beck & Associates, Inc.
225 Northeast Mizner Blvd.,
Suite 780
Boca Raton, FL 33432

Kendall B. Coffey, Esq.
Coffey & Wright LLP
2665 S. Bayshore Drive
Penthouse 2B
Miami, FL 33133

Kathleen L. Donohue
U.S. Department of Justice
1114 Federal Office Building
51 S.W. First Avenue
Miami, FL 33130

Michael Josephs, Esq.
Josephs, Jack, Miranda,
McCullough & McKeown, P.A.
2950 S.W. 27th Avenue,
Suite 100
Miami, Florida 331 33-3765

E. Penn Nicholson, Esq.
Powell, Goldstein, Frazer
191 Peachtree St. N.E., 16th Flr.
Atlanta, GA 30303

John Ashcroft, U.S. Attorney General
Office of the Attorney General
U.S. Department of Justice,
Room 4545
10th and Constitution Avenue NW
Washington, DC 20530

Craig W. Budner, Esq.
Hughes & Luce, L.L.P.
1717 Main Street
Suite 2800
Dallas, TX 75201

Marika Lancaster
U.S. Department of Justice
Rm. 6231, Judiciary Center Bldg.
P.O. Box 14198-Ben Franklin Stn.
Washington, D.C. 20044

Mark O. Brodsky, Esquire
Elliott Associates, L.P.
712 Filth Avenue
36th Floor
New York, NY 10019

Mr. Soneet Kapila
Kapila & Company
1000 South Federal Highway,
Suite 200
Ft. Lauderdale, FL 33316

Michael J. Pucillo, Esq.
Burt & Pucilto
515 North Flagler Drive
Suite 1701
West Palm Beach, FL 33401

Melinda S. Thornton
Assistant County Attorney
Metro-Dade Center, Suite 2810
111 N.W. First Street
Miami, FL 33128-1993

Robert Tache
Detoitte & Touche, L.L.P.
200 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301

Joseph Colavecchi, Esq.
221 East Market Street
P.O. Box 131
Clearfield, PA 16830

James D. McCarthy, Esq.
Diamond McCarthy Taylor Finley
Bryant &Lee, LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270

Stephen D. Busey, Esq.
Smith Hulsey & Busey
1800 First Union Nat'l Bank Twr
225 Water Street
Jacksonville, FL 32202

Legal Department
Federal Reserve Bank of Atlanta
1000 Peachtree Street NE
Atlanta, GA 30309-3904

Bruce Waterfall
Morgens Waterfall Vintiadis
10 East 50th Street
26th Floor
New York, N.Y. 10022

Richard F. Casher, Esq.
Hebb & Gitlin, P.A.
One Slate Street
Hanford, CT 06103

Michael D'Alessio
Wechsler & Co., Inc.
105 South Bedford Road, #310
Mount Kisco, N.Y. 10549

Warren H. Smith & Associates, P.C.
Republic Center
325 N. St. Paul, Suite 4080
Dallas, TX 75201

Francis L. Carter, Esq.
Ferrell, Schultz Carter and Fertel
Suite 1920, Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-2305

Hugh M. Ray, Esq.
Jeffrey E. Spiers, Esq.
Andrews & Kurth, L.L.P.
4200 Texas Commerce Tower
Houston, TX 77002

Emmet J. Bondurant, Esq
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-34 17

William L. Eddleman, Jr.
American Capital Resolution, Inc.
4900 Woodway, Suite 650
Houston, TX 77005

David S. Rosner, Esq.
Kasowitz, Benson & Torres & Friedman
Co-counsel to Gabriel Capital
1633 Broadway
New York, NY 10019

J. Haley/Jim Paul, Esq.
Haley, Sinagra & Perez
100 South Biscayne Blvd., #800
Miami, FL 33131

Craig V. Rasile, Esq.
Hunton & Williams LLP
1111 Brickell Avenue
Suite 2500
Miami, FL 33131

Thomas M. Mayer, Esq.
[MAIL REFUSED - ADDRESS NOT
AVAILABLE]\

Scott A. Stagg
The Delaware Bay Company, nc.
MAIL REFUSED - ADDRESS NOT
AVAILABLE]

Gerald J. Houlihan, Esq.
Houlihan & Partners, PA.
2600 Douglas Road
Suite 600
Miami, FL 33134

Robert C. Furr, Esq.
Furr and Cohen, P.A.
1499 W. Palmetto Park Road
Suite 412
Boca Raton, FL 33486

John P. Bullard, Jr.
1514 Hanover West Drive
Atlanta, GA 30327

Office of the General Counsel
Federal Deposit Insurance Corp.
550 17th Street NW
Washington, D.C. 20429-9990

John D. Eaton, Esq.
Steel Hector & Davis, LLP
200 S. Biscayne Bouelvard, #4100
Miami, FL 33131