LAW OFFICE OF ETHAN A. BRECHER, LLC
ATTORNEY AT LAW

ETHAN A. BRECHER

600 THIRD AVENUE
2ND FLOOR
NEW YORK, NY 10016

PHONE: 646-571-2440
FAX: 888-821-0246
ethan@ethanbrecherlaw.com
www.ethanbrecherlaw.com

May 27, 2014

VIA ECF AND EMAIL
Hon. Shelley C. Chapman
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

  RE: <u>08-01420 (SCC) SIPA - Lehman Brothers Inc. Claim 4546 (Mary A. Ortegon)</u>

Dear Judge Chapman:

  I represent creditor Mary A. Ortegon (Claim 4546) in this matter, and write to request a conference to address a discovery dispute between the parties. This case involves Ms. Ortegon's claim for a breach of employment contract in which she was guaranteed a $350,000 bonus by Lehman Brothers Inc. (LBI) for 2007. The Trustee registered his objection to that claim in his 199th Omnibus Objection to General Creditor Claims (No Liability Claim) [Doc. 8154], filed on January 28, 2014. Ms. Ortegon timely filed her response to the Trustee's Objection on February 14, 2014 [Doc. 8238]. Pursuant to the Order Establishing Claims Hearings Procedures and Alternative Dispute Resolution Procedures [Doc. 7351], the parties mediated the dispute at JAMS. The mediation was unsuccessful and was deemed concluded by the mediator on May 8, 2014. LBI subsequently advised me that it intended to make a motion for summary judgment to dismiss Ms. Ortegon's claim. I advised the Trustee that Ms. Ortegon needed discovery in order to oppose the summary judgment motion. The Trustee has refused to engage in any discovery, and thus we seek guidance from the Court on a discovery and briefing schedule.

  **<u>Background</u>**

  In January 2007, LBI and Ms. Ortegon executed an employment contract (the "Contract"). The Contract provided that Ms. Ortegon would be guaranteed a "minimum bonus in the amount of $350,000, less applicable deductions, payable at the time the Firm pays its annual 2007 bonus distribution (on or about January 31, 2008)." The Contract included the following conditions upon which the bonus would not be payable:

> The foregoing salary will be paid for all periods of your active employment with the Firm [LBI] in performance year 2007. The bonus amount set forth above will be paid at the time and in the amount stated except that it will not be payable if you have failed to

Law Office of Ethan A. Brecher, LLC  2                         May 27, 2014
Attorney at Law

obtain and/or maintain in good standing all applicable licenses and registrations or if, before the date of scheduled payment, you have resigned **or have been terminated from the Firm because of misconduct, breach of Firm policies or rules, dishonesty, violation of laws or regulations, or substantial and continuing failure to perform employment duties or obligations satisfactorily.** The bonus amount set forth above may be reduced in the event of an approved leave of absence during the applicable performance year. (emphasis added)

Several days after Ms. Ortegon and LBI executed the Contract but before Ms. Ortegon actually began performing her job duties at LBI, LBI purported to retract the Contract on grounds that Ms. Ortegon had not been forthcoming about information concerning her participation in an Executive MBA (EMBA) program at Northwestern's Kellog School. Ms. Ortegon, however, had in fact disclosed the relevant information to LBI. Her claim in this matter seeks damages for LBI's breach of the Contract. While LBI did not dispute that it was aware of her participation in the EMBA program, it claims she did not supply adequate information concerning the program's start date and time commitments and in that regard she "exercised bad judgment and a lack of professionalism." Neither one of these amount to "cause" under the Contract, however, and thus LBI was obligated to pay her the guaranteed bonus payment.

### Dispute

Ms. Ortegon seeks discovery to oppose the Trustee's summary judgment motion, including discovery of (a) LBI's knowledge concerning her participation in the EMBA program prior to the Contract being extended to her and (b) filings LBI made with FINRA indicating that she was an employee of the firm. We anticipate that the Trustee may argue as a defense that Ms. Ortegon did not satisfy a condition precedent to the Contract, in that she did not complete LBI's pre-employment requirements.[1] However, FINRA has records on file indicating that Ms. Ortegon was an LBI employee, and we thus seek discovery of the documents that LBI filed with FINRA, which in turn caused FINRA to create records indicating that Ms. Ortegon was an employee of LBI.[2] We would also seek discovery relating to any other grounds that the Trustee might argue in its summary judgment motion, which have yet to be articulated.

Respectfully submitted,

Ethan A. Brecher

Cc: All counsel via ECF

---

[1] Certain key LBI human resources employees indicated that they were trying to determine how to "unhire" Ms. Ortegon and also how to purge any reference in LBI's systems to the fact that Ms. Ortegon was an employee, once the decision was made to retract the Contract.

[2] The Trustee may also argue that Ms. Ortegon is not entitled to the guaranteed bonus under the Contract because she did not actually perform any services for LBI. This argument would fail, however, because LBI was responsible for the nonoccurrence of this condition precedent when it retracted the Contract. Eastman Kodak Co. v. Altek Corp., 936 F.Supp.2d 342 (S.D.N.Y. 2013); Amies v. Wesnofske, 255 N.Y. 156 (1931).