Hearing Date and Time:  July 16, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  June 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, KAREN M. CHAU, ESQ., AT (212) 837-6512.**

---

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>        LEHMAN BROTHERS INC.,<br><br>                                        Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS**
**(EMPLOYMENT CLAIMS)**

**PLEASE TAKE NOTICE** that on May 30, 2014, James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred thirty-seventh omnibus objection to general creditor claims (the "Two Hundred Thirty-Seventh Omnibus

Objection to General Creditor Claims"), and that a hearing to consider the Trustee's Two

Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 623, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court"), on **July 16, 2014 at 10:00 a.m.**

**(Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **June 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to

the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York

10004, Courtroom 623.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Trustee's Two Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Trustee's Two Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      May 30, 2014

                        HUGHES HUBBARD & REED LLP

                        By: /s/ James B. Kobak, Jr.
                        James B. Kobak, Jr.
                        Christopher K. Kiplok
                        Meaghan C. Gragg
                        Karen M. Chau
                        One Battery Park Plaza
                        New York, New York 10004
                        Telephone:  (212) 837-6000
                        Facsimile:  (212) 422-4726
                        Email:  kobak@hugheshubbard.com

                        Attorneys for James W. Giddens,
                        Trustee for the SIPA Liquidation of
                        Lehman Brothers Inc.
                                .

**Hearing Date and Time:  July 16, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  June 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| LEHMAN BROTHERS INC., | Case No.  08-01420 (SCC) |
| Debtor. | |

**THE TRUSTEE'S TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION**
**TO GENERAL CREDITOR CLAIMS (EMPLOYMENT CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, KAREN M. CHAU, ESQ., AT (212) 837-6512.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of

Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970 as amended,

15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[1] by and through his undersigned counsel, respectfully

represents as follows:

**RELIEF REQUESTED**

1.      The Trustee files this two hundred thirty-seventh omnibus objection to general

creditor claims (the "Two Hundred-Thirty-Seventh Omnibus Objection to General Creditor

Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of

SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to general

creditor claims filed in this SIPA proceeding (the "General Creditor Claim Objection Procedures

Order," ECF No. 5441), seeking to disallow and expunge the claims listed on Exhibit A annexed

hereto in their entirety.  The Trustee's proposed order (the "Proposed Order") is annexed hereto

as Exhibit C.

2.      Each of the proofs of claim identified on Exhibit A (collectively, the

"Employment Claims" or the "Claims") are claims by former employees (the "Claimants" or the

"Transferred Employees") who were transferred to Barclays Capital Inc. ("Barclays") following

its acquisition of most of the assets of LBI's North American broker-dealer business and

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

investment banking operations, in accordance with the Sale Order entered on September 20, 2008 that approved the purchase by Barclays under the terms of the Asset Purchase Agreement among Lehman Brothers Holdings Inc. ("LBHI"), LBI, LB 745 LLC and Barclays, dated as of September 16, 2008 (the "APA").[2]  All of the Claims assert claims for bonuses, certain of the Claims also assert claims for contractual wages purportedly earned after the Filing Date (as that term is defined herein), and certain of the Claims assert additional grounds for recovery against the estate as further described below.

3.    With respect to the claims for bonuses, Barclays assumed liability for 2008 bonuses pursuant to the APA and this Court has determined that LBI has no ongoing liabilities to the Transferred Employees for bonus compensation.[3]  Therefore, to the extent the Claimants assert claims for bonuses, the Claims should be disallowed and expunged.

4.    With respect to the claims for wages purportedly earned after the Filing Date, the governing employment contracts provide that salary will be paid only for periods of active employment with a Lehman entity.  As each of the Claimants was transferred to Barclays pursuant to the APA, they were not employed by LBI after the Filing Date.  The LBI estate is not

---

2.  Each of the Transferred Employees was employed by a Lehman entity as of the Filing Date in accordance with section 9.1 of the APA and thus was offered employment by Barclays.  Based on information provided by Barclays and/or information provided in the Claims, each of the Transferred Employees accepted this offer of employment and was employed by Barclays for a period of time after the Filing Date.

Certain of the Transferred Employees may not have been employed by LBI prior to their transfer to Barclays, and may instead have been employed by a different Lehman entity.  The Trustee reserves his right to object to any of the Employment Claims, in whole or in part, on the basis that they seek compensation that was not earned or awarded pursuant to employment with LBI.

3   Nor could it be otherwise, as the claims for 2009 and 2010 bonuses are precluded by the cap under section 502(b)(7) of the Bankruptcy Code.

3

liable for wages purportedly earned after that date.  The Trustee thus requests that the Claims be

disallowed and expunged to the extent that the Claimants assert claims for contractual wages

purportedly earned after the Filing Date.

     5.     Certain of the Employment Claims, as indicated on Exhibit A, also assert one or

more of the following grounds for recovery which, for the reasons described below, the Trustee

disputes:

- Equity interests in LBHI purportedly owned in the form of restricted stock units, contingent stock awards, contingent equity awards, stock options, and/or other equity-related compensation (together, the "Equity Awards"), all of which were granted to employees of LBI and other Lehman entities as part of their compensation, and provided employees with the right to shares of LBHI common stock on a future date upon the satisfaction of certain conditions.

  - LBI has no liability for the Equity Awards.  Ownership of Equity Awards represents an equity interest in LBHI, not LBI, the debtor in this separate and distinct SIPA Proceeding.[4]

- Pension benefits owed under the Lehman Brothers Holdings Inc. Pension Plan (the "LBHI Plan," or the "Plan").

  - The Pension Benefit Guaranty Corporation ("PBGC") assumed responsibility for the Plan, in accordance with Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Under ERISA, LBI has no remaining liabilities for pension benefits owed pursuant to the Plan.

- Relocation expenses related to the sale of a home ("Relocation Expenses").

  - The Lehman Brothers Executive Relocation and Home Sale Policy, attached hereto as Exhibit B (the "Relocation Policy"), conditions reimbursements on continuing employment with a Lehman entity.  As

---

4.   The Trustee specifically reserves the right to object to any of the Equity Awards Claims that are not disallowed and expunged on the basis that the Equity Awards were not earned or awarded pursuant to employment with LBI.  Furthermore, even if ownership of the Equity Awards were to represent an equity interest in LBI (which it does not), ownership of the Equity Awards would not constitute a "claim" against LBI as that term is defined in section 101 of the Bankruptcy Code, and the Equity Awards Claims would be subject to reclassification as equity interests.

each of the Claimants transferred to Barclays pursuant to the APA and ceased to be employed by a Lehman entity, LBI has no liability for claims for Relocation Expenses.

6.    Each of the Claims listed on <u>Exhibit A</u> seeks to recover based on one or more of the following grounds: bonuses for which LBI has no liability, wages purportedly earned after the Filing Date, Equity Awards representing an equity interest in LBHI, pension benefits liability assumed by the PBGC, and/or Relocation Expenses.  The Trustee requests that each of the Claims be disallowed and expunged in their entirety.

## JURISDICTION

7.    Following removal to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred by [SIPA] upon the court to which application for the issuance of the protective decree was made."  15 U.S.C. § 78eee(b)(4).

8.    Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C. section 78aa.

## BACKGROUND

9.    On September 19, 2008 (the "<u>Filing Date</u>"), the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, entered the Order Commencing Liquidation of LBI (the "<u>LBI Liquidation Order</u>," ECF. No. 1) pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii) removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4)

of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA

Proceeding").

10.     On November 7, 2008, the Court entered the Order Approving Form and Manner

of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for

Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other

Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Customer Claims Process

Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-

2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former

LBI customers and other potential claimants (the "Claims Process Notice") and posted claims

filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website

(www.sipc.org).  The Trustee also published notice of the claims process in *The New York*

*Times*, *The Wall Street Journal* and *The Financial Times*.

11.     Pursuant to SIPA section 78fff-2(a)(3) and the Customer Claims Process Order,

customer claims seeking maximum protection under SIPA must have been received by the

Trustee on or before January 30, 2009.  All customer claims and general creditor claims must

have been received by the Trustee by June 1, 2009 and no claims of any kind will be allowed

unless received by the Trustee on or before June 1, 2009 (the "Bar Date").  In addition to the Bar

Date, on September 19, 2013, the Bankruptcy Court entered an order (the "Administrative Bar

Date Order") that established October 31, 2013 (the "Administrative Bar Date") as the deadline

to file a proof of claim for administrative expense claims against the LBI estate, as further

described in the Administrative Bar Date Order, with respect to such administrative expenses

arising between September 19, 2008 and August 31, 2013.  The Administrative Bar Date has

now passed.  A copy of the Customer Claims Process Order was made publicly available at

www.lehmantrustee.com.  The Trustee's website allowed claimants filing electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Proof of Claim.

