UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: )
)
LEHMAN BROTHERS INC., )   Case No. 08-01420 (JMP) (SIPA)
)
Debtor. )
)
)

**MOTION OF FLORENCE EIGENFELD, ON BEHALF OF STANLEY EIGENFELD (DECEASED)
FOR RELIEF FROM THE ORDER ENTERED ON MARCH 19, 2014 SUBORDINATING HIS CLAIM**

Florence Eigenfeld respectfully moves the Court, on behalf of her late husband, Stanley Eigenfeld, Claimant Number 7001927 herein, for relief from the Order entered on March 19, 2014, Docket Number 8514, subordinating said claim because Stanley Eigenfeld did not file an opposition to the Trustee's One Hundred Thirteenth Omnibus Objection to General Creditor Claims. Therefore the Court treated this claim as uncontested.

For the reasons provided in the annexed Declaration of Florence Eigenfeld, the Order, with respect to Stanley Eigenfeld, should be vacated in the interest of justice and because doing so will not prejudice the Trustee or any other party.

Respectfully submitted,

FLORENCE EIGENFELD, pro se
9747 Shore Road, Apt. D1
Brooklyn, New York 11209
(718) 745-5574



RECEIVED
JUN 10 2014
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                              )
In re:                        )
                              )
LEHMAN BROTHERS INC.,         )   Case No. 08-01420 (JMP) (SIPA)
                              )
Debtor.                       )
                              )
_____)

### DECLARATION OF FLORENCE EIGENFELD
### IN SUPPORT OF MOTION OF FLORENCE EIGENFELD, ON BEHALF OF STANLEY EIGENFELD (DECEASED) FOR RELIEF FROM THE ORDER ENTERED ON MARCH 19, 2014 SUBORDINATING HIS CLAIM

FLORENCE EIGENFELD, under the penalties of perjury, declares and affirms that the following statements are true and correct:

1. I reside at 9747 Shore Road, Apt. D1, Brooklyn, New York 11209. I shared this abode with Stanley Eigenfeld until his death. We were married for nearly 60 years.

2. Stanley Eigenfeld died on November 11, 2013. A copy of his death certificate is attached hereto. Under the Last Will and Testament of Stanley Eigenfeld, I am the executrix of his estate and his sole heir and beneficiary.

3. Stanley Eigenfeld filed Claim No. 7001927 in this action on May 22, 2009. I had no knowledge with respect to this claim then nor did I have knowledge of this claim until only a few days ago.

4. On July 23, 2013, the Trustee filed Motion for Omnibus Objection to Claim(s) / Trustees One Hundred Thirteenth Omnibus Objection to General Creditor Claims (Subordinated Claims). Docket Number 6865. In this Motion, the Trustee requested subordination of the claims of 123 former employees of the Debtor. Stanley Eigenfeld was named as one of these employees. The Motion stated that responses were due by August 13, 2013 with a hearing to be held on August 29, 2013. At the time, I did not know of the Motion. More importantly, at the time, Stanley Eigenfeld was in the end stage of his life, his days filled with myriad doctor visits and hospitalizations. I accompanied him at all times. Even if he had been

2

aware of the Trustee's Motion, and more than likely he was not, he was completely incapacitated with respect to responding to personal business matters such as responses to filings in this action.

5. A healthy Stanley Eigenfeld would never have allowed a claim such as the one he filed herein to be subordinated by default, effectively assuring that no payment would be made in satisfaction of any part of this claim.

6. Since Stanley Eigenfeld died, I have been consumed with grief and with trying to deal with various estate matters. On March 19, 2014, this Court entered an Order granting the Trustee's Motion and subordinating the claims of Stanley Eigenfeld and 5 other former employees of the Debtor. Docket Number 8514. I first learned of this Order on June 5, 2014.

7. The Court's March 19, 2014 Order states that a hearing was held on the Trustee's Motion on February 27, 2014. At the time of this hearing, Stanley Eigenfeld was no longer alive and I was completely unaware of the hearing (and did not become aware of the hearing until reading the date in the Court's Order).

8. On information and belief, the 117 claimants, who were included in the Trustee's July 23, 2013 One Hundred Thirteenth Omnibus Objection and whose claims remain unsubordinated, are now part of the 340 claimant Client Group represented by Richard J.J. Scarola.

9. If the Court were to vacate its March 19, 2014 Order with respect to Stanley Eigenfeld, on behalf of the estate of Stanley Eigenfeld, or on my own behalf if I am substituted for him with respect to Claim No, 7001927, I would object to the Trustee's position regarding the Executive & Select Employees Plan on the identical basis presented by the aforementioned 340 member Client Group in their Answer, defenses, and affirmative defenses entered on April 29, 2014. Docket Number 8783. I would also concur in the Client Group's request for a jury trial. In the event that the Court vacates the March 19, 2014, as requested, I respectfully request that the Court deem the Answer in Docket Number 8783 to include my Answer on behalf of Claim Number 7001927.

