THOMPSON & KNIGHT LLP
Jennifer A. Christian
Ira L. Herman
900 Third Avenue, 20th Floor
New York, NY 10022-4728
Telephone: (212) 751-3001
Facsimile: (212) 751-3113

Hearing Date and Time:    July 16, 2014 at 10:00 a.m. ET
Response Date and Time: June 20, 2014 at  4:00 p.m. ET

*Attorneys for R. Kyle Kettler*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————X

**In Re**                                    :

                                             :

**LEHMAN BROTHERS, INC.**      :

                                             :            **Case No. 08-1420 (SCC) SIPA**

    **Debtor.**                          :

————————————————————X

## RESPONSE TO TRUSTEE'S TWO HUNDRED THIRTY SEVENTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (EMPLOYMENT CLAIMS)

**R. KYLE KETTLER** ("**Mr. Kettler**"), by his undersigned counsel, responds to the

Trustee's Two Hundred Thirty Seventh Omnibus Objection to General Creditor Claims

(Employment Claims) [Doc. No. 9013] (the "**Objection**") and respectfully states as follows:

### INTRODUCTION

1.    The Objection challenges claim no. 1236 in the amount of $350,000.00 filed by

Mr. Kettler as of January 21, 2009. A copy of the proof of claim is attached hereto as **Exhibit A**.

The Trustee seeks to disallow Mr. Kettler's claim, alleging that Mr. Kettler was a Transferred

Employee under the terms of the Barclays Asset Purchase Agreement (the "**APA**"), approved by

this Court on September 20, 2008, and that, because Barclays specifically assumed responsibility

514738 000002 10349478.5

for the contractual bonuses payable to the Transferred Employees, Mr. Kettler has no remaining claim against LBI.

2.      Mr. Kettler's claim was timely filed and accordingly is prima facie evidence of the validity of his claim. 11 U.S.C. § 502(a); *Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004); *In re 183 Lorraine St. Assoc.*, 198 B.R. 16, 26 (Bankr. E.D.N.Y. 1996); FED. R. BANKR. P. 3001(f).

3.      Accordingly, the Trustee must carry the burden of demonstrating that Mr. Kettler's claim should be disallowed.

## ARGUMENT

4.      The accompanying declaration of Mr. Kettler dated June 18, 2014 (the "**Kettler Declaration**") demonstrates that, whatever may have been in the agreements approved by this Court in the early morning hours of Saturday, September 20, 2008, neither LBI nor any other party ever communicated to Mr. Kettler that LBI had purported to divest itself of its contractual obligations to him, as an employee.   Consequently, Mr. Kettler cannot be shown to have consented in any way to the release of LBI's liability for payment of his guaranteed bonus.

5.      Drawing on the familiar principle that while a contracting party can transfer its rights to an assignee, it cannot divest itself of obligations under that contract without obtaining the consent of the obligee, *see, e.g., In re Chemtura Corp.*, 448 B.R. 635, 653 (Bankr. S.D.N.Y. 2011); *Taylor Building Management, Inc. v. Priority Payment Systems, LLC*, 91 A.D.3rd 848, 850, 938 N.Y.S. 2d  95, 96 (2nd Dept. 2012); *see generally, Rosenthal Paper Company v. National Folding Box and Paper Company*, 226 N.Y. 313, 326 (1919); *Restatement (Second) of Contracts* § 318(3) (unless obligee agrees to delegation of performance, the delegation does not affect the discharge of the delegating obligor), it is clear that the purported transfer of liabilities

from the Lehman entities to Barclays was not effective as to Mr. Kettler, given that at no time was he given notice of, or the opportunity to consent to such transfer. The Trustee has clearly failed to meet his evidentiary burden as to this issue, and his objection to Mr. Kettler's claim must be overruled.

6.    Judge Peck's decision which is cited in the objection, *Lehman Brothers Holdings, Inc. v. Barclays Capital, Inc. (In re Lehman Brothers Holdings, Inc.)*, 456 B.R. 213 (Bankr. S.D.N.Y. 2011), (the "**APA Adversary**"), has no bearing on the issues presented on this objection. Mr. Kettler was not a party to that litigation, and Judge Peck's determination did not purport to rule on his rights to pursue his claim in this bankruptcy case.    The Trustee mischaracterizes the APA Adversary by failing to discuss the Stipulation and Order Amending the Trustee's Adversary Complaint ("**2008 Bonus Order**") signed by Judge Peck on July 15, 2011 (Adv. Proc. No. 09-01732, Docket No. 9). A copy of the 2008 Bonus Order is attached hereto as **Exhibit B**.  In the 2008 Bonus Order, the Trustee admitted he had not yet determined which employees had not been paid their 2008 bonuses. *2008 Bonus Order* at p. 2.[1]  The parties stipulated and agreed that the Trustee could bring those claims without prejudice once he determined which employees were still owed 2008 bonuses. *2008 Bonus Order* at p. 2.[2]

