Hamish Anderson
Radford Goodman
Mark Craggs
Stephanie Hooper
NORTON ROSE FULBRIGHT LLP
3 More London Riverside
London SE1 2AQ
United Kingdom
Telephone: +44 20 7283 6000
Facsimile: +44 20 7283 6500

U.K. Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>                                                  Debtor. | Case No. 08-01420 (SCC) SIPA |

# SUMMARY SHEET[1]

| | |
|---|---|
| **Name and Role of Applicant:** | Norton Rose Fulbright LLP<br>U.K. Counsel to the Trustee |
| **Compensation Period:** | February 27, 2014 through June 29, 2014 |
| **Fees Incurred for Counsel:** | US$ 95,818.54 |
| **Expenses Requested for Counsel:** | US$ 520.97 |
| **Prior Fees and Expenses Requested by Counsel:** | US$ 21,274,817.42 |
| **Blended Hourly Rate for Fees Incurred during Compensation Period:** | US$ 757.46 |

---

[1] Fees reflect a voluntary 10% discount from Norton Rose Fulbright LLP's standard rates at the request of the Securities Investor Protection Corporation ("SIPC").

Hours, Rate, and Fees for Services Rendered[2]

**Partners**

| Name | Department | Year Qualified/ Admitted | Hours | Hourly Rate (£) | Approximate Fees (US$) |
|---|---|---|---|---|---|
| H Anderson (March and April) | Banking | 1973 | 26.40 | 589.50 | 26,182.85 |
| H Anderson (May and June) | Banking | 1973 | 2.10 | 621.00 | 2,194.02 |
| KC Lye | Litigation | 1998 | 9.90 | 477.00 | 7,944.80 |
| C Jojo | Litigation | 1980 | 4.50 | 598.50 | 4,531.12 |
| Y Lennartz | Litigation | 1997 | 3.60 | 391.50 | 2,371.17 |
| C Buresti | Litigation | 1992 | 1.30 | 373.50 | 816.89 |
| J Jones | Litigation | 1977 | 0.30 | 571.50 | 288.45 |
| **Totals** | | | **48.10** | | **44,329.31** |

**Associates**

| Name | Department | Year Qualified/ Admitted | Hours | Hourly Rate (£) | Approximate Fees (US$) |
|---|---|---|---|---|---|
| M Craggs (March and April) | Banking | 2006 | 26.60 | 508.50 | 22,756.31 |
| M Craggs (May and June) | Banking | 2006 | 2.30 | 535.50 | 2,072.13 |
| C T Yeo (March and April) | Litigation | 2006 | 32.80 | 301.50 | 16,637.59 |
| C T Yeo (May and June) | Litigation | 2006 | 0.50 | 351.00 | 295.26 |
| S Hooper (March and April) | Banking | 2009 | 6.30 | 333.00 | 3,529.51 |
| S Hooper (May and June) | Banking | 2009 | 0.10 | 373.50 | 62.84 |
| B Ridgeon | Litigation | 2001 | 4.50 | 454.50 | 3,440.93 |
| G Walton | Litigation | 2006 | 1.30 | 508.50 | 1,112.15 |
| J de Rooij | Litigation | 2007 | 1.00 | 346.50 | 582.95 |
| L Giani | Litigation | 2005 | 3.00 | 283.50 | 1,430.88 |
| **Totals** | | | **78.40** | | **51,920.55** |

---

[2] All applicable Norton Rose Fulbright LLP fees are charged at the relevant local currency. The totals are converted from Pounds Sterling into US Dollars at the point of delivery of Norton Rose Fulbright LLP's monthly invoices. For that reason, it is not possible to provide a summary per fee earner which can be exactly reconciled with the amounts invoiced. However, the amount claimed does reconcile exactly with the invoices rendered during the Compensation Period.

Hamish Anderson
Radford Goodman
Mark Craggs
Stephanie Hooper
NORTON ROSE FULBRIGHT LLP
3 More London Riverside
London SE1 2AQ
United Kingdom
Telephone: +44 20 7283 6000
Facsimile: +44 20 7283 6500

U.K. Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**TWENTIETH APPLICATION OF NORTON ROSE FULBRIGHT LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 27, 2014 THROUGH JUNE 29, 2014**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Norton Rose Fulbright LLP ("NRF"), as U.K. counsel to James W. Giddens (the "Trustee") as Trustee for the liquidation of Lehman Brothers Inc. ("Debtor" or "LBI"), for its twentieth application (the "Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by NRF for the period commencing February 27,

---
[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C."

