Hearing Date and Time:  September 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  August 13, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**THIS OBJECTION SEEKS TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S TWO HUNDRED FIFTIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, ELENI D. THEODOSIOU-PISANELLI, ESQ., AT (212) 837-6868.**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>　　　　LEHMAN BROTHERS INC.,<br><br>　　　　　　　　　　　　Debtor. | Case No.  08-01420 (SCC) SIPA |

**NOTICE OF HEARING ON THE TRUSTEE'S TWO HUNDRED
FIFTIETH OMNIBUS OBJECTION SEEKING TO ALLOW CERTAIN
FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH PROPER
CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS
(FINANCIAL PRODUCT CLAIMS)**

**PLEASE TAKE NOTICE** that on July 23, 2014, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his two hundred fiftieth omnibus

objection to general creditor claims (the "Two Hundred Fiftieth Omnibus Objection to General

Creditor Claims"), and that a hearing to consider the Trustee's Two Hundred Fiftieth Omnibus

Objection to General Creditor Claims will be held before the Honorable Shelley C. Chapman,

United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton

Customs House, Courtroom 623, One Bowling Green, New York, New York 10004-1408 (the

"Bankruptcy Court"), on **September 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the

"Hearing").

      **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **August 13, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to

the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York

10004, Courtroom 623.

> **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Trustee's Two Hundred Fiftieth Omnibus Objection to General Creditor

Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Trustee's Two Hundred Fiftieth Omnibus Objection to General Creditor Claims, which

may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
         July 23, 2014

> HUGHES HUBBARD & REED LLP
>
> By:    _/s/ James B. Kobak, Jr._
>          James B. Kobak, Jr.
>          Christopher K. Kiplok
>          Meaghan C. Gragg
> One Battery Park Plaza
> New York, New York 10004
> Telephone: (212) 837-6000
> Facsimile:  (212) 422-4726
> Email:  kobak@hugheshubbard.com
>
> Attorneys for James W. Giddens,
> Trustee for the SIPA Liquidation of
> Lehman Brothers Inc.
>                 .

**Hearing Date and Time: September 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: August 13, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
|       LEHMAN BROTHERS INC., | Case No. 08-01420 (SCC) SIPA |
|                   Debtor. | |

**TRUSTEE'S TWO HUNDRED FIFTIETH OMNIBUS OBJECTION SEEKING TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS (FINANCIAL PRODUCT CLAIMS)**

**THIS OBJECTION SEEKS TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS. PARTIES RECEIVING THIS TWO HUNDRED FIFTIETH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, ELENI D. THEODOSIOU-PISANELLI, ESQ., AT (212) 837-6868.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970 as amended,

15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] by and through his undersigned counsel, respectfully

represents as follows:

## **RELIEF REQUESTED**

1.      The Trustee files this two hundred fiftieth omnibus objection to general creditor

claims (the "Two Hundred Fiftieth Omnibus Objection to General Creditor Claims") pursuant to

sections 502(b), 502(g)(2), 503, 506(a)(1), and 507(a)(2) of title 11 of the United States Code

(the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and

78fff-1(a) of SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to general creditor proofs of claims filed in this SIPA proceeding (the "General

Creditor Claims Objection Procedures Order," ECF No. 5441), seeking to allow certain filed

proofs of claim (listed on **Exhibit A** through **Exhibit F** annexed hereto, collectively, the "Claim

Exhibits") in reduced amounts (to the extent applicable) and with proper classification as

unsecured general creditor claims. The Trustee's proposed order (the "Proposed Order") is

annexed hereto as **Exhibit I**.

---

1.   For convenience, subsequent references to SIPA may omit "15 U.S.C."

2.      The proofs of claim identified on the Claim Exhibits (collectively, the "Claims")

are claims for damages arising out of:

(a)      unperformed forward contracts for the future purchase or sale of "to be announced" U.S. agency debt obligations ("TBA Contracts" or "TBAs") (the "TBA Claims," *see* **Exhibit A**, **Exhibit B**, and **Exhibit C**);

(b)      unperformed or un-matured forward contracts for the future exchange of currencies ("FX Forwards" or "FX Contracts") (the "FX Claims," *see* **Exhibit D**);

(c)      contractual defaults under repurchase or reverse repurchase transactions ("Repo Transactions") (the "Repo Claims," *see* **Exhibit E**);

(d)      a mixture of some or all of the above types of claims (*see* **Exhibit F**, and together with the TBA Claims, FX Claims, and the Repo Claims, the "Financial Products Claims"); and

(e)      in addition to TBA Contracts, FX Contracts, and Repo Transactions, some of the Financial Products Claims also include option contracts traded on the over-the-counter market, where participants negotiate the characteristics of the options traded ("OTC Options").

Except for the claims listed on **Exhibit F**,[2] the Trustee has determined that the amounts claimed

in certain of the Claims (as listed on the Claim Exhibits in the column entitled "*Asserted*

*Amount*")[3] contradict LBI's books and records or seek recovery for amounts for which LBI is not

liable, and, therefore, the Claims should be reduced to the amount reflected on the Claim

Exhibits in the column entitled "*Claim as Modified*."  In addition, certain of the Claims,

including all of the claims listed on **Exhibit F**, should be reclassified, in whole or in part, from

secured or administrative to general unsecured status because these Claims assert secured

---

2.    The Trustee does not seek to reduce the claims listed on Exhibit F.  Instead, the Trustee seeks only to reclassify those claims as unsecured general creditor claims for the reasons stated in Argument Section II *infra*.

3.    Consistent with the general creditor claims register, customer claims reclassified to general creditor claims are listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

amounts which do not meet the statutory requirements for secured or administrative status under

Bankruptcy Code §§ 506(a)(1) and 503, respectively.  The Trustee therefore requests that the

Court reduce, or, where appropriate, reduce and reclassify each Claim listed on the Claim

Exhibits to the amount and status set forth in the column entitled "*Claim as Modified*" and allow

each Claim to the extent of such amount and status.

## JURISDICTION

3.    Following removal to this Court for all purposes as required for SIPA cases by

SIPA § 78eee(b)(4), this Court has "all of the jurisdiction, powers, and duties conferred by

[SIPA] upon the court to which application for the issuance of the protective decree was made."

15 U.S.C. § 78eee(b)(4).

4.    Venue is proper in this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C.

§ 78aa.

## BACKGROUND

5.    On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch,

United States District Court, Southern District of New York, entered the Order Commencing

Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of

SIPA in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc.,

Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee

for the liquidation of the business of LBI pursuant to SIPA § 78eee(b)(3); and (ii) removed the

case to this Court for all purposes as required for SIPA cases by SIPA § 78eee(b)(4), in the case

captioned In re Lehman Brothers Inc., Case No. 08-01420 (JMP) (the "SIPA Proceeding").

6.      The stay arising under paragraphs three through six of the LBI Liquidation Order exempts "the contractual right of a creditor to liquidate, terminate, or accelerate a securities contract . . . [or] forward contract."  (LBI Liquidation Order ¶ VIII(B).)

7.      On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA § 78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former LBI customers and other potential claimants (the "Claims Process Notice") and posted claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The Trustee also published notice of the claims process in *The New York Times*, *The Wall Street Journal*, and *The Financial Times*.

8.      Pursuant to SIPA § 78fff-2(a)(3) and the Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and general creditor claims must have been received by the Trustee by June 1, 2009, and no claims of any kind will be allowed unless received by the Trustee on or before June 1, 2009 (the "Bar Date").

9.      In addition to the Bar Date, on September 19, 2013, the Bankruptcy Court entered an order (the "Administrative Bar Date Order") that established October 31, 2013 (the "Administrative Bar Date") as the deadline to file a proof of claim for certain administrative expense claims against the LBI estate, as further described in the Administrative Bar Date Order,

with respect to such administrative expenses arising between September 19, 2008 and August 31, 2013. The Administrative Bar Date has now passed.

10.     A copy of the Claims Process Order was made publicly available at www.lehmantrustee.com. The Trustee's website allowed claimants filing electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Proof of Claim.

11.     In accordance with the Claims Process Order, in cases where the Trustee denied a claim for protection as a customer and converted the claim to a general creditor claim, the Trustee notified the claimant consistent with the procedures set forth in the Claims Process Order. The claimant was afforded the opportunity to object and have the matter heard by the Court if the claimant was aggrieved by the Trustee's denial of customer treatment and conversion of the claim to a general creditor claim. If a claimant did not object to the Trustee's conversion of the claim consistent with the procedures set forth in the Claims Process Order, the Trustee's conversion of the claim to a general creditor claim became final. No determination was made as to the validity or allowed amount of such converted and reclassified claims.

12.     On November 15, 2012, the Court entered the General Creditor Claims Objection Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections to no more than 200 general creditor claims at a time, on various grounds, including the grounds that: (i) the claims subject to the omnibus objection seek recovery of amounts for which LBI is not liable; (ii) the claims subject to the omnibus objection were incorrectly classified; and (iii) the amount claimed in the claims subject to the omnibus objection contradicts LBI's books and records.

## ARGUMENT

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re DJK*

*Residential LLC*, 416 B.R. 100, 104-05 (Bankr. S.D.N.Y. 2009); *In re Oneida Ltd.*, 400 B.R.

384, 389 (Bankr. S.D.N.Y. 2009 ), *aff'd sub nom. Peter J. Solomon Co. v. Oneida Ltd.*, No. 09

Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Rockefeller Ctr. Props.*, 272

B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

## I.   CERTAIN OF THE FINANCIAL PRODUCT CLAIMS SHOULD BE ALLOWED IN THE REDUCED AMOUNTS ONLY.

14.     The General Creditor Claims Objection Procedures Order authorizes the Trustee

to file omnibus objections "seeking reduction, reclassification and/or disallowance of claims . . .

[on the grounds that] the amount claimed contradicts LBI's books and records" or where a claim

"seeks recovery of amounts for which LBI is not liable."  (General Creditor Claims Objection

Procedures Order at 2.)  If the Trustee determines that the amount claimed contradicts LBI's

books and records, "the Trustee will include the amount of such General Creditor Claim, if any,

reflected in LBI's books and records."  (*Id.*)  Where the Trustee finds that the General Creditor

Claims seek recovery of amounts for which LBI is not liable, "the Trustee will include the legal

basis for such objection."  (*Id.*)

15.     Bankruptcy Code § 502(b) provides, in relevant part, that a court should

determine the amount of a claim subject to an objection "as of the date of the filing of the

petition, and shall allow such claim in such amount," and that a claim may not be allowed to the

extent that "such claim is unenforceable against the debtor and property of the debtor, under any

agreement or applicable law."  11 U.S.C. § 502(b)(1).  Claims for damages calculated in

accordance with section 562 may be allowed under section 502(b) pursuant to Bankruptcy Code

§ 502(g)(2).  11 U.S.C. § 502(g)(2) ("A claim for damages calculated in accordance with

section 562 shall be allowed under subsection (a), (b), or (c), or disallowed under subsection (d)

or (e), as if such claim had arisen before the date of the filing of the petition."); 11 U.S.C. § 562

(explaining that damages under this section are measured as of the earlier of "the date of such

rejection" or "the date of such liquidation, termination, or acceleration").

16.    To the extent a Financial Product Claim arises out of the rejection, liquidation,

termination, or acceleration of the relevant TBA Contract, FX Contract, or Repo Transaction, the

claim would be calculated pursuant to Bankruptcy Code § 562 and allowed in such amount

pursuant to Bankruptcy Code § 502(g)(2).  Otherwise, the claim would be calculated and allowed

pursuant to Bankruptcy Code §502(b), which is "the amount of such claim . . . as of the date of

the filing of the petition . . . ."  The Financial Product Claims at issue here arise out of and were

calculated in accordance with one of the scenarios detailed above.

