| | |
|---|---|
| James B. Kobak, Jr. | Mark Moedrizter |
| Savvas A. Foukas | SHOOK, HARDY & BACON LLP |
| Gregory C. Farrell | 2555 Grand Boulevard |
| HUGHES HUBBARD & REED LLP | Kansas City, Missouri 64108 |
| One Battery Park Plaza | Telephone: (816) 474-6550 |
| New York, New York 10004 | Facsimile: (816) 421-5547 |
| Telephone: (212) 837-6000 | |
| Facsimile: (212) 422-4726 | |
| | |
| *Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* | *Attorneys for Brett Ersoff* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**STIPULATION AND ORDER REGARDING PROOF OF CLAIM OF**
**BRETT ERSOFF (NO. 2233)**

This Stipulation and Order (the "Stipulation") is entered into on the date hereof by and between James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), and Brett Ersoff (the "Claimant").

**RECITALS**

A. WHEREAS, on September 19, 2008 (the "Filing Date"), a proceeding was commenced under SIPA with respect to LBI, and the Trustee was appointed (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

B. WHEREAS, on November 7, 2008, the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the Order Approving Form and Manner

of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241);

C.      WHEREAS, pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, all general creditor claims must have been received by the Trustee by June 1, 2009;

D.      WHEREAS, in accordance with the Claims Process Order, on or about January 29, 2009, Claimant timely filed a general creditor claim (represented by claim no. 2233, the "Claim") asserting the Claim in the amount of $5,800,000 and asserting that $10,950 of such amount is entitled to priority treatment pursuant to section 507(a)(4) of the Bankruptcy Code;

E.      WHEREAS, on March 11, 2013, the Bankruptcy Court entered the Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (the "General Creditor Settlement Procedures Order," ECF No. 5847);

F.      WHEREAS, after good faith, arm's length negotiations, the Trustee and Claimant (each, a "Party," and together, "the Parties") have agreed to resolve all issues regarding the Claim pursuant to the terms and conditions set forth in this Stipulation.

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

**STIPULATION**

1.      The Recitals set forth above form an integral part of this Stipulation and are incorporated fully herein.

2. This Stipulation shall not become effective unless and until it has been executed by the Parties or their respective counsels and approved by Final Order (defined below) of the Bankruptcy Court (the "Effective Date"). "Final Order" shall mean an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket of such court, the operation or effect of which has not been stayed, reversed, or amended, and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending, *provided*, *however*, that no order shall fail to be a final order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rule of Civil Procedure, Bankruptcy Rule 9024, any similar local bankruptcy rule or any similar state statute or rule may be filed with respect to such order.

3. As of the date hereof and through the Effective Date, Claimant represents and warrants that he is and will be the legal and beneficial owner of the Claim and the other Released Claims (as defined below) and has authority to enter into this Stipulation.

4. Claimant represents and warrants, to the best of his knowledge, that he does not have any indebtedness to LBI and does not hold any deposits, refunds, payments or other funds, escrowed or otherwise, due and owing to or for the benefit of LBI.

5. Claimant represents and warrants, to the best of his knowledge, that the information he has provided to the Trustee with respect to year-2008 compensation Barclays Capital Inc. paid to him is true and correct.

6. On the Effective Date, Claimant will have in respect of the Claim (i) an allowed, general unsecured creditor claim against the LBI general estate in the amount of $2,239,050 (the "Allowed Unsecured Claim"), and (ii) an allowed, priority claim against the LBI

general estate in the amount of $10,950 (the "<u>Allowed Priority Claim</u>").  In addition, a portion of the Claim totaling $2,397,692 shall be allowed and subordinated to all claims and interests that are senior to equity (including all allowed, general unsecured claims) (the "<u>Allowed Subordinated Claim</u>").  Together, the Allowed Unsecured Claim, Allowed Priority Claim and Allowed Subordinated Claim shall constitute the full and final settlement of any and all claims the Claimant has asserted against the LBI estate under or in connection with the matters, transactions, and accounts that are the subject of the Claim.  The Claimant will receive proportionately the same in payments or distributions (including with respect to the timing and type of payments or distributions) in respect of the Allowed Unsecured Claim and Allowed Priority Claim as are generally received by other holders of allowed, general unsecured claims against the LBI estate and allowed, priority claims against the LBI estate, respectively.  The Trustee shall promptly cause the LBI general creditor claims register to be updated to reflect the same.

       7.     Except for the obligations under this Stipulation, on the Effective Date, (a) Claimant, on behalf of himself, his successors and assigns, and on behalf of any other party, person or entity claiming by, through or under him (the "<u>Claimant Releasing Parties</u>"), forever waives and releases (i) the Claim, and (ii) any and all claims, liabilities, causes of action, demands, and damages (of whatever kind or nature and whether known or unknown or asserted or unasserted) that the Claimant Releasing Parties may prior to the Effective Date have ever had, may at the Effective Date have, or at any time after the Effective Date can, could, shall or may have, against LBI, its estate, the Trustee, and the Trustee's agents or attorneys, related to or arising out of any of the matters, transactions, and accounts that are the subject of the Claim ((i) and (ii), collectively, the "<u>Released Claims</u>"); and (b) the Trustee, on behalf of himself and the

LBI estate, and any other party, person or entity claiming by, through or under the Trustee or the LBI estate (the "LBI Releasing Parties"), forever waives and releases any and all claims, liabilities, causes of action, demands, and damages (of whatever kind or nature and whether known or unknown or asserted or unasserted), that the LBI Releasing Parties may prior to the Effective Date have ever had, may at the Effective Date have, or at any time after the Effective Date can, could, shall or may have, against Claimant or any of the Claimant's agents or attorneys, related to or arising out of any of the matters, transactions, or accounts that are the subject of the Claim. For purposes of clarification, Claimant is not releasing any other proofs of claim he has filed in either the SIPA Proceeding or the Lehman Brothers Holdings Inc. chapter 11 bankruptcy proceeding except to the extent that the subject matter of such claims is related to or arises out of any of the matters, transactions, or accounts that are the subject of the Claim.

8. The Trustee agrees to promptly seek, and the Claimant agrees to support, approval of this Stipulation in the Bankruptcy Court. If approval is not obtained in the Bankruptcy Court, the Stipulation shall be null and void and the Parties will retain all their respective rights and claims.

9. This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.

10. No amendment, waiver or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

11. Neither this Stipulation, nor any negotiations or proceedings in connection herewith, may be used or shall be admissible in any proceeding against any Party to this Stipulation for any purpose, except to enforce the terms of this Stipulation.

12. This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed or electronic signatures shall be deemed originals.

13. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he or she is authorized to execute this Stipulation in his or her representative capacity with binding effect, as reflected below and on behalf of the Party indicated.

14. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA applies, without regard to New York's rules governing conflict of laws.

15. The Bankruptcy Court shall have jurisdiction to interpret and enforce this Stipulation and the Parties consent to the jurisdiction of the Bankruptcy Court with respect to the interpretation and enforcement of this Stipulation.

Dated: New York, New York
       February 17, 2015

*Signature Page To Stipulation Regarding Proof of Claim of Brett Ersoff (No. 2233)*

| HUGHES HUBBARD & REED LLP | SHOOK, HARDY & BACON LLP |
|---|---|
| By:    /s/ Gregory C. Farrell<br>James B. Kobak, Jr.<br>Savvas A. Foukas<br>Gregory C. Farrell<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726 | By:    /s/ Mark Moedritzer<br>Mark Moedrizter<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547 |
| *Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* | *Attorneys for Brett Ersoff* |

**SO ORDERED** this 5th day of March 2015

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE