

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Sarah Loomis Cave
Direct Dial: 212-837-6559
cave@hugheshubbard.com

July 9, 2015

VIA ECF & BY HAND

Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY  10004-1408

Re:   *In re Lehman Brothers Inc.*, Case No. 08-1420 (SCC)
      Claim of FirstBank Puerto Rico

Dear Judge Chapman:

      We write on behalf of James W. Giddens, SIPA Trustee for the Liquidation of Lehman Brothers Inc. (the "Trustee"), in response to the July 6, 2015 letter of Robert T. Honeywell on behalf of FirstBank Puerto Rico ("FirstBank") regarding the June 29, 2015 decision of the U.S. Court of Appeals for the Second Circuit in *CarVal UK Ltd. v. Giddens (In re Lehman Bros., Inc.)*, No. 14-890, 2015 WL 3938079 (2d Cir. June 29, 2015) (the "Court of Appeals Repo Decision").

      The Trustee previously submitted to this Court a copy of the Court of Appeals Repo Decision and a statement of the holding and import of that decision.  *See* Supplement to Trustee's Motion for an Order Regarding Certain Repurchase Agreement Claims, *In re Lehman Bros. Inc.*, No. 08-01420 (SCC), ECF No. 12418 (Bankr. S.D.N.Y. July 2, 2015).

      FirstBank argues that its "delivery of its securities collateral to LBI did not involve any transfer of title to LBI or any bilateral repurchase relationship."  (Letter at 2.)  FirstBank is correct.  But, as the Trustee demonstrated in his motion to expunge FirstBank's claim,[1] FirstBank's swap counterparty was LBSF, not LBI, and FirstBank did not enter into any contract with LBI at all.  (Motion at 3, 25, 28.)  Here, *all* of the controlling agreements — the CSA, the SACA and the Lehman MRA — demonstrate, as this Court already held, that (i) LBI

---

1. Trustee's Motion for Order Expunging FirstBank Puerto Rico's Claim, *In re Lehman Bros. Inc.*, Case No. 08-01420 (SCC), ECF No. 9248 (June 26, 2014) (the "Motion").  Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Honorable Shelley C. Chapman                                                                                                  2

acquired clean title to the Posted Collateral from LBSF, (ii) LBSF's sale (pursuant to the Lehman MRA) of the Posted Collateral to LBI "constituted permissible exercises of the right of LBSF as swap counterparty to dispose of the Posted Collateral 'free from any claim or right of any nature whatsoever of [FirstBank],'" and (iii) "LBI had the legal right to unrestricted use of [the Posted Collateral] by reason of the Lehman MRA. (Motion at 3.) *See FirstBank of Puerto Rico v. Barclays Capital Inc.*, 492 B.R. 191, 202 (Bankr. S.D.N.Y. 2013). Thus, LBSF — and LBI (LBSF's counter-party to the Lehman MRA) — took the Posted Collateral free and clear of any claim of FirstBank, and, just as in the Court of Appeals Repo Decision, "could do what [they] wanted with" the securities. (Court of Appeals Repo Decision at *5.) Likewise, LBI, which had no contractual relationship with FirstBank, "had no obligation to use the securities on [FirstBank's] behalf, and its relationship with [FirstBank] thus bore none of 'the indicia of the fiduciary relationship between a broker and his public customer.'" (*Id.* at *6 (quoting *S.E.C. v. F.O. Baroff Co.*, 497 F.2d 280, 284 (2d Cir. 1974)).)

FirstBank further asserts that it "entrusted its securities to LBI in the ordinary course of its business as a broker-dealer for safekeeping, as collateral security and for purposes of effecting transfer." (Letter at 2.) Not so. Here, FirstBank merely delivered the Posted Collateral to LBI "as agent for [LBSF]," CSA ¶ 13(l)(ii), Motion at 30-31, and "mere delivery is not entrustment." (Court of Appeals Repo Decision at *5).

The Court of Appeals Repo Decision is binding on FirstBank — no customer claims against LBI can exist with respect to securities that LBI acquired in a repo transaction. Court of Appeals Repo Decision at *8.[2] Accordingly, the Trustee submits that, for all of the reasons set forth in the Motion as well as under the analysis of the Court of Appeals Repo Decision, FirstBank's claim should be expunged.

                                                                                            Respectfully submitted,

                                                                                            /s/ Sarah L. Cave
                                                                                            Sarah L. Cave

SLC/gf

cc:    Robert T. Honeywell, Esq.
       Kenneth M. Caputo, Esq.

---

2. To the extent that the Second Circuit did not address "hold-in-custody" repos (Court of Appeals Repo Decision at *8 n.6), it is inapposite because the Posted Collateral was not part of any hold-in-custody arrangement.

66068064 4