**Presentment Date and Time: August 31, 2015 at 12:00 p.m. (Prevailing Eastern Time)**
**Response Deadline: August 28, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br><br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
REGARDING PROOFS OF CLAIM OF CREDIT SUISSE AG, CREDIT
SUISSE INTERNATIONAL, CREDIT SUISSE SECURITIES (EUROPE) LTD.,
AND CREDIT SUISSE SECURITIES (USA) LLC (CLAIM NOS. 4682, 4683,
4684, 9007082, AND 9008151) AND CLOSE-OUT OF CERTAIN TRANSACTIONS**

PLEASE TAKE NOTICE THAT James W. Giddens (the "Trustee"), Trustee for the SIPA Liquidation of Lehman Brothers Inc., by and through his undersigned attorneys, Hughes Hubbard & Reed LLP, will present the annexed Stipulation and Order Regarding Proofs of Claim of Credit Suisse AG, Credit Suisse International, Credit Suisse Securities (Europe) Ltd., and Credit Suisse Securities (USA) LLC (Claim Nos. 4682, 4683, 4684, 9007082, and 9008151) and Close-Out of Certain Transactions for signature to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in chambers, at the United States Bankruptcy Court for the Southern District of New York, the Alexander Hamilton United States Customs House, One Bowling Green, New York, New York 10004, on **August 31, 2015 at 12:00 p.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to entry of the Order must (i) be in writing; (ii) state the name and address of the objecting party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399 (available at the Court's website, www.nysb.uscourts.gov) by registered users of the Court's Electronic Case Files system, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format no later than **August 28, 2015 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline"); and (vi) served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Amina Hassan, Esq. and Meaghan Gragg, Esq.; (b) Securities Investor Protection Corporation, 1667 K Street, NW, Suite 1000, Washington, DC 20006-1620, Attn: Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Maurice Horwitz, Esq., with a courtesy copy to the chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Court, One Bowling Green, New York, New York 10004. Unless objections are received by the Objection Deadline, the Order may be entered.

Dated: New York, New York
August 21, 2015

HUGHES HUBBARD & REED LLP

By: /s/ Amina Hassan
James B. Kobak, Jr.
Jason C. Benton
Meaghan Gragg
Amina Hassan
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: james.kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

| | |
|---|---|
| James B. Kobak, Jr.<br>Christopher K. Kiplok<br>Meaghan C. Gragg<br>Amina Hassan<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726 | John E. Jureller, Jr.<br>Stephanie R. Sweeney<br>KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>570 Seventh Avenue, 17th Floor<br>New York, New York 10018<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245 |
| *Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* | *Attorneys for Credit Suisse* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**STIPULATION AND ORDER REGARDING PROOFS OF CLAIM OF CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, CREDIT SUISSE SECURITIES (EUROPE) LTD., AND CREDIT SUISSE SECURITIES (USA) LLC (CLAIM NOS. 4682, 4683, 4684, 9007082, AND 9008151) AND CLOSE-OUT OF CERTAIN TRANSACTIONS**

This Stipulation and Order (the "Stipulation") is entered into by and between James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), and Credit Suisse AG, acting through the following branches, New York Branch, London Branch, Singapore Branch and Zurich Branch ("CS"), Credit Suisse International ("CS International"), Credit Suisse Securities (Europe) Limited ("CS Europe"), and Credit Suisse Securities (USA) LLC ("CS USA") (collectively, the "Claimants" or "Credit Suisse").

