**EXHIBIT F**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|

Name of Debtor: Lehman Brothers, Inc.  Case Number: 08-01420 (JMP) SIPA

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Janice K. Moss

☒ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Janice K. Moss
c/o David D. Farrell
Thompson Coburn LLP
One US Bank Plaza, Suite 3200
St. Louis, Missouri 63101
Telephone number: 314-552-6144

Court Claim Number: __5750__
*(If known)*

Filed on: __June 1, 2009__

Name and address where payment should be sent (if different from above):
Same as above

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $38,148.85

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **See Attachment A**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: n/a

   3a. Debtor may have scheduled account as: n/a
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____   Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim as Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(___).

Amount entitled to priority:

$_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: March 20, 2015

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file the claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

David D. Farrell, Thompson Coburn LLP, Attorneys for Janice K. Moss

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ATTACHMENT A

This proof of claim (the "Amended Proof of Claim") amends and supersedes that certain proof of claim filed on behalf of Janice K. Moss ("Claimant") on June 1, 2009 and designated Claim No. 5750 (the "Original Proof of Claim").

This Amended Proof of Claim is intended to evidence Claimant's claims against Lehman Brothers, Inc. ("LBI"), which arose as a result of LBI's breach and nonperformance of its statutory, common law and/or contractual[1] duties to properly process and honor an Automated Customer Account Transfer Service request ("ACATS") that was submitted on behalf of Claimant and duly received by LBI on or before the commencement of the instant proceedings. The foregoing ACATS instructed LBI to transfer to a third-party brokerage firm the entire portfolio of investments (collectively, the "Securities Portfolio") maintained by Claimant in her brokerage account with LBI (LBI Acct. No. 837-62952-1-1-010).

As a result of LBI's breach and nonperformance of the above-referenced duties, Claimant was unable to access and liquidate her Securities Portfolio during the period reflected on **Exhibit A** attached hereto and expressly incorporated herein by reference and, consequently, sustained those losses set forth in said **Exhibit.**

In further support of this Amended Proof of Claim, Claimant expressly incorporated herein by reference the following pleadings: (a) *Claimants' Amended Response In Opposition to the Trustee's Two Hundred Sixtieth Omnibus Objection to General Creditor Claims (No Liability Claims)*(Docket No. 9890); and (b) *Claimants' Surreply In Opposition to the Trustee's Two Hundred Sixtieth Omnibus Objection to General Creditor Claims (No Liability Claims)* (being filed with the Bankruptcy Court contemporaneously herewith).

Claimant expressly reserves the right to amend, restate and/or supplement this proof of claim to: (i) add and/or include any additional amounts or claims not referenced herein; (ii) provide any additional documentation that may be necessary or appropriate to further evidence and/or establish claimant's claim; and/or (iii) restate the nature and/or classification of this proof of claim (or any portion of this proof of claim) for any reason (including, but not limited to, any determination that all or any portion of this proof of claim is properly allowable as a priority and/or secured claim).

---

[1] Claimant is uncertain whether she has possession of an accurate and complete copy of her brokerage account agreement(s) with LBI. Pursuant to the "Temporary Litigation Injunction" imposed under the Bankruptcy Court's *Order Establishing Claims Hearing Procedures And Alternative Dispute Resolution Procedures For General Creditor Claims Pursuant To Section 105 Of The Bankruptcy Code, Bankruptcy Rule 9014, And General Order M-452* (Docket No. 7351), Claimant has been barred for seeking the formal production of the foregoing materials. Accordingly, Claimant expressly reserves herein her potential right to ;sert that LBI's failure to properly process and honor Claimant's ACATS also constituted a breach of LBI's contractual obligations to Claimant under the afore-referenced brokerage account agreement(s).

EXHIBIT A TO THE AMENDED P.     OF OF CLAIM OF JANICE K. MOSS
In re Lehman Brothers, Inc., Case No. 08-01420 (JMP) SIPA

| Securities that Claimant Was Delayed from Selling Because of LBI's Failure to Honor ACATS | Number of Shares Sold | Price Per Share as of 9/26/08 | Total Value as of 9/26/08* (I.e., Gross, Proceeds Claimant Would Have Realized if ACATS Had Been Properly Honored) | Closing Price Per Share as of 9/29/08 (Date on Which Securities Purportedly Became Available at Barclays Capital) | Total Value that Would Have Been Realized Had Securities Been Sold on 9/29/08 | Calculation of Total Loss Sustained (i.e., Total Value as of 9/26/08 less Total Value that Would Have Been Realized if Securities Were Sold on 9/29/08 |
|---|---|---|---|---|---|---|
| BHP Billiton Ltd SPON ADR | 989 | 51.1000 | $ 50,537.90 | $ 42.2400 | $ 41,775.36 | $ 8,762.54 |
| Companhia Valedo Rio Doce ADR | 4,199 | 20.8900 | $ 87,717.11 | $ 16.7000 | $ 70,123.30 | $ 17,593.81 |
| Rio Tinto PLC SPON ADR | 265 | 271.0000 | $ 71,815.00 | $ 226.5000 | $ 60,022.50 | $ 11,792.50 |
| TOTAL | | | | | | $ 38,148.85 |

* Date on which Claimant estimates she would have been able to sell the securities listed if LBI had honored and properly processed the ACATS submitted with respect to Claimant's account at LBI.