

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|
| Name of Debtor: Lehman Brothers, Inc. | Case Number: 08-01420 (JMP) SIPA |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Neu Holdings Corporation | ☒ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Neu Holdings Corporation n/k/a Neu Holdings U.S. Corporation<br>c/o David D. Farrell<br>Thompson Coburn LLP<br>One US Bank Plaza, Suite 3200<br>St. Louis, Missouri 63101<br>Telephone number: 314-552-6144 | Court Claim Number: __5650__<br>*(If known)*<br><br>Filed on: __June 1, 2009__ |
| Name and address where payment should be sent (if different from above):<br>Same as above<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:       $19,796,549.75*<br>   *See attachment A.<br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. Amount of Claim as Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
|---|---|
| 2. Basis for Claim: __See Attachment A__<br>   (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number by which creditor identifies debtor: __n/a__<br><br>   3a. Debtor may have scheduled account as: __n/a__<br>       (See instruction #3a on reverse side.) | ☐ Wages, salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>Value of Property: $_____   Annual Interest Rate ___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____   Basis for perfection: _____<br><br>Amount of Secured Claim: $_____   Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(___).<br><br>Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date: March 20, 2015 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file the claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>[signature]<br><br>David D. Farrell, Attorney-in-fact for Neu Holdings Corporation n/k/a Neu Holdings U.S. Corporation | FOR COURT USE ONLY |

*:nalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ATTACHMENT A

This proof of claim (the "Amended Proof of Claim") amends and supersedes that certain proof of claim filed on behalf of Neu Holdings Corporation n/k/a Neu Holdings U.S. Corporation ("Claimant") on June 1, 2009 and designated Claim No. 5650 (the "Original Proof of Claim").

This Amended Proof of Claim is intended to evidence Claimant's claims against Lehman Brothers, Inc. ("LBI"), which arose as a result of LBI's breach and nonperformance of its statutory, common law and/or contractual[1] duties to properly process and honor an Automated Customer Account Transfer Service request ("ACATS") that was submitted on behalf of Claimant and duly received by LBI on or before the commencement of the instant proceedings. The foregoing ACATS instructed LBI to transfer to a third-party brokerage firm the entire portfolio of investments (collectively, the "Securities Portfolio") maintained by Claimant in its brokerage account with LBI (LBI Acct. No. 837-62557-10-010).

As a result of LBI's breach and nonperformance of the above-referenced duties, Claimant was unable to access and liquidate its Securities Portfolio during the period reflected on **Exhibit A** attached hereto and expressly incorporated herein by reference and, consequently, sustained those losses set forth in said **Exhibit**.[2]

In further support of this Amended Proof of Claim, Claimant expressly incorporated herein by reference the following pleadings: (a) *Claimants' Amended Response In Opposition to the Trustee's Two Hundred Sixtieth Omnibus Objection to General Creditor Claims (No Liability Claims)*(Docket No. 9890); and (b) *Claimants' Surreply In Opposition to the Trustee's Two Hundred Sixtieth Omnibus Objection to General Creditor Claims (No Liability Claims)* (being filed with the Bankruptcy Court contemporaneously herewith).

Claimant expressly reserves the right to amend, restate and/or supplement this proof of claim to: (i) add and/or include any additional amounts or claims not referenced herein; (ii) provide any additional documentation that may be necessary or appropriate to further evidence and/or establish claimant's claim; and/or (iii) restate the nature and/or classification of this proof of claim (or any portion of this proof of claim) for any reason (including, but not limited to, any determination that all or any portion of this proof of claim is properly allowable as a priority and/or secured claim).

---

[1] Claimant is uncertain whether it has possession of an accurate and complete copy of its brokerage account agreement(s) with LBI. Pursuant to the "Temporary Litigation Injunction" imposed under the Bankruptcy Court's *Order Establishing Claims Hearing Procedures And Alternative Dispute Resolution Procedures For General Creditor Claims Pursuant To Section 105 Of The Bankruptcy Code, Bankruptcy Rule 9014, And General Order M-452* (Docket No. 7351), Claimant has been barred for seeking the formal production of the foregoing materials. Accordingly, Claimant expressly reserves herein its potential right to assert that LBI's failure to properly process and honor Claimant's ACATS also constituted a breach of LBI's contractual obligations to Claimant under the afore-referenced brokerage account agreement(s).

[2] As reflected on **Exhibit A** hereto, Claimant has not yet been able to obtain historic stock price information for Exmar SA Antwerp. Consequently, the losses associated with Clamant's inability to access and liquidate these securities during the time in question is not reflected in this Amended Proof of Claim. Once the foregoing historic price information becomes available, Claimant will supplement this Amended Proof of Claim accordingly.