12.    In accordance with the Customer Claims Process Order, in cases where the Trustee denied a claim for protection as a customer and converted the claim to a general creditor claim, the Trustee notified the claimant consistent with the procedures set forth in the Customer Claims Process Order.  The claimant was afforded the opportunity to object and have the matter heard by the Court if the claimant was aggrieved by the Trustee's denial of customer treatment and conversion of the claim to a general creditor claim.  If a claimant did not object to the Trustee's conversion of the claim consistent with the procedures set forth in the Customer Claims Process Order, the Trustee's conversion of the claim to a general creditor claim became final.  No determination was made as to the validity or allowed amount of such converted and reclassified claims.

13.    On November 15, 2012, the Court entered the General Creditor Claim Objection Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections to no more than 200 general creditor claims at a time on various grounds, including the grounds that the claims subject to the omnibus objection seek recovery of amounts for which LBI is not liable.

## THE EMPLOYMENT CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

14.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co. v. Oneida*

*Ltd.*, No. *09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010)*; *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

## I.    **The Compensation Claims Should Be Disallowed and Expunged.**

15.    Based on analysis by the Trustee's counsel of the claims listed under the heading "Compensation Claims" on Exhibit A (the "Compensation Claims") and other relevant documents and materials, the Trustee has identified the Compensation Claims as claims for bonuses and/or wages for which LBI has no liability.

### A.    *The Claims for Bonuses Should Be Disallowed and Expunged.*

16.    Each of the Compensation Claims is based, in whole or part, on bonuses purportedly owed to the Transferred Employees listed on the Compensation Claims, including bonuses payable as part of 2008, 2009, and 2010 bonus distributions. As the liability for 2008 bonuses was assumed by Barclays pursuant to the APA and this Court has held that LBI has no ongoing liabilities to the Transferred Employees for bonus compensation (nor could it be otherwise, as the claims for 2009 and 2010 bonuses are precluded by the cap under section 502(b)(7) of the Bankruptcy Code), LBI has no liability for these portions of the Compensation Claims.

17.    Under the terms of the APA, Barclays agreed to assume certain compensation liabilities with respect to Lehman employees who accepted Barclays' offer of employment. (*See* APA §§ 2.3 and 9.1.)

8

18.    Under Section 9.1(c) of the APA, Barclays agreed to assume payment of "08

Annual Bonuses" in the amount of "Accrued 08 FY Liability." Section 9.1(c) provides as

follows:

> (c) On or after the Closing, Purchaser shall, or shall cause its Subsidiaries to, pay each Transferred Employee an annual bonus ("08 Annual Bonuses"), in respect of the 2008 Fiscal Year that, in the aggregate, are equal in amount to 100 percent of the bonus pool amounts accrued in respect of amounts payable for incentive compensation (but not base salary) and reflected on the financial schedule delivered to Purchaser on September 16, 2008 and initialed by an officer of each of Holdings and Purchaser (the "Accrued 08 FY Liability"). Such 08 Annual Bonuses shall be awarded on or before March 13, 2009 in such forms and proportions as are consistent with Purchaser's customary practices, so that the aggregate amount awarded shall equal the Accrued 08 FY Liability.

19.    Further, for any Transferred Employee who was terminated prior to December 31,

2008 by reason of a reduction in force or job elimination, Barclays was to pay the Transferred

Employee severance payments and benefits at levels no less favorable than such terminated

Transferred Employee would have been entitled to receive pursuant to applicable Lehman

severance plans or agreements.[5]  (*See* APA § 9.1(b).)

20.    In relation to certain breach of contract claims asserted in LBHI's Adversary

Complaint against Barclays, filed November 16, 2009, this Court held on LBHI's motion for

summary judgment that, under Section 9.1(c) of the APA, Barclays was obligated to pay bonus

compensation to the Transferred Employees in an amount to be determined by Lehman's internal

bonus accruals for the 2008 fiscal year.  In particular, the Court stated:

> [T]he operative language of the APA plainly states that the liabilities being assumed by Barclays for bonus compensation are to be determined by referring to

---

5.  This provision is relevant to the extent that any of the Transferred Employees was terminated by Barclays prior to December 31, 2008.

Lehman's internal bonus accruals for the 2008 fiscal year. These accruals, whatever they turned out to be, would determine the amount of the total liabilities being assumed for bonuses.

*In re Lehman Bros. Holdings Inc.*, 456 B.R. 213, 218-19 (Bankr. S.D.N.Y. 2011).

21.    In its summary judgment decision,[6] this Court also expressly held that "Lehman no longer has any ongoing liabilities to the Transferred Employees for bonus compensation." *Id.* at 219. When it denied LBHI's motion for summary judgment, the Court held that LBHI could not recover damages for bonuses Barclays had not paid. In particular, the Court held in relevant part:

> The critical missing ingredient in all of this is that Lehman is unable to show that it still has any ongoing liabilities to these employees. Without such a showing, Lehman has suffered no damages regardless of the actual amount of the employee liabilities that have been assumed by Barclays under the APA and paid to the Transferred Employees. . . . **Lehman no longer has any ongoing liabilities to the Transferred Employees for bonus compensation** and can show no damages due to the alleged breach of section 9.1(c) of the APA. In common vernacular, this is a 'no harm, no foul' situation in which Lehman has not been hurt regardless of the amounts paid by Barclays to Transferred Employees because the Accrued 08 FY Liability has been assumed and satisfied in full.

*Id.* at 219-20 (emphasis added).

---

6.    While this summary judgment decision relates to claims made by LBHI in its adversary proceedings against Barclays, both LBI and LBHI were signatories to the APA and the provisions of APA Articles 2 and 9 apply to both entities.

LBI also filed an adversary complaint against Barclays asserting substantively identical breach of contract claims against Barclays in relation to Barclays' payment of bonuses under the APA. *See* Adversary Compl. at ¶¶ 85-90, 139-42, *Giddens v .Barclays*, No. 09-01732 (JMP) (Bankr. S.D.N.Y. Nov. 16, 2009). LBI and Barclays subsequently stipulated that the Trustee would withdraw the breach of contract claim to the extent that it related to Barclays' failure to pay bonus amounts under the APA. Stip. and Order Amending the Trustee's Adversary Complaint, *Giddens v .Barclays*, No. 09-01732 (JMP) (Bankr. S.D.N.Y. July 15, 2011), ECF No. 9 (the "Stipulation Agreement"). The Stipulation Agreement is subject to the Trustee's right to refile this claim against Barclays should any such claims filed by employees for bonuses be allowed against LBI.

22.    With respect to claims for 2009 and 2010 bonuses, the Court's decision is consistent with Bankruptcy Code Section 502(b)(7), which caps an employee's claims against a debtor for damages resulting from the termination of an employment contract to one year of compensation, calculated from the earlier of the date of termination or the petition date, plus any unpaid compensation due prior to the earlier of those two dates.  11 U.S.C. 502(b)(7); *see In re WorldCom, Inc.*, 361 B.R. 675, 682 (Bankr. S.D.N.Y. 2007) (listing factors to consider when determining whether a claim is subject to the Bankruptcy Code section 502(b)(7) cap).

23.    If the claims for bonuses remain on the claims register, parties who do not hold valid claims against the LBI estate will recover.  Accordingly, the Trustee requests that the Court enter an order disallowing and expunging the Claims to the extent that they assert claims for bonuses.

### B.    The Claims for Wages Should Be Disallowed and Expunged.

24.    Certain of the Compensation Claims also assert a claim for wages for periods after the Filing Date pursuant to an employment contract with LBI or another Lehman entity. Each of the employment contracts attached to these Claims states that the salary provisions of the contract will be paid only for periods when the claimant is actively employed by Lehman, and further states that the employment contract is not a contract of continuing employment and that the claimant's employment is for no fixed term.  As all of the Claimants were transferred to Barclays pursuant to the APA, none of the Claimants were employed by LBI after the Filing Date.  (*See* footnote 2, *infra*; APA § 9.)  The LBI estate therefore is not liable for claims for wages for periods after that date.