10. I also am aware that the 340 member Client Group has just filed a motion to compel arbitration.

3

Docket Numbers 9067, 9068 and 9069. In the event that the Court vacates the March 19, 2014, as requested, I also respectfully request that the Court deem this Motion to also have been made on behalf of Stanley Eigenfeld's Claim 7001927.

11. Due to the circumstances of Stanley Eigenfeld's death and because the issue of whether subordination respecting a very substantial number of employee claims remains unresolved and in active litigation, one more employee claim, that of Stanley Eigenfeld, added to this litigation will not prejudice any party, will not delay the proceedings or ultimate disposition of the subordination issue, and will serve the interests of fairness and justice.

DATED: June 9, 2014

*Florence Eigenfeld*
FLORENCE EIGENFELD

# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

## DEATH TRANSCRIPT

DATE FILED — THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE

### CERTIFICATE OF DEATH

Certificate No. 156-13-045384

NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE
NOVEMBER 12, 2013 06:20 AM

**1. DECEDENT'S LEGAL NAME:** STANLEY EIGENFELD (First, Middle, Last)

**Place of Death:**
- 2a. New York City
- 2b. Borough: Manhattan
- 2c. Type of Place: ☒ Hospital Inpatient
- 2d. Any Hospice care in last 30 days: ☒ No
- 2e. Name of hospital or other facility: Bellevue Hospital Center

**Date and Time of Death:**
- 3a. November 11, 2013
- 3b. Time: 03:51 ☒ AM
- 4. Sex: Male
- 5. Date last attended by a Physician: 11 / 11 / 2013

**6. Certifier:** I certify that death occurred at the time, date and place indicated and that to the best of my knowledge traumatic injury or poisoning DID NOT play any part in causing death, and that death did not occur in any unusual manner and was due entirely to NATURAL CAUSES.

- Name of Physician: Nicole VanGroningen MD
- Signature: Nicole Van Groningen — ☒ M.D.
- Address: 462 First Avenue, New York, New York 10016
- License No. 260002
- Date: NOV-11-2013

| Field | Value |
|---|---|
| 7a. Usual Residence State | New York |
| 7b. County | Kings |
| 7c. City or Town | Brooklyn |
| 7d. Street and Number | 9747 Shore Road |
| Apt. No. | D 1 |
| ZIP Code | 11209 |
| 7e. Inside City Limits? | ☒ Yes |
| 8. Date of Birth | June 16, 1930 |
| 9. Age at last birthday | 83 |
| 10. Social Security No. | 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 |

- 11a. Usual Occupation: Stock Broker
- 11b. Kind of business or industry: Smith Barney
- 12. Aliases or AKAs: Stanley Wallace Eigenfeld
- 13. Birthplace: Bronx, New York
- 14. Education: ☒ Some college credit, but no degree
- 15. Ever in U.S. Armed Forces? ☒ No
- 16. Marital/Partnership Status at time of death: ☒ Married
- 17. Surviving Spouse's/Partner's Name: Florence Fisher
- 18. Father's Name: Philip Eigenfeld
- 19. Mother's Maiden Name: Pauline Goldinger
- 20a. Informant's Name: Florence Eigenfeld
- 20b. Relationship to Decedent: Spouse
- 20c. Address: 9747 Shore Road D 1, Brooklyn, New York 11209
- 21a. Method of Disposition: ☒ Cremation
- 21b. Place of Disposition: The Green-Wood Cemetery-Crematory
- 21c. Location of Disposition: Brooklyn, New York
- 21d. Date of Disposition: 11 / 13 / 2013
- 22a. Funeral Establishment: McLaughlin & Sons Funeral Home
- 22b. Address: 9620 3rd Avenue, Brooklyn, New York 11209

VR 15 (Rev. 01/09)



This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code. If the purpose is the evasion or violation of any provision of the Health Code or any other law.

November 12, 2013  Order No. 20131107356



Steven P. Schwartz, Ph.D., City Registrar

X 00581919



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| LEHMAN BROTHERS INC., | )   Case No. 08-01420 (JMP) (SIPA) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

### AFFIRMATION OF SERVICE

FLORENCE EIGENFELD, affirms under the penalties of perjury that the following statements are true:

1. I am over the age 18 and am the surviving spouse of Stanley Eigenfeld, a claimant herein

2. On June 9, 2014, I served a copy of the foregoing Motion of Florence Eigenfeld and attached Declaration of Florence Eigenfeld on:

James B. Kobak, Jr., Esq.
Hughes Hubbard & Reed LLP
Attorneys for James W. Giddens as Trustee for Lehman Brothers SIPA case
One Battery Park Plaza
New York New York 10004

by depositing same in an official depository of the United States Postal Service in Brooklyn, New York, first class postage prepaid thereon.

_____
FLORENCE EIGENFELD

5