7.    Judge Peck's opinion is consistent with the 2008 Bonus Order.  The Trustee sought payment for the difference between the amount Barclays had actually paid in 2008 bonuses and the estimated total amount for bonuses assumed under the APA. The court in that decision simply determined that, as between Lehman and Barclays, Lehman had no right to

---

[1] "Whereas the Trustee has not determined the Employee Claims."

[2] "Whereas, the parties agree, based upon the terms set forth below, that the Trustee's Adversary Complaint is hereby amended to withdraw Count XI (Breach of Contract) to the extent it relates to Barclays' alleged failure to pay bonus amounts under the APA, and that this withdrawal is without prejudice to the Trustee's right to file a claim against Barclays for failure to pay bonus amounts under the APA in the event it is determined that there are valid Employee Claims."

recover because Lehman had failed to prove that it had been damaged since, at least as of that date, it had not actually paid out any bonuses which Barclays had assumed the obligation to satisfy. *See* 456 B.R. at 218-219.

8.      The structure of that opinion and the 2008 Bonus Order expressly contemplate that Lehman could have been compelled to satisfy employee bonus claims (all of which had been filed and were pending at the time of Judge Peck's decision) such as Mr. Kettler's, and that upon making such a showing, Lehman would presumably have had the right to recover such payments from the party that had assumed that obligation in the APA.  However, inasmuch as the rights of employees with bonus claims were not before the court, Judge Peck had no occasion to adjudicate the rights of the employees to bind claimants such as Mr. Kettler. Accordingly, reliance on the opinion cited above is entirely misplaced.

9.      This claim is unusual in that if Barclays owes the bonuses, the bonuses should be paid in 100 cent dollars by Barclays to the Transferred Employees.  If Barclays does not owe the bonuses, it is a general unsecured claim against Lehman Brothers Inc.  Furthermore, if Barclays does indeed have a contractual obligation to pay the 2008 bonuses then payment of the bonuses will not prejudice the estate as the Trustee can seek indemnification from Barclays. The proper treatment should be to allow the claim in the full amount and have the Trustee refile his claims[3] against Barclays to enforce the APA.  If Barclays pays the bonuses, such as Mr. Kettler's bonus, in full to the Transferred Employees, then these claims will be paid in full by a third-party and

---

[3] If Barclays indeed owes the bonuses, the Trustee has a fiduciary duty to investigate who has not been paid and make a demand that Barclays pay their bonuses.

will not dilute the estate. This appears to be what is contemplated in the Sale Order and the 2008 Bonus Order.[4] The 2008 Bonus Order provided:

> In the event it is determined that there are valid Employee Claims and as a result the Trustee brings a claim against Barclays for failure to pay bonus amounts under the APA, *the recovery sought by the Trustee in any such claim shall be the **allowed amount** of the Employee Claims*. If it is determined that there are no valid Employee Claims, the Trustee shall not file any claim against Barclays in connection with Barclays' alleged failure to pay bonus amounts under the APA. [emphasis added].

*2008 Bonus Order* at ¶4.

10.    This action by the Trustee against Barclays will prevent the general unsecured claims from being diluted by up to some $400 million in Transferred Employee bonus claims. The Transferred Employees do not have standing to pursue any claims against Barclays under the APA as it expressly provides that there are no third-party beneficiaries under the agreement.[5]

WHEREFORE, Mr. Kettler respectfully requests that the Trustee's objections to his claim be overruled, his claim be allowed in full, and the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
      June 18, 2014

THOMPSON & KNIGHT LLP

By: ___ */s/ Jennifer A. Christian* _____
         Jennifer A. Christian
Ira L. Herman
Jennifer A. Christian
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, NY 10022-4728
Telephone: (212) 751-3001
Facsimile: (212) 751-3113

*Attorneys for R. Kyle Kettler*

---

[4] There are at least four employees who have not been paid 2008 bonuses in an amount in excess of $43 million and probably several more. If the original estimate of 2008 bonuses in the APA is correct, there are some $400 million in unpaid bonuses.
[5] "Nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any Person or entity not a party to this Agreement except as provided below" [which is inapplicable]. APA at p. 42, ¶13.9.