1

2014 through and including June 29, 2014 (the "Compensation Period") and reimbursement of NRF's actual and necessary expenses (hereinafter also referred to as "disbursements and costs") incurred during the Compensation Period, respectfully represents:

## BACKGROUND

1. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of SIPA in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc., Case No. 08-CIV-8119 (GEL).

2. The LBI Liquidation Order: (i) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA; (ii) appointed Hughes Hubbard & Reed LLP ("HHR") counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and (iii) removed this case to this Court pursuant to section 78eee(b)(4) of SIPA.

3. On November 21, 2008, the Court entered the Order Authorizing the Trustee to Retain and Employ Norton Rose Fulbright LLP (then Norton Rose LLP) as U.K. Counsel Nunc Pro Tunc to October 27, 2008 (ECF No. 330) (the "NRF Appointment Order") (i) authorizing the Trustee to retain and employ NRF nunc pro tunc to October 27, 2008 as U.K. counsel to the Trustee and (ii) finding that NRF is disinterested pursuant to the provisions of section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a).

4. On June 21, 2013 NRF filed a notice with the Court (ECF No.6572) that the law practices of Norton Rose and Fulbright and Jaworski LLP combined effective June 3, 2013, with the consequence that Norton Rose LLP has been changed to Norton Rose Fulbright LLP.

5. On June 19, 2014, the Court entered the Seventh Amended Order (ECF No. 9194) Establishing Procedures Governing Interim Monthly Compensation of

2

the Trustee and HHR (the "Seventh Amended Administrative Fee Order"). The Seventh Amended Administrative Fee Order provided that special counsel to the Trustee shall not serve monthly statements, but file interim or final applications (as the case may be) for Court approval for allowance and payment of the compensation and reimbursement of expenses and that the Trustee shall promptly pay one hundred percent (100%) of all fees and expenses approved by the Court in connection with such applications.

6. In accordance with all applicable orders and guidelines described herein, NRF has filed nineteen prior applications for allowance of interim compensation and reimbursement of expenses incurred in prior Compensation Periods (the "Prior Interim Applications"). The following chart identifies the Prior Interim Applications and the orders entered with respect to such applications:

| Application | Order | | Interim Fees Approved | Interim Expenses[2] Approved |
|---|---|---|---|---|
| First Interim Application | March 27, 2009 | ECF No. 902 | $169,713.24 | $4,283.48 |
| Second Interim Application | August 24, 2009 | ECF No. 1513 | $299,186.21 | $9,971.05 |
| Third Interim Application | January 21, 2010 | ECF No. 2558 | $1,103,416.32 | $291,013.87 |
| Fourth Interim Application | June 2, 2010 | ECF No. 3338 | $2,184,690.82 | $921,674.14 |
| Fifth Interim Application | September 24, 2010 | ECF No. 3729 | $1,212,240.27 | $565,887.10 |
| Sixth Interim Application | November 16, 2010 | ECF No. 3889 | $1,233,266.08 | $872,831.77 |
| Seventh Interim Application | February 28, 2011 | ECF No. 4116 | $848,823.40 | $120,787.73 |
| Eighth Interim Application | May 26, 2011 | ECF No. 4302 | $971,180.36 | $162,208.69 |
| Ninth Interim Application | August 18, 2011 | ECF No. 4507 | $963,397.32 | $116,536.10 |
| Tenth Interim Application | November 17, 2011 | ECF No. 4733 | $1,029,886.24 | $166,960.26 |
| Eleventh Interim Application | February 15, 2012 | ECF No. 4909 | $948,165.24 | $233,046.85 |
| Twelfth Interim Application | May 21, 2012 | ECF No. 5082 | $1,173,167.29 | $92,896.02 |
| Thirteenth Interim Application | August 23, 2012 | ECF No. 5252 | $1,324,985.98 | $55,495.16 |
| Fourteenth Interim Application | December 11, 2012 | ECF No. 5456 | $1,670,811.21 | $337,602.41 |
| Fifteenth Interim Application | March 19, 2013 | ECF No. 5735 | $873,608.75 | $255,952.94 |
| Sixteenth Interim | June 20, 2013 | ECF No. 6205 | $453,929.37 | $24,484.86 |

---

[2] Expenses include any fees for retained barristers.

3

| Application | Order | | Interim Fees Approved | Interim Expenses[2] Approved |
|---|---|---|---|---|
| Application Seventeenth Interim Application | August 22, 2013 | ECF No. 7081 | $157,643.18 | $52,246.01 |
| Eighteenth Interim Application | December 23, 2013 | ECF No. 7957 | $97,221.93 | $729.03 |
| Nineteenth Interim Application | April 24, 2014 | ECF No. 8714 | $272,876.35 | $2,000.39 |

## COMPENSATION REQUESTED

7. This application has been prepared under the guidance of HHR. The declaration of Hamish Anderson, a partner of NRF, is attached hereto as Exhibit A.