17.    Additionally, in accordance with Bankruptcy Code § 559, participants to Repo

Transactions are permitted to exercise their contractual rights to "cause the liquidation,

termination or acceleration" of their repurchase agreements upon the occurrence of certain

conditions set forth in the agreements without violating the Bankruptcy Code's automatic stay.

*See* 11 U.S.C. § 362(b)(7) (stating that "[a]n application under section 5(a)(3) of the Securities

Investor Protection Act of 1970, does not operate as a stay . . . of the exercise by a repo

participant . . . to offset or net out any termination value, payment amount, or other transfer

obligation under or in connection with 1 or more such agreements, including any master

agreement for such agreements"); *see also* 11 U.S.C. § 362(o) ("The exercise of rights not

subject to the stay arising under subsection (a) pursuant to paragraph . . . (7) . . . of subsection (b)

shall not be stayed by any order of the court or administrative agency in any proceeding under

this title."); LBI Liquidation Order ¶ VIII(B), *supra*.

18.    Based on analysis by the Trustee's professionals or counsel for the Financial

Product Claims of each of the general creditor proofs of claim (the "Proofs of Claim") listed in

the Claim Exhibits, certain information from the LBI general claims register as maintained by

the Trustee's claims agent, certain information from the books and records of the LBI estate (the

"Books and Records"), and certain pricing information from either Bloomberg Finance L.P. or

Interactive Data Corporation (each, a "Pricing Source"), as further described in either the

Declaration of Robert Sprague, dated July 23, 2014 (the "Sprague Declaration," annexed hereto

as **Exhibit G**) or the Declaration of Eleni D. Theodosiou-Pisanelli, dated July 23, 2014 (the

"ETP Declaration," annexed hereto as **Exhibit H**), the Trustee has identified certain of the

Financial Product Claims as claims that must be reduced because (i) the amounts claimed are

greater than the amounts shown on, or determined by analysis of, the Books and Records, or (ii)

the amounts claimed are greater than the amounts for which LBI is liable.

19.    The amounts listed on the Claim Exhibits in the column entitled "*Claim as

Modified*" and the amount denoted with the letter symbol **(T)** represent the amount calculated for

each Claim by the Trustee's professionals or counsel.

## II.    CERTAIN OF THE FINANCIAL PRODUCT CLAIMS SHOULD BE RECLASSIFIED.

20.    In addition to reducing certain of the Financial Product Claims as described

above, certain of the Financial Product Claims must be reclassified, in whole or in part, from

secured to general unsecured status.  Under Bankruptcy Code section 506(a)(1), "[a]n allowed

claim of a creditor secured by a lien on property in which the estate has an interest, or that is

subject to setoff under section 553 of this title, is a secured claim to the extent of the value of

such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim . . . ." 11 U.S.C. § 506(a)(1). For the Financial Product Claims asserting secured status based on an asserted setoff right, the Trustee has applied the setoff where valid, and the proposed unsecured allowed amount in the Claim Exhibits reflects the amount that is more than the amount subject to setoff. For certain other the Financial Product Claims (or portions of certain the Financial Product Claims over and above the valid setoff right) that are asserted as secured claims, these claims must be reclassified, in whole or in part, from secured to general unsecured status because they claim amounts that are <u>not</u> "secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title," and therefore are not entitled to secured status under the Bankruptcy Code. 11 U.S.C. § 506(a)(1).

21.     To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the debtor's estate has an interest. 11 U.S.C. § 506(a). If a creditor cannot demonstrate that its claim is secured by a lien or other security interest in the property of the debtor's estate, it must follow that such claim is unsecured. *See*, *e.g.*, *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003) (finding that a creditor that is a beneficiary of a letter of credit is only an unsecured creditor vis-a-vis the bankruptcy estate without a direct security interest); *In re WorldCom, Inc.*, 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because it was based on a lapsed lien).

22.     This Court should rule that, to the extent applicable, the Financial Product Claims should not be accorded treatment as secured claims on account of the claimants' failure to

document their assertions that the Financial Product Claims are secured by any interest in LBI's

property. The respective claimants have failed to provide any explanation or documentation that

supports their claim of secured status and evidences the perfection of a security interest or lien on

the assets of LBI. Accordingly, these Proofs of Claim fail to comply with Bankruptcy Rule

3001(d), which provides that "[i]f a security interest in property of the debtor is claimed, the

proof of claim shall be accompanied by evidence that the security interest has been perfected."

Fed. R. Bankr. P. 3001(d). Claimants' assertions of security interest lack *prima facie* validity

and are unenforceable against LBI.

23.    In addition to claiming secured status, certain of the Financial Product Claims

seek administrative priority treatment of their claims pursuant to 11 U.S.C. § 507(a)(2).

Bankruptcy Code § 507(a)(2) provides priority status to those with "administrative expenses

allowed under [Bankruptcy Code] section 503(b) . . . ." Section 503 of the Bankruptcy Code

provides administrative expense priority for "the actual, necessary costs and expenses of

preserving the estate . . ." 11 U.S.C. § 503(b)(1)(A). As this Court has noted, for a claim to be

afforded administrative priority, a claimant must show both that: (i) the transaction giving rise to

the claim occurred post-petition and (ii) the debtor-in-possession, or in this case the Trustee,

directly benefited as a result of the transaction. *See In re Grubb & Ellis Co*., 478 B.R. 622, 624

(Bankr. S.D.N.Y. 2012) (citing *Trs. Of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98,

101 (2d Cir. 1986)); *In re Enron Corp.,* 279 B.R. 79, 85 (Bankr. S.D.N.Y. 2002).

24.    It is the claimants' burden to establish that they are entitled to an administrative

expense claims. *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007). An

administrative claim "should only be granted under extraordinary circumstances, to wit, when

the parties seeking priority have sustained their burden of demonstrating that their services are

11

actual and necessary to preserve the estate." *In re Drexel Burnham Lambert Group Inc.*, 134

B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (quoting *In re Amfesco Indus., Inc.*, 81 B.R. 777, 785

(Bankr. E.D.N.Y. 1988); *see also In re Chateaugay Corp.*, 102 B.R. 335, 353 (Bankr. S.D.N.Y.

1989) ("Additionally, it is clear that the burden of establishing entitlement to priority rests with

the claimant.")

25.     The Court should rule that, to the extent applicable, the Financial Product Claims

should not be accorded treatment as administrative claims on account of the claimants' failure to

document their assertions that the Financial Product Claims meet any of the requirements of an

administrative claim under Bankruptcy Code § 503.  The claimants' claims of administrative

priority entirely lack documentation or explanatory support.

26.     To prevent possible improper recovery, the Trustee requests entry of an order

reclassifying the Financial Product Claims as unsecured claims in accordance with the

Bankruptcy Code.  Accordingly, pursuant to Bankruptcy Code §§ 502(b), 502(g)(2), 503,

506(a)(1), and 507(a)(2), the Trustee requests that the Court reduce or reclassify each Financial

Product Claim to the amount and priority listed on the Claim Exhibits in the column entitled

"*Claim as Modified*" and allow each Financial Product Claim as an unsecured general creditor

claim only to the extent of such modified amount.

## RESERVATION OF RIGHTS

27.     The Trustee reserves all rights to object on any other basis to any Claim or any

portion of any Claim not finally determined or for which the Court does not grant the relief

requested herein.

## NOTICE

28.      Notice of this Two Hundred Fiftieth Omnibus Objection to General Creditor Claims has been provided to (i) each claimant listed in the Claim Exhibits via first-class mail; and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended Order Pursuant to Bankruptcy Code § 105(a) and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered by the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee submits that no other or further notice need be provided.

## NO PRIOR RELIEF REQUESTED

29.      No previous request for the relief requested herein has been made by the Trustee to this or any other court, except that the Trustee previously filed an objection to Claim No. 4934 filed by Northumbrian Management, LLC.  (*See* ECF No. 8582.)  In order to address additional considerations for the claim, the Trustee withdrew his objection.   (*See* ECF No. 9158).  Upon resolution of such remaining issues, by this Objection, the Trustee now objects to the claim on the basis set forth herein.

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.


Dated: New York, New York
       July 23, 2014

                                    HUGHES HUBBARD & REED LLP

                                    By:    /s/ James B. Kobak, Jr.
                                          James B. Kobak, Jr.
                                          Christopher K. Kiplok
                                          Meaghan C. Gragg
                                    One Battery Park Plaza
                                    New York, New York 10004
                                    Telephone: (212) 837-6000
                                    Facsimile:  (212) 422-4726
                                    Email:  kobak@hugheshubbard.com

                                    Attorneys for James W. Giddens,
                                    Trustee for the SIPA Liquidation of
                                    Lehman Brothers Inc.

**EXHIBIT A**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT A (TBA CLAIMS I)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | ILLINOIS MUNICIPAL RETIREMENT FUND<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT W-1213<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2733 | 1/30/2009 | - (A)<br>$82,989.00 (S)<br>- (P)<br>$792,369.00 (U)<br>$875,358.00 (T) | - (A)<br>- (S)<br>- (P)<br>$792,369.00 (U)<br>$792,369.00 (T) |
| 2 | INTERNATIONAL PAPER PENSION TRUST<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-130<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2850 | 1/30/2009 | - (A)<br>$7,270.00 (S)<br>- (P)<br>$854,341.00 (U)<br>$861,611.00 (T) | - (A)<br>- (S)<br>- (P)<br>$854,341.00 (U)<br>$854,341.00 (T) |
| 3 | IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM<br>7401 REGISTER DRIVE<br>DES MOINES, IA  50321-2900 | 2973 | 1/30/2009 | - (A)<br>$273,470.00 (S)<br>- (P)<br>$4,672,966.00 (U)<br>$4,946,435.00 (T) | - (A)<br>- (S)<br>- (P)<br>$4,672,966.00 (U)<br>$4,672,966.00 (T) |
| 4 | KUWAIT INVESTMENT AUTHORITY<br>PRIVATE EQUITY ACCOUNT MINISTRIES COMPLEX<br>BLOCK 3 PO BOX 64<br>SAFAT<br>KUWAIT | 4718 | 5/19/2009 | - (A)<br>- (S)<br>- (P)<br>$990,804.31 (U)<br>$990,804.31 (T) | - (A)<br>- (S)<br>- (P)<br>$709,460.93 (U)<br>$709,460.93 (T) |
| 5 | LM US BOND CORE PLUS MOTHER FUND<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1972<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2540 | 1/30/2009 | - (A)<br>$846.00 (S)<br>- (P)<br>$208,102.00 (U)<br>$208,948.00 (T) | - (A)<br>- (S)<br>- (P)<br>$208,102.00 (U)<br>$208,102.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIM** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT A (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 6 | METROPOLITAN SERIES FUND, INC.<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT W-2223<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2445 | 1/30/2009 | - (A)<br>$3,731.00 (S)<br>- (P)<br>$648,359.00 (U)<br>$652,091.00 (T) | - (A)<br>- (S)<br>- (P)<br>$648,359.00 (U)<br>$648,359.00 (T) |
| 7 | METROPOLITAN SERIES FUND, INC.<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-2224<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2534 | 1/30/2009 | - (A)<br>$4,880.00 (S)<br>- (P)<br>$729,617.00 (U)<br>$734,497.00 (T) | - (A)<br>- (S)<br>- (P)<br>$729,617.00 (U)<br>$729,617.00 (T) |
| 8 | OREGON PUBLIC EMPLOYEES RETIREMENT FUND<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1082<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2657 | 1/30/2009 | - (A)<br>$32,275.00 (S)<br>- (P)<br>$5,305,269.00 (U)<br>$5,337,543.00 (T) | - (A)<br>- (S)<br>- (P)<br>$5,305,269.00 (U)<br>$5,305,269.00 (T) |
| 9 | STATE RETIREMENT & PENSION SYSTEM OF<br>MARYLAND<br>C/O WESTERN MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1376<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2690 | 1/30/2009 | - (A)<br>$130,116.00 (S)<br>- (P)<br>$5,781,025.00 (U)<br>$5,911,142.00 (T) | - (A)<br>- (S)<br>- (P)<br>$5,771,769.83 (U)<br>$5,771,769.83 (T) |