## RECITALS

A.    WHEREAS, on September 19, 2008 (the "Filing Date"), the Securities Investor Protection Corporation commenced a proceeding under SIPA with respect to LBI, and the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") appointed the Trustee (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

B.    WHEREAS, on November 7, 2008, the Bankruptcy Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241);

C.    WHEREAS, pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, all customer claims and general creditor claims in the SIPA Proceeding must have been received by the Trustee by June 1, 2009;

D.    WHEREAS, in accordance with the Claims Process Order, on or about September 17, 2008, CS Europe sent a letter alleging that LBI had failed to make a payment in the amount of $95,732,900.00 MXN with respect to certain foreign exchange transactions, and the Trustee treated this letter as a claim seeking customer status (represented by claim no. 900008151, the "CS Europe Claim");

E.    WHEREAS, in accordance with the Claims Process Order, on or about January 30, 2009, CS USA submitted a claim seeking customer status (represented by claim no. 900007082, the "CS USA First Claim") in the amount of $3,963,677.10;

F. WHEREAS, in accordance with the Claims Process Order, on or about May 22, 2009, CS USA submitted a general creditor claim (represented by claim no. 4683, the "CS USA Second Claim") in the amount of $5,755,045.74;

G. WHEREAS, in accordance with the Claims Process Order, on or about May 22, 2009, CS International submitted a general creditor claim (represented by claim no. 4682, the "CS International Claim") in the amount of $1,880,367.00;

H. WHEREAS, in accordance with the Claims Process Order, on or about May 22, 2009, CS submitted a general creditor claim (represented by claim no. 4684, the "CS Claim") in the amount of $17,121,416.48;

I. WHEREAS, the Trustee sent CS Europe a *Notice of Trustee's Determination of Claim*, dated December 22, 2009, reclassifying the CS Europe Claim as a general creditor claim against the LBI estate (the reclassified CS Europe Claim represented by claim no. 9008151), and such determination has become final;

J. WHEREAS, the Trustee sent CS USA a *Notice of Trustee's Determination of Claim*, dated March 18, 2010, reclassifying the CS USA First Claim as a general creditor claim against the LBI estate (the reclassified CS USA First Claim represented by claim no. 9007082), and such determination has become final;

K. WHEREAS, on March 11, 2013, the Bankruptcy Court entered the Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (the "General Creditor Settlement Procedures Order," ECF No. 5847);

L. WHEREAS, the CS Europe Claim, CS USA First Claim, CS USA Second Claim, CS International Claim, and the CS Claim are subject to the Trustee's Two Hundred Seventy

Fourth Omnibus Objection Seeking to (I) Allow Certain Filed Proofs of Claim in Reduced Amounts as Unsecured General Creditor Claims and (II) Disallow and Expunge Certain Filed Proofs of Claim (Financial Products Claims) (the "Claims Objection," ECF No. 10776);

M. WHEREAS, the Trustee and Claimants have determined that certain transactions claimed in the CS Claim were between LBI and CS Europe (the "LBI–CS Europe Transactions") and other transactions claimed in the CS Claim were between LBI and CS International (the "LBI–CS International Transactions");

N. WHEREAS, the Trustee and Claimants have agreed that only the transactions between LBI and CS should be considered part of the CS Claim for purposes of determining the disposition and settlement of that claim (the CS Claim, less the LBI–CS Europe Transactions and the LBI–CS International Transactions, the "CS Revised Claim");

O. WHEREAS, the Trustee and Claimants have determined that the LBI–CS Europe Transactions claimed in the CS Claim should be treated as part of the CS Europe Claim for purposes of determining the disposition and settlement of the CS Europe Claim (the CS Europe Claim, together with the LBI–CS Europe Transactions, the "CS Europe Revised Claim");

P. WHEREAS, the Trustee and Claimants have determined that the LBI–CS International Transactions claimed in the CS Claim should be treated as part of the CS International Claim for purposes of determining the disposition and settlement of the CS International Claim (the CS International Claim, together with the LBI–CS International Transactions, the "CS International Revised Claim");

Q. WHEREAS, on November 19, 2009, this Court issued an Order that, among other things, approved and authorized procedures for the unwind, close-out, and reducing to cash of

receivables owed to LBI by counterparties with respect to certain outstanding transactions (ECF No. 2078);

R.    WHEREAS, prior to the Filing Date, CS Europe entered into certain foreign exchange transactions with LBI (the "CS Europe FX Transactions"), and, as of the Filing Date, amounts were due or were accrued in favor of LBI with respect to the CS Europe FX Transactions in the aggregate;