# EXHIBIT A TO THE AMENDED PROOF OF CLAIM OF NEU HOLDINGS CORPORATION n/k/a NEU HOLDINGS U.S. CORPORATION

| Securities that Claimant Was Delayed from Selling Because of LBI's Failure to Honor ACATS | Number of Shares Sold | Price Per Share as of 9/26/08* | Total Value as of 9/26/08* (i.e., Gross Proceeds Claimant Would Have Realized if ACATS Had Been Properly Honored) | Closing Price Per Share as of 9/29/08 (Date on Which Securities Purportedly Became Available at Barclays Capital) | Total Value that Would Have Been Realized Had Securities Been Sold on 9/29/08 | Calculation of Total Loss Sustained (i.e., Total Value as of 9/26/08 less Total Value that Would Have Been Realized if Securities Were Sold on 9/29/08 |
|---|---|---|---|---|---|---|
| ALLIANZ SOCIETAS EUROPAEA | 4,150 | $ 15.2100 | $ 63,121.50 | $ 13.2800 | $ 55,112.00 | $ 8,009.50 |
| ALLIANZ SOCIETAS EUROPAEA | 5,000 | $ 15.2100 | $ 76,050.00 | $ 13.2800 | $ 66,400.00 | $ 9,650.00 |
| ALLIANZ SOCIETAS EUROPAEA | 5,000 | $ 15.2100 | $ 76,050.00 | $ 13.2800 | $ 66,400.00 | $ 9,650.00 |
| ANGLO AMERN PLC | 47,385 | $ 18.3100 | $ 867,619.35 | $ 15.9000 | $ 753,421.50 | $ 114,197.85 |
| ANGLO AMERN PLC | 50,000 | $ 18.3100 | $ 915,500.00 | $ 15.9000 | $ 795,000.00 | $ 120,500.00 |
| ANGLO AMERN PLC | 50,000 | $ 18.3100 | $ 915,500.00 | $ 15.9000 | $ 795,000.00 | $ 120,500.00 |
| BHP BILLITON LTD | 40,000 | $ 51.1000 | $ 2,044,000.00 | $ 42.2400 | $ 1,689,600.00 | $ 354,400.00 |
| BHP BILLITON LTD | 60,000 | $ 51.1000 | $ 3,066,000.00 | $ 42.2400 | $ 2,534,400.00 | $ 531,600.00 |
| BHP BILLITON LTD | 85,856 | $ 51.1000 | $ 4,387,241.60 | $ 42.2400 | $ 3,626,557.44 | $ 760,684.16 |
| BHP BILLITON LTD | 200,000 | $ 51.1000 | $ 10,220,000.00 | $ 42.2400 | $ 8,448,000.00 | $ 1,772,000.00 |
| CLEVELAND CLIFFS, INC | 46,800 | $ 59.8900 | $ 2,802,852.00 | $ 48.1300 | $ 2,252,484.00 | $ 550,368.00 |
| CMS ENERGY CORP | 1,000 | $ 12.9200 | $ 12,920.00 | $ 12.1100 | $ 12,110.00 | $ 810.00 |
| COMMERZBANK AG | 2,500 | $ 21.0474 | $ 52,618.50 | $ 17.0000 | $ 42,500.00 | $ 10,118.50 |
| COMMERZBANK AG | 2,500 | $ 21.0474 | $ 52,618.50 | $ 17.0000 | $ 42,500.00 | $ 10,118.50 |
| COMPANHIA VALE DO RIO DOCE SPONS ADR | 500,000 | $ 20.8900 | $ 10,445,000.00 | $ 16.7000 | $ 8,350,000.00 | $ 2,095,000.00 |
| COMPANHIA VALE DO RIO DOCE SPONS ADR | 753,846 | $ 20.8900 | $ 15,747,842.94 | $ 16.7000 | $ 12,589,228.20 | $ 3,158,614.74 |
| COMPANHIA VALE DO RIO DOCE SPONS ADR | 1,000,000 | $ 20.8900 | $ 20,890,000.00 | $ 16.7000 | $ 16,700,000.00 | $ 4,190,000.00 |
| EXMAR SA ANTWERP | 2,073 | $ 23.6619 | $ 49,051.12 | Historic Price Info. N/A | N/A | |
| EXMAR SA ANTWERP | 28,972 | $ 23.6619 | $ 685,532.57 | Historic Price Info. N/A | N/A | |
| EXXON MOBIL CORP | 2,000 | $ 80.6500 | $ 161,300.00 | $ 74.0600 | $ 148,120.00 | $ 13,180.00 |
| EXXON MOBIL CORP | 3,000 | $ 80.6500 | $ 241,950.00 | $ 74.0600 | $ 222,180.00 | $ 19,770.00 |
| RIO TINTO PLC SPON ADR | 50,000 | $ 271.0000 | $ 13,550,000.00 | $ 226.5000 | $ 11,325,000.00 | $ 2,225,000.00 |
| RIO TINTO PLC SPON ADR | 81,825 | $ 271.0000 | $ 22,174,575.00 | $ 226.5000 | $ 18,533,362.50 | $ 3,641,212.50 |
| SCHNITZER STL INDS NFS | 100 | $ 47.2000 | $ 4,720.00 | $ 38.2800 | $ 3,828.00 | $ 892.00 |
| SIMS GROUP LTD | 400 | $ 23.3500 | $ 9,340.00 | $ 38.2800 | $ 15,312.00 | $ (5,972.00) |
| TEEKAY CORP | 100 | $ 28.2100 | $ 2,821.00 | $ 23.7500 | $ 2,375.00 | $ 446.00 |
| XSTRATA PLC | 3,500 | $ 35.6000 | $ 124,600.00 | $ 29.0000 | $ 101,500.00 | $ 23,100.00 |
| XSTRATA PLC | 3,500 | $ 35.6000 | $ 124,600.00 | $ 29.0000 | $ 101,500.00 | $ 23,100.00 |
| XSTRATA PLC | 6,000 | $ 35.6000 | $ 213,600.00 | $ 29.0000 | $ 174,000.00 | $ 39,600.00 |
| TOTAL | | | | | | $ 19,796,549.75 |

* Date on which Claimant estimates it would have been able to sell the securities listed if LBI had honored and properly processed the ACATS submitted with re~~~ct to Claimant's account at LBI.

ge 1