## II.    The Equity Awards Claims Should Be Disallowed and Expunged.

25.    Based on analysis by the Trustee's counsel of the Claims listed under the heading "Equity Awards Claims" on Exhibit A ("Equity Awards Claims") and other relevant documents and materials,[7] the Trustee has identified the Equity Awards Claims as claims for which LBI is not liable, as the Equity Awards Claims seek recovery of equity interests (owned in the form of Equity Awards) in LBHI.

26.    The holders of the Equity Awards Claims fail to articulate any legal or factual justification for asserting a claim against LBI.  The Equity Awards gave claimants the right to acquire stock in LBHI, not LBI, and the Equity Awards Claims do not give rise to a claim against LBI.[8]  If the Equity Awards Claims remain on the claims register, parties who do not

---

7.    Documents reviewed by the Trustee's counsel include agreements governing the Equity Awards, plans and prospectuses governing the use of Equity Awards by LBI and other Lehman entities, and minutes of the committee responsible for approving the grant of and plans governing the Equity Awards.

8.    Even if the Equity Awards were to have given claimants an equity interest in LBI (which they do not), the Equity Awards Claims would be subject to reclassification as interests.  Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest. 11 U.S.C. § 501(a).  Contracts concerning a variety of stock-based transactions, including the right to acquire stock, qualify as equity securities under the Bankruptcy Code.  *See*, *e.g.*, *In re Enron Corp.*, 341 B.R. 141, 162-63 (Bankr. S.D.N.Y. 2006) (holding that a "phantom" stock purchase program where delivery of shares was deferred for tax purposes qualified as a security for the purpose of distribution under the Bankruptcy Code). The Equity Awards gave claimants the right to acquire stock in LBHI after the satisfaction of certain conditions and thus must be deemed "equity securities" under the Bankruptcy Code.

In addition, even if the holders of the Equity Awards Claims were to have articulated any legal or factual justification for asserting a claim against LBI based on the Equity Awards (which they have not), these claims would be subordinated pursuant to section 510 of the Bankruptcy Code on several grounds.  First, certain of the Equity Awards are governed by agreements which provided that, in the event of a bankruptcy of LBHI, all claims arising from, in connection with, or in any way relating to any failure to deliver shares of common stock shall have the same priority as, and no greater priority than, common stock interests in LBHI.  Subordination agreements such as these are enforceable in bankruptcy.  11 U.S.C. § 510(a); *see*, *e.g.*, *In re Leasing Consultants, Inc.*, 2 B.R. 165, 168 (Bankr. E.D.N.Y. 1980) (citing *In re Credit Indus. Corp.*, 366 F.2d 402, 407 (2d Cir. 1966)).  Second, any claim arising from the Equity Awards would be subject to subordination under section 510(b) of the Bankruptcy Code, which provides that for purposes of distribution, a claim for damages arising from the purchase or sale of a security shall have the same priority as the security.  11 U.S.C. § 510(b).

(Footnote continued on next page)

hold valid claims against the LBI Estate will recover. Thus, the Trustee requests that the Court

enter an order disallowing and expunging in their entirety the Equity Awards Claims.

### III.   The Assumed Pension Claim Should Be Disallowed and Expunged.

27.   The claim identified under the heading "Assumed Pension Claim" on Exhibit A

(the "Assumed Pension Claim") asserts a claim against the LBI Estate premised on amounts due

under the LBHI Plan. The LBHI Plan was terminated by its sponsor in December 2008, and the

PBGC became the trustee for the Plan on June 17, 2009.

28.   As a consequence of the termination of the Assumed Pension Plans, and pursuant

to § 4062(a) and (b) of ERISA, the Plan's sponsors were liable only to the PBGC for "the total

amount of the unfunded benefit liabilities" and are not redundantly liable to any other party for

claims arising under the terminated Plans.[9] 29 U.S.C. § 1362. Therefore, under ERISA, the

---

(Footnote continued from prior page)

The grant of securities as part of compensation packages qualifies as "a purchase or sale" of a security for the purposes of section 510(b). *See, e.g.*, *Spirnak v. Motors Liquidation Co. GUC Trust (In re Motor Liquidation Co.)*, No. 11 Civ. 7893(DLC), 2012 WL 398640, at *4 (S.D.N.Y. Feb. 7, 2012); *In re WorldCom, Inc.*, No. 02-13533(AJG), 2006 WL 3782712, at *5-6 (S.D.N.Y. Dec. 21, 2006). "Physical possession of the security is not required for a claim based upon that security to be subordinated." *Enron*, 341 B.R. at 163 (citing *American Broad. Sys. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823, 829-30 (9th Cir. 2001)). Therefore, as this Court held in *Enron*, claims for the payment of damages in connection with equity-related awards granted to employees as a component of compensation must be subordinated under section 510(b) of the Bankruptcy Code. *Id.*

9.   On June 3, 2009, the Court approved a settlement agreement (the "PBGC Settlement") with the PBGC regarding the LBHI Plan and affecting LBHI, LBI, and the other Lehman affiliates and subsidiaries (collectively, the "Lehman Group"). Under the PBGC Settlement, the PBGC agreed to withdraw all claims it had filed related to the LBHI Plan in exchange for, *inter alia*, a lump sum payment by the Lehman Group.

holder of the Assumed Pension Claim does not have a legal right to assert a claim or collect any amounts from the LBI estate in respect of amounts due under the LBHI Plan.[10]

29.    Therefore, the Trustee requests the Court enter an order disallowing and expunging in its entirety the Assumed Pension Claim.

## IV.    The Relocation Expenses Claim Should Be Disallowed and Expunged.

30.    Based on analysis by the Trustee's counsel of the general creditor claim listed as a "Relocation Expenses Claim" on Exhibit A (the "Relocation Expenses Claim"), the Trustee has determined that LBI is not liable.

31.    The Relocation Expenses Claim asserts a claim for the value of Relocation Expenses allegedly owed pursuant to the Relocation Policy.  However, the policy states that "[u]pon termination of your employment for any reason, any remaining relocation benefits will cease immediately."  (Relocation Policy p. 7.)  As the claimant listed on the Relocation Expenses Claim transferred to Barclays pursuant to the APA and ceased to be employed by a Lehman entity, LBI has no liability for claims for Relocation Expenses.[11]

32.    The provisions of the Relocation Policy make it clear that the Relocation Expenses Claim is not a valid claim against the LBI Estate.  Therefore, the Trustee respectfully

---

10.  The Court has granted similar relief in the Chapter 11 reorganization of LBHI with respect to claims based on pension liabilities related to the LBHI Plan.  *See, e.g., Order Granting [Chapter 11] Debtors' One Hundred Tenth Omnibus Objection to Claims (No Liability Pension Claims)*, ECF No. 16343; *Order Granting [Chapter 11] Debtor's One Hundred Seventy-Fifth Omnibus Objection to Claims (No Liability Pension Claims)*, ECF No. 20632.

11.  The Relocation Policy further states that "should [the employee] voluntarily leave the Firm within the first twelve months of [his or her] transfer, [the employee] will be required to repay the Firm for all . . . relocation expenses paid to [the employee] or on [his or her] behalf."  The claimant listed on the Relocation Expenses Claim was hired and asked to relocate less than a year before the Filing Date.

requests that the Relocation Expenses Claim be disallowed and expunged from LBI's claims

register in its entirety.

## RESERVATION OF RIGHTS

33.     The Trustee reserves all rights to object on any other basis to any Employment

Claim or any portion of any Employment Claim which the Court does not disallow and expunge

in its entirety, including on the basis that the Claimants were not employed by LBI.

## NOTICE

34.     Notice of this Two Hundred Thirty-Seventh Omnibus Objection to General

Creditor Claims has been provided to (i) each claimant listed on Exhibit A via First Class Mail;

and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended

Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and

9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered

by the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection

upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee

submits that no other or further notice need be provided.

## NO PRIOR RELIEF REQUESTED

35.     No previous request for the relief requested herein has been made by the Trustee

to this or any other Court, except that the Trustee previously filed an objection to the claims

numbered 4361 and 3717 filed by The Estate of Gerry Reilly and Lonnie Rothbort, respectively,

on the grounds that these claims lacked sufficient documentation.  (See ECF No. 6426.)  The

Trustee withdrew his objection on insufficient documentation grounds to those claims without

prejudice because The Estate of Gerry Reilly and Lonnie Rothbort provided certain additional

documentation regarding their claims.  (See ECF No. 6872.)  However, by this Objection, the

Trustee now objects to the claims numbered 4361 and 3717 for the additional reasons stated on

Exhibit A.