8. As described in the declaration of Hamish Anderson, NRF expended 126.50 hours in the rendition of professional and paraprofessional services on behalf of the Trustee during the Compensation Period, resulting in a blended hourly rate of US$757.46 for fees incurred.

9. At SIPC's request, NRF's fees in this case reflect a 10% public interest discount from NRF's standard rates. This discount has resulted in an additional voluntary reduction during the Compensation Period of US$10,646.50.

10. Exhibit B annexed hereto provides a schedule of the disbursements and costs for which reimbursement is requested. The requested disbursements and costs are customarily charged to and paid by NRF's bankruptcy and non-bankruptcy clients.

11. Exhibit C annexed hereto is a summary by project categories of services performed by NRF from February 27, 2014 through June 29, 2014.[3]

12. There is no agreement or understanding between NRF and any other person, other than members of NRF, for sharing of compensation to be received for services rendered in this case.

13. To the extent that time or disbursement charges for services rendered or disbursements and costs incurred relate to the Compensation Period, but were not classified or processed prior to the preparation of this Application, NRF reserves the right to request additional compensation for such services and reimbursement of such disbursements and costs in a future application.

---

[3] Since October 27, 2008, NRF has implemented twenty-four (24) separate matter numbers for services rendered, together with a further twenty four (24) non-matter-specific work streams, for project categories to permit a more detailed analysis of the fees incurred.

4

**DESCRIPTION OF SERVICES**

14. A SIPA proceeding contemplates liquidation of the business of the broker-dealer, with special provisions regarding "customer" assets. NRF's services relate principally to the U.K. aspects of the liquidation of the international enterprise that was LBI, with assistance from NRF's international network of offices wherever required, as contemplated by the NRF Appointment Order.

15. In particular, NRF, in consultation with HHR, has devoted substantial time to coordinating with the Administrators of Lehman Brothers International (Europe) (in administration) ("**LBIE**"), and the responsible office-holders appointed in the many other Lehman Brothers-related insolvency proceedings around the globe, including with respect to the settlement of all claims and cross-claims between the different entities. NRF has also been advising the Trustee on the appropriate measures to be implemented for the closure of LBI branch offices worldwide, including in the U.K., Singapore, the People's Republic of China and other jurisdictions relevant to Lehman Brothers foreign affiliate matters in which HHR does not maintain offices.

16. NRF has been engaged on the following matters throughout the Compensation Period, in consultation with HHR: (i) advising the Trustee on matters arising in the administration of LBIE in the U.K. (in particular, advising on certain matters arising from the LBIE administrators' periodic progress reports); (ii) advising the Trustee in relation to his interest in the administration in Germany of Lehman Brothers Bankhaus AG; and (iii) advising the Trustee on residual matters relating to the closure of the affairs of the Singapore branch of LBI.

17. Throughout the Compensation Period, NRF has considered, and conducted appropriate research into, relevant issues of English and Singaporean law on behalf of the Trustee, with input from the Trustee's other advisers as necessary. Throughout, NRF has resourced its team with fee-earners of an appropriate level of seniority for the tasks in hand and in a manner commensurate with the mandates of SIPA.

18. NRF has been cognizant throughout the Compensation Period that its efforts, as with the efforts of professionals in other SIPA proceedings, bear on the public interest. NRF regularly consults with the Trustee and SIPC, through HHR, to

5

ensure that its efforts adhere to the mandates of SIPA and to avoid any potential duplication of effort with HHR or other professionals employed by the Trustee.

## ACTUAL AND NECESSARY
## DISBURSEMENTS AND COSTS INCURRED BY NRF

19.     As set forth in Exhibit B attached hereto, NRF has incurred US$520.97 in disbursements and costs in providing professional services during the Compensation Period. The categories of disbursements and costs include charges in respect of printing, photocopying, telephone and courier fees incurred in the course of working on this matter. These charges reflect NRF's direct operating costs in all cases. Such expenses are levied as and when they are incurred and are not separately incorporated into the NRF hourly billing rates.

20.     In view of the inherently international nature of this case, frequent long distance telephone calls and conference call services have been necessary. However, as is standard in the City of London market for legal services, the costs of all secretarial assistance to lawyers and other fee-earners, and other labor of an administrative nature, is reflected in the hourly rates for professional fees. No additional charges are levied for word processing and other document management functions.