| |
|---|
| (A) – ADMINISTRATIVE<br>(S) – SECURED<br>(P) – PRIORITY<br>(U) – UNSECURED<br>(T) – TOTAL CLAIMED |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*   Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT A (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 10 | STICHTING PENSIOENFONDS ABP<br>LEO PALMEN<br>666 THIRD AVENUE 2ND FLOOR<br>NEW YORK, NY 10017 | 9006031* | 2/2/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$8,752,637.16 (U)<br>$8,752,637.16 (T) |
| 11 | TEXAS COUNTY & DISTRICT RETIREMENT SYSTEM<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-2663<br>385 E. COLORADO BLVD.<br>PASADENA, CA 91101 | 2627 | 1/30/2009 | - (A)<br>$20,000.00 (S)<br>- (P)<br>$1,372,188.00 (U)<br>$1,392,188.00 (T) | - (A)<br>- (S)<br>- (P)<br>$1,372,188.00 (U)<br>$1,372,188.00 (T) |
| 12 | THE BANK OF NEW YORK MELLON<br>C/O STANDISH MELLON ASSET MGMT<br>ACCT [REDACTED]<br>MELLON FINANCIAL CENTER<br>1 BOSTON PLACE STE 024-0344<br>BOSTON, MA 02108-4408 | 9008101* | 12/2/2008 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$8,083.18 (U)<br>$8,083.18 (T) |
| 13 | THRIVENT FINANCIAL FOR LUTHERANS<br>ATTN: GREGORY R ANDERSON<br>625 FOURTH AVE., S.<br>MINNEAPOLIS, MN 55415-1624 | 9008079* | 10/7/2008 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$214,375.00 (U)<br>$214,375.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT A (CONTINUED)**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 14 | UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION - INDUSTRIAL PENSION FUND C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1133 & W-1352 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2650 | 1/30/2009 | - (A)<br>$25,778.00 (S)<br>- (P)<br>$267,169.00 (U)<br>$292,947.00 (T) | - (A)<br>- (S)<br>- (P)<br>$267,169.00 (U)<br>$267,169.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE** |
| **(S) – SECURED** |
| **(P) – PRIORITY** |
| **(U) – UNSECURED** |
| **(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**Exhibit A – Page 4**

**EXHIBIT B**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT B (TBA CLAIMS II)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | ANDERSEN CORPORATION EMPLOYEES' PENSION & RETIREMENT TRUST C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1481 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2679 | 1/30/2009 | - (A) $4,538.00 (S) - (P) $82,318.00 (U) $86,857.00 (T) | - (A) - (S) - (P) $82,318.00 (U) $82,318.00 (T) |
| 2 | TEXAS COUNTY & DISTRICT RETIREMENT SYSTEM C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-2662 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2640 | 1/30/2009 | - (A) $500.00 (S) - (P) $77,930.00 (U) $78,430.00 (T) | - (A) - (S) - (P) $77,930.00 (U) $77,930.00 (T) |
| 3 | UNIVERSITY OF COLORADO DONALD A ELDHART, TREASURER UNIVERSITY OF COLORADO 1800 GRANT STREET, SUITE 600 25UCA DENVER, CO  80203-1187 | 3287 | 2/2/2009 | -(A) $8,844.00 (S) - (P) $147,680.00 (U) $156,523.00 (T) | - (A) - (S) - (P) $147,680.00 (U) $147,680.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE** |
| **(S) – SECURED** |
| **(P) – PRIORITY** |
| **(U) – UNSECURED** |
| **(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT C**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT C (TBA CLAIMS III)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | ACADEMY FOUNDATION<br>FIRST PACIFIC ADVISORS, LLC<br>ACADEMY FD #[REDACTED]<br>LOS ANGELES, CA  90064 | 8004139* | 5/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 2 | AMEREN UE QUAL NDT FERC<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 2954 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$3,940.43 (U)<br>$3,940.43 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 3 | AMEREN UE QUAL NDT MISSOURI<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 3029 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$137,757.38 (U)<br>$137,757.38 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 4 | AMPAS<br>FIRST PACIFIC ADVISORS, LLC<br>AMPAS #[REDACTED]<br>LOS ANGELES, CA  90064 | 8004140* | 5/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 5 | EB ACTIVE 1-5 YEAR GOVERNMENT CREDIT FUND<br>C/O STANDISH ASSET MANAGEMENT CO LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 3015 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$139,582.80 (U)<br>$139,582.80 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined," or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT C (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 6 | FIRST FEDERAL OF CHARLESTON<br>#[REDACTED]<br>ATTN ROBERT PATTON<br>PO BOX 118068<br>CHARLESTON, SC  29423-8068 | 3685 | 2/25/2009 | - (A)<br>- (S)<br>- (P)<br>$22,500.00 (U)<br>$22,500.00 (T) | - (A)<br>- (S)<br>- (P)<br>$7,187.50 (U)<br>$7,187.50 (T) |
| 7 | FLORIDA DEPARTMENT OF FINANCIAL SERVICES<br>BILL SCHWARTZ<br>SMITH BREEDEN ASSOCIATES, INC.<br>280 SOUTH MANGUM STREET, SUITE 301<br>DURHAM, NC  27701 | 5575* | 6/1/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 8 | FORTIS INVESTMENT MANAGEMENT UK LIMITED<br>INGRID FURTADO<br>82 BISHOPSGATE<br>LONDON  EC2N 4BN<br>UNITED KINGDOM | 9008085* | 10/14/2008 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$15,362.00 (U)<br>$15,362.00 (T) |
| 9 | GEORGE HOAG FAMILY<br>MARIE MCAVENIA<br>11400 WEST OLYPIC BLVD<br>SUITE 1200<br>LOS ANGELES, CA  90064 | 8004136* | 5/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 10 | HARTFORD LIFE INSURANCE COMPANY<br>JAMES HEDREEN CFA FSA<br>100 CAMPUS DRIVE #250<br>FLORHAM PARK, NJ  07932 | 9004695* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$124,585.43 (U)<br>$124,585.43 (T) |

(A) – ADMINISTRATIVE
(S) – SECURED
(P) – PRIORITY
(U) – UNSECURED
(T) – TOTAL CLAIMED

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*   Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit C – Page 2

## EXHIBIT C (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 11 | INDUSTRY & LOCAL 338 WELFARE FUND<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 3028 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$4,570.89 (U)<br>$4,570.89 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 12 | INVESCO GROUP TRUST FOR RETIRMENT SAVINGS<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1398<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2659 | 1/30/2009 | - (A)<br>$25,207.00 (S)<br>- (P)<br>$885,170.00 (U)<br>$910,377.00 (T) | - (A)<br>- (S)<br>- (P)<br>$885,170.00 (U)<br>$885,170.00 (T) |
| 13 | JHM-VLIR-TREAS STRIP TRI PAR<br>JOHN HANCOCK PLACE<br>197 CLARENDON STREET C-3<br>BOSTON, MA  02116 | 8003086* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 14 | KEW MANAGEMENT CORPORATION<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 3030 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$8,668.94 (U)<br>$8,668.94 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 15 | LABATT MASTER U.S. PENSION TRUST<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STATE<br>BOSTON, MA  02108 | 2955 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$14,343.15 (U)<br>$14,343.15 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |

(A) – ADMINISTRATIVE
(S) – SECURED
(P) – PRIORITY
(U) – UNSECURED
(T) – TOTAL CLAIMED

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit C – Page 3

EXHIBIT C (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 16 | LAND ROVER PENSION TRUSTEES LIMITED<br>AS TRUSTEE OF THE LAND ROVER PENSION SCHEME<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-5580<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2717* | 1/30/2009 | - (A)<br>$11,719.00 (S)<br>- (P)<br>UNSPECIFIED*(U)<br>$11,719.00 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 17 | MIAMI FIREFIGHTERS & POLICE OFFICERS<br>RETIREMENT FUND<br>C/O MORGAN STANLEY INVESTMENT MANAGEMENT,<br>INC.<br>ATTN: DAVID BRECK<br>ONE TOWER BRIDGE<br>WEST CONSHOHOCKEN, PA  19428 | 8003195* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 18 | OREGON LABORER-EMPLOYERS PENSION TRUST FUND<br>RYAN STEPHENS<br>PO BOX 4148<br>PORTLAND, OR  97208 | 9002527* | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$6,281.25 (U)<br>$6,281.25 (T) |
| 19 | PENNAY, LORI J<br>CANTOR FITZGERALD<br>110 EAST 59TH STREET<br>NEW YORK, NY  10022 | 7000773 | 1/29/2009 | - (A)<br>- (S)<br>- (P)<br>$7,500.00 (U)<br>$7,500.00 (T) | - (A)<br>- (S)<br>- (P)<br>$860.77 (U)<br>$860.77 (T) |

| |
|---|
| (A) – ADMINISTRATIVE<br>(S) – SECURED<br>(P) – PRIORITY<br>(U) – UNSECURED<br>(T) – TOTAL CLAIMED |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit C – Page 4

EXHIBIT C (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 20 | THE FOUNDATION OF THE CATHOLIC DIOCESE OF COLUMBUS OHIO<br>JENNIFER DAMIANO<br>1071 S HIGH ST<br>COLUMBUS, OH  43206 | 9002422* | 1/26/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$4,187.50 (U)<br>$4,187.50 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit C – Page 5

**EXHIBIT D**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT D (FX CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | BANK HAPOALIM B.M.<br>ATTN: ANATH LEVIN<br>YEHUDA HALEVY STREET 63<br>TEL AVIV  65781<br>ISRAEL | 6271 | 12/15/2011 | - (A)<br>- (S)<br>- (P)<br>$1,647,980.15 (U)<br>$1,647,980.15 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00**(T) |
| 2 | BEAVER CREEK GLOBAL FUND CLASS C<br>JOAO HENRIQUE PEREIRA<br>QUEENSGATE HOUSE<br>SOUTH CHURCH STREET<br>PO BOX 1234<br>GRAND CAYMAN  KY1-1108<br>CAYMAN ISLANDS | 9002433* | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$4,798.12 (U)<br>$4,798.12 (T) |
| 3 | HERSSON_RINGSKO, DANIEL<br>20 EDGEWAREBURY GARDENS<br>EDGEWARE<br>MIDDLESEX  HA8 8LN<br>UNITED KINGDOM | 8001400* | 1/23/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00**(T) |
| 4 | NORTHUMBRIAN MANAGEMENT, L.L.C.<br>TRANSFEROR: NB OFFSHORE DIVERSIFIED ARBITRAGE TRUST<br>PO BOX 8284<br>NEW YORK, NY  10150 | 4934* | 5/29/2009 | $14,068,773.56 (A)<br>*UNSPECIFIED (S)<br>- (P)<br>*UNSPECIFIED (U)<br>$14,068,773.56 (T) | - (A)<br>- (S)<br>- (P)<br>$4,334,898.52 (U)<br>$4,334,898.52 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT D (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 5 | VEZIE, ERIC WARD<br>9 MAYFORD ROAD<br>LONDON  SW12 8RZ<br>UNITED KINGDOM | 8002230* | 1/29/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$12,910.35 (U)<br>$12,910.35 (T) |

| | |
|---|---|
| (A) – ADMINISTRATIVE | |
| (S) – SECURED | |
| (P) – PRIORITY | |
| (U) – UNSECURED | |
| (T) – TOTAL CLAIMED | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit D – Page 2