S.    WHEREAS, the Trustee and CS Europe desire to agree on a close-out amount in connection with the termination of the CS Europe FX Transactions and take certain other actions related thereto;

T.    WHEREAS, the Trustee has determined, in consultation with his professional advisors, that it would be in the best interests of the LBI Estate, its customers, and creditors that the outstanding CS Europe FX Transactions be closed out subject to the payment to the Trustee of $7,800,000 (the "Close-Out Amount"), which amount includes interest, in the manner and upon the terms as set forth herein and agreed between the Trustee and CS Europe;

U.    WHEREAS, the Trustee entered into a Tolling and Forbearance Agreement (the "Tolling and Forbearance Agreement") with CS, CS USA, CS Europe, and CS International, dated September 18, 2014, which, as subsequently amended, extended the Tolling Expiration Date (as defined in the Tolling and Forbearance Agreement) without interruption to the earlier of August 21, 2015 or the date that is ten (10) days after the Termination Date (as defined in the Tolling and Forbearance Agreement), and extended the Forbearance Period (as defined in the Tolling and Forbearance Agreement) to the earlier of August 17, 2015 or the Termination Date; and

V.    WHEREAS, after good faith, arm's length negotiations, the Trustee and Claimants (each, a "Party," and together, the "Parties") have agreed to resolve all issues regarding the CS Europe Claim, CS Europe Revised Claim, CS USA First Claim, CS USA Second Claim, CS International Claim, CS International Revised Claim, CS Claim and the CS Revised Claim (together, the "Claims"), as well as the CS Europe FX Transactions, pursuant to the terms and conditions set forth in this Stipulation;

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

**STIPULATION**

1.    The Recitals set forth above form an integral part of this Stipulation and are incorporated fully herein.

2.    This Stipulation shall not become effective unless and until it is executed by the Parties or their respective counsels and approved by Final Order (defined below) of the Bankruptcy Court (the "Effective Date").  "Final Order" shall mean an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket of such court, the operation or effect of which has not been stayed, reversed, or amended, and as to which order or judgment (or any revision, modification, or amendment thereof) time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed, or, if filed, remains pending, *provided*, *however*, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rule of Civil Procedure, Bankruptcy Rule 9024, any similar local bankruptcy rule or any similar state statute or rule may be filed with respect to such order.

3. As of the Effective Date:

   a. CS USA represents and warrants that it is the sole legal and beneficial owner of the CS USA First Claim and the CS USA Second Claim;

   b. CS Europe represents and warrants that it is the sole legal and beneficial owner of the CS Europe Revised Claim;

   c. CS International represents and warrants that it is the sole legal and beneficial owner of the CS International Revised Claim;

   d. CS represents and warrants that it is the sole legal and beneficial owner of the CS Revised Claim; and

   e. CS USA, CS Europe, CS International, and CS represent and warrant that they are the legal and beneficial owners of the Released Claims (as defined below) to the extent of each party's interest therein, and have authority to enter into this Stipulation.

   f. The Trustee represents and warrants that he has the authority to enter into this Stipulation on behalf of LBI.

4. On the Effective Date, CS USA will have an allowed, general unsecured creditor claim against the LBI general estate in the amount of $2,832,200.00 in respect of the CS USA First Claim (the "CS USA First Allowed Claim"), and this CS USA First Allowed Claim shall constitute the full and final settlement of any and all claims CS USA has asserted against the LBI estate under or in connection with the matters, transactions, and accounts that are the subject of the CS USA First Claim. CS USA will receive proportionately the same in payments or distributions (including with respect to the timing and type of payments or distributions, including via catch-up payments if necessary) in respect of the CS USA First Allowed Claim as is generally received by holders of allowed,

general unsecured claims against the LBI estate. The Trustee shall promptly cause the LBI general creditor claims register to be updated to reflect the same.