## **CONCLUSION**

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:   New York, New York
         May 30, 2014

                                   HUGHES HUBBARD & REED LLP

                                   By: /s/ James B. Kobak, Jr.
                                   James B. Kobak, Jr.
                                   Christopher K. Kiplok
                                   Meaghan C. Gragg
                                   Karen M. Chau
                                   One Battery Park Plaza
                                   New York, New York 10004
                                   Telephone:  (212) 837-6000
                                   Facsimile:  (212) 422-4726
                                   Email:  kobak@hugheshubbard.com


                                   Attorneys for James W. Giddens,
                                   Trustee for the SIPA Liquidation of
                                   Lehman Brothers Inc.

**EXHIBIT A**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION: EXHIBIT A- EMPLOYMENT CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 1 | 1EE LLC, AS ASSIGNEE 133 OLD GULPH ROAD WYNNEWOOD, PA  19096 | 4856 | 5/28/2009 | $83,998,440.00 | X | X | | |
| 2 | AGRAWAL, SHASHANK 205 HUDSON STREET APT 1110 HOBOKEN, NJ  07030 | 7000580 | 1/27/2009 | $1,400,470.76 | X | | | |
| 3 | ALDAMA, JAIME REYERO 188 LUDLOW STREET APT 11A NEW YORK, NY  10002 | 7000318 | 1/12/2009 | $2,300,000.00 | X | | | |
| 4 | BAM, OLIVIA VALDI LICUL, ESQ. VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C. 1501 BROADWAY, SUITE 800 NEW YORK, NY  10036 | 4810 | 5/27/2009 | $185,000.00 | X | | | |
| 5 | BLAKESLEE, THOMAS P. 3 THORNBROOK LANE BEDFORD, NY  10506 | 1573 | 1/26/2009 | $1,500,000.00 | X | | | |
| 6 | CHIU, LILIANA 49 HARVEST DRIVE SCARSDALE, NY  10583 | 768 | 1/7/2009 | $450,000.00 | X | | | |
| 7 | COLUCCIO, DOMINIC FRANK 25-40 SHORE BLVD, APT 2B LONG ISLAND CITY, NY  11102 | 7000237 | 1/2/2009 | $160,000.00 | X | | | |
| 8 | COOPER, JAMSHED 21 SYCAMORE DRIVE ROSLYN, NY  11576 | 7000157 | 12/20/2008 | $525,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 9 | CORETH, MAXIMILIAN<br>93 MERCER STREET<br>APT #2E<br>NEW YORK, NY  10012 | 8002190 | 1/29/2009 | UNSPECIFIED* | X | X | | |
| 10 | COSME, JAVIER<br>41 RIVER TERRACE<br>APT 1905<br>NEW YORK, NY  10282 | 8002195 | 1/29/2009 | UNSPECIFIED* | X | X | | |
| 11 | DEPINTO, DAVID A<br>1 CAREN COURT<br>SYOSSET, NY  11791 | 7001054 | 1/28/2009 | $110,000.00 | X | | | |
| 12 | DWYER, KENDALL L<br>425 WEST 23RD STREET<br>APT 15E<br>NEW YORK, NY  10011 | 7002442 | 5/29/2009 | $185,000.00 | X | | | |
| 13 | ERSOFF, BRETT<br>4 LINCOLN WOODS<br>PURCHASE, NY  10577 | 2233 | 1/29/2009 | $5,800,000.00 | X | | | |
| 14 | ESTATE OF GERRY REILLY<br>MS. MARYANN REILLY, EXECUTOR<br>OF THE ESTATE OF GERRY REILLY<br>178 JAMES STREET<br>MORRISTOWN, NJ  07960 | 4361 | 4/23/2009 | $2,100,000.00 | X | | | |
| 15 | FEDOTOV, SERGEI<br>57 W 84TH ST<br>APT 2G<br>NEW YORK, NY  10024 | 7000279 | 12/16/2008 | $40,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

2

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 16 | FRASE, JEFFREY ATTN: DAVID J. MARK C/O KASOWITZ, BENSON, TORRES & FRIEDMAN LLP 1633 BROADWAY NEW YORK, NY 10019 | 4679 | 5/22/2009 | $7,800,000.00 | X | | | |
| 17 | GAO, LIHUA 7 E14TH STREET, APT 701 NEW YORK CITY, NY 10003 | 7000390 | 12/21/2008 | $100,000.00 | X | | | |
| 18 | GLOBERSON, DANIEL 51 RELIHAN RD DARIEN, CT 06820 | 7001625 | 5/17/2009 | $1,200,000.00 | X | | | |
| 19 | GLOVER, MICHAEL SCOTT 132 BROOKVILLE ROAD BROOKVILLE, NY 11545 | 7001360 | 4/16/2009 | $2,325,000.00 | X | | | |
| 20 | GOYAL, ANSHUMAN 21 PENNY LANE SCARSDALE, NY 10583 | 2757 | 1/30/2009 | $4,176,740.27 | X | X | | |
| 21 | GUPTA, SUCHITRA 6 NORTH RIDGE ARMONK, NY 10504 | 7000414 | 1/20/2009 | $275,000.00 | X | X | | |
| 22 | HANSON, MICHAEL S. 133 MEETINGHOUSE ROAD DOYLESTOWN, PA 18901 | 7002451 | 6/1/2009 | $325,000.00 | X | | | |
| 23 | HOLGUIN, ALFREDO 1 BILLINGTON COURT RYE, NY 10580 | 2253 | 1/29/2009 | $625,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 24 | HUERTA, DAVID H<br>TRES PICOS 19 APT 102<br>CHAPULTEPEC POLANCO  11560<br>MEXICO | 7000427 | 1/21/2009 | $1,800,000.00 | X | | | |
| 25 | INGLIS, CRAIG<br>615 ADAMS STREET<br>APARTMENT 4D<br>HOBOKEN, NJ  07030 | 2614 | 1/30/2009 | $80,000.00 | X | | | |
| 26 | JAIN, AMIT<br>21 EAST 96TH ST, APT 3<br>NEW YORK, NY  10128 | 4702 | 5/22/2009 | $7,269,066.00 | X | | | |
| 27 | JARDINIANO, MATRILLA<br>303 E37 ST. APT 3L<br>NEW YORK, NY  10016 | 3554 | 2/9/2009 | $70,000.00 | X | | | |
| 28 | JUDKINS, WAYNE<br>C/O GREGORY REID, ESQ.<br>REID RODRIGUEZ & ROUSE LLP<br>1120 AVENUE OF THE AMERICAS<br>FOURTH FLOOR<br>NEW YORK, NY  10036 | 4470 | 5/8/2009 | $2,800,000.00 | X | | | X |
| 29 | KATZ, ALLAN<br>39 WILLOWBROOK DR.<br>NORTH CALDWELL, NJ  07006-4411 | 618 | 1/2/2009 | $250,000.00 | X | | | |
| 30 | KAUFMAN, JULIA<br>27 W 72ND ST, #1102<br>NEW YORK, NY  10023 | 6366 | 6/1/2009 | $500,000.00 | X | | | |
| 31 | KETTLER, KYLE R.<br>154 PLANTATION RD.<br>HOUSTON, TX  77024 | 1236 | 1/21/2009 | $350,000.00 | X | | | |