21.     In summary, the actual disbursements and costs incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the estate, its customers and creditors.

## NRF'S REQUEST FOR INTERIM
## COMPENSATION SHOULD BE GRANTED

22.     NRF may submit applications to the Court for compensation for services rendered and reimbursement for disbursements and costs during the course of the liquidation, which may be done on an interim basis. SIPA §§ 78eee(b)(5)(A)-(B). Whenever an application for compensation and reimbursement of disbursements and costs is filed, SIPC shall file its recommendation with respect to such fees and disbursements with the Court prior to the hearing on such application. Id. at § 78eee(b)(5)(C). The Court "shall place considerable reliance on the recommendation of SIPC" as to the allowances requested in such applications, and to the extent that such

allowances are to be paid by SIPC, without reasonable expectation of recoupment, the court shall award the amounts recommended by SIPC. Id.; see e.g., Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 274 n.21 (1992) (recognizing that "SIPC's recommendation to court on trustee's compensation is entitled to considerable reliance and is, under certain circumstances, binding."); In re Madoff, No. 08-1789, 2010 U.S. Dist. LEXIS 81492, at *15 (Bankr. S.D.N.Y. Aug. 6, 2010) ("There are no grounds for differing opinions [as to whether the bankruptcy court is required to approve fee applications that SIPC recommended be approved] because [the issue] is directly addressed by SIPA—the court shall…place considerable reliance on the recommendation of SIPC.") (internal quotation omitted); In re Donald Sheldon & Co, Inc. 153 B.R. 661, 668 (Bankr. S.D.N.Y. 1993) (SIPA requires . . . that "[W]e place considerable reliance on the recommendation of SIPC in ruling on [the Trustee's] application [for fees]").

23. At this time, the Trustee anticipates that there will be sufficient funds available from the general estate to satisfy administrative expenses of the estate, including professional fees, without seeking to requisition funds from SIPC in order to pay these expenses. As a result, in determining the allowance of NRF's compensation, while "considerable reliance" shall be placed on SIPC's recommendation, the Court must duly consider the nature, extent and value of the services rendered. SIPA at § 78eee(b)(5)(C).

24. NRF submits that its request for interim allowance of compensation is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

25. In the instant case, NRF respectfully submits that the services for which it seeks compensation in this Application, as highlighted above, at the time rendered, were believed to be necessary for and beneficial to LBI's estate, customers, creditors and other parties-in-interest. NRF further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to these constituencies. In sum, the services rendered by NRF were necessary and beneficial and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

## **CONCLUSION**

NRF respectfully submits that the services rendered during the Compensation Period and accomplishments to date merit the approval of the fees and disbursements and costs requested herein, and respectfully requests that the Court enter Orders as follows: (i) allowing and awarding US$95,818.54 as an interim payment for professional services rendered by NRF during the Compensation Period and US$520.97 as interim reimbursement of the actual and necessary disbursements and costs incurred by NRF in connection with the rendition of such services, authorizing the Trustee to pay all outstanding amounts in accordance with the Seventh Amended Administrative Fee Order; and (ii) granting NRF such other and further relief as the Court may deem just and proper.

Dated: July 14, 2014

NORTON ROSE FULBRIGHT LLP

By: /s/ Hamish Anderson
Hamish Anderson
Radford Goodman
Mark Craggs
Stephanie Hooper
3 More London Riverside
London SE1 2AQ
United Kingdom
Telephone: +44 20 7283 6000
Facsimile: +44 20 7283 6500

Email:
hamish.anderson@nortonrosefulbright.com

U.K. Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

8

# EXHIBIT A

08-01420-scc    Doc 9393    Filed 07/14/14    Entered 07/14/14 18:43:37    Main Document
Pg 11 of 18

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

### DECLARATION OF HAMISH ANDERSON

HAMISH ANDERSON hereby makes the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a duly admitted solicitor of the Senior Courts of England and Wales and a partner of the firm of Norton Rose Fulbright LLP ("**NRF**"). I submit this certification in support of the twentieth application of NRF, as U.K. counsel to James W. Giddens as Trustee (the "**Trustee**") for the liquidation of Lehman Brothers Inc., for allowance of interim compensation for services rendered and reimbursement of actual and necessary expenses incurred from February 27, 2014 through June 29, 2014 pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure.