**EXHIBIT E**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT E (REPO CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | CHINA CITIC BANK CORPORATION LIMITED<br>BLOCK C, FUHUA MANSION, NO.8<br>CHAOYANGMEN BEIDAJIE, DONGCHENG DISTRICT<br>BEIJING 100027<br>CHINA | 8002632* | 1/23/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$1,063,992.03 (U)<br>$1,063,992.03 (T) |
| 2 | CHMEA, JAIME AND<br>SARA F COHEN DE CHMEA<br>ATTN:ARIEL AKERMAN<br>[REDACTED]<br>AV LIBERTADOR 2423 - PISO 5<br>1428<br>ARGENTINA | 9000527* | 12/26/2008 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$545,121.74 (U)<br>$545,121.74 (T) |
| 3 | CVIC LUX MASTER S.A.R.L.<br>TRANSFEROR: CRT SPECIAL INVESTMENTS LLC<br>CARVAL INVESTORS, LLC<br>ATTN: TERI SALBERG<br>8320 EXCELSIOR BLVD., 7TH FLOOR<br>HOPKINS, MN 55343 | 5614* | 6/1/2009 | - (A)<br>$1,153,740.70 (S)<br>- (P)<br>- (U)<br>$1,153,740.70 (T) | - (A)<br>- (S)<br>- (P)<br>$1,010,415.70 (U)<br>$1,010,415.70 (T) |
| 4 | DELAWARE HEALTH FACILITIES BEEBE MEDICAL<br>CENTER<br>ROBERT BAILEY<br>THE BANK OF NEW YORK MELLON TRUST COMPANY<br>NA<br>ONE WALL STREET 11TH FLOOR - LEGAL DEPT<br>NEW YORK, NY 10286 | 9005026* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$94,226.93 (U)<br>$94,226.93 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*   Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT E (CONTINUED)**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 5 | EXPORT - IMPORT BANK OF CHINA, THE<br>TREASURY DEPARTMENT<br>NO. 30, FU XING MEN NEI STREET<br>XICHENG DISTRICT<br>BEIJING 100031<br>P.R. CHINA | 2244 | 1/2/2009 | - (A)<br>- (S)<br>- (P)<br>$14,476,239.14 (U)<br>$14,476,239.14 (T) | - (A)<br>- (S)<br>- (P)<br>$14,438,388.12 (U)<br>$14,438,388.12 (T) |
| 6 | FFI FUND LTD.<br>C/O BRACEBRIDGE CAPITAL, LLC<br>500 BOYLSTON ST. 17TH FLOOR<br>BOSTON, MA 02116 | 1995 | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>$552,286.00 (U)<br>$552,286.00 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00** (T) |
| 7 | FYI LTD.<br>C/O BRACEBRIDGE CAPITAL, LLC<br>500 BOYLSTON ST., 17TH FLOOR<br>BOSTON, MA 02116 | 1991 | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>$270,056.00 (U)<br>$270,056.00 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00**(T) |
| 8 | HATTERAS FINANCIAL CORP<br>KENNETH A STEELE<br>110 OAKWOOD DRIVE<br>SUITE 340<br>WINSTON SALEM, NC 27103 | 9004382* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$6,181,989.08 (U)<br>$6,181,989.08 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero. To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT E (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 9 | MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY C/O BABSON CAPITAL MANAGEMENT LLC 1500 MAIN STREET STE 2800 SPRINGFIELD, MA 01115-5189 | 4866 | 5/28/2009 | - (A) - (S) - (P) $4,314,209.86 (U) $4,314,209.86 (T) | - (A) - (S) - (P) $4,135,533.86 (U) $4,135,533.86 (T) |
| 10 | OLIFANT FUND, LTD. C/O BRACEBRIDGE CAPITAL, LLC 500 BOYLSTON ST. 17TH FLOOR BOSTON, MA 02116 | 1993 | 1/28/2009 | - (A) - (S) - (P) $796,264.00 (U) $796,264.00 (T) | - (A) - (S) - (P) $672,113.56 (U) $672,113.56 (T) |
| 11 | PERELMAN, RICARDO E & MARTA E PERELSZTEIN DE PEREZMAN JTWROS PO BOX 53226 PUNTA DEL ESTE URUGUAY | 9002345* | 1/28/2009 | - (A) - (S) - (P) UNSPECIFIED*(U) UNSPECIFIED*(T) | - (A) - (S) - (P) $76,144.07 (U) $76,144.07 (T) |
| 12 | POPULAR SECURITIES, INC. JEFFREY N RICH 599 LEXINGTON AVENUE NEW YORK, NY 10022 | 7002216* | 5/29/2009 | - (A) - (S) - (P) $146,739.20 (U) $146,739.20 (T) | - (A) - (S) - (P) $38,930.65 (U) $38,930.65 (T) |

| | |
|---|---|
| (A) – ADMINISTRATIVE | |
| (S) – SECURED | |
| (P) – PRIORITY | |
| (U) – UNSECURED | |
| (T) – TOTAL CLAIMED | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT E (CONTINUED)**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 13 | TANNOR PARTNERS CREDIT FUND, LP<br>TRANSFEROR: BERNARDINI, MARIA E, ALFREDO C<br>LONGOBARDI &<br>ATTN: ROBERT TANNOR<br>150 GRAND STREET, STE 401<br>WHITE PLAINS, NY  10601 | 631* | 1/2/2009 | - (A)<br>- (S)<br>- (P)<br>$32,248.60 (U)<br>$32,248.60 (T) | - (A)<br>- (S)<br>- (P)<br>$32,248.60 (U)<br>$32,248.60 (T) |
| 14 | V. SUAREZ & COMPANY INC<br>ATTN: CONNIE MALDONADO<br>GPO BOX 4588<br>SAN JUAN, PR  00936 | 1339* | 1/23/2009 | - (A)<br>- (S)<br>- (P)<br>$177,471.00 (U)<br>$177,471.00 (T) | - (A)<br>- (S)<br>- (P)<br>$43,232.50 (U)<br>$43,232.50 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT F**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT F (RECLASS AND ALLOW CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | HEALTH PLAN, THE<br>LOGAN LP-CP-HP<br>LOGAN CIRCLE PARTNERS, LP<br>A/C THE HEALTH PLAN<br>1717 ARCH STREET, SUITE 1500<br>PHILADELPHIA, PA  19103-2700 | 1667 | 1/26/2009 | - (A)<br>- (S)<br>$5,757.81 (P)<br>- (U)<br>$5,757.81 (T) | - (A)<br>- (S)<br>- (P)<br>$5,757.81 (U)<br>$5,757.81 (T) |
| 2 | KELLOGG COMPANY RETIREE EMPLOYEES'<br>WELFARE BENEFIT TRUST FOR COLLECTIVELY<br>BARGAINED EMPLOYEES<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1572 & W-1573<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2709 | 1/30/2009 | - (A)<br>$1,719.00 (S)<br>- (P)<br>$77,211.00 (U)<br>$78,930.00 (T) | - (A)<br>- (S)<br>- (P)<br>$78,930.00 (U)<br>$78,930.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT G**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

   LEHMAN BROTHERS INC.,

          Debtor.

Case No.  08-01420 (SCC) SIPA

### DECLARATION OF ROBERT SPRAGUE IN SUPPORT OF THE TRUSTEE'S TWO HUNDRED FIFTIETH OMNIBUS OBJECTION SEEKING TO ALLOW CERTAIN FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH PROPER CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS (FINANCIAL PRODUCT CLAIMS)

Pursuant to 28 U.S.C. § 1746, I, Robert Sprague, hereby declare as follows:

1.   I am a Partner of Deloitte Financial Advisory Services LLP ("Deloitte FAS"). James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"), has duly authorized me to make and submit this declaration (the "Declaration") in support of the Trustee's two hundred fiftieth omnibus objection to general creditor claims (the "Objection" or the "Two Hundred Fiftieth Omnibus Objection  to General Creditor Claims").[1]

2.   The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief and/or upon certain proofs of claim (the "Proofs of Claim"), any supplemental information received from claimants related to the Proofs of Claim, certain information from the LBI general claims register as maintained by the Trustee's claims agent, certain of the books and records of the LBI estate (the "Books and Records"), and certain

_____

1. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

information from either Bloomberg Finance L.P. or Interactive Data Corporation (each, a

"Pricing Source") made available by the Trustee and analyzed by me or other personnel under

my supervision and direction.  If called and sworn as a witness, I could and would testify

competently to the matters set forth herein.

3.    In the context of my services for the Trustee, I am involved in assisting with the

Trustee's general creditor claim reconciliation process.  Accordingly, I and personnel under my

supervision and direction have analyzed the Proofs of Claim, certain information from the LBI

general claims register as maintained by the Trustee's claims agent, certain information in the

Books and Records, and certain information available from the Pricing Sources.

## I.    TBA CLAIMS I

4.    I understand from the Trustee's counsel that protocols issued by the Securities

Industry and Financial Markets Association ("SIFMA" and such protocols, the "SIFMA

Protocols")[2] provided guidance to market participants as to (i) how to terminate TBA Contracts

with LBI, and (ii) the methods and calculations used to determine the termination price of those

TBA Contracts, which "shall be used to determine the gain or loss on the terminated TBA

[Contracts]." (*See* Ex. 1 at 1.)

5.    At the direction of the Trustee's counsel, for each claim listed on **Exhibit A** to the

Objection, we analyzed the Proof of Claim to assess the information provided for the TBA

Contracts.  If a claimant submitted Proof of Claim information that differed from the guidelines

---

2.    Attached hereto as **Exhibit 1** and **Exhibit 2** are copies of the SIFMA Protocols issued by SIFMA on September 25, 2008 and October 9, 2008, respectively and provided to me by Trustee's counsel.

provided in the SIFMA Protocols, the Trustee's counsel provided us with guidance on analyzing

the claim information submitted to the Trustee.

6.      Based on the analysis and information in paragraphs 3, 4, and 5 above, and at the

direction of the Trustee's counsel regarding the methods to be used to calculate claims based on

TBA Contracts provided for in the SIFMA Protocols, I and personnel under my supervision and

direction:

> (a)     analyzed documents concerning the TBA Contracts included in the Proofs
> of Claim, including, if applicable, any documents provided in accordance
> with the SIFMA Protocols;
>
> (b)     analyzed certain of the Books and Records to obtain information relating
> to certain trade details of the TBA Contracts in the Proofs of Claim,
> including, but not limited to, the trade date, settlement date, coupon or
> interest rate, maturity date, quantity, and contract price; and
>
> (c)     using the information contained in the Proofs of Claim and from certain of
> the Books and Records, and, at the direction of the Trustee's counsel with
> respect to application and use, the Pricing Sources, information contained
> in the SIFMA Protocols, and, as applicable, the guidance referenced in
> paragraph 5, calculated the amount of the claim and compared it to the
> amount asserted in the Proof of Claim.

7.      For claims numbered 9006031 and 9008079 shown on **Exhibit A** to the

Objection, in the column entitled "*Claim as Modified*" and the amount denoted with the lettered

symbol (**T**), I provided the amounts calculated in paragraphs 6(c) and 20(c) to counsel to the

Trustee.

8.      For each claim shown on **Exhibit A** to the Objection other than those identified in

paragraph 7 above, in the column entitled "*Claim as Modified*" and the amount denoted with the

lettered symbol (**T**),  I provided the amount calculated in paragraph 6(c) above to counsel to the

Trustee.

3

## II.    TBA CLAIMS II

9.      At the direction of the Trustee's counsel regarding the methods to be used to

calculate claims based on TBA Contracts in **Exhibit B** to the Two Hundred Fiftieth Omnibus

Objection to General Creditor Claims, I and personnel under my supervision and direction:

> (a)    analyzed documents concerning the TBA Contracts included in the Proofs
> of Claim, including documentation asserting the LBI account balances
> claimed;
>
> (b)    analyzed a report from the Books and Records and obtained certain
> information, including but not limited to, the account number, and the
> account balance at September 19, 2008 for the specified LBI account; and
>
> (c)    using certain information contained in the Proof of Claim and the report
> analyzed in (b) above, and employing instructions received from the
> Trustee's counsel with respect to application and use of the Pricing
> Sources, analyzed the amount asserted in the Proof of Claim for each of
> the claimed accounts and compared it to the account balance from (b)
> above.