    5.  On the Effective Date, CS USA will have an allowed, general unsecured creditor claim against the LBI general estate in the amount of $2,313,443.00 in respect of the CS USA Second Claim (the "<u>CS USA Second Allowed Claim</u>"), and this CS USA Second Allowed Claim shall constitute the full and final settlement of any and all claims CS USA has asserted against the LBI estate under or in connection with the matters, transactions, and accounts that are the subject of the CS USA Second Claim. CS USA will receive proportionately the same in payments or distributions (including with respect to the timing and type of payments or distributions, including via catch-up payments if necessary) in respect of the CS USA Second Allowed Claim as is generally received by holders of allowed, general unsecured claims against the LBI estate. The Trustee shall promptly cause the LBI general creditor claims register to be updated to reflect the same.

    6.  On the Effective Date, CS will have an allowed, general unsecured creditor claim against the LBI general estate in the amount of $9,900,000.00 in respect of the CS Revised Claim (the "<u>CS Allowed Claim</u>"), and this CS Allowed Claim shall constitute the full and final settlement of any and all claims CS has asserted against the LBI estate under or in connection with the matters, transactions, and accounts that are the subject of the CS Revised Claim and the CS Claim. CS will receive proportionately the same in payments or distributions (including with respect to the timing and type of payments or distributions, including via catch-up payments if necessary) in respect of the CS Allowed Claim as is generally received by holders of allowed, general unsecured claims against the LBI estate.

The Trustee shall promptly cause the LBI general creditor claims register to be updated to reflect the same.

7. On the Effective Date, the CS International Revised Claim and the CS Europe Revised Claim are hereby withdrawn with prejudice. The Trustee shall promptly cause the LBI general creditor claims register to be updated to reflect the same.

8. For avoidance of doubt, Paragraphs 6 and 7 of this Stipulation represent the full and final settlement of any and all claims CS, CS Europe, and CS International have asserted against the LBI estate under or in connection with the matters, transactions, and accounts that are the subject of the CS Claim, CS Europe Claim, CS International Claim, CS Revised Claim, CS Europe Revised Claim, and the CS International Revised Claim.

9. CS Europe agrees to pay the Trustee the Close-Out Amount in immediately available funds, within fifteen (15) business days of the Effective Date, pursuant to instructions to be provided by the Trustee. Upon receipt by the Trustee of the Close-Out Amount, the CS Europe FX Transactions shall be fully and finally closed without the need for any further Bankruptcy Court approval or other action by either Party.

10. On the Effective Date, the Claims Objection shall be deemed resolved as to the Claims, and the Trustee will promptly file a notice of resolution reflecting the same. On the Effective Date, any other objection that has been or may be filed by the Trustee related to or arising out of any of the matters, transactions, or accounts that are the subject of the Claims or the CS Europe FX Transactions, shall be deemed resolved as to those matters, transactions, and accounts.   As of the date of signing this Stipulation, the Credit Suisse

parties are not aware of any objection that may fall under the immediately preceding sentence.

11.    Except for the rights and obligations under this Stipulation, on the Effective Date, CS Europe, CS USA, CS International, and CS, each on behalf of itself, its successors and assigns, and on behalf of any other party, person or entity claiming by, through or under it (including (without limitation) any branch of CS, including (without limitation) the New York Branch, London Branch, Singapore Branch and Zurich Branch of CS)  (the "Claimants Releasing Parties"), and each to the extent of its respective interest in each of the Released Claims (as defined later in this paragraph), forever waives and releases (i) the Claims, and (ii) any and all claims, liabilities, causes of action, demands, and damages (of whatever kind or nature and whether known or unknown or asserted or unasserted) that the Claimants Releasing Parties may prior to the Effective Date have ever had, may at the Effective Date have, or at any time after the Effective Date can, could, shall or may have, against LBI, its estate, the Trustee, and the Trustee's agents or attorneys, related to or arising out of any of the matters, transactions, or accounts that are the subject of the Claims and the CS Europe FX Transactions ((i) and (ii), collectively, the "Released Claims").