*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

4

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 32 | KOHLI, SANDEEP K<br>12 CONSTITUTION WAY<br>JERSEY CITY, NJ 07305 | 7002273 | 5/29/2009 | $1,700,000.00 | X | | | |
| 33 | LEE, SOPHIA<br>156 HEMLOCK ROAD<br>MANHASSET, NY 11030 | 832 | 1/9/2009 | $70,000.00 | X | | | |
| 34 | LEON, ADRIANA<br>235 W. 48 ST APT 18N<br>NEW YORK, NY 10036 | 2254 | 1/29/2009 | $135,000.00 | X | | | |
| 35 | LESIN, ALEXANDER<br>ATTN: ARLENE R. ALVES<br>C/O SEWARD & KISSEL LLP<br>ONE BATTERY PLAZA<br>NEW YORK, NY 10004-1485 | 4808 | 5/27/2009 | $2,800,000.00 | X | | | |
| 36 | LEVAR, MATTHEW<br>7923 S. DUQUESNE WAY<br>AURORA, CO 80016 | 2277 | 1/29/2009 | $753,076.87 | X | | | |
| 37 | LOFFREDO, DAVID<br>18 INDIAN HILL ROAD<br>WESTPORT, CT 06880 | 2077 | 1/29/2009 | $450,000.00 | X | | | |
| 38 | LU, HAO<br>231 CLAYTON RD<br>SCARSDALE, NY 10583 | 4343 | 4/20/2009 | $200,000.00 | X | | | |
| 39 | MA, YONG<br>17 CEDAR HOLLOW DRIVE<br>STIRLING, NJ 07980 | 7000511 | 1/26/2009 | $275,000.00 | X | | | |
| 40 | MAZAHERI, MOHSEN<br>11 BIRD HILL AVE<br>WELLESLEY, MA 02481 | 8001191 | 1/19/2009 | UNSPECIFIED* | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 41 | MAZZACANO, EDWARD 4 WEBB COURT PARK RIDGE, NJ 07656 | 1909 | 1/28/2009 | $400,000.00 | X | | | |
| 42 | MILLER, BRUCE 12158 PINE TOP STREET PARKER, CO 80138-8752 | 3523 | 2/6/2009 | $740,882.51 | X | | | |
| 43 | MONROY, ALEXANDER E 100 WINSTON DRIVE APT 9GS CLIFFSIDE PARK, NJ 07010 | 7002531 | 6/1/2009 | $500,000.00 | X | | | |
| 44 | MORRAS, MIGUEL 10 NAVY WHARF CRT. #4506 TORONTO, ON M5V 3V2 CANADA | 8002162 | 1/29/2009 | UNSPECIFIED* | X | | | |
| 45 | MULLEN, PAUL 15 VICTORIA COURT CREAM RIDGE, NJ 08514 | 2271 | 1/29/2009 | $325,000.00 | X | | | |
| 46 | MURTHY, AKSHAY HARRY W. LIPMAN; ROTTENBERG LIPMAN RICH 369 LEXINGTON AVENUE NEW YORK, NY 10017 | 7000398 | 1/20/2009 | $1,068,480.00 | X | | | |
| 47 | NAZIN, MIMI 204 MONTROSE AVE APT 3A BROOKLYN, NY 11206 | 522 | 12/29/2008 | $65,000.00 | X | | | |
| 48 | NEAVE, JONATHAN 22 SAUGATUCK RIVER RD WESTON, CT 06883 | 2623 | 1/30/2009 | $600,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

6

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 49 | O'CONNOR, MATT 201 EAST 86TH STREET APT 25C NEW YORK, NY  10028 | 1847 | 1/28/2009 | $125,000.00 | X | | | |
| 50 | O'MALLEY, TODD M. 5596 NW 23RD TERR BOCA RATON, FL  33496 | 2071 | 1/29/2009 | $472,500.00 | X | | | |
| 51 | PHILLIPS, ALEXANDER 201 EAST 69TH ST. APT 8P NEW YORK, NY  10021 | 7000653 | 1/24/2009 | $1,055,796.00 | X | | | |
| 52 | PIEPER, RICHARD 5325 SPUR CROSS TRAIL PARKER, CO  80134 | 6117 | 9/14/2009 | $782,179.10 | X | | | |
| 53 | PIO, JEFFREY 52 EGBERT AVENUE MORRISTOWN, NJ  07960 | 8002447 | 1/29/2009 | UNSPECIFIED* | X | | | |
| 54 | RACE, ERIC C/O STEVEN EICHEL CROWELL & MORING LLP 590 MADISON AVENUE, 20TH FLOOR NEW YORK, NY  10022 | 1942 | 1/28/2009 | $1,000,000.00 | X | | | |
| 55 | RAMAN, MURALI 36 WINDSOR WAY MILLINGTON, NJ  07946 | 7000591 | 1/27/2009 | $100,000.00 | X | | | |
| 56 | RIBEIRO, RODRIGO L 92 SW 3RD STREET APT 2101 MIAMI, FL  33130 | 7001066 | 1/29/2009 | $50,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 57 | RIJHSINGHANI, AMIT 27 CHERRY STREET JERSEY CITY, NJ  07305 | 7002355 | 5/31/2009 | $50,000.00 | X | | | |
| 58 | ROTHBORT, LONNIE 1 TUDOR LANE SANDS POINT, NY  11050 | 3717 | 2/27/2009 | $853,846.11 | X | | | |
| 59 | RYANS, PAUL J 14 BONNETT AVE LARCHMONT, NY  10538 | 7001079 | 1/30/2009 | $300,000.00 | X | | | |
| 60 | SALAME, ROY J. ATTN: DAVID J. MARK C/O KASOWITZ, BENSON, TORRES & FRIEDMAN LLP 1633 BROADWAY NEW YORK, NY  10019 | 4678 | 5/22/2009 | $5,800,000.00 | X | | | |
| 61 | SCHECHNER, PAUL SHERIDAN 45 GROSVENOR ROAD SHORT HILLS, NJ  07078 | 2107 | 10/8/2008 | $4,861,538.48 | X | | | |
| 62 | SHAPIRO, JULIE R. 201 WEST HYERDALE DRIVE GOSHEN, CT  06756 | 4922 | 5/29/2009 | $150,000.00 | X | | | |
| 63 | SHI, ZHIYONG 9 ROSS AVE CHESTNUT RIDGE, NY  10977 | 5106 | 5/27/2009 | $336,605.00 | X | | X | |
| 64 | SONG, YUNHO 24 CACTUS IRVINE, CA  92603 | 4642 | 5/21/2009 | $1,639,524.00 | X | | | |
| 65 | VERGHESE, P. MATHEW 3322 PLUMB ST. HOUSTON, TX  77005 | 3674 | 2/23/2009 | $358,082.19 | X | | | |

\*     Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 66 | WARGON, BRIAN SCOTT 1366 HEARTHSTONE LANE GLADWYNE, PA  19035 | 7001560 | 5/15/2009 | $347,867.25 | X | | | |
| 67 | WONG, CLIFFORD 300 E39TH STREET APT 19D NEW YORK, NY  10016 | 8002146 | 1/29/2009 | UNSPECIFIED* | X | | | |
| | Total | | | $157,065,094.54 | | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

**EXHIBIT B**

# LEHMAN BROTHERS

## EXECUTIVE RELOCATION AND HOME SALE POLICY

Effective January 1, 2008

## I. *General*

### A. Eligibility

Lehman Brothers provides relocation assistance for executive employees who are being transferred at the Firm's request. Relocation expenses as stated in this policy will be reimbursed or services will be engaged on your behalf, only when the distance from your former residence to your new work location is 50 miles greater than the distance between your former residence and your former work location. Eligibility for relocation assistance is subject to change in accordance with revisions to IRS guidelines.

### B. Relocation Expense Reimbursement

Careful documentation is required due to the tax ramifications of relocation expense reimbursements. All expenses incurred directly by you, for which you will be reimbursed, should be submitted to the Relocation Department along with original receipts. Be sure to retain copies of your receipts for your records. The Firm will reimburse you for relocation expenses only during the first six (6) months after the completion of your move; no expenses can be processed without the necessary documentation and appropriate approvals.

### C. Taxability of Relocation Reimbursements

There are a number of federal, state, and local tax laws that will apply to your relocation. These various taxing authorities may consider all or part of the reimbursed expenses and other payments that are made on your behalf to be taxable income. You may be able to claim income tax deductions for some of these expenses, and you may be required to pay taxes on other reimbursements.

You will also be advised of the portion of your relocation expenses that are not tax deductible and on which taxes are due. The Firm will remit directly to the appropriate tax authority a payment (gross-up) based on your tax bracket, intended to assist in offsetting the tax consequences of your move. For further information, you may wish to consult IRS Publication 521, "Moving Expenses."

### D. American Express Travel Center

Lehman Brothers employees are required to make all air, land, hotel and car rental reservations, including en route changes, through Lehman Brothers' Exclusive Travel Agent for the Americas, currently American Express Travel Center located in Omaha, Nebraska (Amex Travel) at (800) 858-5073 or (402) 697-5300. This will ensure that Lehman Brothers receives the maximum benefit of all discount, rebate and revenue sharing arrangements that have been negotiated with the Firm's preferred vendors. Additionally, this ensures that the Firm captures information which is essential for effective vendor negotiations. **Because the Firm loses these advantages when Amex Travel is not used, employees who do not use Amex Travel will receive only partial reimbursement of expenses (reflecting the amount typically lost by the Firm), as follows:**

◊   90% of the nightly lodging charge(s)
◊   80% of the cost of your airline ticket(s)
◊   50% of your car rental expense

Please note that your airfare may be billed directly to the Firm, provided your flight itinerary is in accordance with the Firm's travel guidelines. Please contact your Relocation Counselor for arrangements and direct billing to Lehman Brothers.