2. On November 21, 2008, the Court entered the Order Authorizing the Trustee to Retain and Employ Norton Rose Fulbright LLP (then Norton Rose LLP) as U.K. Counsel Nunc Pro Tunc to October 27, 2008 (Docket No. 330) authorizing the Trustee to retain and employ NRF nunc pro tunc to October 27, 2008 as U.K. counsel to the Trustee.

3. I submit this affidavit pursuant to Bankruptcy Rule 2016(a) in support of NRF's application (the "**Application**") for (i) allowance of compensation in

---
[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C."

the amount of US$ 95,818.54 for professional services rendered by NRF from February 27, 2014 through June 29, 2014 (the "**Compensation Period**"); and (ii) reimbursement in the amount of US$ 520.97 for necessary disbursements and costs incurred by NRF during the Compensation Period.

4. As one of the lead partners at NRF staffed on this matter, I am familiar with such services and with these proceedings. These statements are correct to the best of my knowledge and belief, based upon conversations I have conducted with the partners and associates of NRF and upon records kept by NRF in the normal course of business.

5. I hereby certify that (i) I have read the Application; and (ii) to the best of my knowledge and belief, the Application complies with the guidelines for fee applications under Bankruptcy Rule 2016(a) and the Fifth Amended Administrative Fee Order (as defined in the Application).

6. At the request of the Securities Investor Protection Corporation ("**SIPC**"), NRF's fees in this case reflect a 10% public interest discount from NRF's standard rates.

7. I hereby certify that members of the staff of SIPC have been provided with a copy of the Application.

8. I certify that, to the best of my knowledge and belief, (i) in providing reimbursable non-legal services to the estate, NRF does not make a profit on such services; and (ii) in seeking reimbursement for a service which NRF justifiably purchased or contracted from a third party, NRF requests reimbursement only for the amount billed to NRF by the third-party vendors and paid or to be paid by NRF to such vendors.

9. It is NRF's practice not to include the costs of printing photocopying and telephone and fax charges in its overhead, but rather to bill out these expenses to clients. To the best of my knowledge and belief, charges in respect of these costs reflect NRF's direct operating costs in all cases. They are levied as and when they are incurred and are not separately incorporated into the NRF hourly billing rates. Further, the costs of all secretarial assistance to lawyers and other fee-earners, and other labor of an administrative nature, is reflected in the hourly rates for professional fees. No

additional charges are levied for word processing and other document management functions.

10. NRF has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

11. To the best of my knowledge and belief, there is no agreement or understanding between NRF and any other person, other than members of NRF, for sharing of compensation to be received for services rendered in this case.

No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by NRF. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in London, England this 14th day of July 2014.

_____
Hamish Anderson
Norton Rose Fulbright LLP

## EXHIBIT B

**Expenses incurred for the period February 27, 2014 through June 29, 2014**

| Description | Total Amount |
| --- | --- |
| Document Reproduction | US$ 221.81 |
| Telephone & Fax Charges | US$ 45.96 |
| Courier Fees | US$ 18.21 |
| Italy Local Tax | US$ 88.91 |
| Amsterdam office photocopying charge | US$ 146.08 |
| **Total** | **US$ 520.97** |

# **EXHIBIT C**

08-01420-scc    Doc 9393    Filed 07/14/14    Entered 07/14/14 18:43:37    Main Document
Pg 17 of 18

**Summary by Project Categories of Services Performed by Norton Rose Fulbright LLP from February 27, 2014 through June 29, 2014**

| Project Category | Summary |
|---|---|
| LBIE General Aspects | General advice relating to the administration of LBIE, including advising the Trustee on English law aspects relating to the settlement of claims between the LBI and LBIE estates. |
| LBI General | Monitoring the progress of the insolvency proceedings of various LBI debtors in different jurisdictions; attending to sundry queries in relation to English insolvency law and work relating to matters which span several different work streams, such that it is not appropriate to allocate the time recorded to a particular work stream. |
| Hong Kong Proceedings | Advice relating to the liquidations of various Lehman Brothers entities in Hong Kong and the treatment of claims in Hong Kong, including with respect to the court application as to the validity and effectiveness of "extended lien" provisions. |
| LBI Singapore Branch Office | Advice relating to the deregistration of LBI from Singapore's companies registry. |
| LBIE Client Money Application | Advice relating to the quantification of the Trustee's client money claim. |
| Claim against Commercial Alluminio Nord s.r.l: | Advice relating to the litigation commenced by LBI for the collection of a claim against Commercial Alluminio Nord s.r.l., an Italian Company. |
| Bankhaus | Monitoring the progress of the insolvency proceedings of Lehman Brother Bankhaus AG and reporting to and advising the Trustee as appropriate |