10.     For each claim shown on **Exhibit B** to the Objection, in the column entitled

"*Claim as Modified*" and the amount denoted with the lettered symbol **(T)**,  I provided the

amount analyzed in paragraph 9(c) above to counsel to the Trustee.

## III.    FX CLAIMS

11.     I understand from the Trustee's counsel that a participant entering into FX

Contracts with LBI generally would have had a master governing agreement in place, typically

either an International Swaps and Derivative Association Agreement ("ISDA") or an

International Foreign Exchange Master Agreement ("IFEMA"), collectively the "FX

Agreements."  I understand that the FX Agreements contain, among other items, FX Contract

default provisions, FX Contract termination provisions, and provide guidance on how to

determine amounts owed by the defaulting party if an event of default, as defined in the FX

Agreements, occurs.  As it relates to the analysis of the Proofs of Claim, I received instructions

from counsel to the Trustee specific to the application of select provisions of the FX Agreements, including but not limited to the FX Contract termination date. To the extent FX Agreement provisions were not applicable to certain of the relevant claimants' FX Contracts with LBI, counsel to the Trustee provided instructions including, but not limited to, the selection of the FX Contract termination date.

12.     At the direction of the Trustee's counsel, for each claim listed on **Exhibit D** to the Objection, we analyzed the Proof of Claim to assess the information provided for the FX Contracts. If the claimant submitted Proof of Claim information that differed from the provisions contained in the FX Agreements, or if no FX Agreement provisions applied to the relevant FX Contracts, the Trustee's counsel provided us with guidance on analyzing the claim information submitted to the Trustee.

13.     Based on the analysis and information in paragraphs 3, 11, and 12 above, and at the direction of the Trustee's counsel regarding the methods to be used to calculate claims based on FX Contracts, including designation of the FX Contract termination date, I and personnel under my supervision and direction:

(a)     analyzed documents concerning the FX Contracts, included in the Proofs of Claim;

(b)     received instructions from the Trustee's counsel regarding the determination of the applicable FX Contracts termination date and termination close out rate(s);

(c)     analyzed the Books and Records to obtain information relating to certain trade details of the FX Contracts in the Proofs of Claim, including, but not limited to, the trade date, base currency and amount, exchanged currency and amount, the agreed upon exchange rate(s) under the FX Contracts, collateral information, bank wire documentation, and transfer records; and

(d)     using the information contained in the Proofs of Claim and from the Books and Records, the guidance referenced in paragraph 12, and, at the direction of the Trustee's counsel with respect to application and use, the

Pricing Source, then calculated the amount of the claim and compared it to the amount asserted in the Proof of Claim.

14.    For each claim shown on **Exhibit D** to the Objection, in the column entitled "*Claim as Modified*" and the amount denoted with the lettered symbol (**T**),  I provided the amount calculated in paragraph 13(d) above to counsel to the Trustee.

## IV.    REPO CLAIMS

15.    I understand from Trustee's counsel that a participant entering into Repo Transactions with LBI would either have a Master Repurchase Agreement or Global Master Repurchase Agreement (collectively, the "Repo Agreements"), in place.  I understand from Trustee's counsel that the Repo Agreements contain, among other items, Repo Transaction default provisions, and provide guidance as to how to determine amounts owed by the defaulting party if an event of default, as defined in the Repo Agreement, occurs.  As it relates to the evaluation of the Proofs of Claim, I received instructions from counsel to the Trustee specific to the application of select provisions of the Repo Agreements, including but not limited to the Repo Transaction default date, as defined by the Repo Agreements.

16.    At the direction of the Trustee's counsel, for each claim listed on **Exhibit E** to the Objection, we analyzed the Proof of Claim to assess the information provided for the Repo Transactions.  If a claimant submitted Proof of Claim information that differed from the information reflected on the Books and Records, the Trustee's counsel provided us with guidance on analyzing the claim information submitted to the Trustee.

17.    Based on the analysis and information in paragraphs 3, 15, and 16 above, and at the direction of the Trustee's counsel regarding the methods to be used to calculate claims based on Repo Transactions, I and personnel under my supervision and direction:

(a)     analyzed documents concerning the Repo Transactions included in the Proofs of Claim and any supplemental information received from the claimants in connection with the Proofs of Claim;

(b)     analyzed certain of the Books and Records to obtain information relating to certain trade details of the securities included in the Repo Transactions, including, but not limited to, the CUSIP number, quantity, trade date, settlement date, coupon or interest rate, contract price, and price of the securities on the default date; and

(c)     using the information contained in the Proofs of Claim and from certain of the Books and Records, and, at the direction of the Trustee's counsel with respect to application and use, the Pricing Sources, and, as applicable, the guidance referenced in paragraph 16, calculated the amount of the claim and compared it to the amount asserted in the Proof of Claim.

18.     For claims numbered 9000527 and 5614 shown on **Exhibit E** to the Objection, in the column entitled "*Claim as Modified*" and the amount denoted with the lettered symbol (**T**), I provided the amounts calculated in paragraphs 17(c) and 20(c) to counsel to the Trustee.

19.     For each claim shown on **Exhibit E** to the Objection other than those identified in paragraph 18 above, in the column entitled "*Claim as Modified*" and the amount denoted with the lettered symbol (**T**),  I provided the amount calculated in paragraph 17(c) above to counsel to the Trustee.

## V.   **OTC OPTIONS**

20.     Based on the analysis and information in paragraphs 2 and 3 above and at the direction of Trustee's counsel regarding the method used to calculate claims based on over-the-counter market options ("OTC Options"), I and personnel under my supervision:

(a)     analyzed documents concerning the OTC Options included in the Proofs of Claim, if applicable;

(b)     analyzed certain of the Books and Records relating to the OTC Options  to obtain certain trade details of the OTC Options including, but not limited to the OTC Options quantity, the CUSIP or ticker symbol of the underlying security, and the strike price of the OTC Option; and

(c)     using the information contained in the Proofs of Claim and from certain of the Books and Records, and, at the direction of Trustee's counsel with respect to application and use, the Pricing Sources, calculated the claim amount attributed to the OTC Options.

21.     I provided the calculated amount of the OTC Options claims to counsel for the Trustee and those amounts are reflected on **Exhibit A** and **Exhibit E** to the Objection, as described in paragraphs 7 and 18 above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2014

By:    */s/ Robert Sprague*
       Robert Sprague
       Partner, Deloitte Financial Advisory Services LLP

**EXHIBIT 1**

**(September 25, 2008 SIFMA Protocol)**

## Protocol 08-01 of SIFMA's Asset Management Group

*Date:*        September 25, 2008

*Subject:*        Lehman Brothers Inc. Outstanding TBA Trades for Non-FICC MBSD Members

Based on a Court Order entered into on September 19, 2008 in the United States District Court, Southern District of New York (the "Order"), a Securities Investor Protection Corporation ("SIPC") Trustee has been appointed with respect to the liquidation of the business of Lehman Brothers Inc. ("Lehman").

Before the liquidation filing of Lehman, a number of market participants entered into trades for agency mortgage backed securities with Lehman that were expected to settle in October, November or December 2008.

It is generally understood by industry members that there is no prohibition against terminating these forward settling trades for mortgage backed securities, which are also known as to-be-announced or TBA trades. SIPC and the SIPC Trustee have cooperated in the development of this industry protocol that will permit termination of TBA trades for which a termination notice in the form of Exhibit A attached hereto is submitted, regardless of whether such TBA trade was entered into pursuant to a Master Securities Forward Transaction Agreement.

The date that the termination notice is submitted to Lehman and the SIPC Trustee shall be the effective date of the termination (the "Termination Date"). The termination price of each TBA trade will be determined on the Termination Date.

If all or a portion of the TBA trade is replaced, the termination price of the TBA trade shall be equal to the price at which the replacement trade is executed to replicate the exposure of the terminated TBA trade. The trade date for a replacement trade must be the Termination Date; provided, however, that replacement trades executed after September 19, 2008 but on or before September 24, 2008 may be reported to Lehman and the SIPC Trustee on September 25, 2008 or September 26, 2008 with a Termination Date equal to such earlier replacement trade date.

If a replacement trade is not entered into as described above, the termination price shall be the median of market prices from three dealers as of 3:00 p.m. on the Termination Date; provided, however, that market quotes received after September 19, 2008 but on or before September 24, 2008 in connection with actions taken during such period to terminate the TBA trade may be reported to Lehman and the SIPC Trustee on September 25, 2008 or September 26, 2008 with a Termination Date equal to such date that the market quotes were received. If a market participant originally purchased a TBA instrument from Lehman, then the market participant should ask three dealers for offers when determining the termination price. If a market participant originally sold a TBA instrument to Lehman, then the market participant should ask three dealers for bids when determining the termination price.

In each case, the termination price shall be used to determine the gain or loss on the terminated TBA trades.

Termination notices should be delivered to:

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:        Deirdre Dunn
        Jack Fondacaro
E-Mail Address:  deirdre.dunn@lehman.com
        jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for Lehman Brothers Inc. SIPC Trustee
Attention:  Maria Termini
E-Mail Address:  termini@hugheshubbard.com

Exhibit A

## FORM OF NOTICE OF TERMINATION OF TBA TRADES

September ___, 2008 (Termination Date)

**Via E-Mail**

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:       Deirdre Dunn
                 Jack Fondacaro
E-Mail Address:  deirdre.dunn@lehman.com
                 jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention:  Maria Termini
E-Mail Address:  termini@hugheshubbard.com

[Name of Market Participant] has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

[Name of Market Participant] hereby gives notice that each Lehman TBA Trade set forth in Schedule [A/B] attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is today (the Termination Date), except to the extent that a replacement trade was executed after September 19, 2008 but on or before September 24, 2008 in which case the Termination Date is such earlier replacement trade date. [**ALTERNATIVE 1**: The information for each Lehman TBA Trade is set forth on Schedule A. A completed Schedule A including the information on the replacement trades will be submitted within ten (10) business days of the Termination Date.] [**ALTERNATIVE 2**: Attached is Schedule A containing the information regarding the replacement trade at the block level, and a completed Schedule A will be submitted within ten (10) business days of the Termination Date.]

If a replacement trade is not entered into on the Termination Date, the termination price shall be the median of market prices from three dealers as of 3:00 p.m. (New York time) today (the  Termination Date), except to the extent that market quotes were received after September 19, 2008 but on or before September 24, 2008 in connection with actions taken during such period to terminate the Lehman TBA trade in which case the Termination Date is such earlier date that the market quotes were received. The information for each Lehman TBA Trade is set forth on Schedule B. A completed Schedule B including the information on the market quotes will be submitted within ten (10) business days of the Termination Date.

The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule [A][B] will set forth the gain or loss for each terminated Lehman TBA Trade.

[Name of Market Participant]                    Receipt acknowledged by SIPC Trustee


By: _____                    By: _____
Name:                                           Name:
Title:                                          Title:

**EXHIBIT 2**

**(October 9, 2008 SIFMA Protocol)**

## Protocol 08-02 of SIFMA's Asset Management Group

*Date:*        October 9, 2008

*Subject:*     Lehman Brothers Inc. Outstanding Specified Trades for Non-FICC MBSD Members

Based on a Court Order entered into on September 19, 2008 in the United States District Court, Southern District of New York (the "Order"), a Securities Investor Protection Corporation ("SIPC") Trustee has been appointed with respect to the liquidation of the business of Lehman Brothers Inc. ("Lehman").