12.    Except for the rights and obligations under this Stipulation, on the Effective Date, the Trustee, on behalf of himself and the LBI estate, and their respective successors and assigns, and on behalf of any other party, person or entity claiming by, through or under the Trustee or the LBI estate (the "LBI Releasing Parties"), forever waives and releases any and all claims, liabilities, causes of action, demands, and damages (of whatever kind or nature and whether known or unknown or asserted or unasserted), that the LBI Releasing Parties may prior to the Effective Date have ever had, may at the Effective

Date have, or at any time after the Effective Date can, could, shall or may have, against Claimants or any of the Claimants' affiliates or their respective officers, directors, employees, agents, attorneys, advisors, representatives, controlling persons, members, successors or assigns, related to or arising out of the matters, transactions, or accounts that are the subject of the Claims and the CS Europe FX Transactions.

13. The Trustee agrees to promptly seek, and the Claimants agree to support, approval of this Stipulation in the Bankruptcy Court pursuant to paragraph (iv) of the General Creditor Settlement Procedures Order. If approval is not obtained in the Bankruptcy Court, the Stipulation shall be null and void (except with respect to Paragraph 14 of this Stipulation) and the Parties will retain all their respective rights and claims.

14. The Parties agree that the time periods tolled under paragraph 2 of the Tolling and Forbearance Agreement, as well as the Forbearance Period referenced in paragraph 3 of the Tolling and Forbearance Agreement, shall be considered tolled pending a Final Order approving this Stipulation. The Parties also agree that to the extent the Court does not approve this Stipulation (the date on which the Parties are notified of such action by the Court, the "Stipulation Termination Date"), with respect to the Tolling and Forbearance Agreement, the Tolling Expiration Date will be considered extended, without interruption, to the earlier of 30 days from the Stipulation Termination Date or the date that is ten (10) days after the Termination Date, and the Forbearance Period shall be extended to the earlier of 20 days from the Stipulation Termination Date or the Termination Date.

15. Except as expressly set forth herein with respect to the Released Claims, nothing contained herein is intended to or shall constitute a waiver or release of, or

shall otherwise affect, any other claim filed by Credit Suisse or any of its affiliates against LBI or the LBI estate.

16. This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.

17. No amendment, waiver, or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

18. Neither this Stipulation, nor any negotiations or proceedings in connection herewith, may be used or be admissible in any proceeding against any Party to this Stipulation for any purpose, except to enforce the terms of this Stipulation.

19. Each of the Parties acknowledges that this Stipulation is a compromise of disputed claims and nothing contained herein constitutes or shall be construed to constitute an admission of any liability by either Party.

20. This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; faxed or electronic signatures shall be deemed originals.

21. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he or she is authorized to execute this Stipulation in his or her representative capacity with binding effect, as reflected below and on behalf of the Party indicated.

22. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA applies, without regard to New York's rules governing conflict of laws.

23. The Bankruptcy Court shall have jurisdiction to interpret and enforce this Stipulation, and the Parties consent to the jurisdiction of the Bankruptcy Court with respect to the interpretation and enforcement of this Stipulation.

Dated:   New York, New York
         August 21, 2015

*Signature Page to Stipulation Regarding Proofs of Claim of Credit Suisse AG, Credit Suisse International, Credit Suisse Securities (Europe) Ltd., and Credit Suisse Securities (USA) LLC (Claim Nos. 4682, 4683, 4684, 9007082, and 9008151) and Close-Out of Certain Transactions*

| **HUGHES HUBBARD & REED LLP** | **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP** |
|---|---|
| By:  /s/ Amina Hassan<br>    James B. Kobak, Jr.<br>    Christopher K. Kiplok<br>    Meaghan C. Gragg<br>    Amina Hassan<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726 | By:  /s/ John E. Jureller, Jr.<br>    John E. Jureller, Jr.<br>    Stephanie R. Sweeney<br>570 Seventh Avenue, 17th Floor<br>New York, New York 10018<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245 |
| *Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* | *Attorneys for Credit Suisse* |

**SO ORDERED** this ___ day of ____ 2015

_____
UNITED STATES BANKRUPTCY JUDGE