EXECUTIVE RELOCATION & HOME SALE POLICY

**E. Relocation Counselor**

The Relocation Department will provide you with a Counselor to assist you and your family with your move.  Please contact your Relocation Counselor regarding the administration of relocation entitlements, the coordination of third party vendors, and expense reimbursement.

**Julie DiBerardino**
**Julie.diberardino@lehman.com**
**212-320-6201**

## II. Relocation Entitlements

**A. Shipment and Storage of Household Goods**

**1. Moving Service**

Your Relocation Counselor will arrange for a van line to assist you in moving your household goods to the new location.  Since the Firm has negotiated special rates with selected van lines, please do not make these arrangements yourself.

**2. Household Goods**

The Firm will be billed directly for the cost of moving your household goods to the new location, including packing, shipping, and unpacking.  Shipment of items not considered normal household goods will not be permitted.  Such items include, but are not limited to: furnishings of second homes, boats or trailers, building or construction materials, firewood, personal hobby equipment, decorative outdoor statuaries or plants, etc.

**3. Storage**

The Firm will provide temporary storage for up to a maximum of thirty (30) days from the time the former residence is vacated.  Only those items on the original household goods bill of lading will be eligible for storage.  Additional storage may be coordinated with the van line at your own expense.

**4. Insurance**

The Firm provides replacement value coverage protection while your goods are in transit and storage, up to a maximum of $75,000, and based upon the value of the inventory.  Should you require additional insurance coverage, please contact your Relocation Counselor immediately.

**5. Automobiles**

For moves over 500 miles, the Firm will allow the shipment of one (1) automobile for single employees (up to two (2) automobiles for married employees) via the most efficient means available.  Should you elect to drive, mileage will be reimbursed according to current Firm policy.  For moves under 500 miles, you will be expected to drive at least one (1) automobile to the new location.

**6. Other Personal  Items**

You should arrange separately for the transfer of all valuable and sentimental items and will be responsible for all transit and insurance costs associated with these items.

EXECUTIVE RELOCATION & HOME SALE POLICY

## B.  Former Residence

### Duplicate Housing Program

If you own your current home, you may not be able to sell and close on your residence prior to purchasing your new home.  The Firm will offer assistance to you by reimbursing you for the lesser of the following:

- Your operating costs on the former residence (mortgage interest, real estate taxes, utilities, homeowner's insurance, and maintenance), or

- Temporary accommodation expenses beyond the thirty day allowance

The lesser of the above costs will be reimbursed for a maximum of three (3) months or until the former residence has been sold and closed, whichever occurs first.

Refer to Section *III. Home Sale Entitlements* regarding the sale of your former residence.

## C.  New Residence

### 1.  Preview Trip

In order to assist you in finding a home in your new location, the Firm will reimburse you for a maximum of one (1) househunting trip for you (and your family if applicable), not to exceed five (5) days, including travel time.  Reimbursable expenses include the reasonable cost (according to the Firm's current travel policy guidelines) of lodging and transportation.  Please contact your Relocation Counselor for assistance with accommodations.

#### a.  Airport Transportation Allowance

You will receive a $150 allowance to compensate you for transportation costs to and from airports.  Receipts are not required for reimbursement.

#### b.  Per Diem

In addition, you will be allotted a per diem of $75 for you and $75 for your spouse or domestic partner ($35 per child, if applicable) to cover all meals, transportation, and all other incidental expenses for up to five (5) days.  No other expenses will be reimbursed by the Relocation Department.  Receipts are not required for reimbursement.

Should you be required to take a business trip to your new location prior to your move, the Firm encourages you to explore the area, and to select the community and home best suited to your needs.  If you are able to use this trip in lieu of a separate preview trip, the Firm will pay for your spouse or domestic partner to accompany you.  Relocation expenses associated with this trip will be reimbursed through the Relocation Department.  Business expenses should be submitted to the T&E department.

### 2.  Real Estate Broker's Fee

Before looking for a house or apartment to rent, you should establish the size, type and rental cost appropriate to your needs.  In certain areas, it may be necessary for you to employ the services of a real estate broker to locate a rental unit.  In some locations, the Relocation Department has negotiated preferential commission rates with specific real estate brokers.

3

EXECUTIVE RELOCATION & HOME SALE POLICY

Should you elect to purchase a home rather than to rent one, the firm will reimburse you up to 1% of the purchase price for reasonable and customary closing costs on the purchase of a new home. Reimbursable closing costs include the following:

- Appraisal, credit report, survey, and inspection fees
- Title and recording fees
- Attorney or escrow agency fees

Closing costs which will *not* be reimbursed include, but are not limited to:

- Points/fees that are required by a lender on the new mortgage, including discount points, loan origination fees, placement fees, or other lender fees required to obtain a mortgage
- Mortgage interest, real estate or other taxes, maintenance, insurance, escrow items, and association dues

In order to receive this reimbursement, you will need to provide a copy of your Housing and Urban Development (HUD) statement or closing statement to the Relocation Department.

### 3. Lease Negotiation

In negotiating a lease, you should request a cancellation clause to protect you in the event you are relocated prior to the expiration of the lease. Suggested wording to be inserted into the lease agreement is:

> "If the tenant is relocated by his/her employer to another location, this lease agreement will be terminated without any termination fee, provided the tenant gives at least thirty (30) days' notice to the landlord."

## D. Temporary Living

### Accommodations

It may be necessary for you to begin working at the new location prior to the transfer of your family and household goods, or before you have secured a new permanent residence. In this case, you will be reimbursed for reasonable and necessary lodging expenses for up to thirty (30) days. The Relocation Department will be able to assist you in finding a fully furnished, serviced apartment. **Please note that the Firm does not authorize temporary living in a hotel.**

Should a corporate apartment not be available for tenancy on the day of your arrival, you may be required to move into a hotel for a few days. Provided you have obtained pre-approval from the Relocation Department, and your hotel does not come equipped with kitchen facilities, you will be allotted a per diem of $75 per day per adult family member (over age 12) and $35 per day for each dependent child up to the age of 12 to cover all meals and all other expenses until your corporate apartment is available. No other expenses will be reimbursed by the Relocation Department.

EXECUTIVE RELOCATION & HOME SALE POLICY

## E. Transportation

### 1. Final Move to New Location

You will be reimbursed for the reasonable cost of transportation for you and your family to the new location.   In accordance with current Firm travel policy guidelines, these expenses will include economy class airfare (unless otherwise indicated), standard train fare, or standard Firm mileage reimbursement (if you elect to drive).

#### a. Airfare Class Policy
In accordance with the Firm's Travel Policy, all relocation flights should be in economy class.  Managing Directors, however, are approved to fly business class *for flights over three hours.*

#### b. Airport Transportation Allowance
To compensate you for transportation costs to and from airports, you will receive a transportation allowance of $150. Receipts are not required for reimbursement.

## F. Relocation Allowance

As a result of a transfer, expenses may be incurred for which specific reimbursement is not provided in this policy.  To cover such circumstances and to minimize any financial loss as a result of the relocation, the Firm will provide a net-after-tax lump sum payment of $2,500 for you and $500 for each additional dependent, up to a maximum of $4,000.  This payment is in lieu of specific reimbursement and is meant to cover *all* other incidental expenses.  No other expenses will be reimbursed by the Relocation Department.

EXECUTIVE RELOCATION & HOME SALE POLICY

## III. Home Sale Entitlements

These entitlements apply to Senior Executives who own their primary residence and have been asked to relocate. These entitlements must be approved in writing by the Divisional CAO.

### 1. Homesale Marketing

A third-party relocation firm will assist you in selling your former residence. You should <u>not</u> put your home on the market before first consulting with your appointed home sale counselor. The home sale counselor will have identified real estate brokers in your area to assist you in formulating a home sale strategy.