Before the liquidation filing of Lehman, a number of market participants entered into trades for agency mortgage backed securities with Lehman that were expected to contractually settle in September 2008. Lehman has indicated that it has accounted for all of its September TBA trades. However, Lehman had provided pool notification to market participants and these pools ("specified trades") are failing as of this date.  It is not expected that these specified trades will be delivered in the future.

In a statement issued by SPIC, James Giddens, Lehman Trustee: "Counter-parties with securities and commodity transactions with Lehman Brothers Inc. may close them out and submit claims to the Trustee." Additional information is provided on the SPIC web site: www.sipc.org. The SIPC Trustee has cooperated and in the development and has approved this industry protocol that will permit termination of outstanding specified trades for which a termination notice in the form of <u>Exhibit A</u> attached hereto is submitted, regardless of whether such specified or allocated trades were entered into pursuant to a Master Securities Forward Transaction Agreement.

This Protocol (08-02) is for non-FICC MBSD members. Protocol 08-02 is a voluntary protocol that provides a uniform process for terminating certain outstanding specified trades effected by asset managers with Lehman Brothers in connection with mortgage-backed securities. Firms should seek advice of counsel with respect to their rights or obligations in connection with these trades.

**Using Protocol 08-02**
If the specified trade was replaced, then the termination date shall be the replacement date. If the trade was not replaced, the termination price shall be the price at the date of submission of the Notice of Termination Form (Exhibit A). The termination cost would be (1) the cost of the replacement trade, provided that the replacement trade was replaced or covered on the Termination date, or (2) the median of 3 quotes obtained from dealers at 3:00 p.m. (New York time) on the Termination Date.


Termination notices should be delivered to:

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:        Deirdre Dunn
                  Jack Fondacaro
E-Mail Address:  deirdre.dunn@lehman.com
                  jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for Lehman Brothers Inc. SIPC Trustee
Attention:  Maria Termini
E-Mail Address:  termini@hugheshubbard.com

**D_003**

**Exhibit A**

## FORM OF NOTICE OF TERMINATION OF OUTSTANDING SPECIFIED TRADES

October ___, 2008 (Date of Submission of this Form)
_____ (Date of Termination)

**Via E-Mail**

Lehman Brothers Inc.
Mortgage Trading Desk
Attention:       Deirdre Dunn
                 Jack Fondacaro
E-Mail Address:  deirdre.dunn@lehman.com
                 jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention:  Maria Termini
E-Mail Address:  termini@hugheshubbard.com

[Name of Market Participant] has entered into agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in September 2008 that have failed to deliver (each, a "Lehman Specified Trade").

[Name of Market Participant] hereby gives notice that each Lehman Specified Trade set forth in Schedule [A/B/C] attached hereto is hereby terminated (the "Termination Date").  This notice is effective as of the Termination Date.

If the specified trade was replaced, then the termination date shall be the replacement date. If the trade was not replaced, the termination price shall be the price at the date of submission of the Notice of Termination Form (Exhibit A). The termination cost would be (1) the cost of the replacement trade, provided that the replacement trade was replaced or covered on the Termination date, or (2) the median of 3 quotes obtained from dealers at 3:00 p.m. (New York time) on the Termination Date.

 [**ALTERNATIVE 1**: The information for each Lehman Specified Trade (which was replaced before September 30) is set forth on Schedule A.  A completed Schedule A including the information on the replacement trades will be submitted within ten (10) business days of the Submission of this Form.] [**ALTERNATIVE 2**: A completed Schedule B including the information on the replacement trades (which were replaced after September 30) will be submitted within ten (10) business days of the Submission of this Form.]

If a replacement trade is not entered into on the Termination Date, information can be submitted through the attached Schedule C. Schedule C contains the information regarding the termination and the information regarding market quote gain (or loss). Schedule C is for firms that have not entered into a replacement trade and wish to terminate the trade. Schedule C will be submitted within ten (10) business days of the Submission of this Form.]

If all or a portion of the Lehman Specified Trade was replaced or covered after September 15, 2008 (the date of the bankruptcy filing) but before September 30, 2008, the termination price shall be the price at which the replacement trade was executed. If the Specified Trade was terminated on or after September 30, 2008, the termination price shall be the median of market prices from three dealers as of 3:00 p.m. (New York time) on the Termination Date.

The gain or loss on each terminated Lehman Specified Trade shall be calculated based on the difference between the price of each terminated Lehman Specified Trade and the termination price. The completed Schedule [A][B][C] will set forth the gain or loss for each terminated Lehman Trade.

| [Name of Market Participant] | Receipt acknowledged by SIPC Trustee |
|---|---|
| By: _____ | By: _____ |
| Name: | Name: |
| Title: | Title: |

**D_004**

**EXHIBIT H**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

      LEHMAN BROTHERS INC.,

                    Debtor.

Case No.  08-01420 (SCC) SIPA

**DECLARATION OF ELENI D. THEODOSIOU-PISANELLI IN SUPPORT OF THE
TRUSTEE'S TWO HUNDRED FIFTIETH OMNIBUS OBJECTION SEEKING TO
ALLOW CERTAIN FILED PROOFS OF CLAIM IN REDUCED AMOUNTS AND WITH
PROPER CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS
(FINANCIAL PRODUCT CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Eleni D. Theodosiou-Pisanelli, hereby declare as

follows:

1.      I am an attorney duly admitted to practice in this Court and am associated with

the firm of Hughes Hubbard & Reed LLP ("Hughes Hubbard"), attorneys for James W. Giddens

(the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI").  I

respectfully submit this declaration (the "Declaration") in support of the Trustee's two hundred

fiftieth omnibus objection to general creditor claims (the "Two Hundred Fiftieth Omnibus

Objection to General Creditor Claims").[1]

2.      On behalf of the Trustee, I have participated in the analysis of each of the general

creditor proofs of claim (the "Proofs of Claim") listed on **Exhibit C** annexed to the Two

Hundred Fiftieth Omnibus Objection to General Creditor Claims, including all supporting

documentation submitted with each Proof of Claim.

---

1.   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

3.      The Proofs of Claim listed on **Exhibit C** to the Objection (collectively, the "TBA

Claims") are claims for damages arising out of unperformed forward contracts for the future

purchase or sale of "to be announced" U.S. agency debt obligations ("TBA Contracts" or

"TBAs").

4.      Based upon the Trustee's determination regarding the methods to be used to

calculate claims based on TBA Contracts, I and personnel under my supervision and direction:

       (a)      analyzed documents concerning the TBA Contracts included in the Proofs
of Claim, including documentation asserting the LBI account balances
claimed;

       (b)      analyzed a report from the Books and Records and obtained certain
information, including but not limited to, the account number, and the
account balance at September 19, 2008 for the specified LBI account; and

       (c)      using certain information contained in the Proof of Claim and the report
analyzed in (b) above, analyzed the amount asserted in the Proof of Claim
for each of the claimed accounts and compared it to the account balance
from (b) above.

5.      For each claim shown on **Exhibit C** to the Two Hundred Fiftieth Omnibus

Objection to General Creditor Claims, the amount analyzed in paragraph 4(c) above is listed in

the column entitled "*Claim as Modified*" and the amount denoted with the lettered symbol **(T)**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2014

                              */s/ Eleni D. Theodosiou-Pisanelli*
                              Eleni D. Theodosiou-Pisanelli
                              Associate, Hughes Hubbard & Reed LLP

**EXHIBIT I**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

       LEHMAN BROTHERS INC.,              Case No.  08-01420 (SCC) SIPA

                 Debtor.

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S TWO HUNDRED**
**FIFTIETH OMNIBUS OBJECTION SEEKING TO ALLOW CERTAIN FILED**
**PROOFS OF CLAIM IN REDUCED AMOUNTS, AND WITH PROPER**
**CLASSIFICATION AS UNSECURED GENERAL CREDITOR CLAIMS**
**(FINANCIAL PRODUCT CLAIMS)**

Upon the two hundred fiftieth omnibus objection to claims, dated July 23, 2014 (the

"Two Hundred Fiftieth Omnibus Objection to General Creditor Claims"),[1] of James W. Giddens

(the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the

Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),

seeking entry of an order, pursuant to sections 502(b), 502(g)(2), 503, 506(a)(1), and 507(a)(2)

of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this

proceeding pursuant to SIPA §§ 78fff(b) and 78fff-1(a), and Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing certain filed proofs of claim in

reduced amounts on the basis that the amounts listed on the proofs of claim either contradict the

books and records of the LBI estate and/or seek recovery of amounts for which LBI is not liable

and, to the extent applicable, reclassifying the claims to general unsecured status pursuant to

Bankruptcy Code  §§ 503, 506(a)(1), and 507(a)(2) as more fully described in the Two Hundred

---

1.   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

Fiftieth Omnibus Objection to General Creditor Claims; and due and proper notice of the Two

Hundred Fiftieth Omnibus Objection to General Creditor Claims having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Two Hundred Fiftieth Omnibus Objection to General

Creditor Claims is in the best interests of LBI, its estate, its customers and creditors, and all

parties in interest and that the legal and factual bases set forth in the Two Hundred Fiftieth

Omnibus Objection to General Creditor Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Two Hundred Fiftieth Omnibus Objection to

General Creditor Claims is granted; and it is further

**ORDERED** that, pursuant to sections 502(b), 502(g)(2), 503, 506(a)(1), and 507(a)(2) of

the Bankruptcy Code, the claims listed on **Exhibit 1** through **Exhibit 6** (collectively, the "Claim

Exhibits") are reduced as set forth on the Claim Exhibits in the column entitled "*Claim as

Modified*" and allowed to the extent of such amounts and priorities; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation and interpretation of this Order.


Dated: New York, New York
　　　　_____, 2014

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT 1 (TBA CLAIMS I)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | ILLINOIS MUNICIPAL RETIREMENT FUND<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT W-1213<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2733 | 1/30/2009 | - (A)<br>$82,989.00 (S)<br>- (P)<br>$792,369.00 (U)<br>$875,358.00 (T) | - (A)<br>- (S)<br>- (P)<br>$792,369.00 (U)<br>$792,369.00 (T) |
| 2 | INTERNATIONAL PAPER PENSION TRUST<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-130<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2850 | 1/30/2009 | - (A)<br>$7,270.00 (S)<br>- (P)<br>$854,341.00 (U)<br>$861,611.00 (T) | - (A)<br>- (S)<br>- (P)<br>$854,341.00 (U)<br>$854,341.00 (T) |
| 3 | IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM<br>7401 REGISTER DRIVE<br>DES MOINES, IA  50321-2900 | 2973 | 1/30/2009 | - (A)<br>$273,470.00 (S)<br>- (P)<br>$4,672,966.00 (U)<br>$4,946,435.00 (T) | - (A)<br>- (S)<br>- (P)<br>$4,672,966.00 (U)<br>$4,672,966.00 (T) |
| 4 | KUWAIT INVESTMENT AUTHORITY<br>PRIVATE EQUITY ACCOUNT MINISTRIES COMPLEX<br>BLOCK 3 PO BOX 64<br>SAFAT<br>KUWAIT | 4718 | 5/19/2009 | - (A)<br>- (S)<br>- (P)<br>$990,804.31 (U)<br>$990,804.31 (T) | - (A)<br>- (S)<br>- (P)<br>$709,460.93 (U)<br>$709,460.93 (T) |
| 5 | LM US BOND CORE PLUS MOTHER FUND<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1972<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2540 | 1/30/2009 | - (A)<br>$846.00 (S)<br>- (P)<br>$208,102.00 (U)<br>$208,948.00 (T) | - (A)<br>- (S)<br>- (P)<br>$208,102.00 (U)<br>$208,102.00 (T) |

| |
|---|
| (A) – ADMINISTRATIVE<br>(S) – SECURED<br>(P) – PRIORITY<br>(U) – UNSECURED<br>(T) – TOTAL CLAIMED |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT I (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 6 | METROPOLITAN SERIES FUND, INC. C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-2223 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2445 | 1/30/2009 | - (A) $3,731.00 (S) - (P) $648,359.00 (U) $652,091.00 (T) | - (A) - (S) - (P) $648,359.00 (U) $648,359.00 (T) |
| 7 | METROPOLITAN SERIES FUND, INC. C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-2224 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2534 | 1/30/2009 | - (A) $4,880.00 (S) - (P) $729,617.00 (U) $734,497.00 (T) | - (A) - (S) - (P) $729,617.00 (U) $729,617.00 (T) |
| 8 | OREGON PUBLIC EMPLOYEES RETIREMENT FUND C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1082 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2657 | 1/30/2009 | - (A) $32,275.00 (S) - (P) $5,305,269.00 (U) $5,337,543.00 (T) | - (A) - (S) - (P) $5,305,269.00 (U) $5,305,269.00 (T) |
| 9 | STATE RETIREMENT & PENSION SYSTEM OF MARYLAND C/O WESTERN MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1376 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2690 | 1/30/2009 | - (A) $130,116.00 (S) - (P) $5,781,025.00 (U) $5,911,142.00 (T) | - (A) - (S) - (P) $5,771,769.83 (U) $5,771,769.83 (T) |

| |
|---|
| (A) – ADMINISTRATIVE |
| (S) – SECURED |
| (P) – PRIORITY |
| (U) – UNSECURED |
| (T) – TOTAL CLAIMED |

\*   Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*   Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit 1 – Page 2