The home sale counselor will assist you in the selection of a listing agent and can provide the names of local real estate brokers from which to select. Brokers are selected based on past performance and knowledge of real estate as it pertains to the relocation process. The home sale counselor will assist you and the listing agent in the marketing of your home and will ask the agent to provide a marketing analysis for your home. In addition, the home sale counselor will engage an independent broker to complete another analysis as a comparison and to gather additional information on market conditions in your area. Together with this counselor, you will develop a marketing strategy to enable you to aggressively and competitively market your home.

### 2. Closing Assistance

Once a buyer for your home has been identified, our third party relocation firm will facilitate the closing on your property. To relieve you of the responsibilities of closing on your property and allow you and your family to move on to the new location, and for direct billing of closing costs, you will assign the sale of your home to the third party relocation firm.

### 3. Closing Costs for Sale of Former Residence

The Firm will be billed directly for all reasonable and customary closing costs incurred in the sale of your former residence, provided that you have engaged the services of the Firm's designated third party relocation firm. These include:

- Brokerage fees
- Mortgage prepayment penalty and forwarding fees
- Legal fees
- Transfer taxes
- Title and recording fees

Closing costs which will <u>not</u> be reimbursed include, but are not limited to:

- Buyer's closing costs
- Mortgage interest, maintenance, real estate or other taxes, insurance, escrow items, and association dues.

EXECUTIVE RELOCATION & HOME SALE POLICY

## IV.  *Termination of Employment*

Upon termination of your employment for any reason, any remaining relocation benefits will cease immediately.  Additionally, should you voluntarily leave the Firm within the first **twelve** months of your transfer, you will be required to repay the Firm for **<u>all</u>** of your relocation expenses paid to you or on your behalf.

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (SCC) SIPA

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (EMPLOYMENT CLAIMS)**

Upon the two hundred Thirty-Seventh omnibus objection to claims, dated May 30, 2014 (the "Two Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging the Employment Claims on the grounds that LBI does not have any liability, in whole or in part, all as more fully described in the Two Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims; and due and proper notice of the Two Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims having been provided, and it appearing that no other or further notice need be provided; and the

---

1.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Two Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims.

Court having found and determined that the relief sought in the Two Hundred Thirty-Seventh

Omnibus Objection to General Creditor Claims is in the best interests of LBI, its estate, its

customers and creditors, and all parties in interest and that the legal and factual bases set forth in

the Two Hundred Thirty-Seventh Omnibus Objection to General Creditor Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

**ORDERED** that the relief requested in the Two Hundred Thirty-Seventh

Omnibus Objection to General Creditor Claims is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> (collectively, the "<u>Employment Claims</u>") are disallowed and expunged in

their entirety with prejudice; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  New York, New York
        July __, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

# IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA
## TWO HUNDRED THIRTY-SIX OMNIBUS OBJECTION: EXHIBIT 1 – EMPLOYMENT CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 1 | 1EE LLC, AS ASSIGNEE<br>133 OLD GULPH ROAD<br>WYNNEWOOD, PA  19096 | 4856 | 5/28/2009 | $83,998,440.00 | X | X | | |
| 2 | AGRAWAL, SHASHANK<br>205 HUDSON STREET<br>APT 1110<br>HOBOKEN, NJ  07030 | 7000580 | 1/27/2009 | $1,400,470.76 | X | | | |
| 3 | ALDAMA, JAIME REYERO<br>188 LUDLOW STREET<br>APT 11A<br>NEW YORK, NY  10002 | 7000318 | 1/12/2009 | $2,300,000.00 | X | | | |
| 4 | BAM, OLIVIA<br>VALDI LICUL, ESQ.<br>VLADECK, WALDMAN, ELIAS &<br>ENGELHARD, P.C.<br>1501 BROADWAY, SUITE 800<br>NEW YORK, NY  10036 | 4810 | 5/27/2009 | $185,000.00 | X | | | |
| 5 | BLAKESLEE, THOMAS P.<br>3 THORNBROOK LANE<br>BEDFORD, NY  10506 | 1573 | 1/26/2009 | $1,500,000.00 | X | | | |
| 6 | CHIU, LILIANA<br>49 HARVEST DRIVE<br>SCARSDALE, NY  10583 | 768 | 1/7/2009 | $450,000.00 | X | | | |
| 7 | COLUCCIO, DOMINIC FRANK<br>25-40 SHORE BLVD, APT 2B<br>LONG ISLAND CITY, NY  11102 | 7000237 | 1/2/2009 | $160,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 8 | COOPER, JAMSHED<br>21 SYCAMORE DRIVE<br>ROSLYN, NY  11576 | 7000157 | 12/20/2008 | $525,000.00 | X | | | |
| 9 | CORETH, MAXIMILIAN<br>93 MERCER STREET<br>APT #2E<br>NEW YORK, NY  10012 | 8002190 | 1/29/2009 | UNSPECIFIED* | X | X | | |
| 10 | COSME, JAVIER<br>41 RIVER TERRACE<br>APT 1905<br>NEW YORK, NY  10282 | 8002195 | 1/29/2009 | UNSPECIFIED* | X | X | | |
| 11 | DEPINTO, DAVID A<br>1 CAREN COURT<br>SYOSSET, NY  11791 | 7001054 | 1/28/2009 | $110,000.00 | X | | | |
| 12 | DWYER, KENDALL L<br>425 WEST 23RD STREET<br>APT 15E<br>NEW YORK, NY  10011 | 7002442 | 5/29/2009 | $185,000.00 | X | | | |
| 13 | ERSOFF, BRETT<br>4 LINCOLN WOODS<br>PURCHASE, NY  10577 | 2233 | 1/29/2009 | $5,800,000.00 | X | | | |
| 14 | ESTATE OF GERRY REILLY<br>MS. MARYANN REILLY, EXECUTOR<br>OF THE ESTATE OF GERRY REILLY<br>178 JAMES STREET<br>MORRISTOWN, NJ  07960 | 4361 | 4/23/2009 | $2,100,000.00 | X | | | |
| 15 | FEDOTOV, SERGEI<br>57 W 84TH ST<br>APT 2G<br>NEW YORK, NY  10024 | 7000279 | 12/16/2008 | $40,000.00 | X | | | |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 16 | FRASE, JEFFREY ATTN: DAVID J. MARK C/O KASOWITZ, BENSON, TORRES & FRIEDMAN LLP 1633 BROADWAY NEW YORK, NY  10019 | 4679 | 5/22/2009 | $7,800,000.00 | X | | | |
| 17 | GAO, LIHUA 7 E14TH STREET, APT 701 NEW YORK CITY, NY  10003 | 7000390 | 12/21/2008 | $100,000.00 | X | | | |
| 18 | GLOBERSON, DANIEL 51 RELIHAN RD DARIEN, CT  06820 | 7001625 | 5/17/2009 | $1,200,000.00 | X | | | |
| 19 | GLOVER, MICHAEL SCOTT 132 BROOKVILLE ROAD BROOKVILLE, NY  11545 | 7001360 | 4/16/2009 | $2,325,000.00 | X | | | |
| 20 | GOYAL, ANSHUMAN 21 PENNY LANE SCARSDALE, NY  10583 | 2757 | 1/30/2009 | $4,176,740.27 | X | X | | |
| 21 | GUPTA, SUCHITRA 6 NORTH RIDGE ARMONK, NY  10504 | 7000414 | 1/20/2009 | $275,000.00 | X | X | | |
| 22 | HANSON, MICHAEL S. 133 MEETINGHOUSE ROAD DOYLESTOWN, PA  18901 | 7002451 | 6/1/2009 | $325,000.00 | X | | | |
| 23 | HOLGUIN, ALFREDO 1 BILLINGTON COURT RYE, NY  10580 | 2253 | 1/29/2009 | $625,000.00 | X | | | |
| 24 | HUERTA, DAVID H TRES PICOS 19 APT 102 CHAPULTEPEC POLANCO  11560 MEXICO | 7000427 | 1/21/2009 | $1,800,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 25 | INGLIS, CRAIG 615 ADAMS STREET APARTMENT 4D HOBOKEN, NJ 07030 | 2614 | 1/30/2009 | $80,000.00 | X | | | |
| 26 | JAIN, AMIT 21 EAST 96TH ST, APT 3 NEW YORK, NY 10128 | 4702 | 5/22/2009 | $7,269,066.00 | X | | | |
| 27 | JARDINIANO, MATRILLA 303 E37 ST. APT 3L NEW YORK, NY 10016 | 3554 | 2/9/2009 | $70,000.00 | X | | | |
| 28 | JUDKINS, WAYNE C/O GREGORY REID, ESQ. REID RODRIGUEZ & ROUSE LLP 1120 AVENUE OF THE AMERICAS FOURTH FLOOR NEW YORK, NY 10036 | 4470 | 5/8/2009 | $2,800,000.00 | X | | | X |
| 29 | KATZ, ALLAN 39 WILLOWBROOK DR. NORTH CALDWELL, NJ 07006-4411 | 618 | 1/2/2009 | $250,000.00 | X | | | |
| 30 | KAUFMAN, JULIA 27 W 72ND ST, #1102 NEW YORK, NY 10023 | 6366 | 6/1/2009 | $500,000.00 | X | | | |
| 31 | KETTLER, KYLE R. 154 PLANTATION RD. HOUSTON, TX 77024 | 1236 | 1/21/2009 | $350,000.00 | X | | | |
| 32 | KOHLI, SANDEEP K 12 CONSTITUTION WAY JERSEY CITY, NJ 07305 | 7002273 | 5/29/2009 | $1,700,000.00 | X | | | |
| 33 | LEE, SOPHIA 156 HEMLOCK ROAD MANHASSET, NY 11030 | 832 | 1/9/2009 | $70,000.00 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 34 | LEON, ADRIANA<br>235 W. 48 ST APT 18N<br>NEW YORK, NY  10036 | 2254 | 1/29/2009 | $135,000.00 | X | | | |
| 35 | LESIN, ALEXANDER<br>ATTN: ARLENE R. ALVES<br>C/O SEWARD & KISSEL LLP<br>ONE BATTERY PLAZA<br>NEW YORK, NY  10004-1485 | 4808 | 5/27/2009 | $2,800,000.00 | X | | | |
| 36 | LEVAR, MATTHEW<br>7923 S. DUQUESNE WAY<br>AURORA, CO  80016 | 2277 | 1/29/2009 | $753,076.87 | X | | | |
| 37 | LOFFREDO, DAVID<br>18 INDIAN HILL ROAD<br>WESTPORT, CT  06880 | 2077 | 1/29/2009 | $450,000.00 | X | | | |
| 38 | LU, HAO<br>231 CLAYTON RD<br>SCARSDALE, NY  10583 | 4343 | 4/20/2009 | $200,000.00 | X | | | |
| 39 | MA, YONG<br>17 CEDAR HOLLOW DRIVE<br>STIRLING, NJ  07980 | 7000511 | 1/26/2009 | $275,000.00 | X | | | |
| 40 | MAZAHERI, MOHSEN<br>11 BIRD HILL AVE<br>WELLESLEY, MA  02481 | 8001191 | 1/19/2009 | UNSPECIFIED* | X | | | |
| 41 | MAZZACANO, EDWARD<br>4 WEBB COURT<br>PARK RIDGE, NJ  07656 | 1909 | 1/28/2009 | $400,000.00 | X | | | |
| 42 | MILLER, BRUCE<br>12158 PINE TOP STREET<br>PARKER, CO  80138-8752 | 3523 | 2/6/2009 | $740,882.51 | X | | | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 43 | MONROY, ALEXANDER E 100 WINSTON DRIVE APT 9GS CLIFFSIDE PARK, NJ 07010 | 7002531 | 6/1/2009 | $500,000.00 | X | | | |
| 44 | MORRAS, MIGUEL 10 NAVY WHARF CRT. #4506 TORONTO, ON M5V 3V2 CANADA | 8002162 | 1/29/2009 | UNSPECIFIED* | X | | | |
| 45 | MULLEN, PAUL 15 VICTORIA COURT CREAM RIDGE, NJ 08514 | 2271 | 1/29/2009 | $325,000.00 | X | | | |
| 46 | MURTHY, AKSHAY HARRY W. LIPMAN; ROTTENBERG LIPMAN RICH 369 LEXINGTON AVENUE NEW YORK, NY 10017 | 7000398 | 1/20/2009 | $1,068,480.00 | X | | | |
| 47 | NAZIN, MIMI 204 MONTROSE AVE APT 3A BROOKLYN, NY 11206 | 522 | 12/29/2008 | $65,000.00 | X | | | |
| 48 | NEAVE, JONATHAN 22 SAUGATUCK RIVER RD WESTON, CT 06883 | 2623 | 1/30/2009 | $600,000.00 | X | | | |
| 49 | O'CONNOR, MATT 201 EAST 86TH STREET APT 25C NEW YORK, NY 10028 | 1847 | 1/28/2009 | $125,000.00 | X | | | |
| 50 | O'MALLEY, TODD M. 5596 NW 23RD TERR BOCA RATON, FL 33496 | 2071 | 1/29/2009 | $472,500.00 | X | | | |