EXHIBIT I (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 10 | STICHTING PENSIOENFONDS ABP<br>LEO PALMEN<br>666 THIRD AVENUE 2ND FLOOR<br>NEW YORK, NY 10017 | 9006031* | 2/2/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$8,752,637.16 (U)<br>$8,752,637.16 (T) |
| 11 | TEXAS COUNTY & DISTRICT RETIREMENT SYSTEM<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-2663<br>385 E. COLORADO BLVD.<br>PASADENA, CA 91101 | 2627 | 1/30/2009 | - (A)<br>$20,000.00 (S)<br>- (P)<br>$1,372,188.00 (U)<br>$1,392,188.00 (T) | - (A)<br>- (S)<br>- (P)<br>$1,372,188.00 (U)<br>$1,372,188.00 (T) |
| 12 | THE BANK OF NEW YORK MELLON<br>C/O STANDISH MELLON ASSET MGMT<br>ACCT [REDACTED]<br>MELLON FINANCIAL CENTER<br>1 BOSTON PLACE STE 024-0344<br>BOSTON, MA 02108-4408 | 9008101* | 12/2/2008 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$8,083.18 (U)<br>$8,083.18 (T) |
| 13 | THRIVENT FINANCIAL FOR LUTHERANS<br>ATTN: GREGORY R ANDERSON<br>625 FOURTH AVE., S.<br>MINNEAPOLIS, MN 55415-1624 | 9008079* | 10/7/2008 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$214,375.00 (U)<br>$214,375.00 (T) |

(A) – ADMINISTRATIVE
(S) – SECURED
(P) – PRIORITY
(U) – UNSECURED
(T) – TOTAL CLAIMED

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit 1 – Page 3

EXHIBIT 1 (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 14 | UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION - INDUSTRIAL PENSION FUND C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1133 & W-1352 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2650 | 1/30/2009 | - (A)<br>$25,778.00 (S)<br>- (P)<br>$267,169.00 (U)<br>$292,947.00 (T) | - (A)<br>- (S)<br>- (P)<br>$267,169.00 (U)<br>$267,169.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE** |
| **(S) – SECURED** |
| **(P) – PRIORITY** |
| **(U) – UNSECURED** |
| **(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*   Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit 1 – Page 4

**EXHIBIT 2**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT 2 (TBA CLAIMS II)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | ANDERSEN CORPORATION EMPLOYEES' PENSION & RETIREMENT TRUST C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1481 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2679 | 1/30/2009 | - (A) $4,538.00 (S) - (P) $82,318.00 (U) $86,857.00 (T) | - (A) - (S) - (P) $82,318.00 (U) $82,318.00 (T) |
| 2 | TEXAS COUNTY & DISTRICT RETIREMENT SYSTEM C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-2662 385 E. COLORADO BLVD. PASADENA, CA  91101 | 2640 | 1/30/2009 | - (A) $500.00 (S) - (P) $77,930.00 (U) $78,430.00 (T) | - (A) - (S) - (P) $77,930.00 (U) $77,930.00 (T) |
| 3 | UNIVERSITY OF COLORADO DONALD A ELDHART, TREASUER UNIVERSITY OF COLORADO 1800 GRANT STREET, SUITE 600 25UCA DENVER, CO  80203-1187 | 3287 | 2/2/2009 | -(A) $8,844.00 (S) - (P) $147,680.00 (U) $156,523.00 (T) | - (A) - (S) - (P) $147,680.00 (U) $147,680.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE** |
| **(S) – SECURED** |
| **(P) – PRIORITY** |
| **(U) – UNSECURED** |
| **(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT 3**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT 3 (TBA CLAIMS III)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | ACADEMY FOUNDATION<br>FIRST PACIFIC ADVISORS, LLC<br>ACADEMY FD #[REDACTED]<br>LOS ANGELES, CA  90064 | 8004139* | 5/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 2 | AMEREN UE QUAL NDT FERC<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 2954 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$3,940.43 (U)<br>$3,940.43 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 3 | AMEREN UE QUAL NDT MISSOURI<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 3029 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$137,757.38 (U)<br>$137,757.38 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 4 | AMPAS<br>FIRST PACIFIC ADVISORS, LLC<br>AMPAS #[REDACTED]<br>LOS ANGELES, CA  90064 | 8004140* | 5/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 5 | EB ACTIVE 1-5 YEAR GOVERNMENT CREDIT FUND<br>C/O STANDISH ASSET MANAGEMENT CO LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA  02108 | 3015 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$139,582.80 (U)<br>$139,582.80 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |

| |
|---|
| (A) – ADMINISTRATIVE |
| (S) – SECURED |
| (P) – PRIORITY |
| (U) – UNSECURED |
| (T) – TOTAL CLAIMED |

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT 3 (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 6 | FIRST FEDERAL OF CHARLESTON #[REDACTED] ATTN ROBERT PATTON PO BOX 118068 CHARLESTON, SC  29423-8068 | 3685 | 2/25/2009 | - (A) - (S) - (P) $22,500.00 (U) $22,500.00 (T) | - (A) - (S) - (P) $7,187.50 (U) $7,187.50 (T) |
| 7 | FLORIDA DEPARTMENT OF FINANCIAL SERVICES BILL SCHWARTZ SMITH BREEDEN ASSOCIATES, INC. 280 SOUTH MANGUM STREET, SUITE 301 DURHAM, NC  27701 | 5575* | 6/1/2009 | - (A) - (S) - (P) UNSPECIFIED*(U) UNSPECIFIED*(T) | - (A) - (S) - (P) $0.00** (U) $0.00** (T) |
| 8 | FORTIS INVESTMENT MANAGEMENT UK LIMITED INGRID FURTADO 82 BISHOPSGATE LONDON  EC2N 4BN UNITED KINGDOM | 9008085* | 10/14/2008 | - (A) - (S) - (P) UNSPECIFIED*(U) UNSPECIFIED*(T) | - (A) - (S) - (P) $15,362.00 (U) $15,362.00 (T) |
| 9 | GEORGE HOAG FAMILY MARIE MCAVENIA 11400 WEST OLYPIC BLVD SUITE 1200 LOS ANGELES, CA  90064 | 8004136* | 5/30/2009 | - (A) - (S) - (P) UNSPECIFIED*(U) UNSPECIFIED*(T) | - (A) - (S) - (P) $0.00** (U) $0.00** (T) |
| 10 | HARTFORD LIFE INSURANCE COMPANY JAMES HEDREEN CFA FSA 100 CAMPUS DRIVE #250 FLORHAM PARK, NJ  07932 | 9004695* | 1/30/2009 | - (A) - (S) - (P) UNSPECIFIED*(U) UNSPECIFIED*(T) | - (A) - (S) - (P) $124,585.43 (U) $124,585.43 (T) |

> (A) – ADMINISTRATIVE
> (S) – SECURED
> (P) – PRIORITY
> (U) – UNSECURED
> (T) – TOTAL CLAIMED

*      Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

**     Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit 3 – Page 2

**EXHIBIT 3 (CONTINUED)**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 11 | INDUSTRY & LOCAL 338 WELFARE FUND<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA 02108 | 3028 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$4,570.89 (U)<br>$4,570.89 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 12 | INVESCO GROUP TRUST FOR RETIRMENT SAVINGS<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1398<br>385 E. COLORADO BLVD.<br>PASADENA, CA 91101 | 2659 | 1/30/2009 | - (A)<br>$25,207.00 (S)<br>- (P)<br>$885,170.00 (U)<br>$910,377.00 (T) | - (A)<br>- (S)<br>- (P)<br>$885,170.00 (U)<br>$885,170.00 (T) |
| 13 | JHM-VLIR-TREAS STRIP TRI PAR<br>JOHN HANCOCK PLACE<br>197 CLARENDON STREET C-3<br>BOSTON, MA 02116 | 8003086* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 14 | KEW MANAGEMENT CORPORATION<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STREET<br>BOSTON, MA 02108 | 3030 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$8,668.94 (U)<br>$8,668.94 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 15 | LABATT MASTER U.S. PENSION TRUST<br>C/O STANDISH ASSET MANAGEMENT CO. LLC<br>BNY MELLON CENTER<br>201 WASHINGTON STATE<br>BOSTON, MA 02108 | 2955 | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>$14,343.15 (U)<br>$14,343.15 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |

> (A) – ADMINISTRATIVE
> (S) – SECURED
> (P) – PRIORITY
> (U) – UNSECURED
> (T) – TOTAL CLAIMED

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero. To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit 3 – Page 3

EXHIBIT 3 (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 16 | LAND ROVER PENSION TRUSTEES LIMITED<br>AS TRUSTEE OF THE LAND ROVER PENSION SCHEME<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-5580<br>385 E. COLORADO BLVD.<br>PASADENA, CA 91101 | 2717* | 1/30/2009 | - (A)<br>$11,719.00 (S)<br>- (P)<br>UNSPECIFIED*(U)<br>$11,719.00 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 17 | MIAMI FIREFIGHTERS & POLICE OFFICERS<br>RETIREMENT FUND<br>C/O MORGAN STANLEY INVESTMENT MANAGEMENT,<br>INC.<br>ATTN: DAVID BRECK<br>ONE TOWER BRIDGE<br>WEST CONSHOHOCKEN, PA 19428 | 8003195* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$0.00** (U)<br>$0.00** (T) |
| 18 | OREGON LABORER-EMPLOYERS PENSION TRUST FUND<br>RYAN STEPHENS<br>PO BOX 4148<br>PORTLAND, OR 97208 | 9002527* | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$6,281.25 (U)<br>$6,281.25 (T) |
| 19 | PENNAY, LORI J<br>CANTOR FITZGERALD<br>110 EAST 59TH STREET<br>NEW YORK, NY 10022 | 7000773 | 1/29/2009 | - (A)<br>- (S)<br>- (P)<br>$7,500.00 (U)<br>$7,500.00 (T) | - (A)<br>- (S)<br>- (P)<br>$860.77 (U)<br>$860.77 (T) |

| |
|---|
| (A) – ADMINISTRATIVE<br>(S) – SECURED<br>(P) – PRIORITY<br>(U) – UNSECURED<br>(T) – TOTAL CLAIMED |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero. To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit 3 – Page 4