*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 51 | PHILLIPS, ALEXANDER 201 EAST 69TH ST. APT 8P NEW YORK, NY 10021 | 7000653 | 1/24/2009 | $1,055,796.00 | X | | | |
| 52 | PIEPER, RICHARD 5325 SPUR CROSS TRAIL PARKER, CO 80134 | 6117 | 9/14/2009 | $782,179.10 | X | | | |
| 53 | PIO, JEFFREY 52 EGBERT AVENUE MORRISTOWN, NJ 07960 | 8002447 | 1/29/2009 | UNSPECIFIED* | X | | | |
| 54 | RACE, ERIC C/O STEVEN EICHEL CROWELL & MORING LLP 590 MADISON AVENUE, 20TH FLOOR NEW YORK, NY 10022 | 1942 | 1/28/2009 | $1,000,000.00 | X | | | |
| 55 | RAMAN, MURALI 36 WINDSOR WAY MILLINGTON, NJ 07946 | 7000591 | 1/27/2009 | $100,000.00 | X | | | |
| 56 | RIBEIRO, RODRIGO L 92 SW 3RD STREET APT 2101 MIAMI, FL 33130 | 7001066 | 1/29/2009 | $50,000.00 | X | | | |
| 57 | RIJHSINGHANI, AMIT 27 CHERRY STREET JERSEY CITY, NJ 07305 | 7002355 | 5/31/2009 | $50,000.00 | X | | | |
| 58 | ROTHBORT, LONNIE 1 TUDOR LANE SANDS POINT, NY 11050 | 3717 | 2/27/2009 | $853,846.11 | X | | | |
| 59 | RYANS, PAUL J 14 BONNETT AVE LARCHMONT, NY 10538 | 7001079 | 1/30/2009 | $300,000.00 | X | | | |

\*   Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | COMPENSATION CLAIM | EQUITY AWARDS CLAIM | ASSUMED PENSION CLAIM | RELOCATION EXPENSES CLAIM |
|---|---|---|---|---|---|---|---|---|
| 60 | SALAME, ROY J.<br>ATTN: DAVID J. MARK<br>C/O KASOWITZ, BENSON, TORRES &<br>FRIEDMAN LLP<br>1633 BROADWAY<br>NEW YORK, NY 10019 | 4678 | 5/22/2009 | $5,800,000.00 | X | | | |
| 61 | SCHECHNER, PAUL SHERIDAN<br>45 GROSVENOR ROAD<br>SHORT HILLS, NJ 07078 | 2107 | 10/8/2008 | $4,861,538.48 | X | | | |
| 62 | SHAPIRO, JULIE R.<br>201 WEST HYERDALE DRIVE<br>GOSHEN, CT 06756 | 4922 | 5/29/2009 | $150,000.00 | X | | | |
| 63 | SHI, ZHIYONG<br>9 ROSS AVE<br>CHESTNUT RIDGE, NY 10977 | 5106 | 5/27/2009 | $336,605.00 | X | | X | |
| 64 | SONG, YUNHO<br>24 CACTUS<br>IRVINE, CA 92603 | 4642 | 5/21/2009 | $1,639,524.00 | X | | | |
| 65 | VERGHESE, P. MATHEW<br>3322 PLUMB ST.<br>HOUSTON, TX 77005 | 3674 | 2/23/2009 | $358,082.19 | X | | | |
| 66 | WARGON, BRIAN SCOTT<br>1366 HEARTHSTONE LANE<br>GLADWYNE, PA 19035 | 7001560 | 5/15/2009 | $347,867.25 | X | | | |
| 67 | WONG, CLIFFORD<br>300 E39TH STREET<br>APT 19D<br>NEW YORK, NY 10016 | 8002146 | 1/29/2009 | UNSPECIFIED* | X | | | |
| | Total | | | $157,065,094.54 | | | | |

\*     Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.