**EXHIBIT 3 (CONTINUED)**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 20 | THE FOUNDATION OF THE CATHOLIC DIOCESE OF COLUMBUS OHIO<br>JENNIFER DAMIANO<br>1071 S HIGH ST<br>COLUMBUS, OH 43206 | 9002422* | 1/26/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$4,187.50 (U)<br>$4,187.50 (T) |

| | |
|---|---|
| **(A) – ADMINISTRATIVE** | |
| **(S) – SECURED** | |
| **(P) – PRIORITY** | |
| **(U) – UNSECURED** | |
| **(T) – TOTAL CLAIMED** | |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**Exhibit 3 – Page 5**

**EXHIBIT 4**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT 4 (FX CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | BANK HAPOALIM B.M.<br>ATTN: ANATH LEVIN<br>YEHUDA HALEVY STREET 63<br>TEL AVIV  65781<br>ISRAEL | 6271 | 12/15/2011 | - (A)<br>- (S)<br>- (P)<br>$1,647,980.15 (U)<br>$1,647,980.15 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00**(T) |
| 2 | BEAVER CREEK GLOBAL FUND CLASS C<br>JOAO HENRIQUE PEREIRA<br>QUEENSGATE HOUSE<br>SOUTH CHURCH STREET<br>PO BOX 1234<br>GRAND CAYMAN  KY1-1108<br>CAYMAN ISLANDS | 9002433* | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$4,798.12 (U)<br>$4,798.12 (T) |
| 3 | HERSSON_RINGSKO, DANIEL<br>20 EDGEWAREBURY GARDENS<br>EDGEWARE<br>MIDDLESEX  HA8 8LN<br>UNITED KINGDOM | 8001400* | 1/23/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00**(T) |
| 4 | NORTHUMBRIAN MANAGEMENT, L.L.C.<br>TRANSFEROR: NB OFFSHORE DIVERSIFIED ARBITRAGE TRUST<br>PO BOX 8284<br>NEW YORK, NY  10150 | 4934* | 5/29/2009 | $14,068,773.56 (A)<br>*UNSPECIFIED (S)<br>- (P)<br>*UNSPECIFIED (U)<br>$14,068,773.56 (T) | - (A)<br>- (S)<br>- (P)<br>$4,334,898.52 (U)<br>$4,334,898.52 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

EXHIBIT 4 (CONTINUED)

|   | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 5 | VEZIE, ERIC WARD<br>9 MAYFORD ROAD<br>LONDON  SW12 8RZ<br>UNITED KINGDOM | 8002230* | 1/29/2009 | - (A)<br>- (S)<br>- (P)<br>*UNSPECIFIED (U)<br>*UNSPECIFIED (T) | - (A)<br>- (S)<br>- (P)<br>$12,910.35 (U)<br>$12,910.35 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*  Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**Exhibit 4 – Page 2**

**EXHIBIT 5**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT 5 (REPO CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | CHINA CITIC BANK CORPORATION LIMITED<br>BLOCK C, FUHUA MANSION, NO.8<br>CHAOYANGMEN BEIDAJIE, DONGCHENG DISTRICT<br>BEIJING  100027<br>CHINA | 8002632* | 1/23/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$1,063,992.03 (U)<br>$1,063,992.03 (T) |
| 2 | CHMEA, JAIME AND<br>SARA F COHEN DE CHMEA<br>ATTN:ARIEL AKERMAN<br>[REDACTED]<br>AV LIBERTADOR 2423 - PISO 5<br>1428<br>ARGENTINA | 9000527* | 12/26/2008 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$545,121.74 (U)<br>$545,121.74 (T) |
| 3 | CVIC LUX MASTER S.A.R.L.<br>TRANSFEROR: CRT SPECIAL INVESTMENTS LLC<br>CARVAL INVESTORS, LLC<br>ATTN: TERI SALBERG<br>8320 EXCELSIOR BLVD., 7TH FLOOR<br>HOPKINS, MN  55343 | 5614* | 6/1/2009 | - (A)<br>$1,153,740.70 (S)<br>- (P)<br>- (U)<br>$1,153,740.70 (T) | - (A)<br>- (S)<br>- (P)<br>$1,010,415.70 (U)<br>$1,010,415.70 (T) |
| 4 | DELAWARE HEALTH FACILITIES BEEBE MEDICAL<br>CENTER<br>ROBERT BAILEY<br>THE BANK OF NEW YORK MELLON TRUST COMPANY<br>NA<br>ONE WALL STREET 11TH FLOOR - LEGAL DEPT<br>NEW YORK, NY  10286 | 9005026* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$94,226.93 (U)<br>$94,226.93 (T) |

| |
|---|
| (A) – ADMINISTRATIVE |
| (S) – SECURED |
| (P) – PRIORITY |
| (U) – UNSECURED |
| (T) – TOTAL CLAIMED |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**EXHIBIT 5 (CONTINUED)**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 5 | EXPORT - IMPORT BANK OF CHINA, THE<br>TREASURY DEPARTMENT<br>NO. 30, FU XING MEN NEI STREET<br>XICHENG DISTRICT<br>BEIJING  100031<br>P.R. CHINA | 2244 | 1/2/2009 | - (A)<br>- (S)<br>- (P)<br>$14,476,239.14 (U)<br>$14,476,239.14 (T) | - (A)<br>- (S)<br>- (P)<br>$14,438,388.12 (U)<br>$14,438,388.12 (T) |
| 6 | FFI FUND LTD.<br>C/O BRACEBRIDGE CAPITAL, LLC<br>500 BOYLSTON ST. 17TH FLOOR<br>BOSTON, MA  02116 | 1995 | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>$552,286.00 (U)<br>$552,286.00 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00** (T) |
| 7 | FYI LTD.<br>C/O BRACEBRIDGE CAPITAL, LLC<br>500 BOYLSTON ST., 17TH FLOOR<br>BOSTON, MA  02116 | 1991 | 1/28/2009 | - (A)<br>- (S)<br>- (P)<br>$270,056.00 (U)<br>$270,056.00 (T) | - (A)<br>- (S)<br>- (P)<br>$0.00**(U)<br>$0.00**(T) |
| 8 | HATTERAS FINANCIAL CORP<br>KENNETH A STEELE<br>110 OAKWOOD DRIVE<br>SUITE 340<br>WINSTON SALEM, NC  27103 | 9004382* | 1/30/2009 | - (A)<br>- (S)<br>- (P)<br>UNSPECIFIED*(U)<br>UNSPECIFIED*(T) | - (A)<br>- (S)<br>- (P)<br>$6,181,989.08 (U)<br>$6,181,989.08 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*    Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**Exhibit 5 – Page 2**

EXHIBIT 5 (CONTINUED)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 9 | MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY C/O BABSON CAPITAL MANAGEMENT LLC 1500 MAIN STREET STE 2800 SPRINGFIELD, MA  01115-5189 | 4866 | 5/28/2009 | - (A) - (S) - (P) $4,314,209.86 (U) $4,314,209.86 (T) | - (A) - (S) - (P) $4,135,533.86 (U) $4,135,533.86 (T) |
| 10 | OLIFANT FUND, LTD. C/O BRACEBRIDGE CAPITAL, LLC 500 BOYLSTON ST. 17TH FLOOR BOSTON, MA  02116 | 1993 | 1/28/2009 | - (A) - (S) - (P) $796,264.00 (U) $796,264.00 (T) | - (A) - (S) - (P) $672,113.56 (U) $672,113.56 (T) |
| 11 | PERELMAN, RICARDO E & MARTA E PERELSZTEIN DE PEREZMAN JTWROS PO BOX 53226 PUNTA DEL ESTE URUGUAY | 9002345* | 1/28/2009 | - (A) - (S) - (P) UNSPECIFIED*(U) UNSPECIFIED*(T) | - (A) - (S) - (P) $76,144.07 (U) $76,144.07 (T) |
| 12 | POPULAR SECURITIES, INC. JEFFREY N RICH 599 LEXINGTON AVENUE NEW YORK, NY  10022 | 7002216* | 5/29/2009 | - (A) - (S) - (P) $146,739.20 (U) $146,739.20 (T) | - (A) - (S) - (P) $38,930.65 (U) $38,930.65 (T) |

| |
|---|
| (A) – ADMINISTRATIVE |
| (S) – SECURED |
| (P) – PRIORITY |
| (U) – UNSECURED |
| (T) – TOTAL CLAIMED |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*   Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

Exhibit 5 – Page 3

**EXHIBIT 5 (CONTINUED)**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 13 | TANNOR PARTNERS CREDIT FUND, LP<br>TRANSFEROR: BERNARDINI, MARIA E, ALFREDO C<br>LONGOBARDI &<br>ATTN: ROBERT TANNOR<br>150 GRAND STREET, STE 401<br>WHITE PLAINS, NY 10601 | 631* | 1/2/2009 | - (A)<br>- (S)<br>- (P)<br>$32,248.60 (U)<br>$32,248.60 (T) | - (A)<br>- (S)<br>- (P)<br>$32,248.60 (U)<br>$32,248.60 (T) |
| 14 | V. SUAREZ & COMPANY INC<br>ATTN: CONNIE MALDONADO<br>GPO BOX 4588<br>SAN JUAN, PR 00936 | 1339* | 1/23/2009 | - (A)<br>- (S)<br>- (P)<br>$177,471.00 (U)<br>$177,471.00 (T) | - (A)<br>- (S)<br>- (P)<br>$43,232.50 (U)<br>$43,232.50 (T) |

> **(A) – ADMINISTRATIVE**
> **(S) – SECURED**
> **(P) – PRIORITY**
> **(U) – UNSECURED**
> **(T) – TOTAL CLAIMED**

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\* Claim calculated to an amount less than or equal to zero. To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.

**Exhibit 5 – Page 4**

**EXHIBIT 6**

IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (SCC) SIPA

TWO HUNDRED FIFTIETH OMNIBUS OBJECTION: EXHIBIT 6 (RECLASS AND ALLOW CLAIMS)

| | NAME / ADDRESS OF CLAIMANT | CLAIM NO. | DATE FILED | ASSERTED AMOUNT | CLAIM AS MODIFIED |
|---|---|---|---|---|---|
| 1 | HEALTH PLAN, THE<br>LOGAN LP-CP-HP<br>LOGAN CIRCLE PARTNERS, LP<br>A/C THE HEALTH PLAN<br>1717 ARCH STREET, SUITE 1500<br>PHILADELPHIA, PA  19103-2700 | 1667 | 1/26/2009 | - (A)<br>- (S)<br>$5,757.81 (P)<br>- (U)<br>$5,757.81 (T) | - (A)<br>- (S)<br>- (P)<br>$5,757.81 (U)<br>$5,757.81 (T) |
| 2 | KELLOGG COMPANY RETIREE EMPLOYEES'<br>WELFARE BENEFIT TRUST FOR COLLECTIVELY<br>BARGAINED EMPLOYEES<br>C/O WESTERN ASSET MANAGEMENT COMPANY<br>ATTN: LEGAL DEPT. W-1572 & W-1573<br>385 E. COLORADO BLVD.<br>PASADENA, CA  91101 | 2709 | 1/30/2009 | - (A)<br>$1,719.00 (S)<br>- (P)<br>$77,211.00 (U)<br>$78,930.00 (T) | - (A)<br>- (S)<br>- (P)<br>$78,930.00 (U)<br>$78,930.00 (T) |

| |
|---|
| **(A) – ADMINISTRATIVE**<br>**(S) – SECURED**<br>**(P) – PRIORITY**<br>**(U) – UNSECURED**<br>**(T) – TOTAL CLAIMED** |

\*    Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

\*\*  Claim calculated to an amount less than or equal to zero.  To the extent the claim calculates to an amount less than zero, the Trustee reserves any and all rights to pursue such amount.